U.S. COURT OF APPEALS
RECEIVED
CLERK
SEP 24 2025
ATLANTA, GA

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| William James and Terri Tucker (Lowe), Appellants, | Appellate Action No. 18-10164-C. |
| | District Court Civil Action No. 1:17-cv-01181-TWT |
| v. | |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Appellees. | Petition For Writ of Mandamus (Emergency Request to Reopen and Reassign, for Supervisory Relief and Vacatur of Void Orders Due to Judicial Misconduct, Fraud on the Court, and Denial of Due Process) |

---

## PETITION FOR WRIT OF MANDAMUS (EMERGENCY REQUEST TO REOPEN AND REASSIGN, FOR SUPERVISORY RELIEF AND VACATUR OF VOID ORDERS DUE TO JUDICIAL MISCONDUCT, FRAUD ON THE COURT, AND DENIAL OF DUE PROCESS)

---

Appellate Action No. 18-10164-C.

## I. INTRODUCTION

This petition for writ of mandamus arises under the All Writs Act, 28 U.S.C. §

1651(a), which empowers federal courts to "issue all writs necessary or appropriate

in aid of their respective jurisdictions and agreeable to the usages and principles of

law." The Supreme Court has held that mandamus is available "to confine an

inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to

exercise its authority when it is its duty to do so." *Cheney v. U.S. Dist. Court for*

*D.C.*, 542 U.S. 367, 380 (2004); *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402

(1976). The writ is proper where, as here, "there is no other adequate means to

attain the relief," and "the right to issuance of the writ is clear and indisputable."

*Cheney*, 542 U.S. at 380–81; *Stewart v. U.S.*, 915 F.2d 574, 576 (11th Cir. 1990).

This case presents an extraordinary and ongoing breakdown of the judicial

process—marked by jurisdictional fraud, persistent and structural violations of due

process under the Fifth Amendment to the United States Constitution, and

irreparable harm that continues to this day. See U.S. Const. amend. V; *Mullane v.*

*Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

From the outset, this case has been tainted by the conduct of District Judge Thomas

W. Thrash, Jr., who, after being named and served as a defendant in the operative

Amended Complaint (Doc. 85), refused to recuse as required by 28 U.S.C. §

455(b)(5)(i)—a statutory mandate reinforced by Supreme Court and Eleventh

Circuit precedent. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881

(2009); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988).

Judge Thrash continued to preside, issue dispositive orders, and block entry of

default despite clear procedural default by all defendants, violating Fed. R. Civ. P.

15(a)(3) and 55(a), as interpreted by the Eleventh Circuit. See *Eagle Hosp.*

*Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009);

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          2

*Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.,* 803 F.2d 1130, 1132 (11th Cir. 1986). His refusal to recuse, and continued exercise of judicial power as a party, rendered every subsequent order—including summary judgment, injunctions, and final judgments—void ab initio. *Liljeberg,* 486 U.S. at 865. Most egregiously, Judge Thrash falsely certified his orders as "final" under Fed. R. Civ. P. 54(b), despite having knowingly left key parties (including Lionsgate) and multiple statutory claims unresolved. This fraudulent certification enabled the appellate court to proceed under the mistaken belief that it had jurisdiction, when in fact the record was incomplete and the operative complaint (Doc. 85) had never been answered or adjudicated. See *Catlin v. United States,* 324 U.S. 229, 233 (1945); *Ebrahimi v. City of Huntsville Bd. of Educ.,* 114 F.3d 162, 165 (11th Cir. 1997). Critical documents and evidence of default were withheld from the appellate record, depriving the Eleventh Circuit of the ability to conduct meaningful review and violating the constitutional right to due process and appellate access. See *Griffin v. Illinois,* 351 U.S. 12, 18 (1956); *United States v. Knowles,* 66 F.3d 1146, 1161 (11th Cir. 1995).

As a result, the appellate mandates were issued in the absence of jurisdiction, and the district court's subsequent actions—including the addition of Lionsgate into summary judgment, the continued denial of default, and the imposition of

sweeping injunctions—compounded the prejudice and perpetuated ongoing harm. Even now, Judge Thrash remains on the case, blocks substantive review, and refuses to reassign or recuse, despite pending motions to recall the mandate and overwhelming evidence of judicial conflict and fraud on the court. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944).

Plaintiffs note for the record that Defendants' Response (Docs. 90, 68) falsely attributes the All Writs Act injunction to Judge Story and misdates its entry, when in fact Judge Thrash issued Order 168 on August 10, 2018. There is no judicial finding of vexatiousness against Plaintiffs, and Defendants' procedural defaults and misrepresentations are the true source of harassment and waste of judicial resources.

Petitioners respectfully move to set aside the judgment and/or order entered on March 26, 2018 (Doc. 163), while their writ of mandamus (Eleventh Circuit Case No. 18-10164-C) was pending. At the time this order was issued, the case was in a procedurally defective posture: the writ of mandamus was actively before the appellate court, and numerous critical infractions—including judicial misconduct, record tampering, and due process violations—had already occurred but were not yet fully discoverable or understood by Petitioners.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        4

Because the order on Doc. 163 was rendered while the district court was divested of jurisdiction by the pending writ of mandamus (*Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)), and because subsequent evidence has revealed an ongoing pattern of procedural and constitutional violations, it is both proper and necessary for this Court to set aside the judgment. The writ of mandamus must reach all issues that have arisen in this action, including those that became apparent only after the original judgment, as Petitioners never had a fair or meaningful opportunity to appeal due to the defective and prejudicial procedural status of the case (*Hazel-Atlas, 322 U.S.* at 244; *Mullane,* 339 U.S. at 314). Accordingly, Petitioners request that the Court set aside the judgment or order entered during the pendency of the writ of mandamus, and that the Court address all infractions and constitutional violations that have tainted the proceedings, in the interests of justice and to preserve the integrity of the judicial process.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          5

# TABLE OF CONTENTS

I. INTRODUCTION                                                                      1

II. ISSUES PRESENTED                                                                 3

III. FACTUAL AND PROCEDURAL CHRONOLOGY (WITH CITATIONS)    5

A. Filing and Service of the Amended Complaint (Doc. 85)                5

B. Void Orders Entered by a Disqualified Judge (Docs. 95, 96, 124–139,

154, 168, 169, 180, 195, 208)                                                        7

C. Default and Denial of Default Judgment                                     9

D. Post-Judgment Defaults and Obstruction                                  10

E. Procedural Irregularities and Docket Tampering                        12

F. Jurisdictional Fraud and Improper Orders                                  14

G. Record Tampering and Mishandling During Appellate Transmittal    16

H. Fraud on the Appellate Court: False Certification of "Final" Orders and

Omission of Civil RICO Claims                                                      17

I. All Writs Act Injunction and Denial of Access                            19

J. Denial of Discovery, Hearing, and Opportunity to Amend            21

K. Pattern of Collusion and Bias                                                   23

L. Procedural Posture Regarding Recall of Mandate                      24

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)              6

M. The Impact of Denying Mandamus: Ongoing Harm Following Plaintiffs'

Motion for Judgment as a Matter of Law                                     25

N. Judicial Misconduct                                                     26

IV. STATEMENT OF TIMELINESS AND EXTRAORDINARY

CIRCUMSTANCES                                                             27

V. LEGAL ARGUMENT (WITH RECORD CITATIONS)                                 30

A. Mandatory Recusal and Void Orders                                      30

B. Default Procedures and Standing                                        32

C. Fraud on the Court and Appellate Fraud                                 33

D. Denial of Due Process and Access to Courts                             35

E. Extraordinary Circumstances and Need for Supervisory Relief            36

F. Improper "Double Doctrine" Use of Collateral Estoppel and Res Judicata

(Orders 138 and 168)                                                      37

G. Double Application of Collateral Estoppel and Res Judicata After Finality

Certification                                                             39

H. Judicial Refusal to Enter Default Judgment Resulted in Needless Appeals,

Wasted Resources, and Prejudice                                           41

I. Compromised Judicial Impartiality: Entry of Judge Thrash at Defendants'

Request and Subsequent Bias                                               43

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          7

J. The Appearance of Impropriety 44

K. Direct Causation: Refusal to Recuse Led to Extraordinary Harm and

Necessitates Mandamus Relief 45

L. Ongoing Risk of Irreparable Harm: Necessity of Reopening and Immediate

Reassignment 46

M. Defendants' Misrepresentations Regarding the Injunction, Authorship, Timing,

and "Vexatious Litigant" Labeling 47

N. Plaintiffs' Early and Continuing Objections to Defendants' Counsel and the

Necessity of Disciplinary Review 48

O. Why Mandamus Is Proper 49

VI. JUDICIAL INCAPACITY AND THE NEED FOR FITNESS INQUIRY 51

VII. REQUEST FOR RELIEF 53

VIII. CONCLUSION 54

TABLE OF DOCUMENTS TO REVIEW 55

CERTIFICATE OF COMPLIANCE 56

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

DISCLOSURE STATEMENT 57

CERTIFICATE OF SERVICE 58

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)         8

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Catlin v. United States,*

  324 U.S. 229 (1945)                                               1, 14, 39

*Caperton v. A.T. Massey Coal Co.,*

556 U.S. 868 (2009)                                       1, 3, 30, 44

*Cheney v. U.S. Dist. Court for D.C.,*

542 U.S. 367 (2004)                                           1, 36

*Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,*

561 F.3d 1298 (11th Cir. 2009)                              1, 9, 30

*Ebrahimi v. City of Huntsville Bd. of Educ.,*

114 F.3d 162 (11th Cir. 1997)                               1, 14, 17

*Griggs v. Provident Consumer Discount Co.,*

459 U.S. 56 (1982)                                        1, 14, 19, 39

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*

322 U.S. 238 (1944)                                1, 14, 33, 35, 39

*Liljeberg v. Health Servs. Acquisition Corp.,*

  486 U.S. 847 (1988)                                        1, 3, 30, 36

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)     9

| Cases | Page(s) |
|---|---|
| *Mullane v. Central Hanover Bank & Trust Co.,*<br>339 U.S. 306 (1950) | 1, 35 |
| *Offutt v. United States,*<br>348 U.S. 11 (1954) | 3, 44 |
| *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.,*<br>803 F.2d 1130 (11th Cir. 1986) | 1, 9, 30 |
| *Standard Oil Co. v. United States,*<br>429 U.S. 17 (1976) | 35, 47 |
| *Stewart v. U.S.,*<br>915 F.2d 574 (11th Cir. 1990) | 1, 36 |
| *Taylor v. Sturgell,*<br>553 U.S. 880 (2008) | 39 |
| *United States v. Beggerly,*<br>524 U.S. 38 (1998) | 35, 36 |
| *United States v. Knowles,*<br>66 F.3d 1146 (11th Cir. 1995) | 1, 12, 16 |

