**UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Action No. 25-13325-D

District Court Civil Action No. 1:17-cv-01181-TWT

Petitioners' Notice of Supplemental Information Regarding District Court Order (Ecf No. 219) and Request for Relief Encompassing the August 10, 2018 Order (Doc. 168) and all Orders Based Upon It

---

# PETITIONERS' NOTICE OF SUPPLEMENTAL INFORMATION REGARDING DISTRICT COURT ORDER (ECF NO. 219) AND REQUEST FOR RELIEF ENCOMPASSING THE AUGUST 10, 2018 ORDER (DOC. 168) AND ALL ORDERS BASED UPON IT

---

Appellate Action No. 25-13325-D

## I. CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

1. Terri Lowe (formerly Tucker) – Plaintiff/Petitioner – Individual

2. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe

3. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

4. William James – Plaintiff/Petitioner – Individual

5. Tyler Perry – Defendant/Appellee/Respondent – Individual

6. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

7. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

8. Oprah Winfrey – Defendant/Appellee/Respondent – Individual

9. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private corporation; majority owner is Warner Bros. Discovery (ticker: WBD); Oprah Winfrey retained a minority interest and sold part of her interest during the pendency of district court case 1:17-cv-01181-RWS-TWT

10. HARPO Productions, Inc. – Defendant/Appellee/Respondent – domestic corporation owned by Oprah Winfrey, and a subsidiary of Harpo, Inc. (Oprah Winfrey is 100% owner via Harpo, Inc.)

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It    2

11. Lions Gate Entertainment Corp. ("Lionsgate") – Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B)

12. Barbara Hunt – Defendant/Appellee/Respondent – Individual. Upon information and belief, Barbara Hunt of Cook County, Illinois, is a former Accounting Manager at Harpo Productions and current consultant at Gagen MacDonald. Petitioners are not aware of any other business entities owned or controlled by this individual but reserve the right to supplement this disclosure if additional information becomes available.

13. Judge Thomas W. Thrash, Jr. – NDGA District Court Judge – Defendant/Appellee/Respondent. Upon information and belief, Annie Thrash, a family member of Judge Thomas W. Thrash, Jr., appeared as an actor in Tyler Perry's television production "Too Close to Home." This undisclosed relationship creates a reasonable basis to question Judge Thrash's impartiality in this matter, particularly given the assignment of the case at Respondents' request and the ongoing business relationship between Annie Thrash and defendant Tyler Perry. See 28 U.S.C. § 455(a); *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009). Petitioners respectfully

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It            3

request that the Court take judicial notice of this affiliation and consider it as grounds for recusal and vacatur of all orders entered by Judge Thrash.

14. Tom J. Ferber (Pryor Cashman LLP) – Attorney for Respondents Tyler Perry, Tyler Perry Studios, and The Tyler Perry Company

15. Richard Gordon, Esq. – Attorney for Respondents Oprah Winfrey, Oprah Winfrey Network (OWN), HARPO, Lionsgate Entertainment, and Barbara Hunt

16. David Zaslav – Chief Executive Officer, Warner Bros. Discovery, majority owner of OWN – not a party but an interested person with respect to OWN

## II. CORPORATE DISCLOSURE STATEMENT

Upon information and belief, during the pendency of this action (April 2017 through February 2020), Oprah Winfrey and/or Harpo Inc. may have sold, transferred, or otherwise disposed of ownership interests in OWN (Oprah Winfrey Network) or related entities. To date, no supplemental Certificate of Interested Persons or corporate disclosure statement reflecting such changes has been filed, as required by Eleventh Circuit Rule 26.1-1 and Federal Rule of Appellate Procedure 26.1. Petitioners respectfully request that all Respondents and interested parties be ordered to supplement their disclosures and that the Court take judicial notice of

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It            4

any such undisclosed transactions for purposes of recusal, conflicts of interest, and the integrity of these proceedings.

The undersigned will supplement this certificate as necessary.

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It          5

**PETITIONERS' NOTICE OF SUPPLEMENTAL INFORMATION REGARDING DISTRICT COURT ORDER (ECF NO. 219) AND REQUEST FOR RELIEF ENCOMPASSING THE AUGUST 10, 2018 ORDER (DOC. 168) INJUNCTION AND ALL ORDERS BASED UPON IT**

Petitioners William James and Terri V. Lowe (formerly Terri V. Tucker), pro se, respectfully submit this notice to advise the Court of a new order entered by the district court on November 24, 2025 (ECF No. 219 in William James, et al. v. Barbara Hunt, et al., No. 1:17-cv-01181-TWT (N.D. Ga.)), and to clarify the legal consequences of that order for the pending petition for writ of mandamus.

