# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-13325

_____

In re: WILLIAM JAMES,
TERRI V. TUCKER,

                                                 *Petitioners.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Georgia
D.C. Docket No. 1:17-cv-01181-TWT

_____

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

BY THE COURT:

| | | |
|---|---|---|
| 2 | Order of the Court | 25-13325 |

William James and Terri Lowe (collectively, "Petitioners"),[1] proceeding pro se, have filed an amended mandamus petition arising out a civil case they filed in the U.S. District Court for the Northern District of Georgia. In their petition, which they have supplemented several times, they ask us to: (1) take judicial notice of the full procedural history; (2) direct the district court to transmit the complete record; (3) consolidate their then-pending appeals into the petition; (4) order the recusal of District Judge Thomas W. Thrash and re-assign the case; (5) enter summary judgment in their favor; (6) enter default and default judgment in their favor; (7) vacate all orders in the district court after the amended complaint was filed; (8) enforce "appropriate" judgments; (9) preserve and adjudicate all issues and relief they have previously sought; (10) issue a remand to consider the merits of their amended complaint; (11) recognize the district court was without jurisdiction to issue certain orders; and (12) hold that a filing injunction order entered against them in district court was unlawful. They also filed motions to take judicial notice, to file a supplemental appendix, and for entry of default before us.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks omitted).

---

[1] Various filings refer to Terri Lowe as "Terri Tucker," but in Petitioners' proposed amended petition before this Court, they request that she "be recognized as Terri Lowe."

25-13325               Order of the Court                3

The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). "[A] writ of mandamus may issue only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Smith*, 926 F.2d 1027, 1030 (11th Cir. 1991) (citation omitted).

A litigant is entitled to appeal from all final decisions of a district court to a court of appeals. 28 U.S.C. § 1291. An appeal from a final judgment brings up all preceding non-final orders. *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (citation modified).

Here, as an initial matter, Petitioners have filed four motions before us in this proceeding that may be disposed of before our consideration of the substance of the mandamus petition. First, Petitioners' motion to amend their petition for writ of mandamus is **GRANTED**, and we consider the amended petition as the operative petition. Second, we **GRANT** the motion to take judicial notice to the extent that we acknowledge the existence of other proceedings involving Petitioners. Third, we **GRANT** the motion to file the supplemental appendix. Finally, we **DENY** the motion for default in favor of Petitioners as the respondents are not required to appear and answer in this mandamus proceeding.

In considering the requests across the amended mandamus petition and its supplements, we first deny as unnecessary Petitioners' requested relief that we take judicial notice of the full procedural history and scope of the mandamus petition, including documents filed in the district court after the instant petition because we already perform such a review as a matter of course. We also deny as unnecessary the request to order the district court to transmit the complete record, as we have access to all necessary and pertinent filings. We deny as moot Petitioners' request to consolidate their prior appeals, appeal numbers 17-14866 and 18-13553, into the instant mandamus petition as neither appeal is still pending. *Friends of Everglades*, 570 F.3d at 1216.

As for Petitioners' argument that they should not have been subject to the filing injunction as they allege it was unlawful, they had the adequate alternative remedy of challenging the injunction on appeal. *Mallard*, 490 U.S. at 309. The district court explicitly acknowledged the possibility of appeal in explaining the injunction's scope and mechanics, and Petitioners did, in fact, appeal the district court's order.

As to their arguments about recusal, the issue of recusal is arguably moot because the district court closed the case in 2018, and Petitioners' two appeals are final. Regardless, Petitioners had the adequate alternative remedy of raising the recusal issue in their two prior appeals. *Shalhoub*, 855 F.3d at 1259; *Jackson*, 130 F.3d at 1004.

25-13325               Order of the Court                5

As for Petitioners' requests that we (1) enter summary judgment in their favor; (2) order entry of default and default judgment in their favor; (3) vacate all orders docketed after the amended complaint was filed; and (4) enforce all "appropriate" judgments, these requests are outside of our limited mandamus power because Petitioners are asking us to act ourselves, as opposed to ordering an inferior court to act. *Smith*, 926 F.2d at 1030. As such, Petitioners' requests are not cognizable in mandamus. *Id.*

With respect to Petitioners' remaining requests, namely that we (1) preserve and adjudicate all issues and relief previously sought; (2) issue a remand directing the district court to consider the merits of the amended complaint; and (3) recognize that the district court was divested of jurisdiction while the appeals and mandamus petition were pending, these requests are essentially seeking appellate review of the district court proceedings. Petitioners had the adequate alternative remedy of appealing many of these issues once judgment was entered against them on August 10, 2018. 28 U.S.C. § 1291; *Kirkland,* 884 F.2d at 1369-70. As for the argument that certain orders were void because the district court lacked jurisdiction, Petitioners had the adequate alternative remedy of amending their prior appeal to include these orders. *Mallard*, 490 U.S. at 309.

Accordingly, James and Lowe's amended petition for a writ of mandamus is **DISMISSED IN PART** as moot as to their request to consolidate their appeals and the instant petition, and **DENIED IN PART** as to their remaining requests.