# UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| William James and Terri Tucker (Lowe), Petitioners, | Appellate Action No. 25-13325-D |
| | District Court Civil Action No. 1:17-cv-01181-TWT |
| v. | |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Respondents. | |

**MOTION FOR JUDICIAL NOTICE IN SUPPORT OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC (MANDAMUS), FED. R. APP. P. 21**

Appellate Action No. 25-13325-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

1. Terri Lowe (formerly Tucker) – Plaintiff/Petitioner – Individual

2. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe

3. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

4. William James – Plaintiff/Petitioner – Individual

5. Tyler Perry – Defendant/Appellee/Respondent – Individual

6. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

7. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

8. Oprah Winfrey – Defendant/Appellee/Respondent – Individual

9. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private corporation; OWN – private corporation (associated with Warner Bros. Discovery)

10. HARPO Productions, Inc. – Defendant/Appellee/Respondent – domestic corporation owned by Oprah Winfrey, and a subsidiary of Harpo, Inc. (Oprah Winfrey is 100% owner via Harpo, Inc.)

11. Lions Gate Entertainment Corp. ("Lionsgate") – Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B)

12. Barbara Hunt – Defendant/Appellee/Respondent – Individual. Upon information and belief, Barbara Hunt of Cook County, Illinois, is a former Accounting Manager at Harpo Productions and current consultant at Gagen MacDonald. Petitioners are not aware of any other business entities owned

or controlled by this individual but reserve the right to supplement this disclosure if additional information becomes available.

13. Judge Thomas W. Thrash, Jr. – NDGA District Court Judge – Defendant/Appellee/Respondent.

14. Tom J. Ferber (Pryor Cashman LLP) – Attorney for Respondents Tyler Perry, Tyler Perry Studios, and The Tyler Perry Company

15. Richard Gordon, Esq. – Attorney for Respondents Oprah Winfrey, Oprah Winfrey Network (OWN), HARPO, Lionsgate Entertainment, and Barbara Hunt

16. Warner Bros. Discovery, Inc. (WBD) – publicly traded corporation (ticker: WBD) (associated with OWN)

**CORPORATE DISCLOSURE STATEMENT**

Petitioners are pro se individuals. Petitioners do not have corporate disclosure information beyond what is listed in the Certificate of Interested Persons and will supplement if necessary.

## I. INTRODUCTION

Petitioners William James and Terri Lowe respectfully move this Court under Federal Rule of Evidence 201 to take judicial notice of certain undisputed procedural facts and docket entries from Northern District of Georgia Case No. 1:17-cv-01181-TWT, as well as related orders of this Court, including the Court's December 18, 2025 Order in this mandamus proceeding (11th Cir Doc. 18-2), as reflected in the public dockets of the Northern District of Georgia and the Eleventh Circuit. Petitioners submit this motion in support of their Petition for Panel Rehearing and Petition for Rehearing En Banc concerning their Petition for Writ of Mandamus under Fed. R. App. P. 21 in Appellate Action No. 25-13325-D.

## II. LEGAL STANDARD

Petitioners seek judicial notice under Fed. R. Evid. 201 of adjudicative facts capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, including court dockets, filed orders, and other public records. Fed. R. Evid. 201(b). The Court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d). Petitioners submit this motion in support of their petition for rehearing and rehearing en banc under Fed. R. App. P. 40 and 35, respectively, to ensure the Court's consideration of rehearing is based on an accurate procedural record and undisputed docket facts. If a party requests judicial

notice and supplies the necessary information, the court must take judicial notice of facts that are not subject to reasonable dispute. Fed. R. Evid. 201(b), (c)(2). Petitioners further submit this motion in the context of mandamus proceedings governed by Fed. R. App. P. 21.

## III. FACTS TO BE JUDICIALLY NOTICED

**Judicial Notice (Record Facts).** Petitioners respectfully request that the Court take judicial notice under Fed. R. Evid. 201 of adjudicative facts capable of accurate and ready determination from the district-court docket and related appellate dockets, including: (i) issuance of renewed summons following the quash order (Doc. 75); (ii) executed returns of service reflecting renewed service on multiple defendants (Docs. 79, 83, 84); (iii) filing of Petitioners' Amended Complaint on July 5, 2017 (Doc. 85), which added a new defendant (Judge Thrash) and new claims; (iv) docketed service-related exhibits and registered-agent corroboration filed in Doc. 88-6 (including Exs. YYYY, QQQQ, ZZZZ) Petitioners further submit that the registered-agent corroboration materials were docketed in the district court as Doc. 88-6 (Notice of Filing), which was entered by the Clerk and includes a cover sheet and attached exhibits (including Exs. YYYY, QQQQ, ZZZZ) corroborating the authorized-agent service reflected in the executed returns.; and (v) docketed proof of service related to the Amended Complaint (Doc. 100).Petitioners request judicial notice of the existence, filing dates, and contents

of the following docket entries relevant to the procedural posture and record integrity of this case:

**A. Court   Doc. No.    Date         Description**

1. NDGA   52    05/24/2017   Defendants' Motion to Quash Service and Set Aside Default

2. NDGA   75    06/28/2017   Summons Issued (Reissued)

3. NDGA   76    06/29/2017   Order Granting Motion to Quash and addressing default-related requests

4. NDGA   79    06/29/2017   Executed Returns of Service filed (proofs of service)

5. NDGA   83    07/03/2017   Executed Returns of Service filed (proofs of service)

6. NDGA   84    07/05/2017   Executed Returns of Service filed (proofs of service)

7. NDGA   85    07/05/2017   Amended Complaint filed

8. Doc. 88-6: Court-filed exhibits corroborating registered agent identities and service proof (includes Exs. YYYY, QQQQ, ZZZZ).

