# UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| William James and Terri Tucker (Lowe), Petitioners, | Appellate Action No. 25-13325-D |
| v. | District Court Civil Action No. 1:17-cv-01181-TWT |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Respondents. | Petitioners Motion to Supplement the Record |

---

## PETITIONERS MOTION TO SUPPLEMENT THE RECORD

Appellate Action No. 25-13325-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

1. Terri Lowe (formerly Tucker) – Plaintiff/Petitioner – Individual

2. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe

3. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

4. William James – Plaintiff/Petitioner – Individual

5. Tyler Perry – Defendant/Appellee/Respondent – Individual

6. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

7. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

8. Oprah Winfrey – Defendant/Appellee/Respondent – Individual

9. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private corporation; majority owner is Warner Bros. Discovery (ticker: WBD); Oprah Winfrey retained a minority interest and sold part of her interest during the pendency of district court case 1:17-cv-01181-RWS-TWT

10. HARPO Productions, Inc. – Defendant/Appellee/Respondent – domestic corporation owned by Oprah Winfrey, and a subsidiary of Harpo, Inc. (Oprah Winfrey is 100% owner via Harpo, Inc.)

11. Lions Gate Entertainment Corp. ("Lionsgate") – Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B)

12. Barbara Hunt – Defendant/Appellee/Respondent – Individual. Upon information and belief, Barbara Hunt of Cook County, Illinois, is a former

Accounting Manager at Harpo Productions and current consultant at Gagen MacDonald. Petitioners are not aware of any other business entities owned or controlled by this individual but reserve the right to supplement this disclosure if additional information becomes available.

13. Judge Thomas W. Thrash, Jr. – NDGA District Court Judge – Defendant/Appellee/Respondent. Upon information and belief, Annie Thrash, a family member of Judge Thomas W. Thrash, Jr., appeared as an actor in Tyler Perry's television production "Too Close to Home." This undisclosed relationship creates a reasonable basis to question Judge Thrash's impartiality in this matter, particularly given the assignment of the case at Respondents' request and the ongoing business relationship between Annie Thrash and defendant Tyler Perry. See 28 U.S.C. § 455(a); *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009). Petitioners respectfully request that the Court take judicial notice of this affiliation and consider it as grounds for recusal and vacatur of all orders entered by Judge Thrash.

14. Tom J. Ferber (Pryor Cashman LLP) – Attorney for Respondents Tyler Perry, Tyler Perry Studios, and The Tyler Perry Company

15. Richard Gordon, Esq. – Attorney for Respondents Oprah Winfrey, Oprah Winfrey Network (OWN), HARPO, Lionsgate Entertainment, and Barbara Hunt

16. David Zaslav – Chief Executive Officer, Warner Bros. Discovery, majority

owner of OWN – not a party but an interested person with respect to OWN

## CORPORATE DISCLOSURE STATEMENT

Upon information and belief, during the pendency of this action (April 2017

through February 2020), Oprah Winfrey and/or Harpo Inc. may have sold,

transferred, or otherwise disposed of ownership interests in OWN (Oprah Winfrey

Network) or related entities. To date, no supplemental Certificate of Interested

Persons or corporate disclosure statement reflecting such changes has been filed, as

required by Eleventh Circuit Rule 26.1-1 and Federal Rule of Appellate Procedure

26.1. Petitioners respectfully request that all Respondents and interested parties be

ordered to supplement their disclosures and that the Court take judicial notice of

any such undisclosed transactions for purposes of recusal, conflicts of interest, and

the integrity of these proceedings.

The undersigned will supplement this certificate as necessary.

## PETITIONERS MOTION TO SUPPLEMENT THE RECORD

## I. INTRODUCTION

Petitioners William James and Terri Lowe respectfully move the Court to supplement the record in Eleventh Circuit case 25-13325-D with essential filings and docket entries from the Northern District of Georgia case 1:17-cv-01181-TWT and related Eleventh Circuit appeals. These documents are necessary for the Court to fully and fairly evaluate the procedural history and record misapprehensions underlying the panel's rulings.

Petitioners do not seek supplementation because the Court lacks present access to docketed items; rather, supplementation is necessary to address Petitioners preserved contention that the record transmitted and relied upon in prior appellate proceedings was materially incomplete, depriving Petitioners of meaningful review.

**Documents to be Supplemented:**

Petitioners request supplementation with the following key filings and docket materials:

Explanation of Consolidation and Appeal Routing History:

Petitioners filed a Joint Consolidated Amended Notice of Appeal (NDGA Doc. 170) intended to consolidate Appeals No. 17-14866 and 18-13553. However, due to administrative errors, the district court transmitted this filing inconsistently: initially to unrelated district court docket entries, then to a closed appeal, and ultimately to a new, separate appeal docket (18-13553). Despite Petitioners' timely payment of required fees and explicit requests to consolidate and avoid creation of a new appeal, the Eleventh Circuit denied consolidation motions and treated the filing as a new appeal.

Consequently, Doc. 170 was docketed as Docket Entry 1 in USCA11 Appeal No. 18-13553 and later amended as Docket Entry 21 in that appeal. The original appeal, No. 17-14866, proceeded separately without inclusion of Doc. 170. Petitioners' efforts to consolidate these appeals were denied by the Court (USCA11 No. 17-14866, Doc. 68), resulting in fragmented appellate review.

**District Court Filings:**

1. Doc. 52: Defendants' Motion to Quash Service and Set Aside Default (05/24/2017)

2. Doc. 75: Summons Issued (Reissued) to Defendants (06/28/2017)

3. Doc. 76: Order Granting Motion to Quash and Denying Defaults (06/29/2017)

4. Doc. 79, 83, 84: Returns of Service Executed (Proofs of Service) (06/29/2017 - 07/05/2017)

5. Doc. 85: Amended Complaint Filed (07/05/2017)

6. NDGA Doc. 88-6: Notice of Filing (Clerk-filed)  includes cover sheet and attached exhibits corroborating registered-agent identities (Exs. YYYY, QQQQ, ZZZZ)

7. NDGA Doc. 116 (AUSA response/answer for Judge Thrash)

8. NDGA Doc. 117 (Plaintiffs' response)

9. NDGA Doc. 131 (self-dismissal / "void and nullity") Order Granting Motion to Dismiss Judge Thrash; Declaring Doc. 85 Non-Operative (10/19/2017)

10. Doc. 170: Joint and Consolidated Amended Notice of Appeal (08/20/2018) for 17-14866 and created 18-13553 by not allow consolidation

11. Doc. 179: Fee Waiver Request for Consolidated Appeal (08/31/2018)

12. Doc. 182: Eleventh Circuit Order Denying Motion to Consolidate Appeals (09/21/2018)

**Eleventh Circuit Filings:**

13. Doc. 170: Joint and Consolidated Amended Notice of Appeal (08/20/2018) filed as the Original Notice of Appeal, filed in Appeal 18-13553 as DE 1 then later required to amend the notice of appeal as DE 21

14. Doc. 18: Eleventh Circuit Order in 25-13325-D Denying Consolidation and Mandamus Relief (12/18/2025)

15. Doc. 23: 17-14866 Appellants' Brief (02/05/2018), Service of Process Perfected, Defendants Defaults and Amended Civil RICO Complaint

CM/ECF Docket Sheet Printouts showing the sequence of these filings and entries.

## II. ARGUMENT

**The above documents are part of the official court record and are indispensable for the Court to accurately assess:**

1. The timing and validity of the amended complaint filed as of right under Rule 15(a)(1).

2. Petitioners' diligent efforts to consolidate related appeals and the appellate court's denial of consolidation.

3. The procedural history and rulings that the panel relied upon, which are alleged to be based on incomplete or misapprehended records.

Supplementation is necessary to prevent manifest injustice and to ensure the Court's review is based on a complete and accurate record.

### A. These docket entries establish the following undisputed facts:

4. Petitioners submit that Doc. 85 was filed as of right under Fed. R. Civ. P. 15(a)(1), including in light of Defendants' Rule 12 motion practice, and the post-quash docket entries (Docs. 75, 79, 83, 84) establish the renewed-

service timeline relevant to Petitioners' operative-pleading and default framework.

5. Petitioners diligently pursued consolidation of Appeals Nos. 17-14866 and 18-13553; those motions were denied and the appeals were directed to proceed separately, resulting in fragmented review.

6. The district court judge dismissed himself and declared Doc. 85 non-operative months after the amendment was filed.

7. The Eleventh Circuit's denial of consolidation and mandamus relief rests on a misapprehension of the procedural record.

**B. The District Court Quashed Initial Service, Triggering a "Service Renewed," After Which Plaintiffs Reissued Summons and Filed Executed Returns on Authorized/ Registered Agents (Docs. 76, 79, 83, 84):**

1. The district court entered an order on June 29, 2017 granting Defendants' motion to quash and finding that Plaintiffs had not properly served Defendants in accordance with Fed. R. Civ. P. 4. (Doc. 76). That order Doc. 76 the quash order required reissuance of summons and renewed service consistent with Rule 4 and necessarily created a "service renewed" requirement for Plaintiffs to effect service in a manner compliant with Rule 4.

2. Following the quash order, Plaintiffs caused new summons to issue and filed executed returns of service reflecting service on authorized agents and registered agents. (Docs. 79, 83, 84). These docketed executed returns are the operative service evidence for Rule 4 purposes after the Court's quash order. Plaintiffs further submit official corporate records confirming the identity and address of the registered agents served, including Georgia Secretary of State business records identifying Midtown Registered Agent Services, Inc. as registered agent for Tyler Perry Studios, LLC and TTPC, Inc. (Ex. YYYY), Delaware Division of Corporations records identifying The Corporation Trust Company as registered agent for Lions Gate Entertainment Inc. (Ex. QQQQ), and California Secretary of State records identifying CT Corporation System as agent for service of process for Lions Gate Entertainment Inc. (Ex. ZZZZ). These public records corroborate that service was directed to the correct authorized agents.

3. Petitioners further submit that the registered-agent corroboration exhibits were docketed as Doc. 88-6 (Notice of Filing), a Clerk-filed entry including a cover sheet and exhibits (Exs. YYYY, QQQQ, ZZZZ).

4. To avoid confusion, Plaintiffs distinguish between (a) service of process under Rule 4 (summons/complaint on the defendant or authorized agent) and (b) service of later filings under Rule 5 after counsel appeared. Plaintiffs do

not contend that Rule 5 service on counsel substitutes for Rule 4 service of process; rather, Plaintiffs cite counsel's participation only as evidence of actual notice and active litigation during motion practice.

5. Plaintiffs' Amended Complaint (Doc. 85) Is the Operative Pleading Under Rule 15, and Defendants Were Required to Respond Once Served (Rule 15(a)(3); Doc. 85; Doc. 100)

6. Plaintiffs filed the Amended Complaint on July 5, 2017. (Doc. 85). Under Fed. R. Civ. P. 15(a)(3), a responding party must respond to an amended pleading within 14 days after service (or within the time remaining to respond to the original pleading, whichever is later). Where an amended complaint adds new allegations, claims, or parties, the amended pleading supersedes the prior pleading and becomes the operative pleading for purposes of response and adjudication.

7. Plaintiffs further submit that proof of service related to the Amended Complaint—including service on Judge Thrash—was filed and docketed. (Doc. 100). Plaintiffs' position is that Defendants did not file an answer or other responsive pleading directed to the Amended Complaint, despite its operativeness and service, and that this failure is material to Plaintiffs' default-related and due process arguments.

8. Newly Discovered Evidence Shows the Record Transmitted to the Eleventh Circuit Was Materially Incomplete, Omitting Doc. 85, Service Proofs, and Key Oppositions, Which Prejudiced Meaningful Appellate Review (Doc. 199; Doc. 199-1, Ex. E; Appeals Nos. 17-14866 & 18-13553)

9. Plaintiffs discovered during Rule 60 proceedings that the record transmitted from the district court to the United States Court of Appeals for the Eleventh Circuit in Appeals Nos. 17-14866 and 18-13553 was materially incomplete. In their Rule 60 supplement (Doc. 199; Doc. 199-1), Plaintiffs identify newly discovered evidence supported by a PACER submission/transmission history (Doc. 199-1, Ex. E) demonstrating that multiple material filings appearing on the district court docket were not included in the record transmitted to the Eleventh Circuit.

10. Specifically, Plaintiffs submit that the transmitted appellate record omitted, among other items, the Amended Complaint (Doc. 85), proof of service (including Doc. 100 and executed returns/service proofs), and Plaintiffs' response to the judge-defendant's motion to dismiss (Doc. 117), as well as other oppositions and filings central to the procedural posture and issues presented. (Doc. 199-1).

11. Plaintiffs submit that these omissions deprived the appellate court of critical filings and factual context necessary to adjudicate Plaintiffs' appeal on the merits, including issues bearing on (i) the operativeness of Doc. 85, (ii) the post-quash service/perfection timeline, and (iii) whether Plaintiffs preserved and presented arguments in opposition to key motions.

**Accordingly:**

1. Plaintiffs discovered—through the PACER submission/transmission history submitted as Exhibit E to Doc. 199-1—that multiple material filings appearing on the district court docket, including the Amended Complaint (Doc. 85), Proof of Service (Doc. 100), and Plaintiffs' Response to the judge-defendant's motion to dismiss (Doc. 117), were not included in the record transmitted from the district court to the United States Court of Appeals for the Eleventh Circuit in Appeals Nos. 17-14866 and 18-13553.

2. Plaintiffs submit that, because these materials were not transmitted, the Eleventh Circuit's review and disposition necessarily proceeded without critical filings and procedural context bearing on the operative pleading and service/perfection issues. Plaintiffs further submit that this omission materially prejudiced Plaintiffs' right to meaningful appellate review and supports relief under Fed. R. Civ. P. 60(b)(4), 60(b)(6), and 60(d)(3).

## C. The Omission of Material Filings From the Transmitted Appellate Record Supports Relief Under Rule 60(b)(4), Rule 60(b)(6), and Rule 60(d)(3)

1. Plaintiffs submit that the integrity of appellate review depends on a complete and accurate record transmission. Where material filings are omitted from the record transmitted for appellate review—particularly operative pleadings, service proofs, and oppositions that bear directly on dispositive issues—meaningful review is compromised.

2. Plaintiffs therefore submit that the omissions identified in Doc. 199-1 constitute a fundamental procedural defect and support relief under Rule 60(b)(4) and Rule 60(b)(6), and further support relief for fraud upon the court under Rule 60(d)(3), as the omissions materially affected the fairness and integrity of the judicial process. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

## D. SUPPLEMENTAL ARGUMENT AND REQUEST FOR JUDICIAL NOTICE (RECORD INTEGRITY; MISAPPREHENSION; DOC. 85 OPERATIVENESS; CONSOLIDATION; TIMING OF DISCOVERY)

1. Judicial Notice Is Appropriate to Correct Misapprehended Record Facts and to Establish the Timing of Newly Discovered Evidence.

a. **Facts to be Judicially Noticed**: Petitioners respectfully request that the Court take judicial notice under Fed. R. Evid. 201 of adjudicative facts capable of accurate and ready determination from the district-court docket and related appellate dockets, including: (i) issuance of renewed summons following the quash order (Doc. 75); (ii) executed returns of service reflecting renewed service on multiple defendants (Docs. 79, 83, 84); (iii) filing of Petitioners' Amended Complaint on July 5, 2017 (Doc. 85), which added a new defendant (Judge Thrash) and new claims; (iv) docketed service-related exhibits and registered-agent corroboration filed in Doc. 88-6 (including Exs. YYYY, QQQQ, ZZZZ); and (v) docketed proof of service related to the Amended Complaint (Doc. 100).

2. Plaintiffs respectfully request that the Court take judicial notice under Fed. R. Evid. 201 of adjudicative facts that are not subject to reasonable dispute because they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, including the district court docket, the Eleventh Circuit dockets in Appeals Nos. 17-14866 and 18-13553, and PACER transmission/transaction history evidence submitted in Plaintiffs' post-judgment filings. These record facts are offered for the limited purpose of correcting misapprehensions regarding (i) consolidation efforts and procedural posture, (ii) the operativeness of the Amended

Complaint (Doc. 85), and (iii) the timing and impact of Plaintiffs' discovery that material filings were omitted from the record transmitted for appellate review.

3. Consolidation Was Repeatedly Sought and Is a Record Fact; It Bears Directly on the Procedural Fragmentation the Mandamus Decision Treated as "Adequately Remediable"

4. Plaintiffs incorporate by reference the consolidation section already addressed in this supplement. The record reflects Plaintiffs' repeated efforts to consolidate related proceedings and ensure a single, coherent review of interlocking issues. Plaintiffs submit that the mandamus decision's reliance on "adequate alternative remedies" must be evaluated against the actual procedural reality reflected in the record: Plaintiffs sought consolidation and record correction precisely because fragmented proceedings and incomplete record transmission prevented meaningful review.

5. Supplemental Argument and Request for Judicial Notice.

**E. The Mandamus Decision's Reliance on Prior Appellate Orders (and Its Treatment of Doc. 85 as Inoperative) Must Be Reassessed in Light of the Newly Discovered Transmission Omission**

1. Plaintiffs further submit that the mandamus decision relied, expressly or implicitly, on the premise that prior appellate dispositions resolved the operative-pleading/service issues on a complete record, and that Plaintiffs therefore had adequate alternative remedies. However, where the record transmitted for appellate review omitted the operative pleading and service/perfection materials, Plaintiffs submit that the prior appellate dispositions cannot fairly be treated as having adjudicated those issues on the merits.

2. Stated narrowly: Plaintiffs are not asking this Court to reweigh evidence that the appellate court already reviewed; Plaintiffs are asking the Court to recognize that the appellate court could not have reviewed evidence that was not transmitted to it, and that the mandamus decision's "you could have fixed it earlier" reasoning is incompatible with the 2025 discovery timeline established by Doc. 199/199-1 and Exhibit E.

**F. Judicial Notice + Rule 15 Duty to Respond (Operative Pleading)**

1. Petitioners incorporate by reference their concurrently filed Motion for Judicial Notice, which establishes key docket facts and filings necessary to correct the record and support meaningful appellate review.

**G. Legal Consequence (Rule 15 Amendment as of Right; Duty to Respond)**

1. Based on these record facts, Petitioners submit that the Amended Complaint (Doc. 85) was filed as of right under Fed. R. Civ. P. 15(a)(1) and, once filed and served, superseded prior pleadings and triggered the responding parties' obligation to serve a responsive pleading under Fed. R. Civ. P. 15(a)(3). Where an amended complaint adds a new party and new claims, the amended pleading becomes the operative complaint, and all responding parties must respond to it within the time prescribed by Rule 15(a)(3) (or the time remaining to respond to the original pleading, whichever is later). Petitioners submit that this required response did not occur, and that the failure to treat Doc. 85 as operative—particularly on a record later shown to be incomplete in transmission—materially prejudiced meaningful review of Petitioners' service, default, and neutrality arguments.

**H. Requested Judicial-Notice Facts (Pinpoint List for the Court)**

1. Plaintiffs respectfully request judicial notice of the following record facts:

2. The district court entered an order quashing Plaintiffs' initial service attempts. (Doc. 76).

3. Plaintiffs filed an Amended Complaint. (Doc. 85).

4. Plaintiffs filed proof of service related to the Amended Complaint, including service on Judge Thrash. (Doc. 100).

5. Plaintiffs filed a response to the judge-defendant's motion to dismiss. (Doc. 117).

6. Plaintiffs' Rule 60 supplement filings in 2025 (Doc. 199; Doc. 199-1) include PACER submission/transmission history evidence (Doc. 199-1, Ex. E) supporting Plaintiffs' contention that material filings—including Doc. 85 and Doc. 117—were omitted from the record transmitted for appellate review.

7. Official corporate records confirm registered-agent identities relevant to Plaintiffs' service evidence, including Delaware Division of Corporations records identifying The Corporation Trust Company as registered agent for Lions Gate Entertainment Inc. (Doc. 88-6 p. 95 / Ex. QQQ), and Georgia Secretary of State records identifying Midtown Registered Agent Services,

Inc. as registered agent for Tyler Perry Studios, LLC and TTPC, Inc. (Doc. 88-5 pages cited / Ex. YYYY).

8. These docket facts are material because Doc. 85 is the pleading Petitioners contend became operative under Rule 15, and the Court's ability to evaluate the panel's procedural misapprehensions depends on whether the reviewing court had the operative pleading and the related service/perfection filings.

## I. Relief Sought (Tailor to Your Filing Vehicle)

1. For the foregoing reasons, Plaintiffs respectfully request that the Court (a) take judicial notice of the foregoing record facts; (b) accept this supplement to correct misapprehended record issues, including the operativeness of Doc. 85 and the timing of Plaintiffs' 2025 discovery of transmission omissions; and (c) grant such further relief as is necessary to ensure that review is conducted on a complete and accurate record and that Plaintiffs are not denied meaningful review based on omissions they did not discover until 2025.

## III. CONCLUSION

Petitioners respectfully request the Court grant this Motion to Supplement the Record and order the inclusion of the above-listed filings and docket materials into the record for case 25-13325-D.

Respectfully submitted,

Dated: December 26, 2025

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## IV. CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and 11th Cir. R. 32-4, I certify that this

motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2).

According to the word-processing system used to prepare this motion, it contains

2,838 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion has been prepared in a proportionally spaced typeface (Times New

Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 26th day of December.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## V. CERTIFICATE OF SERVICE

We hereby certify that on 12/26/2025, we filed the foregoing Petitioners Motion to

Supplement the Record were filed via CM/ECF Electronic Mail were filed via

CM/ECF Electronically as required by the Eleventh Circuit's filing instructions.

as required by the Eleventh Circuit's filing instructions.


**Respondents Attorneys:**

Pryor Cashman, LLP          Richard Gordon, PC,
Tom J. Ferber,              223 Brookcliff TRC
7 Times Square              Marietta, GA 30068
New York, NY 10036


Executed on 26th day of December 2025.

Respectfully submitted,

Terri Tucker (Lowe)              William James
Address: 1136 Joslin Path        Address: 14920 Ashland Ave
Douglasville, GA 30134           Harvey, Illinois 60426
Phone: 678-822-4593              Phone: 773-990-9373
Email: terrilowe43@gmail.com     Email: bj255758@yahoo.com
Pro Se Plaintiff                 Pro Se Plaintiff

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Action No. 25-13325-D

v.

District Court Civil Action No. 1:17-cv-01181-TWT

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Petitioners' Joint Appendix for Panel
Rehearing / Rehearing En Banc

---

## PETITIONERS' JOINT APPENDIX FOR PANEL REHEARING / REHEARING EN BANC

---

Appellate Action No. 25-13325-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

1. Terri Lowe (formerly Tucker) – Plaintiff/Petitioner – Individual

2. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe

3. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

4. William James – Plaintiff/Petitioner – Individual

5. Tyler Perry – Defendant/Appellee/Respondent – Individual

6. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

7. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

8. Oprah Winfrey – Defendant/Appellee/Respondent – Individual

9. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private corporation; majority owner is Warner Bros. Discovery (ticker: WBD); Oprah Winfrey retained a minority interest and sold part of her interest during the pendency of district court case 1:17-cv-01181-RWS-TWT

10. HARPO Productions, Inc. – Defendant/Appellee/Respondent – domestic corporation owned by Oprah Winfrey, and a subsidiary of Harpo, Inc. (Oprah Winfrey is 100% owner via Harpo, Inc.)

11. Lions Gate Entertainment Corp. ("Lionsgate") – Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B)

12. Barbara Hunt – Defendant/Appellee/Respondent – Individual. Upon information and belief, Barbara Hunt of Cook County, Illinois, is a former

Accounting Manager at Harpo Productions and current consultant at Gagen MacDonald. Petitioners are not aware of any other business entities owned or controlled by this individual but reserve the right to supplement this disclosure if additional information becomes available.

13. Judge Thomas W. Thrash, Jr. – NDGA District Court Judge – Defendant/Appellee/Respondent. Upon information and belief, Annie Thrash, a family member of Judge Thomas W. Thrash, Jr., appeared as an actor in Tyler Perry's television production "Too Close to Home." This undisclosed relationship creates a reasonable basis to question Judge Thrash's impartiality in this matter, particularly given the assignment of the case at Respondents' request and the ongoing business relationship between Annie Thrash and defendant Tyler Perry. See 28 U.S.C. § 455(a); *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009). Petitioners respectfully request that the Court take judicial notice of this affiliation and consider it as grounds for recusal and vacatur of all orders entered by Judge Thrash.

14. Tom J. Ferber (Pryor Cashman LLP) – Attorney for Respondents Tyler Perry, Tyler Perry Studios, and The Tyler Perry Company

15. Richard Gordon, Esq. – Attorney for Respondents Oprah Winfrey, Oprah Winfrey Network (OWN), HARPO, Lionsgate Entertainment, and Barbara Hunt

16. David Zaslav – Chief Executive Officer, Warner Bros. Discovery, majority owner of OWN – not a party but an interested person with respect to OWN

## CORPORATE DISCLOSURE STATEMENT

Upon information and belief, during the pendency of this action (April 2017 through February 2020), Oprah Winfrey and/or Harpo Inc. may have sold, transferred, or otherwise disposed of ownership interests in OWN (Oprah Winfrey Network) or related entities. To date, no supplemental Certificate of Interested Persons or corporate disclosure statement reflecting such changes has been filed, as required by Eleventh Circuit Rule 26.1-1 and Federal Rule of Appellate Procedure 26.1. Petitioners respectfully request that all Respondents and interested parties be ordered to supplement their disclosures and that the Court take judicial notice of any such undisclosed transactions for purposes of recusal, conflicts of interest, and the integrity of these proceedings.

The undersigned will supplement this certificate as necessary.

# JOINT APPENDIX EXHIBITS (PANEL REHEARING / REHEARING EN BANC)

The following exhibits are submitted as part of Petitioners' Joint Appendix for Panel Rehearing and Rehearing En Banc in Appellate Action No. 25-13325-D:

The following exhibits are submitted as part of Petitioners' Joint Appendix for Panel Rehearing and Rehearing En Banc in Appellate Action No. 25-13325-D:

Ex. A — NDGA Doc. 52 — Defendants' Motion to Quash Service / Set Aside Defaults

Ex. B — NDGA Doc. 76 — Order Granting Quash but Allowing Cure

Ex. C — NDGA Doc. 79 — Reissued Summons / Executed Return

Ex. D — NDGA Doc. 83 — Executed Return / Service After Cure

Ex. E — NDGA Doc. 84 — Executed Return / Service After Cure

Ex. F — NDGA Doc. 88-6 — Registered-Agent Corroboration / Service Confirmation

Ex. G — NDGA Doc. 85 — Amended Complaint (filed July 6, 2017)

Ex. H — NDGA Doc. 122 — Defendants' Opposition to Default Motion

Ex. I — NDGA Doc. 94 — Summons Issued to Judge Thrash

Ex. J — NDGA Doc. 100 — Executed Service/Return on Judge Thrash

Ex. K — NDGA Doc. 170 — Amended Consolidated Joint Notice of Appeal

Ex. L — 11th Cir. Case No. 18-13553 — Docket Sheet (showing Doc. 170 upload, Doc. 26 amended notice, motion to consolidate, denial, and fee payment)

Ex. M — 11th Cir. Case No. 18-13553 — Amended Notice of Appeal (Doc. 21)

Ex. N — 11th Cir. Case No. 18-13553 — Motion to Consolidate (Doc. 3) and Order Denying Motion (Doc. 25)

Ex. O — 11th Cir. Case No. 17-14866 — Docket Sheet (showing original appeal and filings)

Ex. P — 11th Cir. Case No. 17-14866 — Order Denying Motion to Consolidate/Supplement (Doc. 68)

Ex. Q — Mandamus Order, 25-13325, Doc. 18-2 (December 18, 2025)

Ex. R — NDGA Doc. 1 — Original Complaint

Ex. S — NDGA Doc. 218 — Post-Judgment Order

Ex. T — NDGA Doc. 219 — Post-Judgment Order

This Joint Appendix is submitted to ensure the Court has a complete and accurate record to address Petitioners' rehearing arguments concerning record integrity, procedural misapprehensions, and order corrections.

Respectfully submitted,

Dated: December 26, 2025

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and 11th Cir. R. 32-4, I

certify that this motion complies with the type-volume limitation set forth in FRAP

27(d)(2). According to the word-processing system used to prepare this document,

the motion contains (294) words, excluding the parts of the motion exempted by

FRAP 32(f). The motion has been prepared in a proportionally spaced typeface

(Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 26th day of December.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

We hereby certify that on 12/26/2025, we filed the foregoing PETITIONERS'

JOINT APPENDIX FOR PANEL REHEARING / REHEARING EN BANC filed

via CM/ECF Electronically as required by the Eleventh Circuit's filing

instructions.

**Respondents Attorneys:**

Pryor Cashman, LLP          Richard Gordon, PC,
Tom J. Ferber,              223 Brookcliff TRC
7 Times Square              Marietta, GA 30068
New York, NY 10036

Executed on 26th day of December 2025.

Respectfully submitted,

Terri Tucker (Lowe)                William James
Address: 1136 Joslin Path          Address: 14920 Ashland Ave
Douglasville, GA 30134             Harvey, Illinois 60426
Phone: 678-822-4593               Phone: 773-990-9373
Email: terrilowe43@gmail.com      Email: bj255758@yahoo.com
Pro Se Plaintiff                  Pro Se Plaintiff

| | |
|---|---|
| William James and Terri Tucker (Lowe), Petitioners, | Appellate Case No. 25-13325-D |
| | District Civil Action No. 1:17-cv-01181-TWT |
| v. | |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Respondents. | COVERSHEET - EXHIBIT A Northern District of Georgia (NDGA) Civil Action No. 1:17-cv-01181-TWT NDGA Doc. 52 — Defendants' Motion to Quash Service / Set Aside Defaults |

---

**COVERSHEET - EXHIBIT A NORTHERN DISTRICT OF GEORGIA (NDGA) - CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 52 — DEFENDANTS' MOTION TO QUASH SERVICE / SET ASIDE DEFAULTS**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 52

(Attached: True and correct copy of NDGA Doc. 52.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET - EXHIBIT A**
**NORTHERN DISTRICT OF GEORGIA (NDGA) - CIVIL ACTION NO.**
**1:17-CV-01181-TWT NDGA DOC. 52 — DEFENDANTS' MOTION TO**
**QUASH SERVICE / SET ASIDE DEFAULTS**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

--------------------------------------------------------X
WILLIAM JAMES & TERRI V. TUCKER,        )
                                        )
                    Plaintiffs,         )
                                        )
          v.                            )   Case No. 1:17-cv-01181-RWS
                                        )
                                        )
BARBARA HUNT, *et al.*                  )
                                        )
                    Defendants.         )
--------------------------------------------------------X

**DEFENDANTS LIONSGATE ENTERTAINMENT, OPRAH WINFREY NETWORK, OPRAH WINFREY, AND HARPO, INC.'S MOTION TO QUASH SERVICE OF PROCESS AND RETURNS OF SERVICE OF PROCESS, OR IN THE ALTERNATIVE, REOPEN DEFAULT OR SET ASIDE ENTRY OF DEFAULT, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Richard A. Gordon
RICHARD A. GORDON, P.C.
1495 Powers Ferry Road - Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 952-2901
rglaw@bellsouth.net

          - and -

Tom J. Ferber
(pro hac vice application pending)
PRYOR CASHMAN LLP
7 Times Square
New York, New York  10036-6569
phone: (212) 421-4100
fax: (212) 798-6388

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES........................................ii

PRELIMINARY STATEMENT........................................1

STATEMENT OF FACTS..........................................3

    Plaintiffs' Central Claim ..............................3

    Facts Regarding Service of Process on Defendants ...........5

ARGUMENT...................................................6

I.  PLAINTIFFS HAVE FAILED TO PROPERLY SERVE THE OPRAH
     WINFREY NETWORK, OPRAH WINFREY, HARPO, INC., AND
     LIONSGATE ENTERTAINMENT ..................................6

    A. The Legal Standard .....................................6

    B. Plaintiffs Have Failed to Effect Valid Service of
       Process on the Defendants...............................7

       1. Plaintiffs Have Failed to Properly Serve The Oprah
          Winfrey Network and Harpo, Inc....................7

       2. Plaintiffs Have Failed to Properly Serve Oprah
          Winfrey...........................................9

       3. Plaintiffs Have Failed to Properly Serve Lionsgate
          Entertainment....................................10

II.IN THE ALTERNATIVE, DEFENDANTS MOVE THE COURT
    TO SET ASIDE ANY ENTRY OF DEFAULT .......................11

    A. The Legal Standard ....................................11

    B. An Examination of the Factors Shows That There Is Good
       Cause for Setting Aside Any Entry of Default .........12

CONCLUSION..................................................15

Notice Tyler Perry is not included in the argument for Service of Process

i

EXHIBIT A   Page   37

## TABLE OF AUTHORITIES

**CASES**                                                                **PAGE(s)**

Bynum v. Domino's Pizza,
   No. 1:13-cv-00473-JEC, 2013 WL 4718368
   N.D. Ga. Sept. 3, 2013) ......................... 7, 8, 9, 10

Compania Interamericana Export-Import, S.A. v. Compania
  Dominicana de Aviacion, 88 F.3d 948 (11th Cir. 1996) .... 12, 15

Farquharson v. Citibank, N.A.,
   664 Fed. App'x 793 (11th Cir. 2016) ...................... 12

Pardazi v. Cullman Med. Ctr.,
   396 F.2d 1313 (11th Cir. 1990) ........................... 7

Perez v. Wells Fargo N.A.,
   774 F.3d 1329 (11th Cir. 2014) ....................... 11, 12

Thermo-Cell Southeast, Inc. v. Technetic Industries, Inc.,
   605 F. Supp. 1122 (N.D. Ga. 1985) ........................ 7

Wahl v. McIver,
   773 F.2d 1169 (11th Cir. 1985) .......................... 12

**STATUTES**

Fed. R. Civ. P. 4(c)(2).................................... 5

Fed. R. Civ. P. 4(d)(1).................................... 5

Fed. R. Civ. P. 4(d)(1)(F))............................... 14

Fed. R. Civ. P. 4(d)(3)................................... 14

Fed. R. Civ. P. 4(e).................................... 9, 10

Fed. R. Civ. P. 4(h).................................... 6, 7

Fed. R. Civ. P. 4(h)(1)(A)................................ 7

Fed. R. Civ. P. 4(h)(1)(B)............................. 8, 10

Fed. R. Civ. P. 12(b)(5).................................. 2

ii

| **STATUTES** | **PAGE(s)** |
|---|---|
| Fed. R. Civ. P. 55(b)(1) ................................... 14 | |
| Fed. R. Civ. P. 55(c) ................................... 1, 11 | |
| O.C.G.A. § 9-11-4(e)(1)(A) ...................................7 | |
| O.C.G.A. § 9-11-4(e)(2)(A) ...................................7 | |

iii

Defendants Lionsgate Entertainment, Oprah Winfrey Network, Oprah Winfrey, and Harpo, Inc. (collectively, "Defendants") hereby move to quash service of process and returns of service of process on the grounds of improper service; or alternatively, to reopen default or set aside entry of default, pursuant to Federal Rule of Civil Procedure 55(c).

## PRELIMINARY STATEMENT

This is a case involving previously dismissed claims of copyright infringement, now improperly repackaged as a civil RICO claim.  Plaintiff James alleges that Defendants infringed his copyrighted screenplay "Lover's Kill" ("LK") through the Tyler Perry movie "Temptation: Confessions of a Marriage Counselor."  Plaintiff Tucker alleges that Defendants infringed her copyrighted book "Bad Apples Can Be Good Fruit" ("BAGF") through the Tyler Perry movie "Good Deeds."  Though largely incomprehensible, the core of Plaintiffs' Complaint implausibly and frivolously asserts that the Defendants operated a criminal cartel engaged in acts of copyright infringement.

Despite a multiplicity of conflicting Summonses, attempts at service of process by questionable means, and insufficient or incomplete returns of service, defendants Tyler Perry, Tyler Perry Studios, LLC, and The Tyler Perry Company made and filed their Answer and Counterclaim to the Complaint on May 11, 2017

(Doc. 33 of the Docket); Defendants Oprah Winfrey, Oprah Winfrey Network, Harpo, Inc., and Lionsgate Entertainment made and filed their respective Answers and Counterclaims on May 22, 2017 (Docs. 43, 44); and Defendant Hunt made and filed her Motion to Dismiss for Lack of Personal Jurisdiction on May 22, 2017. (Doc. 45.)  Each of the foregoing responsive pleadings were made and filed of record prior to any Clerk's entry of default, and each preserves the Fed. R. Civ. P. 12(b)(5) defense of insufficiency of service of process in its respective "Second Affirmative Defense."

Plaintiffs have nonetheless filed a Motion for Judgment on the Pleadings against all Defendants (Doc. 40); Motion for Entry of Clerk's Default against Defendants Oprah Winfrey, Oprah Winfrey Network, and Harpo, Inc. (Doc. 41); Motion for Entry of Clerk's Default against Defendant Lionsgate Entertainment (Doc. 47); Motion to Strike Answer and Counterclaim of Defendants Tyler Perry, Tyler Perry Studios, LLC, and the Tyler Perry Company (Doc. 50); and Motion to Strike Answer and Counterclaim of Defendants Oprah Winfrey, Oprah Winfrey Network, Harpo, Inc., and Lionsgate Entertainment. (Doc. 51.)

In light of the numerous duplications and deficiencies of process and service of process, and Plaintiffs' filing of several purported and conflicting "Proofs of Service,"

2

Defendants move to quash service of process and returns of service of process.  In the alternative, to the extent that there has been a default as to any Defendant, Defendants respectfully move the Court to set aside the default upon a finding of good cause.

## STATEMENT OF FACTS

### Plaintiffs' Central Claim

Plaintiffs filed their Complaint in the instant action in this Court *pro se* on April 3, 2017.  The Complaint purports to bring a civil RICO claim, with the predicate acts being acts of criminal copyright plagiarism.  (Compl. ¶ 1.)  According to Plaintiffs' Complaint, Plaintiff James wrote a screenplay entitled "Lover's Kill" ("LK"), which he provided to Defendant Oprah Winfrey ("Winfrey") in 2013 through Winfrey's senior accountant, Barbara Hunt ("Hunt").  (Id. ¶¶ 20, 27(j), 28.) According to Plaintiffs, Winfrey and/or Hunt smuggled LK across state lines to defendant Tyler Perry ("Perry"), and then Defendants infringed James's copyright by plagiarizing LK in the movie "Temptation: Confessions of a Marriage Counselor" ("Temptation").  (Id. ¶¶ 27(j), 29.)

According to Plaintiffs' Complaint, Plaintiff Tucker wrote a book entitled "Bad Apples Can Be Good Fruit" ("BAGF"), which she provided to Defendants Winfrey and Perry in January 2008.

3

(Id. ¶¶ 21, 27(d).)  Plaintiffs allege that BAGF was plagiarized by Defendants, and Tucker's copyright infringed, in the movie "Good Deeds." (Id. ¶ 29.)  Plaintiffs allege that these copyright infringements, along with other alleged infringements, "were used [by Defendants] against the owners to enforce slavery for works unpaid violating the RICO ACT in a fashion of which they are organized crime laundering forged goods and drug money into a legal enterprise in which they use harassment, retaliation, threats, intimidation, selling of trade secrets, bribery and a host of other extortions to intimidate witnesses, counsel for Plaintiff's [stet] and anyone that opposes them in any way." (Id. at 20, ¶ 2 of Count 1.)

As acknowledged by Plaintiffs, the copyright infringement claims for LK and BAGF have previously been litigated (twice, in regard to BAGF) and dismissed against them with prejudice.  (Id. ¶¶ 27(i), 27(j), 32(a), 32(b).)  The details of the prior litigations, and their dismissals with prejudice, are set forth in the Answers and Counterclaims of the Defendants, and are a matter of public record.  (See, e.g., Answer and Counterclaim of Defendants Tyler Perry Company, Inc., Tyler Perry Studios, LLC and Tyler Perry ¶¶ 46-61 and Exhibits 1-11.)

4

**Facts Regarding Service of Process on Defendants**

The instant action was commenced when Plaintiffs filed their Complaint against three named individual defendants, Barbara Hunt, Oprah Winfrey, and Tyler Perry (who was named as having fourteen alleged aliases), and five entities (Lionsgate Entertainment, Oprah Winfrey Network, Harpo, Inc., Tyler Perry Studios, and the Tyler Perry Company). After filing the Complaint, Plaintiffs procured the issuance of not less than 26 different summonses on various dates ranging from April 3, 2017, to May 15, 2017. (Docs. 2, 4, 5, 10, 11, 16, 18, 21, 22, 24, and 38.) In several instances, the specific party a summons applies to is unclear, as names of individual defendants were improperly combined with the names of defendants who are entities. (See, e.g., Docs. 21, 24.)

In attempting to serve the Summonses and Complaint, the Plaintiffs, contrary to Federal Rule of Civil Procedure 4(c)(2), utilized the unsanctioned methods of regular mail and certified mail without the 30/60 day Notice required under Federal Rule of Civil Procedure 4(d)(1). Personal service was also attempted as to the individual defendants through the associated business entities, such as "Tyler Perry through Tyler Perry Studios" and "Oprah Winfrey at Oprah Winfrey Network." Inversely, service on the business entities was attempted by designating them as

5

EXHIBIT A Page 44

"d/b/a"s of the individual defendants on the respective Summonses, and directing them to the named individuals' business addresses.  (See, e.g., Docs. 21, 24.)

The various purported Returns ("Proofs") of Service show ineffective attempts at service by: the U.S. Postal Service; leaving copies "on front porch" (Doc. 23); with an "employee" not identified as registered agent or corporate officer (Docs. 8, 35); with "John Doe/Security/Authorized to Accept Service" (Docs. 34, 36, 37); former counsel of record in prior cases not identified as a registered agent or corporate officer (Doc. 38); and an individual who is described in the "Proof of Service" as designated to receive process on behalf of a non-defendant corporation. (Doc. 25.)

<div align="center"><u>ARGUMENT</u></div>

I.  **PLAINTIFFS HAVE FAILED TO PROPERLY SERVE THE OPRAH WINFREY NETWORK, OPRAH WINFREY, HARPO, INC., AND LIONSGATE ENTERTAINMENT**

    A.    <u>The Legal Standard</u>

Federal Rule of Civil Procedure 4(h) provides that "a domestic or foreign corporation . . . that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint *to an officer, a managing or*

<div align="center">6</div>

*general agent, or any other agent authorized by appointment or by law to receive service of process* . . . ."  Fed. R. Civ. P. 4(h) (emphasis added). A court "has broad discretion . . . to quash service but retain the case." Thermo-Cell Southeast, Inc. v. Technetic Industries, Inc., 605 F. Supp. 1122, 1124 (N.D. Ga. 1985).

**B.   Plaintiffs Have Failed to Effect Valid Service of Process on the Defendants**

**1.   Plaintiffs Have Failed to Properly Serve The Oprah Winfrey Network and Harpo, Inc.**

Defendants Oprah Winfrey Network ("OWN") and Harpo, Inc. ("Harpo") move to quash service of process on the ground that service was improper as to them.  Federal Rule of Civil Procedure 4(h) governs service of process on a corporation, partnership, or association.  "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Bynum v. Domino's Pizza, No. 1:13-cv-00473-JEC, 2013 WL 4718368, at *2 (N.D. Ga. Sept. 3, 2013), quoting Pardazi v. Cullman Med. Ctr., 396 F.2d 1313, 1317 (11th Cir. 1990).  Under Georgia law (pursuant to Federal Rule of Civil Procedure 4(h)(1)(A)), "service must be to an officer or authorized agent."  Id., citing O.C.G.A. § 9-11-4(e)(1)(A), (2)(A).  "The rules for serving a corporation in federal court are essentially the same as Georgia's requirements: a plaintiff must serve either the

7

corporation's officers or authorized agents." Bynum, 2013 WL 4718368 at *3; see also Fed. R. Civ. P. 4(h)(1)(B).

Here, Plaintiffs have failed to properly serve OWN and Harpo, and these defendants therefore move to quash service of process.   Plaintiffs first filed a Return of Service as to OWN on April 14, 2017.   In that Return of Service, Plaintiffs alleged that service had been accomplished via certified mail on April 8, 2017 (Doc. 13.).   This service was improper.   See Bynum, 2013 WL 4718368, at *2-3.   Next, Plaintiffs purported to serve Harpo via certified mail on April 14, 2017 (Doc. 16), but that service was also improper.   See id.

Finally, Plaintiffs purported to serve "Oprah Winfrey dba Harpo/Thru Oprah Winfrey Network (OWN)," via certified mail on April 17, 2017. (Doc. 17.)   Plaintiffs then purported to serve "Oprah Winfrey dba Harpo/Thru Oprah Winfrey Network (OWN)," "Oprah Winfrey at Oprah Winfrey Network (OWN)," and "Oprah Winfrey dba Oprah Winfrey Network (OWN)," all through "John Doe/Security/Authorized to Accept Service" on April 26, 2017. (Docs. 34, 36, 37.)   As a threshold matter, all three of these summonses appear to be addressed to an individual, Oprah Winfrey, rather than the entities OWN and Harpo.   Additionally, it is unclear (and Plaintiffs have not offered any clarification) as to who "John Doe" is, and if this person is in

8

fact a corporate officer or authorized agent.  See Bynum, 2013 WL 4718368, at *2-3.

In sum, these Returns of Service in relation to OWN and Harpo appear to be insufficient, and these defendants therefore move to quash.

### 2.    Plaintiffs Have Failed to Properly Serve Oprah Winfrey

Defendant Oprah Winfrey ("Winfrey") moves to quash service of process on the grounds that service of process was improper as to her.  Federal Rule of Civil Procedure 4(e) gives the requirements for serving process on an individual within a judicial district of the United States.  Specifically, "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. § 4(e).

9

Here, as explained above, Plaintiffs purported to serve process on Winfrey through the entities of the Oprah Winfrey Network and Harpo, via "John Doe/Security/Authorized to Accept Service." (Docs. 34, 36, 37.) This is not sufficient service of process under either federal law or Georgia state law. See id. Therefore, Winfrey moves to quash service of process as to her.

### 3. Plaintiffs Have Failed to Properly Serve Lionsgate Entertainment

Defendant Lionsgate Entertainment ("Lionsgate") moves to quash service of process on the grounds that proper service was not effected upon it. As explained above, service of process on a corporation, partnership, or association must be through a corporate officer or authorized agent. See Bynum, 2013 WL 4718368, at *2-3; Fed. R. Civ. P. § 4(h)(1)(B).

Here, Plaintiffs purported to serve process on Lionsgate through certified mail on April 5, 2017. However, this service of process was improper. See Bynum, 2013 WL 4718368, at *2-3; Fed. R. Civ. P. § 4(h)(1)(B). Next, Plaintiffs purported to serve process on Lionsgate by personally serving "Jim Gladstone/Business Affairs" at "2700 Coloraodo [stet] Ave., Suite 200, Santa Monica, CA 90404" on April 28, 2017. (Doc. 35.) Notably, Defendants delayed until May 15, 2017, in filing this Proof of Service. Due to the delay in this filing, Counsel for Lionsgate does not have enough information to determine whether

10

service of process was proper here.  It should be noted that
Plaintiffs almost immediately filed their Motion for Default
Judgment after significantly delaying the filing of this Proof
of Service.

On these grounds, Lionsgate respectfully moves the Court to
quash service of process.

## II.  IN THE ALTERNATIVE, DEFENDANTS MOVE THE COURT TO SET ASIDE ANY ENTRY OF DEFAULT

If the Court quashes service as to the above-referenced
Defendants, it need not reach the issue of whether there is a
default.  However, if the Court reaches this issue and
determines there is an entry of default, then Defendants move
the Court to set aside any such default or entry of default for
good cause, pursuant to Federal Rule of Civil Procedure 55(c).

### A.  The Legal Standard

"Rule 55's standard of 'good cause' for setting aside an
entry of default judgment - not the higher one of 'excusable
neglect' applicable to missed deadlines outside the default
context - governs the court's determination of whether, despite
[its] one-time error in not responding to a pleading, the non-
moving party should get the opportunity to have [its] case
considered on the merits before final judgment against [it] is
entered."  Perez v. Wells Fargo N.A., 774 F.3d 1329, 1331 (11th
Cir. 2014).  Courts "have a strong preference for deciding cases

11

on the merits — not based on a single missed deadline — whenever reasonably possible." Id. at 1332. The Eleventh Circuit in particular "expresses a strong preference that cases be heard on the merits." Id. at 1342 (internal quotation marks omitted), quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

## B. An Examination of the Factors Shows That There Is Good Cause for Setting Aside Any Entry of Default

Determining whether good cause exists to set aside an entry of default "is a context-dependent determination to be made by a district court, and a court's assessment will depend on the particular facts." Farquharson v. Citibank, N.A., 664 Fed. App'x 793, 797 (11th Cir. 2016). As part of this analysis, "courts will typically assess 'whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.'" Id., quoting Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Courts also look to see "whether the defaulting party acted promptly to correct the default." Compania Interamericana Export-Import, 88 F.3d at 951.

Here, an examination of the factors weighs in favor of setting aside any entry of default for good cause. First, to the extent an entry of default exists, that default was not "culpable or willful." See Farquharson, 664 Fed. App'x at 797.

12

Rather, any default that has occurred is largely due to the confusion caused by Plaintiffs' multiplicity of summonses, ineffective attempts at service of process through improper means as discussed above, and the resulting logistics of three individual defendants and five corporate entities (some mis-characterized) to sort through some 26 different summonses issued on dates ranging between April 3 and May 15, 2017, innumerable service attempts at various business and personal addresses, and 15 purported returns of service filed between April 12 and May 19, 2017, many of them improper, and some filed only after significant delay.

Secondly, no improper motive, dilatory tactic, unjust advantage or even willfulness on the part of any defendant can be inferred from an alleged delay of one or two business days in the filing of complete and meritorious responsive pleadings.

Third, it is clear that all Defendants "acted promptly" to correct any perceived default by filing thorough and concise responsive pleadings, and the within Motion.

Fourth,  Plaintiffs here would experience no prejudice whatsoever by the Court setting aside any default. See id. Plaintiffs assert that the deadline for the Answer for Winfrey, OWN, and Harpo was May 17, 2017, and they assert that the deadline for Lionsgate was May 19, 2017.  Both Answers were

13

EXHIBIT A Page  52

filed on May 22, 2017. Plaintiffs have not explained how a
purported delay of between three to five days has prejudiced
them. In the context of Federal Rule of Civil Procedure
4(d)(1)(F) and 4(d)(3), it appears that a period of up to 60
days following a valid request to acknowledge service is not
prejudicial. And indeed, if treating the initial mailings of
pleadings by the Plaintiff by regular and certified mail as
albeit imperfect requests to acknowledge service, then
responsive pleadings by the Defendants would still not be
untimely. Furthermore, under Federal Rule of Civil Procedure
55(b)(1), Plaintiffs would not be entitled to a Clerk's entry of
default judgment, as even a cursory view of the Complaint
discloses that it is not for a recovery of a "sum certain."

Fifth, in their Answers, Winfrey, OWN, Harpo, and Lionsgate
have presented the Court with significant information relating
to their "meritorious defenses" in this action. See id.
Specifically, as is more fully explicated in those Answers, both
Plaintiffs are trying to relitigate claims of copyright
infringement that have already been decided adversely to them,
and dismissed with prejudice. Plaintiffs attempt to do so by
improperly repackaging their claims as a civil RICO action, yet
the doctrines of res judicata and collateral estoppel bar
Plaintiffs' claims here. (Defendants respectfully refer the

14

Court to the "Answer and Counterclaim of Defendant Lionsgate Entertainment," Doc. 43 ¶¶ 46-62.) Plaintiffs do not have a viable cause of action here.

Finally, if there has been a default, Lionsgate, Winfrey, OWN, and Harpo have all "acted promptly to correct the default" by filing their Answers and the within Motion. See Compania Interamericana Export-Import, 88 F.3d at 951.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' attempted service of process and returns of service on the Defendants were improper and should be quashed. Alternatively, to the extent that there has been any default, Defendants respectfully move the Court for a finding of good cause to set aside the entry of default.

15

EXHIBIT A Page  54

Dated:    Atlanta, GA

        May 24, 2017

                          RICHARD A. GORDON, P.C.

                          By: /s/ Richard A. Gordon
                          Richard A. Gordon
                          Ga. Bar No. 302475
                          1495 Powers Ferry Road-Suite 101
                          Marietta, GA 30067
                          phone: (770) 952-2900
                          fax: (770) 952-2901
                          rglaw@bellsouth.net

                          PRYOR CASHMAN LLP

                          By: /s/ Tom J. Ferber
                          Tom J. Ferber
                          (pro hac vice appl. pending)
                          Bar No. 1846690
                          7 Times Square
                          New York, New York 10036-6569
                          tferber@pryorcashman.com
                          phone: (212) 421-4100
                          fax: (212) 798-6388

                          *Attorneys for Defendants*

16

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

RICHARD A. GORDON, P.C.

By:  /s/ Richard A. Gordon
Richard A. Gordon
Ga. Bar No. 302475
1495 Powers Ferry Road-Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 952-2901
rglaw@bellsouth.net

17

EXHIBIT A  Page  56

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

---------------------------------------------------X
WILLIAM JAMES & TERRI V. TUCKER,  )
                                  )
                Plaintiffs,        )
                                  )
        v.                         )   Case No. 1:17-cv-01181-rws
                                  )
                                  )
BARBARA HUNT, *et al.*             )
                                  )
                Defendants.        )
---------------------------------------------------X

**DEFENDANTS, LIONSGATE ENTERTAINMENT, OPRAH WINFREY NETWORK,
OPRAH WINFREY, AND HARPO, INC.'S CERTIFICATE OF SERVICE
OF MOTION TO QUASH SERVICE OF PROCESS
AND RETURNS OF SERVICE OF PROCESS,
OR IN THE ALTERNATIVE, REOPEN DEFAULT OR SET ASIDE
ENTRY OF DEFAULT, AND MEMORANDUM OF LAW IN SUPPORT OF THEREOF**

This is to certify that I have this day served all parties with the foregoing: DEFENDANTS, LIONSGATE ENTERTAINMENT, OPRAH WINFREY NETWORK, OPRAH WINFREY, AND HARPO, INC.'S MOTION TO QUASH SERVICE OF PROCESS AND RETURNS OF SERVICE OF PROCESS, OR IN THE ALTERNATIVE, REOPEN DEFAULT OR SET ASIDE ENTRY OF DEFAULT, AND MEMORANDUM OF LAW IN SUPPORT OF THEREOF, by electronically filing with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all counsel of record, and served all parties by U.S. First Class Mail:

William James              Terri V. Tucker
9100 South Drexel Ave.     1136 Joslin Path
Chicago, Illinois 60619    Douglasville, Georgia 30134

This May 24, 2017.

                           RICHARD A. GORDON, P.C.
                           Attorney at Law
                           By: /s/ Richard A. Gordon
                                RICHARD A. GORDON
                           Georgia Bar No. 302475
                           Attorney for Defendants

1495 Powers Ferry Road #101
Marietta, GA 30067
Phone: (770) 952-2900
Fax: (770) 988-9650
rglaw@bellsouth.net

EXHIBIT A  Page  57

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET - EXHIBIT B
Northern District of Georgia (NDGA)
— Civil Action No. 1:17-cv-01181-TWT NDGA Doc. 76 — Order
Granting Motion to Quash Service but
Allowing Cure

---

## COVERSHEET - EXHIBIT B NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 76 — ORDER GRANTING MOTION TO QUASH SERVICE BUT ALLOWING CURE

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 76

(Attached: True and correct copy of NDGA Doc. 76.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET - EXHIBIT B**
**NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO.**
**1:17-CV-01181-TWT NDGA DOC. 76 — ORDER GRANTING MOTION TO**
**QUASH SERVICE BUT ALLOWING CURE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM JAMES
SUI JURIS, et al.,

    Plaintiffs,

      v.

BARBARA HUNT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-1181-TWT

## ORDER

This is a pro se civil RICO action.  It is before the Court on the Defendants'

Motion to Quash Service and Returns of Service [Doc. 52]. For the reason set forth

in the motion, the pro se Plaintiffs have not properly served any of the Defendants in

accordance with Rule 4 of the  Federal Rules of Civil Procedure. The  Defendants'

Motion to  Quash  Service  and  Returns  of  Service  [Doc. 52]  is  GRANTED.  The

Plaintiffs' Motions to Strike Motion to Quash  [Doc. 53] is largely incomprehensible

and is DENIED. The Plaintiffs'  Motions for Clerk's Entry of Default [Doc. 41, 47,

57, 58 & 59] are DENIED.

T:\ORDERS\17\James\17cv1181\service.wpd

SO ORDERED, this 29 day of June, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET - EXHIBIT C
Northern District of Georgia (NDGA)
— Civil Action No. 1:17-cv-01181-TWT NDGA Doc. 79 — Reissued Summons / Executed Return

---

**COVERSHEET - EXHIBIT C NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 79 — REISSUED SUMMONS / EXECUTED RETURN**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

EXHIBIT C Page 62

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 79

(Attached: True and correct copy of NDGA Doc. 79.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

EXHIBIT C Page 63

**COVERSHEET - EXHIBIT C**
**NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO.**
**1:17-CV-01181-TWT NDGA DOC. 79 — REISSUED SUMMONS /**
**EXECUTED RETURN**

EXHIBIT C Page 64

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
ATLANTA DIVISION

| | | |
|---|---|---|
| William James<br>Terri V. Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Barbara Hunt, Harpo, Lionsgate Entertainment,<br>Oprah Winfrey Network (OWN) Oprah Winfrey, Tyler<br>Perry Company, Tyler Perry Studios (TPS), Tyler<br>Perry aka Emmett Perry, Jr and All other known Alias<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.  1:17-CV-1181-TWT |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   TC The Tyler Perry Company
Thru - Attorney RICHARD GORDON P.C.
TT  I 495 POWERS FERRY Road #101
MARIETTA, GA 30067
PHONE: 770-952-2900

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    William James at: 9100 South Drexel Ave, Chicago, IL  60619 and
Terri Tucker at: 1136 Joslin Path, Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date:  JUN 2 8 2017                                    _____
*Signature of Clerk or Deputy Clerk*

EXHIBIT C Page 65

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 2 9 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)*  Richard a Gordon, P.C. _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
by USPS First class Mail Certified Mail   on *(date)*  June 29, 2017 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: June, 29, 2017        *Emanuel Augusta I.*
                            _____
                                    *Server's signature*

                            Emanuel Augusta T.
                            _____
                                    *Printed name and title*

                            5590 Mableton Pkwy Ste 154
                            _____

                            Mableton, GA 30126
                            _____
                                    *Server's address*

Additional information regarding attempted service, etc:

EXHIBIT C Page 66

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

ATLANTA DIVISION

| | |
|---|---|
| William James<br>Terri V. Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Barbara Hunt, Harpo, Lionsgate Entertainment,<br>Oprah Winfrey Network (OWN) Oprah Winfrey, Tyler<br>Perry Company, Tyler Perry Studios (TPS), Tyler<br>Perry aka Emmett Perry, Jr and All other known Alias<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.  1:17-CV-1181-TWT |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Barbara Hunt
             Thru - Attorney RICHARD GORDON P.C.
             1495 POWERS FERRY Road #101
             MARIETTA, GA 30067
             PHONE: 770-952-2900

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    William James at: 9100 South Drexel Ave, Chicago, IL  60619 and
                             Terri Tucker at: 1136 Joslin Path, Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN

*CLERK OF COURT*

Date:  JUN 2 8 2017    _____
_____
                *Signature of Clerk or Deputy Clerk*

EXHIBIT C Page 67

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 29 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)*  Richard A. Gordon, P.C. _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*  Barbara Hunt
Defendant of attorney by USPS first class  on *(date)*  June 29, 2017 ; or
Certified Mail

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date:  June 29, 2017

_____
*Server's signature*
Emanuel Nugusta T.

Emanuel Nugusta T.
*Printed name and title*

5590 Mableton Pwy Ste 154
EAT
Mableton, GA. 30126
*Server's address*

Additional information regarding attempted service, etc:


EXHIBIT C Page 68

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

ATLANTA DIVISION

|  |  |  |
|---|---|---|
| William James<br>Terri V. Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, Harpo, Lionsgate Entertainment,<br>Oprah Winfrey Network (OWN) Oprah Winfrey, Tyler<br>Perry Company, Tyler Perry Studios (TPS), Tyler<br>Perry aka Emmett Perry, Jr and All other known Alias<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.  1:17-CV-1181-TWT |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  TYLER PERRY aka ~~all Aliases~~  π aka Emmett Perry Jr. aka Emmett J. Perry aka
Thrue Attorney RICHARD GORDON P.C.  Buddy aka John Ivory (ALL other Aliases)
π 1495 POWERS FERRY Road #101
MARIETTA, GA 30067
PHONE: 770-952-2900

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  William James at: 9100 South Drexel Ave, Chicago, IL  60619 and
Terri Tucker at: 1136 Joslin Path, Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date:  JUN 2 8 2017                    _____
*Signature of Clerk or Deputy Clerk*

EXHIBIT C Page 69

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

JUN 2 9 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-TWT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Richard A. Gordon, PC _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* Tyler Perry AKA Emmett Perry Jr AKA
Emmett J. Perry aka Buddy aka John Ivory (All other Aliases)
by USPS first class certified mail on *(date)* June 29, 2017 ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: June 29, 2017

_Emanuel Nogueira J._
Server's signature

Emanuel Augusta T.
Printed name and title

5590 Mableton Pwy Ste 154
Mableton, GA 30126
Server's address

Additional information regarding attempted service, etc:

EXHIBIT C Page 70

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
ATLANTA DIVISION

| | |
|---|---|
| William James<br>Terri V. Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Barbara Hunt, Harpo, Lionsgate Entertainment,<br>Oprah Winfrey Network (OWN) Oprah Winfrey, Tyler<br>Perry Company, Tyler Perry Studios (TPS), Tyler<br>Perry aka Emmett Perry, Jr and All other known Alias<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  1:17-CV-1181-TWT<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Oprah Winfrey
Thru - Attorney RICHARD GORDON P.C.
1495 POWERS FERRY Road #101
MARIETTA, GA 30067
PHONE: 770-952-2900

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    William James at: 9100 South Drexel Ave, Chicago, IL 60619 and
Terri Tucker at: 1136 Joslin Path, Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date:   JUN 2 6 2017                          _____
*Signature of Clerk or Deputy Clerk*

EXHIBIT C Page 71

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 2 9 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Richard A. Gordon, P.C. , who is
designated by law to accept service of process on behalf of *(name of organization)* Oprah Winfrey
by USPS First Class Certified Mail on *(date)* June 29, 2017 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: June 29, 2017            Emanuel Nugusta T.
                                        _____
                                        Server's signature

                                        Emanuel Nugusta T.
                                        _____
                                        Printed name and title

                                        5590 Mableton Pkwy Ste 154
                                        Mableton GA. 30126
                                        _____
                                        Server's address

Additional information regarding attempted service, etc:



EXHIBIT C Page 72

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| William James<br>Terri V. Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, Harpo, Lionsgate Entertainment,<br>Oprah Winfrey Network (OWN) Oprah Winfrey, Tyler<br>Perry Company, Tyler Perry Studios (TPS), Tyler<br>Perry aka Emmett Perry, Jr and All other known Alias<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.  1:17-CV-1181-TWT |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  HARPO Studios  TT
               Thru - Attorney RICHARD GORDON P.C.
          TT  l495 POWERS FERRY Road #101
               MARIETTA, GA 30067
               PHONE: 770-952-2900

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    William James at: 9100 South Drexel Ave, Chicago, IL  60619 and
                              Terri Tucker at: 1136 Joslin Path, Douglasville, GA 30134

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                    JAMES N. HATTEN
                                  *CLERK OF COURT*

Date:  JUN 2 8 2017
                                           _____
                                          *Signature of Clerk or Deputy Clerk*

### EXHIBIT C Page 73

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

JUN 2 9 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-TWT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Richard A. Gordon, Pc _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* Harpo _____

by USPS First Class Certified Mail _____ on *(date)* June 29, 2017 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: June 29, 2017                    Emanuel Augusta T.
                                        *Server's signature*

                                        Emanuel Augusta T.
                                        *Printed name and title*

                                        5590 Mableton Pkwy. Ste 154
                                        Mableton, GA. 30126
                                        *Server's address*

Additional information regarding attempted service, etc:

EXHIBIT C Page 74

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

ATLANTA DIVISION

| | |
|---|---|
| William James<br>Terri V. Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, Harpo, Lionsgate Entertainment,<br>Oprah Winfrey Network (OWN) Oprah Winfrey, Tyler<br>Perry Company, Tyler Perry Studios (TPS), Tyler<br>Perry aka Emmett Perry, Jr and All other known Alias<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  1:17-CV-1181-TWT

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Oprah Winfrey Network (OWN)
Thru - Attorney RICHARD GORDON P.C.
1495 POWERS FERRY Road #101
MARIETTA, GA 30067
PHONE: 770-952-2900

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    William James at: 9100 South Drexel Ave, Chicago, IL  60619 and
Terri Tucker at: 1136 Joslin Path, Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date:  JUN 2 8 2017      _____
*Signature of Clerk or Deputy Clerk*

EXHIBIT C Page 75

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

JUN 2 9 2017

JAMES N. HATTEN, Clerk
By: ~~~~~~~ Deputy Clerk

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:17-CV-1181-TWT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* Richard A. Gordon, PC. , who is
designated by law to accept service of process on behalf of *(name of organization)* Oprah Winfrey Network (own)
By USPS First Class Certified Mail on *(date)* June 29, 2017 or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: June, 29, 2017

Emanuel Nugusta T.
*Server's signature*

Emanuel Nugusta T.
*Printed name and title*

5590 Mableton pwy Ste 194
Mableton GA. 30126
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT C Page 76

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET - EXHIBIT D -
Northern District of Georgia (NDGA)
— Civil Action No. 1:17-cv-01181-
TWT NDGA Doc. 83 — Executed
Return / Service After Cure

---

**COVERSHEET EXHIBIT D - NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 83 — EXECUTED RETURN / SERVICE AFTER CURE**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 83

(Attached: True and correct copy of NDGA Doc. 83.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT D**
**NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO.**
**1:17-CV-01181-TWT NDGA DOC. 83 — EXECUTED RETURN / SERVICE**
**AFTER CURE**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

| | |
|---|---|
| William James<br>Terri Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, HARPO, Lionsgate Ent., Oprah<br>Winfrey Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:17-CV-1181-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   OPRAH WINFREY NETWORK (OWN)
THRU REGISTERED AGENT CT CORPORATION
CT CORPORATION SYSTEM
818 W TH ST STE 930
LOS ANGELES, CA 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William James
9100 South Drexel Ave
Chicago, IL 60619 - Phone number: 773-990-9373
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134 - Phone number: 347-705-2043

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date: _____JUL 0 3 2017_____                    _____
                                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:17-CV-1181-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 05 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Agent CT Corporation System _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* Oprah Winfrey Network (own)
818 W. 7th St Ste 930 Los Angeles CA 90017 on *(date)* July 3, 2017 ; or
3:41 pm

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: July 3, 2020 2017          Emanuel Augusta J.
                                    *Server's signature*

                                 EMANUEL Augusta J.
                                   *Printed name and title*

                                 5590 Mableton Ste. 154

                                 Mableton CA. 30126
                                   *Server's address*

Additional information regarding attempted service, etc:

EXHIBIT D  Page  81

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

| | |
|---|---|
| William James<br>Terri Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Barbara Hunt, HARPO, Lionsgate Ent., Oprah<br>Winfrey Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:17-CV-1181-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  HARPO, (NOW CALLED CORPRATE PARTNERS, DMC, INC)
THRU REGISTERED AGENT CT CORPORATION
C C SMITH
17250 PALMER DR POB 1175
HOMEWOOD, ILLINOIS 60430

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William James
9100 South Drexel Ave
Chicago, IL 60619 - Phone number: 773-990-9373
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134 - Phone number: 347-705-2043

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date: _____ JUL 0 3 2017 _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 05 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Hapo ( Corporate Partners DHC. Inc.) , who is
Through Agent: cc Smith

designated by law to accept service of process on behalf of *(name of organization)* Harpo

17250 Palmer Blvd Homewood IL 65430 on *(date)* July 3, 2017 ; or
-4601

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: July 3, 2017

Emanuel Augusta J.
Server's signature

EmAnvel Augusta T.
Printed name and title

5590 Mableton Ste. 154

Mabton GA. 30126
Server's address

Additional information regarding attempted service, etc:

EXHIBIT D  Page  83

TERRI TUCKER
(347) 705-2043
THE UPS STORE #1680
8491 HOSPITAL DR
DOUGLASVILLE  GA 30134-2412

2 LBS        1 OF 1
SHP WT: 2 LBS
DATE: 03 JUL 2017

SHIP AGENT CT CORPORT SYSTEM
TO:  OPRAH WINFREY NETWORK
     STE 930
     818 W 7TH ST

**LOS ANGELES  CA 90017-3476**



CA 901 9-02

UPS GROUND
TRACKING #: 1Z X1W 034 42 6045 2713



BILLING: P/P
SIGNATURE REQUIRED

ISH 13.08H ZZP 450 87.5U 04/2017

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

```
TERRI TUCKER                           2 LBS        1 OF 1
(347) 705-2043                  SHP WT: 2 LBS
THE UPS STORE #1690             DATE: 03 JUL 2017
8491 HOSPITAL DR
DOUGLASVILLE  GA 30134-2412

SHIP  AGENT CC SMITH
TO: HARPO CORPORATE PARTNERS DMC.INC
    17250 PALMER BLVD

    HOMEWOOD   IL 60430-4601
```



```
        IL 604 1-01
```

```
UPS GROUND
TRACKING #: 1Z X1W 034 42 9378 4508
```

```
BILLING: P/P
SIGNATURE REQUIRED
```

ISH 13.00N 22P 450 07.5U 04/2017

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitations of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

| | |
|---|---|
| William James and Terri Tucker (Lowe), Petitioners, | Appellate Case No. 25-13325-D |
| | District Civil Action No. 1:17-cv-01181-TWT |
| v. | |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Respondents. | COVERSHEET - EXHIBIT E Northern District of Georgia (NDGA) — Civil Action No. 1:17-cv-01181-TWT NDGA Doc. 84 — Executed Return / Service After Cure |

---

**COVERSHEET EXHIBIT E Northern District of Georgia (NDGA) — Civil Action No. 1:17-cv-01181-TWT NDGA Doc. 84 — Executed Return / Service After Cure**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 84

(Attached: True and correct copy of NDGA Doc. 84.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT E**
**Northern District of Georgia (NDGA) — Civil Action No. 1:17-cv-01181-TWT**
**NDGA Doc. 84 — Executed Return / Service After Cure**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

| | |
|---|---|
| William James<br>Terri Tucker<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, HARPO, Lionsgate Ent., Oprah<br>Winfrey Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:17-CV-1181-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  OPRAH WINFREY NETWORK (OWN)
                                  THRU REGISTERED AGENT CT CORPORATION
                                  CT CORPORATION SYSTEM
                                  818 W TH ST STE 930
                                  LOS ANGELES, CA 90017

       A lawsuit has been filed against you.

       Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William James
                                   9100 South Drexel Ave
                                   Chicago, IL 60619 - Phone number: 773-990-9373
                                   Terri Tucker
                                   1136 Joslin Path
                                   Douglasville, GA 30134 - Phone number: 347-705-2043

       If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                        JAMES N. HATTEN
                                        *CLERK OF COURT*

Date:    JUL 0 3 2017
                                           *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

*FILED IN CLERK'S OFFICE*
*U.S.D.C. - Atlanta*

*JUL 05 2017*

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Agent CT Corporation System _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* Oprah Winfrey Network (awn)
818 W. 7th St Ste 930 Los Angeles CA 90017 on *(date)* July 3, 2017 ; or
3H ho

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: July 3, 2020 2017     Emanuel Augusta J.
EAT                          *Server's signature*

Emanuel Augusta J.
*Printed name and title*

5590 Mableton Ste. 154

Mableton CA. 30126
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

ATLANTA DIVISION

|  |  |
|---|---|
| William James<br>Terri Tucker<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Barbara Hunt, HARPO, Lionsgate Ent., Oprah<br>Winfrey Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.  1:17-CV-1181-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  HARPO, (NOW CALLED CORPRATE PARTNERS, DMC, INC)
THRU REGISTERED AGENT CT CORPORATION
C C SMITH
17250 PALMER DR POB 1175
HOMEWOOD, ILLINOIS 60430

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William James
9100 South Drexel Ave
Chicago, IL 60619 - Phone number: 773-990-9373
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134 - Phone number: 347-705-2043

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date:  JUL 0 3 2017    _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 0 5 2017

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Hoбo ( Corporate Partners DHC. Inc. ) Through Agent: cc Smith , who is

designated by law to accept service of process on behalf of *(name of organization)* Harpo

17250 Palmer Blvd Homewood IL 60430 -4601 on *(date)* July 3, 2017 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: July 3, 2017        Emanuel Augusta J.
                          *Server's signature*

                          EmAnvel AuguSta  T.
                          *Printed name and title*

                          5590 Mableton Ste. 154

                          Mabton GA. 30126
                          *Server's address*

Additional information regarding attempted service, etc:

EXHIBIT E  Page 92

TERRI TUCKER
(347) 705-2043
THE UPS STORE #1690
8491 HOSPITAL DR
DOUGLASVILLE  GA 30134-2412

2 LBS    1 OF 1
SHP WT: 2 LBS
DATE: 03 JUL 2017

SHIP AGENT CT CORPORT SYSTEM
TO:  OPRAH WINFREY NETWORK
     STE 930
     818 W 7TH ST

LOS ANGELES  CA 90017-3476



CA 901 9-02

UPS GROUND
TRACKING #: 1Z X1W 034 42 6045 2713



BILLING: P/P
SIGNATURE REQUIRED

ISH 13.00H ZZP 450 87.5U 04/2017

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

```
TERRI TUCKER                      2 LBS      1 OF 1
(347) 705-2043                   SHP WT: 2 LBS
THE UPS STORE #1690              DATE: 03 JUL 2017
8491 HOSPITAL DR
DOUGLASVILLE  GA 30134-2412

SHIP AGENT CC SMITH
TO:  HARPO CORPORATE PARTNERS DMC.INC
     17250 PALMER BLVD

     HOMEWOOD   IL 60430-4601
```



```
IL 604 1-01
```

**UPS GROUND**

TRACKING #: 1Z X1W 034 42 9378 4508



BILLING: P/P
SIGNATURE REQUIRED

ISH 13.00N 22P 450 07.5U 04/2017

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitations of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-
01181-TWT

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

COVERSHEET - EXHIBIT F
Northern District of Georgia (NDGA)
— Civil Action No. 1:17-cv-01181-
TWT NDGA Doc. 88-6 —
Registered-Agent Corroboration /
Service Confirmation

---

## COVERSHEET F NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 88-6 — REGISTERED-AGENT CORROBORATION / SERVICE CONFIRMATION

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 88-6

(Attached: True and correct copy of NDGA Doc. 88-6.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET F**
**NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO.**
**1:17-CV-01181-TWT NDGA DOC. 88-6 — REGISTERED-AGENT**
**CORROBORATION / SERVICE CONFIRMATION**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

TERRI V. DONALD,

                Plaintiff,     : Civil Action No: 13-cv-1655 (WHP)

         v.                      :

THE TYLER PERRY COMPANY, INC.   :
d/b/a TYLER PERRY STUDIOS and       MOTION TO WITHDRAW AS PLAINTIFF'S
LION'S GATE ENTERTAINMENT    : COUNSEL FILED BY SIMON ROSEN, ESQ.
CORP. d/b/a LION'S GATE

                             :

          Defendants.

_____ :

### NOTICE OF MOTION

To:  Terri V. Donald, Plaintiff
PO Box 3009
Fort Leavenworth KS 66027   AND

To: Tom J. Ferber, Esq., Counsel for Defendants
Pryor Cashman LLP
7 Times Square
NY NY 10036-6569

       Your movant/petitioner, SIMON ROSEN, ESQ., has filed a Motion/Petition to

Withdraw As Plaintiff's Counsel, in accordance with Rule 1.16 et seq of the Rules of

Professional Conduct.   The Motion/Petition seeks the Court's permission for Simon J. Rosen,

Esq. to withdraw as counsel for plaintiff in this action.

       You are required to file your response on or before October 2, 2014 at 1:00 P.M. or else

the relief requested may be summarily granted.

 Dated: September 15, 2014           /Simon Rosen, Esq./ (#6279)

                              Law Office of Simon Rosen
                              2019 Walnut Street
                              Philadelphia PA 19103
                              (215)564-0212 ; fax (215)893-3900
                              SimonOnKey@aol.com

1

Exhibit AAAA  P. 1of1

EXHIBIT BBBB

# ACESHOWBIZ

### The Ace of Entertainment Zone



**P** PayPal      Learn More

**Home**   **News**   **Celebrity**   **Movie**   **TV**   **Music**   **Photo**   **Video**   **Interviews**   **DVD**   **Contest**

# Tyler Perry Awards

Google +

Home > Celebrity > T > Tyler Perry > Tyler Perry Awards



**Famous as :** Actor
**Birth Name :** Emmitt R. Perry Jr.
**Birth Date :** September 13, 1969
**Birth Place :** New Orleans, Louisiana, USA
**Spouse :** -
**Claim to Fame :** As Daddy' Charles/Mable 'Madea Simmons in "Diary of a Mad Black Woman" (2002)



Overview   Biography   News   Picture Gallery   Profile   Filmography   Awards   Video

Fan Sites


**GO WAITLESS**
*Skip the bank. Skip the waiting.*
*Go completely online.*
START HERE
ROCKET MORTGAGE by Quicken Loans
NMLS #3030

## | Tyler Perry Awards

Most Read     **Celebrity News**

### African-American Film Critics Association

**2014** Won AAFCA Award Best Supporting Actor for Gone Girl (2014)

### BET Comedy Awards

**2005** Won BET Comedy Award Outstanding Lead Actor in a Theatrical Film for Diary of a Mad Black Woman (2005)

**2005** Got nomination for BET Comedy Award Outstanding Writing for a Theatrical Film for Diary of a Mad Black Woman (2005)

### Black Reel Awards

**2015** Got nomination for Black Reel Award Outstanding Supporting Actor for Gone Girl (2014)

### CinemaCon Convention, USA

**2011** Won Visionary Award Outstanding Supporting Actor for Gone Girl (2014)


Charlie Sheen Opens Up About His Wild Night With Lindsay Lohan: 'She Literally Tucked Me In'
**CELEBRITY** 03:48 PM, Mar 22


It's Over! Kim Kardashian 'Pulling the Plug' on Her Marriage to Kanye West
**CELEBRITY** 01:24 PM, Mar 23


Khloe Kardashian Reveals Secret to Her Big and Perky Butt
**CELEBRITY** 02:13 PM, Mar 24

EXHIBIT F Page 100

EXHIBIT BBBB   P. 1 of 1

EXHIBIT   CCCC



Home > News + Issues

## SHE'S THE LAW: What Would Jesus Do? Tyler Perry Prevails In Trademark Dispute Against Kim 'Poprah' Kearney

Rashida Maples, Esq. , Contributor
@jmaplespllc

Facebook      Twitter      Email      More

💬 Leave a comment

≡ HELLOBEAUTIFUL                                        🔍





Ex. cccc p. 9 of 3
EXHIBIT F Page 102

Yesterday, **The Hollywood Reporter reported** acclaimed filmmaker **Tyler Perry's** United States Patent and Trademark Office victory for the rights to "What Would Jesus Do?" against **Kimberly Kearney**, also known as **"Poprah"** from VH-1 series, "I Want to Work for Diddy."

According to the article, Perry registered for the "What Would Jesus Do?" mark in 2008, under the category of entertainment services, notably for live concerts, TV program and motion pictures. However, months prior to his filing, Kearney had also previously filed for the same rights to the mark for a reality based television program. Two years after Kearney's initial filing, the mark was published for opposition, at which time Perry stepped forward in an attempt to cancel it arguing that Kearney was not using the mark in commerce, as the only time it was allegedly used was during a call out for auditions on a particular webpage.

**Must Read: Should White Women Be Able To Join The Natural Hair Movement?**

During the opposition period, Perry's attorneys sought certain Requests for Admission of facts from Kearney, which apparently went unanswered. Due to her failure to answer in a timely manner, the facts alleged by Perry and his attorneys were then admitted as "conclusively established" facts to the matter. In its opinion, an administrative judge wrote, "Despite **Respondent's [Kearney] denials in her answer to [Perry's] petition**, the deemed admissions supersede those denials and we are bound by them."

**According to the United States Patent and Trademark Office website,** Perry is now the owner of the mark despite Kearney filing before he did.

**WHAT DOES THIS MEAN?**

As noted on the USPTO website, a trademark is a brand name which includes any word, name, symbol, device, or any combination, used or intended to be used to identify and distinguish the goods/services of one seller or provider from those of others, and to indicate the source of the goods/services.  Filing for a trademark for your brand's name and/or logo puts the masses on notice that you are the rightful owner of the mark and the only person entitled to utilize it.

There are many rules and regulations surrounding the filing of a trademark, and one of the most important factors considered is whether or not the mark has been "used in commerce". Have you sold any goods to which the brand is affixed? Have you advertised the service or provided a service? If so, you have to provide proof to the USPTO that you have done so in order for your mark to be effectively registered and not deemed abandoned. In this case, Perry and his attorneys were able to attack the notion that Kearney was using the mark, "What Would Jesus Do?"

Though Kearney apparently answered the initial opposition of Perry, she, for some reason, did not timely respond to his Request for Admission and therefore caused the statements and allegations of Perry and his attorneys to be admitted as fact when considering whether or not to cancel the mark she originally owned.

**HOW DOES THIS AFFECT YOU?**

 Although federal registration of a mark is not mandatory, it has several advantages, including notice to the public of the registrant's claim of ownership of the mark, legal presumption of ownership nationwide, and exclusive right to use the mark on or in connection with the goods/services listed in the registration.

Even if you are first to file for ownership of a mark, there are still numerous road blocks that may come about to either stop the issuance of a certificate and/or cancel the mark altogether. After a trademark is filed, the USPTO publishes it in a gazette/magazine and allows others who may have a claim to it to oppose it. Though the report states that the opposition window did not take place until two years after the initial filing by Kearney, it was still her responsibility to fight tooth and nail to protect it.

Despite the fact she may have lost this battle in re the use of the mark for the purpose of live concerts, TV programs and motion pictures, it appears that "Poprah" is still seeking to own the rights to use "What Would Jesus Do?" for apparel and clothing.

*Rashida Maples, Esq. is Founder and Managing Partner of J. Maples & Associates (www.jmaplesandassociates.com). She has practiced Entertainment, Real Estate and Small Business Law for 9 years, handling both transactional and litigation matters. Her clients include R&B Artists Bilal and Olivia, NFL Superstar Ray Lewis, Fashion Powerhouse Harlem's Fashion Row and Hirschfeld Properties, LLC.*

**RELATED STORIES:**

EXHIBIT F Page 103

**BEAUTIFUL NEWS: Tyler Perry Helps Evicted Atlanta Family Pay Their Rent**

**No More Madea: Tyler Perry To Stop Filmmaking**

**Tyler Perry Reveals Shocking DNA Test Results! [EXCLUSIVE]**

**LAWSUIT , POPRAH , SHE'S THE LAW , TYLER PERRY**

Facebook          Twitter          Email          More

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

0 comments – *Add Yours* ▾

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## *You May Like...*

Promoted Links by Taboola

**Warning: Don't Use Probiotics Before You See This**
PrebioThrive Supplement

**Fantasia Is Recreating The Standards In This White Dress**

**3 Foods To Avoid in 2017**
BIO X4 Supplement

**The Surprising Reason Why Steve Harvey Is Ending His Talk Show**

**How Car Dealers Get Rid of Unsold Inventory**
Auto Deals Ace

**Joseline Hernandez Shows Off Baby Bonnie & Snapback Body**

**Douglasville, Georgia: This Brilliant Company Is Disrupting a $200 Billion Industry**
EverQuote Insurance Quotes

**Apollo Nida's Fiancé Shares Coupled Up Prison Photo**



NOW TRENDING
THE NEXT-GEN SUV HAS ARRIVED

EX CCCC P. 104

EXHIBIT F Page 104 3 0 f 3

EXHIBIT DDDD

3/25/2017      Oprah Winfrey is so furious with Tyler Perry she excluded him from her annual holiday | Daily Mail Online

Feedback   Like 10M   Follow @MailOnline   **DailyMail**      **Saturday, Mar 25th 2017** 8AM **56°F**   11AM **65°F**   **5-Day Forecast**



Daily **Mail** .com

**Home | U.K. | News | Sports | U.S. Showbiz | Australia | Femail | Health | Science | Money | Video | Travel | Columnists**

Latest Headlines | News | World News | Arts | Headlines | Pictures | Most read | Wires      Login

SPORTSMAN® 850 SP

 SPRING

- **Oprah Winfrey and Tyler Perry have been friends since 2001 but in the past six months their friendship has been strained**
- **A source tells Daily Mail Online Oprah finds Tyler difficult to work with and doesn't like that he can't take constructive criticism**



- ...s on Winfrey's OWN Network - For Better or Worse, Love Thy ...ves and the Have Nots
- ...hire extra writers because research found writing could be ...dy' and Tyler to her 'let me do what I do'
- ...that she gave him work when TBS let him go
- ...so angry over a magazine headline that read 'The Brand ...siness,' which featured Perry

By ...YMAIL.COM
PU... March 2016 | UPDATED: 17:46 EDT, 16 March 2016

**2.9k** shares      **60** View comments

Th... ...t of friends since meeting fifteen years ago but Oprah
W... ...appear to be on the outs.

A... ...o Hollywood moguls tells Daily Mail Online that the once
pr... ...air barely speak to each other now unless it's regarding
bu...

**NEW!**

⬡ UNIVERSAL AUDIO

**APOLLO TWIN MKII SOLO, DUO & QUAD**
THUNDERBOLT AUDIO INTERFACES

· JUBLIA is for use on nails and surrounding skin only. Do not use JUBLIA in your mouth, eyes, or vagina. Use it exactly as instructed by your doctor

Prescribing Information    Safety Information

Like      Follow
Daily Mail      @Daily Mail

Follow      +1
Daily Mail      Daily Mail

**FEMAIL TODAY**

▶ **Fans rejoice over Love Actually 2 as they discover Colin Firth has three kids and Andrew Lincoln is married to Kate Moss in Red Nose Day charity special**



▶ **Twitter applauds Hugh Grant's poignant Love Actually 2 speech declaring 'good's going to win' as he resurrects Downing Street dance to Hotline Bling**

▶ **She's ready for bikini season! Emily Ratajkowski shows off flat midriff and sculpted figure in tiny string two piece** Stunning as always



It's a girl! Amanda

EXHIBIT F Page 106

Exibit DDDD P. 1 of 5.



W[...]                     [...]ogramming for Winfrey's OWN Network caused the major
st[...]                    [...].

Pe[...]                    [...]es on the channel which include the sitcoms For Better or
W[...]                     [...]ghbor - along with the record-breaking drama The Haves
and the Have Nots.

'When Tyler first brought his shows to OWN in 2012, it was a love affair between the
two of them.

'Oprah was very involved in watching Tyler develop them creatively and they even
shot promos together with her as Miss Sophia from The Color Purple and he as
Madea.

'But that relationship has soured in the last six months because Oprah finds Tyler
difficult to work with and he doesn't take constructive criticism well at all,' a source
explains.

**Scroll down for video**




▸ Seyfried and new
husband Thomas
Sadoski welcome first
child
Met as co-stars on the set
of The Last Word

▸ Kim Kardashian and
Kanye West join
mourners at the funeral
of his cousin Ricky
Anderson's toddler son
Avery
Toddler died in sleep

▸ 'Bet you wishing you
could clutch that!' Iggy
Azalea twerks like a
stripper on Snapchat as
she shakes her famous
derrière in a pink netted
leotard



▸ Victoria's Secret star
Martha Hunt works her
model magic on the
beach in Miami in tiny
blue bikini
She wasn't even working
- it was a vacation!



▸ 'This b***h better
watch out!' Sugar
Bear's wife Jennifer
Lamb threatens Mama
June after trying to 'kill
her with kindness' in
From Not To Hot

+89
NEW
ARTICLES       Top

Share



**Kaput: Tyler Perry and Oprah Winfrey are barely speaking because she finds he is difficult to
work with and can't take constructive criticism well, reveals a source**

Things grew tense with the pair late last summer when 62-year-old Winfrey
suggested Perry hire some additional script writers to help develop his shows,
particularly the top-rated drama The Have and the Have Nots.

She shared with him research from focus groups and the general consensus from
executives at the company was that the writing could be 'improved significantly.'

'That's when Oprah finally got to see a side of Tyler she hadn't experienced yet. He
resisted her feedback, the same way he resists the feedback of critics and media
people who chastise his work, and became extremely defensive with her.

'He told her, "Aren't the shows delivering ratings for the network? Well, then let me
do what I do and you can keep your focus group research to yourself",' reveals the
source.

▸ Cut that out! Halle
Berry keeps it casual in
ripped jeans and clingy
black tank top for lunch
date
The 50-year-old actress
looked absolutely radiant

▸ Did Lana Turner kill her
lover? Historian claims
the late star let her
daughter take the blame
after she murdered her
violent Mafia mobster
boyfriend

Exhibit DBBD 07 P. 2085

Winfrey reminded Perry that the reason he approached her about doing a deal at OWN was because he lost his TV deal at TBS.

When the former playwright first launched his sitcoms Tyler Perry's House of Payne (2006) and Tyler Perry's Meet the Browns (2008) at TBS, he scored huge ratings and the network created a new fully-staffed urban division just to manage his programming.

By the time his third sitcom For Better or Worse came around in 2011 - his shows had dipped drastically in the ratings and TBS laid off its entire urban division.

'Tyler didn't leave TBS because he wanted to go to OWN. His deal with TBS wasn't renewed because his shows had stopped generating ratings and Tyler wouldn't take network feedback to help save them when they tried to offer it.

'So when his contract was up, they weren't interested in re-signing it.

'Oprah basically had to remind him, "you needed me as much as I needed you when we decided to do this partnership and don't forget that",' tells the source.

The professional squabble caused the two to stop communicating as much personally.

**Close knit: The two were best of pals - just two years ago Perry surprised Oprah with this over-the-top birthday cake for her 60th birthday**

The source adds: 'Gone were the days of them having long phone conversations and texting late into the night.'

But things went from bad to worse when Winfrey caught wind of a feature story on Perry in the December 28, 2015 issue of New York Magazine.

With a headline that read: 'The Brand Keeping Oprah in Business.'

Winfrey was outraged by the narrative presented in the article, especially because she conceded to be interviewed for the piece.

'She knows Tyler is a micromanaging control freak and she felt that he was aware of the story's title and didn't make sure it was killed.

'She believed it was done in spite and has told Gayle and her other close friends, she's putting space between she and Tyler,' says the source.

During the 2015 Christmas holiday, Winfrey took her longtime boyfriend Stedman Graham, best friend Gayle King and her two children, Hollywood director Ava DuVernay, actor David Oyelowo and his wife and children - along with her niece for a vacation together in Fiji.



▶ Keeping a low profile! Dakota Johnson cuts grungy figure in graphic print black top and frayed jeans as she gets in some retail therapy
Harking back to the 90s

▶ Bella Hadid showcases her sculpted abs and bronzed pins in sports bra and tiny shorts for sultry Nike photo shoot
Victoria's Secret model showed off her figure

▶ Good jeans! Mila Kunis shows off her incredible form in fitted denim with a striped top and makeup-free face
Stepped out to run errands in LA

▶ Date night! Nick Viall cosies up to fiancée Vanessa Grimaldi at basketball game as they visit The Bachelor's hometown
Relaxing at the game

▶ Moving on! Christina El Moussa has been dating Anaheim Ducks hockey star Nate Thompson 'for about a month' as she sorts divorce from Flip Or Flop husband Tarek

They're in sync! Selma Blair cozies up to silver fox boyfriend Ron Carlson during lunch

EXHIBIT F Page 108

Ex DDDD P. 30F5

3/25/2017                Oprah Winfrey is so furious with Tyler Perry she excluded him from her annual holiday | Daily Mail Online

▶ outing
Wore beige beaded
gladiator sandals

▶ It's another girl! DWTS
duo Gleb Savchenko
and Elena Samodanova
expecting second child
The Russian couple are
having baby #2!

▶ Bold and beautiful!
Joanna Krupa oozes
glamour in off-the-
shoulder top as she
steps out in LA
The former RHOMH star,
37, went for a poncho

▶ Regis fill-in! Kathy Lee
Gifford reunites with
Philbin to co-host Today
over 17 years after
starring on morning
show
Long-awaited reunion

▶ Racing stripes! Nicole
Kidman looks
effortlessly chic in
cropped jeans and a
pinstripe blazer as she
greets fans at the
Australian Grand Prix

+2

Quite an act: Oprah and Tyler shot promos together for her OWN Network with Winfrey
dressed as Miss Sophia from The Color Purple and Perry as his famous character Madea

However, absent from the trip was her regular vacation buddy, Perry.

'She just didn't want him there. She is not happy with the place their friendship is in
and decided she didn't want any awkward moments on vacation,' the source says.

'Perry did however have a massive bouquet of flowers delivered to their residence in
Fiji on Gayle's birthday.'

During press rounds to promote the new season of The Have and the Have Nots in
New York earlier this month, Perry told attendees at a private press dinner: 'I need to
clear up that New York Magazine headline.



IMPORTANT SAFETY INFORMATION
· JUBLIA is for use on nails and surrounding skin only. Do not use
JUBLIA in your mouth, eyes, or vagina. Use it exactly as
instructed by your doctor

Prescribing Information          Safety Information

**SHARE THIS
ARTICLE**

**RELATED ARTICLES**



Moving on up! Megyn
Kelly lands her own
one-hour special on...

The King unseen:
Forgotten pictures of
Elvis Presley taken...



She's having a girl! Hills
vet Audrina Patridge
reveals she...

'I'll take care of you.
Just don't, don't die':
Bernie Mac's...

**2.9k** shares

'I'm not keeping Oprah in business. She was in business long before I was even
doing I am doing and she was success before I was working in entertainment, so I
just needed to say that.'

Only time will tell if the two friends will patch things up. In the meantime, they're
keeping things professional and focusing on the work.

Oprah and Tyler became friends when he was invited to be on The Oprah Winfrey
Show in 2001.

Winfrey interviewed Perry about his rags to riches story - from being homeless to
touring playwright to Hollywood box office gold.

Tyler Perry: Oprah is the biggest influence on my life




▶ Family man! David
Arquette spends quality
time with daughter Coco
as he rocks very
colorful outfit
It was a father-daughter
day

▶ 'The body is meant to
be seen': Bella Thorne
goes braless in Marilyn
Monroe inspired
Instagram
Nothing she loves more
than a sexy snapshot

▶ Simply the bust!
Tyga's ex-fling Demi
Rose Mawby flashes the
flesh in a VERY
revealing mini-dress
which only just protects
her modesty

Girl power! The
Bachelorette Rachel

EXHIBIT E Page 109    P. 4 of 5

3/25/2017                    Oprah Winfrey is so furious with Tyler Perry she excluded him from her annual holiday | Daily Mail Online

▶ Lindsay teams up with
former rival Corinne
Olympios as she films
upcoming season
Looked casual chic

     0:00 / 0:59     

▶ 'The hard work is
starting to pay off':
Brooke Shields, 51,
proudly shows off toned
bikini body after health
kick
She's had two kids

Share or comment on this article

▶ Malin Akerman
reunites with her
Entourage castmate
Emmanuelle Chriqui at
EMA Impact Summit
Entourage stars caught
up

**2.9k**
shares

▶ Mum's the word!
Nicole Kidman leaves
her mother's house in
Sydney with husband
Keith Urban and
daughters Sunday Rose
and Faith Margaret

Sponsored Links by Taboola


▶ Making a splash in
Puerto Vallarta! Twin
Peaks vet Madchen
Amick, 46, shows off
pert bottom in wet T-
shirt as she enjoys
dream vacation



**PreSonus Central Station Plus
(Audio Control Center
w/Remote)**
$599.95 - sweetwater.com



**Tiffany Trump Can't Hide From
The Rumors Anymore**
Trend Chaser



**It's Almost Hard To Fathom
What He look's Like Now**
Journalistate

▶ Triple threat! Nicole
Kidman to join forces
with Amy Schumer and
Steve Carell in new
movie She Came To Me
Hollywood big hitters will
team up

▶ Tale as old as time?
Not quite! Beauty and
the Beast fan comes up
with clever theory to
explain bizarre plot hole
in new live-action movie
that left viewers
perplexed



**These U.S. President
Mistresses Have Kept Quiet
for too Long**
Cyber-Breeze



**25+ Perfectly Timed Photos
That Almost Broke The
Internet**
Auto Overload



**Just Type in Your Name, Wait
10 Seconds, Then Brace
Yourself**
Truthfinder People Search Subscription



**GO WAITLESS**

We've made the mortgage process
faster and more convenient for you.

START HERE

ROCKET MORTGAGE
by Quicken Loans
NMLS #3030

▶ She wrote say Hello!
Lucky Adele fan
receives hand written
note from the British
pop singer at her New
Zealand show
Shock of her life



**Michael Jordan's Private Jet Is
Disgusting (Photos)**
Detonate



**82% Can't Pass This Art Quiz.
Can You?**
DirectExpose



**Gigi Hadid's Go-To Shoe Is
Surprisingly Affordable**
WhoWhatWear | Everlane

**MOST WATCHED NEWS VIDEOS**                          </>

EXHIBIT F, Page 110

**EXHIBIT EEEE**

 **Gmail**        **Terri Lowe Donald <terrilowe43@gmail.com>**

---

## [ServeManager] Job #1421416 Update

---

**David Steidl** <notifications@mail.servemanager.com>      Tue, May 16, 2017 at 1:27 PM
Reply-To: dsteidl@diversifiedlegal.com
To: Terri Tucker <terrilowe43@gmail.com>

## Attempted Serve

David Steidl shared a service notification with you:

### Details

**Process Server:** David Steidl GA Certified Process Server #276

**Date & Time:** May 16, 2017, 1:24 pm EDT

**Service Type:** Unsuccessful Attempt

**Description of Service:**

I made contact with Mr. Gordon's assistant. She wanted me to leave the documents with her. I asked when Mr. Gordon would be back in the office. Mr. Gordon will be back in the office a little later this afternoon. I informed Mr. Gordon's assistant that I will return at that time.

### Service Address

1495 Powers Ferry Road Suite 101, Marietta, GA 30067

---

## Job & Case

**Job:** 1421416

**Client Job:** 1:17-CV-1181-RWS

**Recipient:** Tyler Perry AKA Emmett Perry Jr. and all Aliases, c/o Richard A. Gordon, P.C

**Case:** 1: 17-CV-1181-RWS

**Plaintiff:** William James, Sui Juris, Terri V. Tucker AKA (Donald -Strickland), Sui Juris

**Defendant:** Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah Winfrey Network (OWN), Oprah Winfrey, Tyler Perry Studios (TPS), Tyler Perry aka Emmett Perry Jr. aka Emmett J. Perry aka Buddy aka John Ivory (all other Aliases)

**Court:** In The United States District Court for the Northern District of Georgia

**County:** Atlanta Division

---

**Shared with you by:**

David Steidl

Exhibit eeee P. I of 4

EXHIBIT F Page 112

Diversified Legal Services, Inc.
dsteidl@diversifiedlegal.com
404-627-7777

EX . eeee P. 2 of 4
EXHIBIT F Page 113

 **Gmail**　　　　　　　　　　　**Terri Lowe Donald <terrilowe43@gmail.com>**

---

## [ServeManager] Job #1421426 Update

---

**Terri Lowe Donald** <terrilowe43@gmail.com>　　　　　Wed, May 17, 2017 at 1:57 PM
To: BJ255758@yahoo.com

——— Forwarded message ———
From: "David Steidl" <notifications@mail.servemanager.com>
Date: May 17, 2017 1:42 PM
Subject: [ServeManager] Job #1421426 Update
To: "Terri Tucker" <terrilowe43@gmail.com>
Cc:

# Attempted Serve

David Steidl shared a service notification with you:

## Details

**Process Server:** David Steidl GA Certified Process Server #276

**Date & Time:** May 17, 2017, 1:42 pm EDT

**Service Type:** Unsuccessful Attempt

**Description of Service:**

I made contact with security/concierge at the Registered Agent address. Security did not want to give me access to the suite where the Registered Agent is located. He eventually called a number for the R/A and put me on the phone. I informed the female on the phone that I had legal documents for them. She asked for the names of the entities that I was serving. First I told her TTPC, Inc. and she stated that they were not on her list. Then I told her Tyler Perry Studios, LLC. As she was checking I informed her that I was looking at the Georgia Secretary of State website and they were listed as the Registered agents for both. She then stated that she saw them as well. She stated that she was not at this location and asked me to hold. She came back on the line and stated that no one was currently in the office. She stated that someone should be available later today. She told me to ask for Libby when I return.

## Service Address

75 14th St. Ste 2200, Atlanta, GA 30309

---

# Job & Case

**Job:** 1421426

**Client Job:** 1:17-CV-1181-RWS

**Recipient:** Tyler Perry Studios, c/o Midtown Registered Agent Services, Inc.

**Case:** 1: 17-CV-1181-RWS　　~~Ex eeee P. 3 of 4~~

**Plaintiff:** William James, Sui Juris, Terri V. Tucker AKA (Donald Strickland), Sui Juris

EXHIBIT F Page 114

**Defendant:** Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah Winfrey Network (OWN), Oprah Winfrey, Tyler Perry Studios (TPS), Tyler Perry aka Emmett Perry Jr. aka Emmett J. Perry aka Buddy aka John Ivory (all other Aliases)

**Court:** In The United States District Court for the Northern District of Georgia

**County:** Atlanta Division

---

## Shared with you by:

David Steidl
Diversified Legal Services, Inc.
dsteidl@diversifiedlegal.com
404-627-7777

EX ꝑ Page 4 of 4
EXHIBIT F Page 115

EXHIBIT FFFF

JS 44 (Rev. 08/16)

Case 2:16-cv-00164-KS-JCG   Document 1-1   Filed 10/11/16   Page 1 of 1

# CIVIL COVER SHEET 2:16cv 164-KS-MTP

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**  Otisa C. Strickland

**DEFENDANTS**  Oprah Winfrey, d/b/a Oprah Winfrey Network, Harpo Studios and John Does 1-10

**(b)** County of Residence of First Listed Plaintiff  Jones

County of Residence of First Listed Defendant  West Hollywood, Ca

*(EXCEPT IN U.S. PLAINTIFF CASES)*

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 11 2016
ARTHUR JOHNSTON
BY_____DEPUTY

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for:

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | | ☒ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | Liability ☐ 340 Marine | Injury Product Liability | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☒ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. §101 et seq.
Brief description of cause:
Oprah Winrey stole a television show format from me.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Preliminary injunction

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions)*

JUDGE_____   DOCKET NUMBER_____

DATE  October 10, 2016

SIGNATURE OF ATTORNEY OF RECORD  _____, Pro Se

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE Starrett  MAG. JUDGE Parker

EXHIBIT F Page 118   P. 1 of 8

<div align="center">

**UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF MISSISSIPPI**

</div>

**OTISA C. STRICKLAND**             **PLAINTIFF**

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

OCT 11 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

**CASE NO.:** 2:16cv164-KS mTP

**V.**

**Complaint for Copyright Infringement**
**(17 U.S.C. § 101 et seq)**

**OPRAH WINFREY, d/b/a**           **DEFENDANTS**
**OPRAH WINFREY NETWORK,**
**HARPO STUDIOS AND JOHN**
**DOES 1-10**

<div align="center">

**JURY TRIAL DEMANDED**

</div>

Plaintiff Otisa C. Strickland, files her Complaint against defendants Oprah Winfrey, d/b/a Oprah Winfrey Network, Harpo Studios and John Does 1-10, and hereby brings claims seeking relief for copyright infringement. Plaintiff Otisa C. Strickland alleges on personal knowledge as to all facts known to it, and on information and belief as to all other facts, as follows:

<div align="center">

**I.**     **SUMMARY OF THE ACTION**

</div>

1. The Plaintiff Otisa C. Strickland created a reality television show about a counselor that travels all over the nation to people homes to counsel and help people with their problems, and help them with conflicts within the home and outside of the home. This reality television show is called *the Agency*, and it was copyrighted in 2008. *See Exhibit "1" for the Copyright.*

2. On September 15, 2012, a television show called *Iyanla: Fix My Life* appeared on television on the Oprah Winfrey Network. This television show is a carbon copy of the television show *the Agency*, and an obvious attempt by Defendants to copy the *Agency* television show. *Iyanla: Fix My Life* is about a counselor, Iyanla Vanzant, who travels all over the United States to counsel people and families about problems they are experiencing in life. The Plaintiff

<div align="center">

1

</div>



brings this action to halt and recover its damages from Defendants' ongoing infringement of its rights to *the Agency*. Specifically, Plaintiff seeks to stop Defendants' blatant theft of its copyrightable expression in connection with the development and production of *Iyanla: Fix My Life*.

3. The two television shows are virtually identical. For example, both shows involve a counselor that travels all over the United States to people homes to counsel them about their problems.

4. In copying *the Agency*, Defendants had a troubling degree of access to Plaintiff's copyrightable expression.  On or about March 17, 2011, the Plaintiff and Defendant Oprah Winfrey were in a dispute over who owned the copyrights to another television show on the Oprah Winfrey Network.  *See Exhibit "2" Letter from Oprah Winfrey's Lawyer*.
Therefore, Oprah Winfrey was aware of my identity, and she was familiar with the television shows which were on record at the copyright office.  She researched my copyrights, and stole my copyrightable expression in an attempt to profit from my gifted and creative mind.

5. On August 24, 2016, Plaintiff sent a cease and desist letter to the Defendant Oprah Winfrey. *See Exhibit "3" for the Cease and Desist Letter*.  Despite receiving the letter, the Defendants have persisted in their airing of *Iyanla: Fix My Life* television show.  Plaintiff therefore brings this action to obtain preliminary and permanent injunctive relief and restitution and to recover compensatory and punitive damages.

## II.    JURISDICTION AND VENUE

6. This complaint arises under the Federal Copyright Act, 17 U.S.C.  §§ 101 *et. seq.*, as Amended.

7. This Court has subject-matter jurisdiction over this dispute under 28 U.S.C. §1331

2



(Federal Question) because the claim asserted arise under the Copyright Act. The Court also has subject matter jurisdiction under 28 U.S.C. §1367 (a).

8.   Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) (2) because a part of the events giving rise to the claims asserted herein occurred in this District. Venue is also proper under 28 U.S.C. §1391 (b)(1) because Defendants are subject to personal jurisdiction in this District, and therefore "reside" in this District as that term is defined in 28 U.S.C. § 1391 (c).

9.   Plaintiff Otisa C. Strickland resides in Laurel, Mississippi, and owns the copyright to the television show *the Agency*.

10.   On information and belief, Defendant Oprah Winfrey is a corporation organized under the laws of California, and maintains its principal place of business at 1041 North Formosa Avenue, West Hollywood, California 90046. Oprah Winfrey produces and broadcasts television programming in the United States, and is currently developing *Iyanla: Fix My Life*.

11. The true capacities, whether individual, corporate, associate or otherwise of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff Otisa C. Strickland, and Plaintiff therefore sues such Doe defendants by such fictitious names. When their true names and capacities are ascertained, plaintiff will amend the Complaint by asserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages as alleged in this complaint were proximately caused by such fictitious defendants.

12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was acting as an agent, servant, employee, representative of or joint venture with the other Defendants, each acting under the direction and control of said Co-

3



Defendants and within the course and scope of such agency, service, employment, or joint venture.   At all times mentioned herein the acts of Defendants, and each of them, were authorized and ratified by their co-defendants.

### III.    FIRST CAUSE OF ACTION

#### (Plaintiff against all Defendants for Copyright Infringement)

13.  Plaintiff repeats and incorporates by reference the allegations in paragraph one through thirteen above, as if fully set forth herein:

14. *The Agency*, and the rendering of ideas, concept, format and elements therein, constitutes copyrightable expression protected by the Federal Copyright Act, 17 U.S.C. § 101, *et. seq.*

15. As the exclusive owner of *the Agency* and under 17 U.S.C. §§ 106 and 501, the plaintiff is a legal or beneficial owner of the exclusive rights to reproduce *the Agency* in copies, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work, and display the copyrighted work publicly.

16. Defendants have a high degree of access to Plaintiff's copyrighted work and expression, since they were in a dispute regarding another copyrighted television show in March of 2011.

17. Plaintiff is informed and believes, and on that basis alleges, that *Iyanla: Fix My Life* in fact employs the same plot, themes, mood, setting, pace, sequence of events, and other concrete elements making up "*the Agency*" and therefore is substantially and strikingly similar to *the Agency*.

18. Plaintiff is informed and believes, and on the basis alleges, that, in connection with the development of *Iyanla: Fix My Life*, Defendants have copied and intend to continue copying *the Agency*, and the expression contained therein, without Plaintiff's or any other copyright holder's license authority, or consent.

4



EXHIBIT F   Page 121

19. Plaintiff is informed and believes, and on that basis alleges, that Defendants have already copied *the Agency* by creating a series outline and other infringing materials in connection with the *Agency*.

20. Plaintiff is informed and believes, and on that basis alleges, that, in connection with the development of *Iyanla: Fix My Life*, Defendants intend to distribute copyrighted elements of the *Agency*, and the expression contained therein, to the public and to display the copyrighted work publicly without Plaintiff's or any other copyright holder's license, authority or consent.

21. By engaging in the conduct described above, Defendants have committed and continue to commit copyright infringement under the Federal Copyright Act, 17 U.S.C. §§ 101 *et. seq.*

22. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interests in *the Agency*, the plaintiff has been damaged and continues to be damaged in an amount to be determined at trial. Plaintiff is also entitled, under 17 U.S.C. § 504 (a), to statutory damages, to the extent they exceed Plaintiff's actual damages, for each of Defendants' acts of infringement.

23. In infringing the plaintiff's copyright interests, Defendants acted willfully and maliciously, entitling Plaintiff to enhancement of any statutory damages, pursuant to 17 U.S.C. § (c (2), in an amount to be determined at trial.

24. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interest in *the Agency*, Defendants have made or will make profits attributable to their infringement. The amount of these profits will be determined at the time of trial.

25. Plaintiff has been and will continue to be damaged as a direct and proximate result of Defendants' continuing acts of infringement and threatened infringement, including but not limited to, lost revenues and profits, continuing loss of value of its copyright interests in *the*

5



*Agency.* The damages that Plaintiff has suffered and continues to suffer from this infringement are irreparable. Plaintiff has no adequate remedy at law, and such conduct will continue to cause irreparable harm unless restrained by this Court by the issuance of a preliminary injunction.

26. Unless enjoined by this Court, Defendants' conduct and continued infringement of Plaintiff's copyright interests will cause further irreparable injury. Plaintiff therefore requests that, after trial, this Court issue a permanent injunction, restraining and enjoining Defendants and their agents, employees, attorneys, representatives, and anyone acting at their direction or behalf from copying, reproducing, distributing, or displaying, without the express or implied consent of Plaintiff, the copyrightable expression in the *Agency.*

27. To prevent ongoing and future infringement of Plaintiff's copyright interests and the irreparable injury resulting therefrom, Plaintiff requests that this Court orders Defendants to surrender all copies made in violation of Plaintiff's copyright interests, as well as any film negatives, tapes, or other articles by which such copies may be produced, and the destruction or reasonable disposition of all such items as part of its final judgment in this action.

### IV.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

**A.** That the Court enter judgment in favor of Plaintiff against Defendants;

**B.** That the Court enter a declaratory judgment that Defendants have committed copyright infringement in connection with their development of *Iyanla: Fix My Life*:

**C.** That Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, be preliminarily and permanently restrained and enjoined from using plaintiff's information, and from infringing Plaintiff's copyright interests.

**D.** That Defendants be ordered to recall and surrender all copyrighted material.

6



**E.** That Plaintiff recover compensatory damages for Defendants' wrongdoing in amount to be established at trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate.

**F.** That Plaintiff recover its proven damages or statutory damages elected in accordance with the Copyright Act, 17 U.S.C. § 504 and § 505 and other applicable law.

**G.** That Plaintiff recover an award of punitive and other appropriate exemplary damages, disgorgement, restitution, pre-judgment and post-judgment interest as permitted by Statute;

**H.** That Plaintiff recover costs of suit herein: and such other and further relief as this Court may deem just and proper.

## V. JURY DEMAND

Plaintiff Otisa C. Strickland demands a trial by Jury.

Dated: October 10, 2016.

By: _Otisa C. Strickland_
**OTISA C. STRICKLAND, PRO SE**

Otisa C. Strickland
Post Office Box 6462
Laurel, MS 39441
Phone: (601) 319-1623
Fax: (601) 425.9477
E-Mail: otisa.strickland@yahoo.com

7

EXHIBIT F Page 124 8 of 8

EXHIBIT GGGG



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Strickland Otisa
Search Results: Displaying 1 of 9 entries

◁ previous    next ▷

Labeled View

*"The Agency" Reality Television Show.*

**Type of Work:** Dramatic Work and Music; or Choreography
**Registration Number / Date:** PAu003450902 / 2008-08-04
**Application Title:** The Agency — This is a reality television show about a Counseling Agency whereby the owner of the Agency sends out men and women counselors all over the united states to people homes to help families with their problems and conficts within their home and outside the home.
**Title:** "The Agency" Reality Television Show.
**Description:** Print material, 1 p.
**Copyright Claimant:** Otisa Candice Strickland. Address: Post Office Box 6462, Laurel, MS, 39441.
**Date of Creation:** 2008
**Authorship on Application:** Otisa Candice Strickland; Domicile: United States; Citizenship: United States. Authorship: treatment, text and words.
**Rights and Permissions:** Otisa Candice Strickland, Post Office Box 6462, Laurel, MS, 39441, (601) 649-1897, (601) 649-1897, otisastrickland@yahoo.com
**Copyright Note:** C.O. correspondence.

**Names:**

◁ previous    next ▷

| Save, Print and Email ( | ) |
|---|---|
| Select Download Format  Full Record  ▼   Format for Print/Save | |
| Enter your email address: | Email |





Exhibit GGGG P 1 of 9



March 24, 2011


Ms. Otisa Strickland, Esq.
P.O. Box 6462
Laurel, MS 39441


Dear Ms. Strickland:

We are in receipt of your letter dated March 17, 2011, sent to Ms. Oprah Winfrey,
regarding your claim of Copyright Infringement against the television show "In the
Bedroom with Dr. Laura Berman."

We must note that OWN: The Oprah Winfrey Network ("OWN") is the copyright owner
of the television Series entitled "In the Bedroom with Dr. Laura Berman." However, as
Harpo is the producer of the series, please consider this document to be a full response to
your letter.

You provided an official US Copyright registration of a proposed reality television show
called "Living Your Best Life." The date of such registration was September 5, 2006.
You may not be aware, but Harpo, Inc. owns the trademark rights to LIVE YOUR BEST
LIFE® (U.S. Trademark Office Registration #2689842).  The application for the LIVE
YOUR BEST LIFE® trademark was filed by us on October 2, 2000, and the trademark
was registered on February 25, 2003, in the classes 16, 41, and 42.  Further, Harpo has
been using this term in connection with "The Oprah Winfrey Show" for several years.
Accordingly, your proposed use of a confusingly similar mark for a television show could
constitute trademark infringement under the US Trademark Act (15 U.S.C. Sec. 1111 et
seq.).

We respectfully ask that you not use the mark LIVE YOUR BEST LIFE and any other
mark or name likely to cause confusion or dilute the distinctive quality of Harpo's  LIVE
YOUR BEST LIFE mark.



**HARPO**STUDIOS

110 N. Carpenter Street | Chicago, IL  60607

Ex GGGG  EXHIBIT F Page 12  P 2 of 9



In regards to your copyright infringement claim, works that have not been fixed in a tangible form of expression are not protected under the copyright act. This means, among other things, that ideas are specifically excluded from copyright protection. You have provided us no evidence that your idea for a television show has been fixed to any tangible form other than your inclusion of a written synopsis of a proposed television show "Conflict Solutions" and your inclusion of a copyright registration for the television show "Living Your Best Life." The copyright registration you provided excluded the "one page summary of the theme of the show and its goals" which was your description of the copyright claimed on the registration form and which was supposed to be attached as "exhibit 1." Based on these two tangible forms of expression, your copyright protection is limited to the arrangement of the words on the page, but the idea for the television show they generally describe is not copyrightable. Therefore, simply creating a television show which is coincidentally similar to your idea is not copyright infringement. Nobody involved in production of the television show "In The Bedroom with Dr. Laura Berman" has ever seen, had access to, utilized, or made any use of your two tangible forms of expression. Therefore, we respectfully disagree that "In the Bedroom with Dr. Laura Berman" has been created in violation of any copyright laws.

Additionally, the television show "In the Bedroom with Dr. Laura Berman" is geared toward helping couples to eliminate sexual tension in their relationships, and a licensed Sex Therapist, Dr. Laura Berman, provides people with assistance dealing with this tension by analyzing each person's deeply rooted issues that stem from other occurrences in their lives. The show you have described in your synopsis, "Conflict Solutions," uses a lawyer to listen to opposite sides of a conflict between couples. Your show's format is identical to numerous television shows, including "Divorce Court," "Judge Judy," "Judge Joe Brown," "People's Court," "The Marriage Ref," "Judge Greg Mathis," "Judge Hatchett Show," "Texas Justice," etc… In all of these shows the goal is to find solutions to conflict. Dr. Berman's show is not about conflict resolution, but about helping people to understand their issues with the goal of having better sexual relations with their spouse or partner from an expert with over 20 years' experience as a licensed Sex Therapist.

For all the reasons stated above, we respectfully submit that there is no valid claim for copyright infringement. Further, we will defend our federally protected right to use the mark LIVE YOUR BEST LIFE. As stated above, we request that you not make use of



**HARPO**STUDIOS
110 N. Carpenter Street | Chicago, IL  60607

Ex 6666 Page 128  3 o f 9

the LIVE YOUR BEST LIFE mark and/or any other mark or name likely to cause confusion or dilute the distinctive quality of the LIVE YOUR BEST LIFE mark. Please provide to us your signature on the enclosed confirmation document no later than April 4, 2011. A self-addressed envelope is included for your use. If we have not heard from you by April 4 we will have no choice but to commence such further legal actions as we may deem appropriate.

Thank you for your cooperation.

Sincerely,

Elizabeth Yore
Special Counsel
Harpo, Inc.
110 Carpenter
Chicago, Illinois  60607
312-633-1374

**HARPO**STUDIOS
110 N. Carpenter Street | Chicago, IL  60607

Ex  GGGG  P 4 o f 9
EXHIBIT F Page 129

# OTISA C. STRICKLAND
## Post Office Box 6462
## Laurel, MS 39441
## PH: (601) 319-1623

**August 24, 2016**

**CEASE AND DISIST DEMAND**
*Pursuant to Title 17 of the United States Code*

Ms. Oprah Winfrey
1041 N. Formosa Ave.
West Hollywood, CA 90046

Dear Ms. Winfrey:

If you are represented by legal counsel, please direct this letter to your attorney immediately, and have your attorney notify me of such representation.

I am writing to notify you that your unlawful copying of my counseling show by televising Iyanla: Fix My Life infringes upon my exclusive copyrights. Accordingly, you are hereby directed to Cease and Desist All Copyright Infringement.

I am the owner of a copyright in referenced to a show counseling people about their problems. Under United States copyright law, my copyrights have been in effect since August 4, 2008 when the show was created.  All copyrightable aspects of my copyrighted work are copyrighted under the United States copyright law.

It has come to my attention that you have been copying my copyrighted work. Your previous aired shows will be preserved as evidence. Under 17 U.S.C. 504, the consequences of copyright infringement include statutory damages between $750 and $30,000 per work, at the discretion of the court, and damages of up to $150,000 per work for willful infringement.  If you continue to engage in copyright infringement after receiving this letter, your actions will be evidence of "willful infringement."

I am demanding monetary damages for lost royalties and lost profits
.  I demand that you immediately (A) cease and desist your unlawful copying of my copyrighted work and provide me with a prompt written assurance within ten (10) days that you will cease and desist from further infringement of my copyrighted work.



EX GGGG   EXHIBIT E Page 30   P. 5 of 9

If you do not comply with this cease and desist demand within this time period, I will use your failure to comply as evidence of "willful infringement" and seek monetary damages and equitable relief for your copyright infringement. In the event you fail to meet this demand, please be advised that I will contemplate pursuing all available legal remedies, including seeking monetary damages and injunctive relief. Your liability and exposure under such legal action could be considerable.

Before taking these steps, however, I do wish to give you one opportunity to discontinue your illegal conduct by complying with this demand within ten (10) days.

If you or your attorney have any questions, concerns or would like to talk to me concerning this matter, please contact me.

Sincerely,

Otisa C. Strickland

2

EX GGGG P 6 of 9

**OTISA C. STRICKLAND**
Post Office Box 6462
Laurel, MS 39441
Ph: (601) 319.1623
Fax: (601) 425-9477
E-Mail:  otisa. strickland @ yahoo. com

**October 10, 2016**

Hon. Linda Regan
District Clerk
701 North Main Street, Suite 200
Hattiesburg, MS 39401

     Re:  Otisa C. Strickland v. Oprah Winfrey

Dear Mrs. Regan:

Enclosed please find a (1) Civil Cover Sheet, (2) Application to Proceed in District Court without prepaying fees or costs, (3) Two Summons and (4) Complaint with Exhibits.

I have provided a prepaid self-address envelope to mail back a copy of the Complaint and two Summons.

Thank you for your attention to this matter.

          Sincerely,

          Otisa C. Strickland

Ex GGGG  P  7 79

Otha C. Strickland
P.O. Box 6962
Laurel, MS 39441

RECEIVED

OCT 11 2016

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

U.S. District Clerk for the
Southern District of Mississippi
701 North Main Street, Suite 200
Hattiesburg, MS 39401



1000

39441



U.S. POSTAGE
HATTIESBURG, MS
39402
OCT 08 16
AMOUNT

$1.78

R2304E104832-01

EXGGGG P90

EXHIBIT HHHH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM JAMES et al., | 1:17-cv-1181 |
| Plaintiffs, | |
| v. | **ANSWER AND COUNTERCLAIMS OF DEFENDANTS TYLER PERRY COMPANY, INC., TYLER PERRY STUDIOS, LLC AND TYLER PERRY** |
| BARBARA HUNT et al., | |
| Defendants. | |

Defendants Tyler Perry Company, Inc., Tyler Perry Studios, LLC and Tyler Perry (collectively "Defendants"), as and for their Answer to the Complaint of Plaintiffs William James ("James") and Terri V. Tucker ("Tucker," and together with James, "Plaintiffs") herein ("Complaint"), and Counterclaim against Plaintiffs, allege as follows:

1. Deny the allegations in paragraph 1 of the Complaint, except to allege that Plaintiffs purport to bring this action under 18 U.S.C. 1961 *et seq.,* also known as "RICO," in a misguided and improper effort to re-litigate previously adjudicated claims of copyright infringement, as described in paragraphs 46-61, below.

2. Deny the allegations in paragraph 2 of the Complaint, except to respectfully refer the Court to the statutes and cases cited therein for the content and effect thereof.

2438800

Exhibit HHHH 1 of 17

EXHIBIT F Page 136

3.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, except to deny that Defendants committed any wrongful acts alleged therein.

4.   Deny the allegations in paragraph 4 of the Complaint, except to admit that Plaintiffs purport to assert federal question subject matter jurisdiction by invoking the Copyright Acts of 1976 and 1909 and by alleging the infringement of James's work entitled "Lover's Kill" and Tucker's work entitled "Bad Apples Can Be Good Fruit," both of which have been the subject of prior litigations in which Plaintiffs alleged the same infringements of their copyrights in said works, with the prior actions having been dismissed with prejudice, as set forth in paragraphs 46-61, below.

5.   Deny the allegations in paragraph 6 of the Complaint (there being no paragraph 5), except to respectfully refer the Court to the statutes and cases cited therein for the content and effect thereof.

6.   Deny the allegations in paragraph 7 of the Complaint, except to deny knowledge or information sufficient to form a belief as to whether Plaintiffs' works "were based on life experiences," to respectfully refer the Court to the statutes and cases cited therein for the content and effect thereof, and to allege that the purported violations of Plaintiffs'

copyrights were the subject of prior litigations commenced by Plaintiffs, which were dismissed with prejudice, as set forth in paragraphs 46-61, below.

7.   Deny the allegations in paragraph 8 of the Complaint, except to allege that the references to federal law are incomprehensible and to deny knowledge or information sufficient to form a belief as to the truth of such allegations.

8.   Deny the allegations in paragraph 9 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "[t]he WIPO Copyright Treaty" and/or its purported applicability.

9.   Deny the allegations in paragraph 10 of the Complaint, except to admit that defendants Tyler Perry Company, Inc. and Tyler Perry Studios, LLC are based in Atlanta, Georgia.

10.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

11.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

12.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

13.   Deny the allegations in paragraph 14 of the Complaint.

Exhibit HHHH P. 3 of 17

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

15. Deny the allegations in paragraph 16 of the Complaint, except to admit that Lions Gate Entertainment is a corporation doing business in California.

16. Deny the allegations in paragraph 17 of the Complaint.

17. Deny the allegations in paragraph 18 of the Complaint.

18. Deny the allegations in paragraph 19 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

21. Deny the allegations in paragraph 22 of the Complaint.

22. Deny the allegations in paragraph 23 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except to deny that there were any acts of plagiarism or violations of the law committed by Defendants.

24. Deny the allegations in paragraph 25 of the Complaint, except to deny knowledge or information sufficient to form a belief as to what Plaintiffs purport to have "discovered."

4

25. Deny the allegations in paragraph 26 of the Complaint, except to admit that Tyler Perry is also known as Emmett Tyler Perry, Jr., that he has made public statements about his life, and to respectfully refer the Court to complete copies of the statements referred to therein for the content thereof, and to deny knowledge or information sufficient to form a belief as to what Plaintiffs claim to have "discovered."

26. Deny the allegations in paragraph 27 of the Complaint, which are largely incomprehensible, except to deny knowledge or information sufficient to form a belief as to the cases referenced in subparagraph a. through the first subparagraph i., and subparagraph k. through the first subparagraph n., and subparagraphs o. and p. Defendants allege that the case of "Terri Donald v. Tyler Perry Studios and Lions Gate" referenced in the second subparagraph "i." was transferred to the United States District Court for the Southern District of New York, where it was adjudicated adversely to plaintiff Terri V. Donald (who later changed her name to "Terri V. Strickland" and who now calls herself "Terri V. Tucker"), and was dismissed with prejudice, as is set forth at paragraphs 46-53, below. Defendants further allege that the case referenced in the second subparagraph "n.," "Terri Strickland v. Tyler Perry," was an attempt by plaintiff Tucker to relitigate the same claim of copyright infringement which was adjudicated adversely to her,

5



and was dismissed with prejudice, which adjudication was subsequently affirmed by the United States Court of Appeals for the Eleventh Circuit, as is set forth in paragraphs 54-56, below. Defendants further allege that the case referenced in subparagraph "j.," "James v. Perry," brought by plaintiff James, was dismissed with prejudice, as set forth at paragraphs 58-61, below.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

28. Deny the allegations of paragraph 29 of the Complaint.

29. Deny the allegations of paragraph 30 of the Complaint, which are largely incomprehensible, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations in the penultimate sentence thereof.

30. Deny the allegations in paragraph 31 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except to allege that Plaintiffs have previously alleged and lost the claims of copyright infringement which are the basis of this action, as referred to in subparagraphs a. and b. of paragraph 32, and as set forth in paragraphs 46-61, below.

6

Exhibit HHHH, P. 6 of 17

32. In response to paragraph "1" in "Count One" of the Complaint, repeat and reallege their responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

33. Deny the allegations in paragraph "2" in "Count One" of the Complaint.

34. Deny the allegations in paragraph "3" in "Count One" of the Complaint.

35. In response to paragraph "4" in "Count Two" of the Complaint, repeat and reallege their responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

36. Deny the allegations in paragraph "5" of "Count Two" of the Complaint.

37. In response to paragraph "6" in "Count Three" of the Complaint, repeat and reallege their responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

38. Deny the allegations in paragraph "7" in "Count Three" of the Complaint, except to respectfully refer the Court to the statutes and constitutions referenced therein for the content and effect thereof.

39. Deny the allegations in paragraph "8" in "Count Three" of the Complaint.

40. Deny the allegations in paragraph "9" in "Count Three" of the Complaint.

Exhibit HHHH P. 7 of 17

41. In response to paragraph "10" in "Count Four" of the Complaint, repeat and reallege their responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 in "Count Four" of the Complaint, except to deny any of the alleged wrongdoing by or damages attributed to Defendants therein.

43. In response to paragraph "12" in "Count Four" of the Complaint, repeat and reallege their responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE

44. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

45. Plaintiffs have not properly effected service of process on Defendants.

### THIRD AFFIRMATIVE DEFENSE

46. On November 27, 2012, plaintiff Tucker, under her former name, "Terri V. Donald," filed a Complaint in the U.S. District Court for the Eastern District of Pennsylvania (Case 2:12-cv-06629) against "The Tyler Perry Company, Inc. d/b/a Tyler Perry Studios" and "Lions Gate Entertainment Corp. d/b/a Lions Gate" (the "First Tucker Action"). The First Tucker


Exhibit HH HH P. 8 of 17

Action is referred to in paragraphs 27(i) and 32(b) of the Complaint (the *second* subparagraph 27(i), on page 13).

47.  The complaint in the First Tucker Action alleged that the Tyler Perry film entitled "Good Deeds" (which is referred to in paragraph 30 and in "Count Two" and "Count Three" of the Complaint) infringed the copyright in Tucker's book entitled "Bad Apples Can Be Good Fruit" (the "Tucker Book").  Plaintiff was represented by counsel in the First Tucker Action.

48.  On March 8, 2013, the First Tucker Action was transferred to the U.S. District Court for the Southern District of New York ("SDNY") pursuant to a stipulation and order.  On March 12, 2013, the First Tucker Action was assigned SDNY docket number 1-13-cv-01655-WHP.

49.  The defendants in the First Tucker Action, Tyler Perry Studios and Lions Gate Entertainment Inc., attached copies of the Tucker Book and the Tyler Perry film "Good Deeds" to their answer to the complaint in that action, and moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

50.  On August 21, 2013, the court in the First Tucker Action, per the Honorable William H. Pauley III, heard oral argument on the defendants' motion for judgment on the pleadings.  After stating that he had reviewed the Book and the

Film, Judge Pauley explained why the defendants were entitled to judgment as a matter of law:

> These works before this Court bear only the most passing similarities. Bad Apples Can Be Good Fruit is about a woman baring her past to an accepting lover and overcoming the scheming of a jealous ex-girlfriend. Good Deeds is about a wealthy man saving a struggling single mother. In saving her, he finds himself and learns to chase his dreams.
>
> The only things that are similar about these works is that they involve a romance between a wealthy black man and a woman who has experienced hardship. In all other respects, these works are different. Copyright protects the expression of an idea and not the idea itself, as Learned Hand so eloquently stated it. It cannot, in this Court's view, protect such breadth as is presented in this case.

On the same date, Judge Pauley issued an order granting the motion for judgment on the pleadings and directed the Clerk of the Court "to terminate all pending motions, mark [the] case as closed, and enter judgment for Defendants." (A copy of the order is annexed as Exhibit 1.) The Clerk of the Court entered judgment accordingly on August 22, 2013. (A copy of the judgment is annexed as Exhibit 2.)

51. Plaintiff Tucker did not appeal that judgment.

52. A year later, on August 22, 2014, plaintiff Tucker, now acting *pro se*, filed a motion under Rule 60 of the Federal Rules of Civil Procedure "Requesting Relief from a Judgment or Final Order."

53. On February 20, 2015, Judge Pauley issued a Memorandum and Order denying plaintiff Tucker's motion under Rule 60,

10

Exhibit HHHH  P. 10 of 17

EXHIBIT F  Page 145

noting that the court had granted the defendants' motion for judgment on the pleadings because the court had concluded, as a matter of law, that the Tyler Perry film "Good Deeds" did not bear actionable similarity to protectable elements of the Tucker Book. The court further noted that plaintiff Tucker had not appealed the judgment in defendants' favor. (A copy of the Memorandum and Order is attached hereto as Exhibit 3.)

54. On or about September 25, 2015, plaintiff Tucker, who had changed her surname from "Donald" to "Strickland," commenced an action in the U.S. District Court for the Northern District of Georgia entitled "Terri V. Strickland v. Tyler Perry," Index No. 1:15-cv-03400-TWT (the "Second Tucker Action"). The Second Tucker Action also alleged that the Tyler Perry film "Good Deeds" infringed copyrightable material in the Tucker Book.

55. On March 24, 2016, the Court in the Second Tucker Action, per the Honorable Thomas W. Thrash, Jr., granted defendant Tyler Perry's motion for judgment on the pleadings, holding that plaintiff Tucker's claim of copyright infringement in the Second Tucker Action was precluded by collateral estoppel as a result of the proceedings in the First Tucker Action. (A copy of Judge Thrash's Opinion and Order is attached hereto as Exhibit 4.) The Clerk of the Court entered judgment dismissing the Second Tucker Action on the same day. (A copy of that judgment is attached hereto as Exhibit 5.)

11

Exhibit HH H H, P. 11 of 17

EXHIBIT F Page 146

56. Plaintiff Tucker appealed Judge Thrash's decision and the judgment based thereon. On January 19, 2017, the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit") affirmed the judgment dismissing the Second Tucker Action. (A copy of the 11th Circuit's order affirming the district court's judgment is attached hereto as Exhibit 6.) On March 30, 2017, the Eleventh Circuit denied plaintiff Tucker's petition for rehearing. (A copy of the Eleventh Circuit's denial of said petition is attached hereto as Exhibit 7.)

57. Despite having twice had her claim that the Tyler Perry film "Good Deeds" infringes her copyright in the Tucker Book adjudicated adversely to her, plaintiff Tucker is, in this action, attempting to assert the same claim for the third time. The Complaint repeatedly states that the so-called "predicate acts" on which it purports to be premised concern allegations of copyright infringement, "plagiarism" and "counterfeiting" of the Tucker Book by "Good Deeds." (See Complaint paragraphs 2-4, 7-9, 19, 21-22, 27, 29-31, paragraphs "2-3" of "Count One," paragraph "5" of "Count Two," and the "Wherefore" clauses in "Count Two" and "Count Three," and Exhibit C.)

58. Plaintiff James is also attempting, in this action, to relitigate a claim of copyright infringement that he had previously brought in another court and which was dismissed with

12

Exhibit H H H H , P. 12 of 19

prejudice.  On or about April 24, 2013, plaintiff James, who was represented by counsel, filed a complaint for copyright infringement against defendants Tyler Perry, Tyler Perry Studios, and Lions Gate Entertainment in the U.S. District Court for the Northern District of Indiana, Case No. 2:13-cv-00139 (the "Prior James Action").  (A copy of the Complaint in the Prior James Action is attached hereto as Exhibit 8.)  The Prior James Action is referred to in paragraphs 27(j)  and 32(a) of the Complaint.

59.  In the Prior James Action, plaintiff James alleged that the copyright in his "script/play/screenplay" entitled "Lovers Kill" (the "James Script") had been infringed by the Tyler Perry film "Temptation: Confessions Of A Marriage Counselor" ("Temptation") after he had given a copy of the James Script to Barbara Hunt (who has been named as a defendant in this action), an alleged "associate of Oprah Winfrey," who allegedly was to present the James Script to Tyler Perry.  On January 2, 2014, Judge Robert L. Miller, Jr. dismissed the Prior James Action with prejudice.  (A copy of Judge Miller's Order is attached hereto as Exhibit 9.)  On February 11, 2014, Judge Miller granted the defendants' motion for fees and costs, and awarded them reasonable fees and costs in the amount of $42,394.86. (A copy of Judge Miller's Order granting this award is attached hereto as Exhibit 10.)

Exhibit HHHH, P. 13 of 17

60. Like plaintiff Tucker, plaintiff James did not appeal the dismissal of the Prior James Action, but sought relief from judgment under Federal Rule of Civil Procedure 60. By Order dated April 15, 2014, Judge Miller denied plaintiff James's motion for relief from judgment. (A copy of Judge Miller's April 15, 2014 Order is attached hereto as Exhibit 11.)

61. Like plaintiff Tucker, despite having previously asserted - and lost - a claim that the "Temptation" film infringed his copyright in the James Script, plaintiff James is attempting to relitigate that claim in this action. (See paragraphs 2-4, 7-9, 19-20, 22, 27, 27j., 29-31, paragraphs "2-3" of "Count One," paragraph "5" of "Count Two," and the "Wherefore" clauses in "Count Two" and "Count Three" and Exhibit C.)

62. Plaintiffs' claims are precluded by collateral estoppel and/or res judicata.

### COUNTERCLAIM

63. Defendants repeat and reallege paragraphs 46 through 61 as if fully set forth herein.

64. By improperly attempting to relitigate their unsuccessful prior claims asserting the infringement of their works by the "Good Deeds" and "Temptation" films, Plaintiffs have demonstrated a disregard for the judgments dismissing those

Exhibit HHHH, P 14 of 14

previous actions, as well as an intention to continue harassing Defendants and wasting judicial resources with vexatious, baseless claims such as those asserted herein.

65.     Federal courts have the inherent power to enjoin conduct which impairs their ability to carry out Article III functions by wasting judicial resources.

66.     Plaintiffs' conduct demonstrates that they will not hesitate to continue bringing actions premised on the same alleged infringements and activities alleged in the First and Second Tucker Actions and the Prior James Action unless enjoined from doing so.

67.     Accordingly, Defendants are entitled to an order enjoining Plaintiffs from instituting any further legal actions in any U.S. District Court or any state court based on the facts and activities alleged in the First and Second Tucker Actions and the Prior James Action.

WHEREFORE, Defendants pray for judgment as follows:

a.          Dismissing the Complaint in its entirety;

b.          Enjoining Plaintiffs from instituting any further legal actions in any U.S. District Court or any state court based on the facts and activities alleged in the First and Second Tucker Actions and/or the Prior James Action;

15

Exhibit HHHH, P. 15 of 17

c.        Awarding them attorneys' fees and costs pursuant
to, *inter alia*, section 505 of the Copyright Act, 17 U.S.C. §
505; and

d.        Granting such other and further relief as the
Court deems just and proper.

Dated: May 11, 2017

RICHARD A. GORDON, P.C.

By: /s/ Richard A. Gordon
Richard A. Gordon
Ga. Bar No. 302475
1495 Powers Ferry Road - Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 952-2901
rglaw@bellsouth.net

PRYOR CASHMAN LLP

By: /s/ Tom J. Ferber
Tom J. Ferber
(pro hac vice application pending)
Bar No. 1846690
7 Times Square
New York, New York 10036-6569
tferber@pryorcashman.com
phone: (212) 421-4100
fax: (212) 798-6388

*Attorneys for Defendants*

16

Exhibit HHHH, P. 16 of 17

RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

RICHARD A. GORDON, P.C.

By: ____/s/ Richard A. Gordon____
Richard A. Gordon
Ga. Bar No. 302475
1495 Powers Ferry Road – Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 952-2901
rglaw@bellsouth.net

EXHIBIT IIII

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

WILLIAM JAMES,          )
and TERRI V. TUCKER AKA   )
(Donald Strickland),     )
                         )
     Plaintiffs        )
                         )    1:17-CV-1181-RWS
vs.                      )
                         )
BARBARA HUNT,           )
HARPO,                   )
LIONSGATE ENTERTAINMENT,   )
OPRAH WINFREY NETWORK (OWN),  )
OPRAH WINFREY, and       )
TYLER PERRY COMPANY,     )
TYLER PERRY STUDIOS (TPS)   )
and TYLER PERRY,       )
                         )
     Defendants.       )

<u>DEFENDANTS, THE TYLER PERRY COMPANY, INC.,</u>
<u>TYLER PERRY STUDIOS, LLC</u>
<u>AND TYLER PERRY'S</u>
<u>MOTION FOR REASSIGNMENT OF CASE</u>
<u>BASED ON PLAINTIFF'S</u>
<u>FAILURE TO DISCLOSE PRIOR RELATED CASES</u>

Defendants, The Tyler Perry Company, Inc., Tyler Perry Studios, LLC, and Tyler Perry hereby make and file their Motion for Reassignment of Case Based on Plaintiffs' Failure to Disclose Prior Related Cases, as follows:

1. Plaintiff, Terri V. Tucker, formerly known as Terry V. Strickland, formerly known as Terri V. Donald has brought the within action for recovery of civil RICO damages, alleging predicate acts of copyright infringement and counterfeit goods. (See Doc. 1 and Doc. 15.)



2.   Plaintiff, Terri V. Tucker has brought at least two prior civil actions based on allegations of the same facts as claimed in the within civil action: <u>Terri V. Donald v. The Tyler Perry Company, Inc.</u>, Case No. 2:12-6629 (E. Dist. PA, Nov. 2012), transferred as:  Terri V. Donald v. The Tyler Perry Company, Inc., Case No. 13CV-1655, (S. Dist. NY, Mar. 2013); and most recently, <u>Terri V. Strickland v. Tyler Perry</u>, Case No. 1:15CV-3400 (N. Dist. GA, Sep't. 2015, J/Thomas W. Thrash), dismissal affirmed, Case No. 16-11601, USCA - 11TH Circuit, April, 2017.)

3.   In the filing of the within civil action, Plaintiffs failed to disclose in their Civil Cover Sheet, Section VIII, the related case of <u>Strickland v. Tyler Perry</u>, Case No. 1:15CV-3400 of this Court, Judge Thomas W. Thrash presiding, dismissal affirmed Case No. 16-11601, USCA 11th Circuit.

4.   A true copy of the Civil Cover Sheet as filed by Plaintiffs is attached hereto as "Exhibit-A".

5.   The within civil action is deemed related to the prior case, No. 1:15CV-3400 of this Court because the pending case involves: (a) the same issue of fact or arises out of the same event or transaction included in an earlier numbered suit; (b) the validity or infringement of the same patent, copyright, or trademark included in an earlier numbered suit; and (c) repetitive cases filed by pro se litigants.

-2-

Exhibit III P. 2 of 4

Respectfully Submitted this 11<sup>th</sup> day of May, 2017.

                              RICHARD A. GORDON, P.C
                              Attorney at Law

                              By: /s/ Richard A. Gordon
                                  Richard A. Gordon
                                  Attorney for Defendants
                                  Ga. Bar No. 302475

1495 Powers Ferry Road #101
Marietta, GA 30067
rglaw@bellsouth.net
Phone: (770) 952-2900
Fax: (770) 988-9650

                              PRYOR CASHMAN LLP

                              By: /s/ Tom J. Ferber
                                  TOM J. FERBER
                                  Attorney for Defendant
                                  (pro hac vice-pending)
                                  New York Bar No. 1846690

7 Times Square
New York NY 10036-6569
tferber@pryorcashman.com
Phone: (212) 421-4100
Fax: (212) 798-6366

## RULE 7.1(D) CERTIFICATE

        The undersigned counsel certifies this document has been
prepared with one of the font and point selections approved by the
Court in Local Rule 5.1(C).

                              /s/ Richard A. Gordon
                              RICHARD A. GORDON
                              Ga. Bar No. 302475

-3-

Exhibit III P. 3 of 4

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with the foregoing Motion for Reassignment of Case Based on Plaintiff's Failure to Disclose Prior Related Case by Defendants, The Tyler Perry Company, Inc., Tyler Perry Studios, LLC, and Tyler Perry by electronically filing with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all counsel of record, and served all parties by U.S. First Class Mail:

William James
9100 South Drexel Ave
Chicago, Illinois 60619

Terri V. Tucker
1136 Joslin Path
Douglasville, Georgia 30134

RICHARD A. GORDON, P.C.
Attorney at Law

By: /s/ Richard A. Gordon
RICHARD A. GORDON
Georgia Bar No. 302475
Attorney for Defendants,
The Tyler Perry Company, Inc.,
Tyler Perry Studios, LLC,
and Tyler Perry
1495 Powers Ferry Road #101
Marietta, GA 30067
rglaw@bellsouth.net
Phone: (770) 952-2900
Fax: (770) 988-9650

C:\dsdocs\tylerperry\ty049motionREASSIGN.wpd

Exhibit IIII P 4of4
EXHIBIT F Page 157

EXHIBIT JJJJ

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JAMES ET ANO,<br>        **Plaintiff**<br>v.<br>HUNT ET AL,<br><br>        **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>) |

**1:17-CV-1181-RWS**

Appearing on behalf of:
   **TYLER PERRY COMPANY, INC.,**
   **TYLER PERRY STUDIOS,**
        **Defendant**

## APPLICATION FOR ADMISSION PRO HAC VICE

Petitioner, Tom J Ferber, hereby requests permission to appear *pro hac vice* in the subject case filed in the Atlanta Division of the United States District Court for the Northern District of Georgia. Petitioner states under penalty of perjury that he is a member in good standing of the Federal Bar, and/or the highest Court of the State as listed below in this application. Petitioner states further that he is not eligible for admission under Local Rule 83.1A and that he does not reside or maintain an office for the practice of law in the State of Georgia. Petitioner states that he has provided all information requested on the subsequent pages of this application. Petitioner designates **Richard A. Gordon** as local counsel. His/her business address is provided below in the Consent of Designated Local Counsel section.

This 9th day of May, 2017.

                                          ___/s/ Tom J Ferber___
                                            Signature of Tom J Ferber

EXHIBIT F Page 159    Exhibit F, 1 of 5

## 1:17-CV-1181-RWS

### COURTS TO WHICH PETITIONER IS ADMITTED

United States Supreme Court; United States Courts of Appeals for the Second, Third, Sixth, Seventh, Ninth, Eleventh and District of Columbia Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, and the Northern District of Illinois; Courts of New York State and the District of Columbia

### NDGA CASES IN WHICH APPLICANT HAS APPEARED

Strickland v. Perry, 1:15-CV-3400-TWT

### PETITIONER INFORMATION

| | |
|---|---|
| **Name of Petitioner:** | Tom J Ferber |
| **Residence Address:** | 29 Corell Rd |
| | Scarsdale, NY 10583 |
| **Business Address:** | Pryor Cashman LLP |
| | 7 Times Square |
| | New York, NY 10036 |
| **Business Phone:** | (212)421-4100 |
| **Email Address:** | tferber@pryorcashman.com |

EXHIBIT F Page 160

P 2 of 5

**1:17-CV-1181-RWS**

## CONSENT OF DESIGNATED LOCAL COUNSEL

I, **Richard A. Gordon**, designated local counsel for the subject case, agree to readily communicate with opposing counsel and the Court regarding the conduct of this case and accept papers when served and recognize my responsibility and full authority to act for and on behalf of the client in all proceedings related to this case, including hearings, pretrial conferences and trials, should the **Petitioner** fail to respond to any Court order for appearance or otherwise.

This 9th day of May, 2017.

<u>302475</u>                          ___/s/ Richard A. Gordon___
GA Bar Number                   Signature of Richard A. Gordon

                                Richard A. Gordon
<u>(770)952-2900</u>                  Richard A. Gordon, P.C.
Business Telephone              1495 Powers Ferry Road - Suite 101
                                Marietta, GA 30067

GAND Pro Hac Vice Application

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

JAMES ET ANO,                          )
      Plaintiff                    )    **1:17-CV-1181-RWS**
v.                                     )
HUNT ET AL,                            )
      Defendant                    )

## ORDER OF ADMISSION

It appearing to the Court that the requirements stated in LR 83.1B for admission pro hac vice have been satisfied, **the request of Petitioner Tom J Ferber to appear pro hac vice in the** United States District Court, Northern District of Georgia in the subject case is **GRANTED.**

This _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT F Page 163   P. 4 of 5

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies this document has been prepared with one

of the font and point selections approved by the Court in Local Rule 5.1(C).

RICHARD A. GORDON, P.C.

By:  /s/ Richard A. Gordon
Richard A. Gordon
Ga. Bar No. 302475
1495 Powers Ferry Road - Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 952-2901
rglaw@bellsouth.net

Exhibit F P. 5 of 5

EXHIBIT KKKK4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM JAMES et al., | 1:17-cv-1181 |
| Plaintiffs, | |
| v. | **AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANTS TYLER PERRY COMPANY, INC., TYLER PERRY STUDIOS, LLC AND TYLER PERRY** |
| BARBARA HUNT et al., | |
| Defendants. | |

Defendants Tyler Perry Company, Inc., Tyler Perry Studios, LLC and Tyler Perry (collectively "Defendants"), as and for their Answer to the Complaint of Plaintiffs William James ("James") and Terri V. Tucker ("Tucker," and together with James, "Plaintiffs") herein ("Complaint"), and Counterclaim against Plaintiffs, allege as follows:

1.    Deny the allegations in paragraph 1 of the Complaint, except to allege that Plaintiffs purport to bring this action under 18 U.S.C. 1961 *et seq.,* also known as "RICO," in a misguided and improper effort to re-litigate previously adjudicated claims of copyright infringement, as described in paragraphs 46-61, below.

2.    Deny the allegations in paragraph 2 of the Complaint, except to respectfully refer the Court to the statutes and cases cited therein for the content and effect thereof.

Exhibit KKKK P. 1 of 3

.

c.         Awarding them attorneys' fees and costs pursuant

to, *inter alia*, section 505 of the Copyright Act, 17 U.S.C. §

505; and

d.         Granting such other and further relief as the

Court deems just and proper.

Dated: May 31, 2017

RICHARD A. GORDON, P.C.


By:  /s/ Richard A. Gordon_____
Richard A. Gordon
Ga. Bar No. 302475
1495 Powers Ferry Road - Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 952-2901
rglaw@bellsouth.net


PRYOR CASHMAN LLP


By: _____/s/ Tom J. Ferber_____
Tom J. Ferber
(pro hac vice application pending)
Bar No. 1846690
7 Times Square
New York, New York 10036-6569
tferber@pryorcashman.com
phone: (212) 421-4100
fax: (212) 798-6388


*Attorneys for Defendants*


Exhibit KKKK P. 2 of 3

16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| WILLIAM JAMES & TERRI V. TUCKER,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BARBARA HUNT, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)  Case No. 1:17-cv-01181-rws<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with the foregoing:

AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANTS TYLER PERRY COMPANY, INC., TYLER PERRY STUDIOS, LLC, AND TYLER PERRY

by electronically filing with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all counsel of record, and served all parties by U.S. First Class Mail:

William James
9100 South Drexel Ave
Chicago, Illinois 60619

Terri V. Tucker
1136 Joslin Path
Douglasville, Georgia 30134

This June 1, 2017.

RICHARD A. GORDON, P.C.
Attorney at Law
By: /s/ Richard A. Gordon
　　RICHARD A. GORDON
　　Georgia Bar No. 302475
　　Attorney for Defendants

1495 Powers Ferry Road #101
Marietta, GA 30067
rglaw@bellsouth.net
Phone: (770) 952-2900
Fax: (770) 988-9650

Exhibit KKKK  P. 3 of 3
EXHIBIT F  Page 167

United States  NORTHERN DiSTRiCT of Georgia  FILED IN CLERK'S OFFICE
                                                                        U.S.D.C. Atlanta
Georgia DiSTrict Court
Atlanta Division                                                        JUN 2 3 2017

                                                                        JAMES N. HATTEN, Clerk
William James                                                           By  Deputy Clerk
     Sui Juris
Terri Tucker,                    : Civil ACTion: 1:17-cv-1181-TWT
      Sui Juris
        Plaintiff,                  Sworn Affidavit
                                    Revised Proof of Service

Barbara Hunt Et. AL.,          :
    Defendants,

# Exhibit LLLL
## Sworn Affidavit of Service Processor
Revised Summons Proof  Pgs 1-8ᵀᴴ

Dated: June 23, 2017            William James
                               Terri Tucker
                               PRO-Se Litigant
                               "Private Attorney General"
                               1136 Joslin Path
                               Douglasville, GA 30134
                               terilove43@gmail.com
                               Phone: 347-705-2043

EXHIBIT F Page 168

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>**IN PRO PER**<br>**Terri Tucker**<br>**1136 Joslin Path  Douglasville, GA 30134**<br><br>TELEPHONE NO.: (347) 705-2043 | FAX NO.  | E-MAIL ADDRESS: terrltowe43@gmail.com<br>ATTORNEY FOR:: | FOR COURT USE ONLY |
|---|---|
| **STATE COURT OF DEKALB COUNTY**<br><br>STREET ADDRESS: 565 N. MCDONOUGH ST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Atlanta, GA 30303<br>BRANCH NAME: GEROGIA, DEKALB COUNTY | |
| PLAINTIFF: James, et al. ,<br><br>DEFENDANT: Hunt et al. | CASE NUMBER:<br>1:17-CV-1181-RWS |
| **AFFIDAVIT OF REASONABLE DILIGENCE** | Ref. No. or File No.: |

I, Bradford B. Weekes , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Lionsgate Entertainment as follows:
Documents:
   **Summons;  Complaint;**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 4/28/2017 | 3:10 PM | Business | I arrived at location and was instructed that service documents must be submitted through  the Mailroom. I arrived in the mailroom and they could not accept but called someone to come and accept service. They called several times and I waited approximately Fifteen minutes.  The person who came to the mailroom to accept the documents was  a Male who identified himself as Jim Gladstone/Business Affairs Director. 2700 Colorado Avenue, Suite # 200,  Santa Monica, CA 90404 |

Fee for Service: $ 91.00
   County: Los Angeles
   Registration No.:  3185
   **Attorney's Certified Services**
   **1731 16th Street, Suite H**
   **Bakersfield, CA 93301**
   **(661) 327-8022**
   Kern County # 620

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  April 28, 2017.

Signature: _Bradford B. Weekes_
   Bradford B. Weekes

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: ACS424756

Exhibit Exhibit 1 Page 169 of 8

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>**IN PRO PER**<br>**Terri Tucker**<br>**1136 Joslin Path   Douglasville, GA 30134**<br><br>TELEPHONE NO.: (347) 705-2043 \| FAX NO.  \| E-MAIL ADDRESS: terrilowe43@gmail.com<br>ATTORNEY FOR: : | *FOR COURT USE ONLY* |
|---|---|
| **STATE COURT OF DEKALB COUNTY**<br><br>STREET ADDRESS: 565 N. MCDONOUGH ST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Atlanta, GA 30303<br>BRANCH NAME: GERIOGIA, DEKALB COUNTY | |
| PLAINTIFF:  James, et al. . | CASE NUMBER: |
| DEFENDANT:  Hunt et al. | 1:17-CV-1181-RWS |
| **PROOF OF SERVICE** | Ref. No. or File No.: |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED COPIES OF THE FOLLOWING DOCUMENTS:

**Summons;  Complaint**

| | |
|---|---|
| PARTY SERVED: | **Lionsgate Entertainment** |
| PERSON SERVED: | **Jim Gladstone  - Business Affairs** |
| DATE & TIME OF DELIVERY: | **4/28/2017**<br>**3:10 PM** |
| ADDRESS: | **2700 Colorado Avenue, Suite # 200**<br>Santa Monica, CA 90404 |

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

Fee for Service: $ 91.00
   Registration No.: 3185
   Attorney's Certified Services
   1731 16th Street, Suite H
   Bakersfield, CA 93301
   (661) 327-8022
   Kern County # 620

I declare under penalty of perjury under the laws of the
The State of California that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on April 28, 2017.

Signature: _____
                        Bradford B. Weekes

**PROOF OF SERVICE**

Order#: ACS424758/General



AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JAMES<br>TERRI TUCKER<br><br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, Harpo, Lionsgate Ent., Oprah Winfrey<br>Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  1:17-CV-1181-RWS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Oprah Winfrey at Oprah Winfrey Network (OWN)
(The Lot) A Creative Media/Entertainment Campus – Formosa South Building
1041 N. Formosa Ave
West Hollywood, CA 90046

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William James
9100 South Drexel Ave
Chicago, IL 60619
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date:   04/18/2017                                   *Signature of Clerk or Deputy Clerk*

Exhibit LLLL P. 3 of 8

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:17-CV-1181-RWS

## AMENDED   PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Oprah Winfrey at Oprah Winfrey Network (OWN)
was received by me on *(date)* 04/19/2017 .

☒ I personally served the summons on the individual at *(place)* John Doe/Security/ Person
In Charge at 3:07 P.M. on *(date)* 4/26/2017 ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ 91.00 for travel and $ 0.00 for services, for a total of $ 91.00 .

I declare under penalty of perjury that this information is true.

Date: 04/26/2017                    _____
                                         *Server's signature*

                    Robert A. Hall/ #6932/Registered Process Server
                                       *Printed name and title*

                    1731 16th Street, Suite H, Bkfld, CA 93301
                                       *Server's address*

Additional information regarding attempted service, etc:

Exhibit LLLL P. 4of8

EXHIBIT F Page 172

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM JAMES<br>TERRI TUCKER | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) ) | Civil Action No.  1:17-CV-1181-RWS |
| Barbara Hunt, Harpo, Lionsgate Ent., Oprah Winfrey<br>Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  OPRAH WINFREY dba HARPO/ THRU Oprah Winfrey Network (OWN)
(The Lot) A Creative Media/Entertainment Campus - Formosa South Building
1041 N. Formosa Ave
West Hollywood, CA 90046
Phone Number: 310-508-8746

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     William James
9100 South Drexel Ave
Chicago, IL 60619
Terri Tucker
1138 Joslin Path
Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN

*CLERK OF COURT*

Date:   ~~APR 18 2017~~
~~04/18/2017~~                                    _____
*Signature of Clerk or Deputy Clerk*

Exhibit LLLL P. 5 of 8
EXHIBIT F Page 173

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-RWS

AMENDED     **PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Oprah Winfrey dba Harpo/Thru Oprah Winfrey
was received by me on *(date)*   04/19/2017   Network (OWN)

☒ I personally served the summons on the individual at *(place)*   John Doe/Security - Person
 in Charge          : at 3:07 P.M.   on *(date)*   4/26/2017  ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $  91.00  for travel and $  0.00  for services, for a total of $  91.00  .

I declare under penalty of perjury that this information is true.

Date: 04/26/2017                        _____
                                              *Server's signature*

                           Robert A. Hall/ # 693/Registered Process
                           Server               *Printed name and title*

                           1731 16th Street, Suite H, Bkfld, CA 93301
                                              *Server's address*

Additional information regarding attempted service, etc:

Exhibit LLLL P. 6of8

EXHIBIT F Page 174

)

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JAMES<br>TERRI TUCKER<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, Harpo, Lionsgate Ent., Oprah Winfrey<br>Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.  1:17-CV-1181-RWS<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   OPRAH WINFREY dba Oprah Winfrey Network (OWN)
(The Lot) A Creative Media/Entertainment Campus - Formosa South Building
1041 N. Formosa Ave
West Hollywood, CA 90046
Phone Number: 310-506-8746

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William James
9100 South Drexel Ave
Chicago, IL 80619
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN

*CLERK OF COURT*

Date:   APR 1 8 2017
        04/18/2017  TT                          _____
                                                *Signature of Clerk or Deputy Clerk*

Exhibit LLL P. 7 of 8

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 1:17-CV-1181-RWS

## AMENDED  **PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Oprah Winfrey dba Oprah Winfrey Network
was received by me on *(date)*  04/19/2017  (OWN)

☒ I personally served the summons on the individual at *(place)*  John Doe/Security,  PERSON≥d

___IN CHARGE___   3:07 P.M.  on *(date)*  4/26/2017  ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $  91.00  for travel and $ 0.00  for services, for a total of $  56.25

I declare under penalty of perjury that this information is true.

Date: 04/26/2017                    *Server's signature*

Robert A. Hall/ #6932/Registered Process Server
                    *Printed name and title*


___1731 16th Street, Suite H. Bkfld___, CA 93301
                    *Server's address*

Additional information regarding attempted service, etc:


Exhibit 4 Page 1768 of 8

EXHIBIT MMMM

ACS ATTORNEY SERVICES CERTIFIED



**ACS**
**Attorney's Certified**
S E R V I C E S

California's Legal Support Professionals!
Corporate Office: 1731 - 16th Street, Suite H, Bakersfield, CA 93301
Phone: (888) 514-5067  Fax: (888) 247-1288

# PROCESS INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 3477052043 | May 08, 2017 | ACS424756 |

File No:
Servee: **Lionsgate Entertainment**
Case No: **1:17-CV-1181-RWS**
Court: **STATE COURT OF DEKALB COUNTY**
Plaintiff: **James, et al. .**
Defendant: **Hunt et al.**

Bill To:
Terri Tucker
ATTN: Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

Documents: Summons;  Complaint;

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Process - Statewide - Service Fee | | | 69.50 |
| Fax Reception 86 @ .25 | | | 21.50 |

*Invoice Attached For Reference ONLY*

SUMMARY
Servee: Lionsgate Entertainment
Address: 2700 Colorado Avenue, Suite # 200, # Santa Monica, CA 90404
Result: Personally Served
Completed on 4/28/2017

PAID

| | TOTAL DUE | $ 91.00 |
|---|---|---|

Thank you for choosing Attorney's Certified Services!

For proper credit please detatch this section and return with your payment.  **Remittance Copy**



| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 3477052043 | May 08, 2017 | ACS424756 |

Remit To:
**BILLING OFFICE**
**Attorney's Certified Services**
1731 16th Street, Suite H
Bakersfield, CA 93301

| TOTAL DUE: | $  91.00 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Attorney's Certified Services**
3. TAX ID: 77-0364949

Order#:ACS424756/INVOICEP

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>**IN PRO PER** -<br>**Terri Tucker**<br>**1136 Joslin Path  Douglasville, GA 30134**<br><br>TELEPHONE NO.: (347) 705-2043 | FAX NO.  | E-MAIL ADDRESS: terriowe43@gmail.com<br>ATTORNEY FOR: : | FOR COURT USE ONLY |
|---|---|
| **STATE COURT OF DEKALB COUNTY** | |
| STREET ADDRESS: 565 N. MCDONOUGH ST | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Atlanta, GA 30303 | |
| BRANCH NAME: GEROGIA, DEKALB COUNTY | |

| PLAINTIFF:  James, et al. . | **CASE NUMBER:** |
|---|---|
| DEFENDANT:  Hunt et al. | 1:17-CV-1181-RWS |

| **AFFIDAVIT OF REASONABLE DILIGENCE** | Ref. No. or File No.: |
|---|---|

I, Bradford B. Weekes , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Lionsgate Entertainment as follows:
Documents:
  **Summons;  Complaint;**

I attempted personal service on the following dates and times with the following results:

| **Date** | **Time** | **Location** | **Results** |
|---|---|---|---|
| 4/28/2017 | 3:10 PM | Business | I arrivied at location and was instructed that service documents must be submitted through  the Mailroom. I arrived in the mailroom and they could not accept but called someone to come and accept service.  They called several times and I waited approximately Fifteen minutes.  The person who came to the mailroom to accept the documents was  a Male who identified himself as Jim Gladstone/Business Affairs Director.<br>2700 Colorado Avenue, Suite # 200,  Santa Monica, CA 90404 |

Fee for Service: **$ 91.00**
County: **Los Angeles**
Registration No.: **3185**
**Attorney's Certified Services**
**1731 16th Street, Suite H**
**Bakersfield, CA 93301**
**(661) 327-8022**
Kern County # 620

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  April 28, 2017.

Signature: _____
Bradford B. Weekes

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: ACS424756

EXHIBIT NNNN

DIVERSIFIED LEGAL SERVICES

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

William James

Terri Tucker

_____
        Plaintiff(s)

Barbara Hunt, Harpo, Lionsgate Entertainment,
Oprah Winfrey Network (OWN), Oprah Winfrey,
Tyler Perry Company, Tyler Perry Studios, Tyler
Perry AKA Emmett Perry all known and unknown
Aliases
_____
        Defendant(s)

Civil Action No. 1:17-1181-RWS

)
)
)
)
)
)
)
)
)
)
)

## SUMMONS IN A CIVIL ACTION

Perry JR and all known Alias

To: (Defendant's name and address) Tyler Perry AKA Emmett
C/o / Thru Attorney Pichod A. Gordon, P.C.
For: Tyler Perry AKA Emmett Perry JR
1495 Powers Ferry Rd Suite 101
Marietta, GA 30067  Ph: 770-952-2700
email: rglaw @ bellsouth.net

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are: Private Attorney Generals
William James - 9100 South Drexel ave, Chicago IL 60619
Terri Tucker - 1136 Joslin Path, Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

                                        JAMES N. HATTEN

                                        CLERK OF COURT

Date: __MAY 15 2017__                   _____
                                        Signature of Clerk or Deputy Clerk

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1: 17-CV-1181-RWS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Tyler Perry AKA Emmett Perry Jr. and all Aliases, c/o Richard A. Gordon, P.C was received by me on *(date)* 5/16/2017.

☐  I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☐

☐  I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____ on *(date)* _____ ; or

☒  I returned the summons unexecuted because: I have been unable to make contact with Mr Gordon - see below for service attempts.. ; or

☐  Other:

I declare under penalty of perjury that this information is true.

Date: 6/22/2017

_____

*Server's signature*

David Steidl GA Certified Process Server #276

*Printed name and title*

1425 Benteen Ave. SE, Atlanta, GA 30315

*Server's address*

Additional information regarding attempted service, etc.:

1) Unsuccessful Attempt: May 16, 2017, 1:24 pm EDT at 1495 Powers Ferry Road Suite 101, Marietta, GA 30067 - I made contact with Mr. Gordon's assistant, and was told he was not in the office. I told her I would return at a different time.

2) Unsuccessful Attempt: May 26, 2017, 12:48 pm EDT at 1495 Powers Ferry Road Suite 101, Marietta, GA 30067 - The office is closed and there is an "Out to Lunch" sign on the door. I will return at a different time. No persons visible inside office.

3) Unsuccessful Attempt: Jun 13, 2017, 12:22 pm EDT at 1495 Powers Ferry Road Suite 101, Marietta, GA 30067 - Mr. Gordon is currently not in his office. The lights are out. I have been through here several times while in the area. Mr Gordon's office is located at the front of the building and I can see through the blinds. So far, I have not seen him in his office.

4) Unsuccessful Attempt: Jun 21, 2017, 3:07 pm EDT at 1495 Powers Ferry Road Suite 101, Marietta, GA 30067 -Mr Gordon is currently not in the office. I can see through the blinds to his office. The light is off and he is not in. I have been unable to make contact with Mr Gordon for service of process.

EXHIBIT OOOO

CERTIFIED MAIL RECEIPT FOR SERVICE OF PROCESS AND
SMMONSES



Diversified Legal Services, Inc.
1425 Benteen Ave. SE
Atlanta, GA 30315

ATTN: LAURA NYQUIST

Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

30134-372436

30134-372436

attorneyscertified.com
Legal Support Professionals
Corporate Office
1731 - 16th Street, Suite H
Bakersfield, CA 93301

$000.670
UNITED STATES POSTAGE
PITNEY BOWES
02 1P
0001113776
MAILED FROM ZIP CODE 93301

$0.460
US POSTAGE
FIRST-CLASS
0625000934972T
30315
B97559.03



EXHIBIT PPPP

MARShalls Entry of Service
2 Pages

# FULTON COUNTY MARSHAL DEPARTMENT
*SERVICE OF PROCESS FOR COMPLAINTS*
## SECOND ORIGINAL


17MR00864

Terri Tucker
1136 Joslin Path
Douglaville, Georgia 30134

**Attorney or Plaintiff Name and Address**

Case #  *USDC 117CV1181*

Fulton County Case #  **17MR00864**

### IN THE <u>UNITED STATES DISTRICT COURT</u> , for the <u>NORTHERN DISTRICT OF GEORGIA</u>

William James; Terri V. Tucker
;

vs.

Tyler Perry Company
c/o Registered Agents Services Inc
75 14th Street
Suite 2200
Atlanta, GA 30309

**Name and Address of PLAINTIFF**

**Name and Address of PERSON TO BE SERVED**

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY
I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.
**DEPUTY MARSHAL**

**NOTORIOUS**

GEORGIA, FULTON COUNTY
I have this day served the defendant(s) _____
By leaving a copy of the action and summons at his/their most notorious place of abode in said County.
Delivered same in hands of _____, a _____

described as follows: Age, about _____ years; weight, about _____lbs; height, about _____ft. _____in.,

Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.
**DEPUTY MARSHAL**

**CORPORATION**

GEORGIA, FULTON COUNTY
Served the defendant ___Tyler Perry Company___, a corporation, by leaving a copy
of the within action and summons with ___Linh Bird is-1___ in charge of the office and doing
business of said corporation, in Fulton County, Georgia.
This ___10th___ day of ___April___ 2017 ___Lindax___
**DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY
Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason:

_____

**NON-EST**

Please furnish this office with a new service form with the correct address.
This _____ day of _____, _____.
**DEPUTY MARSHAL**


Ex. PPPP 1of2
EXHIBIT F Page 188

*RECEIVED FC MARSHAL 10-APR-17 @ 4:32 PM*

Case 1:17-cv-01181-TWT   Document 16   Filed 04/17/17   Page 21 of 36

Civil Action No. _____

Date Filed __April 3, 2017__

17MR00864

Attorney's Address
William James
9100 South Dixel Ave
Chicago, IL 60619
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

854
A6

Name and Address of Party to be Served.

Tyler Perry Company
3300 Continental Colony Pkwy Sw
Atlanta GA 30331

| Superior Court | ☐ | Magistrate Court | ☐ |
| Juvenile Court | ☐ | State Court | ☐ |

Georgia, ~~Dekalb~~ USDC COUNTY

William James
Terri V. Tucker
Plaintiff

VS.

Tyler Perry Company, Tyler Perry Studios
Harpo, Lionsgate Ent., Oprah Winfrey,
Emmett Ranji, Ozwin Hint, Harpo
Oprah Winfrey S
Defendant

**COST PAID**

APR 04 2017

Garnishee

---

**SHERIFF'S ENTRY OF SERVICE**

Fulton County Marshal's Dept.
Receipt # FCMD 2017/774
$ 26  By: ____

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐

Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☑

Diligent search made and defendant Tyler Perry Company.
not to be found in the jurisdiction of this Court.

not a correct address. / Defendant Does not accept Servic

This 10th day of April 20 17 At Correct address 3310 Continental Colony Pkwy

Sgt G Solomon 419

DEPUTY

SHERIFF DOCKET___ ____ PAGE _____

Ex. PPPP 2of2
EXHIBIT F Page 189

EXHIBIT QQQQ

Lionsgate Division of Corporations
Page 1

Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

Allowable Characters

View Search Results

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of
Documents

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 2841165 | Incorporation Date / Formation Date: | 1/2/1998 (mm/dd/yyyy) |
| Entity Name: | LIONS GATE ENTERTAINMENT INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

### REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or
more detailed information including current franchise tax assessment, current filing history
and more for a fee of $20.00.

Would you like     Status     Status, Tax & History Information   Submit

Back to Entity Search

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

Ex. QQQQ 1 of 1

EXHIBIT F Page 191

**EXHIBIT RRRR**

Lawless America Corrupt Federal
Judge Thomas W. thrash dismisses
windor Declatory Judgment Action

Pages 1-4

# Lawless America
DOCUMENTARY FILMS, MAGAZINE, RADIO, TV    **HOME  NEWS    CORRUPTION REPORTS    BATTLING CORRUPTION    AFFILIATES  US    YOU**

64 senior judges and law enforcement officials asked to put Ellis County Texas Judge Cindy Ermatinger and District Attorneys Patrick Wilson and Ann Montgomery-Moran in pri

## Corrupt Federal Judge Thomas W. Thrash dismisses Windsor Declaratory Judgment Action

Tuesday, 01 November 2011 15:43 William M. Windsor



Judge Thomas W. Thrash has dismissed William M. Windsor's **Declaratory Judgment Action** that asked a Georgia state court to clarify what the state's power of attorney statute means.

Judge Thrash, perhaps the biggest criminal in the ranks of the many corrupt federal judges in Georgia, dismissed the case while committing crimes left and right, violating numerous rules of civil procedure, ignoring the Code of Judicial Conduct, and obliterating Windsor's alleged rights under the Constitution and Bill of Rights....

**Judge Thrash's order** claims to be dated October 28, 2011, but it was not docketed until October 31, 2011 (which is the effective date).

On October 17, 2011, Judge Thrash issued an **Order to Show Cause** directing Windsor to respond in 14 days explaining why the case should not be dismissed.

On October 31, 2011, Windsor filed his **Response to the Order to Show Cause**, but it was never docketed or processed. A courier hand-delivered the Response to the Order to Show Cause with a cover letter. Ms. Gutting, a Deputy Clerk in the Office of the Clerk of the Court of the United States District Court for the Northern District of Georgia, signed a **receipt proving delivery**. (**Delivery constitutes filing**.)

On October 31, 2011, the Clerk of the Court entered an **order dismissing the case**, and the Clerk entered a **judgment**. The **Docket on November 1, 2011** does not show any of Windsor's filings or the filings of process servers on October 31.

In this **order docketed on October 31, 2011**, Judge Thrash ordered that Windsor not be allowed to file any attachments with his Notice of Appeal. This was done to block Windsor from attaching all of the filings that Judge Thrash destroyed or otherwise concealed. These include Windsor's **Response to the Order to Show Cause**, the **Notice of Filing of the Response to the Order to Show Cause**, Affidavits of Service on three of the Defendants who had evaded service, the sworn Affidavit of the Process Server, and more.

Judge Thomas W. Thrash may be the biggest criminal in the ranks of the corrupt federal judges in Georgia. He has committed an amazing number of felonies in just a few short months. He has committed TREASON, and he should be punished accordingly.

I filed a **Judicial Misconduct Complaint against Judge Thomas W. Thrash** on August 1, 2011. That was 93 days ago. There has been no response from the corrupt judges at the United States Court of Appeals for the Eleventh Circuit.

*the movie*                    CPANEL

**Movie Status & Basic Information**

**Movie Trailer**

**Short Documentary on Making of the Movie**

**Lawless America Videos**

**Proposed Legislation -- Word File -- PDF File**

**Lawless America Movie Promos**

**Lawless America Merchandise**

**Self-Filming Instructions**

**Release Form**

*lawless* **america testimony to congress**

**Congressional DVD Home Page**

**State Index to Corruption Testimony**

**Index to Type of Corruption Testimony**

**Alphabetical Index to Congressional Testimony**

**Search all Congressional Testimony**

**Proposed Legislation**

**State of the Union Response**

**News Releases**

*search*

search...

Advanced Search

*tweet* **button**

*facebook* **share**

Share on facebook

EXHIBIT RRRR Page 1 of 4

Among the highlights of the intentional wrongdoing in this action are the following:

Judge Thomas W. Thrash never had any jurisdiction in this case. It is a declaratory judgment action based upon Georgia law, and there was no basis for removal to federal court. The removal was the corrupt act of U.S. Attorney Sally Quillian Yates and Assistant U.S. Attorney Christopher Huber. Judge Thomas W. Thrash never ruled on whether he had jurisdiction, and he destroyed or otherwise concealed Windsor's Motion for Remand.

Judge Thomas W. Thrash issued an injunction against Windsor without giving him the right to be heard.

Judge Thomas W. Thrash ignored Windsor's motions for recusal. Among other reasons, Judge Thrash is a defendant in two Windsor lawsuits that charge Judge Thrash with criminal racketeering.

Judge Thomas W. Thrash destroyed or otherwise concealed a number oif Windsor's filings.

Judge Thomas W. Thrash never issued an order based upon the facts or the law.

All of this was done for the sole purpose of committing the crimes of Obstruction of Justice and RICO -- Criminal Racketeering.

This simple declaratory judgment action presents a good example of how the corruption works with Judge Thomas W. Thrash and the other federal judges in Georgia. So, I am going to prepare an Anatomy of a Lawsuit to show every single thing that took place in Civil Action 1:11-CV-01922-TWT in the United States District Court for the Northern District of Georgia. I'll link all the proof and explain just what was done and the corrupt reasons for so doing.

These criminals are so confident that no one will ever hold them accountable that they commit these felonies in broad daylight in public records without fear.

In my opinion, anyone who feels they were taken advantage of in a federal court action probably was. What's sad is that tens of thousands of people, perhaps millions, have been victims of judicial corruption, and they probably don't even know it. American has been broken by crooks such as Judge Thomas W. Thrash.

## William M. Windsor

Last Updated on Wednesday, 02 November 2011 02:00

Like  5 people like this.

#### COMMENTS

**#2 Ali Waris** 2012-04-09 05:25
Welcome to the club of exposing corrupt judges. The federal court in Philadelphia and the Third Circuit tops the list.
Quote

**#1 Tsegal Haile** 2011-11-03 11:38
This is a growing concern.I believe it at a 100%. The system is broken. I'm not a layer either, but due to continuous corruption by those entrusted to uphold the law, I now know the federal/state laws as much as the corrupt officials, who are distorting it.
Quote

Refresh comments list
RSS feed for comments to this post

**ADD COMMENT**

Name (required)



"I Support Honesty in Government and the Constitution and Bill of Rights."

**And Join Our Facebook Cause!**

*important* **information**

**Grand Jury Information**

**Grand Jury TalkShoe Episode 30**

**Invalid Court Orders**

**How to Fight Corruption**

**Report Corruption**

**Proposed Legislation**

*corruption* **reports**

Sexual Misconduct
Criminal Acts
Perjury
Search All Reports
U.S. Senators
U.S. Congressmen
Governors
Mayors
Judges
Law Enforcement

*follow* **us on twitter**



There are 1818 listings and 18 categories in our website

*resources*

Web Links

Terms of Use

Site Map

About Us

EXHIBIT PP Page 94   2 of 4

E-mail (required, but will not display)

Website



1000 symbols left

Notify me of follow-up comments

Refresh

**Send**

JComments

## latest *news*



**Bill Windsor of Lawless America wins Appeal - Joeyisalittlekid Gang prepares for $100 Million Judgment**
12.08.16



**Bill Windsor of Lawless America has no more tears**
12.08.16



**Investigation of Ellis County Texas Corruption in Case of Bill Windsor is Underway**
25.10.16



**Bill Windsor of Lawless America accused of being a sovereign citizen and a killer**
12.08.16



**64 senior judges and law enforcement officials asked to put Ellis County Texas Judge Cindy Ermatinger and District Attorneys Patrick Wilson and Ann Montgomery-Moran in prison.**
25.10.16

## support *center*

**Email:** bill@billwindsor.com
**Website:** www.lawlessamerica.com

## legal *notice*

I, William M. Windsor, am not an attorney. This website expresses my OPINIONS. The comments of visitors to the website are their opinions and do not therefore reflect my opinions. This website does not provide legal advice. I do not give legal advice. I do not practice law. This website is to expose corruption in government, law enforcement, and the judiciary. Whatever this

EXHIBIT R R Page 196 30R4

website says about the law is presented in the context of how I or others perceive the applicability of the law to a set of circumstances if I (or some other author) was in the circumstances under the conditions discussed. Despite of my concerns about lawyers in general, I suggest that anyone with legal questions consult an attorney for an answer, particularly after reading anything on this website. The law is a gray area at best. I am a professional journalist; most of my career was spent as the Publisher of magazines. Please read our **Legal Notice and Terms.**

**Site Map**

*notice*

Lawless America is not now and never has been a 501 c 3. Bill Windsor has never solicited donations on the basis that they would be tax-deductible because they are not. Bill Windsor and Lawless America ceased accepting donations in the Spring of 2013, and there are no plans to ever accept donations again.

```
<script async
src="//pagead2.googlesyndication.com/pagead/js,
</script>
<!-- LawlessAmerica.com -->
<ins class="adsbygoogle"
    style="display:block"
    data-ad-client="ca-pub-929199224757313 8"
    data-ad-slot="5221281606"
    data-ad-format="auto"></ins>
<script>
(adsbygoogle = window.adsbygoogle ||
[]).push({});
</script>
```

| Judges | Constitution | Attorneys | Police | Government |
|---|---|---|---|---|

    

**Judges** — Judicial Corruption is rampant. Our rights to a fair trial are a myth. Many judges are totally corrupt. **READ** all about it.

**Constitution** — Our fundamental rights have been taken away by a government of wrongs. Stolen by corruption. **READ** all about it.

**Attorneys** — Misconduct is everywhere. Dishonesty abounds. Perjury, subornation of perjury, corruption! **READ** all about it.

**Police** — Abuse, It's all Law E1 **READ**

**Government** — Government Dishonesty is Bad. We must find honest people and make them accountable to We the People. **READ** all about it.

**You are here:** News ▸ Judicial Corruption and Dishonesty ▸ Articles ▸ Corrupt Federal Judge Thomas W. Thrash dismisses Windsor Declaratory Judgment Action

Copyright © 2017 Lawless America. All Rights Reserved. Designed by JoomlArt.com.
Joomla! is Free Software released under the GNU/GPL License.

EXHIBIT R Page 404

EXHIBIT SSSS

Hosea Feed the Hungry And Homeless, Inc.
Financial Statements
With Independant Auditors Report
June 30 2013 and 2012

Pages 14

HOSEA FEED THE HUNGRY AND HOMELESS, INC.

FINANCIAL STATEMENTS
WITH INDEPENDENT AUDITOR'S REPORT

JUNE 30, 2013 AND 2012

EX. SSSS page 1 of 15

HOSEA FEED THE HUNGRY AND HOMELESS, INC.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Independent Auditor's Report | 1 |
| Financial Statements: | |
| Statements of Financial Position<br>as of June 30, 2013 and 2012 | 2 |
| Statements of Activities<br>for the Years Ended June 30, 2013 and 2012 | 3 |
| Statement of Functional Expenses<br>for the Year Ended June 30, 2013 | 4 |
| Statement of Functional Expenses<br>for the Year Ended June 30, 2012 | 5 |
| Statements of Cash Flows<br>for the Years Ended June 30, 2013 and 2012 | 6 |
| Notes to Financial Statements | 7 |

EX. SSSS p. 2 of 15

# BROOKS, McGINNIS & COMPANY, LLC

CERTIFIED PUBLIC ACCOUNTANTS
5871 GLENRIDGE DRIVE

(404) 531-4940      SUITE 200      MEMBER OF AICPA
FAX: (404) 531-4950      ATLANTA, GA 30328      DIVISION FOR CPA FIRMS

## INDEPENDENT AUDITOR'S REPORT

To the Board of Directors of
  Hosea Feed the Hungry and Homeless, Inc.:

We have audited the accompanying financial statements of Hosea Feed the Hungry and Homeless, Inc., a nonprofit organization, which comprise the statements of financial position as of June 30, 2013 and 2012, and the related statements of activities, functional expenses, and cash flows for the years then ended, and the related notes to the financial statements.

### Management's Responsibility for the Financial Statements

Management is responsible for the preparation and fair presentation of these financial statements in accordance with accounting principles generally accepted in the United States of America; this includes the design, implementation, and maintenance of internal control relevant to the preparation and fair presentation of financial statements that are free from material misstatement, whether due to fraud or error.

### Auditor's Responsibility

Our responsibility is to express an opinion on these financial statements based on our audits. We conducted our audits in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free from material misstatement.

An audit involves performing procedures to obtain audit evidence about the amounts and disclosures in the financial statements. The procedures selected depend on the auditor's judgment, including the assessment of the risks of material misstatement of the financial statements, whether due to fraud or error. In making those risk assessments, the auditor considers internal control relevant to the entity's preparation and fair presentation of the financial statements in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the entity's internal control. Accordingly, we express no such opinion. An audit also includes evaluating the appropriateness of accounting policies used and the reasonableness of significant accounting estimates made by management, as well as evaluating the overall presentation of the financial statements.

We believe that the audit evidence we have obtained is sufficient and appropriate to provide a basis for our audit opinion.

### Opinion

In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of Hosea Feed the Hungry and Homeless, Inc. as of June 30, 2013 and 2012, and the changes in its net assets and its cash flows for the years then ended in accordance with accounting principles generally accepted in the United States of America.

*Brooks, McGinnis & Company, LLC*

Atlanta, Georgia
March 20, 2014

EX. SSSS p3 of 15

1

HOSEA FEED THE HUNGRY AND HOMELESS, INC.
STATEMENTS OF FINANCIAL POSITION
JUNE 30, 2013 AND 2012

|  | | 2013 | | 2012 |
|---|---|---|---|---|
| **ASSETS** | | | | |
| Current assets: | | | | |
| Cash and cash equivalents | $ | 39,814 | $ | 31,113 |
| Grant receivables | | 581 | | 21,233 |
| Accounts receivable, net | | - | | 20,000 |
| Due from employees | | 28,727 | | 29,342 |
| Inventory | | 375,561 | | 351,832 |
| Prepaid expenses | | 1,757 | | 1,557 |
| Other assets | | - | | 4,191 |
| Total current assets | | 446,440 | | 459,268 |
| Property and equipment, net | | 431,373 | | 452,117 |
| Security deposits | | 8,000 | | 8,000 |
| Total assets | $ | 885,813 | $ | 919,385 |
| **LIABILITIES AND NET ASSETS** | | | | |
| Current liabilities: | | | | |
| Accounts payable | $ | 79,524 | $ | 22,324 |
| Accrued expenses | | 8,367 | | 12,190 |
| Accrued interest | | 1,623 | | 3,216 |
| Line of credit | | 50,000 | | 50,000 |
| Notes payable | | 261,834 | | 282,259 |
| Total liabilities | | 401,348 | | 369,989 |
| Commitments and contingencies | | | | |
| Net assets: | | | | |
| Unrestricted: | | 484,465 | | 549,396 |
| Total net assets | | 484,465 | | 549,396 |
| Total liabilities and net assets | $ | 885,813 | $ | 919,385 |

The accompanying notes are an integral part of this financial statement.

2



HOSEA FEED THE HUNGRY AND HOMELESS, INC.
STATEMENTS OF ACTIVITIES
FOR THE YEARS ENDED JUNE 30, 2013 AND 2012

|  | 2013 | 2012 |
|---|---|---|
| **Changes in unrestricted net assets:** |  |  |
| Public support, services, revenues and gains: |  |  |
| Contributions | $ 1,205,918 | $ 1,485,259 |
| In-kind donations | 526,622 | 325,785 |
| Grants awards | 136,291 | 186,088 |
| Interest income | - | 41 |
| Other income | 2,606 | 3,800 |
| Total public support, services, revenues and gains | 1,871,437 | 2,000,973 |
| **Expenses and losses:** |  |  |
| Program services: |  |  |
| Day Center and Family Programs | 570,582 | 584,537 |
| Supportive Housing Programs | 192,267 | 177,526 |
| Holiday Dinner Events | 769,068 | 843,561 |
| Quality of Life Programs | 57,679 | 55,211 |
| International Outreach | 38,454 | 56,429 |
| Total program expenses | 1,628,050 | 1,717,264 |
| Supporting services: |  |  |
| Management and general | 138,108 | 189,966 |
| Fundraising | 170,210 | 228,534 |
| Total supporting expenses | 308,318 | 418,500 |
| Total expenses | 1,936,368 | 2,135,764 |
| Decrease in net assets | (64,931) | (134,791) |
| Net assets, beginning of year | 549,396 | 684,187 |
| Net assets, end of year | $ 484,465 | $ 549,396 |

The accompanying notes are an integral part of this financial statement.

3



HOSEA FEED THE HUNGRY AND HOMELESS, INC.
STATEMENT OF FUNCTIONAL EXPENSES
FOR THE YEAR ENDED JUNE 30, 2013

| | Day Center & Family Programs | Supportive Housing Programs | Holiday Dinner Events | Quality of of Life Programs | International Outreach | Total Programs | Supporting Services | | Total All Services |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Management and General | Fundraising | |
| Salaries and wages | $ 162,897 | $ 56,171 | $ 214,685 | $ 16,852 | $ 21,234 | $ 471,839 | $ 33,703 | $ 56,171 | $ 561,713 |
| Employee benefits | 10,294 | 3,550 | 13,199 | 1,065 | 1,710 | 29,818 | 2,130 | 3,550 | 35,498 |
| Total compensation and benefits | 173,191 | 59,721 | 227,884 | 17,917 | 22,944 | 501,657 | 35,833 | 59,721 | 597,211 |
| | | | | | | | | | |
| Direct assistance | 174,691 | 58,514 | 334,383 | 17,554 | - | 585,142 | - | - | 585,142 |
| Professional fees | 19,592 | 11,928 | 25,614 | 4,211 | 4,367 | 65,712 | 22,157 | 31,415 | 119,284 |
| Contract services | 41,905 | 15,666 | 16,439 | 3,467 | 2,000 | 79,477 | 29,561 | - | 109,038 |
| Supplies and computer supplies | 7,245 | 1,464 | 2,855 | 439 | 293 | 12,296 | 878 | 1,464 | 14,638 |
| Rental expense | 46,611 | 15,448 | 61,790 | 4,634 | 3,090 | 131,573 | 18,589 | 4,314 | 154,476 |
| Equipment repairs and maintenance | 6,849 | 1,370 | 4,246 | 411 | - | 12,876 | 822 | - | 13,698 |
| Printing | 2,463 | 574 | 4,294 | 772 | 234 | 8,337 | 3,544 | 13,855 | 25,736 |
| Occupancy/utilities | 26,237 | 4,455 | 19,052 | 1,336 | 1,165 | 52,245 | 2,673 | 3,327 | 58,245 |
| Travel and mileage reimbursement | 4,570 | 1,575 | 6,303 | 473 | 1,000 | 13,921 | 945 | 891 | 15,757 |
| Insurance | 16,300 | 3,896 | 13,586 | 1,169 | 779 | 35,730 | 2,338 | 896 | 38,964 |
| Advertising | 2,817 | 1,661 | 5,646 | 498 | - | 10,622 | 997 | 4,994 | 16,613 |
| Meals and entertainment | 4,046 | 1,395 | 3,581 | 419 | - | 9,441 | 837 | 3,674 | 13,952 |
| Postage and shipping | 759 | 1,641 | 1,565 | 492 | 328 | 4,785 | 985 | 10,641 | 16,411 |
| Dues and subscriptions | 882 | 304 | 1,216 | 91 | - | 2,493 | 182 | 365 | 3,040 |
| Interest expense | 15,121 | 2,550 | 2,197 | 765 | 273 | 20,906 | 4,059 | 530 | 25,495 |
| Bank and credit card fees | - | - | - | - | - | - | 3,303 | 21,221 | 24,524 |
| Website and telecommunications | 21,880 | 7,545 | 30,179 | 2,263 | 1,509 | 63,376 | 4,527 | 7,545 | 75,448 |
| Licenses, fees and taxes | 586 | 202 | 808 | 61 | - | 1,657 | 363 | - | 2,020 |
| Other | - | - | - | - | - | - | 100 | - | 100 |
| | | | | | | | | | |
| Total expenses before depreciation | 565,745 | 189,909 | 761,638 | 56,972 | 37,982 | 1,612,246 | 132,693 | 164,853 | 1,909,792 |
| Depreciation | 4,837 | 2,358 | 7,430 | 707 | 472 | 15,804 | 5,415 | 5,357 | 26,576 |
| | | | | | | | | | |
| Total expenses | $ 570,582 | $ 192,267 | $ 769,068 | $ 57,679 | $ 38,454 | $ 1,628,050 | $ 138,108 | $ 170,210 | $ 1,936,368 |
| | 29% | 10% | 40% | 3% | 2% | 84% | 7% | 9% | 100% |

The accompanying notes are an integral part of this financial statement.

4

EXHIBIT F Page 203

HOSEA FEED THE HUNGRY AND HOMELESS, INC.
STATEMENT OF FUNCTIONAL EXPENSES
FOR THE YEAR ENDED JUNE 30, 2012

| | Day Center & Family Programs | Supportive Housing Programs | Holiday Dinner Events | Quality of Life Programs | International Outreach | Total Programs | Supporting Services Management and General | Fundraising | Total All Services |
|---|---|---|---|---|---|---|---|---|---|
| Salaries and wages | $ 176,513 | $ 47,523 | $ 271,559 | $ 27,156 | $ 27,156 | $ 549,907 | $ 95,045 | $ 33,945 | $ 678,897 |
| Employee benefits | 24,696 | 6,649 | 37,993 | 3,799 | 3,799 | 76,936 | 13,298 | 4,749 | 94,983 |
| Total compensation and benefits | 201,209 | 54,172 | 309,552 | 30,955 | 30,955 | 626,843 | 108,343 | 38,694 | 773,880 |
| Direct assistance | 82,417 | 66,218 | 417,733 | 3,466 | 3,466 | 576,766 | - | - | 576,766 |
| Professional fees | 22,529 | 6,065 | 19,812 | 1,981 | 1,081 | 70,186 | 24,576 | 69,912 | 164,674 |
| Contract services | 12,878 | 3,467 | 1,016 | 677 | 339 | 40,119 | 6,934 | 2,476 | 49,529 |
| Supplies and computer supplies | 26,077 | 4,403 | 3,328 | 2,219 | 1,109 | 32,512 | 677 | 677 | 33,866 |
| Rental expense | 85,420 | 14,422 | 772 | 515 | 257 | 106,498 | 2,219 | 2,219 | 110,936 |
| Equipment repairs and maintenance | 19,825 | 3,347 | 4,332 | 257 | 433 | 24,716 | 515 | 515 | 25,746 |
| Printing | 2,816 | 758 | 1,811 | 433 | 604 | 8,772 | 1,516 | 24,162 | 34,450 |
| Occupancy/utilities | 46,494 | 7,850 | 3,853 | 1,308 | 11,469 | 57,967 | 1,208 | 1,208 | 60,383 |
| Travel and mileage reimbursement | 2,505 | 674 | 13,273 | 2,949 | 1,456 | 21,450 | 2,444 | 482 | 24,376 |
| Insurance | 22,454 | 4,621 | 13,273 | 1,641 | 1,456 | 43,445 | 4,821 | 1,958 | 50,224 |
| Advertising | - | - | - | - | - | - | - | 5,685 | 5,685 |
| Meals and entertainment | 1,209 | 326 | 1,861 | 5,996 | 186 | 9,578 | 11,265 | 1,494 | 22,337 |
| Postage and shipping | 793 | 213 | 1,220 | 122 | 122 | 2,470 | 5,781 | 41,457 | 49,708 |
| Dues and subscriptions | 1,106 | 298 | 1,702 | 170 | 170 | 3,446 | 596 | 213 | 4,255 |
| Interest expense | 20,916 | 3,531 | 815 | 543 | 372 | 26,077 | 543 | 543 | 27,163 |
| Bank and credit card fees | - | - | - | - | - | - | 4,959 | 22,969 | 27,928 |
| Website and telecommunications | 10,960 | 2,951 | 16,862 | 1,686 | 1,686 | 34,145 | 8,448 | 2,108 | 44,701 |
| Licenses, fees and taxes | 2,567 | 433 | 100 | 67 | 33 | 3,300 | 67 | 67 | 3,334 |
| Other | 757 | 139 | 56 | 22 | 1,173 | 2,137 | 4,533 | 11,134 | 17,804 |
| Total expenses before depreciation | 562,932 | 173,878 | 842,719 | 54,650 | 56,148 | 1,690,327 | 189,405 | 227,973 | 2,107,705 |
| Depreciation | 21,605 | 3,648 | 842 | 561 | 281 | 26,937 | 561 | 561 | 28,059 |
| Total expenses | $ 584,537 | $ 177,526 | $ 843,561 | $ 55,211 | $ 56,429 | $ 1,717,264 | $ 189,966 | $ 228,534 | $ 2,135,764 |
| | 27% | 8% | 39% | 3% | 3% | 80% | 9% | 11% | 100% |

The accompanying notes are an integral part of this financial statement.

5

SSSS P. 6 of 15

HOSEA FEED THE HUNGRY AND HOMELESS, INC.
STATEMENTS OF CASH FLOWS
FOR THE YEARS ENDED JUNE 30, 2013 AND 2012

|  | 2013 | 2012 |
|---|---|---|
| Cash flows from operating activities: | | |
| Decrease in net assets | $ (64,931) | $ (134,791) |
| Adjustments to reconcile decrease in net assets to | | |
| net cash provided by (used in) operating activities: | | |
| Depreciation | 26,576 | 28,059 |
| Donated inventory, net | (23,729) | 112,321 |
| Changes in assets and liabilities: | | |
| (Increase) decrease in: | | |
| Grants, accounts, and due from employees receivables | 41,267 | (23,690) |
| Prepaid expenses | (200) | 1,586 |
| Other current assets | 4,191 | (1,356) |
| Increase (decrease) in: | | |
| Accounts payable and accrued liabilities | 51,784 | (30,022) |
| Total adjustments | 99,889 | 86,898 |
| | | |
| Net cash provided by (used in) operating activities | 34,958 | (47,893) |
| | | |
| Cash flows from investing activities: | | |
| Purchase of property and equipment | (5,832) | (7,800) |
| | | |
| Net cash used in investing activities | (5,832) | (7,800) |
| | | |
| Cash flows from financing activities: | | |
| Principal payments on debt | (20,425) | (34,079) |
| | | |
| Net cash used in financing activities | (20,425) | (34,079) |
| | | |
| Net increase (decrease) in cash and cash equivalents | 8,701 | (89,772) |
| | | |
| Cash and cash equivalents, beginning of year | 31,113 | 120,885 |
| | | |
| Cash and cash equivalents, end of year | $ 39,814 | $ 31,113 |
| | | |
| Supplemental cash flow information: | | |
| | | |
| Cash paid for interest | $ 25.524 | $ 29,364 |

The accompanying notes are an integral part of this financial statement.

6



HOSEA FEED THE HUNGRY AND HOMELESS, INC.
NOTES TO FINANCIAL STATEMENTS
JUNE 30, 2013 AND 2012

1.  Nature (Description) of Organization and Significant Accounting Policies

Hosea Feed the Hungry and Homeless, Inc. formally known as Martin Luther King Poor People's Church of Love, Inc. (the Organization or HFTH) is a nonprofit corporation that was incorporated on May 12, 1976 under the Georgia Nonprofit Corporation Act and is recognized by the Internal Revenue Service as exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. The Organization's mission is to provide support to poor, homeless and elderly people in the Atlanta Metropolitan Area by providing material assistance to individuals who are under-served in the areas of nutrition, shelter and employment.

The Organization is supported primarily through donor contributions and government grants. The following is a summary of the major services provided:

Food

The Organization helps provide for the nutritional needs of the under-privileged through various channels of distribution including home deliveries of food for families and hot meals for senior citizens.    Additionally, the Organization distributes goods to other local and regional organizations dedicated to curing hunger and poverty.  Well known to Atlanta residents is the highly regarded Holiday Dinner event when the Organization mobilizes its efforts and volunteers to serve hot meals to an estimated 8,000 people during each of the four holidays. Other food services include visits to distribute food to the homeless people.

Shelter

Another concern that the Organization addresses is that of homelessness.  Through providing financial, case management and shelter location assistance, HFTH seeks to help people who are in danger of soon becoming homeless as well as those who have already found themselves on the streets.

Medical Care

Through holding medical clinics, HFTH is able to give the under privileged access to medical and dental services such as diagnostic testing for diseases such as HIV, diabetes, high blood pressure and elevated cholesterol.  Flu shots and vitamins are also available.  The Organization also conducts regular medical mission trips to Haiti alongside its food distribution operations.

Education

HFTH offers computer training, life skills workshops and unemployment placement services to assist those who may benefit by brushing up on certain useful skills as a step towards improving their future lives.



HOSEA FEED THE HUNGRY AND HOMELESS, INC.
NOTES TO FINANCIAL STATEMENTS
JUNE 30, 2013 AND 2012

1.  Nature (Description) of Organization and Significant Accounting Policies – Continued

Children and Youth

HFTH holds annual events which target young people.  These events give children and young adults opportunities to improve their lives through applying themselves in school and in the community.  HFTH provides book bags, toiletries, and other school supplies and services such as tutoring and mentoring to the children living in poverty with the goal of improving their chances of success.  An annual Christmas party where toys are gifted to children is another popular event.

International Outreach

HFTH works with volunteers and religious organizations to deliver food, and supplies to locations such as Haiti, Philippines and Rwanda.

Volunteer Opportunities

Citizens of the community are offered a chance to get involved and give back by volunteering to perform various functions within the Organization on either a regular on-going basis or as a one-time event.

Financial Statement Presentation

The Organization presents its financial statements in accordance with professional standards.  In accordance with professional standards, HFTH is required to report information regarding its financial position and activities according to three classes of net assets (unrestricted net assets, temporarily restricted net assets, and permanently restricted net assets) based upon the existence or absence of donor-imposed restrictions, as follows:

**Unrestricted Net Assets** – Net assets that are not subject to donor-imposed restrictions including the carrying value of all property and equipment.  Items that affect (i.e., increase or decrease) this net asset category include program service fees and related expenses associated with the core activities of the Organization.  In addition to these exchange transactions, changes to this category of net assets include investment income and unrestricted contributions.

**Temporarily Restricted Net Assets** – Net assets subject to donor-imposed restrictions that may or will be met either by actions of the Organization or the passage of time.  Items that affect this net asset category are restricted contributions including pledges for which restrictions have not been met.  These amounts are reclassified to unrestricted net assets when such restrictions are met or have expired.



HOSEA FEED THE HUNGRY AND HOMELESS, INC.
NOTES TO FINANCIAL STATEMENTS
JUNE 30, 2013 AND 2012

1. Nature (Description) of Organization and Significant Accounting Policies – Continued

   Financial Statement Presentation – Continued

   **Permanently Restricted Net Assets** – Net assets subject to donor-imposed restrictions to be maintained permanently by the Organization. Items that affect this net asset category include gifts wherein donors stipulate that the corpus be held in perpetuity (primarily gifts for endowment) and only the income be made available for program operations or other purposes as specified by the donor.

   Contributions and Promises to Give

   The Organization accounts for contributions in accordance with the recommendations of professional standards. In accordance with professional standards, contributions are recognized when the donor makes a promise to give to the Organization that is, in substance, and is unconditional. Contributions that are restricted by the donor are reported as increases in temporarily or permanently restricted net assets depending on the nature of the restriction. The Organization uses an allowance method to determine uncollectible unconditional promises to give. The allowance is based on prior years' experience and management's analysis of specific promises made.

   Basis of Accounting

   The Organization maintains its accounts on the accrual basis of accounting in accordance with accounting principles generally accepted in the United States of America.

   Income Taxes

   The Organization is exempt from income tax under Internal Revenue Code Section 501(c)(3). Income from certain activities not directly related to the Organization's tax exempt purpose is subject to taxation as unrelated business income. For the years ended June 30, 2013 and 2012, the Organization did not have any unrelated business income, and accordingly, no provision for income taxes is necessary. The Organization believes that it has appropriate support for any tax positions taken, and as such, does not have any uncertain tax positions (based on a "more-likely-than-not" standard for substantiation) that are material to these financial statements. The Organization's exempt tax returns remain subject to examination by federal and state authorities typically for the last three years.

   Inventory

   Inventory consists of donated food, medical items, personal care products and clothing and is recorded at cost if purchased and fair market value if donated. Inventory is valued at the lower of cost (first-in, first-out) or market.

9



HOSEA FEED THE HUNGRY AND HOMELESS, INC.
NOTES TO FINANCIAL STATEMENTS
JUNE 30, 2013 AND 2012

1. Nature (Description) of Organization and Significant Accounting Policies – Continued

Property and Equipment

The Organization follows the practice of capitalizing all expenditures for property and equipment in excess of $500. Property and equipment are stated at cost or estimated fair value at time of donation. Depreciation is computed by the straight-line method over the estimated useful lives as stated below. At June 30, 2013 the estimated useful lives of property and equipment were as follows:

| Buildings and improvements | 10 - 30 years |
| Furniture, fixtures and equipment | 3 - 7 years |
| Vehicles | 5 years |

Donations of property and equipment are recorded as support at their estimated fair value. Such donations are reported as unrestricted support unless the donor has restricted the donated asset to a specific purpose. Assets donated with explicit restrictions regarding their use and contributions of cash that must be used to acquire property and equipment are reported as restricted support. Absent donor stipulations regarding how long those donated assets must be maintained, the Organization reports expirations of donor restrictions when the donated or acquired assets are placed in service as instructed by the donor. The Organization reclassifies temporarily restricted net assets to unrestricted net assets at that time.

Donated Equipment, Material, Supplies and Services

In accordance with professional standards, contributions of services are recognized if the services received (a) create or enhance non-financial assets or (b) require specialized skills that are provided by individuals possessing those skills and would typically need to be purchased if not provided by donation. The Organization records donated food and materials if the market value of the donated item is readily available and the item meets the criteria for recognition under professional standards. During the years ended June 30, 2013 and 2012, the Organization recorded donated food and materials of approximately $526,622 and $325,245, respectively. Volunteers for which the Organization relies significantly upon to serve meals and distribute care packages provided a total of approximately 42,000 and 40,200 hours, respectively, for the years ended June 30, 2013 and 2012.

Estimates

The preparation of financial statements in conformity with accounting principles generally accepted in the United States of America requires management to make estimates and assumptions that affect certain reported amounts and disclosures. Accordingly, actual results could differ from those estimates.

10



EXHIBIT P  Page 209  P 10 of 15

HOSEA FEED THE HUNGRY AND HOMELESS, INC.
NOTES TO FINANCIAL STATEMENTS
JUNE 30, 2013 AND 2012

1. Nature (Description) of Organization and Significant Accounting Policies – Continued

Grants and Contracts

For the years ended June 30, 2013 and 2012 the Organization received approximately 7% and 9% respectively, of its total public funding and revenues, through various government agencies. Receivables arise from reimbursements owed through these government contracts. The Organization's ability to collect amounts due is affected by the acceptance of reimbursable expenses and performance-based outcomes, which meet contract requirements. These revenues are included in governmental awards and support.

Functional Allocation of Expenses

The costs of providing the various programs and other activities have been summarized on a functional basis in the statements of activities. Accordingly, certain costs have been allocated among the programs and supporting services benefited.

Cash and Cash Equivalents and Concentration of Credit Risk

For purposes of the statements of cash flows, the Organization considers all time deposits, certificates of deposit and all highly liquid debt instruments with original maturities of three months or less to be cash equivalents.

Cash and cash equivalents consist of demand deposits with one financial institution. The demand deposit balances in the Organization's bank accounts, as reflected in the bank's records, are insured by the Federal Deposit Insurance Corporation (FDIC) up to $250,000 as of June 30, 2013 and 2012. At June 30, 2013 and June 30, 2012 respectively, the cash balances did not exceed the FDIC limits and all cash balances were insured.

Advertising Expense

Advertising costs are expensed as incurred.

HOSEA FEED THE HUNGRY AND HOMELESS, INC.
NOTES TO FINANCIAL STATEMENTS
JUNE 30, 2013 AND 2012

2. Property and Equipment, Net

Major classes of property and equipment are as follows at June 30:

|  | 2013 | 2012 |
|---|---|---|
| Land | $ 33,995 | $ 33,995 |
| Buildings and improvements | 538,073 | 538,073 |
| Furniture, fixtures and equipment | 156,030 | 150,197 |
| Vehicles | 59,600 | 59,600 |
|  | 787,698 | 781,865 |
| Less accumulated depreciation | (356,325) | (329,748) |
| Total property and equipment, net | $ 431,373 | $ 452,117 |

For the years ended June 30, 2013 and 2012, depreciation expense was $26,576 and $28,059, respectively.

3. Line of Credit

The Organization has a $100,000 line of credit with an area bank. At June 30, 2013 and 2012, the amount outstanding under the line of credit was $50,000. The interest rate at June 30, 2012 on the line of credit was 5.00% annually. The line of credit facility is due in full in July 2013. The line of credit is secured by real property located in Decatur, Georgia and by an assignment on all rents collected at this property.

In July 2013, the Organization paid off its line of credit when it refinanced its note payable and consolidated the two payables into one note which is now due on June 16, 2016. The line of credit is still open and active.

4. Notes Payable

The Organization has a term note with a local bank in the amount of $100,000. The balance at June 30, 2013 and 2012 was $0 and $9,979, respectively. The loan had an interest rate of 7.5% and requires monthly principal and interest payments of $2,808 which were payable until November 2012. This loan was secured by real property located in Decatur, Georgia.

The Organization also secured a loan with a local bank in the original amount of $339,750, to renovate and construct a corporate headquarters in Decatur, Georgia. The balance at June 30, 2013 and 2012 was $249,667 and $272,280, respectively. The loan has an interest rate of 7.5% and requires monthly principal and interest payments of $2,737 which are payable until November 2013 at which time all unpaid principal and interest will be due. The loan is secured

12



HOSEA FEED THE HUNGRY AND HOMELESS, INC.
NOTES TO FINANCIAL STATEMENTS
JUNE 30, 2013 AND 2012

4.  Notes Payable – Continued

by the property located in Decatur, Georgia and a collateral assignment on any future rents
collected at this property and another property located in Atlanta, Georgia.

In July 2013, the Organization refinanced its loan with the bank and consolidated the $50,000
balance on the line of credit. The $323,902 new loan payable is collateralized by Organization
property and also includes refinancing costs related to the loan and consolidation of the line of
credit in the amount of $12,068. The Organization is required to make monthly payments of
principal and interest of $2,778 at a fixed interest rate of 6.25%. Principal and accrued interest
are due on June 16, 2016. The schedule below reflects the amortization required on the new
loan payable.

Future schedule maturities of debt are as follows:

| Year Ended June 30: | | |
|---|---|---|
| 2014 | $ | 12,321 |
| 2015 | | 14,269 |
| 2016 | | 297,312 |
| | $ | 323,902 |

5.  Lease Commitments

The Organization has non-cancelable operating leases for office equipment and warehouse
space. Future minimum lease payments under this non-cancelable operating lease as of June
30, 2013 are as follows:

| Year Ended June 30: | | |
|---|---|---|
| 2014 | $ | 15,096 |
| 2015 | | 6,096 |
| 2016 | | 3,096 |
| 2017 | | 1,032 |
| | $ | 25,320 |

For the years ended June 30, 2013 and 2012, total building and rental space expense was
$120,614 and $66,239, respectively.

HOSEA FEED THE HUNGRY AND HOMELESS, INC.
NOTES TO FINANCIAL STATEMENTS
JUNE 30, 2013 AND 2012

6. Contingencies

Certain government funded programs are routinely subject to special audit. The audit reports, which are prepared by the auditors for the Organization pursuant to specific regulatory requirements, are required to be submitted to both the Organization and various federal agencies. Such agencies have the authority to determine liabilities as well as to limit, suspend, or terminate the federal programs. Since the Organization does not expect claims to arise as a result of such audits, no provision for liabilities, if any, has been provided in the financial statements.

7. Subsequent Events

Subsequent events have been evaluated through March 20, 2014, which is the date the financial statements were available to be issued and there were no significant subsequent events other than the name change noted above.

14

SSSS P. 15 of 15

**EXHIBIT TTTT**

Executed Summons by Plaintiffs
May 15, 2017  Pages 23

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-RWS

FILED IN CLERK'S OFFICE
U.S.D.C.—Atlanta

MAY 15 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Lionsgate Entertainment

was received by me on *(date)*  04/19/2017      .

☒ I personally served the summons on the individual at *(place)* Jim Gladstone/Business Affairs
2700 Coloraodo Ave., Suite 200  on *(date)*  04/28/2017  ; or
Santa Monica, CA 90404

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $  91.00  for travel and $  0.00   for services, for a total of $  91.00   .

I declare under penalty of perjury that this information is true.

Date:  04/26/2017

_____
Server's signature

Robert A. Hall/ #6932/Registered Process Server
*Printed name and title*


1731 16th Street, Suite H, Bkfld, CA 93301
*Server's address*

Additional information regarding attempted service, etc:

Ex TTTT, Page 1 of 23


TT

EXHIBIT F Page 215

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JAMES<br>TERRI TUCKER<br><br>———————————————<br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, Harpo, Lionsgate Ent., Oprah Winfrey<br>Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>———————————————<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:17-CV-1181-RWS<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LIONSGATE ENTERTAINMENT
2700 COLORADO AVE SUITE #200
SANTA MONICA, CA 90404
PHONE NUMBER: 310-449-9200

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     William James
9100 South Drexel Ave
Chicago, IL 60619
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. WA[illegible]
*CLERK OF COURT*

Date:   ~~APR 1 0 2017~~
~~04/18/2017~~  T T
_____
*Signature of Clerk or Deputy Clerk*

Ex TTTT, P. 2 of 23



**Attorney'sCertified**
S E R V I C E S

California's Legal Support Professionals!
Corporate Office: 1731 - 16th Street, Suite H, Bakersfield, CA 93301
Phone: (888) 514-5067  Fax: (888) 247-1288

# PROCESS INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 3477052043 | May 08, 2017 | ACS424756 |

Bill To:
Terri Tucker
ATTN: Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

File No:
Servee: Lionsgate Entertainment
Case No: 1:17-CV-1181-RWS
Court: STATE COURT OF DEKALB COUNTY
Plaintiff: James, et al. .
Defendant: Hunt et al.

Documents: Summons;  Complaint;

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Process - Statewide - Service Fee | | | 69.50 |
| Fax Reception 86 @ .25 | | | 21.50 |

PAID

SUMMARY
Servee: Lionsgate Entertainment
Address: 2700 Colorado Avenue, Suite # 200, # Santa Monica, CA 90404
Result: Personally Served
Completed on 4/28/2017

| | TOTAL DUE | $91.00 |
|---|---|---|

Thank you for choosing Attorney's Certified Services!

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

For proper credit please detatch this section and return with your payment.  **Remittance Copy**

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 3477052043 | May 08, 2017 | ACS424756 |

Remit To:
**BILLING OFFICE**
Attorney's Certified Services
1731 16th Street, Suite H
Bakersfield, CA 93301

| TOTAL DUE: | $ 91.00 |
|---|---|

1. **PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.**
2. **MAKE CHECKS PAYABLE TO Attorney's Certified Services**
3. **TAX ID: 77-0364949**

Order#:ACS424756/INVOICEP

Attorney's Certified Services | The secure advantage
https://paytrace.com/reesipt.pay?tranxid=155876834&id=52274
Send To Receipt Printer | Print | Print 2 | Print plain text | Print plain text 2



**Email Address**



ACS

Attorney's Certified Services
Your Legal Support Professionals
Bakersfield | Los Angeles | Palm Desert | San Jose
Billing Office Address:

Attorney's Certified Services

1731 16th Street
Suite H
Bakersfield, CA 93301

4/20/2017 9:52:08 AM

| | |
|---|---|
| Reference Number: | 155876834 |
| Total: | $279.25 |
| Transaction Type: | Sale |
| Transaction Status: | Pending Settlement |
| Card Type: | Visa |
| Card Number: | xxxxxxxxxxxx8537 |
| Entry Method: | Keyed |
| Approval Code: | H43214 |
| Approval Message: | EXACT MATCH |
| AVS Result: | Full Exact Match |
| CSC Result: | Match |
| Customer Name: | Terri Tucker |
| Invoice: | ACS424755/ACS424753 /ACS424755/ACS424756 |

9 1 ⁰ᴼ

X_____
Please sign here to agree to payment.

www.attorneyscertified.com
(888) 514-5067

1 of 1

EXHIBIT F Page 218   4 of 23

4/20/2017 9:52 AM

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 15 2017

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-CV-1181-RWS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Oprah Winfrey at Oprah Winfrey Network (OWN)
was received by me on *(date)*   04/19/2017   .

☒ I personally served the summons on the individual at *(place)*   John Doe/Security/Authorized
to Accept Service at 3:07 P.M.   on *(date)*   4/26/2017   ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____   on *(date)* _____   ; or

☐ I returned the summons unexecuted because _____   ; or

☐ Other *(specify):*

My fees are $   91.00   for travel and $  0.00   for services, for a total of $  91.00  .

I declare under penalty of perjury that this information is true.

Date: 04/26/2017   _____
*Server's signature*

Robert A. Hall/ #6932/Registered Process Server
*Printed name and title*

___1731 16th Street, Suite H, Bkfld___, CA 93301
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JAMES<br>TERRI TUCKER<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Barbara Hunt, Harpo, Lionsgate Ent., Oprah Winfrey<br>Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:17-CV-1181-RWS<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Oprah Winfrey at Oprah Winfrey Network (OWN)
(The Lot) A Creative Media/Entertainment Campus - Formosa South Building
1041 N. Formosa Ave
West Hollywood, CA 90046

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    William James
9100 South Drexel Ave
Chicago, IL 60619
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN
*CLERK OF COURT*

Date:        04/18/2017                                    S. B.
                                                    *Signature of Clerk or Deputy Clerk*

EXHIBIT A Page 220 of 23



**ACS**
Attorney's**Certified**
S E R V I C E S

California's Legal Support Professionals!
Corporate Office: 1731 - 16th Street, Suite H, Bakersfield, CA 93301
Phone: (888) 514-5067  Fax: (888) 247-1288

# PROCESS INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 3477052043 | May 08, 2017 | ACS424754 |

Bill To:
**Terri Tucker**
**ATTN: Terri Tucker**
**1136 Joslin Path**
**Douglasville, GA 30134**

File No:
Servee: **Oprah Winfrey at Oprah Winfrey Network (OWN)**
Case No: **1:17-CV-1181-RWS**
Court: **STATE COURT OF DEKALB COUNTY**
Plaintiff: **James, et al. .**
Defendant: **Hunt et al.**

| Documents: Summons;  Complaint; |
|---|
| |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Process - Statewide - Routine Service** | | | 69.50 |
| **Fax Reception 86 @ .25 per page** | | | 21.50 |
| | | | |
| **SUMMARY** | | | |
| **Servee: Oprah Winfrey at Oprah Winfrey Network (OWN)** | | | |
| **Address: 1041 N. Formosa Ave., #  West Hollywood, CA 90046** | | | |
| **Result: Personally Served** | | | |
| **Completed on 4/26/2017** | | TOTAL DUE | **$ 91.00** |

Thank you for choosing Attorney's Certified Services!

For proper credit please detatch this section and return with your payment.  **Remittance Copy**

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 3477052043 | May 08, 2017 | ACS424754 |

Remit To:
**BILLING OFFICE**
**Attorney's Certified Services**
**1731 16th Street, Suite H**
**Bakersfield, CA 93301**

**TOTAL DUE:**

| $  91.00 |
|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Attorney's Certified Services**
3. TAX ID: 77-0364949

Order#:ACS424754/INVOICEP



Attorney's Certified Services | The secure advantage    https://paytrace.com/receipt.pay?tranxid=155876834&id=52274

Case 1:17-cv-01181-TWT   Document 36   Filed 05/15/17   Page 4 of 4
Send To Receipt Printer | Print | Print 2 | Print plain text | Print plain text 2



**Email Address**



Attorney's Certified Services
Your Legal Support Professionals
Bakersfield | Los Angeles | Palm Desert | San Jose
Billing Office Address:

Attorney's Certified Services

1731 16th Street
Suite H
Bakersfield, CA 93301

4/20/2017 9:52:08 AM

| | |
|---|---|
| Reference Number: | 155876834 |
| Total: | $279.25 |
| Transaction Type: | Sale |
| Transaction Status: | Pending Settlement |
| Card Type: | Visa |
| Card Number: | xxxxxxxxxxxx8537 |
| Entry Method: | Keyed |
| Approval Code: | H43214 |
| Approval Message: | EXACT MATCH |
| AVS Result: | Full Exact Match |
| CSC Result: | Match |
| Customer Name: | Terri Tucker |
| Invoice: | ACS424755/ACS424753 /ACS424755/ACS424756 |

9|00

X_____
Please sign here to agree to payment.

www.attorneyscertified.com
(888) 514-5067

ExTTTT P. 8 of 23

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 1 5 2017

By: JAMES N. HATTEN, Clerk
Deputy Clerk

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:17-CV-1181-RWS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Oprah Winfrey dba Oprah Winfrey Network

was received by me on *(date)*   04/19/2017    (OWN)

☒ I personally served the summons on the individual at *(place)*   John Doe/Security/Authorized
to Accept Service at 3:07 P.M.   on *(date)*   4/26/2017   ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____   on *(date)* _____   ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $   91.00   for travel and $ 0.00    for services, for a total of $  56.25  .

I declare under penalty of perjury that this information is true.

Date: 04/26/2017

_____
*Server's signature*

Robert A. Hall/ #6932/Registered Process Server
*Printed name and title*

1731 16th Street, Suite H, Bkfld, CA 93301
*Server's address*

Additional information regarding attempted service, etc:

Ex IIII P. 9 of 23
EXHIBIT F Page 223

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

## ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JAMES<br>TERRI TUCKER<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>Barbara Hunt, Harpo, Lionsgate Ent., Oprah Winfrey<br>Network (OWN), Oprah Winfrey, Tyler Perry<br>Company, Tyler Perry Studios (TPS), Tyler Perry aka<br>Emmett J. Perry and all other Aliases<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:17-CV-1181-RWS<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* OPRAH WINFREY dba Oprah Winfrey Network (OWN)
(The Lot) A Creative Media/Entertainment Campus - Formosa South Building
1041 N. Formosa Ave
West Hollywood, CA 90046
Phone Number: 310-508-8746

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    William James
9100 South Drexel Ave
Chicago, IL 60619
Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN

*CLERK OF COURT*

Date:   ~~APR 18 2017~~
~~04/18/2017~~  TT

_____
*Signature of Clerk or Deputy Clerk*

Ex. TTTT P. 10 of 23
EXHIBIT F Page 224



**Attorney's Certified**
S E R V I C E S

California's Legal Support Professionals!
Corporate Office: 1731 - 16th Street, Suite H, Bakersfield, CA 93301
Phone: (888) 514-5067 Fax: (888) 247-1288

# PROCESS INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 3477052043 | May 08, 2017 | ACS424755 |

**File No:**
**Servee:** Oprah Winfrey dba Oprah Winfrey Network (OWN)
**Case No:** 1:17-CV-1181-RWS
**Court:** STATE COURT OF DEKALB COUNTY
**Plaintiff:** James, et al. .
**Defendant:** Hunt et al.

**Bill To:**
Terri Tucker
ATTN: Terri Tucker
1136 Joslin Path
Douglasville, GA 30134

Documents: Summons;   Complaint;

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Process - Statewide - Additional Service | | | 34.75 |
| Fax Reception 86 @ .25 per page | | | 21.50 |

PAID

**SUMMARY**
Servee: Oprah Winfrey dba Oprah Winfrey Network (OWN)
Address: 1041 N. Formosa Ave., # West Hollywood, CA 90046
Result: Personally Served
Completed on 4/26/2017

| | TOTAL DUE | $ 56.25 |
|---|---|---|

Thank you for choosing Attorney's Certified Services!

---



For proper credit please detatch this section and return with your payment. **Remittance Copy**

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 3477052043 | May 08, 2017 | ACS424755 |

**Remit To:**
**BILLING OFFICE**
**Attorney's Certified Services**
**1731 16th Street, Suite H**
**Bakersfield, CA 93301**

| TOTAL DUE: | $  56.25 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Attorney's Certified Services**
3. TAX ID: 77-0364949

Order#:ACS424755/INVOICEP



Form **990-PF** (2013) TYLER PERRY FOUNDATION, INC.                    26-0426383        Page 4

## Part VI | Excise Tax Based on Investment Income (Section 4940(a), 4940(b), 4940(e), or 4948 — see instructions)

| | | |
|---|---|---|
| **1 a** Exempt operating foundations described in section 4940(d)(2), check here ▶ ☐ and enter 'N/A' on line 1. | | |
| Date of ruling or determination letter _ _ _ _ _ _ _ (attach copy of letter if necessary — see instrs) | | |
| **b** Domestic foundations that meet the section 4940(e) requirements in Part V, check here. ▶ ☐ and enter 1% of Part I, line 27b | **1** | 0. |
| **c** All other domestic foundations enter 2% of line 27b. Exempt foreign organizations enter 4% of Part I, line 12, column (b). | | |
| **2** Tax under section 511 (domestic section 4947(a)(1) trusts and taxable foundations only. Others enter -0-) | **2** | 0. |
| **3** Add lines 1 and 2 | **3** | 0. |
| **4** Subtitle A (income) tax (domestic section 4947(a)(1) trusts and taxable foundations only. Others enter -0-) | **4** | 0. |
| **5** Tax based on investment income. Subtract line 4 from line 3. If zero or less, enter -0- | **5** | 0. |
| **6** Credits/Payments. | | |
| **a** 2013 estimated tax pmts and 2012 overpayment credited to 2013 | **6a** | |
| **b** Exempt foreign organizations — tax withheld at source | **6b** | |
| **c** Tax paid with application for extension of time to file (Form 8868) | **6c** | |
| **d** Backup withholding erroneously withheld | **6d** | |
| **7** Total credits and payments. Add lines 6a through 6d | **7** | 0. |
| **8** Enter any **penalty** for underpayment of estimated tax. Check here ☐ if Form 2220 is attached | **8** | |
| **9** Tax due. If the total of lines 5 and 8 is more than line 7, enter amount owed ▶ | **9** | 0. |
| **10** Overpayment. If line 7 is more than the total of lines 5 and 8, enter the amount overpaid ▶ | **10** | |
| **11** Enter the amount of line 10 to be Credited to 2014 estimated tax ▶ | Refunded ▶ | **11** | |

## Part VII-A | Statements Regarding Activities

| | | Yes | No |
|---|---|---|---|
| **1 a** During the tax year, did the foundation attempt to influence any national, state, or local legislation or did it participate or intervene in any political campaign? | **1a** | | X |
| **b** Did it spend more than $100 during the year (either directly or indirectly) for political purposes (see the instructions for definition)? | **1b** | | X |
| *If the answer is 'Yes' to 1a or 1b, attach a detailed description of the activities and copies of any materials published or distributed by the foundation in connection with the activities.* | | | |
| **c** Did the foundation file **Form 1120-POL** for this year? | **1c** | | X |
| **d** Enter the amount (if any) of tax on political expenditures (section 4955) imposed during the year: | | | |
| **(1)** On the foundation ▶ $ 0. **(2)** On foundation managers ▶ $ 0. | | | |
| **e** Enter the reimbursement (if any) paid by the foundation during the year for political expenditure tax imposed on foundation managers ▶ $ 0. | | | |
| **2** Has the foundation engaged in any activities that have not previously been reported to the IRS? | **2** | | X |
| *If 'Yes,' attach a detailed description of the activities* | | | |
| **3** Has the foundation made any changes, not previously reported to the IRS, in its governing instrument, articles of incorporation, or bylaws, or other similar instruments? *If 'Yes,' attach a conformed copy of the changes* | **3** | | X |
| **4 a** Did the foundation have unrelated business gross income of $1,000 or more during the year? | **4a** | | X |
| **b** If 'Yes,' has it filed a tax return on **Form 990-T** for this year? | **4b** | N/A | |
| **5** Was there a liquidation, termination, dissolution, or substantial contraction during the year? | **5** | | X |
| *If 'Yes,' attach the statement required by General Instruction T.* | | | |
| **6** Are the requirements of section 508(e) (relating to sections 4941 through 4945) satisfied either. | | | |
| • By language in the governing instrument, or | | | |
| • By state legislation that effectively amends the governing instrument so that no mandatory directions that conflict with the state law remain in the governing instrument? | **6** | X | |
| **7** Did the foundation have at least $5,000 in assets at any time during the year? *If 'Yes,' complete Part II, column (c), and Part XV* | **7** | X | |
| **8 a** Enter the states to which the foundation reports or with which it is registered (see instructions) ▶ | | | |
| GA | | | |
| **b** If the answer is 'Yes' to line 7, has the foundation furnished a copy of Form 990-PF to the Attorney General (or designate) of each state as required by *General Instruction G*? *If 'No,' attach explanation* | **8b** | X | |
| **9** Is the foundation claiming status as a private operating foundation within the meaning of section 4942(j)(3) or 4942(j)(5) for calendar year 2013 or the taxable year beginning in 2013 (see instructions for Part XIV)? *If 'Yes,' complete Part XIV* | **9** | | X |
| **10** Did any persons become substantial contributors during the tax year? *If 'Yes,' attach a schedule listing their names and addresses* | **10** | | X |

**BAA**                                                                 Form **990-PF** (2013)

EXHIBIT    Page 224
XXXX

Form **990-PF** (2013) TYLER PERRY FOUNDATION, INC.          26-0426383          Page 5

## Part VII-A | Statements Regarding Activities (continued)

| | | | Yes | No |
|---|---|---|---|---|
| **11** | At any time during the year, did the foundation, directly or indirectly, own a controlled entity within the meaning of section 512(b)(13)? If 'Yes,' attach schedule (see instructions) | **11** | | X |
| **12** | Did the foundation make a distribution to a donor advised fund over which the foundation or a disqualified person had advisory privileges? If 'Yes,' attach statement (see instructions) | **12** | | X |
| **13** | Did the foundation comply with the public inspection requirements for its annual returns and exemption application? | **13** | X | |

Website address ► N/A

**14** The books are in care of ► MARY TAYLOR          Telephone no. ► 404-355-6870

Located at ► 541 10TH STREET, SUITE 140  ATLANTA GA          ZIP + 4 ► 30318

**15** Section 4947(a)(1) nonexempt charitable trusts filing Form 990-PF in lieu of **Form 1041** — Check here ........ ► ☐   N/A

and enter the amount of tax-exempt interest received or accrued during the year ........ ► | 15 | | N/A

| | | | Yes | No |
|---|---|---|---|---|
| **16** | At any time during calendar year 2013, did the foundation have an interest in or a signature or other authority over a bank, securities, or other financial account in a foreign country? | **16** | | X |

See the instructions for exceptions and filing requirements for Form TD F 90-22 1 If 'Yes,' enter the name of the foreign country ►

## Part VII-B | Statements Regarding Activities for Which Form 4720 May Be Required

File Form 4720 if any item is checked in the 'Yes' column, unless an exception applies.

| | | | Yes | No |
|---|---|---|---|---|
| **1 a** During the year did the foundation (either directly or indirectly) | | | | |
| (1) Engage in the sale or exchange, or leasing of property with a disqualified person? | ☐ Yes ☒ No | | | |
| (2) Borrow money from, lend money to, or otherwise extend credit to (or accept it from) a disqualified person? | ☐ Yes ☒ No | | | |
| (3) Furnish goods, services, or facilities to (or accept them from) a disqualified person? | ☐ Yes ☒ No | | | |
| (4) Pay compensation to, or pay or reimburse the expenses of, a disqualified person? | ☐ Yes ☒ No | | | |
| (5) Transfer any income or assets to a disqualified person (or make any of either available for the benefit or use of a disqualified person)? | ☐ Yes ☒ No | | | |
| (6) Agree to pay money or property to a government official? (**Exception.** Check 'No' if the foundation agreed to make a grant to or to employ the official for a period after termination of government service, if terminating within 90 days ) | ☐ Yes ☒ No | | | |
| **b** If any answer is 'Yes' to 1a(1)-(6), did **any** of the acts fail to qualify under the exceptions described in Regulations section 53.4941(d)-3 or in a current notice regarding disaster assistance (see instructions)? | **1 b** | | N/A |
| Organizations relying on a current notice regarding disaster assistance check here ........ ► ☐ | | | |
| **c** Did the foundation engage in a prior year in any of the acts described in 1a, other than excepted acts, that were not corrected before the first day of the tax year beginning in 2013? | **1 c** | | X |
| **2** Taxes on failure to distribute income (section 4942) (does not apply for years the foundation was a private operating foundation defined in section 4942(j)(3) or 4942(j)(5)) | | | |
| **a** At the end of tax year 2013, did the foundation have any undistributed income (lines 6d and 6e, Part XIII) for tax year(s) beginning before 2013? | ☐ Yes ☒ No | | | |
| If 'Yes,' list the years ► 20 __ , 20 __ , 20 __ , 20 __ | | | |
| **b** Are there any years listed in 2a for which the foundation is **not** applying the provisions of section 4942(a)(2) (relating to incorrect valuation of assets) to the year's undistributed income? (If applying section 4942(a)(2) to **all** years listed, answer 'No' and attach statement — see instructions ) | **2 b** | | N/A |
| **c** If the provisions of section 4942(a)(2) are being applied to **any** of the years listed in 2a, list the years here. ► 20 __ , 20 __ , 20 __ , 20 __ | | | |
| **3 a** Did the foundation hold more than a 2% direct or indirect interest in any business enterprise at any time during the year? | ☐ Yes ☒ No | | | |
| **b** If 'Yes,' did it have excess business holdings in 2013 as a result of **(1)** any purchase by the foundation or disqualified persons after May 26, 1969, **(2)** the lapse of the 5-year period (or longer period approved by the Commissioner under section 4943(c)(7)) to dispose of holdings acquired by gift or bequest, or **(3)** the lapse of the 10-, 15-, or 20-year first phase holding period? (Use Schedule C, Form 4720, to determine if the foundation had excess business holdings in 2013.) | **3 b** | | N/A |
| **4 a** Did the foundation invest during the year any amount in a manner that would jeopardize its charitable purposes? | **4 a** | | X |
| **b** Did the foundation make any investment in a prior year (but after December 31, 1969) that could jeopardize its charitable purpose that had not been removed from jeopardy before the first day of the tax year beginning in 2013? | **4 b** | | X |

**BAA**          Form 990-PF (2013)

EXHIBIT X  Page 23

Form **990-PF** (2013)   TYLER PERRY FOUNDATION, INC.                                              26-0426383                  Page 6

| **Part VII-B** | **Statements Regarding Activities for Which Form 4720 May Be Required** *(continued)* |
|---|---|

**5a** During the year did the foundation pay or incur any amount to

(1) Carry on propaganda, or otherwise attempt to influence legislation (section 4945(e))? ☐ Yes ☒ No

(2) Influence the outcome of any specific public election (see section 4955), or to carry on, directly or indirectly, any voter registration drive? ☐ Yes ☒ No

(3) Provide a grant to an individual for travel, study, or other similar purposes? ☐ Yes ☒ No

(4) Provide a grant to an organization other than a charitable, etc, organization described in section 509(a)(1), (2), or (3), or section 4940(d)(2)? (see instructions) ☐ Yes ☒ No

(5) Provide for any purpose other than religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals? ☐ Yes ☒ No

**b** If any answer is 'Yes' to 5a(1)-(5), did any of the transactions fail to qualify under the exceptions described in Regulations section 53.4945 or in a current notice regarding disaster assistance (see instructions)? | **5b** | N/A

Organizations relying on a current notice regarding disaster assistance check here ▶ ☐

**c** If the answer is 'Yes' to question 5a(4), does the foundation claim exemption from the tax because it maintained expenditure responsibility for the grant?   N/A ☐ Yes ☐ No

*If 'Yes,' attach the statement required by Regulations section 53 4945-5(d)*

**6a** Did the foundation, during the year, receive any funds, directly or indirectly, to pay premiums on a personal benefit contract? ☐ Yes ☒ No

**b** Did the foundation, during the year, pay premiums, directly or indirectly, on a personal benefit contract? | **6b** | X

*If 'Yes' to 6b, file Form 8870*

**7a** At any time during the tax year, was the foundation a party to a prohibited tax shelter transaction? ☐ Yes ☒ No

**b** If 'Yes,' did the foundation receive any proceeds or have any net income attributable to the transaction? N/A | **7b** |

| **Part VIII** | **Information About Officers, Directors, Trustees, Foundation Managers, Highly Paid Employees, and Contractors** |
|---|---|

**1** List all officers, directors, trustees, foundation managers and their compensation (see instructions).

| **(a)** Name and address | **(b)** Title, and average hours per week devoted to position | **(c)** Compensation (If not paid, enter -0-) | **(d)** Contributions to employee benefit plans and deferred compensation | **(e)** Expense account, other allowances |
|---|---|---|---|---|
| EMMITT T. PERRY, JR.<br>541 TENTH STREET, SUITE 140<br>ATLANTA, GA 30318 | DIRECTOR<br>2.00 | 0. | 0. | 0. |
| MATTHEW JOHNSON<br>ZIFFREN, 1801 CENTURY PARK W.<br>LOS ANGELES, CA 90067 | DIRECTOR<br>2.00 | 0. | 0. | 0. |
| CICELY TYSON<br>541 TENTH STREET, SUITE 140<br>ATLANTA, GA 30318 | DIRECTOR<br>2.00 | 0. | 0. | 0. |
| | | | | |
| | | | | |

**2** Compensation of five highest-paid employees (other than those included on line 1 – see instructions). If none, enter 'NONE.'

| **(a)** Name and address of each employee paid more than $50,000 | **(b)** Title, and average hours per week devoted to position | **(c)** Compensation | **(d)** Contributions to employee benefit plans and deferred compensation | **(e)** Expense account, other allowances |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Total number of other employees paid over $50,000 ▶ | 0

BAA                                 TEEA0306L   07/10/13                                 Form **990-PF** (2013)


EXHIBIT F Page 226
XXXX

Form 990-PF (2013) TYLER PERRY FOUNDATION, INC.                    26-0426383         Page 7

**Part VIII** Information About Officers, Directors, Trustees, Foundation Managers, Highly Paid Employees, and Contractors *(continued)*

**3  Five highest-paid independent contractors for professional services (see instructions). If none, enter 'NONE.'**

| (a) Name and address of each person paid more than $50,000 | (b) Type of service | (c) Compensation |
|---|---|---|
| NONE | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Total number of others receiving over $50,000 for professional services ► | | 0 |

**Part IX-A** Summary of Direct Charitable Activities

| List the foundation's four largest direct charitable activities during the tax year. Include relevant statistical information such as the number of organizations and other beneficiaries served, conferences convened, research papers produced, etc. | Expenses |
|---|---|
| 1  N/A | |
| 2 | |
| 3 | |
| 4 | |

**Part IX-B** Summary of Program-Related Investments (see instructions)

| Describe the two largest program-related investments made by the foundation during the tax year on lines 1 and 2 | Amount |
|---|---|
| 1  N/A | |
| 2 | |
| All other program-related investments. See instructions. | |
| 3 | |
| **Total.** Add lines 1 through 3 ► | 0. |

BAA                                                                Form 990-PF (2013)

TEEA0307L   07/10/13



Form **990-PF** (2013) TYLER PERRY FOUNDATION, INC.                    26-0426383        Page **8**

**Part X** **Minimum Investment Return** (All domestic foundations must complete this part. Foreign foundations, see instructions.)

| | | | |
|---|---|---|---|
| 1 Fair market value of assets not used (or held for use) directly in carrying out charitable, etc, purposes. | | | |
| a Average monthly fair market value of securities | | 1a | |
| b Average of monthly cash balances | | 1b | 34,403. |
| c Fair market value of all other assets (see instructions) | | 1c | |
| d Total (add lines 1a, b, and c) | | 1d | 34,403. |
| e Reduction claimed for blockage or other factors reported on lines 1a and 1c (attach detailed explanation) | 1e    0. | | |
| 2 Acquisition indebtedness applicable to line 1 assets | | 2 | 0. |
| 3 Subtract line 2 from line 1d | | 3 | 34,403. |
| 4 Cash deemed held for charitable activities  Enter 1-1/2% of line 3 (for greater amount, see instructions) | | 4 | 516. |
| 5 **Net value of noncharitable-use assets.** Subtract line 4 from line 3. Enter here and on Part V, line 4 | | 5 | 33,887. |
| 6 **Minimum investment return.** Enter 5% of line 5 | | 6 | 1,694. |

**Part XI** **Distributable Amount** (see instructions) (Section 4942(j)(3) and (j)(5) private operating foundations and certain foreign organizations check here ▶ [ ] and do not complete this part.)

| | | | |
|---|---|---|---|
| 1 Minimum investment return from Part X, line 6 | | 1 | 1,694. |
| 2a Tax on investment income for 2013 from Part VI, line 5 | 2a | | |
| b Income tax for 2013  (This does not include the tax from Part VI ) | 2b | | |
| c Add lines 2a and 2b | | 2c | |
| 3 Distributable amount before adjustments  Subtract line 2c from line 1 | | 3 | 1,694. |
| 4 Recoveries of amounts treated as qualifying distributions | | 4 | |
| 5 Add lines 3 and 4 | | 5 | 1,694. |
| 6 Deduction from distributable amount (see instructions) | | 6 | |
| 7 **Distributable amount** as adjusted  Subtract line 6 from line 5  Enter here and on Part XIII, line 1 | | 7 | 1,694. |

**Part XII** **Qualifying Distributions** (see instructions)

| | | | |
|---|---|---|---|
| 1 Amounts paid (including administrative expenses) to accomplish charitable, etc, purposes. | | | |
| a Expenses, contributions, gifts, etc — total from Part I, column (d), line 26 | | 1a | 290,204. |
| b Program-related investments — total from Part IX-B | | 1b | |
| 2 Amounts paid to acquire assets used (or held for use) directly in carrying out charitable, etc, purposes | | 2 | |
| 3 Amounts set aside for specific charitable projects that satisfy the: | | | |
| a Suitability test (prior IRS approval required) | | 3a | |
| b Cash distribution test (attach the required schedule) | | 3b | |
| 4 **Qualifying distributions.** Add lines 1a through 3b  Enter here and on Part V, line 8, and Part XIII, line 4 | | 4 | 290,204. |
| 5 Foundations that qualify under section 4940(e) for the reduced rate of tax on net investment income. Enter 1% of Part I, line 27b (see instructions). | | 5 | |
| 6 **Adjusted qualifying distributions.** Subtract line 5 from line 4 | | 6 | 290,204. |

**Note.** The amount on line 6 will be used in Part V, column (b), in subsequent years when calculating whether the foundation qualifies for the section 4940(e) reduction of tax in those years

BAA                                                                  Form **990-PF** (2013)

TEEA0308L  07/10/13

EXHIBIT X   Page 1308

For **990-PF** (2013) TYLER PERRY FOUNDATION, INC.          26-0426383     Page **9**

**Part XIII** Undistributed Income (see instructions)

| | (a) Corpus | (b) Years prior to 2012 | (c) 2012 | (d) 2013 |
|---|---|---|---|---|
| **1** Distributable amount for 2013 from Part XI, line 7 | | | | 1,694. |
| **2** Undistributed income, if any, as of the end of 2013 | | | | |
| **a** Enter amount for 2012 only | | | 0. | |
| **b** Total for prior years: 20 , 20 , 20 | | 0. | | |
| **3** Excess distributions carryover, if any, to 2013 | | | | |
| **a** From 2008 | | | | |
| **b** From 2009 | | | | |
| **c** From 2010 | | | | |
| **d** From 2011 | | | | |
| **e** From 2012 | 121,061. | | | |
| **f** Total of lines 3a through e | 121,061. | | | |
| **4** Qualifying distributions for 2013 from Part XII, line 4 $ 290,204. | | | | |
| **a** Applied to 2012, but not more than line 2a | | | 0. | |
| **b** Applied to undistributed income of prior years (Election required — see instructions) | | 0. | | |
| **c** Treated as distributions out of corpus (Election required — see instructions) | 0. | | | |
| **d** Applied to 2013 distributable amount | | | | 1,694. |
| **e** Remaining amount distributed out of corpus | 288,510. | | | |
| **5** Excess distributions carryover applied to 2013 (If an amount appears in column (d), the same amount must be shown in column (a).) | 0. | | | 0. |
| **6** Enter the net total of each column as indicated below: | | | | |
| **a** Corpus Add lines 3f, 4c, and 4e Subtract line 5 | 409,571. | | | |
| **b** Prior years' undistributed income Subtract line 4b from line 2b | | 0. | | |
| **c** Enter the amount of prior years' undistributed income for which a notice of deficiency has been issued, or on which the section 4942(a) tax has been previously assessed | | 0. | | |
| **d** Subtract line 6c from line 6b Taxable amount — see instructions | | 0. | | |
| **e** Undistributed income for 2012 Subtract line 4a from line 2a Taxable amount — see instructions | | | 0. | |
| **f** Undistributed income for 2013. Subtract lines 4d and 5 from line 1 This amount must be distributed in 2014 | | | | 0. |
| **7** Amounts treated as distributions out of corpus to satisfy requirements imposed by section 170(b)(1)(F) or 4942(g)(3) (see instructions) | 0. | | | |
| **8** Excess distributions carryover from 2008 not applied on line 5 or line 7 (see instructions) | 0. | | | |
| **9** Excess distributions carryover to 2014. Subtract lines 7 and 8 from line 6a | 409,571. | | | |
| **10** Analysis of line 9 | | | | |
| **a** Excess from 2009 | | | | |
| **b** Excess from 2010 | | | | |
| **c** Excess from 2011 | | | | |
| **d** Excess from 2012 | 121,061. | | | |
| **e** Excess from 2013 | 288,510. | | | |

BAA                                Form **990-PF** (2013)

EXHIBIT X Page 231

Form **990-PF** (2013) TYLER PERRY FOUNDATION, INC.                    26-0426383           Page **10**

| Part XIV | Private Operating Foundations (see instructions and Part VII-A, question 9) | | | | N/A |
|---|---|---|---|---|---|

**1 a** If the foundation has received a ruling or determination letter that it is a private operating foundation, and the ruling is effective for 2013, enter the date of the ruling ►

**b** Check box to indicate whether the foundation is a private operating foundation described in section ☐ 4942(j)(3) or ☐ 4942(j)(5)

| 2 a Enter the lesser of the adjusted net income from Part I or the minimum investment return from Part X for each year listed | Tax year | Prior 3 years | | | |
|---|---|---|---|---|---|
| | (a) 2013 | (b) 2012 | (c) 2011 | (d) 2010 | (e) Total |
| **b** 85% of line 2a | | | | | |
| **c** Qualifying distributions from Part XII, line 4 for each year listed | | | | | |
| **d** Amounts included in line 2c not used directly for active conduct of exempt activities. | | | | | |
| **e** Qualifying distributions made directly for active conduct of exempt activities. Subtract line 2d from line 2c | | | | | |
| **3** Complete 3a, b, or c for the alternative test relied upon. | | | | | |
| **a** 'Assets' alternative test — enter. | | | | | |
| **(1)** Value of all assets | | | | | |
| **(2)** Value of assets qualifying under section 4942(j)(3)(B)(i) | | | | | |
| **b** 'Endowment' alternative test — enter 2/3 of minimum investment return shown in Part X, line 6 for each year listed | | | | | |
| **c** 'Support' alternative test — enter | | | | | |
| **(1)** Total support other than gross investment income (interest, dividends, rents, payments on securities loans (section 512(a)(5)), or royalties) | | | | | |
| **(2)** Support from general public and 5 or more exempt organizations as provided in section 4942(j)(3)(B)(iii) | | | | | |
| **(3)** Largest amount of support from an exempt organization | | | | | |
| **(4)** Gross investment income | | | | | |

| Part XV | Supplementary Information (Complete this part only if the foundation had $5,000 or more in assets at any time during the year — see instructions.) |
|---|---|

**1   Information Regarding Foundation Managers:**

**a** List any managers of the foundation who have contributed more than 2% of the total contributions received by the foundation before the close of any tax year (but only if they have contributed more than $5,000). (See section 507(d)(2).)

EMMITT T. PERRY, JR.

**b** List any managers of the foundation who own 10% or more of the stock of a corporation (or an equally large portion of the ownership of a partnership or other entity) of which the foundation has a 10% or greater interest.

NONE

**2   Information Regarding Contribution, Grant, Gift, Loan, Scholarship, etc, Programs:**

Check here ► ☐ if the foundation only makes contributions to preselected charitable organizations and does not accept unsolicited requests for funds. If the foundation makes gifts, grants, etc (see instructions) to individuals or organizations under other conditions, complete items 2a, b, c, and d

**a** The name, address, and telephone number or e-mail of the person to whom applications should be addressed

SEE STATEMENT 3

**b** The form in which applications should be submitted and information and materials they should include.

SEE STATEMENT FOR LINE 2A

**c** Any submission deadlines.

SEE STATEMENT FOR LINE 2A

**d** Any restrictions or limitations on awards, such as by geographical areas, charitable fields, kinds of institutions, or other factors:

SEE STATEMENT FOR LINE 2A

**BAA**                              TEEA0310L   07/10/13                      Form **990-PF** (2013)



Form 990-PF (2013) TYLER PERRY FOUNDATION, INC.                    26-0426383      Page 11

**Part XV  Supplementary Information** (continued)

**3  Grants and Contributions Paid During the Year or Approved for Future Payment**

| Recipient | If recipient is an individual, show any relationship to any foundation manager or substantial contributor | Foundation status of recipient | Purpose of grant or contribution | Amount |
|---|---|---|---|---|
| Name and address (home or business) | | | | |
| **a** *Paid during the year* | | | | |
| SEE STATEMENT 4 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total** | | | ► **3a** | 290,204. |
| **b** *Approved for future payment* | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total** | | | ► **3b** | |

BAA                              TEEA0501L  07/11/13                         Form 990-PF (2013)

EXHIBIT H  Page 233

Form 990-PF (2013)   TYLER PERRY FOUNDATION, INC.                 26-0426383              Page **12**

## Part XVI-A | Analysis of Income-Producing Activities

| Enter gross amounts unless otherwise indicated | Unrelated business income | | Excluded by section 512, 513, or 514 | | (e) Related or exempt function income (See instructions) |
|---|---|---|---|---|---|
| | (a) Business code | (b) Amount | (c) Exclusion code | (d) Amount | |
| **1** Program service revenue | | | | | |
|   a _____ | | | | | |
|   b _____ | | | | | |
|   c _____ | | | | | |
|   d _____ | | | | | |
|   e _____ | | | | | |
|   f _____ | | | | | |
|   g Fees and contracts from government agencies | | | | | |
| **2** Membership dues and assessments | | | | | |
| **3** Interest on savings and temporary cash investments | | | 14 | 4. | |
| **4** Dividends and interest from securities | | | | | |
| **5** Net rental income or (loss) from real estate | | | | | |
|   a Debt-financed property | | | | | |
|   b Not debt-financed property | | | | | |
| **6** Net rental income or (loss) from personal property | | | | | |
| **7** Other investment income | | | | | |
| **8** Gain or (loss) from sales of assets other than inventory | | | | | |
| **9** Net income or (loss) from special events | | | | | |
| **10** Gross profit or (loss) from sales of inventory | | | | | |
| **11** Other revenue | | | | | |
|   a _____ | | | | | |
|   b _____ | | | | | |
|   c _____ | | | | | |
|   d _____ | | | | | |
|   e _____ | | | | | |
| **12** Subtotal Add columns (b), (d), and (e) | | | | 4. | |
| **13** Total. Add line 12, columns (b), (d), and (e) | | | | 13 | 4. |

(See worksheet in line 13 instructions to verify calculations )

## Part XVI-B | Relationship of Activities to the Accomplishment of Exempt Purposes

| Line No. ▼ | Explain below how each activity for which income is reported in column (e) of Part XVI-A contributed importantly to the accomplishment of the foundation's exempt purposes (other than by providing funds for such purposes) (See instructions). |
|---|---|
| N/A | |

EXHIBIT F Page 234

EX.XXXX.P.13

Form **990-PF** (2013)   TYLER PERRY FOUNDATION, INC.                                      26-0426383        Page 13

## Part XVII   Information Regarding Transfers To and Transactions and Relationships With Noncharitable Exempt Organizations

|  |  | Yes | No |
|---|---|---|---|
| 1 | Did the organization directly or indirectly engage in any of the following with any other organization described in section 501(c) of the Code (other than section 501(c)(3) organizations) or in section 527, relating to political organizations? |  |  |
| a | Transfers from the reporting foundation to a noncharitable exempt organization of: |  |  |
| (1) | Cash | 1a(1) | X |
| (2) | Other assets | 1a(2) | X |
| b | Other transactions. |  |  |
| (1) | Sales of assets to a noncharitable exempt organization | 1b(1) | X |
| (2) | Purchases of assets from a noncharitable exempt organization | 1b(2) | X |
| (3) | Rental of facilities, equipment, or other assets | 1b(3) | X |
| (4) | Reimbursement arrangements | 1b(4) | X |
| (5) | Loans or loan guarantees | 1b(5) | X |
| (6) | Performance of services or membership or fundraising solicitations | 1b(6) | X |
| c | Sharing of facilities, equipment, mailing lists, other assets, or paid employees | 1c | X |

d If the answer to any of the above is 'Yes,' complete the following schedule. Column (b) should always show the fair market value of the goods, other assets, or services given by the reporting foundation. If the foundation received less than fair market value in any transaction or sharing arrangement, show in column (d) the value of the goods, other assets, or services received

| (a) Line no | (b) Amount involved | (c) Name of noncharitable exempt organization | (d) Description of transfers, transactions, and sharing arrangements |
|---|---|---|---|
| N/A |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2 a Is the foundation directly or indirectly affiliated with, or related to, one or more tax-exempt organizations described in section 501(c) of the Code (other than section 501(c)(3)) or in section 527?   ☐ Yes   ☒ No

b If 'Yes,' complete the following schedule

| (a) Name of organization | (b) Type of organization | (c) Description of relationship |
|---|---|---|
| N/A |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge

| Sign Here | Signature of officer or trustee | Date 11-6-14 | Title DIRECTOR | May the IRS discuss this return with the preparer shown below (see instructions)? ☐ Yes ☐ No |
|---|---|---|---|---|

| Paid Preparer Use Only | Print/Type preparer's name | Preparer's signature NON-PAID PREPARER | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
|  | Firm's name ▶ |  |  | Firm's EIN ▶ |  |
|  | Firm's address ▶ |  |  | Phone no |  |

BAA                                                                                      Form **990-PF** (2013)

TEEA0503L   07/11/13

EXHIBIT W   Page 23

| **Schedule B**<br>**(Form 990, 990-EZ,**<br>**or 990-PF)**<br><br>Department of the Treasury<br>Internal Revenue Service | **Schedule of Contributors**<br><br>► **Attach to Form 990, Form 990-EZ, or Form 990-PF**<br>► Information about Schedule B (Form 990, 990-EZ, 990-PF) and its instructions is at *www.irs.gov/form990.* | OMB No 1545-0047<br><br>**2013** |

| Name of the organization | Employer identification number |
|---|---|
| TYLER PERRY FOUNDATION, INC. | 26-0426383 |

**Organization type** (check one):

**Filers of:**      **Section:**

Form 990 or 990-EZ      ☐ 501(c)(   ) (enter number) organization

                ☐ 4947(a)(1) nonexempt charitable trust **not** treated as a private foundation

                ☐ 527 political organization

Form 990-PF      ☒ 501(c)(3) exempt private foundation

                ☐ 4947(a)(1) nonexempt charitable trust treated as a private foundation

                ☐ 501(c)(3) taxable private foundation

Check if your organization is covered by the **General Rule** or a **Special Rule**

**Note.** Only a section 501(c)(7), (8), or (10) organization can check boxes for both the General Rule and a Special Rule. See instructions

**General Rule**

☒ For an organization filing Form 990, 990-EZ, or 990-PF that received, during the year, $5,000 or more (in money or property) from any one
contributor. (Complete Parts I and II.)

**Special Rules**

☐ For a section 501(c)(3) organization filing Form 990 or 990-EZ that met the 33-1/3% support test of the regulations under sections
509(a)(1) and 170(b)(1)(A)(vi) and received from any one contributor, during the year, a contribution of the greater of **(1)** $5,000 or
**(2)** 2% of the amount on **(i)** Form 990, Part VIII, line 1h, or **(ii)** Form 990-EZ, line 1. Complete Parts I and II

☐ For a section 501(c)(7), (8), or (10) organization filing Form 990 or 990-EZ that received from any one contributor, during the year,
total contributions of more than $1,000 for use *exclusively* for religious, charitable, scientific, literary, or educational purposes, or
the prevention of cruelty to children or animals  Complete Parts I, II, and III

☐ For a section 501(c)(7), (8), or (10) organization filing Form 990 or 990-EZ that received from any one contributor, during the year,
contributions for use *exclusively* for religious, charitable, etc, purposes, but these contributions did not total to more than $1,000
If this box is checked, enter here the total contributions that were received during the year for an *exclusively* religious, charitable, etc,
purpose  Do not complete any of the parts unless the **General Rule** applies to this organization because it received nonexclusively
religious, charitable, etc, contributions of $5,000 or more during the year          ► $ _____

**Caution:** An organization that is not covered by the General Rule and/or the Special Rules does not file Schedule B (Form 990, 990-EZ, or
990-PF) but it **must** answer 'No' on Part IV, line 2, of its Form 990, or check the box on line H of its Form 990-EZ or on its Form 990-PF,
Part I, line 2, to certify that it does not meet the filing requirements of Schedule B (Form 990, 990-EZ, or 990-PF).

**BAA  For Paperwork Reduction Act Notice, see the Instructions for Form 990, 990EZ,**      Schedule **B** (Form 990, 990-EZ, or 990-PF) (2013)
**or 990-PF.**

EXHIBIT A  Page 214

Schedule B (Form 990, 990-EZ, or 990-PF) (2013)      Page   1  of  1 of Part 1

**Name of organization**
TYLER PERRY FOUNDATION, INC.

**Employer identification number**
26-0426383

**Part I**    **Contributors** (see instructions) Use duplicate copies of Part I if additional space is needed

| (a) Number | (b) Name, address, and ZIP + 4 | (c) Total contributions | (d) Type of contribution |
|---|---|---|---|
| 1 | EMMITT T. PERRY, JR. <br> 541 10TH STREET, SUITE 140 <br> ATLANTA, GA 30318 | $ 190,000. | Person ☒ <br> Payroll ☐ <br> Noncash ☐ <br> (Complete Part II for noncash contributions.) |
| 2 | VERY PERRY FILMS <br> 541 10TH STREET, SUITE 172 <br> ATLANTA, GA 30318 | $ 54,276. | Person ☒ <br> Payroll ☐ <br> Noncash ☐ <br> (Complete Part II for noncash contributions ) |
| | | $ | Person ☐ <br> Payroll ☐ <br> Noncash ☐ <br> (Complete Part II for noncash contributions ) |
| | | $ | Person ☐ <br> Payroll ☐ <br> Noncash ☐ <br> (Complete Part II for noncash contributions.) |
| | | $ | Person ☐ <br> Payroll ☐ <br> Noncash ☐ <br> (Complete Part II for noncash contributions ) |
| | | $ | Person ☐ <br> Payroll ☐ <br> Noncash ☐ <br> (Complete Part II for noncash contributions.) |

BAA          TEEA0702L  12/27/13      Schedule B (Form 990, 990-EZ, or 990-PF) (2013)



Schedule **B** (Form 990, 990-EZ, or 990-PF) (2013)

Page **1** to **1** of Part II

| Name of organization | Employer identification number |
|---|---|
| TYLER PERRY FOUNDATION, INC. | 26-0426383 |

**Part II** Noncash Property (see instructions). Use duplicate copies of Part II if additional space is needed

| (a) No. from Part I | (b) Description of noncash property given | (c) FMV (or estimate) (see instructions) | (d) Date received |
|---|---|---|---|
| | N/A | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

BAA

Schedule B (Form 990, 990-EZ, or 990-PF) (2013)

TEEA0703L   12/27/13

EXHIBIT V Page 238

Schedule B (Form 990, 990-EZ, or 990-PF) (2013)

Page $\boxed{1}$ to $\boxed{1}$ of Part III

| Name of organization | Employer identification number |
|---|---|
| TYLER PERRY FOUNDATION, INC. | 26-0426383 |

**Part III** *Exclusively* religious, charitable, etc., individual contributions to section 501(c)(7), (8) or (10) organizations that total more than $1,000 for the year. Complete columns (a) through (e) and the following line entry.

For organizations completing Part III, enter total of *exclusively* religious, charitable, etc, contributions of **$1,000 or less** for the year  (Enter this information once. See instructions )  ▶ $ _ _ _ _ _ _ _ _ N/A

Use duplicate copies of Part III if additional space is needed

| (a) No. from Part I | (b) Purpose of gift | (c) Use of gift | (d) Description of how gift is held |
|---|---|---|---|
| | N/A | | |
| | | | |

| (e) Transfer of gift | |
|---|---|
| Transferee's name, address, and ZIP + 4 | Relationship of transferor to transferee |
| | |
| | |
| | |

| (a) No. from Part I | (b) Purpose of gift | (c) Use of gift | (d) Description of how gift is held |
|---|---|---|---|
| | | | |
| | | | |

| (e) Transfer of gift | |
|---|---|
| Transferee's name, address, and ZIP + 4 | Relationship of transferor to transferee |
| | |
| | |
| | |

| (a) No. from Part I | (b) Purpose of gift | (c) Use of gift | (d) Description of how gift is held |
|---|---|---|---|
| | | | |
| | | | |

| (e) Transfer of gift | |
|---|---|
| Transferee's name, address, and ZIP + 4 | Relationship of transferor to transferee |
| | |
| | |
| | |

| (a) No. from Part I | (b) Purpose of gift | (c) Use of gift | (d) Description of how gift is held |
|---|---|---|---|
| | | | |
| | | | |

| (e) Transfer of gift | |
|---|---|
| Transferee's name, address, and ZIP + 4 | Relationship of transferor to transferee |
| | |
| | |
| | |

BAA

TEEA0704L  12/27/13

Schedule B (Form 990, 990-EZ, or 990-PF) (2013)

EXHIBIT X Page 239

| 2013 | FEDERAL STATEMENTS | PAGE 1 |
|---|---|---|
| | TYLER PERRY FOUNDATION, INC. | 26-0426383 |

**STATEMENT 1**
**FORM 990-PF, PART I, LINE 23**
**OTHER EXPENSES**

| | | (A) EXPENSES PER BOOKS | (B) NET INVESTMENT INCOME | (C) ADJUSTED NET INCOME | (D) CHARITABLE PURPOSES |
|---|---|---|---|---|---|
| BANK SERVICE CHARGES | | $ 320. | | | |
| | TOTAL | $ 320. | $ 0. | $ 0. | $ 0. |

**STATEMENT 2**
**FORM 990-PF, PART III, LINE 3**
**OTHER INCREASES**

| | | |
|---|---|---|
| ROUNDING ADJ | | $ 1. |
| | TOTAL | $ 1. |

**STATEMENT 3**
**FORM 990-PF, PART XV, LINE 2A-D**
**APPLICATION SUBMISSION INFORMATION**

| | |
|---|---|
| NAME OF GRANT PROGRAM: | |
| NAME: | TYLER PERRY FOUNDATION, INC. |
| CARE OF: | |
| STREET ADDRESS: | 541 10TH STREET, SUITE 140 |
| CITY, STATE, ZIP CODE: | ATLANTA, GA 30318 |
| TELEPHONE: | |
| E-MAIL ADDRESS: | |
| FORM AND CONTENT: | REQUESTS FOR CONTRIBUTIONS SHOULD BE SUBMITTED IN WRITING TO THE FOUNDATION. |
| SUBMISSION DEADLINES: | |
| RESTRICTIONS ON AWARDS: | |

**STATEMENT 4**
**FORM 990-PF, PART XV, LINE 3A**
**RECIPIENT PAID DURING THE YEAR**

| NAME AND ADDRESS | DONEE RELATIONSHIP | FOUND-ATION STATUS | PURPOSE OF GRANT | AMOUNT |
|---|---|---|---|---|
| HOSEA FEED THE HUNGRY FOUNDATION P.O. BOX 4672 ATLANTA, GA 30302 | | PC | FOR PROVIDING MEALS FOR INDIVIDUALS IN NEED | $ 200,000. |
| FORT STREET UNITED METHODIST CHURCH 562 BOULEVARD, NE ATLANTA, GA 30308 | | PC | FOR PROVIDING ASSISTANCE TO THOSE IN NEED | 26,000. |


EXHIBIT XXXX Page. 246

| 2013 | FEDERAL STATEMENTS | PAGE 2 |
|---|---|---|
| | TYLER PERRY FOUNDATION, INC. | 26-0426383 |

**STATEMENT 4 (CONTINUED)**
**FORM 990-PF, PART XV, LINE 3A**
**RECIPIENT PAID DURING THE YEAR**

| NAME AND ADDRESS | DONEE RELATIONSHIP | FOUND- ATION STATUS | PURPOSE OF GRANT | AMOUNT |
|---|---|---|---|---|
| ST ELIZABETH CATHOLIC CHURCH 6635 TOBIAS AVENUE VAN NUYS, CA 91405 | | PC | FOR SUPPORTING THE ORGANIZATION'S ACTIVITIES | $ 5,000. |
| SECOND ARNOLD MISSIONARY BAPTIST CHURCH 1427 E. 37TH STREET SAVANNAH, GA 31404 | | PC | FOR SUPPORTING THE ORGANIZATION'S ACTIVITIES | 5,000. |
| PANTHER PRIDE TOUCHDOWN CLUB P.O. BOX 2515 LILBURN, GA 30048 | | PC | FOR SUPPORTING THE ORGANIZATION'S STUDENT/ATHLETE ACTIVITIES | 5,000. |
| SHELTERING ARMS 385 CENTENNIAL OLYMPIC PARK DRIVE, ATLANTA, GA 30313 | | PC | FOR EARLY CARE AND EDUCATION TO CHILDREN FROM LOW-INCOME WORKING FAMILIES | 5,000. |
| CREATIVE EXPERIENCE EDUCATION CENTER 11830 WILMINGTON AVENUE LOS ANGELES, CA 90059 | | PC | FOR PROMOTING EARLY CHILDHOOD LEARNING | 5,000. |
| CHRISTIAN RITES OF PASSAGE, INC. P.O. BOX 680521 MARIETTA, GA 30068 | | PC | FOR SUPPORTING THE ORGANIZATION'S TEEN-CENTERED ACTIVITIES | 5,000. |
| ATLANTA POLICE ATHLETIC LEAGUE 120 ANDERSON AVENUE NW ATLANTA, GA 30314 | | PC | FOR PROVIDING SUPPORT FOR YOUTH AND COMMUNITY ACTIVITITES | 5,000. |
| MOUNT CARMEL LOVELINKS CORP. 2755 CAMPBELLTON RD SW ATLANTA, GA 30311 | | PC | FOR SUPPORTING THE ORGANIZATION'S ACTIVITIES | 5,000. |
| THE YNOTT FOUNDATION P.O. BOX 55555 ATLANTA, GA 30308 | | PC | FOR PROVIDING PATIENT SUPPORT AND PROMOTING PREVENTION AND AWARENESS | 5,000. |

| 2013 | **FEDERAL STATEMENTS** | **PAGE 3** |
|---|---|---|
| | **TYLER PERRY FOUNDATION, INC.** | **26-0426383** |

**STATEMENT 4 (CONTINUED)**
**FORM 990-PF, PART XV, LINE 3A**
**RECIPIENT PAID DURING THE YEAR**

| NAME AND ADDRESS | DONEE RELATIONSHIP | FOUND-ATION STATUS | PURPOSE OF GRANT | AMOUNT |
|---|---|---|---|---|
| WHITE PLAINS DOWNTOWN DISTRICT MGMT ASSC 14 MAMARONECK AVE WHITE PLAINS, NY 10601 | | PC | FOR SUPPORTING THE ORGANIZATION'S YOUTH-RELATED ACTIVITIES | $ 2,204. |
| VICTORY CHRISTIAN INTN'L MINISTRIES 23855 S. JONATHAN LANE CRETE, IL 60417 | | PC | FOR PROVIDING COMMUNITY SERVICES | 2,000. |
| NICHOLAS HOUSE 830 BOULEVARD, SE ATLANTA, GA 30312 | | PC | FOR PROVIDING HOLIDAY GIFTS FOR INDIVIDUALS IN NEED | 5,001. |
| ATLANTA COMMUNITY FOOD BANK 732 JOSEPH E. LOWERY BLVD., NW ATLANTA, GA 30318 | | PC | FOR PROVIDING HOLIDAY MEALS AND GIFTS FOR INDIVIDUALS IN NEED | 5,000. |
| CHILDRENS HEALTH CARE OF ATLANTA 1405 CLIFTON ROAD NE ATLANTA, GA 30322 | | SO I | FOR PROVIDING HOLIDAY GIFTS FOR CHILDREN IN NEED | 4,999. |

TOTAL $ 290,204.

Form **8868**
(Rev January 2014)

Department of the Treasury
Internal Revenue Service

## Application for Extension of Time To File an Exempt Organization Return

▶ File a separate application for each return.

▶ Information about Form 8868 and its instructions is at *www.irs.gov/form8868.*

OMB No 1545-1709

- If you are filing for an **Automatic 3-Month Extension,** complete only Part I and check this box. . . . . . . . . ▶ ☒
- If you are filing for an **Additional (Not Automatic) 3-Month Extension,** complete only Part II (on page 2 of this form).

*Do not complete Part II unless* you have already been granted an automatic 3-month extention on a previously filed Form 8868.

**Electronic filing** *(e-file).* You can electronically file Form 8868 if you need a 3-month automatic extension of time to file (6 months for a corporation required to file Form 990-T, or an additional (not automatic) 3-month extension of time. You can electronically file Form 8868 to request an extension of time to file one of the forms listed in Part I or Part II with the exception of Form 8870, Information Return for Transfers Associated With Certain Personal Benefit Contracts, which must be sent to the IRS in paper format (see instructions). For more details on the electronic filing of this form, visit *www irs.gov/efile* and click on *e-file for Charities & Nonprofits.*

### Part I   Automatic 3-Month Extension of Time. Only submit original (no copies needed).

A corporation required to file Form 990-T and requesting an automatic 6-month extension — check this box and complete Part I only   ▶ ☐

*All other corporations (including 1120-C filers), partnerships, REMICs, and trusts must use Form 7004 to request an extension of time to file income tax returns.*

Enter filer's identifying number, see instructions

| Type or print | Name of exempt organization or other filer, see instructions | Employer identification number (EIN) or |
|---|---|---|
| | TYLER PERRY FOUNDATION, INC. | 26-0426383 |
| File by the due date for filing your return See instructions | Number, street, and room or suite number If a P O box, see instructions | Social security number (SSN) |
| | 541 10TH STREET, SUITE 140 | |
| | City, town or post office, state, and ZIP code For a foreign address, see instructions | |
| | ATLANTA, GA 30318 | |

Enter the Return code for the return that this application is for (file a separate application for each return).   . .   ☐☒ **04**

| Application Is For | Return Code | Application Is For | Return Code |
|---|---|---|---|
| Form 990 or Form 990-EZ | 01 | Form 990-T (corporation) | 07 |
| Form 990-BL | 02 | Form 1041-A | 08 |
| Form 4720 (individual) | 03 | Form 4720 (other than individual) | 09 |
| Form 990-PF | 04 | Form 5227 | 10 |
| Form 990-T (section 401(a) or 408(a) trust) | 05 | Form 6069 | 11 |
| Form 990-T (trust other than above) | 06 | Form 8870 | 12 |

- The books are in the care of ▶ MARY TAYLOR _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

    Telephone No. ▶ 404-355-6870 _ _ _ _ _ _ _   Fax No. ▶ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
- If the organization does not have an office or place of business in the United States, check this box   . . . . . ▶ ☐
- If this is for a Group Return, enter the organization's four digit Group Exemption Number (GEN) _ _ _ _ _ _ . If this is for the whole group, check this box   . ▶ ☐ . If it is for part of the group, check this box   ▶ ☐ and attach a list with the names and EINs of all members the extension is for.

1   I request an automatic 3-month (6 months for a corporation required to file Form 990-T) extension of time
    until _ 8/15 _ _ _ _, 20 14 _, to file the exempt organization return for the organization named above.
    The extension is for the organization's return for:
    ▶ ☒ calendar year 20 13 _ or
    ▶ ☐ tax year beginning _ _ _ _ _ _ _, 20 _ _ _, and ending _ _ _ _ _ _ _, 20 _ _.

2   If the tax year entered in line 1 is for less than 12 months, check reason:  ☐ Initial return   ☐ Final return
    ☐ Change in accounting period

| | | | |
|---|---|---|---|
| **3a** If this application is for Forms 990-BL, 990-PF, 990-T, 4720, or 6069, enter the tentative tax, less any nonrefundable credits. See instructions   . . . . . . . . . . . | **3a** | $ | 0. |
| **b** If this application is for Forms 990-PF, 990-T, 4720, or 6069, enter any refundable credits and estimated tax payments made. Include any prior year overpayment allowed as a credit   . . . . . . . | **3b** | $ | 0. |
| **c Balance due.** Subtract line 3b from line 3a. Include your payment with this form, if required, by using EFTPS (Electronic Federal Tax Payment System). See instructions. . . . . . . . | **3c** | $ | 0. |

**Caution.** If you are going to make an electronic funds withdrawal (direct debit) with this Form 8868, see Form 8453-EO and Form 8879-EO for payment instructions.

BAA For Privacy Act and Paperwork Reduction Act Notice, see instructions.   Form 8868 (Rev 1-2014)

FIFZ0501L 12/31/13



EXHIBIT F Page 243

Form **8868** (Rev 1-2014)                                                                                                        Page **2**

• If you are filing for an **Additional (Not Automatic) 3-Month Extension, complete only Part II and check this box** ...   . . . . . . . ▶ ☒

**Note.** Only complete Part II if you have already been granted an automatic 3-month extension on a previously filed Form 8868.

• If you are filing for an **Automatic 3-Month Extension, complete only Part I (on page 1).**

**Part II**   **Additional (Not Automatic) 3-Month Extension of Time. Only file the original (no copies needed).**

|  | Enter filer's identifying number, see instructions |
|---|---|
| **Type or print**   Name of exempt organization or other filer, see instructions.<br>TYLER PERRY FOUNDATION, INC. | Employer identification number (EIN) or<br>26-0426383 |
| **File by the extended due date for filing your return. See instructions.**   Number, street, and room or suite number. If a P.O. box, see instructions.<br>541 10TH STREET, SUITE 140 | Social security number (SSN) |
| City, town or post office, state, and ZIP code. For a foreign address, see instructions.<br>ATLANTA, GA 30318 | |

Enter the Return code for the return that this application is for (file a separate application for each return)............ .   .... ...    **04**

| Application is For | Return Code | Application is For | Return Code |
|---|---|---|---|
| Form 990 or Form 990-EZ | 01 | | |
| Form 990-BL | 02 | Form 1041-A | 08 |
| Form 4720 (individual) | 03 | Form 4720 (other than individual) | 09 |
| Form 990-PF | 04 | Form 5227 | 10 |
| Form 990-T (section 401(a) or 408(a) trust) | 05 | Form 6069 | 11 |
| Form 990-T (trust other than above) | 06 | Form 8870 | 12 |

**STOP!** Do not complete Part II if you were not already granted an automatic 3-month extension on a previously filed Form 8868.

• The books are in care of ▶   MARY TAYLOR _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

   Telephone No. ▶   404-355-6870 _ _ _ _ _ _    Fax No. ▶ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

• If the organization does not have an office or place of business in the United States, check this box. .  . . . . . . . . . . . . . . . . . . . . . ▶ ☐

• If this is for a Group Return, enter the organization's four digit Group Exemption Number (GEN)... _ _ _ _ _ _ _ _ . If this is for the

whole group, check this box ... ▶ ☐ . If it is for part of the group, check this box ▶ ☐ and attach a list with the names and EINs of all

members the extension is for.

4   I request an additional 3-month extension of time until 11/15 _ _ _ _ , 20 14 .

5   For calendar year 2013 . or other tax year beginning _ _ _ _ _ _ _ _ , 20 _ _ , and ending _ _ _ _ _ _ _ _ , 20 _ _ .

6   If the tax year entered in line 5 is for less than 12 months, check reason: ☐ Initial return    ☐ Final return

   ☐ Change in accounting period

7   State in detail why you need the extension.. _ ADDITIONAL TIME IS REQUIRED TO GATHER INFORMATION _ _ _ _ _

   NEEDED TO PREPARE A COMPLETE AND ACCURATE RETURN. _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| **8a** If this application is for Forms 990-BL, 990-PF, 990-T, 4720, or 6069, enter the tentative tax, less any nonrefundable credits. See instructions | **8a** $ | 0. |
| **b** If this application is for Forms 990-PF, 990-T, 4720, or 6069, enter any refundable credits and estimated tax payments made. Include any prior year overpayment allowed as a credit and any amount paid previously with Form 8868 | **8b** $ | 0. |
| **c Balance due.** Subtract line 8b from line 8a. Include your payment with this form, if required, by using EFTPS (Electronic Federal Tax Payment System). See instructions | **8c** $ | 0. |

### Signature and Verification must be completed for Part II only.

Under penalties of perjury, I declare that I have examined this form, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and that I am authorized to prepare this form.

Signature ▶ _[signature]_    Title ▶ CPA    Date ▶ 8/14/14

**BAA**     FIFZ0502L 12/31/13     Form **8868** (Rev 1-2014)

_Ex XXXIXF Page 244_

**EXHIBIT YYYY**

Georgia Corporations Division
TTPC, Inc.
Pages 1-4



# GEORGIA
# CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
## BRIAN P. KEMP

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **TTPC, Inc.** | Control Number: | **0263255** |
| Business Type: | **Domestic Profit Corporation** | Business Status: | **Active/Compliance** |
| Business Purpose: | | | |
| Principal Office Address: | **541 Tenth Street, #172, Atlanta, GA, 30318, USA** | Date of Formation / Registration Date: | **12/18/2002** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **2017** |

### REGISTERED AGENT INFORMATION

Registered Agent Name: **Midtown Registered Agent Services, Inc.**

Physical Address: **75 14th Street, Suite 2200, Fulton, ATLANTA, GA, 30309, USA**

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| E T PERRY | Secretary | 541 Tenth Street, # 172, ATLANTA, GA, 30318, USA |
| E T PERRY | CEO | 541 Tenth Street, # 172, ATLANTA, GA, 30318, USA |
| E T PERRY | CFO | 541 Tenth Street, # 172, ATLANTA, GA, 30318, USA |

Back        Filing History        Name History

Return to Business Search

Ex . YYYY P. 10f4



## GEORGIA
## CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRIAN P. KEMP

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **TYLER PERRY STUDIOS, LLC** | Control Number: | **0623742** |
| Business Type: | **Domestic Limited Liability Company** | Business Status: | **Active/Compliance** |
| Business Purpose: | | | |
| Principal Office Address: | **541 Tenth Street, #172, ATLANTA, GA, 30318, USA** | Date of Formation / Registration Date: | **3/14/2006** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **2017** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Midtown Registered Agent Services, Inc.** |
| Physical Address: | **75 14th Street, Suite 2200, Fulton, ATLANTA, GA, 30309, USA** |

Back

Filing History    Name History

Return to Business Search

Ex. YYYY P. 2 of 4



# GEORGIA
# CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRIAN P. KEMP

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **TTPC, Inc.** | Control Number: | **0263255** |
| Business Type: | **Domestic Profit Corporation** | Business Status: | **Active/Compliance** |
| Business Purpose: | | | |
| Principal Office Address: | **541 Tenth Street, #172, Atlanta, GA, 30318, USA** | Date of Formation / Registration Date: | **12/18/2002** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **2017** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Midtown Registered Agent Services, Inc.** |
| Physical Address: | **75 14th Street, Suite 2200, Fulton, ATLANTA, GA, 30309, USA** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| E T PERRY | Secretary | 541 Tenth Street, # 172, ATLANTA, GA, 30318, USA |
| E T PERRY | CEO | 541 Tenth Street, # 172, ATLANTA, GA, 30318, USA |
| E T PERRY | CFO | 541 Tenth Street, # 172, ATLANTA, GA, 30318, USA |

Back

Filing History      Name History

Return to Business Search

Ex YYYY P. 3 of 4

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530, Phone: (404) 656-2817 Toll-free: (844) 753-7825, WEBSITE: http://www.sos.ga.gov/

© 2015 PCC Technology Group. All Rights Reserved. Version 2.1.2a      **Report a Problem?**

EXHIBIT 8   Page 249



# GEORGIA
# CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRIAN P. KEMP

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **TYLER PERRY STUDIOS, LLC** | Control Number: | **0623742** |
| Business Type: | **Domestic Limited Liability Company** | Business Status: | **Active/Compliance** |
| Business Purpose: | | | |
| Principal Office Address: | **541 Tenth Street, #172, ATLANTA, GA, 30318, USA** | Date of Formation / Registration Date: | **3/14/2006** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **2017** |

### REGISTERED AGENT INFORMATION

Registered Agent Name: **Midtown Registered Agent Services, Inc.**

Physical Address: **75 14th Street, Suite 2200, Fulton, ATLANTA, GA, 30309, USA**

Back

Filing History     Name History

Return to Business Search

$$EXYYYY \ P \ 4 \ of \ 4$$

EXHIBIT ZZZZ

Lionsgate Entertainment Inc.

P. 3of3

**Alex Padilla**
**California Secretary of State**

 **Business Search - Entity Detail**

The California Business Search is updated daily and reflects work processed through Friday, June 30, 2017. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

C2264540   LIONS GATE ENTERTAINMENT INC.

| | |
|---|---|
| **Registration Date:** | 09/29/2000 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | C T CORPORATION SYSTEM |
| | 818 W 7TH ST STE 930 |
| | LOS ANGELES CA 90017 |
| **Entity Address:** | 2700 COLORADO AVE, SUITE 200 |
| | SANTA MONICA CA 90404 |
| **Entity Mailing Address:** | 2700 COLORADO AVE, SUITE 200 |
| | SANTA MONICA CA 90404 |

A Statement of Information is due EVERY year beginning five months before and through the end of September.

| **Document Type** ⬍ | **File Date** ⬇ | **PDF** |
|---|---|---|
| SI-COMPLETE | 09/01/2016 | |
| SI-COMPLETE | 07/22/2015 | |
| REGISTRATION | 09/29/2000 | Image unavailable. Please request paper copy. |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**      **New Search**      **Back to Search Results**

EXHIBIT 42  Page 251 of 3

## OFFICE OF THE ILLINOIS SECRETARY OF STATE

### JESSE WHITE
### SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **File Number** | 55281467 | | |
| **Entity Name** | CORPORATE PARTNERS, DMC INC. | | |
| **Status** | ACTIVE | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 11/02/1988 | **State** | ILLINOIS |
| **Agent Name** | C C SMITH | **Agent Change Date** | 02/28/2017 |
| **Agent Street Address** | 17250 PALMER DR POB 1175 | **President Name & Address** | CALPUMIA CANTY 1921 RIDGE RD HOMEWOOD IL 60430 |
| **Agent City** | HOMEWOOD | **Secretary Name & Address** | KIMBERLY CORMAN POB 1175 HOMEWOOD IL 60430 |
| **Agent Zip** | 60430 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 12/14/2016 | **For Year** | 2016 |
| **Old Corp Name** | 02/27/2017 - HARPO STUDIOS, INC. | | |

Return to the Search Screen

| Purchase Certificate of Good Standing |

**(One Certificate per Transaction)**

**OTHER SERVICES**

| File Annual Report |

| Adopting Assumed Name |

| Articles of Amendment Effecting A Name Change |

| Change of Registered Agent and/or Registered Office Address |

7/1/2017                                Division of Corporations - Filing

Delaware.gov                                    Governor | General Assembly | Courts | Elected Officials | State Agencies

---

Department of State: Division of Corporations

Allowable Characters

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of
Documents

View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 2841165 | Incorporation Date / Formation Date: | 1/2/1998 (mm/dd/yyyy) |
| Entity Name: | LIONS GATE ENTERTAINMENT INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | THE CORPORATION TRUST COMPANY |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST |
| City: | WILMINGTON     County:   New Castle |
| State: | DE     Postal Code:   19801 |
| Phone: | 302-658-7581 |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like  ○ Status  ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

---

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

EXHIBIT 7 Page 28. 30F3

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET - EXHIBIT G
Northern District of Georgia (NDGA)
— Civil Action No. 1:17-cv-01181-TWT NDGA Doc. 85 — Amended Complaint (filed July 6, 2017)

---

**COVERSHEET G Northern District of Georgia (NDGA) — Civil Action No. 1:17-cv-01181-TWT NDGA Doc. 85 — Amended Complaint (filed July 6, 2017)**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 85

(Attached: True and correct copy of NDGA Doc. 85.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET G**
**Northern District of Georgia (NDGA) — Civil Action No. 1:17-cv-01181-TWT**
**NDGA Doc. 85 — Amended Complaint (filed July 6, 2017)**

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 05 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy

UNITED STATES GOVERNMENT COURT

NORTHERN DISTRICT OF GEORGIA

1   William James, Sui Juris
    9100 South Drexel Ave
    Chicago Illinois 60619          :

2   Terri V. Tucker AKA
    (Donald-Strickland), Sui Juris
    1136 Joslin Path
    Douglasville, GA 30134

              Plaintiffs,

              vs

1   Barbara Hunt
2   Harpo
3   Lionsgate Entertainment
4   Oprah Winfrey Network
    (OWN)
5   Oprah Winfrey
6   Tyler Perry Company
7    Tyler Perry Studios (TPS)
8   Tyler Perry aka Emmett
    Perry Jr. aka Emmett J.
    Perry aka Emmett M. Perry
    Aka Emmbre R. Perry aka
    Emmitt R. Perry aka Emmett
    T. Perry aka Willie M. Perry
    aka Emmett Ty Perry aka
    Emmett Perry aka Tyler E
    Perry aka Emmbre R Perry
    Aka Emmitt Perry, Jr. aka
    Buddy aka John Ivory
9   Judge Thomas W. Thrash, Jr.

              Defendants_____

CASE NO: 1:17-CV-01181-TWT
VERIFIED AMENDED
COMPLAINT FOR
DECLATORY AND INJUNCTIVE
RELIEF AND DAMAGES FROM
RACKETEERING, CONSPIRACY
TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY
AND RELATED CLAIMS;

JURY DEMANDED

CIVIL RICO
18 U.S.C. 1951 through 1980
DIVERSITY
28 U.S. Code § 1369
SHERMAN ANTI-TRUST
CLAYTON ANTI-TRUST
U.S. CONSTITUTION

*AMENDED COMPLAINT for Civil RICO Remedies*

1

## AMENDED CIVIL LAWSUIT: RACKETEERING INFLUENCED AND ORGANIZATIONS ACT (RICO), SHERMAN ACT, CLAYTON ACT

## A. INTRODUCTION

1. This is a complex civil action for Racketeering Influenced and Organizations Act (RICO) remedies authorized by the federal statutes at 18 U.S.C. 1961 1(a) and 1(b) *et seq.*; for declaratory and injunctive relief; for actual, exemplary (punitive) damages; and for all other relief which this honorable District Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT. See, 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO"). The primary cause of this action is that the Defendants conspired in a widespread criminal enterprise operating as a cartel under legal businesses engaging in patterns of racketeering activities and organized crime across State and international lines; conspiring to engage in racketeering activity involving numerous RICO predicate acts during the past ten (10) calendar years or more.

2. The predicate acts cluster around criminal copyright plagiarism, trafficking counterfeit goods, tampering with and retaliation against qualified attorneys, obstructing justice. See, 18 U.S.C. §§, 1341, 1344, 1510, 1511, 1512, 1513 and 1581-1588, 2315, 2319, 2320 1503, Counterfeits, Plagiarism and Forgery. See 18 U.S.C. §§1951-1980 as it pertains to RICO, respectively.

*AMENDED COMPLAINT for Civil RICO Remedies*

2

[RICO] bring to bear the pressure of "**Private Attorneys General.**" The objective in both the Clayton Act and RICO is the carrot of treble damages. See, *Agency Holding Corp. v. Malley-Duff & Associates,* Supreme Court Reporter 2759. See also 483 U.S. 143 at page 151 (1987). "private attorneys general," dedicated to eliminating racketeering activity. 3 *Id.*, at 187 (citing *Malley-Duff,* 483 U.S., at 151 ) (civil RICO) The provision for treble damages. See, *Rotella v. Wood et al.,* 528 U.S. 549 (2000). Dasher v. Housing Authority of City of Atlanta, Ga., D.C.Ga., 64 F.R.D. 720, 722. *See also,* Equal Access to Justice Act.

## B. JURISDICTION AND VENUE

3. The Federal District Court has Jurisdiction Pursuant to the Civil RICO remedies at 18 U.S.C 1964 and the holdings of the U.S. Supreme Court in the case of, Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985)and the U.S. Court of Appeals for the Ninth Circuit in Lou v. Belzberg, 834 F.2d 730, hn. 4 (9th Cir. 1987), Plaintiffs invoke and charge Defendant's with this law for counterfeits over years of conspiracy and racketeering.

4. Jurisdiction is based upon federal question, to wit, the Copyright Act of 1976 and 1909 as amended. Title 17 506(a); 1201; 1202; and 1203, United States Code; Title 18 U.S. Code § 2319, the Defendants conspired in Criminal Plagiarism to commit copyright counterfeits of Plaintiff's Intellectual Properties "Lover's Kill" hereinafter "LK" and "Bad Apples

*AMENDED COMPLAINT for Civil RICO Remedies*

EXHIBIT G  Page 259

Can Be Good Fruit" hereinafter "BAGF" as; Model Penal Code §§ 220.1–.3 (1962).

6. The Sherman Antitrust Act, 15 U.S.C. §§ 1–7 is a landmark federal statute in the history of the United States antitrust law or ("competition law") passed by Congress in 1890. *United States v. Paramount Pictures, Inc.*, 334 US 131 (1948) (The Defendants executed a violation of the Hollywood Antitrust Case of 1948. The Defendants conspired to monopolise the television and film industry; by owning the Studios and television network, counterfeiting the writings of enslaved copyright owners throughout the country, starring in their counterfeited works as their own and entering into exclusive deals with one another. Monopoly Section 2 of the Act forbade monopoly. This includes Clayton Antitrust Act Clayton Act, 15 U.S.C. §§ 12-27, 29 U.S.C. §§ 52-53.

7. The U.S. Constitution – Article 1, Section 8, (8) Defendant's intentionally violated the Plaintiff's exclusive copyrights by committing plagiarism to their respective writings and discoveries, Defendants acted in concert of a conspiracy which violated the creative control of how the Plaintiff's works were articulated without an agreement.

8. Federal Conspiracy Law, two elements: (1) an exclusive agreement was signed between Tyler Perry aka Emmett Perry, Jr.(and all other known and

*AMENDED COMPLAINT for Civil RICO Remedies*

4

unknown aliases); Oprah Winfrey in 2013; all Defendants inclusive (2) between two Executive Owners and Chief Principal decision makers. Laundering drug money into a legal business enterprise, remove trade secrets, repeatedly from 1999 through 2017. Settlement agreements and court admissions serve as admissible evidence against all. The Hobbs Act - Civil Conspiracy 18 U.S.C. 371, The Defendants conspired to counterfeit, extort, plagiarize, threaten, cause defamation of character, retaliate, bully, forge, financially distress using Plaintiffs intellectual property gains. *United States v. Franks*, 511 F.2d 25, 31 (6th Cir. 1975)

9. (WIPO), Copyright Treaty (WCT) (1996). The WIPO Copyright Treaty (WCT) is a special agreement under the Berne Convention The Distributer and known conspirator Lionsgate which committed RICO Act, mail fraud when moving digital counterfeit copies of the Forgery and plagiarized intellectual properties which were protected pursuant to the Title 17 U.S. Code 506(a) 18 U.S. Code 2319 and all other Criminal Copyright.

10. Venue 28 U.S. Code § 1391, Defendants are based in Atlanta, GA.

11. 28 U.S. Code § 1369 and 18 U.S.C. 1965(b) Personal Jurisdiction

## B. **THE PARTIES**

12. Plaintiff WILLIAM JAMES ("WJ") ("PLAINTIFFS") is a private adult who doing business address above; plaintiff is currently a Carpenter.

*AMENDED COMPLAINT for Civil RICO Remedies*

13. Plaintiff TERRI V. TUCKER ("PLAINTIFFS") is a private adult formerly known as TERRI V. DONALD-STRICKLAND, TLO-REDNESS Who does business at the above address; plaintiff is currently employed with the United States Army.

14. Defendant Tyler Perry ("TP") ("DEFENDANT") and Cartel Boss is a private adult individual who owns/writes/dba for the Tyler Perry Studios ("TPS") is a domestic private corporation doing business in this district, with its corporate headquarters in Atlanta, GA.

15. Defendant Oprah Winfrey ("OW") ("DEFENDANT") and Cartel Ring Leader is a private adult individual who owns/writes/dba for the Oprah Winfrey Network (OWN) a domestic public corporation doing business in California.

16. LIONSGATE ENTERTAINMENT ("DEFENDANTS) and Cartel Distributor is a company that is Public domestic corporation doing business in California.

17. BARBARA HUNT (DEFENDANTS) and Cartel Member is an adult a private citizen working as an executive Accountant for the HARPO studios in Chicago, Illinois.

18. The doctrine of respondent superior applies to all of the defendants.

**Cause of Action**

*AMENDED COMPLAINT for Civil RICO Remedies*

6

19. (1) that the defendants, Tyler Perry, Tyler Perry Studios, Oprah Winfrey, Oprah Winfrey Networks (OWN) received money from a pattern of racketeering activity such as; violations of properties protected under the copyright act, drug money, bribery, threats financial and physical, counterfeit and forgeries of intellectual property (2) invested that money in an enterprise of Tyler Perry Studios and Oprah Winfrey Network, (3) the enterprise affected interstate commerce, and (4) an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. *Johnson v. GEICO Cas. Co.*, 516 F. Supp. 2d 351 (D. Del. 2007). **C.**

**THE FACTS**

20. PLAINTIFF, William James a citizen of the United States, Authored a screenplay entitled "Lover's Kill" (hereinafter referred to as "LK").

21. PLAINTIFF, Terri Tucker aka (Donald-Strickland) a citizen of the United States, authored a book entitled "Bad Apples Can Be Good Fruit." (BAGF) book. (hereinafter referred to as "BAGF").

22 Plaintiffs discovered their original works plagiarized, counterfeited on a large scale of racketeering in approximately Early-March 2017.

23. During the investigation and research by Plaintiffs acting as "Private Attorney Generals, it was newly discovered that this was a large scale conspiracy on multiple Plaintiffs.

*AMENDED COMPLAINT for Civil RICO Remedies*

24. PLAINTIFF'S Plaintiff Terri Tucker contacted Plaintiff William James in February and compared the acts of plagiarism committed on each other's works and discovered the pattern of law proceedings and violations of law, cover-ups, briberies it was learned and investigated by the Plaintiff's that there was a pattern to the Intellectual Property plagiarisms; counterfeits and forgeries of their copyrighted works.

25. It was discovered by the Plaintiffs that a man named Melvin Childs who wrote in a book that Tyler Perry's first play tours was funded by drug dealers to fund the play that went on tour. This illegal operation laundered the drug money using the play and tour to put up a legal production studios in which served as a front for counterfeiting, forging and plagiarizing copyrighted works of hard working authors which resulted in the slavery of the copyright owners.

26. Tyler Perry publicly states he was beat by a man who was not his father, whereas as he changed his legal name at the age of 16 from Emmett Perry, Jr. to Tyler Perry Jr. We discovered he is still using several aliases of his birth name.

27. Oprah Winfrey discussed openly that she was abused sexually and physically and this is another basis in which formed the relationship of the conspiracy between Tyler Perry and Oprah Winfrey to engage in racketeering of intellectual copyrighted properties to grow their legal business brand using slavery and counterfeit, manufacturing of forged goods using the studios as the

*AMENDED COMPLAINT for Civil RICO Remedies*

manufacturing laboratories and Lionsgate as the distributers. Tyler Perry and

Oprah Winfrey (OWN) conspired an exclusive agreement OWN, a private

company working with a Public company Tyler Perry Studios worked together

in an effort and succeeded to monopolize the television and film industry while

plagiarizing peoples copyrighted protected intellectual property. Violating the

Sherman Anti-Trust Act, U.S. Copyright Act, engaging in RICO Activities, See

below:

      a. Case #2:99-cv-04592-MK Melvin Childs v Primus et al   and

Cartel member Tyler Perry, filed September 13, 1999, Jurisdiction was

diversity; however Plaintiff failed to state a claim and case was

dismissed without prejudice, Plaintiff provided a certificate in support

of an Ex Parte Restraining Order. This shows Threats and retaliation by

Tyler Perry.

      b. Case# 2:02-cv-00175-JLG-MRA filed on February 26, 2002,

Giant Eagle Inc. v Genesis Insurance Co, et. El, Tyler Perry was a

Defendant. Diversity Case, in favor of Plaintiff on October 16, 2003.

      c. Case# 1:06-cv-00640-GET filed in Atlanta, GA filed on March

20, 2006 by Rolleston et al v Tyler Perry inflicted fear on a Diversity-

Torts-to Land case. A Temporary Restraining Order was requested on

*AMENDED COMPLAINT for Civil RICO Remedies*

May 01, 2006 threats escalated and on May 09, 2006 an

EMERGENCY Motion for Permanent Injunction, Emergency Motion

for Temporary Restraining Order by Rolleston and on May 12, 2006 a

Motion for Recusal, Motion for Temporary Restraining Order Motion

for Permanent Injunction and Emergency Motion for Permanent

Injunction Emergency Motion for Temporary Restraining Order

Submitted to District Judge G. Ernest Tidwell. Defendant TP.

    c. Case#2:07-cv-00200-LED-JDL was filed on May, 21 2007 –

Donna West v. Perry, West stated Tyler Perry watched her play

"Fantasy of a Black Woman" because he created a counterfeit and

forged copy of the play under the title "Diary of a Mad Black Woman"

which became a plagiarized film. There was a trial. (Texas) however

the Plaintiff could not place Defendant in Texas and we have newly

discovered evidence, Defendant Emmett "Buddy" Perry, Jr. was in

Texas at the time Plaintiff West was performing her play.

    d. January 2008 – Plaintiff Terri Tucker sent both Tyler Perry and

Oprah Winfrey her book to use for a Movie. The company Tyler Perry

Studios stated he requested an additional copy September 2008.

William James stated June-2011 he provided his screenplay to Oprah

*AMENDED COMPLAINT for Civil RICO Remedies*

Winfrey's Senior Accountant Barbara Hunt who wanted the other 2 copyrighted intellectual works. Lisa Daniels stated she provided Oprah Winfrey with her screenplay which became a television show for Tyler Perry. This conspiracy shows a pattern of trafficking intellectual property over the past 10 years amongst Defendants in concert. Lionsgate is the trafficker, international pirater and illegal intellectual goods distributor nationally and worldwide.

 e. Case # 2:09-cv-08712-JFW-VBK filed on November 25, 2009 "Madea Goes to Jail sued by the estate of Bertha V. James v The Tyler Perry Company; Tyler Perry crime syndicate cartel member and Lionsgate Entertainment Corp trafficker distributor of counterfeit and manufacturer of forged goods.; Lions Gate Films, Inc. copyright plagiarism (California). Ended settlement agreement. (Admission to Guilt)

 f. Case#2:10-cv-00784-GW-RZ Filed on February 03, 2010 – Johnny Tyrone Stringfield v Tyler Perry et el copyright plaigerism of a Television show "Meet the Browns. (California) Counterfeited and plagiarized a song for Tyler Perry Studios. On October 16, 2010 Settlement was reached. (Admission to Guilt)

 g. Case# 2:11-cv-10099-UA-DUTY filed on December 06, 2011

*AMENDED COMPLAINT for Civil RICO Remedies*

11

EXHIBIT  G  Page 267

Shamont Lyle Sapp v. Jamie Foxx and Tyler Perry; Tyler Perry Studios front for eliciting plagiarized intellectual property protected by copyrights registrations and Fox Broadcasting Network from an inmate. Case was Voluntarily Dismissed copyright plagiarism on May 10, 2012. (Settlement Admission to guilt or threatened to drop case)

   h. Case# Whitehead v White & Case #5:12-cv-00399-RTH-MLH filed on February 10, 2012, L.L.P, et el $75,000,000.00. The Defendants were a multitude of people to include, Tyler Perry, the distributor of counterfeit goods Lionsgate and the Head Ring Leader Oprah Winfrey who orchestrates the illegal activity. 440 Civil Rights SCCA 14-31224 and SCCA, 15-30348.

   i. Case # 3:12-cv-00559-HES-MCR filed on May 09, 2012 - Maressa M. Holt, Plaintiff, v. Tyler Perry a/k/a John Ivory (Alias),.(United States District Court, M.D. Florida, Jacksonville Division). June 14, 2012. (copyright plagiarism) (Florida). The writer states her short stories and plays were plagiarized by Tyler Perry operating under a false name John Ivory.

   i. Case#2:12-cv-06629-HB filed on November 27, 2012- Terri Donald v Tyler Perry Studios and Lionsgate in (PA,) crime syndicates this case was out of compliance and defaulted pursuant to FR 12 & 55

answer was due by December 28, 2012 before the transfer from PA to New York on March 8, 2013. Attorney Simon Rosen served Tyler Perry and Lionsgate the same day the case was filed on November 27, 2012. The record is devoid of written request for extensions; request for transfer pursuant to 28 USC 1404(a) and any appearance by known attorney Tom J. Ferber. Oprah Winfrey initially received this book for the book club in 2008, Defendants signed an exclusive deal when case was dismissed 2013. Extortion and intimidation retaliation and threats were made to Plaintiffs attorney Simon Rosen. Enforcing Plaintiff in to slavery for working on the multimillion dollar plagiarized works. This RICO act violation also violates the Sherman Anti-trust Act since the companies refuse to allow writers to represent their own works and place the counterfeited works under registrations obtained from the copyrights offices in their names. Violating the competition Sherman Anti-Trust Act not allowing others to represent themselves and their own works, the conspiracy to defraud the government and laundering illegal funds gained to front legal businesses.

j. Case# 2:12-cv-00139-RLM-PRC filed on April 24, 2013 William James v Perry et al, Tyler Perry, Tyler Perry Studios company was used to plagiarize and counterfeit a forgery of his playwright, and trafficked

*AMENDED COMPLAINT for Civil RICO Remedies*

13

by Lions gate Entertainment distribution interstate wide. For the film

Temptation – Confessions of a Marriage Counselor (Indiana) Plaintiff

James states he provided a copy Senior accountant at the Oprah

Winfrey Studios (Oprah) who smuggled the intellectual property across

state lines to the business partner Tyler Perry and conspired to produce

the counterfeit film into a movie without compensation to playwright

author, enforcing Plaintiff in to slavery for working on the multimillion

dollar plagiarized works. This RICO act violation also violates the

Sherman Anti-trust Act since the companies refuse to allow writers to

represent their own works and place the counterfeited works under

registrations obtained from the copyrights offices in their names.

Violating the competition Sherman Anti-Trust Act not allowing others

to represent themselves and their own works, the conspiracy to defraud

the government and laundering illegal funds gained to front legal

businesses.

k. Case# 4:14-cv-11374-MAG-RSW filed April 3, 2014 Parables

Entertainment LLC v Tyler Perry Studios et al and Harpo Productions Inc.

the two conspiring companies committed yet another act of copyright

plagiarism – for the television show "The Haves and Have Not's." "Parables

Entertainment" filed the lawsuit Thursday, April 3, in Flint U.S. District

*AMENDED COMPLAINT for Civil RICO Remedies*

14

Court against Atlanta-based Tyler Perry Studios and the Oprah Winfrey-owned Harpo Productions over the show that airs on Winfrey's OWN television network. (Michigan-Flint) (Settlement-Admission to guilt.)

l. Case#1:14-cv-0261-RWS filed on July 16 2014, Ubiquitous Entertainment Studios v McPherson, Tyler Perry and Tyler Perry Studios. It was insinuated that Tyler Perry bribed an Official to underbid the company and obtained the facility, it was stated the technicality of failing to state a claim terminated the case.

m. Case#0:14-cv-04950-ADM-HB filed on December 08, 2014 by Selina Miller v Tyler Perry Production, Kanye West and Kim Kardasian. Breach of Contract. In the U.S. District Court St. Paul, MN. Neglect of Hollywood check (1 billion dollars) Wrong Jurisdiction and Plaintiff filed Forma Pauperis denied, personal injury for 100 million dollars.

n. Case #1:15-cv-01700-LMM-LTW filed on May 15, 2015 by Joshua Sole v Tyler Perry and Tyler Perry Studios, LLC and other known conspirators Tyler Perry had inappropriate communications with an employee Joshua Sole and filed a Countersuit to cover his illegal operations and to prohibit him from communicating private information on the operations of the organized criminal activities. Case dismissed because of failure to serve and not because allegations were unfounded.

*AMENDED COMPLAINT for Civil RICO Remedies*

15

o. Case#1:15-cv-03400-TWT filed on September 25, 2015 Terri Strickland v Tyler Perry, this case was appealed case#16-11601-AA awaiting a Rehearing and Rehearing En Banc showing Collateral Estoppel does not apply since he defaulted 4 times on the record according to FR 12 & 55.

p. October 2016 – Lisa Daniels Madea Gets a Job (Atlanta, GA)

q. Case#2:16-cv-00164-KS-JCG filed on October 11, 2016 by Otisa C. Strickland v Oprah Winfrey, and HARPO Studios (Hattiesburg, MS) for the television show "Iyanya Fix My Life" television show, Plaintiff was an attorney that shared her television show with Crime syndicate Oprah and she decided to enter into a settlement agreement in lieu of a voluntary dismissal and a compromise settlement on all matters of the claim on December 16, 2016. Oprah Winfrey

r. Case#1:11-CV-01922-TWT, William M. Windsor v Judge William Duffey et.al, filed on October 31, 2011 where predicate case was proven Service and still Dismissed on Prose, this was done by Chief Judge Thomas W. Thrash. Jr. The Plaintiffs have been prejudiced in this manner and believe it is in an effort to dismiss the case erroneously in favor or defaulted, failed to defend Defendants. The Clerks of the Court are now interfering in behalf of Judge. Due to the number of lawsuits and numerous years from 1992 through current

*AMENDED COMPLAINT for Civil RICO Remedies*

16

filed against the Cartel and Ring Leader Oprah Winfrey the exhibit will be attached exhibiting 95 separate lawsuits 10 which were Copyright intellectual property claims.

28. In 2008 Plaintiff Tucker provided a copy of the BAGF to the Oprah Winfrey book club and the Tyler Perry Studios. In 2013 Plaintiff William James provided a copy of the script "Lover's kill" to Oprah Winfrey. We found online an article that referred to a Lisa Daniels who stated she provided a copy of her work to Oprah Winfrey and in their conspiracy to defraud and counterfeit, Tyler Perry Studios is a front for his forged works.

29. Subsequent to the issuance of the copyright plagiarism suits against Defendants Tyler Perry and Oprah Winfrey the pattern of consecutive and continuous RICO violations go back as far as 1999 for Defendant Perry and 1992 for Defendant Winfrey the PLAINTIFF's filed notice and lawsuits on the copyrighted work, however the Defendants eluded the federal law imposing the RICO act by committing the crimes in various states against unknown, low income intellectual owners. The Tyler Perry Studios located at 541 10th Street SW, Atlanta GA 30318 served as a front for manufacturing the plagiarized work. In both instances the Plaintiff's stated the staff for Tyler Perry and Oprah Winfrey requested the Copyrighted Intellectual Property multiple times and

*AMENDED COMPLAINT for Civil RICO Remedies*

EXHIBIT  G  Page 273

counterfeited as well as; commercially released the films "Good Deeds" in 2012 and "Temptations" 2013 stating to the general public it was written by defendant Tyler Perry. A nexus in the case is that both Plaintiffs have also provided copies to Oprah Winfrey at the Harpo Studios in Chicago, Illinois.

30. Defendants Company Tyler Perry Studios had distribution deal with Lions Gate Entertainment and Oprah Winfrey owned Oprah Winfrey Network on cable, the organized criminals monopolized the industry with their exclusive contract violating the Sherman Anti-trust act when Tyler Perry TV shows were the only sitcoms aired other than Oprah Winfrey's TV shows on prime time television cable broadcasting. Oprah is also using the distributor Lionsgate. Both Defendants films grossed over for the film "Good Deeds" $35,000,000 box office, international $553,386.00 and all DVD total sales were $13,116,810.00 released February 2012 and "Temptations" $51,975,354.00 box office, and all DVD total sales were $14,906,103.00. There were 8 Copyright plagiarisms filed against Tyler Perry and 15 Copyright plagiarism's cases filed against Oprah Winfrey. We believe that Oprah attempted to stop plagiarisms under her company and began to use Tyler Perry to continue the counterfeit of Intellectual Property.

31. The films is still being infringed upon to date as it is still being sold to

*AMENDED COMPLAINT for Civil RICO Remedies*

18

the general public and therefore Plaigerism there are no statute of limitations (SOL) on the RICO act.

32. Defendant is the owner of Tyler Perry Studios and ultimately owned by Emmett Perry, Jr. and is responsible for the actions of said company employees or owners. Defendant Oprah Winfrey Network (OWN) is a Public Company and both are engaging in organized crimes that have brought in up to 3 billion plus combined in revenues

a. The last action by the PETITIONER William James the last action was on April 15, 2014 NORTHERN DISTRICT OF Indiana claim Case # 2:13-cv-00139-RLM-PRC and terminated January 02, 2014.

b. The last action by the PETITIONER Tucker-Strickland in Appeals Court and was decided on March 30, 2017 to deny Rehearing in Banc, NORTHERN DISTRICT OF Georgia claim Case 1:15-cv-3400-WHP and 16-11601-AA.

## COUNT ONE: VIOLATION OF TITLE 17 UNITED STATES CODE 506(A)COPYRIGHT PLAIGERISMS (AGAINST TYLER PERRY)

1. Paragraphs 1 through 32 are inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

2. Subsequent to PLAINTIFF'S creation and copyrighting of "LK" and "BAGF" DEFENDANT'S Tyler Perry and Oprah Winfrey, having access

*AMENDED COMPLAINT for Civil RICO Remedies*

19

EXHIBIT G Page 275

to "LK" screenplay through accountant Barbara Hunt and "BAGF" book through the Tyler Perry Company, decided to plagiarize the works of these Plaintiff's and countless other Plaintiff's works counterfeiting the original work into a forgery copy that were illegally distributed internationally throughout the world digitally and through U.S. and other mailing companies without written permission or consent of the original owners. These and many other counterfeit intellectual properties aforementioned were used against the owners to enforce slavery for works unpaid violating the RICO ACT in a fashion of which they are organized crime laundering forged goods and drug money into a legal enterprise in which they use harassment, retaliation, threats, intimidation, selling of trade secrets, bribery and a host of other extortions to intimidate witnesses, counsels for Plaintiff's and anyone that opposes them in any way. Several settlement agreements were made by the Defendants on various cases attached as exhibits.

3. Accordingly said defendants are liable to plaintiff for copyright plagiarism AND Counterfeits pursuant to RICO ACT violating the rights of title 17 of the U.S. Code 506(A) and 18 US Code 2319.

WHEREFORE on count one, PLAINTIFF'S WILLIAM JAMES AND TERRI V. TUCKER formerly (TERRI V. DONALD aka TLO-REDNESS

*AMENDED COMPLAINT for Civil RICO Remedies*

20

STRICKLAND) demands judgment in THEIR favor and against

DEFENDANT'S as follows:

a) For statutory damages $150,000.00 per PLAINTIFF, PER DEFENDANT;

   pursuant to the RICO Act x3 $450,000.00

b) For actual damages of Court Cost, Expenses and Private Attorney Fees, per

   PLAINTIFF, PER DEFNDANT; pursuant to the RICO Act x3.

c) For Restitution of Earnings from Counterfeit and Plagiarized Copyrighted

   Intellectual Property all proceeds minus cost incurred to produce illegal

   counterfeit forgeries of Owners works x3.

d) For such other relief as this Court may deem proper.

### COUNT TWO: ACCOUNTING AND CONSTRUCTIVE TRUST

4. Paragraphs 1 through 32, inclusive are incorporated by reference as though

   fully set forth herein and made a part hereof

5. PLAINTIFFS is entitled to a full accounting in order to determine the

   exact nature and amount of revenues generated, and accrued to defendants

   pertaining to ("Temptations" and "Good Deeds"), said revenues to be set

   aside and deposited in a separate bank account in constructive trust for

   PLAINTIFFS for purposes of assessing lost future wages for 20 years.

   WHEREFORE on Count Two, PLAINTIFF'S WILLIAM JAMES AND

   TERRI V. TUCKER formerly known as (TERRI V. DONALD-

*AMENDED COMPLAINT for Civil RICO Remedies*

STRICKLAND aka TLO-REDNESS) demands judgment in their favor

and against all named Defendant's as follows:

a) For Tyler Perry and all (ALIASES), Tyler Perry Studios/Company and
Lions Gate all subsidiaries of company to file a full accounting listing
all gross revenues earned to on "Confessions and Good Deeds" earned
in regard to the Film and Motion Pictures, Digital, Downloads,
Contracts, Hotels, Retail/Wholesale, International and Domestic, Box
Office, Video Rental Stores on respective films "Confessions and
"Good Deeds".

b) For the imposition of a constructive trust in favor of PLAINTIFFS.

c) For such other relief as the Court may deem proper for acting as
"PRIVATE ATTORNEY GENERALS".

## COUNT THREE: INJUNCTIVE RELIEF (AGAINST THE DEFENDANTS)

6. Paragraphs 1 through 32 inclusive, are incorporated by reference as though
fully set forth herein and made part hereof.

7. PLAINTIFF'S Invoke Sherman Anti-Trust Act, the Hobbs Act, the U.S.
Constitution, The Copyrights Act, The Constitution of Georgia, The
Federal Conspiracy Law and Defendants improper unlawful and repeated
actions has caused, and, continues to cause irreparable damage to

*AMENDED COMPLAINT for Civil RICO Remedies*

EXHIBIT  G  Page 278

PLAINTIFFS Character, Film Career, Image, Name, Reputation, Ability to

earn future revenues in this industry, emotional and mental distresses,

physical distress, relationship distress, undue hardships in work and at

home, time and attention from family and friends to divert to investigating

and litigating for intellectual property counterfeited and plagiarized.   .

8.  PLAINTIFFS are entitled to injunctive relief as set forth herein below:

9.  PLAINTIFF is entitled to this Court's grant of injunctive relief.

WHEREFORE on Count Three, PLAINTIFF'S WILLIAM

JAMES AND TERRI V. TUCKER formerly (TERRI V. DONALD

STRICKLAND aka TLO-REDNESS) demands judgment in their favor and

against DEFENDANTS as follows:

a)  For the issuance of a permanent injunction requiring the DEFENDANTS to:

   i)     Until all funds are paid to Plaintiffs for Treble Damages of

          Plagiarized intellectual Property and future earnings to pay owed.

### COUNT FOUR: EXEMPLARY (PUNITIVE) DAMAGES

### (AGAINST THE DEFENDANTS)

10. Paragraphs 1 through 32 inclusive, are incorporated by reference as though

   fully set forth herein and made part hereof.

11. Pursuant to the Civil RICO act Remedies authorized by the Federal

   Statutes at 18 U.S.C. 1951 through 1980 Plaintiff's request exemplary

*AMENDED COMPLAINT for Civil RICO Remedies*

damages of $150,000,000.00 per Defendant for pain and suffering, defamation of character, blacklisting filmmakers in the known entertainment industry, financial hardships to keep up with cost of filings, loss of personal property, medical and mental distress, attorney fees for Private Attorney Generals, fencing of property, distribution of counterfeited works, plaigerism, forgery, false copyright registrations, operating as a cartel and monopolizing the system, fear, threats, intimidation, diverting funds illegal funds gained from plaintiffs works to legal entities

12. This is the purpose of this act to seek the eradication of an organized crime in the United States by strengthening the legal tools in this evidence in gathering process by establishing a new panel of prohibitions and by providing enhanced sanctions and the new remedies' to deal with the unlawful activities of those engaged in organized crime and whatever this Court seems just and fair. Please see attached Plaintiff's Declatory Statements pursuant to Federal Rule 32 Rules of Evidence for all exhibits attached to this complaint. Respectfully Submitted,

*AMENDED COMPLAINT for Civil RICO Remedies*

24

July 5, 2017,

William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com
Phone: 347-705-2043

*AMENDED COMPLAINT for Civil RICO Remedies*

25

EXHIBIT  G  Page 281

## RULE 7.1(D) CERTIFICATE

The undersigned "Private Attorney General" and Pro Se Litigants certifies this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

Date: July 3, 2017

William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com
Phone: 347-705-2043

*AMENDED COMPLAINT for Civil RICO Remedies*

26

EXHIBIT  G  Page 282

## RULE 11 CERTIFICATION

Plaintiff's William James and Terri Tucker "Private Attorney Generals" and Pro Se Litigants, affirm that all of the content of this Amended Civil Complaint by the Plaintiffs is true in its entirety to our belief.

We certify that all representations made to the court are truthful.

Date: July 5, 2017

_(signature)_

William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

_(signature)_

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com
Phone: 347-705-2043

*AMENDED COMPLAINT for Civil RICO Remedies*

27

## SWORN DECLATORY STATEMENT

I, William James, Plaintiff and "Private Attorney General" attest and swear to the legitimacy of the Plaintiffs Amended Civil RICO Complaint filed to the Defendants, Tyler Perry Company, Tyler Perry Studios, Tyler Perry aka Emmett Perry, Jr. and all other known and unknown aliases, Oprah Winfrey, Oprah Winfrey Network (OWN), HARPO, Lions Gate Entertainment, and Barbara Hunt. I attest that I the Plaintiff attest that all aforementioned are true in to the best of the ability of my knowledge, research as well as provided copies of original documents contained in the exhibits and motions and pleadings, to the complaint of this Civil RICO Case have not been altered and are true.

I, Terri Tucker Aka Donald-Strickland, TLO-Redness, Plaintiff and "Private Attorney General" attest and swear to the legitimacy of the Plaintiffs Amended Civil RICO Complaint filed to the Defendants, Tyler Perry Company, Tyler Perry Studios, Tyler Perry aka Emmett Perry, Jr. and all other known and unknown aliases, Oprah Winfrey, Oprah Winfrey Network (OWN), HARPO, Lions Gate Entertainment, and Barbara Hunt. I attest that I the Plaintiff attest

*AMENDED COMPLAINT for Civil RICO Remedies*

that all aforementioned are true in to the best of the ability of my knowledge,

research as well as provided copies of original documents contained in the

exhibits and motions and pleadings, to the complaint of this Civil RICO Case

have not been altered and are true.


Date: July 05, 2017

// S //

William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com
Phone: 347-705-2043

EXHIBIT  G  Page 285

## CERTIFICATE OF SERVICE

This is to certify that I have this 5th day of July 2017 served all parties

with the foregoing Plaintiffs William James and Terri Tucker Amended

Complaint served all Defendants, Barbara Hunt et. al., filing by hand delivery to

the Clerk of Court and serving Attorneys of Record for Defendants by mail on

all parties by U.S.P.S, UPS Services metered Mail.

Date: July 5, 2017

William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com

*AMENDED COMPLAINT for Civil RICO Remedies*

30

Phone: 347-705-2043

THE CLERK OF THE COURT:

To: DOCKETING
75 Ted Turner Drive SW
Atlanta, GA 30303
Phone: 404 215 1655

Attorneys for the Defendants:

To: RICHARD A. GORDON, P.C.
Attorney for Defendant
1495 Powers Ferry Road #101
Marietta, GA 30067
Phone: 770-952-2900

To: PRYOR CASHMAN, LLP
Tom Ferber
(Pro Hac Vice)
7 Times Square
New York, NY 10036-6569
Phone: 212-421-4100

*AMENDED COMPLAINT for Civil RICO Remedies*

31

EXHIBIT  G  Page 287

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Case No. 25-13325-D

v.

District Civil Action No. 1:17-cv-
01181-TWT

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

COVERSHEET - EXHIBIT H
Northern District of Georgia (NDGA)
Civil Action No. 1:17-cv-01181-TWT
NDGA Doc. 122 Defendants'
Opposition to Default Motion

---

## COVERSHEET EXHIBIT H NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 122 DEFENDANTS' OPPOSITION TO DEFAULT MOTION

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 122

(Attached: True and correct copy of NDGA Doc. 122.)**Submitted by Pro Se**

**Petitioners:**

Terri Tucker (Lowe)

William James

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

--------------------------------------------------X
WILLIAM JAMES, ET ANO.,            )
                                   )
              Plaintiffs,          )
                                   )
      v.                           )  Case No. 1:17-CV-01181-TWT
                                   )
                                   )
BARBARA HUNT, ET AL.,              )
                                   )
              Defendants.          )
--------------------------------------------------X

---

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT OF DEFAULT (DKT. NO. 119)

---

Richard A. Gordon
RICHARD A. GORDON, P.C.
1495 Powers Ferry Road - Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 988-9650
rglaw@bellsouth.net

- and -

Tom J. Ferber
Admitted *pro hac vice*
PRYOR CASHMAN LLP
7 Times Square
New York, New York  10036-6569
phone: (212) 421-4100
fax: (212) 798-6388
tferber@pryorcashman.com

## PRELIMINARY STATEMENT

On September 28, 2017, Plaintiffs filed a "Motion for Judgment of Default" (Dkt. No. 119; hereafter "Plaintiffs' Motion") – a motion they have already made numerous times in this case.  (See Dkt. Nos. 41, 47, 57, 58, and 59.)  Inasmuch as Plaintiffs' Motion can be construed as a motion for reconsideration,[1] it should be denied as impermissible and without legal basis.

## ARGUMENT

Defendants Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey, Oprah Winfrey Network (OWN), Tyler Perry Company, Tyler Perry Studios and Tyler Perry (collectively, "Defendants") file this opposition to Plaintiffs' Motion.  Plaintiffs sought this exact same relief in five previous motions in this case – Docket Numbers 41, 47, 57, 58, and 59 (collectively, the "Prior Default Motions").  Defendants hereby incorporate by reference their Omnibus Memorandum of Law (Dkt. No. 67; hereafter the "Omnibus

---

[1] In fact, Plaintiffs acknowledge that they have previously moved for reconsideration of the Court's rulings on their default motions.  Plaintiffs' Motion at 1-2 ("The Court denied the Plaintiffs Judgment with [Doc. 76] and [Doc. 95] Motion to Reconsider Default [Doc. 81].").  "Parties and attorneys for the parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration."  (LR 7.2 E, NDGa.)

Opposition"), which was filed in opposition to the Prior Default Motions (among other motions made by Plaintiffs).[2]

The Court's Order dated June 29, 2017 (Dkt. No. 76; hereafter "Order #76") denied the Prior Default Motions.  (Order #76 at 1) ("The Plaintiffs' Motions for Clerk's Entry of Default [Doc. 41, 47, 57, 58 & 59] are DENIED.").[3]  Plaintiffs' instant motion thus presents an issue that has already been decided.[4]

To the extent that Plaintiffs' instant motion is deemed a motion for reconsideration, it should be denied.  The Civil Local Rules of Practice for the United States District Court for

---

[2] In the Omnibus Opposition, Defendants made clear that "each defendant has responded to the Complaint in this matter through motion or answer," and that Plaintiffs' calculations [regarding service] . . . repeatedly demonstrate an inability to follow the clear mandates of Rule 4 [of the Federal Rules of Civil Procedure] and properly effect service, which belies their repeated (and unnecessary) requests for default."  (Omnibus Opposition at 3-4.)

[3] In Order #76, the Court also granted Defendants' Motion to Quash Service and Returns of Service (Dkt. No. 52), and denied Plaintiffs' Motion to Strike (Dkt. No. 53), noting that it was "largely incomprehensible."  (Order #76 at 1.)

[4] Plaintiffs also filed an improper interlocutory appeal with the Eleventh Circuit, appealing Order #76 and three other orders of this Court.  See James v. Hunt, Docket No. 17-13294-EE (11th Cir.), docketed July 21, 2017.  On September 27, 2017, the Eleventh Circuit dismissed the appeal *sua sponte* for lack of jurisdiction.  In its decision, the Eleventh Circuit noted that "the district court has not certified the orders for immediate appeal."  Order of Dismissal, James v. Hunt, Docket No. 17-13294-EE (11th Cir. Sept. 27, 2017), at 2.  However, in their instant motion Plaintiffs misconstrue this reference by the Eleventh Circuit to the orders not having been "certified" – concluding that this Court's orders were not *enforceable*.  See Plaintiffs' Motion at 5 ("Since the Orders were not certified the Orders were not enforceable . . . .").

the Northern District of Georgia (the "Local Rules") provide
that "[m]otions for reconsideration shall not be filed as a
matter of routine practice." (LR 7.2 E, NDGa.) Moreover,
"[w]henever a party . . . believes it is absolutely necessary to
file a motion to reconsider an order or judgment, the motion
shall be filed with the clerk of court within <u>twenty-eight (28)
days after entry</u> of the order or judgment." (<u>Id.</u>; emphasis
added.) Here, Order #76 was filed on June 29, 2017, so
Plaintiffs are well past the 28-day deadline to move for
reconsideration.

Finally, Plaintiffs' Motion is but another example of
Plaintiffs' endless stream of meritless and largely
incomprehensible filings in this case. Defendants respectfully
ask the Court to provide clarification of its order dated July
12, 2017 (Dkt. No. 95; hereafter "Order #95"), granting
Defendants' Motion to Stay Proceedings and Filings by the
Parties (Dkt. No. 87).[5] Specifically, Defendants seek the
Court's guidance on whether Defendants are obligated to respond
to further filings by the Plaintiffs prior to the Court's
decision on Defendants' dispositive Motion for Judgment on the
Pleadings (Dkt. No. 74) and defendant Barbara Hunt's dispositive

---

[5] Defendants filed a Motion for Clarification on July 31, 2017
(Dkt. No. 111), seeking clarification regarding Order #95.

3

Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 45).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' "Motion for Judgment of Default."

Dated:      October 12, 2017      Respectfully submitted,

**RICHARD A. GORDON, P.C.**

By: /s/ Richard A. Gordon
Richard A. Gordon
Ga. Bar No. 302475
1495 Powers Ferry Road - Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 988-9650
rglaw@bellsouth.net

**PRYOR CASHMAN LLP**

By: /s/ Tom J. Ferber
Tom J. Ferber
Admitted *pro hac vice*
New York Bar No. 1846690
7 Times Square
New York, New York 10036-6569
tferber@pryorcashman.com
phone: (212) 421-4100
fax: (212) 798-6388

*Attorneys for Defendants*

4

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE
REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

    1.    This Motion complies with the type-volume limitation of Local Rule 7.1 D. because this motion does not exceed twenty-five (25) pages.

    2.    This brief complies with the typeface and style requirements of Local Rule 5.1 C. because this Motion has been prepared in proportionally spaced typeface using 12-point Courier New type face and font.

RICHARD A. GORDON, P.C.


By: /s/ Richard A. Gordon
Richard A. Gordon
Ga. Bar No. 302475
1495 Powers Ferry Road - Suite 101
Marietta, GA 30067
phone: (770) 952-2900
fax: (770) 988-9650
rglaw@bellsouth.net

5

EXHIBIT H Page 295

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JAMES, ET ANO., | : |
| | : |
| PLAINTIFFS, | : **CASE NO**: 1:17-CV-1181-TWT |
| | : |
| v. | : |
| | : **CERTIFICATE OF SERVICE** |
| BARBARA HUNT, ET AL., | : |
| | : |
| DEFENDANTS. | : |

On October 12, 2017, I caused the foregoing OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT OF DEFAULT (DKT. NO. 119) to be served on all parties by electronically filing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record, and served the following parties by U.S. First Class Mail, postage prepaid:

William James                    Terri V. Tucker
9100 South Drexel Avenue         1136 Joslin Path
Chicago, Illinois 60619          Douglasville, Georgia 30134

Dated:    October 12, 2017       **RICHARD A. GORDON, P.C.**

                                 By: /s/ Richard A. Gordon
                                 Richard A. Gordon
                                 Ga. Bar No. 302475
                                 1495 Powers Ferry Road
                                 Suite 101
                                 Marietta, GA 30067
                                 Phone: (770) 952-2900
                                 Fax: (770) 988-9650
                                 rglaw@bellsouth.net

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Case No. 25-13325-D

v.

District Civil Action No. 1:17-cv-
01181-TWT

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

COVERSHEET - EXHIBIT H
Northern District of Georgia (NDGA)
Civil Action No. 1:17-cv-01181-TWT
NDGA Doc. 122 Defendants'
Opposition to Default Motion

---

**COVERSHEET EXHIBIT H NORTHERN DISTRICT OF GEORGIA
(NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 122
DEFENDANTS' OPPOSITION TO DEFAULT MOTION**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 122

(Attached: True and correct copy of NDGA Doc. 122.)**Submitted by Pro Se**

**Petitioners:**

Terri Tucker (Lowe)

William James

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Case No. 25-13325-D

v.

District Civil Action No. 1:17-cv-01181-TWT

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

COVERSHEET - EXHIBIT I
Northern District of Georgia (NDGA)
Civil Action No. 1:17-cv-01181-TWT
NDGA Doc. 94 — Summons Issued
to Judge Thomas W. Thrash, Jr

---

**COVERSHEET EXHIBIT I NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 94 SUMMONS ISSUED TO JUDGE THOMAS W. THRASH, JR.**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

EXHIBIT I Page 299

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 94

(Attached: True and correct copy of NDGA Doc. 94.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

EXHIBIT I Page 300

**COVERSHEET EXHIBIT I**
**NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO.**
**1:17-CV-01181-TWT NDGA DOC. 94  SUMMONS ISSUED TO JUDGE**
**THOMAS W. THRASH, JR.**

EXHIBIT  I  Page 301

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

ATLANTA DIVISION ▼

| | |
|---|---|
| William James, Sui Juris<br>Terri Tucker, Sui Juris<br><br><br>*Plaintiff(s)*<br>v.<br>Barbara Hunt, Lions Gate Entertainment, Oprah<br>Winfrey, Harpo, Oprah Winfrey Network (OWN), Tyler<br>Perry aka Emmet Perry Jr, AKA aka John Ivory aka<br>Buddy, Tyler Perry Studios, Tyler Perry Company<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:17-CV-01181-TWT

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Chief Judge Thomas W. Thrash
75 Ted Turner Drive SW
Atlanta, GA 30303
Phone 404-215-1655

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William James 9100 South Drexel Ave Chicago, IL 60619
Terri Tucker 1136 Joslin Path Dpuglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAMES N. HATTEN

*CLERK OF COURT*

Date: JUL 1 2 2017 _____        _____
*Signature of Clerk or Deputy Clerk*

EXHIBIT I Page 302

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 1:17-CV-01181-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                 _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*


                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:


EXHIBIT I Page 303

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET - EXHIBIT J
Northern District of Georgia (NDGA)
Civil Action No. 1:17-Cv-01181-Twt
NDGA Doc. 100 — Executed
Service/Return on Judge Thomas W.
Thrash, Jr

---

**COVERSHEET EXHIBIT J NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 100 — EXECUTED SERVICE/RETURN ON JUDGE THOMAS W. THRASH, JR.**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 100

(Attached: True and correct copy of NDGA Doc. 100.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT J**
**NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO.**
**1:17-CV-01181-TWT NDGA DOC. 100 — EXECUTED SERVICE/RETURN**
**ON JUDGE THOMAS W. THRASH, JR.**

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:17-CV-01181-TWT

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 19 2017

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Thomas W. Thrash + Jeff Sessions , who is

designated by law to accept service of process on behalf of *(name of organization)* Thomas W. Thrash

US Attorney General Washington DC , on *(date)* July 14, 2017 ; or

and at District Court ,

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: July 14, 217 _____ *Emanuel S. Augusta*

_____
Server's signature

EMANUEL A. J. Jury 154
_____
Printed name and title

5590 _____
Marlton, GA 30126
E.A.
_____
Server's address

Additional information regarding attempted service, etc:

I attempted to serve the Defendant in person at 75 Ted Turner Dr SW on the 22nd Floor and was denied. The Clerks stalled and stated they were trying to figure out how to allow me to serve the Judge and I waited for 45 minutes before leaving the Court House.

EXHIBIT J Page 307

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

ATLANTA DIVISION     ▾

| | |
|---|---|
| William James, Sui Juris<br>Terri Tucker, Sui Juris     ) <br> ) <br> ) <br> ) <br><br>_____ ) <br> *Plaintiff(s)* ) <br> v. ) <br> Barbara Hunt, Lions Gate Entertainment, Oprah ) <br> Winfrey, Harpo, Oprah Winfrey Network (OWN), Tyler ) <br> Perry aka Emmet Perry Jr, AKA aka John Ivory aka ) <br> Buddy, Tyler Perry Studios, Tyler Perry Company ) <br>_____ ) <br> *Defendant(s)* ) | Civil Action No. 1:17-CV-01181-TWT |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Chief Judge Thomas W. Thrash
                                       75 Ted Turner Drive SW
                                       Atlanta, GA 30303
                                       Phone 404-215-1655

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William James 9100 South Drexel Ave Chicago, IL 60619
                                            Terri Tucker 1136 Joslin Path Dpuglasville, GA 30134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                               JAMES N. HATTEN

                               *CLERK OF COURT*

Date: JUL 12 2017                                  _____
                                                  *Signature of Clerk or Deputy Clerk*

```
***********************************
         CAMPBELLTON STREET
        8486 CAMPBELLTON ST
            DOUGLASVILLE
               GA
            30134-9998
            1226850394
07/17/2017    (800)275-8777    4:58 PM
***********************************

***********************************
Product                 Sale        Final
Description             Qty         Price

PM 2-Day                  1        $6.65
Flat Rate Env
     (Domestic)
     (WASHINGTON, DC  20530)
     (Flat Rate)
     (Expected Delivery Day)
     (Wednesday 07/19/2017)
Insurance                 1        $0.00
     (Up to $50.00 included)
Sign Conf                 1        $2.90
     (@@USPS Signature Tracking #)
     (23150610000037107745)

Total                              $9.55

Cash                              $10.00
Change                            ($0.45)


Includes up to $50 insurance
```

EXHIBIT J  Page  309

U.S. Postal Service® Signature Confirmation™ Receipt

Postage and Signature Confirmation fees must be paid before mailing.

SIGNATURE CONFIRMATION NUMBER: 2315 0610 0000 3710 7745

Article Sent To: (To be completed by mailer)

(Please Print Clearly)
Attorney Jeff Sessions for Chief Judge Thomas W Thrash Jr
US Department of Justice, 950 Pennsylvania Ave NW
Washington DC 20530-0001

JUL 17 2017
Postmark Here

Check if applicable
☐ Restricted Delivery

PS Form 153, April 2015   PSN 7530-05-000-4046   (See Reverse)

EXHIBIT J  Page  310

(CAMPBELLTON STREET)
8406 CAMPBELLTON ST
DOUGLASVILLE
GA
30134-2906
1226850294
07/17/2017          (866)275-8777    4:58 PM

| Product<br>Description | Sale<br>Qty | Final<br>Price |
|---|---|---|
| PM 2-Day | 1 | $6.65 |
| Flat Rate Box | | |
| (Domestic) | | |
| (WASHINGTON, DC 20530) | | |
| (Flat Rate) | | |
| (Expected Delivery Day) | | |
| (Wednesday 07/19/2017) | | |
| Insurance | 1 | $0.00 |
| (Up to $50.00 included) | | |
| Sign Conf | 1 | $2.90 |
| (@USPS Signature Tracking #) | | |
| (2317001000007107745) | | |

| Total | | $9.55 |
| Cash | | $10.00 |
| Change | | ($0.45) |

Includes up to $50 insurance

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
BRIGHTEN SOMEONE'S MAILBOX. Greeting
cards available for purchase at select
Post Offices.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.

Save this receipt as evidence of
insurance. For information on filing
an insurance claim go to
https://www.usps.com/help/claims.htm

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to
usps.com/clicknship to print shipping
labels with postage. For other
information call 1-800-ASK-USPS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Get your mail when and where you want
it with a secure Post Office Box. Sign
up for a box online at
usps.com/poboxes
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business

HELP US SERVE YOU BETTER

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

Go to:
https://postalexperience.com/Pos

840-5300-0515-002-00021-71280-02

or scan this code with
your mobile device:



call 1-800-410-7420.

---

**U.S. Postal Service™ Signature Confirmation™ Receipt**

Postage and Signature Confirmation fees must be paid before mailing

Attorney Jef Sessions to Chief Judge Thomas W Thrash Jr
US Department Of Justic 950 Pennsylvania Ave NW
Washington DC. 20530-0001

JUL 1 7 2017 Postmark
Here

Check if applicable
☐ Restricted Delivery

PS Form 153, April 2015  PSN 7530-06-000-4046          (See Reverse)

PRESS FIRMLY TO SEAL     PRESS FIRMLY TO SEAL     PRIORITY MAIL
POSTAGE REQUIRED

# PRIORITY
## ★ MAIL ★

 DATE OF DELIVERY SPECIFIED*

 USPS TRACKING™ INCLUDED*

 $ INSURANCE INCLUDED*

 PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

FROM: Terri V. Tucker
William James
1136 Jaslin Path
Douglasville, GA 30134

TO: Attorney General
Jeff Sessions
For Chief Judge Thomas W Thrash
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington DC 20530-0001



P S 00001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

 UNITED STAT
POSTAL SERV

EXHIBIT J Page 312

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JUDGE THOMAS W. THRASH, JR
75 Ted Turner Drive SW
Atlanta GA 30303

9590 9402 1686 6053 7729 93

2. Article Number (Transfer from service label)

7017 1000 0001 0147 2528

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
OWEN EGHAREVBA  7|13|17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053  Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C/O Gagen Macdonald
Barbara Hunt
35 Upper Wacker Dr.
Chicago, IL 60601

9590 9402 2888 7069 8104 74

2. Article Number (Transfer from service label)

7016 3560 0000 8065 2647

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Sheryl Phillips  4|19|17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053  Domestic Return Receipt

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET - K Northern District of Georgia (NDGA) — Civil Action No. 1:17-cv-01181-TWT NDGA Doc. 170 — Amended Consolidated Joint Notice of Appeal

---

**COVERSHEET EXHIBIT K NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT NDGA DOC. 170 — AMENDED CONSOLIDATED JOINT NOTICE OF APPEAL**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 170

(Attached: True and correct copy of NDGA Doc. 170.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT K**
**NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO.**
**1:17-CV-01181-TWT NDGA DOC. 170 — AMENDED CONSOLIDATED**
**JOINT NOTICE OF APPEAL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 2 0 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

William James, Sui Juris
Terri V. Tucker aka
(Donald-Strickland), Sui Juris
Plaintiffs / Counter-Defendants,

:

: Case# 1:17-CV-1181-TWT

v.

: APPELLANTS WILLIAM JAMES,
TERRI TUCKER, JOINT AND
CONSOLIDATED AMENDED NOTICE,
AMENDED APPEAL AND AMENDED
NOTICE OF APPEAL AND NOTICE OF
APPEAL NO: 17-14866 REQUESTING
PERMISSION FOR ALL PARTIES TO
FILE SUPPLEMENTAL BRIEFS ON
DISTRICT DOCS 145-169

Barbara Hunt et. al. and Judge
Thomas W. Thrash Jr.
Defendants/ Counter-Plaintiffs,

PLAINTIFFS/COUNTER DEFENDANTS/APPEALLANTS WILLIAM JAMES
AND TERRI TUCKER, JOINT AND CONSOLIDATED AMENDED NOTICE,
AMENDED APPEAL AND AMENDED NOTICE OF APPEAL AND OR JOINT
AND CONSOLIDATED NOTICE OF APPEAL FOR 11TH CIRCUIT CASE
APPEAL NO: 17-14866 WHICHEVER IS ACCEPTED FROM THE ENTIRE
DISTRICT CASE NO: 17-CV-1181-TWT DOCUMENTS 1 THROUGH 169 ALL
ORDERS ON THE CLOSED RECORD AND TO SUPPLEMENT THE
RECORD AND STAY OF APPEAL 17-14866 UNTIL DECISION ON
PERMISSION OF MOTION FOR RECONSIDERATION IS DECIDED AND

1

EXHIBIT K Page 316

RESOLVED ON COUNTER PLAINTIFFS/DEFENDANTS/APPELLEES
BARBARA HUNT, HARPO, LIONSGATE ENTERAINMENT, OPRAH
WINFREY, OPRAH WINFREY NETWORK (OWN), TYLER PERRY AKA
EMMETT PERRY, JR (BUDDY) AND ALL OTHER NAMES AND ALIASES,
TYLER PERRY COMPANY, TYLER PERRY STUDIOS, LLC AND JUDGE
THOMAS W. THRASH JR

Appellants William James and Terri Tucker Prose Litigants and "Private

Attorney Generals" file this Joint and Consolidated Amended Notice, Amended

Appeal, Amended Notice of Appeal and or a Joint Consolidated Notice of Appeal

incorporating all (Doc. 1-169) whichever is accepted for the Eleventh (11th Cir.)

Court of Appeal No: 17-14866 from the entire District Case No: 17-CV-1181-

TWT with documents in the district court (Doc.1 through 69) and to Supplement

the Appellate court record with remaining District Court Records (Doc. 145

through 169, as well as Doc. 1 through 144) to save judicial time and costs and to

avoid a piecemeal appeal and are currently open in 11th Cir. Court of Appeals

under case no. 17-14866. Requesting that all Documents of the district court (Doc.

1through 169) of the record for case #17-CV-1181-TWT on all final orders and

Judgments (Doc. 138, 154, 168 and 169) be incorporated under the one case

number for a total decision on the entire record against all   Appellees / Counter

Plaintiffs / Defendants Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah

Winfrey, Oprah Winfrey Network (OWN), Tyler Perry aka Emmett Perry Jr. and

all known Aliases, Tyler Perry Company, Tyler Perry Studios and Judge Thomas

EXHIBIT K Page 317

W. Thrash, Jr. and also to include the Appellants/ Counter Defendants/ Plaintiff's

William James and Terri Tucker's request for permission that all parties file

supplemental briefs on District case (Doc. 145 through 169) a decision rendered by

Judge Thomas W. Thrash on counterclaim and summary judgment (Doc. 157) filed

after (Doc. 144) or provide oral argument as "private attorney general" may appear

in any court without an attorney or a bar license required by practicing attorneys to

appear per 18 U.S.C. 1962 appearing for the appeal which was filed with third final

Judgment and orders, the Plaintiffs William James and Terri Tucker appealing the

Granting and award to Defendants Barbara Hunt et. al. attorney's fees as well

entered by the clerk of the court (Doc. 169) pursuant to Rule 59 and denial of

enforcement of awarded Judgment (Doc. 162 for orders Doc. 154 on Appellants

Doc. 143) also to be considered are Rules: (1) Rule 10(e)(2)(C) of the Federal

Rules of Appellate Procedure, (2) Rule 201 of the Federal Rules of Evidence, and

(3) the inherent equitable authority of the federal courts of appeals. (4) the

evidence in the Appellate record included a (Doc. 154) which are Judge Thrash's

Orders 154 used to rule for Plaintiffs William James (Doc. 143) prior to the

Appellate Courts assuming the case on the Appeal and in order for the Appellate

Court to intervene on the additional issues supplementing the record on the current

appeal is necessary and warranted, it will save judicial time and cost. Pursuant to

Appellate Rules of Procedure (Rule 3, 4, 24, 27 and 48) and 28 U.S.C. 1927 and

EXHIBIT K  Page 318

the "Inherent Equitable Authority of the Appeals Court" will allow the Appellate

court the opportunity to address the entire record in the district court in its totality

for Federal Rule of Civil Procedure (Rule 60) for Fraud Upon the Court, Judicial

Error and Abuse of Discretion of the entire record. This case sets precedence for

the U.S. Supreme Court, there are U.S. Constitutional Violations, Unfair Processes

and Disadvantages to Pro Se Litigants as Laws were ignored, Bias and Prejudices

and furthermore, RICO Laws are being ignored 18 U.S.C. 1961-1964, the people

of the United States are being railroaded, deceived and overshadowed by major

corporations who disenfranchise owners of intellectual properties, the merits of the

case are Civil RICO, Sherman Anti-Trust, Clayton Act and Hobbs Act and other

federal laws against all Appellees Barbara Hunt, HARPO, Oprah Winfrey, Oprah

Winfrey Network (OWN), Tyler Perry aka Emmett Perry Jr. and All Aliases, Tyler

Perry Company, Tyler Perry Studios, Chief Judge Thomas W. Thrash, Jr.,

hereinafter (Defendants/Counter-Plaintiffs/Appellees) according to Eleventh

Circuit Court of Federal Rule of Appellate Procedure ("Fed. R. App. P.") 27-4 are

meritoriously being decided by a panel of Judges in the Appellate Court in which

they have elected Probable Jurisdiction.

Issues on Appeal, Supplemented Documents and Amended Documents for Appeal

and Enumerated Errors of Law and Fact, Fraud Upon the Court Pursunt to Rule 60

(b)(3)(4)(6), (d)(3), Extreme Prejudice and Bias 28 U.S.C. 455 etc.

4

1. On October 26, 2017 Appellants William James and Terri Tucker filed an

Appeal on the Case on the Merits of Civil Rico and other Anti-trust laws, see

Complaint Doc. 1, seeking Justice as a matter of law (Doc. 144.)

2. On October 30, 2017 Appellants filed (Doc. 145) Notice of Appeal

Transmission Letter was filed and served to Appellees and (Doc. 146)

Transmission of a Certified Copy of Notice of Appeal, Order ad Docket Sheet to

US Court of Appeals to the 11th Circuit Court of Appeals, and on October 31, 2017

the District Court filed corrected docket sheet to USCA.

3. On October 31, 2017 (Doc. 147) was filed for Appeal Fees received $505.00

Receipt number GAN100097204 and Notice of Appeal filed by Terri Tucker and

William James.

4. On October 31, 2017 (Doc. 148) Transcript Order For re: Notice of Appeal.

5. On October 31, 2017 (Doc. 149) USCA Acknowledgment of (Doc. 144) Notice

of Appeal for Case 17-14866-FF.

6. On November 03, 2017, (Doc. 150), Response in Opposition re (Doc. 141)

Motion for Writ of Mandamus.

7. On November 08, 2017 (Doc. 151), Response in Opposition re to (Doc. 142),

Motion for Reconsideration.

8. On November 14, 2017, (Doc. 152), Reply Brief re (Doc. 142) Motion for

Reconsideration.

9. On November 16, 2017 (Doc. 154), Order denying (Doc. 141, and 142), and

Granting (Doc. 143).

10. On November 21, 2017, (Doc. 155), NOTICE of Change of Address for

William James.

11. On November 27, 2017, (Doc. 156), OBJECTION AND REBUTTAL TO

CHIEF JUDGE THOMAS W. THRASH'S (Doc. 154) Order filed by William

James, Terri V. Tucker.

12. On February 05, 2018 (Doc. 157) Defendants/Counter Plaintiffs/Appellees

First MOTION for Summary Judgment with Brief In Support by Harpo, Lionsgate

Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler

Perry Studios, Oprah Winfrey.

13. On February 06, 2018, (Doc. 158), Clerk's Notice to Parties to Respond to 157

First MOTION for Summary Judgment. (jkl) (Entered: 02/06/2018).

14. On February 26, 2018, (Doc. 159), RESPONSE in Opposition re (Doc.157)

First MOTION for Summary Judgment filed by William James, Terri V. Tucker.

(jkl) (Entered: 02/26/2018).

15. On February 26, 2018, (Doc. 160), Response to Statement of Material Facts re

157 First MOTION for Summary Judgment filed by William James, Terri V.

Tucker. (jkl) (Entered: 02/26/2018).

16. March 12, 2018 (Doc. 161), REPLY BRIEF re 157 First MOTION for

EXHIBIT  K  Page  321

Summary Judgment filed by Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios, Oprah Winfrey.

17. March 19, 2018, (Doc. 162), MOTION for Judgment by William James, Terri V. Tucker.

18. March 26, 2018 (Doc. 163), ORDER of USCA - 11th Circuit DENYING Petitioner's Petition for Writ of Mandamus from the United States District Court for the Northern District of Georgia because the Petition is frivolous. USCA Case Number 18-10164-C. (kac).

19. April 03, 2018, (Doc. 164), RESPONSE in Opposition re 162 MOTION for Judgment filed by Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios, Oprah Winfrey.

20. April 17, 2018, (Doc. 165), REPLY BRIEF re (D0c. 162 )MOTION for Judgment filed by William James, Terri V. Tucker.

21. April 25, 2018, (Doc. 166), Certified copy of ORDER of USCA GRANTING Appellees' Motion Seeking Leave to File a Supplemental Appendix re: 144 Notice of Appeal filed by Terri V. Tucker, William James.

22. May 03, 2018, (Doc. 167) Certified copy of ORDER of USCA DENYING Appellants' "Request for Full Disclosure", DENYING Appellants' "Motion for Sanctions on Appellees", DENYING Appellants' "Motion to Compel Appellees Barbara Hunt et al. [to] Respond to the Appellant['] Motion for Full Disclosure" re:

7

144 Notice of Appeal filed by Terri V. Tucker, William James. In light of this Court's March 29, 2018 letter, stating that it appears that this Court has jurisdiction to consider the appeal, and leaving a final determination regarding jurisdiction to the panel to whom this appeal is submitted on the merits, Appellees' "Request that Further Filings be Stayed Until the Court Decides the Jurisdiction Questions" is DENIED. Case Appealed to USCA - 11th Circuit. USCA Case Number 17-14866FF. (kac) (Entered: 05/03/2018)

23. August 10, 2018, (Doc. 168), ORDER granting Defendants' (Doc.157) Motion for Summary Judgment and denying Plaintiff's (Doc.162) Motion for Judgment. Signed by Judge Thomas W. Thrash, Jr. on 8/10/18. (jkl) (Entered: 08/10/2018).

24. August 10, 2018, (Doc. 169), CLERK'S JUDGMENT in favor of Defendants against Plaintiffs for costs of action. (jkl)--Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist-- (Entered: 08/10/2018).

25. August 10, 2018, Civil Case Terminated. Review for Abuse of Discretion.

26. April 03, 2017 through August 10, 2018, Appellants /Counter Claimants /Appellants seek leave to combine all (Doc. 1-169) on amended appeal or notice of appeal whichever is allowed and Supplementing the Amended Notice of Appeal to incorporate all (Doc. 144-169) pursuant to Appellate and 11th Circuit Court of Appeals Rule 3 and Rule 4 to avoid a piecemeal appeal.

EXHIBIT K Page 323

27. The Plaintiffs/Counter Defendants/Appellees request the Appeals Court to review for Abuse of Discretion and "Review under the clearly erroneous standard is significantly deferential." Concrete Pipe and Prods. v. Construction Laborers Pension Trust, 508 U.S. 602, 623 (1993).

Review for Abuse of Discretion and Clear Error of Law

28. The Judges Orders (Doc. 138, 154 and 168) conflict with one another, in (Doc. 138) the Orders state Judgement for Defendants whereas the document is a Rule 12(c) filed by Counter Plaintiffs, yet Judge states in 11th Cir. Court case 17-14866, saying it is Judgement for Counter Plaintiffs/Defendants, it was also on the wrong merits and not based on (Doc. 1) which should have been treated as the First Summary Judgment per Rule 56 to allow the Plaintiffs/ Counter Defendants the Opportunity to present the merits and material facts as well as the Defendants/Counter Plaintiffs failed to properly answer the Plaintiffs /Counter Defendants (Doc. 61) Motion for Judgment on the Pleadings and Motion for Summary Judgment (Rule 56) failing to respond according to NDGA Local Rule 56.1, and failing to answer all charges of the document. (Doc.154), the Judge then grants the Plaintiffs/Counter Defendants (Doc. 143) final request for Judgment. When Plaintiffs/Counter Defendants request to enforce Judgement with (Doc. 162) the Judge Denies it with final Judgement (Doc. 168 and Clerks Judgment 169).

29. In the Judges final Judgment Doc. 168, he resorts once again to extremely

prejudice and bias name calling of the Plaintiffs/Counter Defendants.

30. Abuse of Discretion to allow the Defendants/Counter Plaintiffs the allowance to add (Doc. 157) on the record 4 months after what he states is the close of the record on the Jurisdiction Answer that the Judge provided on February 06, 2018 for 11th Cir. Case#17-14866, the Judge also admits that when he ruled on (Doc. 74) on Orders (Doc. 138) he stated Admittedly there was no Counterclaim on the record and it could have been brought as a motion for sanctions, the Judge neither the Defendants filed a sanction or a Motion for Counterclaim yet he abuses his discretion by adding and acting as counsel for the Counter Plaintiffs/Defendants by adding that as a charge to the Order (Doc. 138), which proves he cannot rule fairly within the confines of the law, and is taking personal attacks on the Plaintiffs/Counter Defendants, the title and termination of the case on the record is clearly Fraud Upon the Court Pursuant to Federal Rules of Civil Procedure (Rule 60) and abuse of discretion on a 54(b) whereas extreme prejudice and bias pursuant to 28 U.S.C. 455 Judge is Defendant on the current case.

31. The Counter Plaintiffs/Defendants were in default when they filed (Doc. 74) and were in Default when they filed (Doc. 157) Summary Judgment due to (Doc. 85) pursuant to (Rule 14 and Rule 55) in which they never attempted to cure, the never objected/opposed to Plaintiffs/Counter Defendants (Doc. 143). Review for Extreme Bias and Prejudice 28 U.S.C. 455, Fraud Upon the Court Rule

EXHIBIT K  Page 325

60(b)(3)(4)(6) and (d)(3).

32. On June 29, 2017, Judge Thomas W. Thrash Jr. filed Orders (Doc. 76) granting the Appellees to set aside the Default motion. A motion to set aside a default is only good for 6 months to execute a motion for excusable neglect to the court, yet throughout the record there was none filed. Further abuse of discretion, Extreme prejudice and bias against the Appellants pursuant to 28 U.S.C. 455, Review for Abuse of Discretion and Reversal upon appeal and Fraud Upon the Court Rule 60(d)(3).

33. On June 29, the Appellees had the right to file defensive responses to the Appellants Motions for Rule 12(f), Summary Judgement, and answers to Original Complaint (Doc. 1 and Doc. 85) Amended complaint and have not to date and six (6) months have lapsed for a responsive motion and none was filed. Review for Abuse of Discretion, Extreme Prejudice 28 U.S.C. 455, Default Rule 55, and reversal on appeal.

34. On October 19, 2017 when the Orders (Doc. 138) terminated the case there was not any counterclaim or motion for sanctions on the record October 19, 2017 in which affords the Appellants the allowance to file a defensive, corrective or responsive motion for a counterclaim or answer to complaint (doc.1 or Doc. 85). Fraud Upon the Court Rule 60 (d)(3)(4)(6), (d)(3) and Review for Abuse of Discretion.

EXHIBIT K Page 326

35. On February 06, 2018 the Chief Judge Thomas W. Thrash responds and admits

to the Appeals Court Jurisdictional Question entering a Judgment for Counterclaim

that was never asserted in a proper separate Motion of its own for the Appellees.

The Chief Judge a defendant acted as counsel for the Defendants entering the

counterclaim on the record which circumvents the system of jurisprudence and law

violating the Appellants constitutional rights of Due Process of the 5th, 7th 14th

Amendments and further abuse of discretion. Sanctions is warranted according to

the 11th Cir. Rule 27-4(b) it contains assertions of material facts that are false or

unsupported by the record. Review for Fraud Upon the Court Pursuant to Rule

60(b)(3)(4)(6), (d)(3).

a. The Judge also stated there was nothing left in the lower court to rule on and the

proceedings was appealable pursuant to the ruling of (Doc. 138) (Rule 54(b))

which states there must be a claim, counterclaim or crossclaim on the record in

order to (Rule on 54 (b)) in the manner that the Judge did on October 19, 2017. it

was the intention of the court to remove jurisdiction from the 11th Cir. Court of

Appeals and to tie the case up indefinitely, review for Abuse of Discretion and

Fraud Upon the Court Pursuant to Rule 60(b)(3)(4)(6), (d)(3).

b. On February 5, 2018, three (3) months after the final Judgement on October 19,

2017 the Appellees attempted to insert a Motion for Counterclaim Summary

Judgment long after the case was closed. The frivolous filing (Doc. 157) which is

EXHIBIT K Page 327

sanctionable and violates the discovery laws for entering new material evidence

after the close of the record and denies the Appellants due process to conduct

discovery on the affidavits submitted by the Appellees. The violations give the

Appellate court jurisdiction. 11th Cir. Court Appeals 27-4 (c) it is presented for an

improper purpose, such as to harass or to cause unnecessary delay or needless

increase in the cost of litigation. Summary judgment is appropriate if there is no

genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).

The court must view all evidence and all factual inferences reasonably drawn from

the evidence in the light most favorable to the nonmoving party. St. Charles Foods,

Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999). When

the 11th Cir. Court of Appeals asked a Jurisdictional Question the District Judge

Thrash stated there was nothing on the record and he admittedly rule on a

counterclaim that did not exist. Review for Abuse of Discretion.

36. On February 26, 2018 the Appellants Responded to the motion (Doc. 157) in

the district court to state it was out of time, the case was closed and in violation of

the Judges Orders (Doc. 138) which states the case was appealable and closed this

frivolous filing by the Appellees was to erroneously prolong litigation in the lower

court. Revie w for Abuse of Discretion

37. On November 20, 2018 (Doc. 154) the Judge abused his discretion and violated

the Appellants constitutional rights by restricting the Appellants and only the

Appellants by stating The Clerk is directed to file any papers received from the

Plaintiffs but should not docket any papers as motions requiring action by the

Court until so ordered by the Court. Signed by Judge Thomas W. Thrash, Jr. on

11/20/17. (jkl) (Entered: 11/21/2017). Yet this restriction was not extended to all

litigants and thereby prejudiced the Appellants. Erroneous admission/exclusion of

evidence. Reviewed under abuse of discretion standard. Piamba Cortes v.

American Airlines, Inc., 177 F.3d 1272, 1305-06 (11th Cir. 1999). The

complaining party must establish that the error resulted in a "substantial prejudicial

effect." Id. This establishes substantial prejudice to allow the Appellees to file

freely without restriction and to restrict the Appellants violates the Appellants 1st ,

7, 8, 14 Amendment of the U.S. Constitution. Cruel and unusual punishment to

violate the rights of the Plaintiffs / Counter Defendants by ignoring the merits of

the case which is RICO and all incorporated laws and charges of (Doc. 1). 37.

Review for Abuse of Discretion.

38. On February 5, 2018 The Appellees inserted over 25 affidavits for the assertion

of the erroneous counterclaim that violates Federal Rule of Civil Procedure -

Rule13, Rule 56(f) motion for continuance to obtain affidavits or discovery.

Review for abuse of discretion. Carmical v. Bell Helicopter Textron, Inc., 117 F.3d

490, 493 (11th Cir. 1997); Burks v. American Cast Iron Pipe Co., 212 F.3d 1333,

EXHIBIT K Page 329

1336 (11th Cir. 2000). The submission of the Counterclaim (Doc. 157) after the

Judgment has been instituted on the case. This violated the Appellants right to

engage in discovery and the Appellants Motion (Doc. 92) to compel discovery

filed on July 27, 2017. Reviewed for abuse of discretion. R.M.R. by P.A.L. v.

Muscogee County Sch. Dist., 165 F.3d 812, 816 (11th Cir. 1998).

39. The failure of the Appellees to respond to the *"Request for Full Disclosure"*

*filed by Appellants William James and Terri V. Tucker. [8386183-1]* is an admission

and lends credence to the fact that the Judge should have recused himself in the

case#17-CV-1181-TWT. The Appellees responded to the question for clarity

providing the evasive statement that that the Attorney Tom J. Ferber does not

represent the Judge on the current action but has not responded as to all of the

questions on the Appellants FULL DISCLOSURE REQUEST. This is also

sanctionable as the time has elapsed to respond. The Appellees intentionally filed

multiple motions on the 11th Cir. Court of Appeals cases 17-1466-FF and 17-

12394-EE without leave or permission of the appellate court knowing pro se

litigants would following court procedure and all motions would be reviewed as

moot or frivolous. Sanctionable towards Defendants Counsel who are seasoned

attorneys knowing violate court room procedure.

40. On February 26, 2018 the Plaintiffs / Counter Defendant / Appellants filed a

response to the Defendants / Counter Plaintiffs / Appellees (Doc. 160) Plaintiffs

EXHIBIT K Page 330

Objection and Opposition to Defendants First Summary Judgment for

Counterclaim and Response to Petitioners ALL Writs Act Claim and Objection and

Opposition to the Defendants/Petitioners Statement of Theories of Recovery and

Material Facts as to Which There is No Genuine Issue. Defendants claimed

Plaintiffs failed to answer which is untrue, extreme bias and prejudice in this case

is allowing the Defendants to file this Document 4 months after the termination of

the case and not requiring the Defendants to properly answer Plaintiffs Summary

Judgement (Doc. 61) filed previously on June 06, 2017 in which the Defendants

defaulted. Review for fraud upon the court, by an officer of the court Rule 55,

60(d)(3) and 28 U.S.C. 455 the Judge cannot remain neutral and fair.

41. The award for Injunction Orders (Doc. 168) against the Appellants/Counter

Defendants / Plaintiff stating the Plaintiffs must request permission to file any

motion outside of appeal would render Notice of Appeal moot and violate their

rights on this final order since in order for the Appellate Court to take a hard look

at an appeal would need first to see that the Appellants addressed the issues prior to

the appeal in a motion to reconsideration since the 11th Cir Court of Appeals only

has Jurisdiction from 1 through 144 on the District Court Record. The Piecemeal

appeal was meant to indefinitely tie the case up since (Doc. 145-169) would be a

piecemeal appeal where a decision would be needed on other documents in the

EXHIBIT K Page 331

record and even if Plaintiffs proved case on appeal the final orders would have

conflicted the case on decision resulting in a stalemate.

Therefore, a joint and consolidated or notice amending or notice incorporating all

documents from (Doc. 1-169) is needed to cure defective appeal issue and 42.

Appellants / Counter Defendants / Plaintiffs request stay of Current Appeal until

the District Judge Rule on Permission to file Motion for Reconsideration to give

the District Judge the Opportunity to answer the motion with a grant or denial and

filing of Motion for Consideration with an answer should permission be granted.

Relief Sought and Additional Errors of Law

1. In light of the Judges admission to ruling (Doc. 138) on a Counter claim motion

never filed by Defendants/Counter Plaintiffs/ Appellees all district court orders

should be rescinded or vitiated and a clear showing of abuse of discretion and clear

erroneous ruling established in the 11th Cir. Court of Appeals Case # 17-14866

Jurisdictional Question and Answers by all parties giving probable jurisdiction and

erroneous All Writs filed by Defendants/Counter Plaintiffs/ Appellees relief

requested is that the 11th Cir review the entire merit of the case on all issues to

include Defendants multiple defaults of Answers, Summary Judgment, Amended

Answers in which even the Defendant Judge Thomas W. Thrash Jr. responded to

and tried to remove liability from the Defendants when they defaulted and failed

and should have been sanction and to reverse all orders and decisions in the lower

EXHIBIT K Page 332

court clearly warranting damages award.  Reviewed under clearly erroneous

standard. Bunge Corp. v. Freeport Marine Repair, Inc., 240 F.3d 919, 923 (11th

Cir. 2001).

2. In light of Appellees Barbara Hunt et. al and admitted Judge Thrash the clearly

erroneous filing of a non -existent counterclaim after the Judgment on October 19,

2017 for (Doc. 140) which was a Judgment entered into the record, then removed

the same day to erroneously cause confusion of litigation in the Appellate Court.

We request this to be reviewed for clearly intentional Abuse of Discretion as a

matter of law.

3. The coordinated efforts of the court, the Judge and the Appellees show the

manner in which they worked in concert to deceive the system and remove

jurisdiction falsely the appellate court which is in "bad faith" and "sanctionable."

4. Rule 60(b) motion filed in the lower court (Doc. 142), on appeal case #17-14866

and the Jurisdictional Answers filed by all Appellees that there was substantial

Fraud Upon the Court, to include an entry of the Lawyer Tom J. Ferber as

representative between January 24, 2018 and February 7, 2018 and a partial

disclosure that warranted a full disclosure is sanctionable and will be compelled.

The Appellees asking the Appellate Court not to Charge the Appellees with RICO

as it should be according to the merits asserted by the Appellants in their original

complaint (Doc.1) and the circumvention of the law and orders of the Judge (Doc.

EXHIBIT K Page 333

138), shows the Appellees blatant disregard for the law and has made a circus of

the court in the assertion of the claim of copyright infringement never asserted by

the Appellants. The Appellees never fully responded to the Jurisdictional question.

This is sanctionable to file such motions pursuant to Rule 11, frivolous motions.

The Appellees to Include the Judge filed a frivolous response to the Jurisdictional

Question answering in part admitting in part, and not answering the analysis of the

Res Judicata argument and the request to show this in the response is sanctionable.

The Appellees Counsel stated for the Jurisdictional Question they have no

controlling law for what they have filed, this renders all motions filed by appellees

as frvilous. Reviewed for abuse of discretion. American Bankers Ins. Co. v.

Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999); Toole v.

Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). However, motion

under Rule 60(b)(4), on grounds that judgment is void, reviewed de novo. Burke v.

Smith, 252 F.3d 1260,1263 (11th Cir. 2001).

Award/ denial of costs under Rule 54(d). Reviewed for abuse of discretion. EEOC

v. W, Inc., 213 F.3d 600, 619 (11th Cir. 2000).

4. Appellants / Counter Defendants / Plaintiffs request stay of Current Appeal until

the District Judge Rule on Permission to file Motion for Reconsideration to give

the District Judge the Opportunity to answer the motion with a grant or denial and

filing of Motion for Consideration with an answer should permission be granted.

EXHIBIT K Page 334

5. Appellants / Counter Defendants / Plaintiffs request permission to cure piecemeal appeal by Joining, Consolidating, Amending Notice of Appeal and Appeal or consolidating and joining and Supplementing the appeal 17-14866 with current (Doc. 145-169 to incorporate Doc. 1-169).

6. Appellants / Counter Defendants / Plaintiffs requesting the 11th Cir. Court of Appeals make one collective meritorious decision on all documents and supplement the record (Doc. 145-169 with Doc. 1-169) to avoid a partial or piecemeal appeal.

## CONCLUSION

Plaintiffs/ Counter Defendants / Appellants William James and Terri Tucker "Prose Litigants" and "Private Attorney Generals" ask that this Joint and Consolidated Amended Notice, Amended Appeal and Amended Notice of Appeal and Notice of Appeal for the Eleventh (11th Cir.) Court of Appeal No: 17-14866 from the entire District Case No: 17-CV-1181-TWT with documents in the district court (Doc.1 through 69) and to Supplement the Appellate court record with remaining District Court Records Doc. 145 through 169, as Doc. 1 through 144 are currently with the case no. 17-14866. Requesting all Documents of the district court (Doc. 1through 169) of the record for case #17-CV-1181-TWT on all final orders and Judgments (Doc. 138, 154, 168 and 169) for a total decision on 11th Cir. Court of Appeals Case 17-14866 and issue a motion to stay until permission be decided on

motion for reconsideration on the entire record and requesting permission that all parties file supplemental briefs or have Oral Argument on District Court Case 17-CV-1181-TWT (Doc. 145 through 168) a decision rendered by Judge Thomas W. Thrash on a counterclaim and summary judgment (Doc. 157) filed after (Doc. 144) appeal was filed with second final Judgment and orders against Plaintiffs William James and Terri Tucker appealing the Grant and award to Defendants Barbara Hunt et. al. attorney's fees as well entered by the clerk of the court (Doc. 169) pursuant to Rule 59 and denial of enforcement of awarded Judgment (Doc. 154 on Doc. 143) based on (1) Rule 10(e)(2)(C) of the Federal Rules of Appellate Procedure, (2) Rule 201 of the Federal Rules of Evidence, and (3) the inherent equitable authority of the federal courts of appeals. (4) the evidence in the Appellate record included a (Doc. 154) which are Judge Thrash's Orders 154 used to rule for Plaintiffs William James (Doc. 143) prior to the Appellate Courts assuming the case on the Appeal and in order for the Appellate Court to intervene on the additional issues supplementing the record on the current appeal is necessary and warranted, it will save judicial time and cost. Pursuant to Appellate Rules of Procedure (Rule 3, 4, 24, 27 and 48) and 28 U.S.C. 1927 and the "Inherent Equitable Authority of the Appeals Court" will allow the Appellate court the opportunity to address the entire record in the district court in its totality for Federal Rule of Civil Procedure (Rule 60) for Fraud Upon the Court, Judicial Error and Abuse of Discretion of the entire record. This case sets

21

EXHIBIT K Page 336

precedence for the U.S. Supreme Court, there are U.S. Constitutional Violations, Unfair Processes and Disadvantages to Pro Se Litigants as Laws were ignored, Bias and Prejudices and furthermore, RICO Laws are being ignored 18 U.S.C. 1961-1964, against Appellees Barbara Hunt et. al. be "GRANTED" whereas the laws in which sought after are in the interest of the General Public and sets U.S. Supreme Court Precedence and the interest in establishing new and controlling law, equal Judgment to all citizens, and in the Areas of Civil Rico. The Plaintiffs / Counter Defendants /Appellants are requesting that the Appellate maintain Jurisdiction due to the apparent clearly erroneous and substantial abuse of discretion of the Appellant Judge and the Appellees which are high profile entertainment industry cartel, operating under the laws in violation to Civil Rico Pursuant to 28 U.S.C. 1961-1965(b).

Upon the foregoing statement of facts, and citations of authorities, preserving the rights of all documents arguments of the current appeal 17-14866-FF, the current record of 17-CV-1181-TWT and all this Court should consider sanctioning evidence, exhibits, amendments, pleadings, motions, reply's etc.

Submitted: August 20, 2018.

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, Illinois 60430

EXHIBIT K Page 337

Email: BJ255758@yahoo.com
Phone: 773-990-9373

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com
Phone: 678-822-4593

23

EXHIBIT K Page 338

## RULE 7.1(D) CERTIFICATE

The undersigned William James and Terri Tucker "Private Attorney General" and

Pro Se Litigants certifies this document has been prepared with one of the font and

point selections approved by the Court in Local Rule 5.1(C).

Date: August 20, 2018

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, IL 60430
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terriiowe43@gmail.com
Phone: 678-822-4593

24

EXHIBIT K Page 339

## RULE 11 CERTIFICATION

Plaintiffs/ Counter Defendant / Appellants William James and Terri Tucker

"Private Attorney Generals" and "Pro Se Litigants", affirm that all of the content

of this Plaintiffs Amended Appeal, Amended Notice of Appeal and Notice of

Appeal, is true in its entirety to our belief.

We certify that all representations made to the court are truthful.

Date: August 20, 2018

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, IL 60430
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com
Phone: 678-822-4593

EXHIBIT K Page 340

## CERTIFICATE OF SERVICE

This is to certify that we Plaintiffs / Counter Defendants/ Appellants have this 20th

day of August 2018 William James and Terri Tucker CASE: 17-14866

APPELLANTS WILLIAM JAMES, TERRI TUCKER, JOINT AND

CONSOLIDATED AMENDED NOTICE, AMENDED APPEAL AND

AMENDED NOTICE OF APPEAL AND NOTICE OF APPEAL FOR CASE IN

DIST. CT. NO. 1:17-CV-1181-TWT AND STAY OF APPEAL 17-14866 UNTIL

DECISION ON PERMISSION OF MOTION FOR RECONSIDERATION IS

DECIDED AND RESOLVED, Defendants/ Counter Plaintiffs/ Appellees Barbara

Hunt et. al. and Judge Thomas W. Trash, Jr., filing by USPS Priority Mail to the

Clerk of Court of the District Court of Georgia, Atlanta Division for the 11th Circuit

Court of Appeals by Hand and served by Mail on all parties by Attorneys of record

in the U.S.P.S. Mail.

*William James*

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, Illinois 60430
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path

26

EXHIBIT K Page 341

Douglasville, GA 30134
Email: temilove43a@gmail.com
Phone: 68-822-4593
678—

FOR: <u>THE CLERK OF THE COURT:</u>

To: United States Court of Appeals for the 11th Circuit
Clerk of the Court: David J. Smith
Reply to: Eora Jackson, EE/gmp
Forsyth Street N.W.
Atlanta, GA 3003
Phone: 404 335-6173

<u>Attorneys for the Defendants:</u>

To: RICHARD A. GORDON, P.C.
Attorney for Defendant
1495 Powers Ferry Road #101
Marietta, GA 30067
Phone: 770-952-2900

To: PRYOR CASHMAN, LLP
Tom Ferber
(Pro Hac Vice)
7 Times Square
New York, NY 10036-6569
Phone: 212-421-4100

John A Horn
United States Attorney
Lori M. Beranek
Assistant United States Attorney
600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GS 30303
Phone: 404-581-6000

EXHIBIT K Page 342

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET - EXHIBIT L - United States Court of Appeals for the Eleventh Circuit Case No. 18-13553Docket Sheet (showing Doc. 170 upload, Doc. 26 amended notice, motion to consolidate, denial, and fee payment)

---

## COVERSHEET EXHIBIT L - UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT CASE NO. 18-13553DOCKET SHEET (SHOWING DOC. 170 UPLOAD, DOC. 26 AMENDED NOTICE, MOTION TO CONSOLIDATE, DENIAL, AND FEE PAYMENT)

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

EXHIBIT L Page 343

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States Court of Appeals for the Eleventh Circuit

Case No.: 18-13553

(Attached: True and correct copy of the Eleventh Circuit docket sheet in Case No.

18-13553.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

EXHIBIT  L  Page  344

**COVERSHEET EXHIBIT L –**
**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**CASE NO. 18-13553DOCKET SHEET (SHOWING DOC. 170 UPLOAD,**
**DOC. 26 AMENDED NOTICE, MOTION TO CONSOLIDATE, DENIAL,**
**AND FEE PAYMENT**

EXHIBIT L Page 345

**General Docket**
**United States Court of Appeals for the Eleventh Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 18-13553 | **Docketed:** 08/23/2018 |
| **Nature of Suit:** 3470 Civil (Rico) | **Termed:** 08/12/2019 |
| William James, et al v. Barbara Hunt, et al | |
| **Appeal From:** Northern District of Georgia | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
  **1)** Private Civil
  **2)** Federal Question
  **3)** -

**Originating Court Information:**
  **District:** 113E-1 : 1:17-cv-01181-TWT
  **Civil Proceeding:** Thomas W. Thrash, Junior, Senior U.S. District Court Judge
  **Date Filed:** 04/03/2017
  **Date NOA Filed:**
  08/20/2018

**Prior Cases:**

| | | | |
|---|---|---|---|
| 17-13294 | **Date Filed:** 07/21/2017 | **Date Disposed:** 09/27/2017 | **Disposition:** Dismissed |
| 18-10164 | **Date Filed:** 01/12/2018 | **Date Disposed:** 03/26/2018 | **Disposition:** Other |

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 17-14866 | 18-10164 | 01/12/2018 | |
| | 17-14866 | 18-13553 | 08/23/2018 | |

---

| | | |
|---|---|---|
| WILLIAM JAMES, Sui Juris | | William James |
| | Plaintiff - | Direct: 773-990-9373 |
| Appellant | | [NTC Pro Se] |
| | | Firm: 773-990-9973 |
| | | 14920 S. ASHLAND |
| | | HARVEY, IL 60428 |
| | | |
| TERRI TUCKER- LOWE, Sui Juris a.k.a. Terri V. Donald-Strickland a.k.a. TLo-Redness | | Terri Tucker- Lowe |
| | | Direct: 949-922-4861 |
| | Plaintiff - | [NTC Pro Se] |
| Appellant | | Firm: 678-822-4593 |
| | | 1136 JOSLIN PATH |
| | | DOUGLASVILLE, GA 30274 |

versus

EXHIBIT L Page 346

BARBARA HUNT

  Appellee

Defendant -

Tom J. Ferber
[COR LD NTC Retained]
Pryor Cashman, LLP
Firm: 212-326-0886
7 TIMES SQ FL 41
NEW YORK, NY 10504

Richard A. Gordon
Direct: 404-281-5455
[COR NTC Retained]
Richard A. Gordon, PC
223 BROOKCLIFF TRC
MARIETTA, GA 30068

HARPO

  Appellee

Defendant -

Tom J. Ferber
[COR LD NTC Retained]
(see above)

Richard A. Gordon
Direct: 404-281-5455
[COR NTC Retained]
(see above)

LIONSGATE ENTERTAINMENT

  Appellee

Defendant -

Tom J. Ferber
[COR LD NTC Retained]
(see above)

Richard A. Gordon
Direct: 404-281-5455
[COR NTC Retained]
(see above)

OPRAH WINFREY NETWORK, (OWN)

  Appellee

Defendant -

Tom J. Ferber
[COR LD NTC Retained]
(see above)

Richard A. Gordon
Direct: 404-281-5455
[COR NTC Retained]
(see above)

OPRAH WINFREY, d.b.a. Oprah Winfrey Network

  Appellee

Defendant -

Tom J. Ferber
[COR LD NTC Retained]
(see above)

Richard A. Gordon
Direct: 404-281-5455

EXHIBIT L Page 347

[COR NTC Retained]
(see above)

| | | |
|---|---|---|
| TYLER PERRY COMPANY<br><br> Appellee | Defendant - | Matthew Alden Boyd<br>Direct: 404-678-6365<br>[COR LD NTC Retained]<br>Tucker Ellis, LLP<br>3344 PEACHTREE RD STE 1050<br>ATLANTA, GA 30326 |

Tom J. Ferber
[COR LD NTC Retained]
(see above)

Richard A. Gordon
Direct: 404-281-5455
[COR NTC Retained]
(see above)

| | | |
|---|---|---|
| TYLER PERRY STUDIOS, (TPS)<br><br> Appellee | Defendant - | Matthew Alden Boyd<br>Direct: 404-678-6365<br>[COR LD NTC Retained]<br>(see above) |

Tom J. Ferber
[COR LD NTC Retained]
(see above)

Richard A. Gordon
Direct: 404-281-5455
[COR NTC Retained]
(see above)

| | | |
|---|---|---|
| TYLER PERRY, a.k.a. Emmett Perry Jr. a.k.a. Emmett J. Perry<br>a.k.a. Buddy a.k.a. John Ivory a.k.a. Emmett M. Perry, et al.<br><br> Appellee | Defendant - | Matthew Alden Boyd<br>Direct: 404-678-6365<br>[COR LD NTC Retained]<br>(see above) |

Tom J. Ferber
[COR LD NTC Retained]
(see above)

Richard A. Gordon
Direct: 404-281-5455
[COR NTC Retained]
(see above)

| | | |
|---|---|---|
| THOMAS W. THRASH, JR. | Defendant - | Lori Beranek<br>[COR LD NTC US Attorney] |

EXHIBIT L Page 348

Appellee

DOJ-USAO
Northern District of Georgia
Firm: 404-581-6000
75 TED TURNER DR SW STE 600
ATLANTA, GA 30303

EXHIBIT  L  Page  349

WILLIAM JAMES,
Sui Juris,
TERRI V. TUCKER,
Sui Juris,
a.k.a. Terri V. Donald-Strickland,
a.k.a. TLo-Redness,

Plaintiffs - Counter Defendants - Appellants,

versus

BARBARA HUNT,
JUDGE THOMAS W. THRASH, JR.,

Defendants - Appellees,

HARPO,
LIONSGATE ENTERTAINMENT,
OPRAH WINFREY NETWORK,
(OWN),
OPRAH WINFREY,
d.b.a. Oprah Winfrey Network,
TYLER PERRY COMPANY,
TYLER PERRY STUDIOS,
(TPS),
TYLER PERRY,
a.k.a. Emmett Perry Jr.,
a.k.a. Emmett J. Perry,
a.k.a. Buddy,
a.k.a. John Ivory,
a.k.a. Emmett M. Perry, et al.,

Defendants - Counter Claimants - Appellees.

EXHIBIT  L  Page  350

| | | |
|---|---|---|
| 08/23/2018 | ☐ 1<br>94 pg, 3.94 MB | CIVIL APPEAL DOCKETED. Notice of appeal filed by Appellants William James and Terri V. Tucker on 08/20/2018. Fee Status: Fee Not Paid. No hearings to be transcribed. Awaiting Appellant's Certificate of Interested Persons due on or before 09/06/2018 as to Appellant Terri V. Tucker. Awaiting Appellee's Certificate of Interested Persons due on or before 09/20/2018 as to Appellee Barbara Hunt [Entered: 08/27/2018 11:53 AM] |
| 08/30/2018 | ☐ 3<br>9 pg, 821.6 KB | *MOTION to consolidate appeals 17-14866,18-13553 filed by Appellants William James and Terri V. Tucker in 17-14866. Opposition to Motion is Unknown [3] [17-14866, 18-13553] [Entered: 09/06/2018 04:29 PM]* |
| 09/04/2018 | ☐ 2<br>7 pg, 546.24 KB | Appellant's Certificate of Interested Persons and Corporate Disclosure Statement filed by Appellants William James and Terri V. Tucker. [Entered: 09/05/2018 03:36 PM] |
| 09/07/2018 | ☐ 4<br>4 pg, 51.44 KB | APPEARANCE of Counsel Form filed by Richard A. Gordon for Tyler Perry, Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Oprah Winfrey, Tyler Perry Company and Tyler Perry Studios. (ECF: Richard Gordon) [Entered: 09/07/2018 05:17 PM] |
| 09/07/2018 | ☐ 5<br>4 pg, 51.05 KB | APPEARANCE of Counsel Form filed by Tom J. Ferber for Tyler Perry Company and Tyler Perry Studios. (ECF: Richard Gordon) [Entered: 09/07/2018 05:22 PM] |
| 09/07/2018 | ☐ 6<br>12 pg, 56.04 KB | RESPONSE to Motion to consolidate appeals [3] filed by Attorney Richard A. Gordon for Appellees Tyler Perry, Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Oprah Winfrey, Tyler Perry Company and Tyler Perry Studios. (ECF: Richard Gordon) [Entered: 09/07/2018 05:26 PM] |
| 09/07/2018 | ☐ 7<br>1 pg, 337.94 KB | APPEARANCE of Counsel Form filed by Richard A. Gordon for Tyler Perry, Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Oprah Winfrey, Tyler Perry Company and Tyler Perry Studios. (ECF: Richard Gordon) [Entered: 09/07/2018 06:18 PM] |
| 09/10/2018 | ☐ 8<br>1 pg, 336.82 KB | APPEARANCE of Counsel Form filed by Tom J. Ferber for Tyler Perry Company and Tyler Perry Studios. (ECF: Richard Gordon) [Entered: 09/09/2018 12:54 PM] |
| 09/12/2018 | ☐ 9 | Appellate fee was paid on 09/11/2018 as to Appellants William James and Terri V. Tucker, receipt #105992.--[Edited 09/12/2018 by MG to correct the docket date] [Entered: 09/12/2018 02:21 PM] |
| 09/12/2018 | ☐ 10 | NOTICE OF CIP FILING DEFICIENCY to Lori Beranek for Honorable Thomas W. Thrash, Jr., Tom J. Ferber for Tyler Perry Company and Tyler Perry Studios and Richard A. Gordon for Tyler Perry, Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Oprah Winfrey, Tyler Perry Company and Tyler Perry Studios. You are receiving this notice because you have not completed the Web-Based Stock Ticker Symbol CIP via the court's public web-page and have not filed the CIP via the electronic filing system (CM/ECF). Failure to comply with 11th Cir. Rules 26.1-1 through 26.1-4 may result in dismissal of the case or appeal under 11th Cir. R. 42-1(b), return of deficient documents without action, or other sanctions on counsel, the party, or both. [Entered: 09/12/2018 02:24 PM] |
| 09/13/2018 | ☐ 11<br>1 pg, 128.06 KB | APPEARANCE of Counsel Form filed by Lori Beranek for Honorable Thomas W. Thrash, Jr.. (ECF: Lori Beranek) [Entered: 09/13/2018 01:10 PM] |

EXHIBIT  L  Page  351

| | | |
|---|---|---|
| 09/13/2018 | ☐ 12<br>5 pg, 42.87 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Lori Beranek for Appellee Honorable Thomas W. Thrash, Jr.. On the same day the CIP is served, the party filing it must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-2(b). (ECF: Lori Beranek) [Entered: 09/13/2018 03:11 PM] |
| 09/13/2018 | ☐ 13<br>6 pg, 67.66 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Richard A. Gordon for Appellees Tyler Perry, Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Oprah Winfrey, Tyler Perry Company and Tyler Perry Studios. On the same day the CIP is served, the party filing it must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-2(b). (ECF: Richard Gordon) [Entered: 09/13/2018 05:50 PM] |
| 09/21/2018 | ☐ 14<br>3 pg, 90.62 KB | ORDER: Motion to consolidate appeals is DENIED. [3] WHP [Entered: 09/21/2018 11:03 AM] |
| 09/21/2018 | ☐ 15<br>2 pg, 17.9 KB | Briefing Notice issued to Appellants William James, Terri V. Tucker and Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Honorable Thomas W. Thrash, Jr., Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. The brief is due on or before October 24, 2018 The appendix is due no later than 7 days from the filing of the appellant's brief. [Entered: 09/21/2018 11:07 AM] |
| 09/28/2018 | ☐ 16<br>20 pg, 1018.82 KB | *MOTION to impose sanctions for damages and costs not pursuant to Rule 38 filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [16] [Entered: 10/03/2018 08:54 AM]* |
| 09/28/2018 | ☐ 17<br>19 pg, 888.38 KB | *MOTION Motion for permission to file an objection to orders 168 and 169 filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [17] [Entered: 10/03/2018 09:02 AM]* |
| 09/28/2018 | ☐ 18<br>17 pg, 723.68 KB | *MOTION to stay pending appeal filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [18] [Entered: 10/03/2018 09:12 AM]* |
| 09/28/2018 | ☐ 19<br>18 pg, 785.67 KB | *MOTION for reconsideration of final judgment orders on District Court docket numbers 168 and 169 filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [19] [Entered: 10/03/2018 09:21 AM]* |
| 09/28/2018 | ☐ 20<br>156 pg, 9.73 MB | *MOTION to supplement the record, to consolidate appeals 18-13553 and 17-14866, to stay further appellate proceedings, ET AL filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [20] [Entered: 10/03/2018 10:51 AM]* |
| 09/28/2018 | ☐ 21<br>29 pg, 1.35 MB | Notice of filing: Joint Amended consolidated notice of appeal Affidavits as to docket numbers 16-20 on the 11th Cir. docket as to Appellants William James and Terri V. Tucker.--[Edited 10/17/2018 by RAV] [Entered: 10/03/2018 11:20 AM] |
| 10/04/2018 | ☐ 22<br>1 pg, 14.62 KB | The briefing schedule issued to Appellants William James and Terri V. Tucker is hereby rescinded for the following reason(s): The pending motion to consolidate stops briefing until the resolution of that motion.. When the above matter(s) is resolved, the clerk will issue a notice advising counsel and the parties of the new schedule for filing briefs in this appeal. [Entered: 10/04/2018 09:44 AM] |
| 10/04/2018 | ☐ 23<br>14 pg, 63.09 KB | RESPONSE to Motion filed by Appellants William James and Terri V. Tucker [20], Motion filed by Appellants William James and Terri V. Tucker [20], Motion filed by Appellants William James and Terri V. Tucker [20], Motion filed by Appellants William James and Terri V. Tucker [19], Motion filed by Appellants William James and Terri V. Tucker [18], Motion filed by Appellants William James and Terri V. Tucker [17], |

EXHIBIT L Page 352

| | | Motion filed by Appellants William James and Terri V. Tucker [16] filed by Attorney Richard A. Gordon for Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. [18-13553] (ECF: Richard Gordon) [Entered: 10/04/2018 04:05 PM] |
|---|---|---|
| 10/10/2018 | ☐ 24<br>20 pg, 999.86 KB | Reply to response filed by Appellants William James and Terri V. Tucker. [Entered: 10/15/2018 11:51 AM] |
| 10/16/2018 | ☐ 25<br>3 pg, 88.9 KB | ORDER:The Plaintiffs have filed in this Court five motions, all docketed as of September 28, 2018, collectively seeking: (1) permission to file a motion for sanctions; (2) permission to file an objection; (3) to inform this Court of multiple docketing errors; (4) permission to file a motion for reconsideration; and (5) to supplement the record. The Plaintiffs' motions are DENIED. With respect to the Plaintiffs' motion to supplement the record, the Court notes that it will have access to the full record in the district court when considering this appeal. [20]; [20]; [20]; [19]; [18]; [17]; [16] WHP [Entered: 10/16/2018 09:35 AM] |
| 11/06/2018 | ☐ 26 | Over the phone extension granted by clerk as to William James and Terri V. Tucker. Originally due 11/26/18 Appellants brief due on 12/10/2018 as to Appellants William James and Terri V. Tucker. Appendix due on 12/17/2018 as to Appellants William James and Terri V. Tucker. [Entered: 11/06/2018 10:27 AM] |
| 11/29/2018 | ☐ 27<br>9 pg, 643.13 KB | *"Joint Request for Permission to File a Supplemental Appendix" filed by Appellants William James and Terri V. Tucker. [27]* [Entered: 11/30/2018 09:21 AM] |
| 12/06/2018 | ☐ 28<br>10 pg, 50.58 KB | RESPONSE to Motion to supplement the record filed by Appellants William James and Terri V. Tucker [27] filed by Attorney Richard A. Gordon for Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. [18-13553] (ECF: Richard Gordon) [Entered: 12/06/2018 05:37 PM] |
| 12/10/2018 | ☐ 37 | Appellant's brief filed by William James and Terri V. Tucker. Deficiencies: Cert of Compliance - excess words; per telephone call from appellant, the number in the COC is a mistake and will be corrected. Service date: 12/10/2018 [18-13553] Attorney for Appellee: Beranek - email; Attorney for Appellee: Ferber - email; Attorney for Appellee: Gordon - email. [Entered: 12/27/2018 09:56 AM] |
| 12/11/2018 | ☐ 34<br>11 pg, 342.34 KB | *MOTION to amend brief filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [34]* [Entered: 12/27/2018 09:43 AM] |
| 12/12/2018 | ☐ 30<br>3296 pg, 140.17 MB | Appendix filed [17 VOLUMES - 2 copies] by William James and Terri V. Tucker. Service date: 12/12/2018 US mail - Appellants James, Tucker; email - Attorney for Appellees: Beranek, Ferber, Gordon.--[Edited 02/15/2019 by MM] [Entered: 12/18/2018 03:47 PM] |
| 12/13/2018 | ☐ 41<br>12 pg, 367.3 KB | Supplemental Appendix [1 VOLUMES - 1 sets] filed by William James and Terri V. Tucker. Service date: 12/13/2018 US mail - Appellants James, Tucker; email - Attorney for Appellees: Beranek, Ferber, Gordon. [Entered: 12/31/2018 11:39 AM] |
| 12/17/2018 | ☐ 31 | CORRECTED Appellant's brief filed by William James and Terri V. Tucker. Service date: 12/14/2018 [18-13553] Attorney for Appellee: Beranek - email; Attorney for Appellee: Ferber - email; Attorney for Appellee. [Edited to add the word "Corrected" to the docket text; Cert of Compliance corrected]--[Edited 12/27/2018 by BHM]--[Edited 02/15/2019 by MLS - SEE CORRECTED BRIEF DATED 12-26-18] [Entered: 12/19/2018 01:10 PM] |

EXHIBIT L Page 353

| | | |
|---|---|---|
| 12/18/2018 | ☐ 29<br>12 pg, 416.14 KB | Supplemental Authority (correct the brief) filed by Appellants William James and Terri V. Tucker. Service date: 12/17/2018 US mail - Appellants James, Tucker; email - Attorney for Appellees: Beranek, Ferber, Gordon. [Entered: 12/18/2018 01:35 PM] |
| 12/19/2018 | ☐ 32 | Over the phone extension granted by clerk as to Attorney Tom J. Ferber for Appellees Tyler Perry, Barbara Hunt, Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Oprah Winfrey, Tyler Perry Company and Tyler Perry Studios. Appellee's Brief due on 01/28/2019 as to Appellee Oprah Winfrey Network, et al [Entered: 12/19/2018 02:16 PM] |
| 12/20/2018 | ☐ 33<br>34 pg, 1.12 MB | *MOTION to correct briefing receiving date filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [33]* [Entered: 12/21/2018 09:14 AM] |
| 12/20/2018 | ☐ 36<br>35 pg, 1.19 MB | *MOTION to amend appellant's brief (directing clerk to change brief received date) filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [36]* [Entered: 12/27/2018 09:53 AM] |
| 12/26/2018 | ☐ 39<br>126 pg, 4.35 MB | *MOTION to amend brief (3rd brief) filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [39]* [Entered: 12/27/2018 10:12 AM] |
| 12/26/2018 | ☐ 46<br>118 pg, 4.16 MB | Corrected Appellant brief filed (see court order 1/17/19) by Appellants William James and Terri V. Tucker. Service date: 12/26/2018 US mail - Appellants James, Tucker; email - Attorney for Appellees: Beranek, Ferber, Gordon. [Entered: 01/17/2019 01:00 PM] |
| 12/27/2018 | ☐ 35 | MOTION MOOT: Motion to amend appellant's brief (certificate of compliance) is MOOT [34] 12/27/2018. Motion filed by Appellants William James and Terri V. Tucker. [Entered: 12/27/2018 09:45 AM] |
| 12/27/2018 | ☐ 40<br>30 pg, 1.34 MB | Public Communication: Two copies of the appellant's brief were missing pages 33-62. These have been corrected with the missing pages. [Entered: 12/27/2018 10:20 AM] |
| 01/07/2019 | ☐ 42<br>15 pg, 69.46 KB | *TIME SENSITIVE MOTION to correct appendix filed by Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. Opposition to Motion is Unknown. [42]* [18-13553] (ECF: Tom Ferber) [Entered: 01/07/2019 12:08 PM] |
| 01/08/2019 | ☐ 43<br>30 pg, 181.37 KB | Appellee's Brief filed by Appellee Honorable Thomas W. Thrash, Jr.. [18-13553] (ECF: Lori Beranek) [Entered: 01/08/2019 02:41 PM] |
| 01/10/2019 | ☐ 44 | Received paper copies of EBrief filed by Appellee Honorable Thomas W. Thrash, Jr.. [Entered: 01/10/2019 03:34 PM] |
| 01/17/2019 | ☐ 45<br>3 pg, 23.54 KB | ORDER: Before the Court is Appellants' "Request for Permission to File a Supplemental Appendix w/ 17-14866/16-11601/18-10164 in Case No. 18-13553." This motion is DENIED AS UNNECESSARY...These motions are GRANTED to the extent that the Court accepts Appellants' brief dated December 26, 2018 as Appellants' initial brief and as timely filed as of the date it was docketed. Any other relief is DENIED. (see order for complete text) [39];. [36]; [33];. [27] JP [Entered: 01/17/2019 12:52 PM] |
| 01/17/2019 | ☐ 47<br>21 pg, 4.22 MB | *MOTION to supplement the record filed by Appellants William James and Terri V. Tucker. Opposition to Motion is Unknown [47]* [Entered: 01/18/2019 09:23 AM] |
| 01/17/2019 | ☐ 48<br>20 pg, 1.18 MB | RESPONSE in Opposition to Appellees' motion for permission to file a supplemental appendix has been filed by Appellants William James and Terri V. Tucker in 18-13553 [42]. [Entered: 01/18/2019 09:32 AM] |
| 01/25/2019 | ☐ 49<br>3 pg, 62.18 KB | ORDER: Appellees' motion for permission to file a supplemental appendix is GRANTED.[42] BCG [Entered: 01/25/2019 09:51 AM] |

EXHIBIT L Page 354

| 01/28/2019 | ☐ 50 45 pg, 185.41 KB | Appellee's Brief filed by Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. [18-13553] (ECF: Tom Ferber) [Entered: 01/28/2019 04:40 PM] |
|---|---|---|
| 01/28/2019 | ☐ 51 538 pg, 42.53 MB | Supplemental Appendix [2 VOLUMES] filed by Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. [18-13553] (ECF: Tom Ferber) [Entered: 01/28/2019 04:59 PM] |
| 01/30/2019 | ☐ 52 | Received paper copies of EBrief filed by Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Honorable Thomas W. Thrash, Jr., Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. [Entered: 01/30/2019 02:31 PM] |
| 01/30/2019 | ☐ 53 | Received paper copies of EAppendix filed by Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Honorable Thomas W. Thrash, Jr., Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. 2 VOLUMES - 2 COPIES [Entered: 01/31/2019 02:32 PM] |
| 02/05/2019 | ☐ 54 48 pg, 1.98 MB | Reply Brief filed by Appellants William James and Terri V. Tucker. Service 02/05/2019 - Attorney for Appellees: Beranek, Ferber, Gordon. [Entered: 02/05/2019 10:09 AM] |
| 02/14/2019 | ☐ 55 3 pg, 62.75 KB | ORDER: Appellants' "Joint Permission Motion to File Supplemental Exhibits" is DENIED. [47] BCG [Entered: 02/14/2019 08:59 AM] |
| 07/05/2019 | ☐ 56 3 pg, 213.89 KB | Notice of Change of Address for Party William James in 17-14866. [17-14866, 18-13553] [Entered: 07/09/2019 01:47 PM] |
| 08/12/2019 | ☐ 57 9 pg, 47.23 KB | Opinion issued by court as to Appellants William James and Terri V. Tucker. Decision: Affirmed. Opinion type: Non-Published. Opinion method: Per Curiam. The opinion is also available through the Court's Opinions page at this link http://www.ca11.uscourts.gov/opinions. [Entered: 08/12/2019 02:23 PM] |
| 08/12/2019 | ☐ 58 2 pg, 10.21 KB | Judgment entered as to Appellants William James and Terri V. Tucker. [Entered: 08/12/2019 02:25 PM] |
| 09/10/2019 | ☐ 59 3 pg, 592.68 KB | Mandate issued as to Appellants William James and Terri V. Tucker. [Entered: 09/10/2019 10:59 AM] |
| 09/24/2019 | ☐ 60 1 pg, 56.37 KB | Notice of Writ of Certiorari filed as to Appellant William James. SC# 19-390. [Entered: 09/25/2019 04:39 PM] |
| 09/30/2019 | ☐ 61 7 pg, 178.42 KB | Notice of change of phone number filed by Petitioners William James and Terri Tucker in 18-10164, Appellants William James and Terri V. Tucker in 17-14866, 18-13553. [18-10164, 17-14866, 18-13553]-- [Edited 10/03/2019 by JC] [Entered: 10/01/2019 03:12 PM] |
| 10/28/2019 | ☐ 62 | Checked status of certiorari 19-390 filed as to Appellant William James - Pending. [Entered: 10/28/2019 12:53 PM] |
| 11/18/2019 | ☐ 63 1 pg, 61.75 KB | Writ of Certiorari filed as to Appellant William James is DENIED. SC# 19-390. The court's mandate having previously issued, no further action will be taken by this court. [Entered: 11/19/2019 12:26 PM] |
| 08/26/2025 | ☐ 64 34 pg, 3.44 MB | *"Plaintiffs' Motion to Recall Mandate (Fraud on the Court, Manifest Injustice, and Due Process Violations)" filed by Appellants William James and Terri V. Tucker. [64]* [Entered: 08/27/2025 03:18 PM] |
| 08/27/2025 | ☐ 65 1 pg, 82.14 KB | Notice that no action will be taken on the appellants' motion to recall mandate because it does not comply with this Court's rules on Certificates of Interested Persons and Corporate Disclosure Statements. It doesn't contain a Certificate of Interested Persons. See 11th Cir. R. 26.1-1. Additionally, it |

EXHIBIT L Page 355

does not comply with 11th Cir. R. 41-1(c). [64]
[Entered: 08/27/2025 03:22 PM]

| 08/28/2025 | ☐ 66<br>10 pg, 979.29 KB | "Notice to the Chief Judge Regarding Administrative Handling of Motion to Recall Mandate" filed by Appellants William James and Terri V. Tucker in 17-14866 &18-13553. [17-14866, 18-13553] [Entered: 08/28/2025 03:28 PM] |
| --- | --- | --- |
| 08/28/2025 | ☐ 67<br>43 pg, 4.16 MB | *MOTION to recall mandate filed by Appellants William James and Terri V. Tucker. [67]* [Entered: 08/28/2025 03:34 PM] |
| 09/08/2025 | ☐ 68<br>10 pg, 36.06 KB | RESPONSE to Motion filed by Appellants William James and Terri V. Tucker [67] filed by Attorney Tom J. Ferber for Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. [18-13553] (ECF: Tom Ferber) [Entered: 09/08/2025 05:07 PM] |
| 09/09/2025 | ☐ 69<br>30 pg, 1.34 MB | REPLY to RESPONSE to Motion to recall mandate [67] filed by Appellants William James and Terri V. Tucker.--[Edited 09/10/2025 by MLS] [Entered: 09/10/2025 03:43 PM] |
| 10/02/2025 | ☐ 70<br>2 pg, 31.03 KB | ORDER: Appellants' motion to recall the mandate is DENIED. [67] WHP, BCG and SHB [Entered: 10/02/2025 04:12 PM] |
| 10/23/2025 | ☐ 71<br>1 pg, 135.97 KB | ***Docketed in Error***APPEARANCE of Counsel Form filed by Matthew A. Boyd for Tyler Perry Studios, and Tyler Perry Related cases? Yes. [18-13553]--[Edited 10/24/2025 by JC] (ECF: Matthew Boyd) [Entered: 10/23/2025 04:36 PM] |
| 10/23/2025 | ☐ 72<br>1 pg, 152.98 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Matthew A. Boyd and Tom J. Ferber for Tyler Perry Company, Tyler Perry Studios, and Tyler Perry. On the same day the CIP is served, any filer represented by counsel must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-1(b). [18-13553] (ECF: Matthew Boyd) [Entered: 10/23/2025 04:39 PM] |
| 10/24/2025 | ☐ 73 | Notice of deficient Appearance of Counsel form filed by Matthew Alden Boyd. The form doesn't show the party or parties that are represented by counsel. Please file a corrected form within 3 days from this date. [Entered: 10/24/2025 09:44 AM] |
| 10/24/2025 | ☐ 74<br>1 pg, 119.77 KB | APPEARANCE of Counsel Form filed by Matthew Alden Boyd for Tyler Perry. Related cases? Yes. [18-13553] (ECF: Matthew Boyd) [Entered: 10/24/2025 01:00 PM] |

EXHIBIT L Page 356

Select All  Clear All

⦿ **Documents and Docket Summary**
◯ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0    **Selected Size:** 0 KB

View Selected

---

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/22/2025 10:56:44 | | | |
| **PACER Login:** | terrilowe | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 18-13553 |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

EXHIBIT  L  Page  357

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,


v.


Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D


District Civil Action No. 1:17-cv-01181-TWT


COVERSHEET - EXHIBIT M -
United States Court of Appeals for the
Eleventh Circuit — Case No. 18-
13553 Amended Notice of Appeal
(Doc. 21)

---

## COVERSHEET EXHIBIT M - UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT — CASE NO. 18-13553 AMENDED NOTICE OF APPEAL (DOC. 21)

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States Court of Appeals for the Eleventh Circuit

Case No.: 18-13553

Document No.: 21

(Attached: True and correct copy of Eleventh Circuit Doc. 21, Amended Notice of Appeal.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT M**
**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**— CASE NO. 18-13553 AMENDED NOTICE OF APPEAL (DOC. 26)**

U.S. COURT OF APPEALS
RECEIVED
CLERK

SEP 2 8 2018

ATLANTA, GA

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

WILLIAM JAMES
TERRI TUCKER,

     Sui Juris,             :

Appellants/Counter Defendants,
Plaintiffs

                  v.

APPEAL CASE NO: 18-13553-F
APPELLANTS WILLIAM
JAMES, TERRI TUCKER, JOINT
AND CONSOLIDATED
AMENDED NOTICE OF
AMENDED APPEAL AND
AMENDED NOTICE OF
APPEAL AND NOTICE OF
APPEAL FOR CASE IN DIST.
CT. NO. 1:17-CV-1181-TWT AND
STAY OF APPEAL 18-13553-F
UNTIL DECISION ON
PERMISSION MOTION FOR
RECONSIDERATION IS
DECIDED AND RESOLVED

BARBARA HUNT et. al. and JUDGE
THOMAS W. THRASH JR.
 Appellees, Counter Plaintiffs and
Defendants

_____

Case No. 18-13553-F
William James et. al v. Barbara Hunt, et. al.

### COUNTER DEFENDANTS/ PLAINTIFFS/ APPELLANTS WILLIAM JAMES AND TERRI TUCKER JOINT CERTFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOURE

     Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local

Rule 3.3, Counter Defendants, Plaintiffs, Appellants, William James and Terri V.

Tucker, hereinafter referred to as "Appellants", hereby makes and files their

C - 1 of 4

1

EXHIBIT M Page 361

Certificate of Interested Persons and Corporate Disclosure Statement as follows:

(1) The undersigned and Prose Litigants and Private Attorney Generals of record to this action William James and Terri V. Tucker, certify that the following is a full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party as well as attorneys and Judges:

    (a) Barbara Hunt – Defendant / Appellee

    (b) aka Emmett M. Perry, Jr. aka (Buddy) Defendant / Appellee

    (c) aka Emmett T. Perry, Jr. – Defendant / Appellees

    (d) HARPO 10% or more owned by a party - Defendant/Appellee

    (e) John Ivory-Defendant/Appellee

    (f) Lions Gate Entertainment – Defendant/ Appellee

    (g) Oprah Winfrey – Defendant/ Appellee

    (h) Oprah Winfrey Network (OWN) 10% or more owned by a party

      Defendant/Appellee

    (i) Pryor and Cashman, Defendants Attorney

    (j) Richard A. Gordon P.C. – Defendants Attorney

    (k) Richard W. Story, Jr. – Prior - Presiding Judge

    (l) Thomas W. Thrash, Jr – Chief U.S. District Judge - Presiding

    (m) Tom J. Ferber Attorney – Defendants Attorney

    (n) Tyler Perry – Defendant

    (o) Tyler Perry Company 10% or more owned by a party

Defendant/Appellee

(p) Tyler Perry Studios 10% or more owned by a party Defendant/Appellees

(q) William James – Plaintiff/Appellant

(r) David Zaslav – 10% or more owned Oprah Winfrey

    Network (OWN) by a Non-Party

(s) Discovery Communications – 10% or more Owner of Oprah

    Winfrey Network (OWN) Stock Market Symbol (DISCA)

(2) The undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

(a) HARPO - Private

(b) Lions Gate Entertainment, Ticker - RG-a NYSE – LG-Fa

(c) Oprah Winfrey Network (OWN) – DISCA - Public

(d) Discovery Communications – DISCA - Public

(e) The Tyler Perry Company, Private

(f) The Tyler Perry Studios, Inc. Private

(3) The undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding.

C-3 of 4

3

EXHIBIT  M  Page  363

<u>APPEALLANTS /PLAINTIFFS/COUNTER DEFENDANTS WILLIAM
JAMES AND TERRI TUCKER, JOINT AND CONSOLIDATED AMENDED
NOTICE, AMENDED APPEAL AND AMENDED NOTICE OF APPEAL
AND OR JOINT AND CONSOLIDATED NOTICE OF APPEAL FOR 11<sup>TH</sup>
CIRCUIT CASE APPEAL NO: 17-14866 WHICHEVER IS ACCEPTED
FROM THE ENTIRE DISTRICT CASE NO: 17-CV-1181-TWT
DOCUMENTS 1 THROUGH 180 ALL ORDERS ON THE CLOSED
RECORD AND TO SUPPLEMENT THE RECORD AND STAY OF APPEAL
18-13553 UNTIL DECISION ON PERMISSION OF MOTION FOR
RECONSIDERATION IS DECIDED AND RESOLVED ON COUNTER
PLAINTIFFS/DEFENDANTS/APPELLEES BARBARA HUNT, HARPO,
LIONSGATE ENTERAINMENT, OPRAH WINFREY, OPRAH WINFREY
NETWORK (OWN), TYLER PERRY AKA EMMETT PERRY, JR (BUDDY)
AND ALL OTHER NAMES AND ALIASES, TYLER PERRY COMPANY,
TYLER PERRY STUDIOS, LLC AND JUDGE THOMAS W. THRASH JR
CASES APPEAL NO 17-14866 AND DISTRICT CASE NO. 17-CV-1181-
TWT IS SORTED OUT TO INCLUDE SANCTIONS REQUESTED BY THE
APPELLANTS IS RENDERED A DECISION</u>

Appellants William James and Terri Tucker Prose Litigants and "Private

Attorney Generals" file this Joint and Consolidated Amended Notice, Amended

Appeal, Amended Notice of Appeal and or a Joint Consolidated Notice of

Appeal incorporating all (Doc. 1-169) whichever is accepted for the Eleventh

(11<sup>th</sup> Cir.) Court of Appeal No: 18-13553 from the entire District Case No: 17-

CV-1181-TWT with documents in the district court (Doc.1 through 180) and to

Supplement the Appellate court record with remaining District Court Records

(Doc. 145 through 180, as well as Doc. 1 through 144) as well as to inform the

appellate court this current Appellate Case No. 18-13553-F was fraudulently

generated to overthrow a decision of a currently open appeal on the same

subject matters which is Case No 17-14866-f and requested to consolidate to

<div align="center">5</div>

save judicial time and costs and to avoid a piecemeal appeal and are currently

open in 11th Cir. Court of Appeals under case no. 17-14866. Requesting that all

Documents of the district court (Doc. 1through 180) of the record for case #17-

CV-1181-TWT on all final orders and Judgments (Doc. 138, 154, 168 and 169)

be incorporated under the one case number for a total decision on the entire

record against all   Appellees / Counter Plaintiffs / Defendants Barbara Hunt,

Harpo, Lionsgate Entertainment, Oprah Winfrey, Oprah Winfrey Network

(OWN), Tyler Perry aka Emmett Perry Jr. and all known Aliases, Tyler Perry

Company, Tyler Perry Studios and Judge Thomas W. Thrash, Jr. and also to

include the Appellants/ Counter Defendants/ Plaintiff's William James and

Terri Tucker's request for permission that all parties file supplemental briefs on

District case (Doc. 145 through 169) a decision rendered by Judge Thomas W.

Thrash on counterclaim and summary judgment (Doc. 157) filed after (Doc.

144) or provide oral argument as "private attorney general" may appear in any

court without an attorney or a bar license required by practicing attorneys to

appear per 18 U.S.C. 1962 appearing for the appeal which was filed with third

final Judgment and orders, the Plaintiffs William James and Terri Tucker

appealing the Granting and award to Defendants Barbara Hunt et. al. attorney's

fees as well entered by the clerk of the court (Doc. 169) pursuant to Rule 59 and

denial of enforcement of awarded Judgment (Doc. 162 for orders Doc. 154 on

Appellants Doc. 143) also to be considered are Rules: (1) Rule 10(e)(2)(C) of

the Federal Rules of Appellate Procedure, (2) Rule 201 of the Federal Rules of
Evidence, and (3) the inherent equitable authority of the federal courts of
appeals. (4) the evidence in the Appellate record included a (Doc. 154) which
are Judge Thrash's Orders 154 used to rule for Plaintiffs William James (Doc.
143) prior to the Appellate Courts assuming the case on the Appeal and in order
for the Appellate Court to intervene on the additional issues supplementing the
record on the current appeal is necessary and warranted, it will save judicial
time and cost. Pursuant to Appellate Rules of Procedure (Rule 3, 4, 24, 27 and
48) and 28 U.S.C. 1927 and the "Inherent Equitable Authority of the Appeals
Court" will allow the Appellate court the opportunity to address the entire
record in the district court in its totality for Federal Rule of Civil Procedure
(Rule 60) for Fraud Upon the Court, Judicial Error and Abuse of Discretion of
the entire record. This case sets precedence for the U.S. Supreme Court, there
are U.S. Constitutional Violations, Unfair Processes and Disadvantages to Pro
Se Litigants as Laws were ignored, Bias and Prejudices and furthermore, RICO
Laws are being ignored 18 U.S.C. 1961-1964, the people of the United States
are being railroaded, deceived and overshadowed by major corporations who
disenfranchise owners of intellectual properties, the merits of the case are Civil
RICO, Sherman Anti-Trust, Clayton Act and Hobbs Act and other federal laws
against all Appellees Barbara Hunt, HARPO, Oprah Winfrey, Oprah Winfrey
Network (OWN), Tyler Perry aka Emmett Perry Jr. and All Aliases, Tyler Perry

7

Company, Tyler Perry Studios, Chief Judge Thomas W. Thrash, Jr., hereinafter (Defendants/Counter-Plaintiffs/Appellees) according to Eleventh Circuit Court of Federal Rule of Appellate Procedure ("Fed. R. App. P.") 27-4 are meritoriously being decided by a panel of Judges in the Appellate Court in which they have elected Probable Jurisdiction.

<u>Issues on Appeal, Supplemented Documents and Amended Documents for Appeal and Enumerated Errors of Law and Fact, Fraud Upon the Court Pursuant to Rule 60 (b)(3)(4)(6), (d)(3), Extreme Prejudice and Bias 28 U.S.C. 455 etc.</u>

1. On October 26, 2017 Appellants William James and Terri Tucker filed an Appeal on the Case on the Merits of Civil Rico and other Anti-trust laws, see Complaint Doc. 1, seeking Justice as a matter of law (Doc. 144.)

2. On October 30, 2017 Appellants filed (Doc. 145) Notice of Appeal Transmission Letter was filed and served to Appellees and (Doc. 146) Transmission of a Certified Copy of Notice of Appeal, Order ad Docket Sheet to US Court of Appeals to the 11th Circuit Court of Appeals, and on October 31, 2017 the District Court filed corrected docket sheet to USCA.

3. On October 31, 2017 (Doc. 147) was filed for Appeal Fees received $505.00 Receipt number GAN100097204 and Notice of Appeal filed by Terri Tucker and William James.

4. On October 31, 2017 (Doc. 148) Transcript Order For re: Notice of Appeal.

5. On October 31, 2017 (Doc. 149) USCA Acknowledgment of (Doc. 144) Notice of Appeal for Case 17-14866-FF.

6. On November 03, 2017, (Doc. 150), Response in Opposition re (Doc. 141) Motion for Writ of Mandamus.

7. On November 08, 2017 (Doc. 151), Response in Opposition re to (Doc. 142), Motion for Reconsideration.

8. On November 14, 2017, (Doc. 152), Reply Brief re (Doc. 142) Motion for Reconsideration.

9. On November 16, 2017 (Doc. 154), Order denying (Doc. 141, and 142), and Granting (Doc. 143).

10. On November 21, 2017, (Doc. 155), NOTICE of Change of Address for William James.

11. On November 27, 2017, (Doc. 156), OBJECTION AND REBUTTAL TO CHIEF JUDGE THOMAS W. THRASH'S (Doc. 154) Order filed by William James, Terri V. Tucker.

12. On February 05, 2018 (Doc. 157) Defendants/Counter Plaintiffs/Appellees First MOTION for Summary Judgment with Brief In Support by Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios, Oprah Winfrey.

13. On February 06, 2018, (Doc. 158), Clerk's Notice to Parties to Respond to 157 First MOTION for Summary Judgment. (jkl) (Entered: 02/06/2018).

9

14. On February 26, 2018, (Doc. 159), RESPONSE in Opposition re (Doc.157) First MOTION for Summary Judgment filed by William James, Terri V. Tucker. (jkl) (Entered: 02/26/2018).

15. On February 26, 2018, (Doc. 160), Response to Statement of Material Facts re 157 First MOTION for Summary Judgment filed by William James, Terri V. Tucker. (jkl) (Entered: 02/26/2018).

16. March 12, 2018 (Doc. 161), REPLY BRIEF re 157 First MOTION for Summary Judgment filed by Harpo, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios, Oprah Winfrey.

17. March 19, 2018, (Doc. 162), MOTION for Judgment by William James, Terri V. Tucker.

18. March 26, 2018 (Doc. 163), ORDER of USCA - 11th Circuit DENYING Petitioner's Petition for Writ of Mandamus from the United States District Court for the Northern District of Georgia because the Petition is frivolous. USCA Case Number 18-10164-C. (kac).

19. April 03, 2018, (Doc. 164), RESPONSE in Opposition re 162 MOTION for Judgment filed by Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios, Oprah Winfrey.

20. April 17, 2018, (Doc. 165), REPLY BRIEF re (D0c. 162 )MOTION for

10

Judgment filed by William James, Terri V. Tucker.

21. April 25, 2018, (Doc. 166), Certified copy of ORDER of USCA GRANTING Appellees' Motion Seeking Leave to File a Supplemental Appendix re: 144 Notice of Appeal filed by Terri V. Tucker, William James.

22. May 03, 2018, (Doc. 167) Certified copy of ORDER of USCA DENYING Appellants' "Request for Full Disclosure", DENYING Appellants' "Motion for Sanctions on Appellees", DENYING Appellants' "Motion to Compel Appellees Barbara Hunt et al. [to] Respond to the Appellant[s'] Motion for Full Disclosure" re: 144 Notice of Appeal filed by Terri V. Tucker, William James. In light of this Court's March 29, 2018 letter, stating that it appears that this Court has jurisdiction to consider the appeal, and leaving a final determination regarding jurisdiction to the panel to whom this appeal is submitted on the merits, Appellees' "Request that Further Filings be Stayed Until the Court Decides the Jurisdiction Questions" is DENIED. Case Appealed to USCA - 11th Circuit. USCA Case Number 17-14866FF. (kac) (Entered: 05/03/2018)

23. August 10, 2018, (Doc.168), ORDER granting Defendants' (Doc.157) Motion for Summary Judgment and denying Plaintiff's (Doc.162) Motion for Judgment. Signed by Judge Thomas W. Thrash, Jr. on 8/10/18. (jkl) (Entered: 08/10/2018).

24. August 10, 2018, (Doc. 169), CLERK'S JUDGMENT in favor of Defendants against Plaintiffs for costs of action. (jkl)--Please refer to

EXHIBIT M  Page 370

http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist--
(Entered: 08/10/2018).

25. August 10, 2018, Civil Case Terminated. Review for Abuse of Discretion.

26. April 03, 2017 through August 10, 2018, Appellants /Counter Claimants /Appellants seek leave to combine all (Doc. 1-169) on amended appeal or notice of appeal whichever is allowed and Supplementing the Amended Notice of Appeal to incorporate all (Doc. 144-169) pursuant to Appellate and 11th Circuit Court of Appeals Rule 3 and Rule 4 to avoid a piecemeal appeal.

27. The Plaintiffs/Counter Defendants/Appellees request the Appeals Court to review for Abuse of Discretion and "Review under the clearly erroneous standard is significantly deferential." Concrete Pipe and Prods. v. Construction Laborers Pension Trust, 508 U.S. 602, 623 (1993).

Review for Abuse of Discretion and Clear Error of Law

28. The Judges Orders (Doc. 138, 154 and 168) conflict with one another, in (Doc. 138) the Orders state Judgement for Defendants whereas the document is a Rule 12(c) filed by Counter Plaintiffs, yet Judge states in 11th Cir. Court case 17-14866, saying it is Judgement for Counter Plaintiffs/Defendants, it was also on the wrong merits and not based on (Doc. 1) which should have been treated as the First Summary Judgment per Rule 56 to allow the Plaintiffs/ Counter Defendants the Opportunity to present the merits and material facts as well as the Defendants/Counter Plaintiffs failed to properly answer the Plaintiffs

12

/Counter Defendants (Doc. 61) Motion for Judgment on the Pleadings and Motion for Summary Judgment (Rule 56) failing to respond according to NDGA Local Rule 56.1, and failing to answer all charges of the document. (Doc.154), the Judge then grants the Plaintiffs/Counter Defendants (Doc. 143) final request for Judgment. When Plaintiffs/Counter Defendants request to enforce Judgement with (Doc. 162) the Judge Denies it with final Judgement (Doc. 168 and Clerks Judgment 169).

29. In the Judges final Judgment Doc. 168, he resorts once again to extremely prejudice and bias name calling of the Plaintiffs/Counter Defendants.

30. Abuse of Discretion to allow the Defendants/Counter Plaintiffs the allowance to add (Doc. 157) on the record 4 months after what he states is the close of the record on the Jurisdiction Answer that the Judge provided on February 06, 2018 for 11th Cir. Case#17-14866, the Judge also admits that when he ruled on (Doc. 74) on Orders (Doc. 138) he stated Admittedly there was no Counterclaim on the record and it could have been brought as a motion for sanctions, the Judge neither the Defendants filed a sanction or a Motion for Counterclaim yet he abuses his discretion by adding and acting as counsel for the Counter Plaintiffs/Defendants by adding that as a charge to the Order (Doc. 138), which proves he cannot rule fairly within the confines of the law, and is taking personal attacks on the Plaintiffs/Counter Defendants, the title and termination of the case on the record is clearly Fraud Upon the Court Pursuant

13

to Federal Rules of Civil Procedure (Rule 60) and abuse of discretion on a 54(b) whereas extreme prejudice and bias pursuant to 28 U.S.C. 455 Judge is Defendant on the current case.

31. The Counter Plaintiffs/Defendants were in default when they filed (Doc. 74) and were in Default when they filed (Doc. 157) Summary Judgment due to (Doc. 85) pursuant to (Rule 14 and Rule 55) in which they never attempted to cure, the never objected/opposed to Plaintiffs/Counter Defendants (Doc. 143). Review for Extreme Bias and Prejudice 28 U.S.C. 455, Fraud Upon the Court Rule 60(b)(3)(4)(6) and (d)(3).

32. On June 29, 2017, Judge Thomas W. Thrash Jr. filed Orders (Doc. 76) granting the Appellees to set aside the Default motion. A motion to set aside a default is only good for 6 months to execute a motion for excusable neglect to the court, yet throughout the record there was none filed. Further abuse of discretion, Extreme prejudice and bias against the Appellants pursuant to 28 U.S.C. 455, Review for Abuse of Discretion and Reversal upon appeal and Fraud Upon the Court Rule 60(d)(3).

33. On June 29, the Appellees had the right to file defensive responses to the Appellants Motions for Rule 12(f), Summary Judgement, and answers to Original Complaint (Doc. 1 and Doc. 85) Amended complaint and have not to date and six (6) months have lapsed for a responsive motion and none was filed. Review for Abuse of Discretion, Extreme Prejudice 28 U.S.C. 455, Default

14

Rule 55, and reversal on appeal.

34. On October 19, 2017 when the Orders (Doc. 138) terminated the case there was not any counterclaim or motion for sanctions on the record October 19, 2017 in which affords the Appellants the allowance to file a defensive, corrective or responsive motion for a counterclaim or answer to complaint (doc.1 or Doc. 85). Fraud Upon the Court Rule 60 (d)(3)(4)(6), (d)(3) and Review for Abuse of Discretion.

35. On February 06, 2018 the Chief Judge Thomas W. Thrash responds and admits to the Appeals Court Jurisdictional Question entering a Judgment for Counterclaim that was never asserted in a proper separate Motion of its own for the Appellees. The Chief Judge a defendant acted as counsel for the Defendants entering the counterclaim on the record which circumvents the system of jurisprudence and law violating the Appellants constitutional rights of Due Process of the 1st, 5th, 7th 14th Amendments and further abuse of discretion. Sanctions is warranted according to the 11th Cir. Rule 27-4(b) it contains assertions of material facts that are false or unsupported by the record. Review for Fraud Upon the Court Pursuant to Rule 60(b)(3)(4)(6), (d)(3).

a. The Judge also stated there was nothing left in the lower court to rule on and the proceedings was appealable pursuant to the ruling of (Doc. 138) (Rule 54(b)) which states there must be a claim, counterclaim or crossclaim on the record in order to (Rule on 54 (b) in the manner that the Judge did on October

15

19, 2017. it was the intention of the court to remove jurisdiction from the 11th Cir. Court of Appeals and to tie the case up indefinitely, review for Abuse of Discretion and Fraud Upon the Court Pursuant to Rule 60(b)(3)(4)(6), (d)(3).

b. On February 5, 2018, three (3) months after the final Judgement on October 19, 2017 the Appellees attempted to insert a Motion for Counterclaim Summary Judgment long after the case was closed. The frivolous filing (Doc. 157) which is sanctionable and violates the discovery laws for entering new material evidence after the close of the record and denies the Appellants due process to conduct discovery on the affidavits submitted by the Appellees. The violations give the Appellate court jurisdiction. 11th Cir. Court Appeals 27-4 (c) it is presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). The court must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999). When the 11th Cir. Court of Appeals asked a Jurisdictional Question the District Judge Thrash stated there was nothing on the record and he admittedly rule on a counterclaim that did not exist. Review for Abuse of Discretion.

16

36. On February 26, 2018 the Appellants Responded to the motion (Doc. 157) in the district court to state it was out of time, the case was closed and in violation of the Judges Orders (Doc. 138) which states the case was appealable and closed this frivolous filing by the Appellees was to erroneously prolong litigation in the lower court. Revie w for Abuse of Discretion

37. On November 20, 2018 (Doc. 154) the Judge abused his discretion and violated the Appellants constitutional rights by restricting the Appellants and only the Appellants by stating The Clerk is directed to file any papers received from the Plaintiffs but should not docket any papers as motions requiring action by the Court until so ordered by the Court. Signed by Judge Thomas W. Thrash, Jr. on 11/20/17. (jkl) (Entered: 11/21/2017). Yet this restriction was not extended to all litigants and thereby prejudiced the Appellants. Erroneous admission/exclusion of evidence. Reviewed under abuse of discretion standard. Piamba Cortes v. American Airlines, Inc., 177 F.3d 1272, 1305-06 (11th Cir. 1999). The complaining party must establish that the error resulted in a "substantial prejudicial effect." Id. This establishes substantial prejudice to allow the Appellees to file freely without restriction and to restrict the Appellants violates the Appellants 1st , 7, 8, 14 Amendment of the U.S. Constitution. Cruel and unusual punishment to violate the rights of the Plaintiffs / Counter Defendants by ignoring the merits of the case which is RICO and all incorporated laws and charges of (Doc. 1). 37. Review for Abuse of Discretion.

EXHIBIT M  Page 376

38. On February 5, 2018 The Appellees inserted over 25 affidavits for the assertion of the erroneous counterclaim that violates Federal Rule of Civil Procedure - Rule13, Rule 56(f) motion for continuance to obtain affidavits or discovery. Review for abuse of discretion. Carmical v. Bell Helicopter Textron, Inc., 117 F.3d 490, 493 (11th Cir. 1997); Burks v. American Cast Iron Pipe Co., 212 F.3d 1333, 1336 (11th Cir. 2000). The submission of the Counterclaim (Doc. 157) after the Judgment has been instituted on the case. This violated the Appellants right to engage in discovery and the Appellants Motion (Doc. 92) to compel discovery filed on July 27, 2017. Reviewed for abuse of discretion. R.M.R. by P.A.L. v. Muscogee County Sch. Dist., 165 F.3d 812, 816 (11th Cir. 1998).

39. The failure of the Appellees to respond to the *"Request for Full Disclosure" filed by Appellants William James and Terri V. Tucker. [8386183-1]* is an admission and lends credence to the fact that the Judge should have recused himself in the case#17-CV-1181-TWT. The Appellees responded to the question for clarity providing the evasive statement that that the Attorney Tom J. Ferber does not represent the Judge on the current action but has not responded as to all of the questions on the Appellants FULL DISCLOSURE REQUEST. This is also sanctionable as the time has elapsed to respond. The Appellees intentionally filed multiple motions on the 11th Cir. Court of Appeals cases 17-1466-FF and 17-12394-EE without leave or permission of the appellate court

18

knowing pro se litigants would following court procedure and all motions

would be reviewed as moot or frivolous. Sanctionable towards Defendants

Counsel who are seasoned attorneys knowing violate court room procedure.

40. On February 26, 2018 the Plaintiffs / Counter Defendant / Appellants filed a

response to the Defendants / Counter Plaintiffs / Appellees (Doc. 160) Plaintiffs

Objection and Opposition to Defendants First Summary Judgment for

Counterclaim and Response to Petitioners ALL Writs Act Claim and Objection

and Opposition to the Defendants/Petitioners Statement of Theories of

Recovery and Material Facts as to Which There is No Genuine Issue.

Defendants claimed Plaintiffs failed to answer which is untrue, extreme bias and

prejudice in this case is allowing the Defendants to file this Document 4 months

after the termination of the case and not requiring the Defendants to properly

answer Plaintiffs Summary Judgement (Doc. 61) filed previously on June 06,

2017 in which the Defendants defaulted. Review for fraud upon the court, by an

officer of the court Rule 55, 60(d)(3) and 28 U.S.C. 455 the Judge cannot

remain neutral and fair.

41. The award for Injunction Orders (Doc. 168) against the Appellants/Counter

Defendants / Plaintiff stating the Plaintiffs must request permission to file any

motion outside of appeal would render Notice of Appeal moot and violate their

rights on this final order since in order for the Appellate Court to take a hard

look at an appeal would need first to see that the Appellants addressed the issues

19

prior to the appeal in a motion to reconsideration since the 11th Cir Court of

Appeals only has Jurisdiction from 1 through 144 on the District Court Record.

The Piecemeal appeal was meant to indefinitely tie the case up since (Doc. 145-

169) would be a piecemeal appeal where a decision would be needed on other

documents in the record and even if Plaintiffs proved case on appeal the final

orders would have conflicted the case on decision resulting in a stalemate.

Therefore, a joint and consolidated or notice amending or notice incorporating

all documents from (Doc. 1-180) is needed to cure defective appeal issue and

42. Appellants / Counter Defendants / Plaintiffs request stay of Current Appeal

until the District Judge Rule on Permission to file Motion for Reconsideration to

give the District Judge the Opportunity to answer the motion with a grant or

denial and filing of Motion for Consideration with an answer should permission

be granted.

43. Appellants William James and Terri Tucker reserving the rights and

arguments for all Orders, Defaults of Answers, Defaults of Summary

Judgments. Defaults of motions, and Arguments asserted under the RICO ACT,

Sherman Anti-Trust Act, Hobbs Act, Clayton Act and Doc. 1 Initial Complaint,

Doc. 49 which was never challenged or Ruled upon, and Doc – 2 through 180

of the entire issues of the entire case for this appeal brief, fraud upon the court

Rule 60 and violations of the RICO Act and 1st Amendment, as well as

20

challenging 27 sets of Orders for Fraud Upon the Court Rule 60, intrinsic and extrinsic fraud, conspiracy, corruption and injustice.

Relief Sought and Additional Errors of Law

1. In light of the Judges admission to ruling (Doc. 138, 154) on a Counter claim motion never filed by Defendants/Counter Plaintiffs/ Appellees all district court orders should be rescinded or vitiated and a clear showing of abuse of discretion and clear erroneous ruling established in the 11th Cir. Court of Appeals Case # 17-14866 and District Case# 17-CV-1181-TWT Jurisdictional Question and Answers by all parties giving probable jurisdiction and erroneous All Writs filed by Defendants/Counter Plaintiffs/ Appellees relief requested is that the 11th Cir review the entire merit of the case on all issues to include Defendants multiple defaults of Answers, Summary Judgment, Amended Answers in which even the Defendant Judge Thomas W. Thrash Jr. responded to and tried to remove liability from the Defendants when they defaulted and failed and should have been sanction and to reverse all orders and decisions in the lower court clearly warranting damages award.  Reviewed under clearly erroneous standard. Bunge Corp. v. Freeport Marine Repair, Inc., 240 F.3d 919, 923 (11th Cir. 2001).

2. In light of Appellees Barbara Hunt et. al and admitted Judge Thrash the clearly erroneous filing of a non -existent counterclaim after the Judgment on October 19, 2017 for (Doc. 140) which was a Judgment entered into the record,

EXHIBIT  M  Page  380

then removed the same day to erroneously cause confusion of litigation in the Appellate Court. We request this to be reviewed for clearly intentional Abuse of Discretion as a matter of law.

3. The coordinated efforts of the court, the Judge and the Appellees show the manner in which they worked in concert to deceive the system and remove jurisdiction falsely the appellate court which is in "bad faith" and "sanctionable."

4. Rule 60(b) motion filed in the lower court (Doc. 142), on appeal case #17-14866 and the Jurisdictional Answers filed by all Appellees that there was substantial Fraud Upon the Court, to include an entry of the Lawyer Tom J. Ferber as representative between January 24, 2018 and February 7, 2018 and a partial disclosure that warranted a full disclosure is sanctionable and will be compelled. The Appellees asking the Appellate Court not to Charge the Appellees with RICO as it should be according to the merits asserted by the Appellants in their original complaint (Doc.1) and the circumvention of the law and orders of the Judge (Doc. 138), shows the Appellees blatant disregard for the law and has made a circus of the court in the assertion of the claim of copyright infringement never asserted by the Appellants. The Appellees never fully responded to the Jurisdictional question. This is sanctionable to file such motions pursuant to Rule 11, frivolous motions. The Appellees to Include the Judge filed a frivolous response to the Jurisdictional Question answering in part

admitting in part, and not answering the analysis of the Res Judicata argument and the request to show this in the response is sanctionable. The Appellees Counsel stated for the Jurisdictional Question they have no controlling law for what they have filed, this renders all motions filed by appellees as frvilous. Reviewed for abuse of discretion. American Bankers Ins. Co. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999); Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). However, motion under Rule 60(b)(4), on grounds that judgment is void, reviewed de novo. Burke v. Smith, 252 F.3d 1260,1263 (11th Cir. 2001).

Award/ denial of costs under Rule 54(d). Reviewed for abuse of discretion. EEOC v. W, Inc., 213 F.3d 600, 619 (11th Cir. 2000).

4. Appellants / Counter Defendants / Plaintiffs request stay of Current Appeal until the District Judge Rule on Permission to file Motion for Reconsideration to give the District Judge the Opportunity to answer the motion with a grant or denial and filing of Motion for Consideration with an answer should permission be granted.

5. Appellants / Counter Defendants / Plaintiffs request permission to cure piecemeal appeal by Joining, Consolidating, Amending Notice of Appeal and Appeal or consolidating and joining and Supplementing the appeal 18-13553 with current appeal No. 17-14866 (Doc. 145-169 to incorporate Doc. 1-180).

EXHIBIT M  Page 382

6. Appellants / Counter Defendants / Plaintiffs requesting the 11th Cir. Court of Appeals make one collective meritorious decision on all documents and supplement the record (Doc. 145-169 with Doc. 1-180) to avoid a partial or piecemeal appeal.

7. AND STAY OF APPEAL 18-13553 UNTIL DECISION ON PERMISSION OF MOTION FOR RECONSIDERATION OF DITRICT CASE NO. 17-CV-1181-TWT AND CURRENT APPEAL 17-4866 IS DECIDED AND RESOLVED BY REVOKING ALL ORDERS FOR FRAUD UPON THE COURT PURSUANT TO RULE 60 (b)(3)(d)(3(4)(6) GRANTING APPELLANTS/PLAINTIFFS/COUNTER DEFENDANTS (DKT 162) JUDGMENT REINFORCEMENT.

<div align="center">CONCLUSION</div>

Plaintiffs/ Counter Defendants / Appellants William James and Terri Tucker "Prose Litigants" and "Private Attorney Generals" ask that this Joint and Consolidated Amended Notice, Amended Appeal and Amended Notice of Appeal and Notice of Appeal for the Eleventh (11th Cir.) Court of Appeal No: 18-3553 generated fraudulently and currently on appeal n case no. 17-14866 from the entire District Case No: 17-CV-1181-TWT with documents in the district court (Doc.1 through 180) and to Supplement the Appellate court record with remaining District Court Records Doc. 145 through 180, as Doc. 1 through 144 are currently with the case no. 17-14866. Requesting all Documents of the district

<div align="center">24</div>

court (Doc. 1through 180) of the record for case #17-CV-1181-TWT on all final orders and Judgments (Doc. 138, 154, 168 and 169) for a total decision on 11th Cir. Court of Appeals Case 17-14866 and issue a motion to stay until permission be decided on motion for reconsideration on the entire record and requesting permission that all parties file supplemental briefs or have Oral Argument on District Court Case 17-CV-1181-TWT (Doc. 145 through 168) a decision rendered by Judge Thomas W. Thrash on a counterclaim and summary judgment (Doc. 157) filed after (Doc. 144) appeal was filed with second final Judgment and orders against Plaintiffs William James and Terri Tucker appealing the Grant and award to Defendants Barbara Hunt et. al. attorney's fees as well entered by the clerk of the court (Doc. 169) pursuant to Rule 59 and denial of enforcement of awarded Judgment (Doc. 154 on Doc. 143) based on (1) Rule 10(e)(2)(C) of the Federal Rules of Appellate Procedure, (2) Rule 201 of the Federal Rules of Evidence, and (3) the inherent equitable authority of the federal courts of appeals. (4) the evidence in the Appellate record included a (Doc. 154) which are Judge Thrash's Orders 154 used to rule for Plaintiffs William James (Doc. 143) prior to the Appellate Courts assuming the case on the Appeal and in order for the Appellate Court to intervene on the additional issues supplementing the record on the current appeal is necessary and warranted, it will save judicial time and cost. Pursuant to Appellate Rules of Procedure (Rule 3, 4, 24, 27 and 48) and 28 U.S.C. 1927 and the "Inherent Equitable Authority of the Appeals Court" will

allow the Appellate court the opportunity to address the entire record in the district court in its totality for Federal Rule of Civil Procedure (Rule 60) for Fraud Upon the Court, Judicial Error and Abuse of Discretion of the entire record. This case sets precedence for the U.S. Supreme Court, there are U.S. Constitutional Violations, Unfair Processes and Disadvantages to Pro Se Litigants as Laws were ignored, Bias and Prejudices and furthermore, RICO Laws are being ignored 18 U.S.C. 1961-1964, against Appellees Barbara Hunt et. al. be "GRANTED" whereas the laws in which sought after are in the interest of the General Public and sets U.S. Supreme Court Precedence and the interest in establishing new and controlling law, equal Judgment to all citizens, and in the Areas of Civil Rico. The Plaintiffs / Counter Defendants /Appellants are requesting that the Appellate maintain Jurisdiction due to the apparent clearly erroneous and substantial abuse of discretion of the Appellant Judge and the Appellees which are high profile entertainment industry cartel, operating under the laws in violation to Civil Rico Pursuant to 28 U.S.C. 1961-1965(b).

Upon the foregoing statement of facts, and citations of authorities, preserving the rights of all documents arguments of the current appeal 17-14866-FF, the current district court record of 17-CV-1181-TWT and this fraudulently generated appeal case no.18-13553 as this Court should consider sanctioning Defendants based on the evidence, exhibits, amendments, pleadings, motions, reply's etc of all records and Appellants reserve their right from the records of

26

17-14866 and 17-cv-1181-twt and all records associated with this case.

Submitted: September 28, 2018.

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, Illinois 60430
Email: BJ255758@yahoo.com
Phone: 773-990-9373

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com
Phone: 678-822-4593

27

EXHIBIT  M  Page  386

<u>CERTIFICATE OF COMPLIANCE WITH RULE 32</u>

<u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

Check the appropriate box in section 1 and check the box in section 2.

1. Type-Volume This document does not exceed page limit of 30 pages and or the word limit 5200 of FRAP 32(f) Appellants William James and Terri Tucker Motion for Sanction is 5358 words and 23 pages, 487 Lines, 76 Paragraphs.

2. Typeface and Type-Style

X This document complies with the typeface "Times New Roman" requirements of FRAP 32(a)(5) and the font size "14 pts." requirements of FRAP 32(a)(6).

September 28, 2018

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, Illinois 60430
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com
Phone: 678-822-4593

28

EXHIBIT  M  Page 387

## CERTIFICATE OF SERVICE

This is to certify that we Plaintiffs / Counter Defendants/ Appellants have this 28th day of September 2018 William James and Terri Tucker Appeal Case No: 18-13553 APPELLANTS WILLIAM JAMES, TERRI TUCKER, JOINT AND CONSOLIDATED AMENDED NOTICE AND AMENDED APPEAL AND AMENDED NOTICE OF APPEAL AND NOTICE OF APPEAL FOR CASE IN DIST. CT. NO. 1:17-CV-1181-TWT AND STAY OF APPEAL 17-14866 UNTIL DECISION ON PERMISSION OF MOTION FOR RECONSIDERATION IS DECIDED AND RESOLVED, Defendants/ Counter Plaintiffs/ Appellees Barbara Hunt et. al. and Judge Thomas W. Trash, Jr., filing by USPS Priority Mail to the Clerk of Court of the District Court of Georgia, Atlanta Division for the 11th Circuit Court of Appeals by Hand and served by Mail on all parties by Attorneys of record in the U.S.P.S. Mail.

Date: September 28, 2018

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, Illinois 60430
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com

29

EXHIBIT M Page 388

Phone: 678-822-4593

THE CLERK OF THE COURT:

To: United States Court of Appeals for the 11th Circuit
Clerk of the Court: David J. Smith
Reply to: Eora Jackson, EE/gmp
Forsyth Street N.W.
Atlanta, GA 3003
Phone: 404 335-6173

Attorneys for the Defendants:

To: RICHARD A. GORDON, P.C.
Attorney for Defendant
1495 Powers Ferry Road #101
Marietta, GA 30067
Phone: 770-952-2900

To: PRYOR CASHMAN, LLP
Tom Ferber
(Pro Hac Vice)
7 Times Square
New York, NY 10036-6569
Phone: 212-421-4100

John A Horn
United States Attorney
Lori M. Beranek
Assistant United States Attorney
600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GS 30303
Phone: 404-581-600

30

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

COVERSHEET - EXHIBIT N -
United States Court of Appeals for the
Eleventh Circuit — Case No. 18-
13553 Motion to Consolidate Doc. 3
and Order Doc. 14 Denying Motion

---

**COVERSHEET EXHIBIT N - UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT — CASE NO. 18-13553 MOTION TO CONSOLIDATE DOC. 3 AND ORDER DOC. 14 DENYING MOTION**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States Court of Appeals for the Eleventh Circuit

Case No.: 18-13553

(Attached: True and correct copies of Motion to Consolidate Doc. 3 and the Order

Doc. 14 Denying the Motion in Case No. 18-13553.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT N**
**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**— CASE NO. 18-13553 MOTION TO CONSOLIDATE DOC. 3 AND**
**ORDER DOC. 16 DENYING MOTION**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 21, 2018

William James
3058 Fresno Lane
Homewood, IL 60430

Terri V. Tucker
1136 JOSLIN PATH
DOUGLASVILLE, GA 30134

Appeal Number:  18-13553-F
Case Style:  William James, et al v. Barbara Hunt, et al
District Court Docket No:  1:17-cv-01181-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Appellant's brief is due 40 days from the date of the enclosed order. The brief is due on or before October 24, 2018.  Briefing notice will be issued separately.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Dionne S. Young, F
Phone #: (404) 335-6224

MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 17-14866-FF; 18-13553-F

_____

WILLIAM JAMES,
Sui Juris,
TERRI V. TUCKER,
Sui Juris,
a.k.a. Terri V. Donald-Strickland,
a.k.a. TLO-Redness,

                                        Plaintiffs-Counter Defendants-Appellants,

versus

BARBARA HUNT,
JUDGE THOMAS W. THRASH, JR.,

                                        Defendants-Appellees,

HARPO,
LIONSGATE ENTERTAINMENT,
OPRAH WINFREY NETWORK,
(OWN),
OPRAH WINFREY,
d.b.a. Oprah Winfrey Network,
TYLER PERRY COMPANY,
TYLER PERRY STUDIOS,
(TPS),
TYLER PERRY,
a.k.a. Emmett Perry Jr.,
a.k.a. Emmett J. Perry,
a.k.a. Buddy,
a.k.a. John Ivory,
a.k.a. Emmett M. Perry,
a.k.a. Emmbre R. Perry,
a.k.a. Emmitt R. Perry,
a.k.a. Emmett T. Perry,
a.k.a. Willie M. Perry,
a.k.a. Emmett Ty Perry,
a.k.a. Emmett Perry,
a.k.a. Tyler E. Perry,

d.b.a. Tyler Perry Studios,

                                        Defendants-Counter Claimants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

ORDER:

The Plaintiffs have filed in this Court five motions and a letter, collectively seeking: (1) to file an amended or joint and consolidated notice of appeal, or to consolidate Case No. 17-14866 with the related appeal in Case No. 18-13553; (2) to stay the appeal in Case No. 17-14866; (3) to supplement the record; (4) to file a motion for reconsideration; (5) to file an objection; and (6) to inform this Court of multiple docketing errors.

The Plaintiffs' motions are DENIED. Case No. 17-14866 and Case No. 18-13553 shall proceed separately. To the extent that the motions assert arguments related to the issue on appeal in Case No. 18-13553, rather than Case No. 17-14866, those motions are DENIED WITHOUT PREJUDICE to the Plaintiffs' refiling of such motions in the appeal in Case No. 18-13553.


                              /s/ William H. Pryor Jr.
                              UNITED STATES CIRCUIT JUDGE

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

William James
Terri Tucker,
          Sui Juris,                                    :
Appellants, Counter Plaintiffs
and Plaintiffs

vs.                                    REQUEST MOTION TO
                                       CONSOLIDATE JOINT APPEALS
                                       : APPEAL NO. 17-14866 – FF
                                       APPEAL NO. 18-13553
                                       FROM
                                       : DISRICT COURT NO.
                                       1:17-CV-1181-TWT

Barbara Hunt et. al. and
Judge Thomas W. Thrash, Jr.
Appellees/ Defendants/Counter
Plaintiffs,

_____ :

                                                    Case No. 17-14866-FF,
                                                    Case No. 18-13553-F

          William James et. al v. Barbara Hunt, et. al. and Judge Thomas W. Thrash, Jr.

          Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local

Rule 3.3, Counter Defendants, Plaintiffs, Appellants, William James and Terri V.

Tucker, hereinafter referred to as "Appellants", hereby makes and files their

Certificate of Interested Persons and Corporate Disclosure Statement as follows:

          (1) The undersigned and Prose Litigants and Private Attorney Generals of

record to this action William James and Terri V. Tucker, certify that the

following is a full and complete list of all parties in this action, including any

C - 1 of 4

1

parent corporation and any publicly held corporation that owns 10% or more

of the stock of a party as well as attorneys and Judges:

(a) Barbara Hunt – Defendant / Appellee

(b) aka Emmett M. Perry, Jr. aka (Buddy) Defendant / Appellee

(c) aka Emmett T. Perry, Jr. – Defendant / Appellees

(d) HARPO 10% or more owned by a party - Defendant/Appellee

(e) John Ivory-Defendant/Appellee

(f) Lions Gate Entertainment – Defendant/ Appellee

(g) Oprah Winfrey – Defendant/ Appellee

(h) Oprah Winfrey Network (OWN) 10% or more owned by a party

Defendant/Appellee

(i) Pryor and Cashman, Defendants Attorney

(j) Richard A. Gordon P.C. – Defendants Attorney

(k) Richard W. Story, Jr. – Prior - Presiding Judge

(l) Thomas W. Thrash, Jr – Chief U.S. District Judge - Presiding

(m) Tom J. Ferber Attorney – Defendants Attorney

(n) Tyler Perry – Defendant

(o) Tyler Perry Company 10% or more owned by a party Defendant/Appellee

(p) Tyler Perry Studios 10% or more owned by a party Defendant/Appellees

(q) William James – Plaintiff/Appellant

(r) David Zaslav – 10% or more owned Oprah Winfrey

Network (OWN) by a Non-Party

C - 2 of 4

(s) Discovery Communications – 10% or more Owner of Oprah

Winfrey Network (OWN) Stock Market Symbol (DISCA)

(2) The undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

(a) HARPO - Private

(b) Lions Gate Entertainment, Ticker - RG-a NYSE – LG-Fa

(c) Oprah Winfrey Network (OWN) – DISCA - Public

(d) Discovery Communications – DISCA - Public

(e) The Tyler Perry Company, Private

(f) The Tyler Perry Studios, Inc. Private

(3) The undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding.

August 30, 2018

William James
PRIVATE   ATTORNEY   GENERAL
4058 Fresno Lane
Homewood, Illinois 60430
Email: BJ255758@yahoo.com
Phone: 773-990-9373

C-3 of 4

3

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com
Phone: 678-822-4593

C-4 of 4

4

APPELLANTS/ COUNTER DEFENDANTS /PLAINTIFFS REQUEST A
JOINT AND CONSOLIDATED PERMISSION FOR AN EMERGENCY
MOTION TO CONSOLIDATE AND FILE JOINT APPEALS OR CASE NO.
17-14866 AND 18-13553 OF THE 11TH CIR. COURT OF APPEALS
PURSUANT TO FRAP 3. (a)(1)(2)(3)(4)(b)(1)(2), 12-1 and 12-2 APPELLEES/
COUNTER PLAINITFFS/DEFENDANTS BARBARA HU NT ET. AL AND
JUDGE THOMAS THRASH, JR.

Appellants William James and Terri Tucker "Prose Litigants" and "Private

Attorney Generals" are filing this motion to consolidate Appeals No. 17-14866

and 18-13553 and to Supplement the entire record of the District Court (Doc. 1-

144, and 145-178) to have one panel and one decision under the appeal numbers

for the 11th Circuit Court of Appeals Pursuant to Rules: TITLE II. APPEAL

FROM A JUDGMENT OR ORDER OF A DISTRICT COURT FRAP 3.

Appeal as of Right- (a) Filing the Notice of Appeal. (b) Joint or Consolidated

Appeals. (1) When two or more parties are entitled to appeal from a district

court judgment or order, and their interests make joinder practicable, they may

file a joint notice of appeal. Appellants are requesting to proceed on appeal as a

single appellant and Rule 12-1 and Memorandum, August 1, 2018 - Rule 12-2

Requesting if possible Clerk's Consolidating Appeals if the court can authorize

the clerk's office to consolidate appeals in the absence of a motion in certain

situations. Issued by Chief Deputy Clerk, www.ca11.uscourts.gov.

(2) When the parties have filed separate timely notices of appeal, the appeals

may be joined or consolidated by the court of appeals. Appellants William

James are Seeking a Joint appeal and to consolidate all Documents, Judgements

5

and Orders on the record District Case No. 17-CV-1181-TWT Orders (DC

Order Doc 15, 71, 76, 95, 96, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133,

134, 135. 136, 137, 1st Judgment138, 139, part of Orders 154 (doc. 141 and

142), and 3rd Judgment 168, Clerks Judgment169), and all documents for

(Doc.1-178). Appellants have also filed a request and waiver of Fee from the

District Court for Appeal No. 18-13553 due to a consolidated request for

Appeals No. 17-14866 and Appeal No. 18-13553.

<div align="center">CONCLUSION</div>

Appellants William James and Terri Tucker request to the 11th Circuit Court of

Appeals for permission and approve their Emergency Motion to Consolidate

Appeals No. 17-14866 and Appeals No. 18-13553 from all (Doc. 1-177).

Date: August 30, 2018

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, Illinois 60430
Email: BJ255758@yahoo.com
Phone 773-990-9373

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com
Phone: 678-822-4593

<div align="center">6</div>

<u>CERTIFICATE OF COMPLIANCE WITH RULE 32</u>

<u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>
<u>TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

Check the appropriate box in section 1 and check the box in section 2.

1. Type-Volume This document does not exceed page limit of 30 pages and or the

word limit 5200 of FRAP 32(f) Appellants William James and Tucker Permission

Motion and Request to Consolidate 17-14866 and 18-13553 of the 11th Cir Court

of Appeals 390 words and 2 pages, 50 Lines, 20 Paragraphs.

2.    Typeface and Type-Style

X This document complies with the typeface "Times New Roman" requirements

of FRAP 32(a)(5) and the font size "14 pts." requirements of FRAP 32(a)(6).

August 30, 2018

William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, Illinois 60430
Email: BJ255758@yahoo.com
Phone 773-990-9373

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com
Phone: 678-822-4593

7

## CERTIFICATE OF SERVICE

This is to certify We have on this 30th day of August 2018 served all

parties with the foregoing Plaintiffs/Counter Defendants/ Appellants William

James and Tucker Permission Motion and Request to Consolidate 17-14866 and

18-13553 of the 11th Cir Court of Appeals, sent to Defendants/Counter

Plaintiffs/Appellees Barbara Hunt et. al. and Judge Thrash, filing by hand

delivery to the Clerk of Court and served by mail on all parties by U.S.P.S to all

attorneys of record.

Date: August 30, 2018

_____
William James
PRIVATE ATTORNEY GENERAL
3058 Fresno Lane
Homewood, Illinois 60430
Email: BJ255758@yahoo.com
Phone 773-990-9373

_____
Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
Email: terrilowe43@gmail.com
Phone: 678-822-4593

<u>THE CLERK OF THE COURT:</u>

       To: United States Court of Appeals for the 11th Circuit
       Clerk of the Court: David J. Smith
       Reply to: Eora Jackson, EE/gmp
       Forsyth Street N.W.
       Atlanta, GA 3003
       Phone: 404 335-6173


<u>Attorneys for the Defendants:</u>

       To: RICHARD A. GORDON, P.C.
       Attorney for Defendant
       1495 Powers Ferry Road #101
       Marietta, GA 30067
       Phone: 770-952-2900

       To: PRYOR CASHMAN, LLP
       Tom Ferber
       (Pro Hac Vice)
       7 Times Square
       New York, NY 10036-6569
       Phone: 212-421-4100

       John A Horn
       United States Attorney
       Lori M. Beranek
       Assistant United States Attorney
       600 United States Courthouse
       75 Ted Turner Drive, S.W.
       Atlanta, GS 30303
       Phone: 404-581-6000

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET – EXHIBIT O -
Court of Appeals for the Eleventh
Circuit — Case No. 17-14866 Docket
Sheet (showing original appeal and
filings)

---

## COVERSHEET EXHIBIT O - COURT OF APPEALS FOR THE ELEVENTH CIRCUIT — CASE NO. 17-14866 DOCKET SHEET (SHOWING ORIGINAL APPEAL AND FILINGS)

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States Court of Appeals for the Eleventh Circuit

Case No.: 17-14866

(Attached: True and correct copy of the Eleventh Circuit docket sheet in Case No.

17-14866.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT O**
**COURT OF APPEALS FOR THE ELEVENTH CIRCUIT — CASE NO. 17-14866 DOCKET SHEET (SHOWING ORIGINAL APPEAL AND FILINGS)**

**General Docket**
**United States Court of Appeals for the Eleventh Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 17-14866 | **Docketed:** 10/30/2017 |
| **Nature of Suit:** 3470 Civil (Rico) | **Termed:** 12/20/2018 |
| William James, et al v. Barbara Hunt, et al | |
| **Appeal From:** Northern District of Georgia | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
   **1)** Private Civil
   **2)** Federal Question
   **3)** -

**Originating Court Information:**
   **District:** 113E-1 : 1:17-cv-01181-TWT
   **Civil Proceeding:** Thomas W. Thrash, Junior, Senior U.S. District Court Judge
   **Date Filed:** 04/03/2017
   **Date NOA Filed:**
   10/26/2017

EXHIBIT  O Page 408

| | | |
|---|---|---|
| 09/30/2019 | 84 | Notice of change of phone number filed by Petitioners William James and Terri Tucker in 18-10164, Appellants William James and Terri V. Tucker in 17-14866, 18-13553. [18-10164, 17-14866, 18-13553]--[Edited 10/03/2019 by JC] [Entered: 10/01/2019 03:12 PM] |
| 10/01/2019 | 83 | Checked status of certiorari US Supreme Court #18-1557 filed as to Appellant William James - Pending. [Entered: 10/01/2019 02:24 PM] |
| 10/07/2019 | 85 | Writ of Certiorari filed as to Appellant William James is DENIED. SC# 18-1557. The court's mandate having previously issued, no further action will be taken by this court. [Entered: 10/08/2019 04:50 PM] |
| 08/26/2025 | 86 | *"Plaintiffs' Motion to Recall Mandate (Fraud on the Court, Manifest Injustice, and Due Process Violations)" filed by Appellants William James and Terri V. Tucker.* [86] [Entered: 08/27/2025 03:32 PM] |
| 08/27/2025 | 87 | Notice that no action will be taken on the appellants' motion to recall mandate because it does not comply with this Court's rules on Certificates of Interested Persons and Corporate Disclosure Statements. It doesn't contain a Certificate of Interested Persons. See 11th Cir. R. 26.1-1. Additionally, it does not comply with 11th Cir. R. 41-1(c). [86]<br>[Entered: 08/27/2025 03:35 PM] |
| 08/28/2025 | 88 | *MOTION to recall mandate filed by Appellants William James and Terri V. Tucker.* [88] [Entered: 08/28/2025 03:23 PM] |
| 08/28/2025 | 89 | "Notice to the Chief Judge Regarding Administrative Handling of Motion to Recall Mandate" filed by Appellants William James and Terri V. Tucker in 17-14866 &18-13553. [17-14866, 18-13553] [Entered: 08/28/2025 03:28 PM] |
| 09/08/2025 | 90 | RESPONSE to Motion filed by Appellants William James and Terri V. Tucker [88] filed by Attorney Tom J. Ferber for Appellees Harpo, Barbara Hunt, Lionsgate Entertainment, Oprah Winfrey Network, Tyler Perry, Tyler Perry Company, Tyler Perry Studios and Oprah Winfrey. [17-14866] (ECF: Tom Ferber) [Entered: 09/08/2025 04:58 PM] |
| 09/09/2025 | 91 | REPLY to RESPONSE to Motion to recall mandate [88] filed by Appellants William James and Terri V. Tucker. [Entered: 09/10/2025 03:52 PM] |
| 10/03/2025 | 92 | ORDER: Appellants' motion to recall the mandate is DENIED. [88] AJ, SHB and CRW [Entered: 10/03/2025 03:59 PM] |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/05/2025 15:08:21 | | | |
| **PACER Login:** | terrilowe | **Client Code:** | |
| **Description:** | Case Summary | **Search Criteria:** | 17-14866 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

COVERSHEET – EXHIBIT P -
United States Court of Appeals for the
Eleventh Circuit — Case No. 17-
14866 Order Denying Motion to
Consolidate/Supplement (Doc. 68)

---

**COVERSHEET EXHIBIT P - UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT — CASE NO. 17-14866 ORDER
DENYING MOTION TO CONSOLIDATE/SUPPLEMENT (DOC. 68)**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States Court of Appeals for the Eleventh Circuit

Case No.: 17-14866

Document No.: 68

(Attached: True and correct copy of Eleventh Circuit Doc. 68, Order Denying

Motion to Consolidate/Supplement.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT P**
**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**CASE NO. 17-14866 ORDER DENYING MOTION TO**
**CONSOLIDATE/SUPPLEMENT (DOC. 68)**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 21, 2018

William James
3058 Fresno Lane
Homewood, IL 60430

Terri V. Tucker
1136 JOSLIN PATH
DOUGLASVILLE, GA 30134

Appeal Number:  17-14866-FF
Case Style:  William James, et al v. Barbara Hunt, et al
District Court Docket No:  1:17-cv-01181-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Janet K. Mohler, FF
Phone #: (404) 335-6178

MOT-2 Notice of Court Action

EXHIBIT  P Page   413

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 17-14866-FF; 18-13553-F

_____

WILLIAM JAMES,
Sui Juris,
TERRI V. TUCKER,
Sui Juris,
a.k.a. Terri V. Donald-Strickland,
a.k.a. TLO-Redness,

Plaintiffs-Counter Defendants-Appellants,

versus

BARBARA HUNT,
JUDGE THOMAS W. THRASH, JR.,

Defendants-Appellees,

HARPO,
LIONSGATE ENTERTAINMENT,
OPRAH WINFREY NETWORK,
(OWN),
OPRAH WINFREY,
d.b.a. Oprah Winfrey Network,
TYLER PERRY COMPANY,
TYLER PERRY STUDIOS,
(TPS),
TYLER PERRY,
a.k.a. Emmett Perry Jr.,
a.k.a. Emmett J. Perry,
a.k.a. Buddy,
a.k.a. John Ivory,
a.k.a. Emmett M. Perry,
a.k.a. Emmbre R. Perry,
a.k.a. Emmitt R. Perry,
a.k.a. Emmett T. Perry,
a.k.a. Willie M. Perry,
a.k.a. Emmett Ty Perry,
a.k.a. Emmett Perry,
a.k.a. Tyler E. Perry,

d.b.a. Tyler Perry Studios,

Defendants-Counter Claimants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

ORDER:

The Plaintiffs have filed in this Court five motions and a letter, collectively seeking: (1) to file an amended or joint and consolidated notice of appeal, or to consolidate Case No. 17-14866 with the related appeal in Case No. 18-13553; (2) to stay the appeal in Case No. 17-14866; (3) to supplement the record; (4) to file a motion for reconsideration; (5) to file an objection; and (6) to inform this Court of multiple docketing errors.

The Plaintiffs' motions are DENIED. Case No. 17-14866 and Case No. 18-13553 shall proceed separately. To the extent that the motions assert arguments related to the issue on appeal in Case No. 18-13553, rather than Case No. 17-14866, those motions are DENIED WITHOUT PREJUDICE to the Plaintiffs' refiling of such motions in the appeal in Case No. 18-13553.

/s/ William H. Pryor Jr.
UNITED STATES CIRCUIT JUDGE

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET – EXHIBIT Q — Mandamus Order, 25-13325, Doc. 18-2 (December 18, 2025)

---

## COVERSHEET EXHIBIT Ex. Q — MANDAMUS ORDER, 25-13325, DOC. 18-2 (DECEMBER 18, 2025)

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States Court of Appeals for the Eleventh Circuit

Case No.: 25-13325

Document No.: 18-2

(Attached: True and correct copy of Eleventh Circuit Doc. 18-2, Mandamus Order

dated December 18, 2025.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT Q**
**MANDAMUS ORDER, 25-13325**
**DOC. 18-2 (DECEMBER 18, 2025)**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 18, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  25-13325-D
Case Style:  In re: William James, et al
District Court Docket No:  1:17-cv-01181-TWT

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

EXHIBIT  Q  Page   419

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13325
_____

In re: WILLIAM JAMES,
TERRI V. TUCKER,

*Petitioners.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Georgia
D.C. Docket No. 1:17-cv-01181-TWT

_____

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

BY THE COURT:

2                          Order of the Court                    25-13325

William James and Terri Lowe (collectively, "Petitioners"),[1] proceeding pro se, have filed an amended mandamus petition arising out a civil case they filed in the U.S. District Court for the Northern District of Georgia.  In their petition, which they have supplemented several times, they ask us to: (1) take judicial notice of the full procedural history; (2) direct the district court to transmit the complete record; (3) consolidate their then-pending appeals into the petition; (4) order the recusal of District Judge Thomas W. Thrash and re-assign the case; (5) enter summary judgment in their favor; (6) enter default and default judgment in their favor; (7) vacate all orders in the district court after the amended complaint was filed; (8) enforce "appropriate" judgments; (9) preserve and adjudicate all issues and relief they have previously sought; (10) issue a remand to consider the merits of their amended complaint; (11) recognize the district court was without jurisdiction to issue certain orders; and (12) hold that a filing injunction order entered against them in district court was unlawful.  They also filed motions to take judicial notice, to file a supplemental appendix, and for entry of default before us.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks omitted).

---

[1] Various filings refer to Terri Lowe as "Terri Tucker," but in Petitioners' proposed amended petition before this Court, they request that she "be recognized as Terri Lowe."

EXHIBIT  Q  Page  421

25-13325                   Order of the Court                        3

The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). "[A] writ of mandamus may issue only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Smith*, 926 F.2d 1027, 1030 (11th Cir. 1991) (citation omitted).

A litigant is entitled to appeal from all final decisions of a district court to a court of appeals. 28 U.S.C. § 1291. An appeal from a final judgment brings up all preceding non-final orders. *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (citation modified).

Here, as an initial matter, Petitioners have filed four motions before us in this proceeding that may be disposed of before our consideration of the substance of the mandamus petition. First, Petitioners' motion to amend their petition for writ of mandamus is **GRANTED**, and we consider the amended petition as the operative petition. Second, we **GRANT** the motion to take judicial notice to the extent that we acknowledge the existence of other proceedings involving Petitioners. Third, we **GRANT** the motion to file the supplemental appendix. Finally, we **DENY** the motion for default in favor of Petitioners as the respondents are not required to appear and answer in this mandamus proceeding.

EXHIBIT  Q  Page   422

4                          Order of the Court                    25-13325

In considering the requests across the amended mandamus petition and its supplements, we first deny as unnecessary Petitioners' requested relief that we take judicial notice of the full procedural history and scope of the mandamus petition, including documents filed in the district court after the instant petition because we already perform such a review as a matter of course. We also deny as unnecessary the request to order the district court to transmit the complete record, as we have access to all necessary and pertinent filings. We deny as moot Petitioners' request to consolidate their prior appeals, appeal numbers 17-14866 and 18-13553, into the instant mandamus petition as neither appeal is still pending. *Friends of Everglades*, 570 F.3d at 1216.

As for Petitioners' argument that they should not have been subject to the filing injunction as they allege it was unlawful, they had the adequate alternative remedy of challenging the injunction on appeal. *Mallard*, 490 U.S. at 309. The district court explicitly acknowledged the possibility of appeal in explaining the injunction's scope and mechanics, and Petitioners did, in fact, appeal the district court's order.

As to their arguments about recusal, the issue of recusal is arguably moot because the district court closed the case in 2018, and Petitioners' two appeals are final. Regardless, Petitioners had the adequate alternative remedy of raising the recusal issue in their two prior appeals. *Shalhoub*, 855 F.3d at 1259; *Jackson*, 130 F.3d at 1004.

25-13325                 Order of the Court                 5

As for Petitioners' requests that we (1) enter summary judgment in their favor; (2) order entry of default and default judgment in their favor; (3) vacate all orders docketed after the amended complaint was filed; and (4) enforce all "appropriate" judgments, these requests are outside of our limited mandamus power because Petitioners are asking us to act ourselves, as opposed to ordering an inferior court to act. *Smith*, 926 F.2d at 1030. As such, Petitioners' requests are not cognizable in mandamus. *Id.*

With respect to Petitioners' remaining requests, namely that we (1) preserve and adjudicate all issues and relief previously sought; (2) issue a remand directing the district court to consider the merits of the amended complaint; and (3) recognize that the district court was divested of jurisdiction while the appeals and mandamus petition were pending, these requests are essentially seeking appellate review of the district court proceedings. Petitioners had the adequate alternative remedy of appealing many of these issues once judgment was entered against them on August 10, 2018. 28 U.S.C. § 1291; *Kirkland,* 884 F.2d at 1369-70. As for the argument that certain orders were void because the district court lacked jurisdiction, Petitioners had the adequate alternative remedy of amending their prior appeal to include these orders. *Mallard*, 490 U.S. at 309.

Accordingly, James and Lowe's amended petition for a writ of mandamus is **DISMISSED IN PART** as moot as to their request to consolidate their appeals and the instant petition, and **DENIED IN PART** as to their remaining requests.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET – EXHIBIT R -
Northern District of Georgia (NDGA)
— Civil Action No. 1:17-cv-01181-TWT Doc. 1

---

## COVERSHEET EXHIBIT  R - NORTHERN DISTRICT OF GEORGIA (NDGA) — CIVIL ACTION NO. 1:17-CV-01181-TWT DOC. 1

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 1

(Attached: True and correct copy of NDGA Doc. 1.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT R**
**NORTHERN DISTRICT OF GEORGIA (NDGA) CIVIL ACTION NO. 1:17-CV-01181-TWT DOC. 1**

UNITED STATES ~~GOVERNMENT~~ COURT    District II.

NORTHERN District OF GEORGIA    Atlanta Division

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 03 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

1   William James, Sui Juris
    9100 South Drexel Ave
    Chicago Illinois 60619                    :
2   Terri V. Tucker AKA
    (Donald-Strickland), Sui Juris
    1136 Joslin Path
    Douglasville, GA 30134

            Plaintiffs,

        vs


1   Barbara Hunt
2   Harpo
3   Lionsgate Entertainment
4   Oprah Winfrey Network
    (OWN)
5   Oprah Winfrey
6   Tyler Perry Company
7   Tyler Perry Studios (TPS)
8   Tyler Perry aka Emmett
    Perry Jr. aka Emmett J.
    Perry aka Buddy aka John
    Ivory (all other Aliases)
    Defendants_____

1:17-CV-1181

CIVIL ACTION NO._____

        :

VERIFIED COMPLAINT FOR
DECLATORY AND INJUNCTIVE
RELIEF AND DAMAGES FROM
RACKETEERING, CONSPIRACY
TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY
AND RELATED CLAIMS;

JURY DEMANDED

CIVIL RICO
18 U.S.C. 1961 and 1964
DIVERSITY
28 U.S. Code § 1369
SHERMAN ANTI-TRUST
CLAYTON ANTI-TRUST
U.S. CONSTITUTION

i

EXHIBIT R  Page 428

## CIVIL LAWSUIT: RACKETEERING INFLUENCED AND ORGANIZATIONS ACT (RICO), SHERMAN ACT, CLAYTON ACT

William James
4/3/247
William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

4/3/17
Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com
Phone: 347-705-2043

ii

# TABLE OF CONTENTS

Civil Cover Sheet…………………………………………………………1-2

Initial Complaint for Civil RICO Remedies………………………………1-25

Sworn Declatory Statement……………………………………………..26

Certificate of Compliance Required By FRAP 32(A)(7)(C)………………26-27

Certificate of Service……………………………………………………27-28

Civil Rico Supreme Law, Exhibit A pp.2…………………………………..1-2

Private Attorney General, Exhibit B pp. 2…………………………………1-2

Certificate of Copyright Registration James & Tucker, Exhibit C pp. 3…..1-3

Supreme Court Case United States v. Paramount Pic. Exhibit D pp. 5…….1-5

Pacer Civil Case Locator-Tyler Perry, Exhibit E p.1………………………..1

Pacer Civil Case Locator-Oprah Winfrey, Exhibit F pp.3…………………..1-3

EXHIBIT R Page 430

UNITED STATES GOVERNMENT COURT

NORTHERN DISTRICT OF GEORGIA

1   William James, Sui Juris
    9100 South Drexel Ave
    Chicago Illinois 60619                  :
2   Terri V. Tucker AKA
    (Donald-Strickland), Sui Juris
    1136 Joslin Path
    Douglasville, GA 30134

            Plaintiffs,

                                    CIVIL ACTION NO._____

        vs                          :

1   Barbara Hunt                    VERIFIED COMPLAINT FOR
2   Harpo                           DECLATORY AND INJUNCTIVE
3   Lionsgate Entertainment         RELIEF AND DAMAGES FROM
4   Oprah Winfrey Network           RACKETEERING, CONSPIRACY
    (OWN)                           TO ENGAGE IN A PATTERN OF
5   Oprah Winfrey                   RACKETEERING ACTIVITY
6   Tyler Perry Company             AND RELATED CLAIMS;
7   Tyler Perry Studios (TPS)
8   Tyler Perry aka Emmett          JURY DEMANDED
    Perry Jr. aka Emmett J.
    Perry aka Emmett M. Perry       CIVIL RICO
    Aka Emmbre R. Perry aka         18 U.S.C. 1961and 1964
    Emmitt R. Perry aka Emmett      DIVERSITY
    T. Perry aka Willie M. Perry    28 U.S. Code § 1369
    aka Emmett Ty Perry aka         SHERMAN ANTI-TRUST
    Emmett Perry aka Tyler E        CLAYTON ANTI-TRUST
    Perry aka Emmbre R Perry        U.S. CONSTITUTION
    Aka Emmitt Perry, Jr. aka
    Buddy aka John Ivory

            Defendants_____

                *Initial COMPLAINT for Civil RICO Remedies*

                            1

## CIVIL LAWSUIT: RACKETEERING INFLUENCED AND ORGANIZATIONS ACT (RICO), SHERMAN ACT, CLAYTON ACT

### A. INTRODUCTION

1. This is a complex civil action for Racketeering Influenced and Organizations Act (RICO) remedies authorized by the federal statutes at 18 U.S.C. 1961 1(a) and 1(b) *et seq.*; for declaratory and injunctive relief; for actual, exemplary (punitive) damages; and for all other relief which this honorable District Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT. See, 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO"). The primary cause of this action is that the Defendants conspired in a widespread criminal enterprise operating as a cartel under legal businesses engaging in patterns of racketeering activities and organized crime across State and international lines; conspiring to engage in racketeering activity involving numerous RICO predicate acts during the past ten (10) calendar years or more. (See, Exhibit A, pp.2)

2. The predicate acts cluster around criminal copyright plagiarism, trafficking counterfeit goods, tampering with and retaliation against qualified attorneys, obstructing justice. See, 18 U.S.C. §§ 2319, 2320, 1512, 1513, 2315, 1503, 1510, 1511 and 1581-1588, *counterfeits, plagiarisms, threats, violence and forgeries*. See 18 U.S.C. §§ 1341 and 1344, respectively.

*Initial COMPLAINT for Civil RICO Remedies*

2

[RICO] bring to bear the pressure of **"Private Attorneys General."** The objective in both the Clayton Act and RICO is the carrot of treble damages. See, *Agency Holding Corp. v. Malley-Duff & Associates,* Supreme Court Reporter 2759. See also 483 U.S. 143 at page 151 (1987). "private attorneys general," (See Exhibit B, pp.2)dedicated to eliminating racketeering activity. 3 *Id.*, at 187 (citing *Malley-Duff,* 483 U.S., at 151 ) (civil RICO) The provision for treble damages. See, *Rotella v. Wood et al.,* 528 U.S. 549 (2000). Dasher v. Housing Authority of City of Atlanta, Ga., D.C.Ga., 64 F.R.D. 720, 722. *See also,* Equal Access to Justice Act.

## B. JURISDICTION AND VENUE

3. The Federal District Court has Jurisdiction Pursuant to the Civil RICO remedies at 18 U.S.C 1964 and the holdings of the U.S. Supreme Court in the case of, Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985)and the U.S. Court of Appeals for the Ninth Circuit in Lou v. Belzberg, 834 F.2d 730, hn. 4 (9th Cir. 1987), Plaintiffs invoke and charge Defendant's with this law for counterfeits over years of conspiracy and racketeering.

4. Jurisdiction is based upon federal question, to wit, the Copyright Act of 1976 and 1909 as amended. Title 17 506(a); 1201; 1202; and 1203, United States Code; Title 18 U.S. Code § 2319, the Defendants conspired in Criminal Plagiarism to commit copyright counterfeits of Plaintiff's

*Initial COMPLAINT for Civil RICO Remedies*

3

Intellectual Properties "Lover's Kill" hereinafter "LK" and "Bad Apples Can Be Good Fruit" hereinafter "BAGF" as; Model Penal Code §§ 220.1– .3 (1962). (See, Exhibit C, pp. 3)

6. The Sherman Antitrust Act, 15 U.S.C. §§ 1–7 is a landmark federal statute in the history of the United States antitrust law or ("competition law") passed by Congress in 1890. *United States v. Paramount Pictures, Inc.*, 334 US 131 (1948) (See, Exhibit D, pp.5) (The Defendants executed a violation of the Hollywood Antitrust Case of 1948. The Defendants conspired to monopolise the television and film industry; by owning the Studios and television network, counterfeiting the writings of enslaved copyright owners throughout the country, starring in counterfeited works as their own and entering into exclusive deals with one another. Monopoly Section 2 of the Act forbade monopoly. Clayton Antitrust Act Clayton Act, 15 U.S.C. §§ 12-27, 29 U.S.C. §§ 52-53.

7. The U.S. Constitution – 1ST Amendment, Title 42, Part VII, Ch. 83 and Sub-Chapter A, Using name or likeness (1) Invasion of Privacy of name and likeness (2) Violation of the Right of Publicity; Plaintiff's works were based on life experiences. Article 1, Section 8, (8) Defendant's intentionally violated the Plaintiff's exclusive copyrights by committing plagiarism to their respective writings and discoveries, Defendants acted in

*Initial COMPLAINT for Civil RICO Remedies*

4

concert of a conspiracy which violated the creative control of how the Plaintiff's works were articulated without an agreement.

8. Federal Conspiracy Law, two elements: (1) an exclusive agreement was signed between Tyler Perry aka Emmett Perry, Jr.(and all other known and unknown aliases); Oprah Winfrey in 2013; all Defendants inclusive (2) between two Executive Owners and Chief Principal decision makers. Laundering drug money into a legal business enterprise, remove trade secrets, repeatedly from 1999 through 2017. Settlement agreements and court admissions serve as admissible evidence against all. The Hobbs Act - Civil Conspiracy 18 U.S.C. 371, The Defendants conspired to counterfeit, extort, plagiarize, threaten, cause defamation of character, retaliate, bully, forge, financially distress using Plaintiffs intellectual property gains. *United States v. Franks*, 511 F.2d 25, 31 (6th Cir. 1975)

9. (WIPO), Copyright Treaty (WCT) (1996). The WIPO Copyright Treaty (WCT) is a special agreement under the Berne Convention The Distributer and known conspirator Lionsgate which committed RICO Act, mail fraud when moving digital counterfeit copies of the Forgery and plagiarized intellectual properties which were protected pursuant to the Title 17 U.S. Code 506(a) 18 U.S. Code 2319 and all other Criminal Copyright.

10. Venue 28 U.S. Code § 1391, Defendants are based in Atlanta, GA.

*Initial COMPLAINT for Civil RICO Remedies*

5

11. 28 U.S. Code § 1369 Multiparty, Multiform Jurisdiction,

## B. **THE PARTIES**

12. Plaintiff WILLIAM JAMES ("WJ") ("PLAINTIFFS") is a private adult who doing business address above; plaintiff is currently a Carpenter.

13. Plaintiff TERRI V. TUCKER ("PLAINTIFFS") is a private adult formerly known as TERRI V. DONALD-STRICKLAND, TLO-REDNESS Who does business at the above address; plaintiff is currently employed with the United States Army.

14. Defendant Tyler Perry ("TP") ("DEFENDANT") and Cartel Boss is a private adult individual who owns/writes/dba for the Tyler Perry Studios ("TPS") is a domestic private corporation doing business in this district, with its corporate headquarters in Atlanta, GA.

15. Defendant Oprah Winfrey ("OW") ("DEFENDANT") and Cartel Ring Leader is a private adult individual who owns/writes/dba for the Oprah Winfrey Network (OWN) a domestic public corporation doing business in California.

16. LIONSGATE ENTERTAINMENT ("DEFENDANTS) and Cartel Distributor is a company that is Public domestic corporation doing business in California.

17. BARBARA HUNT (DEFENDANTS) and Cartel Member is an adult a

*Initial COMPLAINT for Civil RICO Remedies*

6

private citizen working as an executive Accountant for the HARPO studios in Chicago, Illinois.

18.The doctrine of respondent superior applies to all of the defendants.

### Cause of Action

19. (1) that the defendants, Tyler Perry, Tyler Perry Studios, Oprah Winfrey, Oprah Winfrey Networks (OWN) received money from a pattern of racketeering activity such as; violations of properties protected under the copyright act, drug money, bribery, threats financial and physical, counterfeit and forgeries of intellectual property (2) invested that money in an enterprise of Tyler Perry Studios and Oprah Winfrey Network, (3) the enterprise affected interstate commerce, and (4) an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. *Johnson v. GEICO Cas. Co.*, 516 F. Supp. 2d 351 (D. Del. 2007). **C.**

### THE FACTS

20. PLAINTIFF, William James a citizen of the United States, Authored a screenplay entitled "Lover's Kill" (hereinafter referred to as "LK").

21. PLAINTIFF, Terri Tucker aka (Donald-Strickland) a citizen of the United States, authored a book entitled "Bad Apples Can Be Good Fruit." (BAGF) book. (hereinafter referred to as "BAGF").

22 Plaintiffs discovered their original works plagiarized, counterfeited on a

*Initial COMPLAINT for Civil RICO Remedies*

large scale of racketeering in approximately Early-March 2017.

23. During the investigation and research by Plaintiffs acting as "Private Attorney Generals, it was newly discovered that this was a large scale conspiracy on multiple Plaintiffs.

24. PLAINTIFF'S Plaintiff Terri Tucker contacted Plaintiff William James in February and compared the acts of plagiarism committed on each other's works and discovered the pattern of law proceedings and violations of law, cover-ups, briberies it was learned and investigated by the Plaintiff's that there was a pattern to the Intellectual Property plagiarisms; counterfeits and forgeries of their copyrighted works.

25. It was discovered by the Plaintiffs that a man named Melvin Childs who wrote in a book that Tyler Perry's first play tours was funded by drug dealers to fund the play that went on tour. This illegal operation laundered the drug money using the play and tour to put up a legal production studios in which served as a front for counterfeiting, forging and plagiarizing copyrighted works of hard working authors which resulted in the slavery of the copyright owners.

26. Tyler Perry publicly states he was beat by a man who was not his father, whereas as he changed his legal name at the age of 16 from Emmett Perry, Jr. to Tyler Perry Jr. We discovered he is still using several aliases of his birth name.

27. Oprah Winfrey discussed openly that she was abused sexually and

*Initial COMPLAINT for Civil RICO Remedies*

8

physically and this is another basis in which formed the relationship of the conspiracy between Tyler Perry and Oprah Winfrey to engage in racketeering of intellectual copyrighted properties to grow their legal business brand using slavery and counterfeit, manufacturing of forged goods using the studios as the manufacturing laboratories and Lionsgate as the distributers. Tyler Perry and Oprah Winfrey (OWN) conspired an exclusive agreement OWN, a private company working with a Public company Tyler Perry Studios worked together in an effort and succeeded to monopolize the television and film industry while plagiarizing peoples copyrighted protected intellectual property. Violating the Sherman Anti-Trust Act, U.S. Copyright Act, engaging in RICO Activities, See below: (See, Exhibit E, p.1)

> a. Case #2:99-cv-04592-MK Melvin Childs v Primus et al  and Cartel member Tyler Perry, filed September 13, 1999, Jurisdiction was diversity; however Plaintiff failed to state a claim and case was dismissed without prejudice, Plaintiff provided a certificate in support of an Ex Parte Restraining Order. This shows Threats and retaliation by Tyler Perry.

> b. Case# 2:02-cv-00175-JLG-MRA filed on February 26, 2002, Giant Eagle Inc. v Genesis Insurance Co, et. El, Tyler Perry was a Defendant. Diversity Case, in favor of Plaintiff on October 16, 2003.

*Initial COMPLAINT for Civil RICO Remedies*

9

c. Case# 1:06-cv-00640-GET filed in Atlanta, GA filed on March 20, 2006 by Rolleston et al v Tyler Perry inflicted fear on a Diversity-Torts-to Land case. A Temporary Restraining Order was requested on May 01, 2006 threats escalated and on May 09, 2006 an EMERGENCY Motion for Permanent Injunction, Emergency Motion for Temporary Restraining Order by Rolleston and on May 12, 2006 a Motion for Recusal, Motion for Temporary Restraining Order Motion for Permanent Injunction and Emergency Motion for Permanent Injunction Emergency Motion for Temporary Restraining Order Submitted to District Judge G. Ernest Tidwell. Defendant TP.

c. Case#2:07-cv-00200-LED-JDL was filed on May, 21 2007 – Donna West v. Perry, West stated Tyler Perry watched her play "Fantasy of a Black Woman" because he created a counterfeit and forged copy of the play under the title "Diary of a Mad Black Woman" which became a plagiarized film. There was a trial. (Texas) however the Plaintiff could not place Defendant in Texas and we have newly discovered evidence, Defendant Emmett "Buddy" Perry, Jr. was in Texas at the time Plaintiff West was performing her play.

d. January 2008 – Plaintiff Terri Tucker sent both Tyler Perry and

Oprah Winfrey her book to use for a Movie. The company Tyler Perry Studios stated he requested an additional copy September 2008. William James stated June-2011 he provided his screenplay to Oprah Winfrey's Senior Accountant Barbara Hunt who wanted the other 2 copyrighted intellectual works. Lisa Daniels stated she provided Oprah Winfrey with her screenplay which became a television show for Tyler Perry. This conspiracy shows a pattern of trafficking intellectual property over the past 10 years amongst Defendants in concert. Lionsgate is the trafficker, international pirater and illegal intellectual goods distributor nationally and worldwide.

e. Case # 2:09-cv-08712-JFW-VBK filed on November 25, 2009 "Madea Goes to Jail sued by the estate of Bertha V. James v The Tyler Perry Company; Tyler Perry crime syndicate cartel member and Lionsgate Entertainment Corp trafficker distributor of counterfeit and manufacturer of forged goods.; Lions Gate Films, Inc. copyright plagiarism (California). Ended settlement agreement. (Admission to Guilt)

f. Case#2:10-cv-00784-GW-RZ Filed on February 03, 2010 – Johnny Tyrone Stringfield v Tyler Perry et el copyright plaigerism of a Television show "Meet the Browns. (California) Counterfeited and

*Initial COMPLAINT for Civil RICO Remedies*

plagiarized a song for Tyler Perry Studios. On October 16, 2010 Settlement was reached. (Admission to Guilt)

g. Case# 2:11-cv-10099-UA-DUTY filed on December 06, 2011 Shamont Lyle Sapp v. Jamie Foxx and Tyler Perry; Tyler Perry Studios front for eliciting plagiarized intellectual property protected by copyrights registrations and Fox Broadcasting Network from an inmate. Case was Voluntarily Dismissed copyright plagiarism on May 10, 2012. (Settlement Admission to guilt or threatened to drop case)

h. Case# Whitehead v White & Case #5:12-cv-00399-RTH-MLH filed on February 10, 2012, L.L.P, et el $75,000,000.00. The Defendants were a multitude of people to include, Tyler Perry, the distributor of counterfeit goods Lionsgate and the Head Ring Leader Oprah Winfrey who orchestrates the illegal activity. 440 Civil Rights SCCA 14-31224 and SCCA, 15-30348.

i. Case # 3:12-cv-00559-HES-MCR filed on May 09, 2012 - Maressa M. Holt, Plaintiff, v. Tyler Perry a/k/a John Ivory (Alias),.(United States District Court, M.D. Florida, Jacksonville Division). June 14, 2012. (copyright plagiarism) (Florida). The writer states her short stories and plays were plagiarized by Tyler Perry operating under a false name John Ivory.

*Initial COMPLAINT for Civil RICO Remedies*

12

i. Case#2:12-cv-06629-HB filed on November 27, 2012- Terri Donald v Tyler Perry Studios and Lionsgate in (PA,) crime syndicates this case was out of compliance and defaulted pursuant to FR 12 & 55 answer was due by December 28, 2012 before the transfer from PA to New York on March 8, 2013. Attorney Simon Rosen served Tyler Perry and Lionsgate the same day the case was filed on November 27, 2012. The record is devoid of written request for extensions; request for transfer pursuant to 28 USC 1404(a) and any appearance by known attorney Tom J. Ferber. Oprah Winfrey initially received this book for the book club in 2008, Defendants signed an exclusive deal when case was dismissed 2013. Extortion and intimidation retaliation and threats were made to Plaintiffs attorney Simon Rosen. Enforcing Plaintiff in to slavery for working on the multimillion dollar plagiarized works. This RICO act violation also violates the Sherman Anti-trust Act since the companies refuse to allow writers to represent their own works and place the counterfeited works under registrations obtained from the copyrights offices in their names. Violating the competition Sherman Anti-Trust Act not allowing others to represent themselves and their own works, the conspiracy to defraud the government and laundering illegal funds gained to front legal businesses. (Audio Records Avail.)

*Initial COMPLAINT for Civil RICO Remedies*

13

j. Case# 2:12-cv-00139-RLM-PRC filed on April 24, 2013 William James v Perry et al, Tyler Perry, Tyler Perry Studios company was used to plagiarize and counterfeit a forgery of his playwright, and trafficked by Lions gate Entertainment distribution interstate wide. For the film Temptation – Confessions of a Marriage Counselor (Indiana) Plaintiff James states he provided a copy Senior accountant at the Oprah Winfrey Studios (Oprah) who smuggled the intellectual property across state lines to the business partner Tyler Perry and conspired to produce the counterfeit film into a movie without compensation to playwright author, enforcing Plaintiff in to slavery for working on the multimillion dollar plagiarized works. This RICO act violation also violates the Sherman Anti-trust Act since the companies refuse to allow writers to represent their own works and place the counterfeited works under registrations obtained from the copyrights offices in their names. Violating the competition Sherman Anti-Trust Act not allowing others to represent themselves and their own works, the conspiracy to defraud the government and laundering illegal funds gained to front legal businesses.

k. Case# 4:14-cv-11374-MAG-RSW filed April 3, 2014 Parables Entertainment LLC v Tyler Perry Studios et al and Harpo

*Initial COMPLAINT for Civil RICO Remedies*

14

Productions Inc. the two conspiring companies committed yet another act of copyright plagiarism – for the television show "The Haves and Have Not's." "Parables Entertainment" filed the lawsuit Thursday, April 3, in Flint U.S. District Court against Atlanta-based Tyler Perry Studios and the Oprah Winfrey-owned Harpo Productions over the show that airs on Winfrey's OWN television network. (Michigan-Flint) (Settlement-Admission to guilt.)

l. Case#1:14-cv-0261-RWS filed on July 16 2014, Ubiquitous Entertainment Studios v McPherson, Tyler Perry and Tyler Perry Studios. It was insinuated that Tyler Perry bribed an Official to underbid the company and obtained the facility, it was stated the technicality of failing to state a claim terminated the case.

m. Case#0:14-cv-04950-ADM-HB filed on December 08, 2014 by Selina Miller v Tyler Perry Production, Kanye West and Kim Kardasian. Breach of Contract. In the U.S. District Court St. Paul, MN. Neglect of Hollywood check (1 billion dollars) Wrong Jurisdiction and Plaintiff filed Forma Pauperis denied, personal injury for 100 million dollars.

n. Case #1:15-cv-01700-LMM-LTW filed on May 15, 2015 by Joshua Sole v Tyler Perry and Tyler Perry Studios, LLC and other known

*Initial COMPLAINT for Civil RICO Remedies*

15

conspirators Tyler Perry had inappropriate communications with an employee Joshua Sole and filed a Countersuit to cover his illegal operations and to prohibit him from communicating private information on the operations of the organized criminal activities. Case dismissed because of failure to serve and not because allegations were unfounded.

n. Case#1:15-cv-03400-TWT filed on September 25, 2015 Terri Strickland v Tyler Perry, this case was appealed case#16-11601-AA awaiting a Rehearing and Rehearing En Banc showing Collateral Estoppel does not apply since he defaulted 4 times on the record according to FR 12 & 55.

o. October 2016 – Lisa Daniels Madea Gets a Job (Atlanta, GA)

p. Case#2:16-cv-00164-KS-JCG filed on October 11, 2016 by Otisa C. Strickland v Oprah Winfrey, and HARPO Studios (Hattiesburg, MS) for the television show "Iyanya Fix My Life" television show, Plaintiff was an attorney that shared her television show with Crime syndicate Oprah and she decided to enter into a settlement agreement in lieu of a voluntary dismissal and a compromise settlement on all matters of the claim on December 16, 2016. Oprah Winfrey

Due to the number of lawsuits and numerous years from 1992 through

*Initial COMPLAINT for Civil RICO Remedies*

16

EXHIBIT R Page 446

current filed against the Cartel and Ring Leader Oprah Winfrey the exhibit will be attached exhibiting 95 separate lawsuits 10 which were Copyright intellectual property claims. ( See, Exhibit F, pp.3)

28. In 2008 Plaintiff Tucker provided a copy of the BAGF to the Oprah Winfrey book club and the Tyler Perry Studios. In 2013 Plaintiff William James provided a copy of the script "Lover's kill" to Oprah Winfrey. We found online an article that referred to a Lisa Daniels who stated she provided a copy of her work to Oprah Winfrey and in their conspiracy to defraud and counterfeit, Tyler Perry Studios is a front for his forged works.

29. Subsequent to the issuance of the copyright plagiarism suits against Defendants Tyler Perry and Oprah Winfrey the pattern of consecutive and continuous RICO violations go back as far as 1999 for Defendant Perry and 1992 for Defendant Winfrey the PLAINTIFF's filed notice and lawsuits on the copyrighted work, however the Defendants eluded the federal law imposing the RICO act by committing the crimes in various states against unknown, low income intellectual owners. The Tyler Perry Studios located at 541 10th Street SW, Atlanta GA 30318 served as a front for manufacturing the plagiarized work. In both instances the Plaintiff's stated the staff for Tyler Perry and Oprah Winfrey requested the Copyrighted Intellectual Property multiple times and

counterfeited as well as; commercially released the films "Good Deeds" in 2012 and "Temptations" 2013 stating to the general public it was written by defendant Tyler Perry. A nexus in the case is that both Plaintiffs have also provided copies to Oprah Winfrey at the Harpo Studios in Chicago, Illinois.

30. Defendants Company Tyler Perry Studios had distribution deal with Lions Gate Entertainment and Oprah Winfrey owned Oprah Winfrey Network on cable, the organized criminals monopolized the industry with their exclusive contract violating the Sherman Anti-trust act when Tyler Perry TV shows were the only sitcoms aired other than Oprah Winfrey's TV shows on prime time television cable broadcasting. Oprah is also using the distributor Lionsgate. Both Defendants films grossed over for the film "Good Deeds" $35,000,000 box office, international $553,386.00 and all DVD total sales were $13,116,810.00 released February 2012 and "Temptations" $51,975,354.00 box office, and all DVD total sales were $14,906,103.00. There were 8 Copyright plagiarisms filed against Tyler Perry and 15 Copyright plagiarism's cases filed against Oprah Winfrey. We believe that Oprah attempted to stop plagiarisms under her company and began to use Tyler Perry to continue the counterfeit of Intellectual Property.

31. The films is still being infringed upon to date as it is still being sold to

*Initial COMPLAINT for Civil RICO Remedies*

the general public and therefore Plaigerism there are no statute of limitations (SOL) on the RICO act.

32. Defendant is the owner of Tyler Perry Studios and ultimately owned by Emmett Perry, Jr. and is responsible for the actions of said company employees or owners. Defendant Oprah Winfrey Network (OWN) is a Public Company and both are engaging in organized crimes that have brought in up to 3 billion plus combined in revenues

a. The last action by the PETITIONER William James the last action was on April 15, 2014 NORTHERN DISTRICT OF Indiana claim Case # 2:13-cv-00139-RLM-PRC and terminated January 02, 2014.

b. The last action by the PETITIONER Tucker-Strickland in Appeals Court and was decided on March 30, 2017 to deny Rehearing in Banc, NORTHERN DISTRICT OF Georgia claim Case 1:15-cv-3400-WHP and 16-11601-AA.

## COUNT ONE: VIOLATION OF TITLE 17, UNITED STATES CODE 506(A) COPYRIGHT PLAIGERISMS (AGAINST DEFENDANTS)

1. Paragraphs 1 through 32 are inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

*Initial COMPLAINT for Civil RICO Remedies*

19

2. Subsequent to PLAINTIFF'S creation and copyrighting of "LK" and "BAGF" DEFENDANT'S Tyler Perry and Oprah Winfrey, having access to "LK" screenplay through accountant Barbara Hunt and "BAGF" book through the Tyler Perry Company, decided to plagiarize the works of these Plaintiff's and countless other Plaintiff's works counterfeiting the original work into a forgery copy that were illegally distributed internationally throughout the world digitally and through U.S. and other mailing companies without written permission or consent of the original owners. These and many other counterfeit intellectual properties aforementioned were used against the owners to enforce slavery for works unpaid violating the RICO ACT in a fashion of which they are organized crime laundering forged goods and drug money into a legal enterprise in which they use harassment, retaliation, threats, intimidation, selling of trade secrets, bribery and a host of other extortions to intimidate witnesses, counsels for Plaintiff's and anyone that opposes them in any way. Several settlement agreements were made by the Defendants on various cases attached as exhibits.

3. Accordingly said defendants are liable to plaintiff for copyright plagiarism pursuant to RICO ACT violating the rights of title 17 of the U.S. Code 501 through 513 and 18 US Code 2319.

*Initial COMPLAINT for Civil RICO Remedies*

WHEREFORE on count one, PLAINTIFF'S WILLIAM JAMES AND
TERRI V. TUCKER formerly (TERRI V. DONALD aka TLO-REDNESS
STRICKLAND) demands judgment in THEIR favor and against
DEFENDANT'S as follows:

a) For statutory damages $150,000.00 per PLAINTIFF, PER
   DEFENDANT; pursuant to the RICO Act x3 $450,000.00

b) For actual damages of Court Cost, Expenses and Private Attorney Fees,
   per PLAINTIFF, PER DEFNDANT; pursuant to the RICO Act x3.

c) For Restitution of Earnings from Counterfeit and Plagiarized
   Copyrighted Intellectual Property all proceeds minus cost incurred to
   produce illegal counterfeit forgeries of Owners works x3.

d) For such other relief as this Court may deem proper.

## COUNT TWO: ACCOUNTING AND CONSTRUCTIVE TRUST

4. Paragraphs 1 through 32, inclusive are incorporated by reference as
   though fully set forth herein and made a part hereof

5. PLAINTIFFS is entitled to a full accounting in order to determine the
   exact nature and amount of revenues generated, and accrued to
   defendants pertaining to ("Temptations" and "Good Deeds"), said
   revenues to be set aside and deposited in a separate bank account in
   constructive trust for PLAINTIFFS for respective works.

*Initial COMPLAINT for Civil RICO Remedies*

WHEREFORE on Count Two, PLAINTIFF'S WILLIAM JAMES AND TERRI V. TUCKER formerly known as (TERRI V. DONALD-STRICKLAND aka TLO-REDNESS) demands judgment in their favor and against all named Defendant's as follows:

a) For Tyler Perry and all (ALIASES), Tyler Perry Studios/Company and Lions Gate all subsidiaries of company to file a full accounting listing all gross revenues earned to on "Confessions and Good Deeds" earned in regard to the Film and Motion Pictures, Digital, Downloads, Contracts, Hotels, Retail/Wholesale, International and Domestic, Box Office, Video Rental Stores on respective films "Confessions and "Good Deeds".

b) For the imposition of a constructive trust in favor of PLAINTIFFS.

c) For such other relief as the Court may deem proper for acting as "PRIVATE ATTORNEY GENERALS".

## COUNT THREE: INJUNCTIVE RELIEF (AGAINST THE DEFENDANTS)

6. Paragraphs 1 through 32 inclusive, are incorporated by reference as though fully set forth herein and made part hereof.

7. PLAINTIFF'S Invoke Sherman Anti-Trust Act, the Hobbs Act, the U.S. Constitution, The Copyrights Act, The Constitution of Georgia, The

*Initial COMPLAINT for Civil RICO Remedies*

22

EXHIBIT R Page 452

Federal Conspiracy Law and Defendants improper unlawful and repeated actions has caused, and, continues to cause irreparable damage to PLAINTIFFS Character, Film Career, Image, Name, Reputation, Ability to earn future revenues in this industry, emotional and mental distresses, physical distress, relationship distress, undue hardships in work and at home, time and attention from family and friends to divert to investigating and litigating for intellectual property counterfeited and plagiarized.   .

8. PLAINTIFFS are entitled to injunctive relief as set forth herein below:

9. PLAINTIFF is entitled to this Court's grant of injunctive relief.

WHEREFORE on Count Three, PLAINTIFF'S WILLIAM JAMES AND TERRI V. TUCKER formerly (TERRI V. DONALD STRICKLAND aka TLO-REDNESS) demands judgment in their favor and against DEFENDANTS as follows:

a) For the issuance of a permanent injunction requiring the DEFENDANTS to:

    i)    Change illegally obtained copyrights of "Confessions and Good Deeds" over to the respective owners of counterfeit and Plagiarized movies and transfer all rights and licenses with royalties to a trust for PLAINTIFF'S, defendants' must continue

*Initial COMPLAINT for Civil RICO Remedies*

23

to market unlawful materials for future Royalty payments to PLAINTIFF'S for copyrighted work; and whatever else the Court deems proper and just.

## COUNT FOUR: EXEMPLARY (PUNITIVE) DAMAGES (AGAINST THE DEFENDANTS)

10. Paragraphs 1 through 32 inclusive, are incorporated by reference as though fully set forth herein and made part hereof.

11. Pursuant to the Civil RICO act Remedies authorized by the Federal Statutes at 18 U.S.C. 1961 Plaintiff's request exemplary damages of $150,000,000.00 per Defendant for pain and suffering, defamation of character, blacklisting filmmakers in the known entertainment industry, financial hardships to keep up with cost of filings, medical and mental distress, attorney fees for Private Attorney Generals, fencing of property, distribution of counterfeited works, plaigerism, forgery, false copyright registrations.

This is the purpose of this act to seek the eradication of an organized crime in the United States by strengthening the legal tools in this evidence in gathering process by establishing a new panel of prohibitions and by providing enhanced sanctions and the new remedies' to deal with the unlawful activities of those

*Initial COMPLAINT for Civil RICO Remedies*

engaged in organized crime and whatever this Court seems just

and fair. Please see attached Plaintiff's Declatory Statements

pursuant to Federal Rule 32 Rules of Evidence for all exhibits

attached to this complaint.

12. Paragraphs 1 through 32 inclusive, are incorporated by reference as

though fully set forth herein and made part hereof.

## RULE 7.1 (D) CERTIFICATE

The Undersigned Pro Se Litigant certifies this document has been

prepared with one of the font and point selections approved by the

Court in Local Rule 5.1 (B).

Respectfully Submitted,

April 3, 2017,

William James    4-3-2017

William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)    April 3, 2017
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com
Phone: 347-705-2043

*Initial COMPLAINT for Civil RICO Remedies*

25

## SWORN DECLATORY STATEMENT

I , William James, Plaintiff and Private Attorney General attest and swear to the legitimacy of the belief of the claims made in this CIVIL RICO Act case against Defendants named in the above complaint. I attest that I and Plaintiff on this case performed research as well as provided copies of original documents in its truest form contained in the exhibits to this CIVIL RICO Complaint.

Signed April 3, 2017 _William James 4-3-2017_ .

I , Terri Tucker Aka Donald-Strickland, TLO-Redness, Plaintiff and Private Attorney General attest and swear to the legitimacy of the belief of the claims made in this CIVIL RICO Act case against Defendants named in the above complaint. I attest that I and Plaintiff on this case performed research as well as provided copies of original documents in its truest form contained in the exhibits to this CIVIL RICO Complaint.

Signed April 3, 2017 _Terri Tucker April 3, 2017_

## CERTIFICATE OF COMPLIANCE REQUIRED BY FRAP 32(A)(7)(C)

### CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 4,766 words.

*Initial COMPLAINT for Civil RICO Remedies*

26

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume
limitation set forth in FRAP 32(a)(7)(B). This brief
uses a monospaced face and contains 544 lines of text.
25 pages, 4,766 words,150 paragraphs.

## CERTIFICATE OF SERVICE

Pursuant to O.C.G.A. 5-6-32 (2014), this is to certify that I, William

James and Terri Tucker have April 3, 2017 this day served the <u>Defendants</u>

through Marshalls to known addresses FOUND ONLINE.

Respectfully, submitted this 3 day of April, 2017.

Date Signed April 3, 2017

William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com
Phone: 347-705-2043

*Initial COMPLAINT for Civil RICO Remedies*

27

EXHIBIT R Page 457

DEFENDANTS
TYLER PERRY COMPANY
TYLER PERRY STUDIOS
TYLER PERRY
EMMETT PERRY, JR (ALL KNOWN AND UNKNOWN ALIASES)
ADDRESSES
4110 PACES FERRY RD N.W.
ATLANTA, GA 30327
TYLER PERRY STUDIOS
3300 CONTINENTAL COLONY PARKWAY SW
ATLANTA, GA 30331

OPRAH WINFREY
HARPO
OPRAH WINFREY NETWORK (OWN)
9150 WILSHIRE BLVD
BEVERLY HILLS, CA 90069
1041 N. FORMOSA AVE
WEST HOLLYWOOD, CA 90046

BARBARA HUNT
OPRAH WINFREY NETWORK (OWN)
9150 WILSHIRE BLVD
BEVERLY HILLS, CA 90069

LIONSGATE ENTERTAINMENT
2700 COLORADO AVE #200
SANTA MONICA, CA 90404

Filed With the:

UNITED STATES DISTRICT COURT NOTHERN DISTRICT OF
GEORGIA, ATLANTA DIVISION
CLERK OF THE COURT
75 Ted Turner Drive SW
Atlanta, GA 30303
Phone: 404 215 1655

*Initial COMPLAINT for Civil RICO Remedies*

28

EXHIBIT R Page 458

# Civil RICO:  Points to Remember

by

Paul Andrew Mitchell, B.A., M.S.
Private Attorney General, Federal Witness
and Qualified Criminal Investigator


1.    The *Civil* RICO statute at <u>18 U.S.C. 1964</u> expressly authorizes <u>civil</u> remedies, in addition to any criminal remedies that also exist to prosecute organized crime.

2.    State courts have original jurisdiction to enforce the Civil RICO statute at <u>18 U.S.C. 1964</u>.  See <u>Tafflin v. Levitt</u> and <u>Lou v. Belzberg</u>, <u>Rice v. Janovich</u> and <u>Village at Camelback v. Carr</u>.

3.    The Civil Case Cover Sheet for the Superior Court of California shows "RICO" as a standard case category.

4.    A pattern of racketeering is expressly defined to mean only two (2) RICO "predicate acts" during any given 10-year period.  See <u>18 U.S.C. 1961(5)</u>.

5.    The federal statute at <u>18 U.S.C. 1961</u> itemizes all RICO predicate acts.   The most common are mail fraud, extortion, obstruction of justice, obstruction of a criminal investigation, and witness tampering or retaliation.

6.    Violations of State *and* federal laws both qualify as RICO predicate acts.   <u>18 U.S.C. 1961(1)(B)</u> itemizes a long list of federal offenses that qualify as predicate acts.

7.    Any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, obscene matter, controlled substances or extortion is also a RICO predicate act, if it is chargeable under State law and punishable by imprisonment for more than one year.   See <u>18 U.S.C. 1961(1)(A)</u>.

8.    The <u>Supremacy Clause</u> in the <u>U.S. Constitution</u> elevates all RICO statutes to the status of supreme Law, and resolves any conflicts with State laws in favor of the RICO statutes.   Whenever conflicts occur, State laws and State constitutional provisions have no standing ("*notwithstanding*").

9.    Congress intended the RICO statutes to be *liberally* construed.   See <u>84 Stat. 947</u>, Sec. 904, Oct. 15, 1970.   However, this <u>liberal construction rule</u> was never codified *anywhere* in <u>Title 18</u> of the U.S. Code, even though Title 18 *has* been enacted into positive law by Act of Congress.

10.  A specific Congressional objective is encouraging civil litigation to supplement government efforts to deter and penalize the practices

EXHIBIT R Page 459

Exhibit A P. 1 of 2

prohibited by the RICO statutes.

11.  Another objective of Civil RICO is to turn victims into prosecutors, "private attorneys general", dedicated to eliminating racketeering activity.  See Rotella v. Wood.

12.  Civil RICO specifically has a further purpose of encouraging potential private plaintiffs to *investigate* diligently.  Rotella v. Wood.

13.  Organized crime is a serious national problem for which public prosecutorial resources are deemed inadequate.  See Agency Holding Corp. v. Malley-Duff & Associates.

14.  Civil RICO authorizes triple damages (3x) to be awarded to successful private plaintiffs.  See 18 U.S.C. 1964(c).

15.  The provision for triple damages is justified by the expected benefit of suppressing racketeering activity, an object pursued the sooner the better.  Rotella v. Wood.

16.  The "*private attorney general*" concept holds that a successful private party plaintiff is also entitled to recovery of his legal expenses, including attorney fees, if he has advanced the policy inherent in public interest legislation on behalf of a significant class of persons.  Dasher v. Housing Authority of City of Atlanta.

17.  A private attorney general may appear in court without the license to practice law that is required of all State Bar members.  See sections 6067 and 6068 of the California Business and Professions Code.

18.  A private attorney general may appear in court "*ex rel.*" on behalf of the "United States" (*i.e.* the federal government), the State of California, the People of California or the People of the United States of America.  Confer at "*Ex relatione*" in Black's Law Dictionary, Sixth Edition.

19.  Civil RICO statutes are supplemented by 2 Human Rights Treaties -- the Universal Declaration of Human Rights and the International Covenant on Civil and Political Rights -- both of which are rendered supreme Law by virtue of the Supremacy Clause (just like the Bill of Rights).

20.  The latter Covenant's Reservations enacted by Congress expressly reserve original jurisdiction to State and local governments, to the end that their competent authorities may take appropriate measures for the fulfillment of the Covenant.

EXHIBIT R Page 462

Exhibit A P. 2 of 2

## PRIVATE ATTORNEYS GENERAL

Both statutes [RICO and Clayton Act] bring to bear the pressure of **"private attorneys general"** on a serious national problem for which public prosecutorial resources are deemed inadequate; the mechanism chosen to reach the objective in both the Clayton Act and RICO is the carrot of treble damages. See *Agency Holding Corp. v. Malley-Duff & Associates,* 107 Supreme Court Reporter 2759. See also 483 U.S. 143 at page 151 (1987).

In rejecting a significantly different focus under RICO, therefore, we are honoring an analogy that Congress itself accepted and relied upon, and one that promotes the objectives of civil RICO as readily as it furthers the objects of the Clayton Act. Both statutes share a common congressional objective of encouraging civil litigation to supplement Government efforts to deter and penalize the respectively prohibited practices. **The object of civil RICO is thus not merely to compensate victims but to turn them into prosecutors, "private attorneys general," dedicated to eliminating racketeering activity.** [2] *Id.,* at 187 (citing *Malley-Duff,* 483 U.S., at 151 ) (civil RICO specifically has a "further purpose [of] encouraging potential private plaintiffs diligently to investigate"). The provision for treble damages is accordingly justified by the expected benefit of suppressing racketeering activity, an object pursued the sooner the better. See *Rotella v. Wood et al.,* 528 U.S. 549 (2000).

The **"private attorney general"** concept holds that a successful private party plaintiff is entitled to recovery of his legal expenses, including attorney fees, if he has advanced the policy inherent in public interest legislation on behalf of a significant class

http://voidjudgements.net
http://voidjudgements.info
http://voidjudgments.com

EXHIBIT R Page 40 OF 2

of persons.  Dasher v. Housing Authority of City of Atlanta, Ga., D.C.Ga., 64 F.R.D. 720,

722.  *See also* Equal Access to Justice Act.

http://voidjudgements.net
http://voidjudgements.info
http://voidjudgments.com

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TXu 1-732-705

**Effective date of registration:**

April 9, 2010

---

## Title

**Title of Work:** Lovers Kill

**Previous or Alternative Title:** Man Scorn

## Completion/ Publication

**Year of Completion:** 2009

## Author

■  **Author:** William Charles James, dba  William James

**Author Created:** script/play/screenplay

**Citizen of:** United States

**Year Born:** 1966

## Copyright claimant

**Copyright Claimant:** William Charles James

7425 Maple Street, Gary, IN., 46403, United States

## Certification

**Name:** William James

**Date:** April 7, 2010

---

EXHIBIT R Page 463

Exhibit C Page 1 of 3

**Registration #:**  TXU001732705
**Service Request #:**  1-397010096

William Charles James
7425 maple street
Gary, IN. 46403  United States

EXHIBIT Q 2of3

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Short Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**TXu 1 – 354 – 127**

*TXU001354127*

Effective Date of Registration

4 / 27 / 07

Application Received
APR 2 7 2007
Deposit Received
On APR 2 7 2007 TWO
Fee Received

*Amended by C.O., authority of Terri V. Donald by phone call on 8/30/07

Examined By    CC✓

Correspondence ☐

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

| | | |
|---|---|---|
| **Title of This Work:** | **1** | "Bad Apples Can Be Good Fruit" and "Yell A Little" |
| Alternative title or title of larger work in which this work was published: | | |
| **Name and Address of Author and Owner of the Copyright:** | **2** | Terri V. Donald Aka "Red'Ness" "Pseud" <br> 501st Signal CO <br> Unit 15216 Box 83   APO, AP 96271 |
| Nationality or domicile: Phone, fax, and email: | | Phone ( 708   ) 820-0379          Fax ( )  <br> Email terridnid@yahoo.com |
| **Year of Creation:** | **3** | 2006 |
| **If work has been published, Date and Nation of Publication:** | **4** | a. Date _____ (Month, day, and year all required) <br>                 Month        Day        Year <br> b. Nation |
| **Type of Authorship in This Work:** <br> Check all that this author created. | **5** | ☑ Text (includes fiction, nonfiction, poetry, computer programs, etc.) <br> ☑ Illustrations <br> ☑ Photographs <br> ☑ Compilation of terms or data   PRE000000489 |
| **Signature:** <br> Registration cannot be completed without a signature. | **6** | I certify that the statements made by me in this application are correct to the best of my knowledge.* Check one <br> ☑ Author  ☐ Authorized agent <br> X _____ Terri V Donald _____ |
| **Name and Address of Person to Contact for Rights and Permissions:** <br> Phone, fax, and email: | **7** | ☐ Check here if same as #2 above. <br> Phone ( )                    Fax ( ) <br> Email |

**8**
Certificate will be mailed in window envelope to this address:

Name ▼
Terri V. Donald
Number/Street/Apt ▼
501st Signal CO Unit 15216 Box 83
City/State/Zip ▼
APO, AP 96271

**9** Deposit account #
Name

*17 USC § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500

Form TX-Short   Rev: 11/2006   Print: 11/2006 – 30,000   Printed on recycled paper

# *United States v. Paramount Pictures, Inc.*

From Wikipedia, the free encyclopedia

*United States v. Paramount Pictures, Inc.*, 334 US 131 (1948) (also known as the **Hollywood Antitrust Case of 1948**, the **Paramount Case**, the **Paramount Decision** or the **Paramount Decree**) was a landmark United States Supreme Court antitrust case that decided the fate of movie studios owning their own theatres and holding exclusivity rights on which theatres would show their films. It would also change the way Hollywood movies were produced, distributed, and exhibited. The Court held in this case that the existing distribution scheme was in violation of the antitrust laws of the United States, which prohibit certain exclusive dealing arrangements.

The case is important both in U.S. antitrust law and film history. In the former, it remains a landmark decision in vertical integration cases; in the latter, it is seen as the first nail in the coffin of the old Hollywood studio system.

## Contents

- 1 Background
- 2 Decision
    - 2.1 Douglas
    - 2.2 Frankfurter
- 3 Consequences
- 4 See also
- 5 References

## Background

The legal issues originated in the silent era, when the Federal Trade Commission began investigating film companies for potential violations under the Sherman

---

### *United States v. Paramount Pictures, Inc.*



**Supreme Court of the United States**

**Argued February 9–11, 1948**
**Decided May 3, 1948**

| | |
|---|---|
| **Full case name** | *United States v. Paramount Pictures, Inc. et al.* |
| **Citations** | 334 U.S. 131 (https://supreme.justi a.com/us/334/131/case.html) (*more*) 68 S. Ct. 915; 92 L. Ed. 1260; 1948 U.S. LEXIS 2850; 77 U.S.P.Q. (BNA) 243; 1948 Trade Cas. (CCH) P62,244 |
| **Prior history** | Injunction granted, U.S. District Court (66 F.Supp. 323) |

**Holding**

Practice of block booking and ownership of theater chains by film studios constituted anti-competitive and monopolistic trade practices.

**Court membership**

**Chief Justice**
Fred M. Vinson

**Associate Justices**
Hugo Black · Stanley F. Reed
Felix Frankfurter · William O. Douglas
Frank Murphy · Robert H. Jackson
Wiley B. Rutledge · Harold H. Burton

**Case opinions**

| | |
|---|---|
| **Majority** | Douglas |
| **Concur/dissent** | Frankfurter |

Jackson took no part in the consideration or decision of the case.

**Laws applied**

---

EXHIBIT R Page 466

EXHIBIT D   1 of 5

Antitrust Act of 1890.

Sherman Antitrust Act; 15 U.S.C. § 1 (https://www.law.cornell.edu/uscode/text/15/1), 2

The major film studios owned the theaters where their motion pictures were shown, either in partnerships or outright and complete. Thus specific theater chains showed only the films produced by the studio that owned them. The studios created the films, had the writers, directors, producers and actors on staff ("under contract" as it was called), owned the film processing and laboratories, created the prints and distributed them through the

 Wikisource has original text related to this article: **United States v. Paramount Pictures, Inc.**

theaters that they owned: In other words, the studios were vertically integrated, creating a de facto oligopoly. By 1945, the studios owned either partially or outright 17% of the theaters in the country, accounting for 45% of the film-rental revenue.

Ultimately, this issue of the studios' allegedly illegal trade practices led to all the major movie studios being sued in 1938 by the U.S. Department of Justice.[1] As the largest studio, Paramount was the primary defendant, but all of the other Big Five (Loew's (MGM), Warner Bros., 20th Century Fox, RKO Pictures) and Little Three (Universal Studios, Columbia Pictures, United Artists) were named, as well as numerous subsidiaries and executives from each company.[2] Separate cases were also filed against large independent chains, including the 148-theater Schine.[3]

The federal government's case was settled with a consent decree in 1940,[4][5] which allowed the government to reinstate the lawsuit if, by November 1943, it had not seen a satisfactory level of compliance. Among other requirements, the consent decree included the following conditions:

1. The Big Five studios could no longer block-book short film subjects along with feature films (known as one-shot, or full force, block booking);
2. The Big Five studios could continue to block-book features, but the block size would be limited to five films;
3. Blind buying (buying of films by theater districts without seeing films beforehand) would now be outlawed and replaced with "trade showing," special screenings every two weeks at which representatives of all 31 theater districts in the United States could see films before they decided to book a film; and
4. The creation of an administration board to enforce these requirements.

The studios did not fully implement the consent decree, and in 1942 with Allied Theatre Owners proposed an alternate "Unity Plan". They proposed booking larger blocks of theatres with the caveat of allowing theaters to reject films.[6] This led to the formation of the Society of Independent Motion Picture Producers (SIMPP),[6] which also filed a lawsuit against Paramount Detroit Theaters, the first major lawsuit of producers against exhibitors. The government declined the Unity proposal and reinstated the 1943 lawsuit.[7] The case went to trial on October 8, 1945, one month and six days after the end of World War II.[1] The case was decided in favor of the studios, and the government immediately appealed.

The case reached the U.S. Supreme Court in 1948; their verdict went against the movie studios, forcing all of them to divest themselves of their movie theater chains.[8] This, coupled with the advent of television and the attendant drop in movie ticket sales, brought about a severe slump in the movie business, a slump that would not be reversed until 1972, with the release of *The Godfather*, the first modern blockbuster.

EXHIBIT R Page 467
EXHIBIT D   2 of 5

The *Paramount* decision is a bedrock of corporate antitrust law, and as such is cited in most cases where issues of vertical integration play a prominent role in restricting fair trade.

# Decision

The Court ruled 7-1 in the government's favor, affirming much of the consent decree (Justice Robert H. Jackson took no part in the proceedings). William O. Douglas delivered the Court's opinion, with Felix Frankfurter dissenting in part, arguing the Court should have left all of the decree intact but its arbitration provisions.[8]

## Douglas

Douglas's opinion reiterated the facts and history of the case and reviewed the District Court's opinion, agreeing that its conclusion was "incontestable".[8] He considered five different trade practices addressed by the consent decree:

- *Clearances and runs*, under which movies were scheduled so they would only be showing at particular theatres at any given time, to avoid competing with another theater's showing;
- *Pooling agreements*, the joint ownership of theaters by two nominally competitive studios;
- *Formula deals, master agreements, and franchises*: arrangements by which an exhibitor or distributor allocated profits among theaters that had shown a particular film, and awarded exclusive rights to independent theatres, sometimes without competitive bidding;
- *Block booking*, the studios' practice of requiring theaters to take an entire slate of its films, sometimes without even seeing them, sometimes before the films had even been produced ("blind bidding"), and
- *Discrimination* against smaller, independent theaters in favor of larger chains.

Douglas let stand the District Court's sevenfold test for when a clearance agreement was a restraint of trade, as he agreed they had a legitimate purpose. Pooling agreements and joint ownership, he agreed, were "bald efforts to substitute monopoly for competition ... Clearer restraints of trade we cannot imagine."[8]:149 He allowed, however, that courts could consider how an interest in an exhibitor was acquired and sent some other issues back to the District Court for further inquiry and resolution. He set aside the lower court findings on franchises so that they might be reconsidered from the perspective of allowing competitive bidding. On the block booking question, he rejected the studios' argument that it was necessary to profit from their copyrights: "The copyright law, like the patent statutes, makes reward to the owner a secondary consideration".[8]:158 The prohibitions on discrimination he let stand entirely.

## Frankfurter

Frankfurter took exception to the extent to which his brethren had agreed with the studios that the District Court had not adequately explored the underlying facts in affirming the consent decree. He pointed to another recent Court decision, *International Salt Co. v. United States* that lower courts are the proper place for such findings of fact, to be deferred to by higher courts. Also, he reminded the Court that the District Court had spent fifteen months considering the case and reviewed almost 4,000 pages of documentary evidence: "I cannot bring myself to conclude that the product of such a painstaking process of adjudication as to a decree appropriate for such a complicated situation as this record discloses was an abuse of discretion."[8]:180 He would have modified the District Court decision only to permit the use of arbitration to resolve disputes.

EXHIBIT R Page 468

EXHIBIT D  3 of 5

# Consequences

Movie studios previously charged low rents to exhibitors because they were owned by the studio. When the studios were forced to sell their theaters, the result was higher rental rates charged to exhibitors (rising from an average of approximately 35% to its current level of approximately 50%), so the studios could recoup their expenses. The inability to block-book an entire year's worth of movies caused studios to be more selective in the movies they made, resulting in higher production costs and dramatically fewer movies made. This caused studios to further raise the rates they charged theaters, since the volume of movies fell.

The court orders forcing the separation of motion picture production and exhibition companies are commonly referred to as the **Paramount Decrees**. Paramount Pictures Inc. was forced to split into two companies: the film company Paramount Pictures Corp. and the theater chain (United Paramount Theaters) which merged in 1953 with the American Broadcasting Company.

Consequences of the decision include:

- More independent producers and studios to produce their film product free of major studio interference.
- The beginning of the end of the old Hollywood studio system and its golden age.
- The weakening of the (Hays) Production Code, since it saw the rise of independent and "art house" theaters which showed foreign or independent films made outside of its jurisdiction.

Following the decision, and with the rise of television, the major studios felt that the loss of their exclusive theatre arrangements would reduce the opportunity to re-release product from their film libraries. Paramount, for example, sold its pre-1950 sound feature film library to MCA, which created EMKA (today Universal Television) to manage this library. Other studios, such as Warner Bros., also sold their classic back catalogs to other companies. By contrast, Walt Disney believed his film library was much more valuable than RKO had estimated it to be; in 1953, he formed a holding company that held rights to work he did prior to 1953 as well as distributed new material from his studio--that company became its own in-house distribution unit, Walt Disney Studios Motion Pictures. The growth of television in subsequent years has resulted in these supposedly "worthless" films earning billions of dollars in rentals from television stations and networks.

# See also

- *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251 (1946), where the Supreme Court held that major Hollywood distributors had engaged in an antitrust conspiracy preventing certain independent movie houses from showing first run films.
- *Buchwald v. Paramount*
- *Leibovitz v. Paramount Pictures Corp.*
- *Paramount Communications, Inc. v. QVC Network, Inc.*

# References

1. "The Hollywood Antitrust Case". 2005.
2. "List of Original Defendants in the Paramount Case". 2005.
3. "The Theater Monopoly Cases". 2005.
4. "Part 3: The Consent Decree of 1940". 2005.

EXHIBIT R Page 469  4 of 5

EXHIBIT D

5. "SHOW BUSINESS: Consent Decree". *Time*. November 11, 1940. Retrieved May 27, 2010.
6. "Independents Protest the United Motion Picture Industry (1942)". 2005.
7. "The Government Reactivates the Paramount Case". 2005.
8. *United States v. Paramount Pictures, Inc.*, 334 U.S. 131 (https://supreme.justia.com/cases/federal/us/334/131/cas e.html) (May 3, 1948).

Retrieved from "https://en.wikipedia.org/w/index.php?
title=United_States_v._Paramount_Pictures,_Inc.&oldid=765540873"

Categories: United States Supreme Court cases | United States antitrust case law | Paramount Pictures
| American film studios | Business ethics cases | Film production | History of film
| Hollywood history and culture | Media case law | 1948 in United States case law
| 1940s in American cinema | 1948 in American cinema | Film production companies of the United States
| United States Supreme Court cases of the Vinson Court

- This page was last modified on 15 February 2017, at 00:25.
- Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may apply. By using this site, you agree to the Terms of Use and Privacy Policy. Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a non-profit organization.

EXHIBIT R Page 470 5 OF 5

3/27/2017                                      PACER Case Locator - View



🎧 Browse Aloud

**Civil Party Search**
**Mon Mar 27 22:36:29 2017**
18 records found

User:  terridnld
Client:
Search:  Civil Party Search Name Perry, Tyler All Courts Page: 1

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 1 Perry, Tyler (dft) | ohsdce | 2:2002-cv-00175 | 110 | 02/26/2002 | 04/14/2003 |
| 2 PERRY, TYLER (dft) | paedce | 2:1999-cv-04592 | 190 | 09/13/1999 | 09/14/1999 |
| 3 Perry, Tyler (dft) | txedce | 2:2007-cv-00200 | 820 | 05/21/2007 | 12/18/2008 |
| 4 Perry, Tyler (dft) | gandce | 1:2015-cv-03400 | 820 | 09/25/2015 | 03/24/2016 |
| 5 Perry, Tyler (dft) | mndce | 0:2014-cv-04950 | 190 | 12/08/2014 | 01/05/2015 |
| 6 Perry, Tyler (dft) | gandce | 1:2015-cv-01700 | 442 | 05/13/2015 | 02/23/2017 |
| 7 Perry, Tyler (dft) | lawdce | 5:2012-cv-00399 | 440 | 02/10/2012 | 05/16/2012 |
| 8 Perry, Tyler (dft) | laedce | 2:2006-cv-09611 | 820 | 11/06/2006 | 04/29/2009 |
| 9 Perry, Tyler (dft) | gandce | 1:2014-cv-02261 | 440 | 07/16/2014 | 10/07/2014 |
| 10 Perry, Tyler (dft) | inndce | 2:2013-cv-00139 | 820 | 04/24/2013 | 01/02/2014 |
| 11 Perry, Tyler (dft) | gandce | 1:2006-cv-00640 | 240 | 03/20/2006 | 06/15/2006 |
| 12 Perry, Tyler (dft) | flmdce | 3:2012-cv-00559 | 620 | 05/09/2012 | 01/14/2013 |
| 13 Perry, Tyler (dft) | flmdce | 3:2011-cv-01252 | 820 | 12/21/2011 | 01/03/2012 |
| 14 Perry, Tyler (dft) | cacdce | 2:2011-cv-10099 | 890 | 12/08/2011 | 12/27/2011 |
| 15 Perry, Tyler (dft) | cacdce | 2:2010-cv-00784 | 820 | 02/03/2010 | 10/21/2010 |
| 16 Perry, Tyler (dft) | arwdce | 4:2011-cv-04031 | 440 | 04/05/2011 | 12/08/2011 |
| 17 Perry, Tyler (dft) | cacdce | 2:2009-cv-08712 | 820 | 11/25/2009 | 07/19/2010 |
| 18 Perry, Tylerre C. (pet) | casdce | 3:2012-cv-02512 | 530 | 10/15/2012 | 08/16/2014 |

Receipt 03/27/2017 22:36:29 275101317
User terridnld
Client
Description Civil Party Search
       Name Perry, Tyler All Courts Page: 1
Pages 1 ($0.10)

EXHIBIT R Page 471
EXHIBIT E  P. 1 of 1

3/25/2017                                    PACER Case Locator - View

 **PACER** Case Locator

🔊 Browse Alou

**Civil Party Search**
Sat Mar 25 07:40:35 2017
96 records found

User: terridnld
Client:
Search: Civil Party Search Name Winfrey, Oprah All Courts Page: 1

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 1 WINFREY, OPRAH (dft) | dcdce | 1:2000-cv-02120 | 470 | 09/01/2000 | 12/13/2001 |
| 2 Winfrey, Oprah (dft) | ilndce | 1:1994-cv-00523 | 895 | 02/03/1994 | 02/03/1994 |
| 3 Winfrey, Oprah (dft) | moedce | 4:2003-cv-01067 | 550 | 08/01/2003 | 04/15/2005 |
| 4 Winfrey, Oprah (dft) | nysdce | 1:2009-cv-08554 | 440 | 10/08/2009 | 10/08/2009 |
| 5 Winfrey, Oprah (dft) | txndce | 2:1996-cv-00208 | 320 | 06/04/1996 | 02/27/1998 |
| 6 Winfrey, Oprah (dft) | candce | 3:2000-cv-04734 | 440 | 12/20/2000 | 01/18/2001 |
| 7 Winfrey, Oprah (dft) | ilndce | 1:1997-cv-00322 | 320 | 01/16/1997 | 12/08/1998 |
| 8 Winfrey, Oprah (dft) | lawdce | 5:2012-cv-00399 | 440 | 02/10/2012 | 05/16/2012 |
| 9 Winfrey, Oprah (dft) | nyndce | 9:2002-cv-01077 | 550 | 08/20/2002 | 02/27/2004 |
| 10 WINFREY, OPRAH (dft) | paedce | 2:2010-cv-07257 | 550 | 12/13/2010 | 05/25/2011 |
| 11 Winfrey, Oprah (dft) | casdce | 3:2011-cv-02712 | 890 | 11/21/2011 | 12/12/2011 |
| 12 Winfrey, Oprah (dft) | ilndce | 1:2004-cv-05813 | 440 | 09/03/2004 | 02/15/2005 |
| 13 Winfrey, Oprah (obj) | miwdce | 2:1999-cv-00130 | 440 | 07/13/1999 | 10/22/1999 |
| 14 Winfrey, Oprah (dft) | nysdce | 1:2008-cv-08653 | 820 | 10/09/2008 | 10/31/2008 |
| 15 Winfrey, Oprah (condft) | txndce | 2:1996-cv-00208 | 320 | 06/04/1996 | 02/27/1998 |
| 16 Winfrey, Oprah (dft) | candce | 4:2001-cv-00586 | 440 | 02/05/2001 | 02/15/2001 |
| 17 Winfrey, Oprah (dft) | ilndce | 1:1997-cv-04124 | 820 | 06/06/1997 | 06/10/1997 |
| 18 Winfrey, Oprah (dft) | lawdce | 1:2012-cv-02139 | 440 | 08/09/2012 | 11/20/2012 |
| 19 Winfrey, Oprah (dft) | nyndce | 9:2006-cv-00812 | 550 | 06/29/2006 | 02/29/2008 |
| 20 Winfrey, Oprah (dft) | scdce | 3:2012-cv-00957 | 440 | 04/05/2012 | 05/21/2012 |
| 21 Winfrey, Oprah (dft) | candce | 3:2008-cv-00079 | 550 | 01/07/2008 | 01/16/2008 |
| 22 Winfrey, Oprah (dft) | ilndce | 1:1999-cv-05993 | 890 | 09/10/1999 | 10/13/1999 |
| 23 Winfrey, Oprah (dft) | madce | 4:2000-cv-40196 | 320 | 10/30/2000 | 07/17/2002 |
| 24 Winfrey, Oprah (dft) | nysdce | 1:1994-cv-05950 | 440 | 08/17/1994 | 10/20/1994 |
| 25 Winfrey, Oprah (dft) | scdce | 6:2012-cv-03221 | 440 | 11/08/2012 | 01/14/2013 |
| 26 Winfrey, Oprah (dft) | caedce | 2:1998-cv-01341 | 550 | 07/13/1998 | 08/03/1998 |
| 27 Winfrey, Oprah (dft) | hidce | 1:2008-cv-00495 | 440 | 10/31/2008 | 11/07/2008 |
| 28 Winfrey, Oprah (dft) | kywdce | 3:2010-cv-00337 | 440 | 05/11/2010 | 06/07/2010 |
| 29 Winfrey, Oprah (dft) | nyedce | 1:2003-cv-04153 | 440 | 08/26/2003 | 01/30/2004 |
| 30 WINFREY, OPRAH (dft) | paedce | 2:2008-cv-04884 | 320 | 10/10/2008 | 03/24/2010 |
| 31 Winfrey, Oprah (dft) | caedce | 2:2007-cv-02586 | 320 | 12/03/2007 | 02/10/2009 |
| 32 Winfrey, Oprah (cc) | ilndce | 1:1999-cv-05367 | 820 | 08/17/1999 | 08/16/2000 |
| 33 Winfrey, Oprah (dft) | laedce | 2:2008-cv-04700 | 440 | 10/21/2008 | 06/10/2009 |
| 34 Winfrey, Oprah (dft) | nyedce | 2:2010-cv-04350 | 440 | 09/23/2010 | 01/19/2011 |
| 35 WINFREY, OPRAH (dft) | paedce | 2:2010-cv-05855 | 820 | 10/26/2010 | 03/18/2011 |
| 36 Winfrey, Oprah (dft) | caedce | 2:1996-cv-00220 | 550 | 02/02/1996 | 04/05/1996 |
| 37 Winfrey, Oprah (dft) | gandce | 1:2014-cv-03518 | 360 | 10/31/2014 | 12/23/2014 |
| 38 WINFREY, OPRAH (dft) | insdce | 3:2008-cv-00049 | 440 | 04/10/2008 | 04/18/2008 |
| 39 Winfrey, Oprah (dft) | nvdce | 2:2012-cv-00424 | 440 | 03/14/2012 | 12/03/2012 |
| 40 WINFREY, OPRAH (dft) | paedce | 2:2006-cv-01055 | 550 | 03/09/2006 | 07/26/2006 |
| 41 Winfrey, Oprah (dft) | arwdce | 4:2011-cv-04031 | 440 | 04/05/2011 | 12/08/2011 |
| 42 WINFREY, OPRAH (dft) | flndce | 1:2007-cv-00187 | 440 | 09/28/2007 | 10/06/2008 |
| 43 Winfrey, Oprah (dft) | ilndce | 1:2007-cv-04192 | 550 | 07/25/2007 | 08/17/2007 |
| 44 Winfrey, Oprah (dft) | nddce | 3:1994-cv-00063 | 360 | 05/26/1994 | 11/09/1994 |
| 45 Winfrey, Oprah (dft) | nywdce | 1:2014-cv-00594 | 442 | 07/22/2014 | 09/25/2014 |
| 46 Winfrey, Oprah (dft) | utdce | 2:1999-cv-00135 | 440 | 03/05/1999 | 09/16/1999 |
| 47 Winfrey, Oprah (dft) | cacdce | 2:2015-cv-04225 | 440 | 06/05/2015 | 06/16/2015 |
| 48 Winfrey, Oprah (dft) | gandce | 1:2007-mi-00386 | 440 | 11/30/2007 | 06/11/2009 |
| 49 Winfrey, Oprah (dft) | inndce | 3:2005-cv-00309 | 555 | 05/11/2006 | 06/02/2006 |
| 50 Winfrey, Oprah (dft) | nvdce | 3:2002-cv-00248 | 440 | 04/30/2002 | 08/15/2002 |
| 51 WINFREY, OPRAH (dft) | paedce | 2:2004-cv-04873 | 440 | 10/18/2004 | 11/29/2004 |
| 52 Winfrey, Oprah (dft) | azdce | 2:2004-cv-01540 | 440 | 07/28/2004 | 11/17/2004 |
| 53 Winfrey, Oprah (dft) | flsdce | 1:2014-mc-20322 | 890 | 01/27/2014 | 02/20/2014 |
| 54 Winfrey, Oprah (dft) | ilndce | 1:2007-cv-05984 | 550 | 10/23/2007 | 10/31/2007 |

Receipt 03/25/2017 07:40:35 274570500

User terridnld
Client
Description Civil Party Search
          Name Winfrey, Oprah All Courts Page: 1
     Pages 1 ($0.10)

EXHIBIT R Page 472    P.1 of 3

3/25/2017                                PACER Case Locator - View



**Browse Aloud**

**Civil Party Search**
Sat Mar 25 07:40:35 2017
96 records found

User:   terridnld
Client:
Search:   Civil Party Search Name Winfrey, Oprah All Courts Page: 2

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 55 Winfrey, Oprah (dft) | nedce | 8:2009-cv-00145 | 840 | 04/22/2009 | 10/21/2009 |
| 56 Winfrey, Oprah (dft) | okedce | 6:2009-cv-00274 | 550 | 07/14/2009 | 07/12/2011 |
| 57 Winfrey, Oprah (dft) | vaedce | 2:2010-cv-00182 | 440 | 04/20/2010 | 05/18/2010 |
| 58 Winfrey, Oprah (dft) | cacdce | 2:2015-cv-03564 | 890 | 05/12/2015 | 05/04/2018 |
| 59 WINFREY, OPRAH (dft) | gamdce | 4:2012-cv-00166 | 440 | 07/05/2012 | 07/30/2012 |
| 60 Winfrey, Oprah (pla) | ilndce | 1:1992-cv-02087 | 320 | 03/26/1992 | 05/01/1992 |
| 61 WINFREY, OPRAH (dft) | njdce | 2:2011-cv-04360 | 840 | 07/28/2011 | 11/03/2011 |
| 62 WINFREY, OPRAH (dft) | paedce | 2:2004-cv-04411 | 440 | 09/17/2004 | 09/29/2004 |
| 63 Winfrey, Oprah (dft) | cacdce | 2:2011-cv-03539 | 820 | 04/25/2011 | 05/17/2011 |
| 64 WINFREY, OPRAH (dft) | gamdce | 4:2012-cv-00046 | 440 | 02/27/2012 | 03/30/2012 |
| 65 Winfrey, Oprah (dft) | ilndce | 1:2008-cv-06872 | 190 | 12/02/2008 | 12/05/2008 |
| 66 WINFREY, OPRAH (dft) | njdce | 2:2001-cv-03705 | 555 | 08/06/2001 | 09/30/2002 |
| 67 Winfrey, Oprah (dft) | okedce | 6:2010-cv-00044 | 550 | 02/09/2010 | 05/06/2010 |
| 68 Winfrey, Oprah Gail (res) | caedce | 2:2014-cv-01768 | 470 | 07/25/2014 | 10/22/2014 |
| 69 Winfrey, Oprah (dft) | casdce | 3:1998-cv-01423 | 550 | 08/05/1998 | 09/09/1998 |
| 70 Winfrey, Oprah (dft) | ilndce | 1:2002-cv-07071 | 320 | 10/02/2002 | 02/05/2003 |
| 71 Winfrey, Oprah (dft) | madce | 1:2006-cv-12252 | 820 | 12/18/2006 | 03/14/2007 |
| 72 Winfrey, Oprah (dft) | nysdce | 1:2007-cv-06040 | 820 | 06/28/2007 | 12/09/2009 |
| 73 Winfrey, Oprah (dft) | tnwdce | 2:2008-cv-02342 | 440 | 05/22/2008 | 11/26/2008 |
| 74 Winfrey, Oprah (dft) | alndce | 2:2007-cv-02093 | 440 | 11/16/2007 | 02/22/2008 |
| 75 WINFREY, OPRAH (dft) | dcdce | 1:2015-cv-00778 | 440 | 05/26/2015 | 05/26/2015 |
| 76 Winfrey, Oprah (dft) | ilndce | 1:2007-cv-03706 | 370 | 07/02/2007 | 09/14/2007 |
| 77 Winfrey, Oprah (dft) | ncwdce | 3:2012-cv-00060 | 440 | 02/02/2012 | 02/08/2012 |
| 78 Winfrey, Oprah (dft) | nywdce | 1:2002-cv-00764 | 550 | 10/31/2002 | 02/05/2003 |
| 79 Winfrey, Oprah (dft) | txndce | 2:1998-cv-00151 | 380 | 04/24/1998 | 08/27/2002 |
| 80 Winfrey, Oprah (dft) | caedce | 2:2002-cv-02106 | 550 | 09/25/2002 | 12/10/2002 |
| 81 Winfrey, Oprah (dft) | gamdce | 1:2010-cv-04202 | 440 | 12/27/2010 | 07/22/2011 |
| 82 WINFREY, OPRAH (dft) | insdce | 1:2006-cv-00417 | 555 | 03/13/2006 | 05/08/2006 |
| 83 Winfrey, Oprah (dft) | nvdce | 2:2007-cv-00515 | 440 | 04/18/2007 | 12/03/2007 |
| 84 WINFREY, OPRAH (dft) | paedce | 2:2005-cv-04750 | 360 | 09/02/2005 | 10/05/2005 |
| 85 Winfrey, Oprah (dft) | almdce | 2:2010-cv-00608 | 370 | 07/14/2010 | 11/18/2010 |
| 86 WINFREY, OPRAH (dft) | dcdce | 1:2012-cv-01932 | 890 | 11/29/2012 | 11/29/2012 |
| 87 Winfrey, Oprah (dft) | ilndce | 1:2007-cv-02431 | 440 | 05/02/2007 | 05/15/2007 |
| 88 Winfrey, Oprah (dft) | masdce | 2:2016-cv-00164 | 820 | 10/11/2016 | 12/16/2016 |
| 89 Winfrey, Oprah (dft) | nysdce | 1:2016-cv-03626 | 550 | 05/13/2016 | 05/31/2016 |
| 90 Winfrey, Oprah (dft) | txndce | 2:1997-cv-00147 | 320 | 04/16/1997 | 03/23/1998 |
| 91 Winfrey, Oprah (dft) | akdce | 3:2011-cv-00182 | 890 | 09/13/2011 | 09/21/2011 |
| 92 WINFREY, OPRAH (dft) | dcdce | 1:2009-cv-01438 | 820 | 07/31/2009 | 07/31/2009 |
| 93 Winfrey, Oprah (dft) | ilndce | 1:1999-cv-05367 | 820 | 08/17/1999 | 08/18/2000 |
| 94 Winfrey, Oprah (dft) | mowdce | 4:2003-cv-00498 | 540 | 06/06/2003 | 06/30/2003 |
| 95 Winfrey, Oprah (dft) | nysdce | 1:2011-cv-07875 | 840 | 11/04/2011 | 03/09/2015 |
| 96 Winfrey, Oprah (dft) | txndce | 2:1996-cv-00233 | 320 | 06/21/1996 | 03/23/1998 |

Receipt 03/25/2017 07:41:20 274570522

User  terridnld
Client
Description Civil Party Search
       Name Winfrey, Oprah All Courts Page: 2
Pages 1 ($0.10)

EXHIBIT R Page 473   P.2OF3

3/25/2017                                    PACER Case Locator - View



🎧 Browse Aloud

**Civil Party Search**
Sat Mar 25 07:40:35 2017
10 records found

User: terridnld
Client:
Search: Civil Party Search Name Winfrey, Oprah All Courts Page: 1 NOS: 820

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 1 Winfrey, Oprah (dft) | nysdce | 1:2008-cv-08653 | 820 | 10/09/2008 | 10/31/2008 |
| 2 Winfrey, Oprah (dft) | ilndce | 1:1997-cv-04124 | 820 | 06/06/1997 | 06/10/1997 |
| 3 Winfrey, Oprah (cc) | ilndce | 1:1999-cv-05367 | 820 | 08/17/1999 | 08/16/2000 |
| 4 WINFREY, OPRAH (dft) | paedce | 2:2010-cv-05655 | 620 | 10/26/2010 | 03/18/2011 |
| 5 Winfrey, Oprah (dft) | cacdce | 2:2011-cv-03539 | 820 | 04/25/2011 | 05/17/2011 |
| 6 Winfrey, Oprah (dft) | madce | 1:2006-cv-12252 | 820 | 12/18/2006 | 03/14/2007 |
| 7 Winfrey, Oprah (dft) | nysdce | 1:2007-cv-06040 | 820 | 08/26/2007 | 12/09/2009 |
| 8 Winfrey, Oprah (dft) | msadce | 2:2016-cv-00164 | 820 | 10/11/2016 | 12/16/2016 |
| 9 WINFREY, OPRAH (dft) | dcdce | 1:2009-cv-01438 | 820 | 07/31/2009 | 07/31/2009 |
| 10 Winfrey, Oprah (dft) | ilndce | 1:1999-cv-05367 | 820 | 08/17/1999 | 06/16/2000 |

Receipt 03/25/2017 07:42:03

User terridnld
Client
Description Civil Party Search
Name Winfrey, Oprah All Courts Page: 1 NOS: 820

You have previously been billed for this page.

Pages 1 ($0.00)

EXHIBIT R Page 474
EXHIBIT F P. 3 of 3

*i*

# PARTNERSHIP AGREEMENT FOR THE RICO ACT CIVIL LAWSUIT AS CO-PLAINTIFFS

Between

**[WILLIAM JAMES]**

and

**[TERRI V. TUCKER]**

Effective as of **[APRIL]**, 3 20**[17]**

# PARTNERSHIP AGREEMENT

**THIS PARTNERSHIP AGREEMENT** effective as of the 3RD day of April, 2017.

**BETWEEN:**

[●], Plaintiffs William James and Terri V. Tucker[●].

(hereinafter **"William James"** Plaintiff 1)

OF THE FIRST PART,

- and -

(hereinafter **"Terri V. Tucker"** Plaintiff 2)

OF THE SECOND PART.

**WHEREAS** Plaintiff 1 and Plaintiff 2 entered into the Partnership (for a lawsuit filed under the Civil RICO Act under Diversity) effective as of April1, 3 2017 on the terms and conditions hereinafter set forth;

**AND WHEREAS** from and following the Partnership acquired certain assets through the lawsuit filed on April 3, 2017 in a Civil RICO Lawsuit suing multiple Parties:

1 Barbara Hunt
2  Harpo
3  Lionsgate Entertainment
4  Oprah Winfrey Network (OWN)
5  Oprah Winfrey
6  Tyler Perry Company
7  Tyler Perry Studios (TPS)
8  Tyler Perry aka Emmett Perry Jr. aka Emmett J. Perry aka Emmett M. Perry Aka Emmbre R. Perry aka Emmitt R. Perry aka Emmett T. Perry aka Willie M. Perry aka Emmett Ty Perry aka Emmett Perry aka Tyler E Perry aka Emmbre R Perry

Aka Emmitt Perry, Jr. aka
Buddy aka John Ivory;

**NOW THEREFORE THIS AGREEMENT WITNESSETH** that in consideration of
the winnings, settlement or awards and the mutual covenants, agreements and conditions herein
contained, it is hereby covenanted, agreed and declared by and among the Partners (as defined
herein) as follows:

## ARTICLE 1 – INTRODUCTION

**1.1    Definitions.**

In this Agreement (CIVIL RICO-DIVERSITY), unless there is something in the subject
matter or context inconsistent therewith, the following terms shall have the respective meanings
ascribed below:

(a)    **"Awards"** means funds received from lawsuit in the form of Settlement of any
party or any defendant, arbitration, awards by the court

(b)    **"Agreement"**, **"this Agreement"**, **"hereto"**, **"herein"**, **"hereby"**, **"hereunder"**
and similar expressions refer to this Agreement and not to any particular Article,
Section or other portion hereof, and include any and every instrument
supplemental or ancillary to or in implement hereof;

(c)    **"Docket"** means any document on the record of the Joint lawsuit

(d)    **"Effective Date"** means April 3, 2017;

(e)    **"Case"** means Duration of the case

(f)    **"Partner"** means any one of  Plaintiff 1 and Plaintiff 2 are partners admitted
pursuant to the provisions of this Agreement, **"Partners"** means all of them, and
the **"Partnership"** means the partnership established by this Agreement; and

(g)    **"Person"** means any individual, firm, corporation, partnership, joint venture,
trustee or trust, government or agency thereof, unincorporated association, or
other entity and pronouns have a similarly extended meaning.

## ARTICLE 2 – FORMATION OF PARTNERSHIP

**2.1    Establishment.**

Subject to the terms and conditions hereof, the parties hereto agree to carry on the
Business in partnership for the Duration of the CIVIL RICO Diversity Lawsuit,

(a)    the date on which the Partnership is voluntarily dissolved by unanimous
agreement of the Partners once an agreement is signed with the Defendants; or

(b)    the date on which the Court renders a decision of law.

- 3 -

## 2.2    Name.

The name of the Partnership shall be "**[Plaintiffs]**" and/or such other name or names as the Partners may from time to time agree upon in writing and no party shall carry on business under such name except as a Partner of the Partnership.

### ARTICLE 3 GENERAL

## 2.3    Settlements, Awards, Winnings and Discussions

The Plaintiffs agree that neither party shall discuss information pertaining to the case with any of the Defendants or attorneys for the Defendants without the Physical or Telephonic Presence of both parties. Both parties must agree on any settlement amount and agree to divide any awards, winning or settlement in half equally 50%.

**IN WITNESS WHEREOF**  the parties hereto have duly executed this Agreement this day of **[●]**, to be effective as of the Effective Date in accordance with Section 6.5 of this Agreement.

**[●]**

Per: _William James 4-3-2017_

Name: William James
9100 South Drexel Ave
Chicago, Illinois 60619
773-990-9373

Title: Plaintiff 1

Per: _Terri V. Tucker 4/3/2017_

Name: Terri V. Tucker
1136 Joslin Path
Douglasville, GA 30134
347-705-2043

Title: Plaintiff 2

EXHIBIT R Page 478

- 4 -

**Witness:**

Per:
_____

Name: Emanuel A. Tucker, Jr.
1136 Joslin Path
Douglasville, GA 30134
347-995-8097
Title: Witness

_____

## INDEX

Civil Cover Sheet.................................................................1-2

Initial Complaint for Civil RICO Remedies.....................................1-25

Sworn Declatory Statement.......................................................26

Certificate of Compliance Required By FRAP 32(A)(7)(C)..................26-27

Certificate of Service...........................................................27-28

Civil Rico Supreme Law, Exhibit A pp.2.......................................1-2

Private Attorney General, Exhibit B pp. 2....................................1-2

Certificate of Copyright Registration James & Tucker, Exhibit C pp. 3.....1-3

Supreme Court Case United States v. Paramount Pic. Exhibit D pp. 5.......1-5

Pacer Civil Case Locator-Tyler Perry, Exhibit E p.1...........................1

Pacer Civil Case Locator-Oprah Winfrey, Exhibit F pp.3.....................1-3

William James
PRIVATE ATTORNEY GENERAL
9100 South Drexel Ave
Chicago, Illinois 60619
Email: BJ255758@yahoo.com
Phone 773-990-9973

Terri V. Tucker (aka)
Donald-Strickland
PRIVATE ATTORNEY GENERAL
1136 Joslin Path
Douglasville, GA 30134
terrilowe43@gmail.com
Phone: 347-705-2043

JS44 (Rev. 11/16 NDGA)   **CIVIL COVER SHEET**   **1:17-CV-1181**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

1. William James
2. Terri V. Tucker

## DEFENDANT(S)

1.Barbara Hunt, 2. Harpo; 3. Lionsgate Entertainment; 4.Oprah Winfrey Network (OWN); 5. Oprah Winfrey; 6.Tyler Perry Company; 7. Tyler Perry Studios (TPS) 8. Tyler Perry; Emmett Perry, Jr all Known and unknown Alia

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____1. IL 2. GA_____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____GA AND CA_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

PRIVATE ATTORNEY GENERALS: WILLIAM JAMES 9100 South Drexel Ave Chicago, Illinois 60619 BJ255758@yahoo.com PH 773-990-9973; Terri V. Tucker 1136 Joslin Path Douglasville, GA 30134 PH 347-705-2043

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. GOVERNMENT PLAINTIFF
- [ ] 2 U.S. GOVERNMENT DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- [x] 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | [x] 1 | [x] 1 | CITIZEN OF THIS STATE | [ ] 4 | [x] 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | [x] 2 | [x] 2 | CITIZEN OF ANOTHER STATE | [ ] 5 | [x] 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | [ ] 3 | [ ] 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 6 | [ ] 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 ORIGINAL PROCEEDING
- [ ] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- [ ] 6 MULTIDISTRICT LITIGATION - TRANSFER
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT
- [ ] 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Racketeering Influenced and Organizations Act (RICO) 18 U.S.C. 1961 1(a) and 1(b) 18 U.S.C. 1964 (a) and (c) Defendants conspired in a widespread criminal enterprise operating as a cartel under legal businesses engaging in patterns of racketeering activities and organized crime across State and international lines; conspiring to engage in racketeering activity involving numerous RICO predicate acts during the past ten (10) calendar years

**(IF COMPLEX, CHECK REASON BELOW)**

- [x] 1. Unusually large number of parties.
- [x] 2. Unusually large number of claims or defenses.
- [x] 3. Factual issues are exceptionally complex
- [x] 4. Greater than normal volume of evidence.
- [x] 5. Extended discovery period is needed.
- [ ] 6. Problems locating or preserving evidence
- [x] 7. Pending parallel investigations or actions by government.
- [ ] 8. Multiple use of experts.
- [x] 9. Need for discovery outside United States boundaries.
- [ ] 0. Existence of highly technical issues and proof.

**CONTINUED ON REVERSE**

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT $ _____   APPLYING IFP _____   MAG. JUDGE (IFP) _____
JUDGE _____   MAG. JUDGE _____ (Referral)   NATURE OF SUIT _____   CAUSE OF ACTION _____

EXHIBIT R Page 481   18: 1964

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☐ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other
- ☐ 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se
- ☐ 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 740 RAILWAY LABOR ACT
- ☐ 751 FAMILY and MEDICAL LEAVE ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 375 FALSE CLAIMS ACT
- ☐ 376 Qui Tam 31 USC 3729(a)
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC.
- ☐ 460 DEPORTATION
- ☒ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 490 CABLE/SATELLITE TV
- ☐ 890 OTHER STATUTORY ACTIONS
- ☐ 891 AGRICULTURAL ACTS
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 895 FREEDOM OF INFORMATION ACT
- ☐ 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23   DEMAND $ __451,800,000.00__

JURY DEMAND ☒ YES ☐ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE _____   DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- ☒ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. see, exhibts E and F , WHICH WAS DISMISSED. This case ☐ IS ☒ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_William James_                     4-3-2017

_Jean V. Dirk_                      4-3-2017

SIGNATURE OF ATTORNEY OF RECORD                     DATE

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

COVERSHEET – EXHIBIT S —
NDGA Doc. 218 — Post-Judgment
Order

---

**COVERSHEET EXHIBIT  S — NDGA DOC. 218 — POST-JUDGMENT ORDER**

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 218

(Attached: True and correct copy of NDGA Doc. 218.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT  S**
**NDGA DOC. 218 — POST-JUDGMENT ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM JAMES
SUI JURIS, et al.,

    Plaintiffs,

      v.

                         CIVIL ACTION FILE
                         NO. 1:17-CV-1181-TWT

BARBARA HUNT, et al.,

    Defendants.

## ORDER

      This is a pro se civil RICO action.  The case was closed in this Court in October, 2017 when the Court entered judgment on the pleadings in favor of all of the Defendants. After the case had been closed for years, the pro se Plaintiffs began filing a slew of motions in June, 2025. It is before the Court on various new motions which were filed in violation of the Court's Order of August 10, 2018 prohibiting the Plaintiffs from filing any motions or papers in this case without getting my permission. The latest Motions [Doc. 209, 210, 211 and 215] are DENIED.

      SO ORDERED, this ___17th___ day of October, 2025.

                                        THOMAS W. THRASH, JR.
                                        United States District Judge

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Case No. 25-13325-D

District Civil Action No. 1:17-cv-01181-TWT

COVERSHEET – EXHIBIT T —
NDGA Doc. 219 — Post-Judgment
Order

---

## COVERSHEET EXHIBIT  T — NDGA DOC. 219 — POST-JUDGMENT ORDER

---

**Eleventh Circuit Mandamus:** In re William James, et al., No. 25-13325-D

**Petitioners:**

William James and Terri Tucker Lowe

**Respondents:**

Lions Gate Entertainment, Harpo, Inc., Oprah Winfrey Network (OWN), Oprah

Winfrey, Tyler Perry Company, Tyler Perry Studios, Tyler Perry

**Exhibit Description**

**Description:**

**Joint Appendix for Panel Rehearing / Rehearing En Banc**

Filed in: United States District Court for the Northern District of Georgia

Case No.: 1:17-cv-01181-TWT

Document No.: 219

(Attached: True and correct copy of NDGA Doc. 219.)

**Submitted by Pro Se Petitioners:**

Terri Tucker (Lowe)

William James

**COVERSHEET EXHIBIT  T**
**NDGA DOC. 219 — POST-JUDGMENT ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM JAMES
SUI JURIS, et al.,

    Plaintiffs,

      v.

 

BARBARA HUNT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-1181-TWT

**ORDER**

This is a pro se civil RICO action.   It is before the Court on the Plaintiffs'

Motion to Stay [Doc. 217] which is DENIED pursuant to the Court's Order of

August 10, 2018.

SO ORDERED, this _____24th_____ day of November, 2025.

THOMAS W. THRASH, JR.
United States District Judge