# UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| William James and Terri Tucker (Lowe), Petitioners, | Appellate Action No. 25-13325-D |
| v. | District Court Civil Action No. 1:17-cv-01181-TWT |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Respondents. | Petition for Panel Rehearing and Petition for Rehearing En Banc |

---

**PETITION FOR PANEL REHEARING AND PETITION FOR REHEARING EN BANC**

---

Appellate Action No. 25-13325-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

1. Terri Lowe (formerly Tucker) – Plaintiff/Petitioner – Individual

2. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe

3. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

4. William James – Plaintiff/Petitioner – Individual

5. Tyler Perry – Defendant/Appellee/Respondent – Individual

6. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

7. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned or controlled by Tyler Perry

8. Oprah Winfrey – Defendant/Appellee/Respondent – Individual

9. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private corporation; majority owner is Warner Bros. Discovery (ticker: WBD); Oprah Winfrey retained a minority interest and sold part of her interest during the pendency of district court case 1:17-cv-01181-RWS-TWT

10. HARPO Productions, Inc. – Defendant/Appellee/Respondent – domestic corporation owned by Oprah Winfrey, and a subsidiary of Harpo, Inc. (Oprah Winfrey is 100% owner via Harpo, Inc.)

11. Lions Gate Entertainment Corp. ("Lionsgate") – Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B)

12. Barbara Hunt – Defendant/Appellee/Respondent – Individual. Upon information and belief, Barbara Hunt of Cook County, Illinois, is a former Accounting Manager at Harpo Productions and current consultant at Gagen MacDonald. Petitioners are not aware of any other business entities owned or controlled by this individual but reserve the right to supplement this disclosure if additional information becomes available.

13. Judge Thomas W. Thrash, Jr. – NDGA District Court Judge – Defendant/Appellee/Respondent. Upon information and belief, Annie Thrash, a family member of Judge Thomas W. Thrash, Jr., appeared as an actor in Tyler Perry's television production "Too Close to Home." This undisclosed relationship creates a reasonable basis to question Judge Thrash's impartiality in this matter, particularly given the assignment of the case at Respondents' request and the ongoing business relationship between Annie Thrash and defendant Tyler Perry. See 28 U.S.C. § 455(a); *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009). Petitioners respectfully request that the Court take judicial notice of this affiliation and consider it as grounds for recusal and vacatur of all orders entered by Judge Thrash.

14. Tom J. Ferber (Pryor Cashman LLP) – Attorney for Respondents Tyler Perry, Tyler Perry Studios, and The Tyler Perry Company

15. Richard Gordon, Esq. – Attorney for Respondents Oprah Winfrey, Oprah Winfrey Network (OWN), HARPO, Lionsgate Entertainment, and Barbara Hunt

16. David Zaslav – Chief Executive Officer, Warner Bros. Discovery, majority owner of OWN – not a party but an interested person with respect to OWN

**CORPORATE DISCLOSURE STATEMENT**

Upon information and belief, during the pendency of this action (April 2017 through February 2020), Oprah Winfrey and/or Harpo Inc. may have sold, transferred, or otherwise disposed of ownership interests in OWN (Oprah Winfrey Network) or related entities. To date, no supplemental Certificate of Interested Persons or corporate disclosure statement reflecting such changes has been filed, as required by Eleventh Circuit Rule 26.1-1 and Federal Rule of Appellate Procedure 26.1. Petitioners respectfully request that all Respondents and interested parties be ordered to supplement their disclosures and that the Court take judicial notice of any such undisclosed transactions for purposes of recusal, conflicts of interest, and the integrity of these proceedings.

The undersigned will supplement this certificate as necessary.

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT**        **10**

**II. INTRODUCTION**        **10**

**III. STATEMENT OF THE ISSUES**        **12**

    *A. Questions of Exceptional Importance (FRAP 35)*     12

    *B. Issues for Panel Rehearing (FRAP 40) (Matters Overlooked or Misapprehended)*     13

    *C. Targeted Rehearing Points Issues of Orders (Doc. 18-2)*     14

    *D. Consolidation Deemed Moot (Doc. 18-2 at 4)*     15

    *E. Filing Injunction / "Adequate Alternative Remedy" (Doc. 18-2 at 4)*     15

    *F. Recusal Deemed "Arguably Moot" and Adequate Alternative Remedy*   16

    *G. Outside Mandamus Power Characterization (Doc. 18-2 at)*     16

    *H. Essentially Seeking Appellate Review and Could Have Amended Prior Appeal (Doc. 18-2 at 5)*     17

**IV. ARGUMENT**        **17**

    *A. Doc. 85 Is the Operative Amended Complaint; Service Record Establishes Defendants' Duty to Respond; Omission of These Materials Produced the "Abandonment/Adequate Remedy" Misapprehension*     18

*B.  The Order's "Adequate Alternative Remedy" Rationale Misapprehends the Procedural Record*                                                              23

*C.  Material Issues in Amended Petition (Doc. 5) Not Addressed*                 23

*D.  Record Transmission/Completeness: Abandonment Prejudice*                    24

*E.  The Order Ignores Petitioners' 2025 Discovery Predicate and the Denial of Motions to Amend and Consolidate*                                              24

*F.  Injunction Gatekeeping Forecloses Rule 60 Relief, Rendering "Adequate Alternative Remedy" Illusory*                                                      26

*G.  Recusal/Neutral Adjudicator Not Moot*                                       27

*H.  Jurisdictional Divestiture/Voidness Not Cured by Amending Prior Appeal*     27

*I.   The Order Collapsed Supervisory Relief into Merits Relief*                 28

*J.  Jurisdictional and Enforcement Defects Undermine Adequacy*                  28

*K.  Supervisory Relief vs. Merits Relief*                                       29

*L.  Default Motion and Certificate of Interested Persons Compliance Mischaracterized*                                                                      29

**V. CONCLUSION**                                                                30

**VI. RELIEF SOUGHT**                                                            31

**VII. CERTIFICATE OF COMPLIANCE**                                               33

**VIII. CERTIFICATE OF SERVICE**                                                 34

## APPENDIX                                                    35

Appendix – Petition for Panel Rehearing and Petition for Rehearing En Banc     35

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Brown v. United States,*

720 F.3d 1316, 1332 (11th Cir. 2013)                                      21, 24

*Chambers v. NASCO, Inc.,*

501 U.S. 32 (1991)                                                        21, 27

*Cheney v. U.S. Dist. Court,*

542 U.S. 367 (2004)                                                       11, 29

*Griggs v. Provident Consumer Disc. Co.,*

459 U.S. 56 (1982)                                                        12, 28

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*

322 U.S. 238 (1944)                                                       12, 27

*Horenkamp v. Van Winkle & Co.,*

402 F.3d 1129, 1132–33 (11th Cir. 2005)                                   18

*In re Smith,*

926 F.2d 1027, 1030 (11th Cir. 1991)                                      25, 29

*Liljeberg v. Health Servs. Acquisition Corp.,*

486 U.S. 847 (1988)                                                       20, 23, 27

**Cases**                                                                                **Page(s)**

*Mallard v. U.S. Dist. Court,*

490 U.S. 296 (1989)                                                                      11, 12

**Rules**

Fed. R. Civ. P. 4(m)                                                                    18, 20

Fed. R. Civ. P. 15(a)                                                                  18, 19, 28

Fed. R. Civ. P. 15(a)(1)(A)(i)                                                        18,19, 28

Fed. R. Civ. P.  15(a)(3)                                                            18, 19, 28

Fed. R. Civ. P. 60                                                          9, 11, 26-27, 30-31

Fed. R. Civ. P  Rule 60(b)(4)                                                            26

Fed. R. Civ. P. 60(b)(6)                                                            22, 25, 36

Fed. R. Civ. P. 60(d)(3)                                                    9, 11, 26-27, 30-31

**Appellate Rules**

FRAP 35                                                                        10, 12, 13, 18, 30

FRAP 40                                                                        10, 12, 13, 18, 30

**Statutes**

28 U.S.C. § 455(a)                                                        3, 11, 16, 20, 21-24, 27

## PETITION FOR PANEL REHEARING AND PETITION FOR REHEARING EN BANC

## I. PRELIMINARY STATEMENT

Petitioners have filed a Motion to Supplement the Record (Eleventh Circuit Case No. 25-13325-D), seeking to add critical district court filings and docket entries omitted from the original appellate record. This supplementation corrects material omissions and provides full procedural context necessary for meaningful review. Petitioners request that the en banc panel consider the supplemented record in its entirety.

## II. INTRODUCTION

Petitioners William James and Terri V. Lowe (formerly Terri V. Tucker), pro se, petition for panel rehearing under FRAP 40 and rehearing en banc under FRAP 35 of the Court's December 18, 2025 Order (Doc. 18-2), which partially dismissed their amended mandamus petition.

This petition challenges the Court's reliance on the "adequate alternative remedy" rationale, which misapprehends the record and fails to recognize Document 85 as the operative amended complaint. The judge named in Doc. 85 improperly dismissed himself while remaining a defendant in appeals, represented by the

Assistant United States Attorney (AUSA) in appeals 17-14866 and 18-13553.

Omission and alteration of Doc. 85 and related service proofs from appellate and

mandamus records deprived Petitioners of meaningful review and violated due

process and impartiality under 28 U.S.C. § 455(a).

Recusal is not moot where Petitioners seek vacatur of orders entered by a

disqualified judge that continue to govern post-judgment access, including

injunction enforcement and Rule 60 gatekeeping.

Petitioners sought consolidation and supplementation to avoid fragmented review,

but these efforts were denied. Post-judgment relief has been blocked by injunction

gatekeeping, rendering theoretical remedies inadequate. This petition seeks

supervisory mandamus relief to restore procedural integrity and ensure a neutral

adjudicator.

Mandamus is an extraordinary remedy available when no other adequate means

exist, the right to issuance is clear and indisputable, and issuance is appropriate.

*Cheney v. U.S. Dist. Court,* 542 U.S. 367 (2004); *Mallard v. U.S. Dist. Court*, 490

U.S. 296 (1989).

Panel rehearing is warranted when the Court overlooked or misapprehended

material facts or controlling authority. Rehearing en banc is warranted for

questions of exceptional importance, including those affecting judicial integrity

and appellate review. Mandamus compels district courts to perform

nondiscretionary ministerial duties essential to due process and judicial integrity.

See *Chambers v. NASCO*, 501 U.S. 32; *Poulos v. New Hampshire*, 345 U.S. 395;

*Mallard v. U.S. Dist. Court*, 490 U.S. 296. Withholding material documents and

jurisdictional defects violate fundamental fairness. *Hazel-Atlas*, 322 U.S. 238;

*Griggs*, 459 U.S. 56.

## III. STATEMENT OF THE ISSUES

### A. Questions of Exceptional Importance (FRAP 35)

Section IV supports panel rehearing under FRAP 40 by addressing the Order's

rationales (Doc. 18-2) with record-anchored corrections. The same record-integrity

and adequacy defects warrant rehearing en banc under FRAP 35.

**Key questions of exceptional importance include:**

1. Whether an "adequate alternative remedy" exists when appellate routing

   prevents unified review of the operative record, including pleading disputes.

2. Whether adequacy can rest on a theoretical right to appeal or file post-

   judgment motions when injunction gatekeeping and procedural

   fragmentation block merits adjudication.

3. Whether pro se litigants may be deemed to have "adequate remedies" when record-integrity, pleading disputes, and fragmentation prevent meaningful review.

4. Whether failure to address jurisdictional enforcement defects—such as orders entered post-notice of appeal, jurisdictional overreach, and appellate merits avoidance—creates systemic breakdowns requiring en banc correction to preserve uniformity and rule of law.

**B. Issues for Panel Rehearing (FRAP 40) (Matters Overlooked or Misapprehended)**

The Order's dispositive "adequate alternative remedy" rationale misapprehends the procedural record and Petitioners' claims by:

1. Treating theoretical appellate and post-judgment remedies as adequate despite docket-documented fragmentation and denied consolidation/supplementation efforts.

2. Ignoring the 2025 discovery that material filings—including Doc. 85, proof of service, and opposition filings—were omitted from the appellate record, undermining abandonment and adequacy conclusions.

3. Overlooking the judge's conflict of interest arising from his status as defendant in Doc. 85, his self-interested dismissal order (Doc. 131), and his representation by the AUSA in the appeals.

4. Failing to address jurisdictional divestiture and voidness defects caused by post-notice-of-appeal orders entered by a disqualified judge.

5. The Order failed to address Petitioners' unresolved substantive issues affecting both the Original Complaint (Doc. 1) and the Amended Complaint (Doc. 85), leaving critical claims procedurally open.

## C. Targeted Rehearing Points Issues of Orders (Doc. 18-2)

1. Petitioners identified missing filings in the Amended Mandamus Petition and noted that "all proofs of service" were missing. (Doc. 5 at 47).

The Order denied record-transmission as "unnecessary" because the Court "ha[s] access to all necessary and pertinent filings." (Doc. 18-2 at 4). Petitioners' contention was not present access; it was that the prior appellate disposition in No. 17-14866—addressing Doc. 85 and related default/service issues—was affected by omission/non-transmission of service proofs and other key filings, depriving meaningful appellate review.

2. Those omissions also affect reliance on post-Doc. 85 orders (Docs. 116, 131) to treat Doc. 85 as non-operative; present access does not cure an incomplete

transmitted record. Petitioners preserved whether the 17-14866 panel decided on a complete record and sought recall after discovering the omission/non-transmission in 2025.

Petitioners' record-integrity and unresolved-claims arguments apply to both the Original Complaint (Doc. 1) and the Amended Complaint (Doc. 85). The district court treated Doc. 1 as closed and Doc. 85 as a nullity, yet the record shows no procedurally valid adjudication resolving all substantive claims in either pleading. This manufactured finality governs jurisdiction, default/answer obligations, and post-judgment relief. The mandamus petition raised these defects because the case remains procedurally open. Any disposition that fails to address them perpetuates a false premise of closure and prejudices meaningful review, undermining the adequacy of any alternative remedy

## D. Consolidation Deemed Moot (Doc. 18-2 at 4)

1. The panel denied consolidation as moot because the appeals are closed; rehearing is warranted because consolidation efforts bear on adequacy and fragmentation. See Argument § IV.A.

## E. Filing Injunction / "Adequate Alternative Remedy" (Doc. 18-2 at 4)

1. The panel relied on an injunction-appeal remedy; Petitioners challenged it in 18-13553, but adequacy requires meaningful availability. See Argument §§ IV.A, IV.E.

## F. Recusal Deemed "Arguably Moot" and Adequate Alternative Remedy (Doc. 18-2 at 4)

1. The panel stated recusal is "arguably moot" because the case closed in 2018 and appeals are final, and held Petitioners had adequate alternative remedies to raise recusal earlier. Rehearing is warranted because recusal concerns structural integrity and validity of orders are void due to disqualification and jurisdictional defects. See Argument § IV.F.

2. Petitioners' recusal contention is structural: Judge Thrash was named as a defendant in the operative amended complaint (Doc. 85) and entered a self interested dismissal order (Doc. 131) affecting the operative pleading posture while remaining a party in the appellate proceedings. Structural disqualification under 28 U.S.C. § 455(a) is not cured by finality where Petitioners seek vacatur of orders are void for disqualification and jurisdictional defects.

## G. "Outside Mandamus Power" Characterization (Doc. 18-2 at 5)

1. The panel characterized several requests as outside mandamus power because Petitioners were "asking us to act ourselves." Rehearing is warranted because the amended petition also sought classic supervisory mandamus relief directed to the district court (e.g., reassignment, record transmission/certification). See Argument § IV.J.

## H. "Essentially Seeking Appellate Review" and "Could Have Amended Prior Appeal" (Doc. 18-2 at 5)

1. The panel held Petitioners' remaining requests were "essentially seeking appellate review" and that Petitioners could have amended prior appeals. Rehearing is warranted because adequacy depends on the actual procedural record, including whether consolidation and supplementation efforts were pursued and whether the appellate pathway was fragmented and impaired—particularly where

2. Petitioners did not discover the omission/non-transmission of NDGA Doc. 85 and service materials until 2025. See Argument § IV.A. Petitioners did pursue ordinary appellate mechanisms to prevent fragmented review, including consolidation/supplementation efforts reflected in the record, which were denied.

3. The Order's suggestion that Petitioners 'could have' cured the defect by amending earlier appeals misapprehends both the Court's prior denials and the 2025 discovery predicate: Petitioners could not seek relief based on withheld/non transmitted materials before they learned of the omission.

## IV. ARGUMENT

Section IV responds to the mandamus Order's stated rationales (Doc. 18-2) with record-anchored corrections and demonstrates why the issues warrant rehearing en

banc under FRAP 35, as supported by the record-integrity and adequacy defects below.

## A. Doc. 85 Is the Operative Amended Complaint; the Post-Quash Service Record Triggered Defendants' Duty to Respond; Omission of These Materials Produced the "Abandonment/Adequate Remedy" Misapprehension

1. Petitioners filed their original complaint on April 3, 2017. Under Fed. R. Civ. P. 4(m), Petitioners had 90 days to perfect service; however, on May 24, 2017, Defendants moved to quash service and set aside defaults (NDGA Doc. 52), asserting improper service and seeking relief under Rule 55(c).

2. The district court granted that motion on June 29, 2017 (NDGA Doc. 76), quashing defective service but permitting Petitioners to cure the defects consistent with Rule 4, without dismissing the case. See Fed. R. Civ. P. 4(m); *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132–33 (11th Cir. 2005).

3. Doc. 76 addressed Defendants' service dispute, but Petitioners' service proofs and rebuttal materials—including Defendants' affidavit (NDGA Doc. 67-1), Petitioners' process-server affidavit (NDGA Doc. 73), and corroboration compiled in NDGA Doc. 88-6—remain part of the cure/operativeness record.

4. Following this order, Petitioners promptly reissued summons and filed executed returns between June 29 and July 5, 2017 (NDGA Docs. 79, 83, 84) as to corporate defendants served through their registered agents, including corroboration docketed with the Amended Complaint filings (NDGA Docs. 88, 88-6).

5. In addition, Petitioners sent the operative amended complaint (NDGA Doc. 85) by certified mail to Richard Gordon, counsel for multiple Defendants, ensuring actual notice. This post-quash service record established the predicate for Petitioners' filing of the operative amended complaint on July 5, 2017 (NDGA Doc. 85), which added Judge Thomas W. Thrash, Jr. as a defendant and included new allegations. Under Fed. R. Civ. P. 15(a), the amended complaint superseded prior pleadings and became operative, triggering Defendants' duty to respond under Rules 12(a)(1)(A)(i) and 15(a)(3). See Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 15(a)(3); Fed. R. Civ. P. 12(a)(1)(A)(i).

6. The docket further reflects service on Judge Thrash by summons issued July 12, 2017 (NDGA Doc. 94) and executed July 14, 2017, with an answer due August 4, 2017 (NDGA Doc. 100). Despite being a named defendant and having been served, Judge Thrash issued substantive orders on July 12–13,

2017, including staying discovery and denying recusal under 28 U.S.C. § 455(a). See 28 U.S.C. § 455(a); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988).

7. Subsequently, the United States Attorney moved to dismiss on Judge Thrash's behalf (NDGA Doc. 116), and Petitioners opposed (NDGA Doc. 117). After Defendants failed to answer the operative amended complaint within deadlines, Petitioners moved for default judgment (NDGA Doc. 119).

8. Notably, Defendants' opposition (NDGA Doc. 122), filed as the response to Petitioners' default motion directed to the operative amended complaint, does not address Doc. 85; it instead focuses on earlier default and service disputes tied to the original complaint. Doc. 131 (entered October 19, 2017) cannot retroactively excuse Defendants' failure to timely respond to Doc. 85 after it was filed and served in July 2017. On October 19, 2017, the court denied default (NDGA Doc. 130) and granted the motion to dismiss Judge Thrash, declaring Doc. 85 "void and a nullity" (NDGA Doc. 131).

9. Petitioners submit that Doc. 131 did not render Doc. 85 non-operative as a matter of law for purposes of the preserved Rule 4(m)/Rule 15 timeline and the duty-to-respond analysis. Doc. 131 was entered by a judge named as a defendant in the operative pleading, raising structural impartiality concerns

under 28 U.S.C. § 455(a). The order purported to nullify the operative

pleading without merits adjudication and after docketed service and answer

deadlines had run, compounding the appearance-of-impartiality defect and

the prejudice flowing from omission and non-transmission of Doc. 85 and

service/perfection materials later discovered in 2025 (NDGA Docs. 199,

199-1).

10. Petitioners expressly raised the record-omission and missing-service-proofs

issue in the Amended Mandamus Petition, including in the table of critical

missing documents identifying 'all proofs of service' as missing (Doc. 5 at

47), and reiterated the same record-integrity predicate throughout the

petition (Doc. 5 at 19, 28, 47). See *Brown v. United States,* 720 F.3d 1316,

1332 (11th Cir. 2013).

11. Until that 2025 discovery, Petitioners reasonably believed the appellate

panels had been provided the complete district-court record and could not

have anticipated that the 'non-operative,' 'abandonment,' and 'adequate

remedy' characterizations were being made on an incomplete transmitted

record. Petitioners therefore could not have raised a record-transmission

rebuttal in 2017–2018 because the omission and non-transmission were

unknown and not reasonably discoverable at that time.

12. Petitioners did not abandon the service and operativeness issue. In Appeal No. 17-14866, Petitioners' opening brief expressly raised "Service of Process Perfected," "Defendants' Defaults," and "Amended Civil RICO Complaint" arguments, including Rule 15 and Defendants' failure to respond to Doc. 85.

13. The later-discovered omissions and non-transmission of the operative pleading and post-quash service/perfection record prevented meaningful review of those preserved arguments. In the prior appeal, the Eleventh Circuit held Doc. 85 was untimely and treated the initial complaint as operative (USCA11 No. 17-14866, Dec. 20, 2018).

14. Petitioners respectfully submit that this conclusion cannot supply an "adequate alternative remedy" without first resolving the record-integrity predicate—whether the operative amended complaint and post-quash service/perfection materials were reliably transmitted and reviewed.

15. Finally, the mandamus panel's dismissal of recusal as "arguably moot," coupled with its assertion that the Court has access to the record, overlooks that the operative pleading named the judge, service was executed, and Petitioners seek vacatur of orders entered by a disqualified judge—orders that continued to shape the litigation's posture. The refusal to address recusal

and record integrity perpetuates the appearance-of-impartiality defect and the "adequate remedy/abandonment" misapprehension. Accordingly, rehearing and en banc review are warranted to restore meaningful review on a complete, reliably transmitted record.

## B. The Order's "Adequate Alternative Remedy" Rationale Misapprehends the Procedural Record

1. Judge Thrash, named defendant in Doc. 85, was actively represented by the AUSA in appeals, effectively defending himself. This conflict requires recusal under 28 U.S.C. § 455(a).

2. The appellate and mandamus courts failed to address this, permitting the judge to rule on his own orders and participate in briefing, violating due process and impartiality. Immediate recusal and vacatur of Judge Thrash's orders are mandated. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988).

## C. Material Issues in Amended Petition (Doc. 5) Not Addressed

1. The Order did not reach jurisdictional and structural defects including Judge Thrash's self-interested dismissal declaring Doc. 85 a nullity. No appellate decision held Doc. 85 non-operative, yet Doc. 131 treated it so.

2. Defendants' earlier Rule 12(b)(6) motion (Doc. 74) was mooted by Doc. 85, requiring new response. The neutrality defect is inseparable from the operative-pleading dispute. See 28 U.S.C. § 455(a).

## D. Record Transmission/Completeness: Abandonment Prejudice

1. Petitioners showed PACER history reveals omissions of key filings in prior appeals, including Doc. 85 and Doc. 131.

2. These omissions caused abandonment and law-of-the-case prejudice (*Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013)), including dismissal of claims against Chief Judge Thrash and related rulings. 17-14866 at 3 n.1.

In 17-14866, the Court expressly declined to address multiple categories of orders—including dismissal of claims against Chief Judge Thrash—based on abandonment. 17-14866 at 3 n.1.

3. Petitioners preserved the record-omission/service-transmission issue in the Amended Mandamus Petition by alleging omitted filings and identifying 'all proofs of service' as missing. (Doc. 5 at 19, 28, 47).

## E. The Order Ignores Petitioners' 2025 Discovery Predicate and the Denial of Motions to Amend and Consolidate

1. The 2025 discovery of critical record omissions—including the non-transmission and alteration of the operative amended complaint (Doc. 85) and

related service materials—provided the necessary predicate for Petitioners to seek recall of mandates. This discovery revealed that the prior appellate record was materially incomplete, foreclosing meaningful appellate review and justifying extraordinary relief to prevent closed appeals from permanently barring review.

2. The recall motion was thus a necessary procedural mechanism triggered by this newly discovered evidence, not a substitute for ordinary appellate remedies. The Order improperly treats Petitioners' petition as a failure to raise issues sooner, disregarding the well-established timeliness trigger recognized in *In re Smith*, 926 F.2d 1027, 1030 (11th Cir. 1991), which permits relief when new evidence emerges post-judgment.

3. Contrary to the Order's suggestion that Petitioners "could have amended" prior appeals to cure the record defects, the appellate court explicitly denied Petitioners' motions to amend and consolidate those appeals. These denials are reflected in NDGA docket entries 179 and 180, as well as in NDGA Documents 170 and 173–176.

4. Moreover, the appellate court in USCA11 No. 17-14866*, Doc. 68* (Sept. 21, 2018) denied these motions, directing that Appeals 17-14866 and 18-13553 proceed separately and denying record supplementation motions. This refusal

underscores that Petitioners exercised due diligence in pursuing ordinary appellate mechanisms to prevent fragmented and incomplete review.

5. Furthermore, Petitioners could not have sought relief based on withheld or non-transmitted materials before discovering these omissions in 2025. The conjunction of the appellate court's denial of procedural motions and the timing of Petitioners' discovery demonstrates that Petitioners had no practical or legal ability to address the record defect earlier.

6. Accordingly, the Order's reliance on the "adequate alternative remedy" rationale grounded in the "could have amended" theory is both factually inaccurate and legally unsound. This misapprehension of the procedural record and discovery timeline warrants panel rehearing and en banc review to preserve the integrity of appellate proceedings and ensure meaningful access to justice.

**F. Injunction Gatekeeping Forecloses Rule 60 Relief, Rendering "Adequate Alternative Remedy" Illusory**

1. Petitioners' post-judgment relief under Rule 60(b)(4), (b)(6), and (d)(3) has been blocked by injunction gatekeeping. Fraud on the court is not time-barred given 2025 discovery and new predicate acts. The Order's claim Petitioners appealed the injunction fails to engage the gatekeeping obstruction compounded by record

defects, including withholding Doc. 85 and Doc. 131. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

2. Adequacy turns on meaningful availability of merits adjudication; here, injunction gatekeeping controlled whether Petitioners could obtain appealable merits rulings on Rule 60(b)/(d)(3) issues, rendering the appeal pathway functionally ineffective.

## G. Recusal/Neutral Adjudicator Not Moot

1. Judge Thrash's dual role and AUSA representation violate due process and impartiality, mandating recusal and vacatur. Fraud upon the court permits reopening at any time. Doc. 131's self-interested rulings constitute such fraud.

2. Mandamus is proper when ordinary remedies fail. See *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991). Under 28 U.S.C. § 455(a) and *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988), recusal/vacatur are not mooted where challenged orders have continuing post-judgment effects.

## H. Jurisdictional Divestiture/Voidness Not Cured by Amending Prior Appeal

1. The district court continued issuing orders post-notice of appeal, rendering them void for lack of jurisdiction.

2. The Order treats this as curable by appellate mechanics, ignoring jurisdictional integrity claims and record defects. See *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56 (1982).

## I. The Order Collapsed Supervisory Relief into Merits Relief

1. Petitioners distinguished merits relief (default judgment, summary judgment) from supervisory relief (reassignment, record transmission, vacatur of void orders).

2. The Order denied the petition as merits relief without analyzing supervisory relief on its own terms.

2. Doc. 131 is the hinge contradiction ignored by the Order. The procedural incoherence of treating Doc. 85 non-operative undermines the "adequate alternative remedy" premise. See Fed. R. Civ. P. 55; *Griggs*.

## J. Jurisdictional and Enforcement Defects Undermine Adequacy

1. Post-notice injunction orders issued while appellate courts had jurisdiction constitute jurisdictional defects and enforcement irregularities.

2. The appellate courts mischaracterized case status and ignored merits arguments, undermining "adequate alternative remedies." The mandamus court failed to address these defects, warranting rehearing and en banc review.

## K. Supervisory Relief vs. Merits Relief

1. Petitioners' supervisory mandamus requests to compel record transmission, reassignment, and remand lie within mandamus authority and are essential to appellate integrity. Petitioners principally seek supervisory relief—reassignment/recusal and record certification/transmission to permit meaningful review—not merits adjudication by this Court.

2. To be clear, Petitioners do not ask this Court to enter summary judgment or default judgment itself; Petitioners ask only that the Court grant supervisory relief (including reassignment/recusal and record certification) and remand for merits adjudication before a neutral district judge. See *Cheney, 542 U.S. 367*; In re Smith, 926 F.2d 1027, 1030 (11th Cir. 1991). References to default/summary judgment are derivative and issue-preserving. See *Cheney v. U.S. Dist. Court*, 542 U.S. 367 (2004).

## L. Default Motion and Certificate of Interested Persons Compliance Mischaracterized

1. The Order mischaracterized Petitioners' motion for default and enforcement of disclosure obligations as noncognizable. Eleventh Circuit rules require mandatory disclosure critical to impartiality assessment.

2. Post-judgment relief has been blocked by injunction gatekeeping, rendering "adequate alternative remedy" illusory.

## V. CONCLUSION

**Panel rehearing under FRAP 40 is warranted because the December 18, 2025 Order (Doc. 18-2) misapprehends the record underlying its "adequate alternative remedy" rationale.**

Petitioners pursued ordinary appellate remedies, including challenging the filing injunction in 18-13553 and seeking consolidation and supplementation (NDGA Doc. 170; NDGA Docs. 173–176).

Where review was fragmented and Rule 60 relief was blocked by injunction gatekeeping, a theoretical right to appeal is not an adequate remedy. Petitioners could not amend prior appeals to address withheld or non-transmitted materials before the 2025 discovery.

The defect is not cured by present-day "access" to filings where No. 17-14866 was decided on an incomplete transmitted record and Petitioners sought recall promptly after discovering the omission/non-transmission in 2025.

Rehearing en banc under FRAP 35 is warranted because the Order presents questions of exceptional importance concerning record integrity, adequacy where remedies are fragmented or unavailable, and whether neutral-adjudicator and

supervisory-relief requests may be dismissed as moot despite ongoing post-judgment effects and Rule 60 barriers.

The Order's suggestion that Petitioners could have cured the defect by amending earlier appeals misapprehends prior denials of consolidation/supplementation and the 2025 discovery predicate.

Petitioners request panel rehearing and rehearing en banc and appropriate supervisory relief, including reassignment to a neutral judge and directives ensuring transmission and certification of a complete, unaltered record.

Petitioners preserve all issues, arguments, and claims raised in this petition and related filings not expressly addressed or resolved by the Court's disposition, for purposes of further review.

## VI. RELIEF SOUGHT

Petitioners respectfully request the Court grant panel rehearing and rehearing en banc and clarify that record-integrity and certification disputes are not resolved solely by the Court's present "access" to filings:

1. Reassign the District Court Case;

2. Correct and certify the official record history as accurate and complete, ensuring all relevant filings are included and preserved;

3. Remand directing vacatur of orders entered by a disqualified judge as void;

4. Direct record supplementation, correction, and certification regarding the amended pleading and related record history;

5. Address whether recusal/neutral-adjudicator issues may be deemed moot despite structural defects affecting order validity;

6. Grant any further relief the Court deems just to protect the proceedings' integrity and ensure meaningful review.

Respectfully submitted,

Dated: December 26, 2025

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## VII. CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Eleventh Circuit Rule 32-4, We certify that this petition for panel rehearing and rehearing en banc complies with the applicable type-volume limitation. According to the word-processing system used to prepare this petition, the petition contains 3,900 words, excluding those parts exempted by Federal Rule of Appellate Procedure 32(f). The petition has been prepared in a proportionally spaced typeface (Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 26th day of December.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## VIII. CERTIFICATE OF SERVICE

We hereby certify that on 12/26/2025, we filed the foregoing Petition for Panel Rehearing and Petition for Rehearing En Banc were filed via CM/ECF Electronic Mail and directly to the Judge via Clerk of the Court by USPS mail as required by the Eleventh Circuit's filing instructions.

**Respondents Attorneys:**

| | | |
|---|---|---|
| Clerk of the Court | Pryor Cashman, LLP | Richard Gordon, PC |
| Judge Thomas W. | Tom J. Ferber | 223 Brookcliff TRC |
| Thrash, Jr | 7 Times Square | Marietta, GA 30068 |
| Northern District Court of | New York, NY 10036 | |
| Georgia (NDGA) | | |
| Atlanta Division | | |
| 75 Ted Turner Dr. SW | | |
| Floor 22 | | |
| Atlanta, GA 30303 | | |

Executed on 26th day of December 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| William James and<br>Terri Tucker (Lowe),<br>Petitioners, | Appellate Action No. 25-13325-D |
| v. | District Court Civil Action No. 1:17-<br>cv-01181-TWT |
| Barbara Hunt, Tyler Perry,<br>Oprah Winfrey, et al., and<br>Judge Thomas W. Thrash, Jr.<br>Respondents. | Appendix – Petition for Panel<br>Rehearing and Petition for Rehearing<br>En Banc |

## APPENDIX - PETITION FOR PANEL REHEARING AND PETITION FOR REHEARING EN BANC

Appellate Action No. 25-13325-D

## I. PROOF MAP (RECORD-ANCHORED)

### A. Record and Exhibit Citations

Petitioners rely on their previously filed Joint Supplemental Appendix to Petition for Writ of Mandamus, Exhibits 1–69, Volumes 1–3 (USCA11 Case No. 25-13325-D, Doc. 10-1). Page citations refer to official PDF pagination.

Because exhibits lack Bates numbers, Petitioners cite volume, exhibit

number, and page range (e.g., "Vol. 1, Ex. 4, pp. 67–115").

**B. The full Joint Supplemental Appendix is incorporated by reference by**

**Appellate Docket Anchors See Argument § IV.A; Appx. Proof Map Exs. 45–**

**48, 69**

1.    Ex. 1 — Docket Sheet, Appellate Court (17-14866)

Source: Vol. 1, Ex. 1, pp. 26–42

2.    Ex. 2 — Letter and Jurisdictional Question (17-14866)

Source: Vol. 1, Ex. 2, pp. 43–49

3.    Ex. 3 — Docket Sheet as of 10/07/2025, Appellate Court (18-13553)

Source: Vol. 1, Ex. 3, pp. 50–66

4.    Record Integrity / Transmission / Fragmentation (Core "Omission/Non-

Transmission" Proof)

5.    Ex. 4 — PACER Docket Transaction List Missing Documents (1:17-cv-

01181-TWT)

Source: Vol. 1, Ex. 4, pp. 67–115

6.    Ex. 45 — Transmission of Appeal Sent to Closed Case 18-10164 (NDGA

Doc. 173)

Source: Vol. 2, Ex. 45, pp. 716–721

7.    Ex. 46 — Amended Appeal / "Doubled over blue line" to Doc. 140

(NDGA Doc. 174)

Source: Vol. 2, Ex. 46, pp. 722–841

8.    Ex. 47 — Corrected Transmittal Page (NDGA Doc. 175)

Source: Vol. 2, Ex. 47, pp. 842–848

9.    Ex. 48 — Corrected a Second Time—Transmittal Page (NDGA Doc.

176)

Source: Vol. 3, Ex. 48, pp. 853–859

10.    Ex. 69 — Plaintiffs' Amended Consolidated Joint Notice of Appeal

(NDGA Doc. 170)

Source: Vol. 3, Ex. 69, pp. 1553–1586

11.    Assignment / Reassignment / Predicate / Early Service Anchors

12.    Ex. 5 — Order – Judge Story Established Predicate Act (NDGA Doc. 15)

Source: Vol. 1, Ex. 5, pp. 116–122

13.    Ex. 6 — Defendants' Motion to Reassign the Case (NDGA Doc. 31)

Source: Vol. 1, Ex. 6, pp. 123–134

14.    Ex. 7 — Defendants' Affidavit by Jim Gladstone (NDGA Doc. 67-1)

Source: Vol. 1, Ex. 7, pp. 135–141

15.    Ex. 8 — Orders Transferring the Case (NDGA Doc. 71)

Source: Vol. 1, Ex. 8, pp. 142–150

16.    Ex. 9 — Service of Process Sworn Affidavit (ACS) (NDGA Doc. 73)

       Source: Vol. 1, Ex. 9, pp. 151–165

17.    Ex. 10 — Defendants' Judgment on Pleadings (Rule 12(c)/12(b)(6))

       (NDGA Doc. 74)

       Source: Vol. 1, Ex. 10, pp. 166–209

18.    Ex. 11 — Defendants' Motion (Moot) 12(c)/12(b)(6) (NDGA Doc. 76)

       Source: Vol. 1, Ex. 11, pp. 210–215

19.    Ex. 12 — Plaintiffs' Motion for Recusal and Reassignment (NDGA Doc.

       81)

       Source: Vol. 1, Ex. 12, pp. 216–233

20.    Doc. 85 Operativeness / Default / Self-Dismissal Track (Core Hinge)

21.    Ex. 13 — Amended Complaint by Plaintiffs (NDGA Doc. 85)

       Source: Vol. 1, Ex. 13, pp. 234–272

22.    Ex. 19 — Defendant Judge AUSA Response to Amended Complaint

       (NDGA Doc. 116)

       Source: Vol. 1, Ex. 19, pp. 365–385

23.    Ex. 20 — Plaintiffs' Response to AUSA Answer (NDGA Docs. 117)

       Source: Vol. 1, Ex. 20, pp. 386–420

24.    Ex. 21 — Plaintiffs' Motion for Default Judgment (re Doc. 85) (NDGA

Doc. 119)

Source: Vol. 1, Ex. 21, pp. 421–459

25.    Ex. 29 — Order Denying Default (re Doc. 119) (NDGA Doc. 130)

Source: Vol. 2, Ex. 29, pp. 515–519

26.    Ex. 30 — Order: Dismissal (Judge Thrash Dismisses Himself) (NDGA

Doc. 131)

Source: Vol. 2, Ex. 30, pp. 520–526

27.    Ex. 37 — Order: Final Judgment Certified under Rule 54(b) (NDGA

Doc. 138)

Source: Vol. 2, Ex. 37, pp. 577–590

28.    Discovery / Protective Order / Recusal Denials (Selected)

29.    Ex. 14 — Defendants' Motion to Stay Discovery (NDGA Doc. 87)

Source: Vol. 1, Ex. 14, pp. 273–294

30.    Ex. 15 — Defendants' Protective Order Motion (NDGA Doc. 89)

Source: Vol. 1, Ex. 15, pp. 295–313

31.    Ex. 16 — Orders Granting Defendants' Docs. 87 and 89 (NDGA Doc.

95)

Source: Vol. 1, Ex. 16, pp. 314–321

32.    Ex. 17 — Order Denying Recusal (on Doc. 81) (NDGA Doc. 96)

Source: Vol. 1, Ex. 17, pp. 322–329

33.    Ex. 18 — Plaintiffs' Opposition to Orders 95 and 96 (NDGA Doc. 97)

Source: Vol. 1, Ex. 18, pp. 330–364

34.    Jurisdiction / Post-Notice-of-Appeal Orders / Injunction Track

35.    Ex. 39 — Order: After the Appeal—No More Jurisdiction (NDGA Doc.

168)

Source: Vol. 2, Ex. 39, pp. 597–609

36.    Ex. 40 — Defendants' First Summary Judgment During an Appeal

(NDGA Doc. 157)

Source: Vol. 2, Ex. 40, pp. 610–636

37.    Ex. 41 — Plaintiffs' Opposition to Doc. 157 (NDGA Doc. 160)

Source: Vol. 2, Ex. 41, pp. 637–664

38.    Ex. 42 — Plaintiffs' Motion for Judgment on Default (re Doc. 85)

(NDGA Doc. 162)

Source: Vol. 2, Ex. 42, pp. 665–691

39.    Ex. 43 — Order: Second Final Judgment During an Appeal (NDGA Doc.

168)

Source: Vol. 2, Ex. 43, pp. 692–708

40.    Ex. 44 — Final Judgment Entered by Clerk (NDGA Doc. 169)

Source: Vol. 2, Ex. 44, pp. 709–715

41.    Rule 60 / Injunction Gatekeeping / Recusal Tie-In

42.    Ex. 52 — Plaintiffs' Post-Judgment Motion (Rule 60(b)(4)–(6), 60(d)(3))

+ Exhibits (NDGA Doc. 197)

Source: Vol. 3, Ex. 52, pp. 934–1136

43.    Ex. 53 — Defendants' Ex Parte Letter re Injunction Enforcement (NDGA

Doc. 198)

Source: Vol. 3, Ex. 53, pp. 1137–1152

44.    Ex. 54 — Plaintiffs' Supplement to Rule 60 Motion + Proofs of Service

(NDGA Docs. 199, 199-1)

Source: Vol. 3, Ex. 54, pp. 1153–1211

45.    Ex. 56 — Defendants' Motion to Enforce Injunction (NDGA Doc. 206)

Source: Vol. 3, Ex. 56, pp. 1253–1269

46.    Ex. 57 — Plaintiffs' Reply to Doc. 206 (NDGA Doc. 207)

Source: Vol. 3, Ex. 57, pp. 1270–1297

47.    Ex. 58 — Order Denying Rule 60 Filings (NDGA Doc. 208)

Source: Vol. 3, Ex. 58, pp. 1298–1303

48.   Ex. 59 — Notice/Request for Clarification re Recusal and Rule 60

(NDGA Doc. 209)

Source: Vol. 3, Ex. 59, pp. 1304–1315

49.   Ex. 60 — Notice of Motion for Recusal/Reassignment/Judicial

Intervention (NDGA Doc. 210)

Source: Vol. 3, Ex. 60, pp. 1316–1332

50.   Additional Docket/Record Anchors (Optional)

51.   Ex. 64 — Judge Thrash Answer to Jurisdictional Question (17-14866)

Source: Vol. 3, Ex. 64, pp. 1453–1467

52.   Ex. 65 — District Court Docket Sheet (1:17-cv-01181-TWT)

Source: Vol. 3, Ex. 65, pp. 1468–1493

53.   Ex. 68 — Certified CM/ECF Docket Sheet Copy (Court Only) (1:17-cv-

01181-TWT)

Source: Vol. 3, Ex. 68, pp. 1530–1552

54.   Key Excerpts Appendix (New Exhibits)

Petitioners rely on dual, corroborative proof of Tyler Perry's service:

NDGA Doc. 25 and Doc. 88-6, both omitted from the appellate record.

This omission materially prejudiced Petitioners by obscuring valid

service and complicating the Court's assessment of procedural default

and operativeness of the amended complaint.

55.   Note: The following exhibits are not included in the Joint Supplemental

      Appendix (Doc. 10-1) and will be added as a separate Key Excerpts

      Appendix to close critical proof gaps:

56.   Ex. A — NDGA Doc. 25 (Proof of Service to Tyler Perry Corporate

      Entity)

      Source: Key Excerpts Appendix, Ex. A, pp. –

57.   Ex. B — Doc. 88-6 (Registered-Agent Corroboration / Service

      Confirmation)

      Source: Key Excerpts Appendix, Ex. B, pp. –

58.   Ex. C — NDGA Doc. 52 (Defendants' Motion to Quash Service)

      Source: Key Excerpts Appendix, Ex. C, pp. –

59.   Ex. D — Summons Issued on 06/28/2017 (NDGA Doc. 75, Attachments

      1–6)

      Source: Key Excerpts Appendix, Ex. D, pp. –

60.   Ex. E — Summons Issued on 06/29/2017 (NDGA Doc. 77)

      Source: Key Excerpts Appendix, Ex. E, pp. –

61.   Ex. F — Summons Issued on 07/03/2017 (NDGA Doc. 80)

      Source: Key Excerpts Appendix, Ex. F, pp. –

62.   Doc. 85 hinge: Ex. 13 (Doc. 85), Ex. 21 (Doc. 119), Ex. 30 (Doc. 131),

      Ex. 37 (Doc. 138), Ex. 42 (Doc. 162), Ex. 43 (Doc. 168).

Record omission/non-transmission proof: Ex. 4 and Exs. 45–48.

Proofs of service for Doc. 85: Ex. 54 (Docs. 199, 199-1), plus Key

Excerpts Appendix Ex. A (Doc. 25), Ex. B (Doc. 88-6), Ex. C (Doc. 52),

and summons Exs. D, E, F.

Executed on 26th day of December 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## II. CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Eleventh Circuit Rule 32-4, We certify that this petition for panel rehearing and rehearing en banc complies with the applicable type-volume limitation. According to the word-processing system used to prepare this petition, the petition contains 1,356 words, excluding those parts exempted by Federal Rule of Appellate Procedure 32(f). The petition has been prepared in a proportionally spaced typeface (Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 26th day of December.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## III. CERTIFICATE OF SERVICE

We hereby certify that on 12/26/2025, we filed the foregoing Appendix of Proof

Map for Petition for Panel Rehearing and Petition for Rehearing En Banc were

filed via CM/ECF Electronic Mail and as required by the Eleventh Circuit's filing

instructions.

**Respondents Attorneys:**

Pryor Cashman, LLP          Richard Gordon, PC,
Tom J. Ferber,              223 Brookcliff TRC
7 Times Square              Marietta, GA 30068
New York, NY 10036


Executed on 26th day of December 2025.

Respectfully submitted,

Terri Tucker (Lowe)              William James
Address: 1136 Joslin Path        Address: 14920 Ashland Ave
Douglasville, GA 30134           Harvey, Illinois 60426
Phone: 678-822-4593              Phone: 773-990-9373
Email: terrilowe43@gmail.com     Email: bj255758@yahoo.com
Pro Se Plaintiff                 Pro Se Plaintiff