# UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Action No. 25-13325-D

v.

District Court Civil Action No. 1:17-cv-01181-TWT

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Petitioners' Response in Opposition to Appellees' Motion to Reject Further Filings; Motion Misstates Injunction (Doc. 168) And Seeks Relief Beyond Its Scope

---

**PETITIONERS' RESPONSE IN OPPOSITION TO APPELLEES' MOTION TO REJECT FURTHER FILINGS; MOTION MISSTATES INJUNCTION (DOC. 168) AND SEEKS RELIEF BEYOND ITS SCOPE**

---

Appellate Action No. 25-13325-D

## FILING POSTURE

This filing is a response in opposition to Appellees' Motion to Enter an Order

Directing the Clerk to Reject Further Filings From Plaintiffs Absent Advance

Permission From the Court (Doc. 23), filed in Appellate Action No. 25-13325-D.

Petitioners also incorporate this response as a supplemental filing in support of

their Petition for Panel Rehearing (FRAP 40), filed December 27, 2025, and

Petition for Rehearing En Banc (FRAP 35), seeking rehearing of the Eleventh Circuit's Order of the Court dated December 18, 2025 (Doc. 18), dismissing in part and denying in part Petitioners' amended petition for writ of mandamus.

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

**Petitioners:**

1. Terri Lowe (formerly Tucker) – Plaintiff/Petitioner – Individual

2. William James – Plaintiff/Petitioner – Individual

**Petitioners' Related Entities:** 3. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe 4. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

**Respondents:** 5. Tyler Perry – Defendant/Appellee/Respondent – Individual 6. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic corporation, owned/controlled by Tyler Perry 7. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned/controlled by Tyler Perry 8. Oprah Winfrey – Defendant/Appellee/Respondent – Individual 9. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private

corporation; majority owner is Warner Bros. Discovery (NYSE: WBD); Oprah

Winfrey retains minority interest 10. HARPO Productions, Inc. –

Defendant/Appellee/Respondent – domestic corporation, 100% owned by Oprah

Winfrey via Harpo, Inc. 11. Lionsgate Entertainment Corp. –

Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B) 12.

Barbara Hunt – Defendant/Appellee/Respondent – Individual 13. Hon. Thomas W.

Thrash, Jr. – U.S. District Judge, Northern District of Georgia –

Defendant/Appellee/Respondent

**Counsel:** 14. Tom J. Ferber (Pryor Cashman LLP) – Counsel for Tyler Perry,

Tyler Perry Studios, The Tyler Perry Company 15. Richard Gordon, Esq. –

Counsel for Oprah Winfrey, OWN, HARPO, Lionsgate, Barbara Hunt 16.

Matthew A. Boyd (Tucker Ellis LLP) – Counsel for Respondents (appeared Jan.

30, 2026)

**Interested Persons (Non-Parties):** 17. David Zaslav – Chief Executive Officer,

Warner Bros. Discovery – majority owner of OWN

## CORPORATE DISCLOSURE STATEMENT – UNDISCLOSED TRANSACTIONS

Upon information and belief, during the pendency of this action (April 2017–February 2020), Oprah Winfrey and/or Harpo Inc. sold, transferred, or otherwise disposed of ownership interests in OWN or related entities.

**No supplemental Certificate of Interested Persons or corporate disclosure statement reflecting such changes has been filed**, as required by 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1.

Petitioners respectfully request that the Court:

1. Order all Respondents and interested parties to supplement their disclosures immediately;

2. Take judicial notice of any undisclosed transactions for purposes of recusal, conflicts of interest, and proceeding integrity; and

3. Determine whether such undisclosed changes affect the standing or interests of any party in this proceeding.

The undersigned will supplement this certificate as necessary.

**PETITIONERS' RESPONSE IN OPPOSITION TO APPELLEES' MOTION TO REJECT FURTHER FILINGS; MOTION MISSTATES INJUNCTION (DOC. 168) AND SEEKS RELIEF BEYOND ITS SCOPE**

## PETITIONERS' RESPONSE IN OPPOSITION TO APPELLEES' MOTION TO REJECT FURTHER FILINGS; MOTION MISSTATES INJUNCTION (DOC. 168) AND SEEKS RELIEF BEYOND ITS SCOPE

## THRESHOLD REQUEST TO THE CLERK / GATEKEEPING RELIEF IS FRIVOLOUS AND CONTRARY TO THE INJUNCTION'S EXPRESS CARVE-OUT

Petitioners respectfully request that the Clerk and this Court deny and disregard Respondents' request to bar Petitioners from filing further papers. The request is erroneous and frivolous because the very injunction Respondents invoke (Doc. 168) expressly preserves appellate filings—"(other than the pending appeal and any appeal of this Order)"—and therefore cannot be transformed into an appellate gag order. *See Armstrong v. Manzo,* 380 U.S. 545, 552 (1965); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986).

## POST-JUDGMENT PROCEEDINGS ARE EXEMPT FROM THE INJUNCTION

The injunction (Doc. 168) was issued during the pendency of the district court case (August 10, 2018). It addresses filings "in relation to the instant action"—meaning filings in the ongoing district court litigation.

Petitioners' current filings are post-judgment proceedings:

- Rule 60(b)/(d) motions (challenging the judgment based on fraud/misconduct)

- Mandamus petition (appellate remedy)

- Panel rehearing petition (appellate remedy)

U.S. Supreme Court law is unequivocal: An injunction cannot bar a party from seeking post-judgment relief for fraud upon the court or judicial misconduct.

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 246 (1944) ("There is no time limit for setting aside judgments for fraud upon the court"); *Calderon v. Thompson,* 523 U.S. 538, 554 (1998) (litigants retain right to seek post-judgment relief regardless of prior orders or injunctions).

The injunction does not and cannot apply to post-judgment proceedings. Respondents' attempt to weaponize Doc. 168 to bar Petitioners' post-judgment filings is legally baseless.

## JUDGE THRASH HAD NO AUTHORITY TO ISSUE ANY ORDERS—THE INJUNCTION IS VOID, AND RESPONDENTS CANNOT SELECTIVELY ENFORCE IT

Judge Thrash issued the injunction (Doc. 168) while serving as a named defendant, represented by the United States Attorney (Doc. 116). A judge who is a party to litigation has no authority to issue any orders in that case. *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881 (2009); *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 865 (1988).

The injunction is therefore void ab initio in its entirety. It does not matter that the void order contains language permitting appeals; an order issued without judicial authority is void regardless of its content.

Respondents now attempt to selectively enforce this void order: they argue the injunction is valid enough to bar Petitioners from filing (restrictive language), but not valid enough to permit Petitioners to file appeals (permissive carve-out language). This is impermissible cherry-picking. A void order cannot be simultaneously valid and void depending on which party benefits. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (void orders must be treated as void in their entirety).

If Respondents want to argue the injunction is valid, they must accept it in its entirety—including the carve-out that permits appellate filings. If they acknowledge the injunction is void (as the record proves), they cannot selectively enforce its restrictive language while ignoring its permissive language. Respondents cannot have it both ways.

The remedy is not to parse language in a void order; the remedy is to vacate it entirely through mandamus. This Court should grant the mandamus petition and vacate the entire injunction and all orders flowing from Judge Thrash's disqualified proceedings, rather than permit Respondents to use a void order as a selective weapon to silence Petitioners. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

## I. INTRODUCTION

Petitioners oppose Appellees' motion to direct the Clerk to reject further filings (Doc. 23). The motion should be denied because it is unsupported by controlling law, misstates and misattributes the injunction (Doc. 168), ignores the injunction's express appellate carve-out, and seeks overbroad gatekeeping relief that violates due process and the right to petition. Respondents are also in default for failing to answer the operative amended complaint (Doc. 85), cannot rely on a superseded answer (Doc. 33), and cannot resurrect abandoned merits arguments (including res judicata and "vexatious litigant" rhetoric) in this mandamus posture. Finally,

counsel's appearance and filing are untimely and procedurally defective, and

improperly attempt to re-litigate the district court case in the Court of Appeals.

# TABLE OF CONTENTS

Table of Contents

Filing Posture ...................................................................................................1

Certificate of Interested Persons and Corporate Disclosure Statement ...................2

Corporate Disclosure Statement – Undisclosed Transactions ...................................4

Threshold Request to the Clerk / Gatekeeping Relief Is Frivolous and Contrary to the Injunction's Express Carve-Out .......................................................................10

Post-Judgment Proceedings Are Exempt From the Injunction .............................6

Judge Thrash Had No Authority to Issue Any Orders—The Injunction Is Void, and Respondents Cannot Selectively Enforce It .........................................................7

I. Introduction .................................................................................................8

II. Doc. 168 Is Not a Valid Foundation for the Extraordinary Relief Sought ........14

III. Mandamus Is the Proper Vehicle to Correct This Procedural Breakdown .......15

IV. No Post-Hoc Litigation in the Court of Appeals .............................................15

V. Respondents' Motion Is Bereft of Law and Cites No Controlling Authority ....16

Boyd Mischaracterizes the Civil RICO Claim and Ignores the Multiple Predicate Acts Alleged ....................................................................................................17

A. Petitioners Already Debunked Res Judicata and Collateral Estoppel in Rule 60(d) Filings ...................................................................................................17

B. Copyright Infringement Was Only One Predicate Act—Not the Entire Case

..................................................................................................................11

C. Boyd Has Not Addressed the Other Predicate Acts or Claims ..........................18

D. This Is the Pattern: Procedural Manipulation to Obscure the Merits ...............19

E. Respondents Cannot Avoid the Merits Through Procedural Manipulation .......20

VI. The Complete Procedural Collapse: Respondents' Pattern of Defaults and

Evasion ...............................................................................................................21

VII. Judge Thrash's Continuous Party Status Across Four Proceedings: Timeline of

Disqualification ...................................................................................................22

VIII. Doc. 131: The Judge's Own Order Proves His Party Status and Taints All

Subsequent Orders ..............................................................................................24

IX. Respondents' Claim That the Injunction Was "Upheld" Is Fraudulent—The

Appeals Were Fragmented Due to Withheld Documents .....................................25

X. Respondents Knowingly Misrepresent the Judicial Authority for the Injunction

……………………………………………………………………………….26

XI. The Injunction Expressly Permits Appellate Filings Through an Explicit Carve-

Out ......................................................................................................................27

XII. Respondents Seek Relief That Exceeds the Injunction's Scope and Authority

..................................................................................................................28

XIII. The "Vexatious Litigant" Label Lacks Any Legal or Factual Foundation ....29

XIV. The Timing Trap: Boyd's Weaponization of Delay ......................................29

XV. Respondents Never Answered the Operative Complaint and Cannot Use a Superseded Answer as a Substitute ......................................................................31

XVI. Boyd's Appearance Is Untimely, Lacks Legal Basis, and His Motion Is Procedurally Defective ............................................................................................32

A. Boyd Represents Only Tyler Perry Entities—Not All Respondents; Other Defendants Have Not Joined ..................................................................................32

XVII. Conclusion ......................................................................................................36

XVIII. Certificate of Compliance ..........................................................................38

XIX. Certificate of Service ......................................................................................39

# TABLE OF AUTHORITIES

**Case(s)**                                                        **Page(s)**

*Access Now, Inc. v. Southwest Airlines Co.,*

385 F.3d 1324 (11th Cir. 2004) .......................................................................17, 20

*Armstrong v. Manzo,*

380 U.S. 545 (1965) ...........................................................................22, 27, 30, 32

*Booker v. Singletary,*

90 F.3d 440 (11th Cir. 1996) ...................................................17, 18, 22, 31, 34, 37

*Calderon v. Thompson,*

523 U.S. 538 (1998) ..................................................................18, 21, 31, 33, 37

*Caperton v. A.T. Massey Coal Co.,*

556 U.S. 868 (2009) ....................................................................13, 16, 25, 26, 31

*Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,*

561 F.3d 1298 (11th Cir. 2009) ..................................................................24, 36

*Fritz v. Standard Sec. Life Ins. Co.,*

676 F.2d 1356 (11th Cir. 1982) .......................................................................23, 33

*Griggs v. Provident Consumer Discount Co.,*

459 U.S. 56 (1982) ..................................................................................16

| Case(s) | Page(s) |
|---|---|

*Haines v. Kerner,*

404 U.S. 519 (1972) .......................................................................30, 32

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*

322 U.S. 238 (1944) ...........................................18, 21, 27, 29, 31, 32, 37

*Liljeberg v. Health Servs. Acquisition Corp.,*

486 U.S. 847 (1988) .................................................................16, 25, 26

*Moore v. State of Florida,*

703 F.2d 516 (11th Cir. 1983) ....................................................23, 31, 33

*Procup v. Strickland,*

792 F.2d 1069 (11th Cir. 1986) .........................................16, 18, 29, 30, 27

*Singleton v. Wulff,*

428 U.S. 106 (1976) .......................................................................17, 20

*Thompson v. Wooster,*

114 U.S. 104 (1885) .......................................................................24, 36

**Statutes**

18 U.S.C. § 1962(c) ..............................................................................22

28 U.S.C. § 1651(a) .........................................................................22, 37

**Rule(s)**

Fed. R. App. P. 26(b)

Fed. R. App. P. 27(d)(2)

Fed. R. App. P. 32(f)

Fed. R. App. P. 32(g)(1)

Fed. R. App. P. 35

Fed. R. App. P. 40

Fed. R. Civ. P. 15(a)(1)

Fed. R. Civ. P. 55(a)

11th Cir. R. 26.1-1

11th Cir. R. 32-4

## II. DOC. 168 IS NOT A VALID FOUNDATION FOR THE EXTRAORDINARY RELIEF SOUGHT

Respondents' motion collapses at the threshold because it relies on an injunction (Doc. 168) that is itself procedurally defective and constitutionally infirm. An appellate clerk-rejection regime cannot be built on an order entered amid structural defects—including disqualification/conflict, default on the operative pleading, and jurisdictional divestiture during pending appeals. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982); *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009); *Liljeberg v. Health Services Acquisition Corp*., 486 U.S. 847 (1988); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986).

## III. MANDAMUS IS THE PROPER VEHICLE TO CORRECT THIS PROCEDURAL BREAKDOWN

This mandamus proceeding exists to correct actions that were not corrected through ordinary appellate review—particularly where the record presented to the appellate court was incomplete and where structural due process defects infected the proceedings. Respondents cannot evade mandamus review by invoking a defective injunction as a procedural weapon to silence Petitioners rather than answer the mandamus and rehearing issues on the merits. See *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965); *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996).

## IV. NO POST-HOC LITIGATION IN THE COURT OF APPEALS

Respondents abandoned the merits in the district court by failing to answer the operative amended complaint (Doc. 85), failing to cure default, and failing to address the Civil RICO allegations. They cannot now attempt to litigate post-hoc in the Court of Appeals what they did not litigate below, nor can they substitute a gatekeeping motion for a merits response to mandamus and rehearing. See *Singleton v. Wulff,* 428 U.S. 106, 120 (1976); *Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1331–32 (11th Cir. 2004).

## V. RESPONDENTS' MOTION IS BEREFT OF LAW AND CITES NO CONTROLLING AUTHORITY

Respondents' motion cites no controlling U.S. Supreme Court authority, no Eleventh Circuit precedent, and no statutory provision supporting clerk-rejection orders or their claim that Doc. 168 bars appellate filings. The motion does not address the explicit carve-out in Doc. 168 permitting appeals, does not distinguish district court filings from appellate filings, and provides no legal authority for the extraordinary relief sought.

Controlling law prohibits what Respondents request. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (no injunction can bar redress for fraud upon the court); *Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (litigants

retain right to seek post-judgment relief for fraud)*; Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) (injunctions cannot bar access to courts for fraud claims); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (even restrictive injunctions must preserve access for legitimate claims).

Respondents cite none of this authority. Their silence is deafening.

## BOYD MISCHARACTERIZES THE CIVIL RICO CLAIM AND IGNORES THE MULTIPLE PREDICATE ACTS ALLEGED

Boyd's motion repeatedly invokes res judicata and collateral estoppel, claiming Petitioners "failed to prove copyright infringement" in prior cases. This mischaracterization is both factually and legally incorrect.

### A. Petitioners Already Debunked Res Judicata and Collateral Estoppel in Rule 60(d) Filings

Petitioners filed detailed Rule 60(d) motions with supporting evidence and legal analysis demonstrating that the prior copyright cases and the current Civil RICO complaint are **not remotely the same**. They are different in every material way— in claims, legal theories, predicate acts, and relief sought. Boyd does not address or refute this analysis; he simply reasserts the res judicata argument as if Petitioners' detailed rebuttal does not exist.

## B. Copyright Infringement Was Only One Predicate Act—Not the Entire Case

Boyd's argument collapses on a fundamental misreading of the complaint. He argues: "Petitioners failed to prove copyright infringement in prior cases, therefore the RICO claim fails."

This is backwards. Copyright infringement was one predicate act among several alleged in Doc. 85 and Doc. 1. The Civil RICO claim is based on a pattern of racketeering activity, which includes:

- Fraud upon the court

- Abuse of process

- Judicial misconduct

- Default and failure to answer

- Procedural manipulation

- Withholding evidence from appellate review

- Misrepresentation of judicial authority

## C. Boyd Has Not Addressed the Other Predicate Acts or Claims

Doc. 85 and Doc. 1 contain numerous claims and charges beyond copyright infringement. Boyd has not:

Addressed the fraud upon the court allegations

Addressed the judicial misconduct allegations

Addressed the abuse of process allegations

Addressed the default and failure-to-answer allegations

Addressed the record-withholding allegations

Addressed any of the non-copyright predicate acts

Instead, Boyd cherry-picks one failed copyright claim from prior litigation and uses it as a cudgel to dismiss the entire RICO complaint—which is based on a pattern of racketeering conduct, not on copyright infringement alone. A party cannot selectively respond to only one claim while ignoring others; doing so constitutes a waiver or abandonment of the merits. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) (parties cannot abandon arguments at the district court level and resurrect them on appeal); Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331–32 (11th Cir. 2004) (failure to address claims constitutes waiver).

## D. This Is the Pattern: Procedural Manipulation to Obscure the Merits

This is precisely what has happened throughout this case. Respondents:

Default on the operative complaint (Doc. 85) instead of answering on the merits

Invoke procedural rules (res judicata, collateral estoppel, filing injunctions) to avoid substantive engagement.

Muddy the waters with mischaracterizations (e.g., "this is a copyright case") to obscure the actual claims.

Use threats and procedural gamesmanship (filing injunctions, default tactics, late appearances) to distract from the substance.

Cause so much procedural muck that the Court and parties lose sight of what the case is actually about.

Boyd's motion is the latest iteration of this pattern. He does not defend the merits; he does not address the predicate acts; he does not engage with Petitioners' detailed Rule 60(d) analysis. Instead, he invokes a mischaracterization of a prior case and seeks a procedural gag order. *Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (parties cannot abandon substantive arguments and resurrect them through procedural tactics); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 246 (1944) (courts must not be complicit in procedural gamesmanship designed to shield fraud or misconduct).

## E. Respondents Cannot Avoid the Merits Through Procedural Manipulation

Mandamus exists precisely to correct this kind of structural breakdown—where procedural manipulation, defaults, and judicial misconduct have prevented

meaningful review of the actual claims. 28 U.S.C. § 1651(a); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (mandamus is an independent appellate remedy designed to correct extraordinary writs and procedural defects); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (due process requires meaningful opportunity to be heard and access to courts).

Petitioners are not trying to relitigate copyright infringement. They are seeking redress for a pattern of racketeering conduct designed to prevent them from obtaining a fair hearing on the merits. 18 U.S.C. § 1962(c) (civil RICO prohibits conducting an enterprise through a pattern of racketeering activity); *Booker v. Singletary,* 90 F.3d 440, 442 (11th Cir. 1996) (litigants have right to meaningful access to courts to pursue legitimate claims).

Boyd's motion should be rejected as yet another attempt to substitute procedural gatekeeping for substantive argument.

## VI. THE COMPLETE PROCEDURAL COLLAPSE: RESPONDENTS' PATTERN OF DEFAULTS AND EVASION

he record shows a repeated pattern of default and evasion that Respondents now try to paper over with Doc. 23:

First default (Docs. 41, 47): Petitioners sought default after Respondents failed to answer the original complaint.

Escape via quash: Respondents obtained relief through a motion to quash service, avoiding a merits response.

Second default (Doc. 85): Petitioners filed the operative amended complaint (Doc. 85) as of right under Rule 15(a)(1). Respondents never answered Doc. 85, triggering default. Fed. R. Civ. P. 55(a); *Moore v. State of Florida*, 703 F.2d 516, 520 (11th Cir. 1983*); Fritz v. Standard Sec. Life Ins. Co*., 676 F.2d 1356, 1358 (11th Cir. 1982).

Third default (post-judgment): Petitioners filed Rule 60(b)/(d) motions alleging fraud upon the court; Respondents again failed to respond within the required time.

Late appearance / omnibus posture: Counsel (Boyd) appeared on January 30, 2026, long after the mandamus petition (Sept. 24, 2025) and after the rehearing petition (Dec. 27, 2025), without any showing of good cause or excusable neglect. Fed. R. App. P. 26(b).

Legal consequence

A party in default cannot participate on the merits unless the default is set aside. *Thompson v. Wooster*, 114 U.S. 104, 111 (1885); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009). Respondents have

never moved to set aside these defaults; they therefore lack standing to oppose Petitioners' filings or seek gatekeeping relief in this mandamus posture.

## VII. JUDGE THRASH'S CONTINUOUS PARTY STATUS ACROSS FOUR PROCEEDINGS: TIMELINE OF DISQUALIFICATION

Judge Thomas W. Thrash, Jr. was a named party across five proceedings (2017–2019) while continuing to issue district court orders—a structural due process violation.

**Timeline:**

**District Court (1:17-CV-01181-TWT):** Named defendant; AUSA (Lori M. Beranek) represented him (Doc. 116).

**11th Cir. Appeal 17-14866**: Appellee; decision Dec. 20, 2018; rehearing denied Feb. 14, 2019.

**11th Cir. Appeal 18-13553:** Appellee/respondent; decision Aug. 12, 2019.

**SCOTUS Docket 18-1557:** Respondent; represented by Solicitor General Noel John Francisco; petition denied Oct. 7, 2019.

**SCOTUS Docket 19-390:** Respondent; represented by Solicitor General; petition denied Nov. 18, 2019.

Throughout this period, Judge Thrash issued district court orders—including the injunction (Doc. 168, Aug. 10, 2018)—while simultaneously defending himself as

a named party in two appellate courts and the Supreme Court. He was never relieved, recused, or removed.

At what point can a judge issue valid orders under these circumstances? Never. A judge who is a named party in active litigation cannot simultaneously issue orders in that case. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009); *Liljeberg v. Health Services Acquisition Corp*., 486 U.S. 847, 865 (1988). Orders issued by a disqualified judge are void ab initio. Respondents cannot build appellate relief on a void foundation.

## VIII. DOC. 131: THE JUDGE'S OWN ORDER PROVES HIS PARTY STATUS AND TAINTS ALL SUBSEQUENT ORDERS

Judge Thomas W. Thrash, Jr. was a named party across five proceedings (2017–2019) while continuing to issue district court orders—a structural due process violation.

**Timeline:**

**District Court (1:17-CV-01181-TWT):** Named defendant; AUSA (Lori M. Beranek) represented him (Doc. 116).

**11th Cir. Appeal 17-14866:** Appellee; decision Dec. 20, 2018; rehearing denied Feb. 14, 2019.

**11th Cir. Appeal 18-13553:** Appellee/respondent; decision Aug. 12, 2019.

**SCOTUS Docket 18-1557:** Respondent; represented by Solicitor General Noel John Francisco; petition denied Oct. 7, 2019.

**SCOTUS Docket 19-390:** Respondent; represented by Solicitor General; petition denied Nov. 18, 2019.

Throughout this period, Judge Thrash issued district court orders—including the injunction (Doc. 168, Aug. 10, 2018)—while simultaneously defending himself as a named party in two appellate courts and the Supreme Court. He was never relieved, recused, or removed.

At what point can a judge issue valid orders under these circumstances? Never. A judge who is a named party in active litigation cannot simultaneously issue orders in that case. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988). Orders issued by a disqualified judge are void ab initio. Respondents cannot build appellate relief on a void foundation.

## IX. RESPONDENTS' CLAIM THAT THE INJUNCTION WAS "UPHELD" IS FRAUDULENT—THE APPEALS WERE FRAGMENTED DUE TO WITHHELD DOCUMENTS

Respondents claim the injunction (Doc. 168) was "upheld" in related appeals (17-14866, 18-13553). This is false. The appellate courts never reviewed the full record because Respondents deliberately withheld critical documents:

- Doc. 85 (operative amended complaint)
- Doc. 31 and Doc. 42 (judge-by-name motions)
- Service motions and supporting evidence

By fragmenting the appellate record, Respondents prevented appellate review of the injunction's validity, Judge Thrash's conflict, and procedural defects. The appellate courts did not "uphold" the injunction on the merits; they reviewed a deliberately incomplete record.

Respondents cannot claim appellate validation for an injunction never fully reviewed. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (due process requires complete record); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 246 (1944) (fraud upon the court includes withholding evidence from appellate review).

## X. RESPONDENTS KNOWINGLY MISREPRESENT THE JUDICIAL AUTHORITY FOR THE INJUNCTION

Respondents cite Doc. 168 as "1:17-CV-1181-RWS"—attributing it to Judge Richard W. Story (RWS). However, Doc. 168 is signed by Judge Thomas W.

Thrash, Jr., dated August 10, 2018. Judge Story was reassigned June 22, 2017—over one year before Doc. 168 was issued. By August 2018, Judge Story had no authority over this case.

This is not inadvertent. Respondents quote Doc. 168 verbatim, rely on its authority, yet attribute it to the wrong judge while ignoring the actual signature block. This is a knowing misrepresentation of judicial authority.

This reflects a pattern of defense counsel misconduct. Tom Ferber (Pryor Cashman) previously engaged in identical misattribution tactics. Now Matthew Alden Boyd (Tucker Ellis LLP) continues the same pattern—citing the wrong judge while quoting the injunction. Two law firms. Same lies. Same strategy to obscure the record and shield judicial misconduct.

## XI. THE INJUNCTION EXPRESSLY PERMITS APPELLATE FILINGS THROUGH AN EXPLICIT CARVE-OUT

Doc. 168 states: "Plaintiffs are enjoined from filing any further pleading, motion, or other paper in relation to the instant action (other than the pending appeal and any appeal of this Order) . . . without obtaining the express written permission of the undersigned."

The carve-out is unambiguous and self-executing. It explicitly permits:

"the pending appeal"—appeals of the district court judgment

"any appeal of this Order"—appeals of the injunction itself

No interpretation required; no permission needed. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 246 (1944); *Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir. 1986).

Petitioners' filings—mandamus petition (9/24/2025), panel rehearing petition (12/27/2025), rehearing en banc (Doc. 21)—are all appellate filings in the Eleventh Circuit. None are district court filings "in relation to the instant action." All fall squarely within the carve-out.

## XII. RESPONDENTS SEEK RELIEF THAT EXCEEDS THE INJUNCTION'S SCOPE AND AUTHORITY

Respondents' reading of Doc. 168 would require district court permission before any appellate filing—contradicting the explicit carve-out and imposing improper appellate gatekeeping. This violates the constitutional right to petition. U.S. Const. amend. I; *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Haines v. Kerner*, 404 U.S. 519, 527 (1972).

Judge Thrash's injunction expressly preserves appellate access through the carve-out. Respondents seek to rewrite it to accomplish what its plain language forbids.

Respondents request a clerk-rejection order directing the Clerk to reject filings unless advance permission is granted. This relief exceeds the 2018 injunction's scope, attempts appellate gatekeeping Judge Thrash never authorized, and transforms a district-court restriction into a blanket appellate gag order. *Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir. 1986) (even restrictive injunctions must preserve access for legitimate claims).

## XIII. THE "VEXATIOUS LITIGANT" LABEL LACKS ANY LEGAL OR FACTUAL FOUNDATION

Respondents' "vexatious litigant" rhetoric is not a legal finding. The record contains no Rule 11 motion, no Rule 11 sanctions, and no formal judicial determination of bad faith or abusive litigation conduct. Labels without a supporting finding are insufficient. *Moore v. State of Florida*, 703 F.2d 516, 520 (11th Cir. 1983); *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996).

In contrast, the record reflects Respondents' own pattern of procedural abuse and evasion: repeated defaults (including failure to answer Doc. 85), untimely post-hoc participation, and reliance on a conflicted judge and incomplete record to avoid merits review. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009).

Petitioners' filings are legally protected efforts to obtain redress for fraud upon the court and related structural defects. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*

322 U.S. 238, 246 (1944); *Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Petitioners cannot be deemed "vexatious" for invoking controlling law and seeking meaningful review.

## XIV. THE TIMING TRAP: BOYD'S WEAPONIZATION OF DELAY

### A. Boyd Misrepresents the Timeline to Create Prejudice

Respondents attempt to weaponize the timeline, implying that Petitioners' filings in 2025 are somehow untimely or dilatory. This narrative is false and designed to prejudice the Court.

### B. The Real Reason for the 2025 Filing: Incomplete Appellate Record

Petitioners could not file Rule 60(b) and 60(d) motions until they discovered the omission of critical documents from the appellate record. This discovery occurred when Petitioners reviewed the PACER transmission list while preparing their Rule 60(b) filings in 2025.

### C. Key documents withheld from the appellate record:

Doc. 85 (operative amended complaint establishing Respondents' default)

Doc. 86-6 and Doc. 88 (Notice of Filings Exhibits for Doc. 85)

Doc. 31 (motion for judge by name)

Doc. 42 (objection to transfer to judge by name)

Doc. 117 (Opposition to Judge Motion to dismiss filed by AUSA)

Service motions and supporting evidence

Respondents deliberately concealed these documents from appellate review, depriving the Eleventh Circuit of the full and accurate record necessary for meaningful review. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (due process requires complete record for appellate review); *Haines v. Kerner*, 404 U.S. 519, 527 (1972) (litigants have right to be heard on complete record).

### D. Fraud Upon the Court Has No Statute of Limitations

Fraud upon the court is not time-barred. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) ("There is no time limit for setting aside judgments for fraud upon the court. The integrity of the judicial process must be preserved."); *Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (no time limit for seeking relief for fraud upon the court).

Petitioners' discovery of the record omission in 2025 is not delay—it is the moment when Petitioners first became aware of the fraud. Boyd's attempt to weaponize this timeline is an effort to shield judicial and party misconduct from review.

## XV. RESPONDENTS NEVER ANSWERED THE OPERATIVE COMPLAINT AND CANNOT USE A SUPERSEDED ANSWER AS A SUBSTITUTE

Doc. 33 is an answer to the original complaint, not the operative amended complaint (Doc. 85). Once Doc. 85 was filed, the original complaint was superseded. Fed. R. Civ. P. 15(a)(1); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).

Respondents never filed an answer or responsive pleading to Doc. 85. Under controlling law, failure to answer an amended complaint triggers default by operation of law. *Moore v. State of Florida*, 703 F.2d 516, 520 (11th Cir. 1983).

Respondents label Petitioners' appellate filings as "legal nullities," but the actual procedural defect is reversed: Doc. 33 is not responsive to the operative pleading (Doc. 85). Respondents attempt to use an answer to a superseded complaint as a substitute for answering the operative complaint—while accusing Petitioners of filing "nullities." This rhetorical inversion is misleading.

Respondents abandoned the merits entirely: no answer to Doc. 85, no summary judgment response, no engagement with Civil RICO allegations. Now Boyd attempts to argue everything post-hoc in the appellate court. *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) (parties cannot abandon arguments at district court level and resurrect them on appeal). Respondents' post-hoc briefing is procedurally improper and substantively barred.

## XVI. BOYD'S APPEARANCE IS UNTIMELY, LACKS LEGAL BASIS, AND HIS MOTION IS PROCEDURALLY DEFECTIVE

**A**. **Boyd Represents Only Tyler Perry Entities—Not All Respondents; Other Defendants Have Not Joined**

Matthew Alden Boyd's appearance (Doc. 22) identifies him as counsel for Respondents. However, his actual representation is limited: he represents only Tyler Perry, Tyler Perry Studios, LLC, and The Tyler Perry Company, Inc.

Boyd does not represent:

- Oprah Winfrey

- Oprah Winfrey Network (OWN)

- HARPO Productions, Inc.

- Lionsgate Entertainment Corp.

- Barbara Hunt

- Judge Thomas W. Thrash, Jr.

**Critically, no other Respondent has joined Boyd's motion or filed a separate response.** This means:

1. The motion speaks only for Tyler Perry entities, not for all Respondents.

2. Other Respondents—including Oprah Winfrey, OWN, HARPO, and Lionsgate—have declined to participate, suggesting they do not view Petitioners' filings as frivolous or in violation of the injunction.

3. Boyd's motion cannot bind or affect Respondents he does not represent. Any relief granted based on his arguments would improperly extend to parties who have not briefed the issue.

4. Boyd's motion lacks substance on the merits. He does not argue that Petitioners' mandamus or rehearing petitions are legally deficient; he does not defend the district court's judgment; he does not address the Civil RICO allegations. He simply invokes the injunction and seeks a procedural gag order.

To the extent Boyd's motion has any effect, it is limited to Tyler Perry entities. It cannot and should not restrict Petitioners' appellate access based on the views of a single counsel representing a subset of Respondents.

**B. Boyd appeared January 30, 2026—over four months after the mandamus petition (9/24/2025) and over one month after the rehearing petition (12/27/2025)**

Under Eleventh Circuit rules, counsel must appear within 14 days and file a Corporate Disclosure Statement within 28 days. Boyd provided no explanation of good cause or excusable neglect. Fed. R. App. P. 26(b).

Boyd's late appearance compounds Respondents' existing defaults (failure to answer Doc. 85, failure to respond to Rule 60(b)/(d) motions). A defaulted party cannot suddenly appear in the appellate court and begin briefing. Thompson v. Wooster, 114 U.S. 104, 111 (1885); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009). Boyd's appearance does not cure these defaults; it compounds them.

Boyd's motion is procedurally defective. Doc. 23 does not clearly identify what it opposes, does not clarify the procedural posture, does not cite applicable legal standards, and does not address the merits of mandamus or rehearing. Instead, it attempts to re-litigate the district court case in the appellate court—invoking Doc. 168, accusing Petitioners of violating it, and seeking to resurrect the district court's gatekeeping regime. 28 U.S.C. § 1651(a); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (mandamus is independent remedy); Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) (parties cannot resurrect abandoned arguments on appeal).

Boyd's motion lacks substance because Respondents abandoned the merits at every stage: no answer to Doc. 85, no summary judgment response, no engagement with Civil RICO allegations. Now Boyd seeks to silence Petitioners through gatekeeping rather than address the substance. *Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (parties cannot abandon substantive arguments and resurrect them through procedural tactics); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 246 (1944) (courts must not be complicit in procedural gamesmanship to shield fraud).

Boyd's request for a clerk-rejection order violates Petitioners' constitutional right to petition for redress. U.S. Const. amend. I; *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir. 1986).

If Boyd wishes to represent Respondents, he must first move to set aside their defaults in the district court. Until then, Respondents lack standing to participate in this mandamus proceeding.

## XVII. CONCLUSION

**For the foregoing reasons, Petitioners respectfully request that the Court: Deny Respondents' Motion to Enter an Order Directing the Clerk to Reject Further Filings;**

For the foregoing reasons, Petitioners respectfully request that the Court:

Strike or reject Doc. 23 as procedurally defective, untimely, and filed by counsel appearing on behalf of defaulted parties without authority;

Reject Respondents' request for a clerk-rejection/gatekeeping order;

Decline to strike or reject Petitioners' Docs. 19–21;

Recognize that Petitioners' filings are proper, necessary, and protected by law, including the U.S. Constitution, Supreme Court, and Eleventh Circuit precedent;

Hold that Respondents, being in default, lack standing to participate in this mandamus proceeding unless and until their defaults are set aside in the district court;

Take judicial notice of the true procedural history: the default pattern, Judge Thrash's conflict of interest, the incomplete appellate record, Respondents' abandonment of the merits, and Boyd's untimely appearance;

Address the merits of Petitioners' mandamus petition and panel rehearing petition, rather than permitting Respondents to use procedural gatekeeping as a substitute for substantive argument; and

Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## XVIII. CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and 11th Cir. R. 32-4, I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2). According to the word-processing system used to prepare this document, it contains 4,740 words, excluding the parts exempted by Fed. R. App. P. 32(f). This document was prepared in a proportionally spaced typeface (Times New Roman, 14-point) with double spacing and 1-inch margins.

Dated: On the 30th day of January.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

# XIX. CERTIFICATE OF SERVICE

We certify that on January 30, 2026, we served the foregoing Petitioners'
Response in Opposition to Appellees' Motion (Doc. 23) by filing it through the
Court's CM/ECF system, which provides electronic service on registered counsel.
We also served copies by U.S. Mail as follows:

**Respondents Attorneys:**

| | | |
|---|---|---|
| Clerk of the Court | Pryor Cashman, LLP | Richard Gordon, PC |
| Judge Thomas W. | Tom J. Ferber | 223 Brookcliff TRC |
| Thrash, Jr | 7 Times Square | Marietta, GA 30068 |
| Northern District Court of | New York, NY 10036 | |
| Georgia (NDGA) | | |
| Atlanta Division | | |
| 75 Ted Turner Dr. SW | | |
| Floor 22 | | |
| Atlanta, GA 30303 | | |

Matthew A. Boyd
TUCKER ELLIS LLP
3344 Peachtree Street NE, Suite 1050
Atlanta, GA 30326
 Phone: (404) 678-6365
Fax: (404) 678-6380
Email:
Matthew.Boyd@tuckerellis.com

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff