In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13325
_____

In re: WILLIAM JAMES,
TERRI V. TUCKER,

*Petitioners.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Georgia
D.C. Docket No. 1:17-cv-01181-TWT
_____

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

BY THE COURT:

2                              Order of the Court                        25-13325

William James and Terri Lowe (collectively, "Petitioners"),[1] proceeding pro se, move for reconsideration of our order dismissing in part and denying in part their amended mandamus petition. They have also filed motions to take judicial notice, to supplement the record before us, and for sanctions.

Petitioners' amended mandamus petition concerned a civil case they filed in the U.S. District Court for the Northern District of Georgia.  In their petition, which they supplemented several times, they asked us to: (1) take judicial notice of the full procedural history; (2) direct the district court to transmit the complete record; (3) consolidate their then-pending appeals into the petition; (4) order the recusal of District Judge Thomas W. Thrash and re-assign the case; (5) enter summary judgment in their favor; (6) enter default and default judgment in their favor; (7) vacate all orders in the district court after the amended complaint was filed; (8) enforce "appropriate" judgments; (9) preserve and adjudicate all issues and relief they have previously sought; (10) issue a remand to consider the merits of their amended complaint; (11) recognize the district court was without jurisdiction to issue certain orders; and (12) hold that a filing injunction order entered against them in district court was unlawful.

As to the merits of Petitioners' amended petition, we denied as unnecessary the requests to take judicial notice of the full

---

[1] Various filings refer to Terri Lowe as "Terri Tucker," but in Petitioners' amended petition before us, they request that she "be recognized as Terri Lowe."

procedural history and scope and to order the district court to transmit the complete record. We denied as moot their request to consolidate their prior appeals into the mandamus petition because neither appeal was still pending. We held that the Petitioners had the adequate alternative remedy of challenging the filing injunction against them on appeal. We also held that the recusal issue was arguably moot, but that the Petitioners had the adequate alternative remedy of raising the issue in their two prior appeals. We held that the following requests were outside of the limited mandamus power, and, thus, not cognizable in mandamus: (1) enter summary judgment in their favor; (2) order entry of default and default judgment in their favor; (3) vacate all orders docketed after the amended complaint was filed; and (4) enforce all "appropriate" judgments. Finally, as to the remaining requests—(1) preserve and adjudicate all issues and relief previously sought; (2) issue a remand directing the district court to consider the merits of the amended complaint; and (3) recognize that the district court was divested of jurisdiction while the appeals and mandamus petition were pending—we held that these requests were essentially seeking appellate review, and the Petitioners had the adequate alternatively remedy of appealing these issues.

A party seeking rehearing or reconsideration must specifically allege any point of law or fact that this Court overlooked or misapprehended. Fed. R. App. P. 40(a)(2). In the district court context, this Court has held that "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted).

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks omitted). The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). "[A] writ of mandamus may issue only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Smith*, 926 F.2d 1027, 1030 (11th Cir. 1991) (citation omitted).

A litigant is entitled to appeal from all final decisions of a district court to a court of appeals. 28 U.S.C. § 1291. An appeal from a final judgment brings up all preceding non-final orders. *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation omitted).

The Supreme Court has explained that federal courts have inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Among these inherent powers is the ability to vacate its own judgment when there is proof that a fraud has been perpetrated upon the court.  *Id.* at 44.

Here, as an initial matter, Petitioners have filed three motions before us in this proceeding that may be disposed of before consideration of the motion for reconsideration.  First, we **GRANT** the motion to take judicial notice, but only to the extent that we acknowledge the existence of these other proceedings involving Petitioners.  Second, we **GRANT** the motion to supplement the record, in that we have considered the whole record including those filings referenced in the motion to supplement.  Finally, we **DENY** the motion for sanctions as Respondents are not required to appear and answer in this mandamus proceeding, and the Rule 26 provisions that Petitioners cite do not support the imposition of sanctions here.

As for the motion for reconsideration, we construe it as such, even though it is styled as a "petition for panel rehearing and petition for rehearing en banc."  Petitioners' argument on reconsideration largely centers around that we failed to consider their proofs of service and the amended complaint as the operative complaint, and that, by stating that these records were unnecessary for its determination, we erred.  However, Petitioners advanced these arguments to us in both direct appeals.  As such, we correctly concluded in our order that the supplemental records were not required because we did not misapprehend that Plaintiffs previously had the opportunity to raise these arguments.  The mandamus

petition was not the proper vehicle to relitigate their arguments from their appeals, and this especially is true for a motion for reconsideration.

As to their argument that mandamus "is proper when ordinary remedies fail," their citation to *Chambers* is inapposite where, again, Petitioners had the opportunity to litigate this issue in their prior appeals.

Finally, with respect to their arguments that we overlooked the judicial conflict of interest and failed to address the jurisdictional arguments as related to the "disqualified judge" entering orders, these arguments are without merit. We did address the same in stating that Petitioners had the adequate alternative remedy of raising these arguments in their prior appeals, which, in fact, they did.

Accordingly, Petitioners have not identified any point of law or fact that we overlooked or misapprehended. We **DENY** Petitioners' reconsideration motion.