# UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Appellate Action No. 25-13325-D

District Court Civil Action No. 1:17-cv-01181-TWT

Petitioners Joint Notice of Mandatory Distribution of Frap 35/40 Petition for Rehearing En Banc, Constitutional Violation, and Demand for Tolling of Certiorari Period Pending Full Court Adjudication

---

## PETITIONERS JOINT NOTICE OF MANDATORY DISTRIBUTION OF FRAP 35/40 PETITION FOR REHEARING EN BANC, CONSTITUTIONAL VIOLATION, AND DEMAND FOR TOLLING OF CERTIORARI PERIOD PENDING FULL COURT ADJUDICATION

---

Appellate Action No. 25-13325-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          1

Pursuant to 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

**Petitioners:**

1. Terri Lowe (formerly Tucker) – Plaintiff/Petitioners – Individual

2. William James – Plaintiff/Petitioners – Individual

**Petitioners' Related Entities:**

3. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe

4. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

5. Terri V. Lowe – Private corporation – Owned by Terri Lowe

**Respondents:**

6. Tyler Perry – Defendant/Appellee/Respondent – Individual

7. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic recently Owner of BET sold 25% not reported on recent CIP March 2026, corporation, owned/controlled by Tyler Perry

8. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned/controlled by Tyler Perry

9. Oprah Winfrey – Defendant/Appellee/Respondent – Individual

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          2

10. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private corporation; majority owner is Warner Bros. Discovery (NYSE: WBD); Oprah Winfrey retains minority interest

11. HARPO Productions, Inc. – Defendant/Appellee/Respondent – domestic corporation, 100% owned by Oprah Winfrey via Harpo, Inc.

12. Lionsgate Entertainment Corp. – Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B)

13. Barbara Hunt – Defendant/Appellee/Respondent – Individual

14. Hon. Thomas W. Thrash, Jr. – U.S. District Judge, Northern District of Georgia – Defendant/Appellee/Respondent

**Counsel:**

15. Tom J. Ferber (Pryor Cashman LLP) – Counsel for Tyler Perry, Tyler Perry Studios, The Tyler Perry Company

16. Richard Gordon, Esq. – Counsel for Oprah Winfrey, OWN, HARPO, Lionsgate, Barbara Hunt

17. Matthew A. Boyd (Tucker Ellis LLP) – Counsel for Respondents (appeared Jan. 30, 2026)

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          3

**Interested Persons (Non-Parties):**

18. David Zaslav – Chief Executive Officer, Warner Bros. Discovery – majority owner of OWN

Pursuant to 11th Cir. R. 26.1-1 through 26.1-5 and Fed. R. App. P. 26.1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

**DISCLOSURE DEFICIENCIES AND RULE VIOLATIONS**

**Upon information and belief and based on the record:**

**Tyler Perry-Related Entities:** Tyler Perry Studios, LLC, and The Tyler Perry Company, Inc. failed to file or supplement their certificates of interested persons to reflect material changes in ownership and control. Specifically, Tyler Perry Studios recently sold 25% interest in BET+ and did not report this transaction on the most recent Certificate of Interested Persons filed in February 2026, as required by 11th Cir. R. 26.1-5.

**Oprah Winfrey-Related Entities:** Oprah Winfrey Network (OWN) and HARPO Productions, Inc. failed to file supplemental disclosure statements reflecting changes in ownership structure and control during the pendency of this action (April 2017–present). No supplemental certificates reflecting such changes have been filed, as required by 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication   4

**Remaining Respondents:** Barbara Hunt, Lionsgate Entertainment Corp., and other respondent entities likewise failed to file complete, current, and supplemental certificates of interested persons sufficient to permit conflict screening and preserve proceeding integrity.

**VALUE AND CONSEQUENCE OF DISCLOSURE FAILURES**

**These omissions are not technical. Rule 26.1 and 11th Cir. R. 26.1-5 exist to:**

**Enable conflict screening and recusal analysis**

Preserve the appearance and reality of impartial adjudication. Ensure the Court and parties can identify undisclosed relationships that might affect the proceeding.

**Maintain public confidence in the judiciary**

When respondents fail to disclose material ownership changes, ownership transfers, and control shifts, the Court cannot perform its institutional duty to screen for conflicts. This is especially critical in a case already marked by allegations of judicial disqualification, tribunal conflict, and procedural distortion.

**PETITIONERS' REQUEST**

**Petitioners respectfully request that the Court:**

- Order all Respondents and interested parties to file complete, accurate, and supplemental certificates of interested persons immediately;

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          5

- Take judicial notice of any undisclosed transactions and ownership changes for purposes of recusal, conflict screening, and proceeding integrity;

- Determine whether such undisclosed changes affect standing, interests, or the validity of prior orders in this proceeding.

The undersigned will supplement this certificate as necessary.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          6

**PETITIONERS JOINT NOTICE OF MANDATORY DISTRIBUTION OF FRAP 35/40 PETITION FOR REHEARING EN BANC, CONSTITUTIONAL VIOLATION, AND DEMAND FOR TOLLING OF CERTIORARI PERIOD PENDING FULL COURT ADJUDICATION**

**To the Clerk of Court, the Active Judges of the Court**

Petitioners Terri Lowe and William James respectfully submit this Notice to establish that:

1. Document 21 is a timely filed petition on December 27, 2025, for panel rehearing and rehearing en banc under FRAP 35 and FRAP 40, expressly styled and invoked as such;

2. The March 31, 2026, Order Document 28 improperly recharacterized Document 21 as a *"motion for reconsideration,"* thereby preventing mandatory distribution to the full Court;

3. No rule, statute, or lawful inherent authority permits a three-judge panel to recharacterize a FRAP 35/40 petition to bypass the mandatory *"shall"* commands of the Federal Rules of Appellate Procedure;

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication     7

4.  The recharacterization violates the Fifth and Fourteenth Amendments by denying Petitioners the right to be heard by a fair and impartial tribunal and depriving them of due process of law;

5.  The recharacterization constitutes a procedural violation that creates a jurisdictional vacuum affecting the finality of orders and the tolling of certiorari deadlines;

6.  Petitioners do not waive, accept, or consent to this recharacterization and expressly preserve all rights to full Court review; and

7.  Petitioners demand mandatory distribution of Document 21 to all active judges, tolling of the 90-day certiorari period, and immediate notice to the Supreme Court of this constitutional and procedural defect.

## I. DOCUMENT 21 IS EXPRESSLY A FRAP 35/40 PETITION

Document 21 was filed on December 27, 2025, and titled *"Petition for Panel Rehearing and Petition for Rehearing En Banc."* The filing expressly invoked Fed. R. App. P. 35 and Fed. R. App. P. 40, identified specific misapprehensions in the Court's December 18, 2025, Order, and requested both panel rehearing and rehearing en banc.

The March 31, 2026, Order acknowledged this form, stating that the Court would treat the filing "even though it is styled as a *'petition for panel rehearing and*

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication                8

*petition for rehearing en banc.'"* The Court thus admitted knowledge of the filing's actual form and nevertheless chose to relabel it.

## II. FRAP 35 AND FRAP 40 CONTAIN MANDATORY "SHALL" COMMANDS THAT ADMIT NO DISCRETION

**Fed. R. App. P. 35(a)** provides:

*"A party may petition for panel rehearing. Unless a local rule or order of the court provides otherwise, a petition for rehearing may be filed within 14 days after entry of judgment. But in no event may a petition be filed after 45 days after entry of judgment."*

**Fed. R. App. P. 35(e)** provides:

*"If a petition for panel rehearing is granted, the panel shall do one or more of the following: vacate and rehear the case; vacate, rehear, and enter a new judgment; or enter a new judgment."*

**Fed. R. App. P. 35(f)** provides:

*"In all cases, a petition for rehearing en banc shall be distributed to all active judges of the court. An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) a proceeding involves a question of exceptional importance."*

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication                9

The word *"shall"* is mandatory. It admits no discretion, no exception, and no authority for a three-judge panel to bypass the distribution requirement by recharacterizing the filing.

## III. NO RULE, STATUTE, OR LAWFUL INHERENT AUTHORITY PERMITS RECHARACTERIZATION OF A FRAP 35/40 PETITION

### A. The Federal Rules of Appellate Procedure Govern

**Fed. R. App. P. 1(a)(1)** provides:

> *"These rules govern procedure in the United States courts of appeals."*

**Fed. R. App. P. 21** governs mandamus proceedings. **Fed. R. App. P. 35 and 40** govern petitions for panel rehearing and rehearing en banc. There is no rule, statute, or authority that permits a court to recharacterize an expressly filed FRAP 35/40 petition into a different procedural vehicle.

### B. Chambers v. NASCO Does Not Authorize Departure from Mandatory Rules

The March 31 Order cited *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), for the proposition that federal courts possess inherent powers *"governed not by rule or statute."* But *Chambers* itself clarifies that inherent authority exists only within the framework of governing law, not to displace it.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          10

*Chambers*, 501 U.S. at 43, states:

> *"Inherent powers are those which, in the absence of governing statutory or rule provisions, are necessary in the exercise of all other powers duly granted."*

The operative language is "in the absence of governing statutory or rule provisions." FRAP 35 and FRAP 40 are not absent. They are clear, mandatory, and controlling. Therefore, *Chambers* does not authorize departure from them. See also *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("The Court has long recognized that, in addition to the powers granted by statute and rules, courts have certain inherent powers, but these inherent powers must be exercised consistent with the Constitution and applicable laws.").

## C. A Panel Cannot Unilaterally Recharacterize a Filing to Avoid Mandatory Procedural Consequences

A court may construe an ambiguous filing according to substance, but it cannot knowingly recast an unambiguous FRAP 35/40 petition into a different procedural vehicle to avoid the mandatory consequences of those rules.

**To permit such recharacterization would:**

1. Nullify the mandatory "shall" commands of FRAP 35 and 40;

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          11

2. Grant a three-judge panel authority it does not possess under the Federal Rules of Appellate Procedure;

3. Create a procedural vacuum in which a timely filed petition for rehearing en banc is neither adjudicated as such nor properly distributed; and

4. Deprive the full Court of its statutory and rule-based authority to consider petitions for rehearing en banc.

## IV. THE RECHARACTERIZATION VIOLATES THE FIFTH AND FOURTEENTH AMENDMENTS AND DENIES DUE PROCESS

### A. Right to Be Heard by a Fair and Impartial Tribunal

The Fifth Amendment and Fourteenth Amendment guarantee due process of law, which includes the fundamental right to be heard by a fair and impartial tribunal. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Tumey v. Ohio*, 273 U.S. 510 (1927). By recharacterizing Document 21 as a *"motion for reconsideration,"* the March 31 Order:

1. Prevents the full Court from hearing the petition, thereby denying Petitioners the right to be heard by the full tribunal;

2. Allows a three-judge panel to decide the fate of a petition expressly filed for full-court review, thereby creating an appearance and reality of partiality and bias;

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          12

3. Deprives Petitioners of the procedural protections and safeguards that attach to a petition for rehearing en banc under FRAP 35 and 40;

4. Violates the principle that a litigant has the right to present their case to the tribunal authorized to hear it under the rules and statutes governing that tribunal.

## B. Denial of Due Process Through Procedural Manipulation

Due process requires that procedural rules be applied consistently and neutrally. *Bolling v. Sharpe*, 347 U.S. 497 (1954). When a court selectively applies or recharacterizes procedural rules to prevent a litigant from accessing a forum to which they are entitled, it violates due process.

**Here, the March 31 Order:**

1. Recharacterized an expressly filed FRAP 35/40 petition without statutory, rule-based, or constitutional authority to do so;

2. Prevented mandatory distribution to the full Court in violation of FRAP 35(f);

3. Deprived Petitioners of access to the full-court forum to which they are entitled under federal rules;

4. Applied procedural law selectively and inconsistently by treating Petitioners' filing differently than the rules permit.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication            13

This constitutes a denial of due process under the Fifth and Fourteenth Amendments.

**C. Petitioners Do Not Waive, Accept, or Consent to This Recharacterization**

Petitioners expressly state that they do not waive, accept, or consent to the recharacterization of Document 21. The recharacterization is not a matter of Petitioners' choice or agreement. It is an unauthorized act by the Court. Petitioners' failure to immediately challenge it in separate proceedings does not constitute waiver, acceptance, or consent.

Petitioners preserve all rights to full-court review and all constitutional objections to the procedural defect.

**D. Document 21 Complies with FRAP 35(b) and FRAP 40(a)(2) Requirements**

Document 21 fully complies with all mandatory requirements of FRAP 35(b) and FRAP 40(a)(2):

**1. Word Count Compliance** Document 21 contains 3,900 words, excluding those parts exempted by Federal Rule of Appellate Procedure 32(f). This word count is well within the applicable limits and demonstrates full compliance with the rule-based content requirements.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication                14

**2. Formatting and Font Compliance** Document 21 is prepared in proportionally spaced typeface (Times New Roman, 14-point font) with double spacing and 1-inch margins, in full compliance with **FRAP 32** formatting requirements.

**3. Content Requirement: Statement of Misapprehensions**

**FRAP 35(b)** requires that a petition *"state with particularity each point of law or fact the petitioner believes the panel has overlooked or misapprehended."*

**FRAP 40(a)(2)** similarly requires that a petition for panel rehearing *"state with particularity the basis for the relief sought."*

**Document 21 expressly and with particularity identifies the specific misapprehensions in the December 18, 2025 Order, including:**

The Court issued orders on an incomplete record;

The Court introduced new theories not present in the original petition; and

The Court's rationale for "adequate remedy" was contradicted by its own later admission.

**The recharacterization of Doc. 21 as "reconsideration" bypasses mandatory FRAP 35/40 rules:**

The Court failed to address jurisdictional defects and structural disqualification.

Each point is stated with specific reference to the order, the legal error, and the governing authority.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication 15

## 4. No Language of "Reconsideration" Anywhere in the Document

Nowhere in Document 21 does the text read *"reconsideration"* or *"motion for reconsideration."* The document is expressly and consistently styled as a *"Petition for Panel Rehearing and Petition for Rehearing En Banc,"* invoking FRAP 35 and FRAP 40 throughout.

The March 31 Order's recharacterization of this filing as a *"motion for reconsideration"* is therefore not supported by the document's own language, form, or content. It is an external recharacterization imposed by the Court, not a characterization arising from the petition itself.

## 5. Conclusion: Full Compliance Demonstrated

***By filing Document 21 in strict compliance with FRAP 35(b) and FRAP 40(a)(2), Petitioners have:***

- Timely filed a petition within the mandatory 14-day window

- Properly styled the petition to expressly invoke FRAP 35 and FRAP 40

- Stated with particularity each misapprehension of law and fact

- Complied with all formatting and word-count requirements

- Entitled the petition to mandatory distribution to all active judges under FRAP 35(f)

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          16

The March 31, 2026, Order's recharacterization of Document 21 as a *"motion for reconsideration"* cannot and does not diminish Petitioners' compliance with the rules or their entitlement to the mandatory procedures prescribed by FRAP 35 and FRAP 40.

## V. THE RECHARACTERIZATION CREATES A JURISDICTIONAL VACUUM AND AFFECTS FINALITY AND CERTIORARI TIMING

By recharacterizing Document 21 as a *"motion for reconsideration,"* the March 31 Order:

1. Prevented mandatory distribution to the full Court under FRAP 35(f);

2. Created ambiguity as to whether the rehearing en banc petition was adjudicated or remains pending;

3. Prevented the full Court from exercising its authority to grant or deny rehearing en banc;

4. Created uncertainty regarding the finality of orders and the commencement of the 90-day certiorari period under 28 U.S.C. § 2101(c);

5. Prevented Petitioners from knowing whether they have exhausted their appellate remedies or whether the en banc petition remains pending.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication                17

This procedural defect is not a matter of discretion or case management. It is a violation of mandatory federal rules, a deprivation of the full Court's statutory authority, and a violation of due process.

## VI. THE PANEL POSSESSES NO JUDICIAL AUTHORITY TO RECHARACTERIZE THE FILING

***The three-judge panel does not possess:***

- **Statutory authority** to recharacterize a FRAP 35/40 petition;

- **Rule-based authority** under the Federal Rules of Appellate Procedure to do so;

- **Inherent authority** under *Chambers v. NASCO* to depart from mandatory "shall" commands when governing rules exist;

- **Constitutional authority** to deny due process by preventing access to a mandated forum; or

- **Discretion** to bypass the mandatory distribution requirement of FRAP 35(f).

Any recharacterization of Document 21 is therefore ultra vires and void.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          18

## VII. DEMAND FOR MANDATORY DISTRIBUTION, TOLLING, AND FULL-COURT REVIEW

**Petitioners respectfully but firmly demand that the Court:**

1. Immediately distribute Document 21 to all active judges of the Eleventh Circuit in compliance with FRAP 35(f) and 11th Cir. R. 35-3;

2. Clarify that Document 21 is a petition for panel rehearing and rehearing en banc under FRAP 35 and FRAP 40, not a motion for reconsideration;

3. Vacate the characterization of Document 21 as a "motion for reconsideration" and treat it according to its expressly stated form and governing rules;

4. Adjudicate the panel rehearing component under FRAP 40 and circulate the rehearing en banc component to the full Court under FRAP 35(f);

5. Toll the 90-day certiorari period under 28 U.S.C. § 2101(c) pending full Court adjudication of the rehearing en banc petition, as the current procedural posture creates ambiguity regarding finality and the commencement of that deadline;

6. Recognize that Petitioners' right to full-court review is a constitutional right, not a matter of discretion or waiver;

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication         19

7. Preserve the pending Motion to Vacate (Document 29), which challenges the procedural impropriety of the March 31 recharacterization and requests correction of this defect; and

8. Immediately notify the Clerk of the Supreme Court of the United States of this Notice and the constitutional and procedural defects identified herein.

## VIII. PRESERVATION OF RECORD AND CONSTITUTIONAL OBJECTIONS

Petitioners preserve all objections to the March 31 recharacterization and incorporate by reference the arguments and authorities set forth in Document 29 (Motion to Vacate December 18, 2025 Order and March 31, 2026 Order), which is currently pending before this Court.

Petitioners expressly preserve all constitutional objections, all procedural objections, and all rights to appellate review, including en banc review and certiorari review. Petitioners do not waive any argument or objection by filing this Notice or by any other action or inaction.

## IX. NOTICE OF RECORD PRESERVATION

This Notice is being filed in the Eleventh Circuit Court of Appeals on this date to place the procedural and constitutional defect squarely on the record. Petitioners are not presently filing this Notice in the Supreme Court of the United States.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          20

Petitioners file this Notice to preserve the issue for full Court adjudication, for the appellate record, and for any later petition for writ of certiorari.

Petitioners further state that the recharacterization of a FRAP 35/40 petition as a *"motion for reconsideration"* fundamentally changes the legal framework applicable to the petition and the rights of the litigant. A *"motion for reconsideration"* is not governed by FRAP 35 or 40 and does not entitle a litigant to full-court review. By recharacterizing the petition, the Eleventh Circuit has altered the legal landscape in a manner that affects Petitioners' appellate rights and the commencement of the certiorari deadline.

Petitioners do not agree to this recharacterization and do not waive their rights to full-court review.

## X. PRESERVATION OF ARGUMENTS AND WAIVER DISCLAIMER

***All arguments, objections, and constitutional claims raised in this Notice are expressly preserved for purposes of:***

1. Full Court adjudication in the Eleventh Circuit;

2. Appellate review at any level;

3. Petition for writ of certiorari to the Supreme Court of the United States;

4. Any subsequent proceedings in any court; and

5. Avoidance of waiver under any doctrine, rule, or principle of law.

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication        21

# XI. CONCLUSION

Petitioners do not accept the recharacterization of Document 21 for any purpose, including for purposes of finality, exhaustion of remedies, commencement of the certiorari period, or any other legal consequence. This Notice constitutes express notice to all courts, including the Supreme Court of the United States, that Petitioners are not waiving their right to full-court review and do not consent to the procedural defect.

**Dated: April 2, 2026**

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          22

## XII. CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and 11th Cir. R. 32-4, I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2). According to the word-processing system used to prepare this document, it contains, 2,637 words, excluding the parts exempted by Fed. R. App. P. 32(f). This document was prepared in a proportionally spaced typeface (Times New Roman, 14-point) with double spacing and 1-inch margins.

Dated: On the 2nd day of April 2026.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication                23

## XII. CERTIFICATE OF SERVICE

We certify that on April 2, 2026, Notice of Mandatory Distribution of Frap 35/40 Petition for Rehearing En Banc, Constitutional Violation, and Demand for Tolling of Certiorari Period Pending Full Court Adjudication was filed through the Court's CM/ECF system, which effected service on registered counsel. Copies were also served by U.S. Mail as follows:

**Respondents Attorneys:**

| | | |
|---|---|---|
| Clerk of the Court | Pryor Cashman, LLP | Richard Gordon, PC |
| Judge Thomas W. | Tom J. Ferber | 223 Brookcliff TRC |
| Thrash, Jr | 7 Times Square | Marietta, GA 30068 |
| Northern District Court of | New York, NY 10036 | |
| Georgia (NDGA) | | |
| Atlanta Division | | |
| 75 Ted Turner Dr. SW | | |
| Floor 22 | | |
| Atlanta, GA 30303 | | |

Matthew A. Boyd
TUCKER ELLIS LLP
3344 Peachtree Street NE, Suite 1050
Atlanta, GA 30326
 Phone: (404) 678-6365
Fax: (404) 678-6380
Email:
Matthew.Boyd@tuckerellis.com

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
 Period Pending Full Court Adjudication          24

Dated: April 2, 2026

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Petitioners Joint Notice of Mandatory Distribution of
Frap 35/40 Petition for Rehearing En Banc, Constitutional
Violation, and Demand for Tolling of Certiorari
Period Pending Full Court Adjudication          25