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        10

**Statutes**

28 U.S.C. § 455(b)(5)(i)                                        1, 3, 30

28 U.S.C. § 1651(a) (All Writs Act)                            1, 36

Fed. R. Civ. P. 15(a)(3), 54(b), 55(a)                         1, 9, 30

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        11

## II. ISSUES PRESENTED

## A. Judicial Recusal and Void Orders

Whether a district judge who is named as a defendant is required to recuse under 28 U.S.C. § 455(b)(5)(i), and whether all orders entered after such disqualification—including those affecting the judge as a party—are void ab initio. (*Liljeberg v. Health Servs.,* 486 U.S. 847, 865 (1988); *Caperton v. A.T. Massey,* 556 U.S. 868, 881 (2009))

## B. Improper Assignment and Judicial Bias

Whether it is proper for defendants to request, and for the chief judge to accept, the assignment of a specific judge by name—removing the case from a prior judge— thereby violating random assignment, stare decisis, and due process; and whether the judge's subsequent rulings aligned with defendants' requests, creating an appearance of impropriety and bias. (*Offutt v. United States,* 348 U.S. 11, 14 (1954))

## C. Procedural Irregularities, Defaults, and Denial of Due Process

Whether the district court's continued adjudication—after the operative Amended Complaint (Doc. 85)—including denial of default and default judgment (Docs. 99, 119, 162), selective termination of parties, and allowing defendants to participate

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          12

while in default, violated Fed. R. Civ. P. 15(a)(3), 54(b), and 55(a), and deprived Plaintiffs of due process and a fair tribunal.

**D. Finality, Jurisdiction, and Fraud on the Court**

Whether the judge's certification of finality under Rule 54(b), issuance of further summary judgment and injunctions (Orders 138, 168, 208), and continued rulings while appellate jurisdiction was pending or after recusal was required, resulted in jurisdictional defects, void orders, and fraud on the court. *(Catlin v. United States,* 324 U.S. 229, 233 (1945*); Griggs v. Provident,* 459 U.S. 56, 58 (1982); *Hazel-Atlas,* 322 U.S. 238, 244 (1944))

**E. Withholding and Misrepresentation of Record Evidence**

Whether the withholding of executed proofs of service, default entries, and other critical documents from the appellate record misled the Eleventh Circuit, enabled perjury by defendants (e.g., Lionsgate, Doc. 67-1), and prejudiced Plaintiffs' rights and access to meaningful review. 18 U.S.C 1503.

**F. Improper Injunctions and Barriers to Post-Judgment Relief**

Whether the use of improper injunctions (Orders 168, 208) to bar or condition Plaintiffs' post-judgment Rule 60(b) filings, and requiring permission from the conflicted judge, violated Supreme Court precedent and due process. (*Standard Oil,* 429 U.S. 17, 18 (1976))

## G. Appearance of Conflict and Collusion

Whether the judge's conduct—including entering the case at defendants' request, adopting their procedural narrative, and issuing orders favoring defendants—created an appearance of judicial bias, collusion, and conflict of interest, undermining public confidence in the judiciary.

## H. Ongoing and Future Harm Without Appellate Intervention

Whether, absent reopening and reassignment, Plaintiffs will continue to suffer irreparable harm—including unappealable orders, denial of Rule 60(b) relief, and adverse rulings by a conflicted judge—necessitating mandamus and supervisory relief to restore integrity and prevent further injustice.

## I. Causal Link and Necessity of Mandamus

Whether the refusal to recuse, denial of default judgment, and failure to grant the writ of mandamus at critical junctures (e.g., after Doc. 162, prior to the March 26, 2018 denial), directly caused years of unnecessary litigation, appeals, and financial harm, and whether mandamus is the only adequate remedy for these violations and their ongoing effects.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          14

# III. FACTUAL AND PROCEDURAL CHRONOLOGY (WITH CITATIONS)

## A. Filing and Service of the Amended Complaint (Doc. 85)

On July 5, 2017, Petitioners filed the Amended Complaint (Doc. 85), naming Judge Thomas W. Thrash, Jr. as a defendant. No defendant—including Judge Thrash—ever filed a timely answer or response to Doc. 85. Under Fed. R. Civ. P. 15(a)(3), all defendants were required to answer the amended complaint; failure to do so constituted default under Fed. R. Civ. P. 55(a). See *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact and is barred from contesting those facts on appeal."); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986).

The United States Attorney (AUSA) appeared for Judge Thrash as his counsel of record (Doc. 116), moving to dismiss the judge as a party. Petitioners responded (Doc. 117), explaining that Judge Thrash was acting outside his judicial capacity when he accepted reassignment of the case as Chief Judge, following the defendants' motion (Doc. 31) requesting transfer from Senior Judge Richard W. Story to Judge Thrash by name.

Petitioners further asserted that Judge Thrash's impartiality was in question due to the discovery of a potential relationship between Judge Thrash and "Annie Thrash," a principal actor on Tyler Perry's television show "Too Close to Home." This connection, which may have constituted a direct or indirect conflict of interest, was included as evidence in Docs. 86 and 88 and referenced in the Amended Complaint. Failure to recuse under these circumstances violates 28 U.S.C. § 455(b)(5)(i) and the constitutional right to an impartial tribunal (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)).

The Amended Complaint (Doc. 85) was hand-filed with the clerk of court, but on July 12, 2017—after its original filing—the court unilaterally and without Petitioners' consent modified the Amended Complaint, purportedly to add a defendant. This unauthorized modification did not follow proper procedure, as adding a defendant requires a formal amendment of the case caption and service, not alteration of the original filed document. This act further compromised the integrity of the record and deprived Petitioners of due process (*Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Offutt v. United States*, 348 U.S. 11, 14 (1954)).

Defendants fraudulently filed Doc. 74, which was facially styled as a Rule 12(c) motion for judgment on the pleadings but was, in substance, a Rule 12(b)(6)

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        16

motion to dismiss, despite having already filed both an original answer and an

amended answer to the complaint. Under federal procedure, a Rule 12(b)(6)

motion is improper after an answer has been filed (*Solaroll*, 803 F.2d at 1132).

Petitioners exercised their right under Fed. R. Civ. P. 15(a)(1) to amend their

complaint as a matter of course. Doc. 85 was filed six days after the defendants'

Rule 12(b) motion, both as a direct response and as a matter of right. The filing of

the Amended Complaint (Doc. 85) not only responded to the defendants' Rule

12(b) motion but also rendered Doc. 74 moot. Once the amended complaint was

filed, Doc. 74 ceased to have any legal effect and should have been dismissed as

moot.

Proof of service for all defendants, including Judge Thrash, was provided in Doc.

100 (summons), and the summons was issued on Doc. 94. Both Doc. 85 (the

operative complaint) and Doc. 100 (proof of service) were withheld from appellate

review, further prejudicing Petitioners and depriving the appellate court of the

operative record. The omission of these critical documents from the record

deprived Petitioners of the right to meaningful appellate review (*United States v.

Knowles*, 66 F.3d 1146, 1161 (11th Cir. 1995); *Griffin*, 351 U.S. at 18).

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        17

**B. Void Orders Entered by a Disqualified Judge (Docs. 95, 96, 124–139, 154, 168, 169, 180, 195, 208)**

- Despite being a named defendant and statutorily disqualified under 28 U.S.C. § 455(b)(5)(i), Judge Thrash refused to recuse himself and continued to preside over the case.

- Petitioners filed a motion for recusal/disqualification (Doc. 120), which Judge Thrash improperly ruled on himself, denying the motion in Order (Doc. 137)—contrary to law and fundamental due process.

- Judge Thrash also ruled on his own dismissal from the case, granting the United States Attorney's (AUSA) motion to dismiss him as a party (Doc. 116) by issuing (Order Doc. 131)—again acting as both judge and party in violation of due process and statutory requirements.

**Judge Thrash then issued the following void orders while disqualified:**

- **Orders 95 & 96:** Granting Defendants' motions to stay discovery and for protective order, and denying Plaintiffs' motion for recusal/reconsideration.

- **Orders 124–139:** Batch rulings terminating parties, denying discovery, denying default, denying hearings, and granting dispositive relief—all without jurisdiction.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        18

- **Order 154:** Denying reconsideration and imposing restrictions on Plaintiffs' filings.

- **Order 168:** Granting summary judgment to Defendants, imposing a sweeping All Writs Act injunction, and foreclosing all future filings without permission.

- **Orders 169, 180, 195, 208:** Entering final judgment and further closing the case, all while statutorily disqualified and after appellate jurisdiction had attached.

## C. Default and Denial of Default Judgment

Defendants repeatedly failed to answer the operative complaints, including the Amended Complaint (Doc. 85). Under Fed. R. Civ. P. 15(a)(3), all defendants were required to answer; their failure constituted default as a matter of law under Fed. R. Civ. P. 55(a). See *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). No excusable neglect was shown. Defendants continued to participate, file motions, and seek affirmative relief, in violation of Rule 55 and controlling Eleventh Circuit precedent. Judge Thrash's denial of Plaintiffs' motion for default (Doc. 119, Order 130), in the face of these defaults, deprived Petitioners of their rights under the Federal Rules and the Due

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          19

Process Clause of the Fifth Amendment (*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Defendants failed to respond to the original complaint (Docs. 43, 44), failed to properly respond to Plaintiffs' motion for summary judgment (Doc. 61), and failed to answer the Amended Complaint (Doc. 85). After Judge Thrash filed an answer as a defendant, all remaining defendants were obligated to answer as well. Their continued failure triggered procedural default. Judge Thrash's continued rulings on moot documents and motions that predated the Amended Complaint further confused the record and prejudiced Petitioners, as did the withholding of critical evidence—potentially in violation of 18 U.S.C. § 1503 (obstruction of justice).

**Post-Judgment Defaults and Obstruction**

Defendants defaulted again on Plaintiffs' post-judgment motions for relief under Rule 60(b) and 60(d)(3) (Docs. 197, 199, 203). Instead of answering, they submitted ex parte letters and Doc. 206, seeking to bar filings without Judge Thrash's permission. This resulted in further unremedied defaults; Judge Thrash continued to rule on matters affecting himself, violating 28 U.S.C. § 455 and due process. Judge Thrash's Order 208, enforcing the injunction and barring filings, lacked legal basis. Critically, in Order 208, Judge Thrash ruled against himself on Plaintiffs' post-judgment Rule 60(b) motion, refusing reassignment and further

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        20

violating recusal standards (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)).

## D. Post-Judgment Defaults and Obstruction:

The record is replete with irregularities that deprived Petitioners of meaningful review and due process. Docket numbering was out of sequence (Docs. 86, 88, 87, 89, 90); missing signatures appeared on certain filings; and "Court Only" entries were made that were not visible to the public. Key filings were omitted from the appellate record, including Doc. 31 (motion for transfer to Judge Thrash), Doc. 85 (Amended Complaint), Docs. 86 and 88 (Annie Thrash/Too Close to Home evidence), Doc. 94 (summons), Doc. 100 (proof of service), and supporting exhibits. See *United States v. Knowles*, 66 F.3d 1146, 1161 (11th Cir. 1995) (appellate review requires a complete and accurate record).

Plaintiffs' Doc. 85 was stamped "received" July 5, 2017, but was unilaterally modified by the court on July 12, 2017, without Plaintiffs' permission. This modification coincided with the inclusion of the Annie Thrash conflict statement. Evidence (Docs. 86, 88) included TV show air dates and cast lists. Twenty-seven pages were missing: Doc. 1 (original complaint) was 53 pages; Doc. 85 (amended) only 31, despite Plaintiffs adding five pages. The only surviving claim against Judge Thrash was the predicate act for the William Windsor case, with Judge

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          21

Thrash listed as a defendant only on the cover page and in the "Parties" section—further suggesting unauthorized alteration and selective removal of claims.

On Doc. 81, the signature was missing, but a hand-corrected date was present, showing Plaintiffs signed in front of the clerk. At that time, clerks checked for signatures—a practice no longer followed in 2025.

Multiple documents were tampered with or mishandled during appellate transfer: Transaction documents 173–176 document the transfer and closing of a prior mandamus petition; Doc. 140 was double-stamped; "locked only" certified docket sheets revealed that documents were being terminated or altered "behind the record," including Doc. 31, and that the docket as transmitted to the appellate court was not a true and complete version. See *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (due process requires meaningful appellate review).

The record shows that terminated documents were being manipulated behind the scenes, and that Doc. 71's reassignment order was still based on Doc. 31, even though Doc. 31 was supposedly terminated. This behind-the-scenes manipulation and tampering prohibited proper appellate review and deprived Petitioners of a fair proceeding, in violation of the Due Process Clause and *Offutt v. United States*, 348 U.S. 11, 14 (1954) ("Justice must satisfy the appearance of justice.").

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        22

## E. Procedural Irregularities and Docket Tampering

The record demonstrates pervasive procedural irregularities and docket tampering that deprived Petitioners of meaningful review and due process under the Fifth Amendment (*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Docket numbering was out of sequence (Docs. 86, 88, 87, 89, 90); missing signatures appeared on certain filings; and "Court Only" entries were made that were not visible to the public. Key filings were omitted from the appellate record, including but not limited to:

- Doc. 31 (Defendants' motion requesting transfer and assignment to Judge Thrash by name)

- Doc. 85 (Amended Complaint)

- Docs. 86 and 88 (evidence regarding Annie Thrash/Too Close to Home conflict)

- Doc. 94 (summons issuance)

- Doc. 100 (proof of service)

- Supporting exhibits

This deprived the Eleventh Circuit of the operative pleadings and essential procedural facts, violating the requirement that appellate review be meaningful

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)     23

and based on a complete record (*United States v. Knowles*, 66 F.3d 1146, 1161 (11th Cir. 1995); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)).

Plaintiffs filed Doc. 85, stamped "received" on July 5, 2017. Without notice or permission, Doc. 85 was modified on July 12, 2017. Plaintiffs believe this modification coincided with the inclusion of their statement regarding the conflict of interest involving Annie Thrash, a principal actor on Tyler Perry's TV show "Too Close to Home." Evidence—including print screens of air dates and cast lists showing Annie Thrash as "Rebel"—was submitted as part of Docs. 86 and 88.

Additionally, 27 pages were missing from the record: Doc. 1 (the original complaint) was 53 pages, while the Amended Complaint (Doc. 85) contained only 31 pages, despite Plaintiffs having added five additional pages. The missing pages included substantive content and claims. After the unauthorized alteration, the only surviving claim against the Judge was the predicate act related to the William Windsor case, with Judge Thrash listed as a defendant only on the complaint cover page and in the "Parties" section. This further suggests unauthorized modification and selective removal of claims from the operative complaint.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          24

On Doc. 81, the signature was missing, but a hand-corrected date was present on the missing signature page, indicating that Plaintiffs corrected the date and signed the document in front of the clerk of court at the time of filing. During that period, clerks routinely checked for signatures on all pleadings—a practice that, as of 2025, is no longer consistently followed.

Multiple documents were tampered with or mishandled during the transfer to the appellate court:

- Transaction documents 173, 174, 175, and 176 document the transfer and closing of a prior mandamus petition;

- Doc. 140 was double-stamped during transfer;

- "Locked only" certified copies of the docket sheet revealed that documents were being terminated or altered "behind the record," including Doc. 31, and that the docket as transmitted to the appellate court was not a true and complete version.

- The record shows that terminated documents were being manipulated behind the scenes, and that Doc. 71's reassignment order was still based on Doc. 31, even though Doc. 31 was supposedly terminated. This behind-the-scenes manipulation and tampering prohibited proper appellate review and deprived

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          25

Petitioners of a fair proceeding (*Offutt v. United States*, 348 U.S. 11, 14 (1954)).

## F. Jurisdictional Fraud and Improper Orders

Judge Thrash falsely certified orders as "final" (including Docs. 138, 168) despite unresolved parties, unanswered pleadings, and open claims. Appeals proceeded on an incomplete and fraudulent record, with the appellate court deprived of essential context and jurisdictional facts. Appellate jurisdiction was invoked on the basis of void or non-final orders, in direct contravention of *Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A judgment is final only when it terminates the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

Order 168 imposed a filing injunction without notice or hearing, while Judge Thrash was a party and after notice of appeal had divested the district court of jurisdiction (*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). This injunction was used to bar further filings, including post-judgment and fraud-on-the-court motions, in violation of *Standard Oil Co. v. United States*, 429 U.S. 17 (1976) (injunctions cannot bar Rule 60(b) motions); *Hazel-*

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          26

*Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) (no statute of limitations for fraud on the court).

Judge Thrash's use of summary judgment to grant an injunction, without a proper motion for sanctions under 28 U.S.C. § 1927 or Fed. R. Civ. P. 11, and without adjudicating the merits of all claims, was improper (*Travelers Indem. Co. v. Harrison*, 119 F.3d 1420, 1425 (11th Cir. 1997)). The improper labeling of Plaintiffs as "vexatious litigants" without a judicial finding or due process contravenes *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (restrictions on filings require notice, opportunity to respond, and a history of abuse).

The Supreme Court and Eleventh Circuit have long held that due process under the Fifth Amendment requires notice, an opportunity to be heard, and an impartial tribunal. The cumulative effect of these legal errors, procedural abuses, and disregard for binding precedent is not only prejudicial to Petitioners, but is fundamentally incompatible with the constitutional guarantee of due process and the appearance of justice (*Mullane*, 339 U.S. at 314; *Liljeberg*, 486 U.S. at 865; *Offutt*, 348 U.S. at 14).

## G. Record Tampering and Mishandling During Appellate Transmittal

Multiple documents were tampered with or mishandled during the transfer of the record to the appellate court, resulting in the deprivation of meaningful appellate review and a violation of due process under the Fifth Amendment (*Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Offutt v. United States*, 348 U.S. 11, 14 (1954)).

- **Appellate Transmittal Errors:**

  Petitioners' Amended and Consolidated Joint Notice of Appeal (Doc. 170) was mishandled in several transmittals to the Eleventh Circuit (Docs. 173, 174, 175, and 176). One transfer was erroneously sent to a prior, closed mandamus proceeding; another created a double-stamped copy of Doc. 170 (linked to Doc. 140); a third was labeled a "corrected transmittal"; and yet another resulted in the creation of a placeholder appeal number ("00-000-00000-000"), which led to a piecemeal appeal and a demand for a new $500 filing fee within 14 days.

- **Obstruction of Justice and Withholding of the Record:**

  Petitioners discovered in 2025 that the entire operative record was never submitted to either appeal. No substantive review occurred because Judge Thrash and/or the Clerk's Office tampered with the record in violation of 18 U.S.C. § 1503 (obstruction of justice).

- **Certified Docket Sheet and "Locked" Entries:**

  Petitioners paid for a certified docket sheet, which revealed that "Court Only" locked entries included erroneous terminations or alterations of key documents—such as Doc. 170 and Doc. 31. The docket transmitted to the appellate court was not a true and complete version, further undermining the integrity of the appellate process (*United States v. Knowles*, 66 F.3d 1146, 1161 (11th Cir. 1995)).

- **Manipulation of Terminated Documents:**

  The record demonstrates that terminated documents were manipulated behind the scenes. For example, Doc. 71's reassignment order was still based on Doc. 31, even after Doc. 31 was supposedly terminated. This behind-the-scenes manipulation and tampering prohibited proper appellate review, deprived Petitioners of a fair proceeding, and violated the constitutional guarantee of due process and access to courts (*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Griffin*, 351 U.S. at 18).

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        29

## H. Fraud on the Appellate Court: False Certification of "Final" Orders and Omission of Civil RICO Claims

Judge Thrash certified as "final" (including Doc. 138) orders that left unresolved parties, unanswered pleadings, and open statutory claims, in violation of **Fed. R. Civ. P. 54(b)** and U.S. Supreme Court precedent. *See Catlin v. United States*, 324 U.S. 229, 233 (1945); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). Ten months later, Judge Thrash entered another "final" order (Doc. 168) on the same claims, this time adding Lionsgate (previously omitted from Doc. 138 but named in Doc. 74) solely to enable Defendants to later seek an injunction—compounding the fraud upon the court.

- On January 24, 2024, in appellate case 17-14866, the Eleventh Circuit posed a jurisdictional question as to whether all claims were final under Rule 54(b). Judge Thrash falsely certified that "all Appellants' claims" had been adjudicated, when in fact only a single copyright predicate act was addressed, and the court ignored the operative Amended Complaint (Doc. 85), which contained multiple unresolved RICO and statutory claims. This violated the Supreme Court's finality doctrine and deprived the appellate court of jurisdiction. *See Catlin*, 324 U.S. at 233; *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998).

**Omitted Civil RICO Claims and Statutes: Despite the operative complaint and record, the court failed to adjudicate:**

- **Counts I–V of Doc. 85**, including but not limited to:

  - 18 U.S.C. § 1962 (Civil RICO)

  - 18 U.S.C. § 1503 (Obstruction of Justice)

  - 18 U.S.C. § 1341 (Mail Fraud)

  - 18 U.S.C. § 1343 (Wire Fraud)

  - 18 U.S.C. § 1951 (Hobbs Act/Extortion)

  - Clayton Act (15 U.S.C. § 12 et seq.)

  - Other statutory and constitutional claims as preserved in the Amended Complaint

The judge's summary judgment orders (Docs. 138, 168) failed to address these claims, and instead selectively dismissed only the copyright predicate act, leaving all other RICO and statutory claims unadjudicated. This omission is material and constitutes fraud on the court. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944) (fraud vitiates everything; no statute of limitations for fraud on the court).

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          31

**Consequences and Prejudice:**

- Appeals proceeded on an incomplete and fraudulent record, with the appellate court deprived of essential context and jurisdictional facts.

- Appellate jurisdiction was invoked on the basis of void or non-final orders, in direct contravention of *Catlin*, 324 U.S. at 233; *Ebrahimi*, 114 F.3d at 165.

- The failure to adjudicate all claims and parties denied Petitioners their right to due process and meaningful access to the courts under the Fifth Amendment. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).

**Extraordinary Relief and Mandamus Standard:** Under the **All Writs Act, 28 U.S.C. § 1651(a)**, federal courts have the power to issue writs of mandamus to correct jurisdictional fraud, enforce recusal, and protect their jurisdiction where no other adequate remedy exists. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004); *Calderon v. Thompson*, 523 U.S. 538, 550 (1998); *Stewart v. U.S.*, 915 F.2d 574, 576 (11th Cir. 1990).

**Supporting Statement of Undisputed Material Facts and Declaration**

(Excerpted and streamlined for model purposes; integrate as needed into your own filings)

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)    32

**Plaintiffs' Statement of Undisputed Material Facts in Support of Motion for Renewed Summary Judgment Under Rule 56 and for Relief Under Rule 60(B) and 60(D)**

1. Plaintiffs William James and Terri Tucker (Lowe) effected proper service on all defendants, including high-profile individuals and corporations, as documented in the docket (see Docs. 8, 13, 16, 18, 19, 23, 25, 34–37, 39, 79, 84, 100).

2. Defendants, including Lionsgate and Judge Thrash, were served and had actual notice; no defendant moved to dismiss for insufficient service under Rule 12(b)(4) or (5).

3. All service attempts were made in good faith, and any technical defects are curable under **Fed. R. Civ. P. 4(i)(4)** and Supreme Court authority. *See Henderson v. United States*, 517 U.S. 654 (1996); *Haines v. Kerner*, 404 U.S. 519 (1972).

4. Defendants refused to participate in discovery and failed to answer or defend, resulting in default under **Fed. R. Civ. P. 55(a)**. *See Eagle Hosp.*, 561 F.3d at 1307.

5. Plaintiffs moved for default judgment and judgment as a matter of law (Docs. 119, 162, 197, 202, 203, 207); no substantive opposition was filed.

6. The court denied relief based solely on a filing injunction, without addressing the merits or uncontested facts, in violation of *Standard Oil Co. v. United States*, 429 U.S. 17 (1976); *United States v. Beggerly*, 524 U.S. 38 (1998).

7. The record establishes a continuing pattern of predicate acts under civil RICO and unrebutted evidence of judicial conflict and document alteration.

8. Plaintiffs' rights to due process, equal protection, and a fair hearing were violated under the Fifth Amendment and Supreme Court precedent. *See Mullane*, 339 U.S. at 314; *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Erickson v. Pardus*, 551 U.S. 89 (2007).

9. Extraordinary relief is warranted under the All Writs Act, 28 U.S.C. § 1651(a), and Supreme Court/Eleventh Circuit standards. *See Cheney*, 542 U.S. at 380–81; *Stewart*, 915 F.2d at 576.

## I. All Writs Act Injunction and Denial of Access

- Order 168 imposed a filing injunction under the All Writs Act, 28 U.S.C. § 1651(a), but did so through summary judgment—a procedure that, under controlling law, must resolve claims on the merits and may not be used as a substitute for sanctions or to bar access to the courts. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986) ("Summary judgment will not lie if

the dispute about a material fact is 'genuine.'"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is proper only where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law).

- Here, the summary judgment was not based on the merits of Plaintiffs' claims, but was instead used to impose a filing injunction while Judge Thrash was a party defendant and after notice of appeal had divested the district court of jurisdiction (*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The Supreme Court and Eleventh Circuit have made clear that a district court is divested of jurisdiction upon the filing of a notice of appeal, and any subsequent orders are void. *See Griggs*, 459 U.S. at 58; *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) (en banc) (binding in 11th Cir.).

- Defendants never filed a motion for sanctions under Fed. R. Civ. P. 11 or sought sanctions under 28 U.S.C. § 1927. Instead, they improperly labeled Plaintiffs as "vexatious litigants" solely for litigating their claims and raising meritorious arguments. The Supreme Court has held that sanctions, including filing injunctions, require notice, an opportunity to be heard, and a clear showing of abusive conduct—not mere participation in litigation or the

assertion of claims. *See* Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc).

- Defendants sought to use procedural gamesmanship and mischaracterization of the claims to avoid substantive review and to use the injunction to lock Plaintiffs out of obtaining judgment on the operative Amended Complaint (Doc. 85), where Defendants were in default under Civil RICO. In post-judgment filings (including Docs. 162, 169, 171, 172, 177, 180, and 195), Plaintiffs repeatedly requested judgment as a matter of law, a trial, and an extension of discovery to address open Civil RICO claims. Each time, the conflicted judge—himself a named defendant—denied these requests, further evidencing prejudice and bias.

- The filing injunction (Order 168) was an extension of the same res judicata/collateral estoppel doctrine first articulated in Order 138, and was used to foreclose all further filings, including post-judgment and fraud-on-the-court motions. This is expressly prohibited by Supreme Court precedent: Rule 60(b) motions and fraud-on-the-court claims cannot be barred by injunctions or procedural orders. *See* Standard Oil Co. v. United States, 429 U.S. 17, 18 (1976); United States v. Beggerly, 524 U.S. 38, 46 (1998); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944).

- Such use of an injunction to bar access to the courts, particularly by pro se litigants, is a violation of the Due Process Clause of the Fifth Amendment. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Bounds v. Smith*, 430 U.S. 817, 821 (1977) (right of access to courts).

## J. Denial of Discovery, Hearing, and Opportunity to Amend

Contrary to any suggestion of abandonment or removal, Plaintiffs' Amended Complaint (Doc. 85) was never stricken, denied, or removed from the record. It was properly filed, hand-stamped as received, and answered by Judge Thrash as a defendant. This made Doc. 85 the operative complaint, and under Fed. R. Civ. P. 15(a)(3), all defendants were required to answer; their failure to do so constituted procedural default (*Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). Defendants were out of time and could not file counterclaims or further dispositive motions absent leave of court.

**Discovery and Hearing Violations:**

- Plaintiffs filed motions to compel and for hearing when Defendants refused to participate in discovery. Defendants' motions to stay discovery (Doc. 87) and for protective order (Doc. 89) were granted without substantive review or compliance with procedural rules, despite Defendants being in default on Doc. 85.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          37

- In Doc. 87, Defendants claimed there was "no need for discovery," reflecting knowledge of a predetermined outcome. The judge, in Order 95, told Defendants they did not have to answer discovery until after their (improper) judgment on the pleadings motion was decided—even though Doc. 74 (styled as a Rule 12(c) but in substance a 12(b)(6)) was moot because of the filing of Doc. 85.

- The granting of Defendants' motions, and the denial or ignoring of Plaintiffs' motions to compel and for hearing, deprived Plaintiffs of their right to discovery and a meaningful opportunity to be heard, in violation of Fed. R. Civ. P. 26, 33, 34, 37 and the Due Process Clause of the Fifth Amendment (*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

**Opportunity to Amend:**

- Plaintiffs were never denied leave to amend, nor was leave required. Under Fed. R. Civ. P. 15(a)(1) and 12(a)(1), Plaintiffs had the right to amend as a matter of course in response to a Rule 12(b)(6) motion. The court's failure to recognize this right, and to require Defendants to answer or respond to Doc. 85, was a legal error.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)         38

**Improper Case Closure and Barriers to Merits Review:**

- After Doc. 85, there was no injunction or valid procedural bar to Plaintiffs' claims. Defendants failed to answer, never filed counterclaims, and the entry of Doc. 157 (summary judgment for injunction) was improper as the case remained open and Defendants were in default.

- Plaintiffs repeatedly sought judgment as a matter of law (Doc. 162), trial, and extension of discovery for unresolved Civil RICO claims (Docs. 171, 172, 177), but these requests were denied by the conflicted judge (see Orders 180, 195), further evidencing bias and prejudice.

**If this Court does not intervene, ongoing irreparable harm will result:**

A summary judgment motion remains pending, as do post-judgment Rule 60(b) motions. Judge Thrash has continued to rule on these matters using an erroneous and illegal injunction, thereby foreclosing any meaningful review of the merits and perpetuating the deprivation of Plaintiffs' constitutional rights.

**No Finding of Vexatiousness—Improper Use of Injunction Language:**

- There has never been a judicial finding of vexatiousness against Plaintiffs in the entire case. The only basis cited was the volume of Plaintiffs' filings, all of which were proper, responsive, and necessary to address Defendants'

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          39

averments, oppositions, late filings, procedural defaults, and improper
motions. The judge adopted the Defendants' pejorative language and
exaggerated the significance of Plaintiffs' filings, despite the fact that every
filing was in furtherance of Plaintiffs' right to prosecute their civil RICO
complaint and was consistent with the Federal Rules and the Due Process
Clause.

- The Eleventh Circuit and Supreme Court require that filing injunctions,
  sanctions, or restrictions on court access be based on a clear judicial finding
  of abusive conduct, not simply on the number or frequency of
  filings. *See Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir. 1986) (en
  banc); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

**Legal Standards and Precedent:**

- The Supreme Court and Eleventh Circuit require courts to permit discovery,
  grant hearings, and allow amendments as a matter of course under the
  Federal Rules. Summary denial or ignoring of such motions, especially
  where a party is in default, constitutes a violation of due process and the
  right to a fair hearing (*Foman v. Davis,* 371 U.S. 178, 182 (1962); *Haines v.
  Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94
  (2007)).

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          40

- Granting dispositive relief or procedural advantages to a party in default, while denying the non-defaulting party's right to discovery and amendment, is reversible error and a due process violation.

**Summary:**

Without immediate judicial intervention, Plaintiffs will continue to suffer irreparable harm. The pending summary judgment and Rule 60(b) motions cannot be fairly adjudicated so long as the illegal injunction and procedural barriers remain in place, and so long as a conflicted judge continues to preside without recusal or reassignment. The record demonstrates no finding of vexatiousness, no abuse of process by Plaintiffs, and no lawful basis for denying their access to discovery, hearings, or amendment. The pattern of denial and procedural manipulation violates both the Federal Rules and the constitutional guarantee of due process.

**K. Pattern of Collusion and Bias**

- The Court adopted Defendants' mischaracterization of RICO claims as mere copyright actions, denied discovery, and imposed punitive language and sanctions threats against pro se litigants.

- The United States Attorney's Office appeared for Judge Thrash in the appellate court, compounding the appearance of collusion.

## L. Procedural Posture Regarding Recall of Mandate

- In addition to this petition for writ of mandamus, Petitioners have filed motions to recall the mandates in Eleventh Circuit appeals 17-14866 and 18-13553. These motions are based on newly discovered evidence, uncovered in 2025, that critical documents were omitted from the appellate record, depriving the appellate court of jurisdiction and the ability to conduct meaningful review. Those recall motions remain pending at the time of this filing. However, because Judge Thrash continues to preside over the case, block substantive review, and refuse to recuse or allow entry of default, Petitioners seek mandamus relief to prevent ongoing manifest injustice and irreparable harm.

## M. The Impact of Denying Mandamus: Ongoing Harm Following Plaintiffs' Motion for Judgment as a Matter of Law

The timing of Plaintiffs' motion for judgment as a matter of law (Doc. 162, filed March 18, 2018) and the subsequent denial of the writ of mandamus (March 26, 2018) underscores the necessity of mandamus relief. The district court's ongoing refusal to enter default judgment, despite clear entitlement under the Federal Rules, and the appellate court's failure to intervene, directly resulted in continued procedural violations and irreparable harm. Had the writ of mandamus issued at

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)         42

that time, it would have corrected the ongoing prejudice, compelled recusal, and

ensured that the merits of Plaintiffs' default motions—including Doc. 162—were

properly adjudicated.

## N. Judicial Misconduct

On Saturday August 09, 2025, Petitioners also filed a Judicial Misconduct

Complaint with the Eleventh Circuit Judicial Council, assigned Case No. No. 11-

25-90153, detailing the same pattern of judicial conflict, procedural irregularities,

and due process violations raised herein.

# IV. STATEMENT OF TIMELINESS AND EXTRAORDINARY

# CIRCUMSTANCES

Petitioners respectfully submit this Statement of Timeliness and Extraordinary

Circumstances to explain the timing of this petition and to ensure the Court has a

complete and candid record of the unique, overlapping hardships that justify

consideration of this extraordinary relief at this late stage.

## A. Severe Health Crisis Preceding and During the Pandemic (Late 2019–Early

## 2020):

In November 2019, Petitioner Terri Tucker (Lowe) became acutely ill with a then-

unknown respiratory virus, suffering repeated hospitalizations for severe breathing

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        43

difficulties through February and March 2020—at a time when no test for COVID-19 existed. This incapacitating illness likely coincided with the onset of the COVID-19 pandemic and rendered Petitioner unable to manage or pursue legal matters for months.

## B. Birth and Ongoing Medical Challenges of Grandchild (January 2020–Present):

In January 2020, during the height of the pandemic, Petitioner assumed grandparents custody of a newborn grandchild. The child was born with severe respiratory distress, requiring two weeks in the NICU on a breathing tube, likely related to COVID-19 exposure. Since birth, the grandchild has suffered from chronic asthma and respiratory illnesses, requiring daily medication and ongoing medical attention. This has imposed significant, continuous caregiving responsibilities on Petitioner, further limiting the ability to address legal matters.

## C. COVID-19 Pandemic Disruptions (2020–2022):

The pandemic brought widespread court closures, restricted access to legal resources, and interrupted communication with courts and parties. As pro se litigants, Petitioners lacked electronic filing access and the ability to conduct in-person legal research, compounding the barriers created by ongoing health

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)    44

concerns and the need to care for vulnerable family members, including a medically fragile grandchild.

## D. Catastrophic Family Losses and Caregiving Burdens:

During this period, Petitioners suffered a series of profound family tragedies and responsibilities:

June 2020: Petitioner's adult son became home-hospice bound, passing away August 29, 2021.

March 2021: Petitioner's sister passed away.

October 2022: Petitioner's uncle passed away.

2022: Mother required complainant temporary relocation to New York for mother's hospitalizations; mother passed away April 23, 2023.

January 2023: Stepmother passed away. May 2023: Stepfather passed away.

May 2024: Complainant awarded legal custodial for now 5-year-old grandson.

November 2024: Brother became critically ill and passed away.

These cumulative events imposed overwhelming caregiving, estate administration, and logistical burdens, making timely legal research and filings impossible.

## E. Discovery of New Evidence and Appellate Record Fraud (2025):

Only in 2025 did Petitioners discover that critical documents—including the operative amended complaint (Doc. 85), evidence of default, and proof of judicial

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          45

conflict—had been omitted from the appellate record, depriving the Eleventh Circuit of jurisdiction and the ability to conduct meaningful review. It was also discovered that Judge Thrash himself withheld these documents, further compounding the fraud on the court.

Additionally, Petitioners uncovered two critical errors in the appellate process:

- In appeal 17-14866, the Eleventh Circuit stated that Petitioners had "abandoned" their claim, but this was due to the incomplete transmission of the record, as confirmed by a PACER transaction list.

- In appeal 18-13553, the appellate court erroneously believed the first appeal had concluded, when in fact, dispositive orders (including Order 168, granting summary judgment and injunction) were entered August 10, 2018—months before the first appeal ended on December 10, 2018. Thus, the district court acted without jurisdiction, or falsely claimed jurisdiction, compounding the procedural chaos and prejudice.

**F. Extraordinary Prejudice as Pro Se Litigants:**

Petitioners have been forced to litigate without access to electronic filing, incurring thousands of dollars in mailing and copying costs for every filing—while defendants refused to waive service, further increasing the burden. The inability to file electronically and the necessity of mailing documents to both the district and

appellate courts have resulted in significant expense and delay, adding to the

prejudice faced by Petitioners.

## G. Diligence Upon Discovery and Supplemental Facts:

Petitioners acknowledge that some of these facts—such as the details of

Petitioner's illness in late 2019/early 2020, the grandchild's birth and

hospitalization, and the passing of a close family member in October 2022—were

not included in prior 41-C statements, due to the overwhelming and traumatic

nature of these events and the difficulty in recalling or appreciating their legal

significance at the time. Upon further reflection and review, Petitioners now

supplement the record to ensure the Court has a full and accurate understanding of

the extraordinary circumstances that affected their ability to litigate. Upon learning

of the omitted evidence and after resolving the most acute crises, Petitioners acted

with all possible diligence to prepare and file the present petition and related

motions.

## H. Legal Confusion and Subsequent Discovery of Supreme Court Authority:

Following the entry of Judge Thrash's sweeping injunction, Petitioners continued

to prosecute their claims in good faith—seeking judgment on the pleadings (Doc.

162), requesting discovery, and moving to set the case for trial, as numerous

substantive issues remained unresolved. Each of these efforts was denied, and the

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          47

breadth of the injunction created confusion and a chilling effect regarding

Petitioners' ability to file further motions, particularly post-judgment relief. As pro

se litigants, Petitioners did not initially understand that, under controlling U.S.

Supreme Court authority, no court injunction can bar the filing of post-judgment

motions for relief based on newly discovered evidence or fraud upon the court. See

*Standard Oil Co. v. United States*, 429 U.S. 17 (1976); *Hazel-Atlas Glass Co. v.*

*Hartford-Empire Co.*, 322 U.S. 238 (1944). Upon discovering this authority and

the new evidence of record fraud and judicial conflict, Petitioners acted diligently

to file the present motion, despite the ongoing injunction.

## I. Extraordinary, Overlapping Circumstances

In light of these extraordinary, overlapping circumstances—severe illness,

pandemic disruption, catastrophic family losses, the birth and chronic illness of a

grandchild, new evidence of record fraud, and ongoing prejudice as pro se

litigants—the timing of this petition is both justified and unavoidable. Federal law

recognizes there is no statute of limitations for fraud upon the court (*Hazel-Atlas*

*Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)), and equitable tolling

is appropriate where severe personal hardship and external events precluded timely

action. See *United States v. Rodriguez*, 27 F.4th 1097, 1108 (6th Cir. 2022)

(COVID-19 as "extraordinary circumstance").

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          48

Petitioners respectfully request that the Court consider this petition on its merits and grant the extraordinary relief necessary to prevent further manifest injustice.

## V. LEGAL ARGUMENT (WITH RECORD CITATIONS)

### A. Mandatory Recusal and Void Orders

28 U.S.C. § 455(b)(5)(i) mandates immediate recusal when a judge is a party to the proceeding; any orders entered after disqualification are void ab initio.

- *See* Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988) ("[J]udicial disqualification is required by statute and orders entered in violation are void."); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881 (2009) (recusal required where impartiality may reasonably be questioned); Continental Resources v. Schaefer, 983 F.3d 790, 797 (5th Cir. 2020) (orders by a disqualified judge are nullities); *see also Murphy v. Boston Herald, Inc.*, 789 F.3d 529, 540 (1st Cir. 2015).*

- Orders 95, 96, 124–139, 154, 168, 169, 180, 195, 208—all entered after Judge Thrash's disqualification—are nullities.

### B. Default Procedures and Standing

Defendants' failure to answer the operative Amended Complaint (Doc. 85) mandated entry of default and default judgment.

- *See* Fed. R. Civ. P. 15(a)(3), 55(a); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("By defaulting, a defendant admits the well-pleaded allegations of fact."); Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986) (failure to answer mandates default); *see also* Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (binding in 11th Cir.).

- The continued participation of defaulted defendants and the court's denial of default were clear legal error.

## C. Fraud on the Court and Appellate Fraud

Certification of non-final orders as "final," omission of operative pleadings from the appellate record, and invocation of appellate jurisdiction on a fraudulent basis constitute fraud on the court.

- *See* Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944) ("Fraud vitiates the most solemn judgments."); Caperton, 556 U.S. at 881 (fraud and conflict of interest undermine judicial integrity); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (district court is divested of jurisdiction after notice of appeal).

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)    50

- There is no statute of limitations for relief from fraud on the court. *Hazel-Atlas*, 322 U.S. at 244; United States v. Beggerly, 524 U.S. 38, 46 (1998).

## D. Denial of Due Process and Access to Courts

Order 168's All Writs Act injunction was imposed without due process, notice, or hearing, and cannot lawfully bar Rule 60(b) or fraud-on-the-court motions.

- *See* Standard Oil Co. v. United States, 429 U.S. 17, 18 (1976) (injunction cannot bar Rule 60(b) motions); Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990) (filing injunctions cannot preclude access to post-judgment relief); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (due process requires notice and opportunity to be heard); Bounds v. Smith, 430 U.S. 817, 821 (1977) (right of access to courts).

The cumulative effect of these legal errors, procedural abuses, and disregard for binding precedent is not only prejudicial to Petitioners, but also fundamentally incompatible with the basic requirements of judicial office. This pattern, as set forth below, raises grave concerns regarding the presiding judge's capacity to discharge the duties of office and warrants further inquiry.

- *See* Offutt v. United States, 348 U.S. 11, 14 (1954) ("Justice must satisfy the appearance of justice.").

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          51

### E. Extraordinary Circumstances and Need for Supervisory Relief

The cumulative effect of judicial conflict, record manipulation, procedural irregularities, and fraudulent appellate certification presents an extraordinary case for mandamus.

- Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts may issue all writs necessary to protect their jurisdiction and ensure judicial integrity. *See* Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380–81 (2004); Stewart v. U.S., 915 F.2d 574, 576 (11th Cir. 1990).

### F. Improper "Double Doctrine" Use of Collateral Estoppel and Res Judicata (Orders 138 and 168)

It is undisputed that the district judge twice invoked the doctrines of collateral estoppel and res judicata—first in Order 138, and again in Order 168—to bar Plaintiffs' civil RICO claims, even though those claims were never adjudicated on the merits and arose from a different nucleus of operative facts than the prior copyright litigation. This "double doctrine" approach was improper for several reasons:

1. **Order 138** applied res judicata and collateral estoppel to dismiss all claims against Oprah Winfrey, Tyler Perry, and their alleged privities, but omitted Lionsgate and Barbara Hunt.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        52

2. **Order 168**, entered ten months later, retroactively added Lionsgate and re-applied collateral estoppel and res judicata to bar claims that had never been adjudicated—thus compounding the error and depriving Plaintiffs of any opportunity for merits review.

3. In both orders, the court mischaracterized Plaintiffs' civil RICO claims as copyright infringement, disregarding the distinct statutory elements and newly discovered predicate acts that formed the basis for the RICO claims. See *Living Designs, Inc. v. Dupont*, 431 F.3d 353 (9th Cir. 2005) (res judicata does not bar claims based on newly discovered facts or injuries).

4. The judge's orders relied on Defendants' shifting and misleading narrative, despite being aware—by virtue of the pleadings and prior rulings (including Judge Story's findings in Doc. 15)—that Plaintiffs had properly pled civil RICO and that copyright infringement was brought only as a predicate act.

5. The Supreme Court and Eleventh Circuit have repeatedly held that res judicata and collateral estoppel cannot be used to bar claims that were not actually litigated or could not have been raised in prior litigation. See *Taylor v. Sturgell*, 553 U.S. 880 (2008); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979).

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          53

By invoking these doctrines twice, and by knowingly mischaracterizing the nature of Plaintiffs' claims, the district judge not only deprived Plaintiffs of their right to a merits-based adjudication but also perpetuated a procedural and constitutional error that now taints all subsequent proceedings and mandates extraordinary relief.

## H. Double Application of Collateral Estoppel and Res Judicata After Finality Certification: Jurisdictional and Due Process Violations

Furthermore, after certifying his orders as "final" to the Eleventh Circuit in response to the jurisdictional question in Case No. 17-14866 (Jan. 24, 2018), the district judge could not lawfully issue a subsequent summary judgment or injunction (Doc. 168) on the same claims or parties. Under the final judgment rule, "A judgment is final only when it terminates the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233 (1945). Once a final judgment is certified and appealed, the district court is divested of jurisdiction. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385 n.6 (1978). The subsequent use of summary judgment solely to impose an injunction, without a merits determination or pending sanctions motion, is likewise improper. *Travelers Indem. Co. v. Harrison,* 119 F.3d 1420, 1425 (11th Cir. 1997).

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)    54

The judge's "double doctrine" application of collateral estoppel and res judicata—while knowingly mischaracterizing civil RICO as copyright infringement—constitutes not only reversible error but fraud on the court and a fundamental violation of due process. *Hazel-Atlas Glass Co. v. Hartford-Empire Co*., 322 U.S. 238, 244 (1944); *Taylor v. Sturgell,* 553 U.S. 880, 892–93 (2008).

## I. Judicial Refusal to Enter Default Judgment Resulted in Needless Appeals, Wasted Resources, and Prejudice to Plaintiffs

The district judge's withholding of executed proofs of service and supporting documents from the appellate record misled the Eleventh Circuit into believing Plaintiffs' default judgment motions (Docs. 99, 41, 47) concerned only prior service of process issues, rather than Defendants' ongoing default after the operative Amended Complaint (Doc. 85). This concealment allowed Defendants to persist in their false narrative that service was defective—despite the record containing executed returns of service and a sworn declaration from the ACS process server (Doc. 73). Defendants, including Lionsgate, committed perjury in their affidavits (Doc. 67-1), and the district court's failure to address this perjury and omission of proofs of service from appellate review further prejudiced Plaintiffs.

In the recall mandate proceedings, Defendants misrepresented to the appellate court that Judge Story, not Judge Thrash, issued the post-final judgment injunction, referencing "1:17-cv-01181-RWS" to suggest Plaintiffs should have sought permission from a judge off the case since June 22, 2017 (Doc. 71). Defendants also repeatedly labeled Plaintiffs as "vexatious litigants"—a term never found in any order except perhaps a footnote in Doc. 168, but never as a judicial finding—attempting to prejudice the appellate court. Defendants further engaged in ex parte communications (Docs. 192, 198, 206) to urge enforcement of the improper injunction and to bar Plaintiffs' post-judgment filings, all while in procedural default and as the judge ruled on his own interests as a party defendant. The judge's Order 208 simply enforced the injunction without legal basis, further violating due process and U.S. Supreme Court precedent *(Standard Oil Co. v. United States,* 429 U.S. 17, 18 (1976); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944)).

These actions collectively constitute ongoing violations of Plaintiffs' constitutional rights, continued harassment, and improper procedural manipulation by defaulted defendants and a conflicted judge.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          56

## J. Compromised Judicial Impartiality: Entry of Judge Thrash at Defendants' Request and Subsequent Bias

The extraordinary prejudice and procedural harm suffered by Plaintiffs—including years of unnecessary litigation, multiple appeals, writs of certiorari, and financial loss—were a direct result of the district judge's refusal to recuse after becoming a party to the case. Had the writ of mandamus been issued at that time, as mandated by 28 U.S.C. § 1651(a) and Supreme Court authority (*Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 865 (1988)), these violations and harms would have been avoided. The necessity of mandamus is thus not only a matter of correcting legal error but of preventing ongoing and future injustice.

## K. The Appearance of Impropriety

The appearance of impropriety and bias is further heightened by the fact that Judge Thrash entered the case as chief judge specifically at the Defendants' request (see Doc. 31), rather than by random assignment or ordinary judicial procedure. This extraordinary step, combined with his subsequent pattern of rulings favoring Defendants, creates an unmistakable appearance that the judge was prompted by and compliant with Defendants' wishes, in violation of the fundamental requirement that justice be impartial and appear impartial.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          57

"justice must satisfy the appearance of justice." (*Offutt v. United States,* 348 U.S. 11, 14 (1954*); Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009)).

## L. Direct Causation: Refusal to Recuse Led to Extraordinary Harm and Necessitates Mandamus Relief

The extraordinary prejudice and procedural harm suffered by Plaintiffs—including years of unnecessary litigation, multiple appeals, writs of certiorari, and financial loss—were a direct result of the district judge's refusal to recuse after becoming a party to the case. Had the writ of mandamus been issued at that time, as mandated by 28 U.S.C. § 1651(a) and Supreme Court authority (*Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 865 (1988)), these violations and harms would have been avoided. The necessity of mandamus is thus not only a matter of correcting legal error but of preventing ongoing and future injustice.

## M. Ongoing Risk of Irreparable Harm: Necessity of Reopening and Immediate Reassignment to Prevent Further Injustice

Unless this Court reopens the case and orders immediate reassignment, Plaintiffs will remain subject to the ongoing authority of a judge who is both a party and adjudicator, resulting in continued due process violations and irreparable harm. Judge Thrash's refusal to recuse, his continued issuance of unappealable or void orders—including on Rule 60(b) motions and pending summary judgment—and

his use of injunctions to foreclose post-judgment relief, create a substantial risk that Plaintiffs will again be denied access to the courts, meaningful appellate review, and any fair adjudication of their claims. Only this Court's intervention and reassignment to a neutral judge can prevent further injustice and restore the integrity of the proceedings.

**N. Defendants' Misrepresentations Regarding the Injunction, Authorship, Timing, and "Vexatious Litigant" Labeling**

defendants' Response to Plaintiffs' Motions to Recall the Mandate (USCA11 Case: 17-14866, Doc. 90; 18-13553, Doc. 68) is replete with misstatements of fact and law designed to mislead the Court and obscure the true procedural history. Specifically:

Incorrect Authorship and Date of Injunction: Defendants repeatedly attribute the All Writs Act injunction (Order 168) to Judge Richard Story ("RWS") and claim it was issued on October 18, 2018. In reality, Order 168 was entered by Judge Thomas W. Thrash, Jr. on August 10, 2018—after appellate jurisdiction had attached and while Judge Thrash was a named defendant. This is a critical jurisdictional defect: Judge Story was removed from the case by Order 71 on June 22, 2017, and played no role in the issuance of the injunction.

False "Vexatious Litigant" Labeling: Defendants claim Plaintiffs have been "adjudicated to be vexatious litigants." This is false. No court order in the record contains a judicial finding of vexatiousness. The term appears only in passing, and never as a basis for sanctions or an injunction. In fact, the record shows it is the Defendants who have defaulted four times, failed to answer the operative complaint, and engaged in procedural gamesmanship and harassment.

Mischaracterization of Claims: Defendants continue to argue that Plaintiffs' civil RICO claims are merely "reconfigured copyright claims," ignoring the fact that the operative Amended Complaint (Doc. 85) and subsequent filings set forth distinct statutory and factual allegations, and that the court never adjudicated the RICO claims on the merits.

Jurisdictional Manipulation: By misdating the injunction to October 18, 2018, Defendants attempt to align the order with the appellate process and obscure the fact that Judge Thrash acted without jurisdiction, as the case was already on appeal (Case No. 17-14866).

Improper Injunction and Denial of Access: Defendants' invocation of the injunction to bar Plaintiffs' filings—including motions to recall the mandate and for post-judgment relief—contravenes Supreme Court precedent. No injunction may bar Rule 60(b) or fraud-on-the-court motions. (*Standard Oil Co. v. United*

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        60

*States,* 429 U.S. 17, 18 (1976); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944).)

These misrepresentations are not harmless error. They are part of a deliberate pattern to mislead the Court, deny Plaintiffs meaningful review, and perpetuate ongoing prejudice and due process violations. Plaintiffs respectfully request the Court take judicial notice of the actual record, reject Defendants' false narrative, and grant the relief requested.

## O. Plaintiffs' Early and Continuing Objections to Defendants' Counsel and the Necessity of Disciplinary Review

Plaintiffs have repeatedly placed the Court on notice regarding their concerns about the conduct of Defendants' counsel, Tom J. Ferber. As early as Doc. 48 (Plaintiffs' Response in Opposition to Doc. 29, Application for Admission Pro Hac Vice), Plaintiffs expressly objected to Mr. Ferber's participation in this matter, citing specific concerns about his litigation tactics and his demonstrated capacity for misrepresentation. These concerns have proven prescient, as evidenced by Mr. Ferber's repeated misstatements of fact and law in the appellate record—including, but not limited to, the misattribution of court orders, distortion of procedural history, and the improper labeling of Plaintiffs as "vexatious litigants" without any judicial finding to that effect.

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)            61

In light of this ongoing pattern, Plaintiffs have filed a formal complaint with the New York State Bar (Supreme Court, Appellate Division) against Mr. Ferber, detailing his conduct in this case and its prejudicial impact on the integrity of the proceedings. Plaintiffs respectfully request that the Court take judicial notice of these objections (as documented in Doc. 48 and elsewhere) and the pending disciplinary complaint as further evidence of the extraordinary circumstances and ongoing prejudice that necessitate supervisory relief.

## P. Why Mandamus Is Proper

Petitioners respectfully submit that, although motions to recall the mandates in appeals 17-14866 and 18-13553 are currently pending, extraordinary mandamus relief is warranted because the appellate court's mandates were themselves issued without jurisdiction, on the basis of a fraudulent and incomplete record. The continued involvement of Judge Thrash—who remains on the case and blocks all substantive relief—creates ongoing, irreparable prejudice.

- Where the court never had jurisdiction, ordinary remedies are inadequate, and mandamus is the only effective means to prevent manifest injustice. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998) ("Jurisdiction is a threshold matter and must be resolved before the merits."); *Calderon v. Thompson*, 523 U.S. 538, 550 (1998)

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          62

(mandamus proper to correct jurisdictional errors and prevent manifest injustice).

- The Supreme Court and Eleventh Circuit have made clear that where a district judge fails to recuse after becoming a party, and where the record is tainted by fraud, concealment, or jurisdictional error, all subsequent orders are void ab initio and must be vacated. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944). Mandamus is the appropriate remedy to compel a judge to perform the duties of office, including recusal and reassignment, and to correct manifest injustice where ordinary appellate review was inadequate or misinformed. See *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004); *Stewart v. U.S.,* 915 F.2d 574, 576 (11th Cir. 1990).

- Even if a prior writ of mandamus was denied or deemed moot, the discovery of new evidence of judicial misconduct, fraud, or void orders obligates the court to reopen the proceedings and provide relief. There is no time bar for such relief, and the court's duty to protect the integrity of the judicial process is paramount. See *Standard Oil Co. v. United States,* 429 U.S. 17, 18 (1976); *United States v. Beggerly,* 524 U.S. 38, 46 (1998).

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          63

- The extraordinary circumstances of this case—where the judge entered the case at Defendants' request, refused to recuse, concealed material facts, and ruled for himself and co-defendants—are precisely the type of manifest injustice and due process violations that mandate reopening and extraordinary supervisory relief.

## VI. JUDICIAL INCAPACITY AND THE NEED FOR FITNESS INQUIRY

Judicial Incapacity and the Need for a Fitness-for-Duty Evaluation

Petitioners respectfully submit that the pattern of conduct by Judge Thomas W. Thrash, Jr.—as documented throughout this record—raises grave concerns not only of bias and misconduct, but of possible judicial incapacity or mental unfitness to discharge the duties of office.

### A. Pattern of Law-Defiant and Irrational Conduct

- Judge Thrash has repeatedly issued orders and judgments in direct contravention of binding U.S. Supreme Court precedent, Eleventh Circuit authority, and even prior rulings by other judges in this very case.

**Examples include:**

- Refusal to recuse after being named a defendant, in violation of 28 U.S.C. § 455(b)(5)(i) and controlling Supreme Court decisions (see, e.g., *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868).

- Certification of non-final orders as "final" for appellate purposes, contrary to Fed. R. Civ. P. 54(b) and *Catlin v. United States*, 324 U.S. 229 (1945).

- Repeated denial of default and default judgment where defendants failed to answer, in violation of Fed. R. Civ. P. 55 and *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975).

- Imposition of a sweeping All Writs Act injunction without jurisdiction, notice, or hearing, even after appellate jurisdiction had attached (*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56).

- Adoption of defense mischaracterizations and denial of discovery, hearings, and the right to amend—contrary to pro se standards set by *Haines v. Kerner*, 404 U.S. 519 (1972), and *Erickson v. Pardus*, 551 U.S. 89 (2007).

## B. The Legal Standard for Judicial Capacity and Fitness

- Under the Judicial Conduct and Disability Act, 28 U.S.C. § 351(a), any person may file a complaint alleging that a federal judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or is unable to discharge all the duties of office by reason of mental or physical disability."

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          65

- The Chief Judge or Judicial Council has the authority to order an investigation, including a fitness-for-duty evaluation, if there is credible evidence of incapacity.

## C. Public Confidence and the Appearance of Judicial Fitness

- The Supreme Court has long held that "justice must satisfy the appearance of justice" (*Offutt v. United States*, 348 U.S. 11, 14 (1954)).

- Where a judge's actions are so persistently contrary to settled law, precedent, and basic procedural fairness, it raises legitimate concern as to capacity and fitness to serve.

- The public's confidence in the judiciary depends not only on actual impartiality but also on the mental and legal competence of those entrusted with judicial power.

## D. Request for Supervisory Inquiry and Remedial Action

- Petitioners respectfully request that, in addition to granting mandamus relief, this Honorable Court refer the record and all supporting evidence to the Chief Judge and/or the Judicial Council for appropriate inquiry into Judge Thrash's fitness for duty, pursuant to 28 U.S.C. §§ 351–354.

- Should the Court find substantial evidence of incapacity or mental unfitness, Petitioners request that Judge Thrash be immediately suspended from all

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          66

judicial duties pending a full fitness-for-duty evaluation and that all orders entered during any period of incapacity be vacated as void.

## VII. REQUEST FOR RELIEF

**Petitioners respectfully request that this Court:**

1. Issue a writ of mandamus vacating all orders entered by Judge Thrash after Doc. 85, including Orders 95, 96, 124–139, 154, 168, 169, 180, 195, and 208, as void ab initio;

2. Order the immediate reassignment of all further proceedings to a neutral and unconflicted judge;

3. Direct entry of default and default judgment against all Defendants who failed to answer Doc. 85, or, in the alternative, reopen the case for merits-based adjudication;

4. Order the restoration of all unresolved claims and parties to the docket, and the preservation of Petitioners' right to a jury trial;

5. Grant any other relief necessary to remedy the prejudice, restore the integrity of the judicial process, and ensure due process and access to the courts.

## VIII. CONCLUSION

The record in this case demonstrates a sustained pattern of judicial and procedural fraud, structural bias, and denial of due process that has tainted every stage of the proceedings. Only extraordinary supervisory relief—vacatur, reassignment, and restoration of rights—can remedy the cumulative injustice and preserve public confidence in the administration of justice.

**Table of Documents to Review:**

| Doc. No. | Title/Description | Filing Date | Relevance/Note |
|---|---|---|---|
| 31 | Defendants' Motion for Transfer to Judge by name  at Defendants' request | 05/11/2017 | Shows judge entered at Defendants' request |
| 41 | Entry of Default Request Defendants | 05/19/2017 | Plaintiffs Default against Defendants |
| 47 | Entry of Default Request | 05/22/2017 | Additional default |
| 52 | Motion to Set Aside Default | 05/24/2017 | 1st Default |
| 61 | Plaintiffs Summary Judgement | 06/06/2017 | |
| 67-1 | Lionsgate Affidavit | 06/15/2017 | False Service Claims |
| 73 | ACS Process Server Declaration perjury | 06/23/2017 | Proof of service, rebuts |

| | | | |
|---|---|---|---|
| 81 | Motion to Reassign and Recuse | 07/03/2017 | Due to Conflict of Interest |
| 85 | Amended Complaint | 07/05/2017 | Operative pleading |
| 87 | Defendants Motion to Stay | 07/07/2017 | no need for Discovery |
| 95 | Order as a Defendant granting stay | 07/13/2017 | Use of Defendants language |
| 96 | Order by a Defendant Judge | 07/13/2017 | Ignores Plaintiffs summary judgment Doc. 61 and Defendants Default |
| 99 | Motion for Judgment as a Matter of Law | 07/19/2017 | 2nd Default Based on Summary Judgment Summary Judgment |
| 119 | Motion for Default Judgment Doc. 85 Amended Complaint | 09/28/2017 | Plaintiffs' request for default on Doc. 85 Amended Complaint |
| 120 | Motion to Recuse Judge | 10/06/2017 | 2nd request to recuse |
| 137 | Order Denying Recusal | 10/16/2017 | Judge refuses to recuse |
| 138 | Order on Doc. 74 Moot Motion | 10/19/2017 | Judge grants case all though Doc. 85 Defaults Defendants and leaves Lionsgate out and violates prior order precedent of Judge Story Doc. 15 stating Plaintiffs made a claim for Civil RICO |
| 143 | Application to appeal | 10/26/2017 | Clerks entered it as Notice of Appeal |
| 144 | Notice of Appeal | 10/26/2017 | Defendants tried to default the appeal stating that the Plaintiffs never filed a Application or permission |

157 Defendants Summary Judgment    02/05/2018 While in appeal and briefing case 17-14866 after a final judgment Order Doc. 138 by a conflicted Judge

162 Plaintiffs Default JMOL        03/19/2018    Default Defendants on Doc. 85

163 Writ of Mandamus Denied    03/26/2018    Could have enforced Default Doc. 119 and 162

168    Summary Judgment/All Writs Act Injunction 08/10/2018 Improper injunction and improper summary judgment (Double Doctrine Order and Second Final order) Added Lionsgate although no prior ruling although requested in Moot Doc 74, No prior injunction pending after doc 85 use of Pejorative language "Delusional"

208    Order Enforcing Injunction    08/08/2025    Bars post-judgment filings violating the U.S. Supreme Court

197    Plaintiffs' Rule 60(b)(4)-(6), (d)(3) 06/30/2025    Exhibits 5, 6, 7: Analysis showing this case is not civil RICO as in prior cases

198 Defendants Ex Parte Letter 07/09/2025    Enforcing Injunction on Post Judgment

199 Supplement Rule 60b    07/118/2025    New Evidence missing documents from appellate review and U.S. Supreme Court baring filing injunctions

| | |
|---|---|
| 211 | Plaintiffs' Summary Judgment  08/11/2025 (with Exhibits 1–3) showing Exhibits 1, 2, 3: Prior copyright complaints—demonstrate distinct facts from present civil RICO case |

Respectfully submitted,

Dated: September 24, 2025

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)          71

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and 11th Cir. R. 32-4, I

certify that this motion complies with the type-volume limitation set forth in FRAP

27(d)(2). According to the word-processing system used to prepare this document,

the motion contains (12,135) words, excluding the parts of the motion exempted by

FRAP 32(f). The motion has been prepared in a proportionally spaced typeface

(Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 24th day of September.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        72



## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

**Pursuant to 11th Cir. R. 26.1-1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:**

1. Terri Lowe – Plaintiff/Appellant -Individual

2. William James – Plaintiff/Appellant - Individual

3. Tyler Perry – Defendant/ Appellee - Individual

4. Tyler Perry Studios – Defendant/Appellee -Private Domestic Corporation

5. The Tyler Perry Company – Defendant/ Appellee – Private Domestic Corporation

6. Oprah Winfrey – Defendant/Appellee - Individual

7. Oprah Winfrey Network (OWN) Defendant/ Appellee – Public Corporation

8. Lionsgate Entertainment – Defendant/Appellee - Public Corporation

9. Barbara Hunt - Defendant/Appellee – Individual

10. HARPO – Defendant/Appellee - Domestic Corporation (Unknown/Public or Domestic Corporation)

11. Tom J Ferber (Pryor and Cashman, LLP)– Attorney for Defendants/Appellees -Tyler Perry, Tyler Perry Studios and The Tyler Pery Company

12. Richard Gordon, Esq – Attorney for Defendants/Appellees – Oprah Winfrey, Oprah Winfrey Network (Own), HARPO, Lionsgate Entertainment and Barbara Hunt

13. David Zaslov (OWN) – Not a Party – Interested Person - Part Owner - Public Corporation

**Corporate Disclosure Statement:**

The undersigned will supplement this certificate as necessary.

Respectfully submitted,

Dated: On the 24th Day of September

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

We hereby certify that on 09/24/2025, we filed the foregoing Motion to Recall

Mandate and all supporting exhibits by Mail as required by the Eleventh Circuit's

filing instructions.

**Appellees Attorneys:**

| Lori M. Beranek | Tom J. Ferber, Esq | Richard Gordon, Esq |
|---|---|---|
| Assistant United States | 7 Times Square | 1495 Powers Ferry |
| Attorney | New York, NY 10036- | Road Ste 101 |
| 600 U.S. Courthouse | 6569 | Marietta, GA 30067 |
| 75 Spring Street SW | | |
| Atlanta, GA 30303 | | |

Executed on 24th Day of September, 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Petition For Writ of Mandamus (Emergency Request
to Reopen and Reassign, for Supervisory Relief and
Vacatur of Void Orders Due to Judicial Misconduct,
Fraud on the Court, and Denial of Due Process)        75