**I. NEW DISTRICT COURT ORDER (ECF NO. 219)**

On November 24, 2025, the district court entered the following order in Case No. 1:17-cv-01181-TWT:

"This is a pro se civil RICO action. It is before the Court on the Plaintiffs' Motion to Stay [Doc. 217] which is DENIED pursuant to the Court's Order of August 10, 2018."

SO ORDERED, this 24th day of November, 2025.

THOMAS W. THRASH, JR.

United States District Judge

A true and correct copy of this order (ECF No. 219) is attached as Exhibit A.

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It 6

The "Order of August 10, 2018" referenced in ECF No. 219 is Document 168 on the district court docket. This order was not part of the record when the petition for writ of mandamus was filed, and it directly relies on the August 10, 2018 order and injunction that are at the heart of the petition.

Notably, Petitioners' Motion to Stay (Doc. 217) was filed as an emergency motion in direct response to the pending petition for writ of mandamus before this Court, seeking to preserve Petitioners' rights and prevent irreparable harm during appellate review. The district court summarily denied this emergency motion, without addressing either the merits or the emergency nature of the request, and did so by once again relying on the unlawful injunction (Doc. 168).

Critically, this denial was issued by a judge who, as detailed elsewhere in this record, was required to recuse due to a conflict of interest but refused to do so—thereby depriving Petitioners of a neutral and impartial tribunal.

This denial was in direct violation of U.S. Supreme Court precedent, which guarantees parties the right to seek post-judgment relief—including under Rule 60(b) and 60(d)(3)—notwithstanding any prior filing restrictions or injunctions. See, e.g., *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260 (2010); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944).

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It            7

The court's failure to address the emergency circumstances, coupled with its continued reliance on the void injunction and refusal to recuse, further illustrates the ongoing prejudice to Petitioners and the urgent need for extraordinary relief.

## II. ONGOING RELIANCE ON THE AUGUST 10, 2018 ORDER (DOC. 168)

The November 24, 2025 order denies Plaintiffs' Motion to Stay (Doc. 217) solely "pursuant to the Court's Order of August 10, 2018" (Doc. 168). This confirms that the district court continues to treat the August 10, 2018 order and injunction as a valid, controlling basis for denying relief to Petitioners, including emergency relief related to these mandamus proceedings.

As explained in the petition and prior filings, the August 10, 2018 order (Doc. 168) is itself unlawful and void. The new order (ECF No. 219) therefore rests entirely on a defective foundation and further illustrates the need for this Court's intervention.

## III. ADDITIONAL EVIDENCE OF MISUSE OF THE INJUNCTION

### A. Pattern of Misuse of Doc. 168 to Block Rule 60 and Other Relief

In addition to the November 24, 2025 order (ECF No. 219), the August 10, 2018 injunction (Doc. 168) has been repeatedly invoked by both Defendants and the district court to block Petitioners' efforts to seek post-judgment relief and to exercise rights expressly recognized by the Federal Rules and the Supreme Court.

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It 8

Defendants have filed motions and letters arguing that the injunction in Doc. 168 barred Petitioners' Rule 60(b) and Rule 60(d)(3) motions and even their summary judgment filings, asserting that Petitioners were "forbidden" from pursuing such relief. The district court has echoed that position in subsequent orders, relying on Doc. 168 as a basis to deny or disregard Petitioners' Rule 60 motions and other permissible filings, rather than addressing the structural jurisdictional and fraud-on-the-court issues on their merits.

Order 219 denied Petitioners' emergency motion to stay (Doc. 217), which was filed specifically to preserve appellate jurisdiction and prevent irreparable harm during this mandamus proceeding. Order 218, entered in close temporal proximity, denied summary judgment and Rule 60 relief (Doc. 211), both times relying on the same unlawful injunction (Doc. 168) without addressing the merits or the emergency context. In both orders, the court relied on the same unlawful injunction (Doc. 168) as the basis to deny relief, rather than recusing and allowing a neutral judge to address the substantive and jurisdictional arguments presented.

The district judge's ongoing refusal to recuse, despite clear conflicts of interest and his status as a party in interest, compounds the due process violations and deprives Petitioners of a neutral and impartial tribunal, as required by law. This pattern is not limited to Orders 218 and 219, but reflects a broader and ongoing misuse of the

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It                9

void injunction (Doc. 168) to block all forms of post-judgment and emergency relief, regardless of their legal or factual merit.

This systematic reliance on a void injunction to foreclose Rule 60 relief and other filings is directly contrary to the Supreme Court's recognition that Rule 60(b) and Rule 60(d)(3) exist to address void judgments and fraud on the court, and that litigants must have a meaningful opportunity to seek such relief. See, e.g., *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

**B. The Need for Extraordinary Appellate Intervention**

Without this Court's extraordinary intervention through mandamus, Petitioners have no adequate means to obtain appellate review of these rulings. The district court's issuance of interlocutory orders—denying Rule 60(b) and 60(d)(3) relief by invoking the void injunction (Doc. 168)—renders such decisions unappealable in the ordinary course, despite the fact that Rule 60(b) and 60(d)(3) motions are intended to be directly appealable. By using a "second final judgment" in the form of an unlawful summary judgment and injunction, the district court has effectively insulated its orders from meaningful appellate scrutiny and foreclosed Petitioners' statutory and constitutional rights to challenge void judgments and fraud on the

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It 10

court. Only this Court's exercise of its extraordinary writ authority can remedy this structural deprivation of appellate review.

**C. The August 10, 2018 Injunction (Doc. 168) Is Itself Unlawful and Void**

For the Court's convenience, Petitioners summarize the principal, independent reasons why the August 10, 2018 order and injunction (Doc. 168) cannot serve as a lawful basis to deny relief or to avoid this Court's review. These points are grounded in the district court record and the procedural history already before this Court:

1. **Prior Certification of Final Judgment (Doc. 138) and Loss of Jurisdiction**

The district court previously certified Document 138 as a final judgment to this Court in Case No. 17-14866, expressly stating that there was "no just reason for delay" and that it was certifying its orders as final. By doing so, the district court treated Document 138 as a final judgment and divested itself of jurisdiction over the matters encompassed by that judgment. The August 10, 2018 order (Doc. 168) functioned as an impermissible "second final judgment" or double-doctrine order, entered after the court had already represented to this Court that final judgment had been entered.

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It            11

### 2. Illegality of Document 138 Due to Unanswered Amended Complaint (Doc. 85)

Document 138 itself was entered on an improper procedural foundation. The operative amended complaint—Document 85, filed July 5, 2017—was never answered by Defendants. Despite the existence of this unanswered amended pleading, Defendants proceeded to argue in the appellate courts as if they had a proper merits posture and, on February 5, 2018, filed Document 157, a purported motion for summary judgment and injunctive relief. A party that has not answered the operative complaint is not entitled to summary judgment on the merits or to additional punitive relief. The failure to answer Document 85 for many months before seeking summary judgment and an injunction renders Document 138, and any subsequent orders built upon it, structurally defective.

### 3. Improper Use of Summary Judgment Vehicle (Doc. 157) to Impose Injunctive/Sanctions-Like Relief

Defendants' Document 157 was styled as a motion for summary judgment, which is a vehicle for adjudicating the merits of claims and defenses. The district court used that motion to impose an injunction and sanctions-like relief that Defendants had not properly requested in a separate motion under Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927. Summary judgment is not a substitute for a

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It 12

sanctions proceeding, and it cannot be used to grant additional punitive relief after final judgment, particularly where the operative complaint has never been answered.

**4. Failure to Comply with Rule 11 and 28 U.S.C. § 1927 Procedures**

The August 10, 2018 injunction (Doc. 168) was imposed without compliance with the procedural safeguards required by Rule 11 and § 1927. There was no separate Rule 11 motion, no safe-harbor period, and no proper notice and opportunity to be heard on sanctions. Nor did the district court adhere to the statutory standards for imposing sanctions under § 1927. Nevertheless, the injunction operated as a punitive sanction against pro se litigants, effectively restricting their access to the courts without the process required by the Rules and statutes.

**5. Conflict of Interest and Failure to Recuse**

At the time of the August 10, 2018 order, the district judge was effectively a party in interest. He was being represented by the United States Department of Justice in related appellate proceedings, including Case Nos. 17-14866 and 18-13553, and in the district court, in matters directly involving his own conduct and rulings. Under 28 U.S.C. §§ 144 and 455, this conflict required recusal. Instead, the judge continued to issue punitive orders, including the August 10, 2018 injunction (Doc. 168), in a case where his own actions were under review.

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It 13

**6. Post-Judgment Misuse of Rule 60 and Favor to Defendants**

The August 10, 2018 order (Doc. 168) was also intertwined with post-judgment Rule 60 practice and operated as an additional "favor" to Defendants—granting them extra relief after the court had already certified final judgment. Rather than properly adjudicating Rule 60 motions within the limits of its jurisdiction, the court used the August 10 order to expand Defendants' remedies and to restrict Plaintiffs' filings, contrary to the structure and purpose of Rule 60.

**7. Due Process and Access-to-Courts Violations**

The injunction imposed by the August 10, 2018 order (Doc. 168) effectively barred Petitioners from meaningful access to the courts, without adequate notice, a meaningful opportunity to be heard, or the findings necessary to justify such an extreme remedy. It functioned as an overbroad, punitive restriction on filing and litigation rights, in violation of fundamental due process and access-to-courts principles.

In light of these defects, the August 10, 2018 order and injunction (Doc. 168) are void or, at minimum, an abuse of discretion so extreme as to warrant extraordinary relief. The November 24, 2025 order (ECF No. 219), which denies Plaintiffs' Motion to Stay "pursuant to the Court's Order of August 10, 2018," therefore rests entirely on an unlawful foundation.

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It 14

## IV. REQUEST THAT RELIEF EXPRESSLY ENCOMPASS ECF NO. 219 AND ALL ORDERS RELYING ON DOC. 168

Because the district court continues to invoke the August 10, 2018 order (Doc. 168) to deny relief—including in ECF No. 219—Petitioners respectfully request that this Court:

1. Treat ECF No. 219 (attached as Exhibit A) as part of the mandamus record; and

2. In granting relief on the petition, expressly:

3. Hold that the August 10, 2018 order and injunction (Doc. 168) are unlawful and cannot serve as a basis to deny relief or to restrict Petitioners' access to the courts; and

4. Vacate or nullify not only the August 10, 2018 order (Doc. 168) but also all subsequent orders that rely on it, including the November 24, 2025 order (ECF No. 219), so that the district court cannot continue to invoke an unlawful injunction to avoid this Court's review or to deny Petitioners' motions.

Petitioners do not seek to expand the scope of the petition beyond what has already been presented, but rather to ensure that this Court has a complete and accurate record of the district court's ongoing reliance on the August 10, 2018 order (Doc.

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It            15

168) and to clarify that any relief granted will be effective as to both that order and the orders that depend upon it.

## V. LACK OF APPEARANCE AND OPPOSITION

Petitioners also note that, to date, no Respondent has entered an appearance or filed a Certificate of Interested Persons in this proceeding, and no substantive response has been filed opposing the petition. Accordingly, the factual and legal grounds set forth in the petition and in this supplemental notice stand unrebutted. While Petitioners recognize that this Court may act on a petition for writ of mandamus regardless of whether a response is requested or filed, the absence of any opposition underscores that there is no articulated basis in the record to justify continued reliance on the August 10, 2018 injunction (Doc. 168) or the November 24, 2025 order (ECF No. 219).

## VI. CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court:

1. Accept this notice and Exhibit A as supplemental information;
2. Consider ECF No. 219 in evaluating the petition; and

    • Grant the requested extraordinary relief, expressly encompassing the August 10, 2018 order (Doc. 168) and all subsequent orders, including ECF No. 219, that rely upon it.

Petitioners' Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Order (Doc. 168) and all Orders Based Upon It         16

Respectfully submitted,

Dated: November 28, 2025

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

**VII. CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and 11th Cir. R. 32-4, I certify that this motion complies with the type-volume limitation set forth in FRAP 27(d)(2). According to the word-processing system used to prepare this document, the motion contains (2,325) words, excluding the parts of the motion exempted by FRAP, 32(f). The motion has been prepared in a proportionally spaced typeface (Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 28th day of November.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## VIII. CERTIFICATE OF SERVICE

We hereby certify that on 11/28/2025, we filed the foregoing Petitioner's Notice of Supplemental Information Regarding District Court Order (Ecf. No. 219) and Request for Relief Encompassing the August 10, 2018, Doc. 168 Order Injunction and All Orders Based Upon It were filed via CM/ECF Electronic Mail and directly to the Judge via Clerk of the Court by USPS mail as required by the Eleventh Circuit's filing instructions.

**Respondents Attorneys:**

Clerk of the Court
Judge Thomas W. Thrash, Jr
Northern District Court of Georgia (NDGA)
Atlanta Division
75 Ted Turner Dr. SW
Floor 22
Atlanta, GA 30303

Pryor Cashman, LLP
Tom J. Ferber
7 Times Square
New York, NY 10036

Richard Gordon, PC
223 Brookcliff TRC
Marietta, GA 30068

Executed on 28th day of November 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Petitioner's Notice of Supplemental Information
Regarding District Court Order (Ecf No. 219) and
Request for Relief Encompassing the August 10, 2018
Doc. Order 168 Injunction and All Orders Based Upon It 18