9. NDGA   100   07/10/2017   Proof of Service related to Amended Complaint

10. NDGA   117   08/15/2017   Plaintiffs' Response to judge-defendant's motion to dismiss

11. NDGA   131   10/19/2017   Order granting judge-defendant's motion to dismiss; states Amended Complaint (Doc. 85) "is void and a nullity"

12. NDGA   170   08/20/2018   Amended consolidated notice of appeal filed (relating to appeals 17-14866 and 18-13553)

13. NDGA   179   08/31/2018   Request to stay payment pending consolidation

14. NDGA   182   09/21/2018   Notice entered on NDGA docket reflecting Eleventh Circuit denial of consolidation

15. NDGA   199   07/11/2025   Rule 60 supplement filed identifying record transmission omissions

16. NDGA   199-1 07/11/2025   Rule 60 supplement memorandum and exhibits, including Exhibit E (PACER submission/transmission history)

17. 11th Cir 18-1 12/18/2025 Clerk's Memorandum to Counsel or Parties ("The enclosed order has been entered. No further action will be taken")

18. 11th Cir 18-2 12/18/2025 Order of the Court (Jill Pryor, Newsom, and Grant, JJ.) granting in part and denying in part Petitioners' motions; dismissing in part and denying in part the amended petition for writ of mandamus

**B. Request for Judicial Notice of Official Public Records**

**Petitioners further request judicial notice of official public corporate records reflecting the identity and address of registered agents served, including:**

1. Georgia Secretary of State business records identifying Midtown Registered Agent Services, Inc. as registered agent for Tyler Perry Studios, LLC and TTPC, Inc. (Exhibit YYYY).
2. Delaware Division of Corporations business records identifying The Corporation Trust Company as registered agent for Lions Gate Entertainment Inc. (Exhibit QQQQ).
3. California Secretary of State business records identifying CT Corporation System as agent for service of process for Lions Gate Entertainment Inc. (Exhibit ZZZZ).

**IV. ARGUMENT**

**A. Limited Purpose**

Judicial notice is appropriate because Petitioners request notice only of the existence and contents of public court records and official government records, not of disputed factual assertions. Petitioners offer these judicially noticeable docket facts and public records for the limited purpose of correcting

misapprehensions regarding the procedural record relevant to Petitioners' rehearing en banc request.

**B. Request for Judicial Notice of Court-Filed Exhibits (Doc. 88-6) and, Alternatively, Official Public Records**

1. Petitioners clarify that Exhibits YYYY, QQQQ, and ZZZZ were filed on the district-court docket as part of NDGA Doc. 88-6; Petitioners request judicial notice of that docket fact and the contents of Doc. 88-6

2. Following the quash order, Plaintiffs caused new summons to issue and filed executed returns of service reflecting service on authorized agents and registered agents. (Docs. 79, 83, 84). These docketed executed returns are the operative service evidence for Rule 4 purposes after the Court's quash order. Petitioners further submit that the registered-agent corroboration materials were docketed as Doc. 88-6 (Notice of Filing) by the Clerk, which includes a cover sheet and attached exhibits (Exs. YYYY, QQQQ, ZZZZ) supporting the service evidence reflected in the executed returns.

3. Petitioners' efforts to consolidate related appeals and the Eleventh Circuit's denial thereof.

4. The timing and basis of Petitioners' 2025 discovery of alleged omissions from the record transmitted for appellate review, as reflected by the Rule 60 supplement filings (Docs. 199, 199-1, Ex. E).

5. This motion does not seek to resolve any legal issues or merits questions, nor does it address claims of judicial misconduct or fraud on the court. Those matters are properly raised in Petitioners' rehearing petition and related filings.

**C. Legal Consequence (Rule 15 Amendment as of Right; Duty to Respond).**

Based on these record facts, Petitioners submit that the Amended Complaint (Doc. 85) was filed as of right under Fed. R. Civ. P. 15(a)(1) and once filed and served, superseded prior pleadings and triggered the responding parties' obligation to serve a responsive pleading under Fed. R. Civ. P. 15(a)(3). Where an amended complaint adds a new party and new claims, the amended pleading becomes the operative complaint, and all responding parties must respond to it within the time prescribed by Rule 15(a)(3) (or the time remaining to respond to the original pleading, whichever is later). Petitioners submit that this required response did not occur, and that the failure to treat Doc. 85 as operative—particularly on a record later shown to be incomplete in transmission—materially prejudiced meaningful review of Petitioners' service, default, and neutrality arguments.

## V. CONCLUSION

Petitioners respectfully request the Court grant this Motion for Judicial Notice and take judicial notice of the above docket entries and dates.

Respectfully submitted,

Dated: December 26, 2025

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## VI. CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Eleventh Circuit Rule 32-4, I certify that this motion complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2). According to the word-processing system used to prepare this motion, it contains 968 words, excluding those parts exempted by Federal Rule of Appellate Procedure 32(f). This motion has been prepared in a proportionally spaced typeface (Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 26th day of December.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## VII. CERTIFICATE OF SERVICE

We hereby certify that on 12/26/2025 we filed the foregoing Motion for Judicial Notice in Support of Petition for Panel Rehearing and Rehearing En Banc (Mandamus), Fed. R. App. P. 21 and served it on counsel of record via CM/ECF. Electronically as by the Eleventh Circuit's filing instructions.

**Respondents Attorneys:**

Pryor Cashman, LLP,
Tom J. Ferber,
7 Times Square
New York, NY 10036

Richard Gordon, PC,
223 Brookcliff TRC,
Marietta, GA 30068

Executed on 26th day of December 2025.

Respectfully submitted,

*[signature]*
Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

*[signature]*
William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff