# UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Petitioners,

Appellate Action No. 25-13325-D

v.

District Court Civil Action No. 1:17-
cv-01181-TWT

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Respondents.

Status Update and Renewed Demand
for Mandatory FRAP 35(f)
Distribution and Full-Court Merits
Review of Structural Error Raised in
Document 21

---

## STATUS UPDATE AND RENEWED DEMAND FOR MANDATORY FRAP 35(F) DISTRIBUTION AND FULL-COURT MERITS REVIEW OF STRUCTURAL ERROR RAISED IN DOCUMENT 21

---

Appellate Action No. 25-13325-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

## DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1, the undersigned certifies

that the following persons and entities have an interest in the outcome of this case:

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                  1

**Petitioners:**

1.  Terri Lowe (formerly Tucker) – Plaintiff/Petitioners – Individual

2.  William James – Plaintiff/Petitioners – Individual

**Petitioners' Related Entities:**

3. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe

4. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

5. Terri V. Lowe – Private corporation – Owned by Terri Lowe

**Respondents:**

6. Tyler Perry – Defendant/Appellee/Respondent – Individual

7. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic recently Owner of BET sold 25% not reported on recent CIP March 2026, corporation, owned/controlled by Tyler Perry

8. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned/controlled by Tyler Perry

9. Oprah Winfrey – Defendant/Appellee/Respondent – Individual

10. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private corporation; majority owner is Warner Bros. Discovery (NYSE: WBD); Oprah Winfrey retains minority interest

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                    2

11. HARPO Productions, Inc. – Defendant/Appellee/Respondent – domestic corporation, 100% owned by Oprah Winfrey via Harpo, Inc.

12. Lionsgate Entertainment Corp. – Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B)

13. Barbara Hunt – Defendant/Appellee/Respondent – Individual

14. Hon. Thomas W. Thrash, Jr. – U.S. District Judge, Northern District of Georgia – Defendant/Appellee/Respondent

**Counsel:**

15. Tom J. Ferber (Pryor Cashman LLP) – Counsel for Tyler Perry, Tyler Perry Studios, The Tyler Perry Company

16. Richard Gordon, Esq. – Counsel for Oprah Winfrey, OWN, HARPO, Lionsgate, Barbara Hunt

17. Matthew A. Boyd (Tucker Ellis LLP) – Counsel for Respondents (appeared Jan. 30, 2026)

**Interested Persons (Non-Parties):**

18. David Zaslav – Chief Executive Officer, Warner Bros. Discovery – majority owner of OWN

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                3

Pursuant to 11th Cir. R. 26.1-1 through 26.1-5 and Fed. R. App. P. 26.1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

**DISCLOSURE DEFICIENCIES AND RULE VIOLATIONS**

**Upon information and belief and based on the record:**

**Tyler Perry-Related Entities:** Tyler Perry Studios, LLC, and The Tyler Perry Company, Inc. failed to file or supplement their certificates of interested persons to reflect material changes in ownership and control. Specifically, Tyler Perry Studios recently sold 25% interest in BET+ and did not report this transaction on the most recent Certificate of Interested Persons filed in February 2026, as required by 11th Cir. R. 26.1-5.

**Oprah Winfrey-Related Entities:** Oprah Winfrey Network (OWN) and HARPO Productions, Inc. failed to file supplemental disclosure statements reflecting changes in ownership structure and control during the pendency of this action (April 2017–present). No supplemental certificates reflecting such changes have been filed, as required by 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1.

**Remaining Respondents:** Barbara Hunt, Lionsgate Entertainment Corp., and other respondent entities likewise failed to file complete, current, and supplemental

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                4

certificates of interested persons sufficient to permit conflict screening and preserve proceeding integrity.

**VALUE AND CONSEQUENCE OF DISCLOSURE FAILURES**

**These omissions are not technical. Rule 26.1 and 11th Cir. R. 26.1-5 exist to:**

**Enable conflict screening and recusal analysis**

Preserve the appearance and reality of impartial adjudication. Ensure the Court and parties can identify undisclosed relationships that might affect the proceeding.

**Maintain public confidence in the judiciary**

When respondents fail to disclose material ownership changes, ownership transfers, and control shifts, the Court cannot perform its institutional duty to screen for conflicts. This is especially critical in a case already marked by allegations of judicial disqualification, tribunal conflict, and procedural distortion.

**PETITIONERS' REQUEST**

**Petitioners respectfully request that the Court:**

- Order all Respondents and interested parties to file complete, accurate, and supplemental certificates of interested persons immediately;

- Take judicial notice of any undisclosed transactions and ownership changes for purposes of recusal, conflict screening, and proceeding integrity;

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21          5

- Determine whether such undisclosed changes affect standing, interests, or the validity of prior orders in this proceeding.

The undersigned will supplement this certificate as necessary.

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                    6

## STATUS UPDATE AND RENEWED DEMAND FOR MANDATORY FRAP 35(F) DISTRIBUTION AND FULL-COURT MERITS REVIEW OF STRUCTURAL ERROR RAISED IN DOCUMENT 21

**To the Clerk of Court, the Active Judges of the Court**

Petitioners Terri Lowe and William James respectfully Request a Status Report:

Case & Docket Identifiers

- **Court:** United States Court of Appeals for the Eleventh Circuit

- **Appellate Action No.:** 25-13325-D

- **District Court Civil Action No.:** 1:17-cv-01181-TWT

- **Filing Under Review:** Document 30

- **Document 30 Title:** Petitioners Joint Notice of Mandatory Distribution of FRAP 35/40 Petition for Rehearing En Banc, Constitutional Violation, and Demand for Tolling of Certiorari Period Pending Full Court Adjudication.

- Document 30 Date Filed: April 2, 2026

- Current Status Date: June 30, 2026

**Day-Count Anchors (Two Reference Points)**

- Days elapsed since Document 30 was filed (Apr. 2, 2026 → Jun. 29, 2026): 88 days (Apr. 3–Jun. 29)

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21          7

- Days elapsed since the March 31, 2026 panel order (Doc. 28) (Mar. 31, 2026 → Jun. 29, 2026): 90 days (Apr. 1–Jun. 29)

---

## I. Core Nature of Document 30: A Mandatory Demand, Not a Discretionary Request

Petitioners state that Document 30 is an explicit demand served upon the Clerk of Court and the active judges of the Eleventh Circuit to preserve and enforce mandatory handling of Petitioners FRAP 35/40 filing.

Petitioners state that Federal Rule of Appellate Procedure 35(f) provides that a petition for rehearing en banc "shall be distributed to all active judges of the court." Petitioners therefore state that Document 30 is directed to docket-confirmed compliance with that mandatory distribution requirement.

Petitioners emphasize that the error presented is structural—i.e., it concerns tribunal integrity and adjudication by a disqualified decisionmaker—and therefore is not subject to harmless-error analysis and cannot be treated as an ordinary discretionary reconsideration request. See, e.g., *Arizona v. Fulminante*, 499 U.S. 279 (1991).

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                    8

**Issue Presented:**

Whether the Court will provide mandatory full-court handling and a merits disposition of Petitioners' rehearing en banc petition (Doc. 21), where the underlying record presents a verified, uncontradicted structural due process defect affecting the validity of multiple orders.

**Demand:** Petitioners respectfully submit that they understand the governing framework for rehearing en banc, including the Federal Rules of Appellate Procedure and the Court's Internal Operating Procedures. Petitioners further understand that **FRAP 35(f)** provides that a petition for rehearing en banc **shall be distributed to all active judges of the Court**, and that the Court's internal procedures typically govern how such circulation occurs and how votes and dispositions are processed. Because internal circulation activity may not appear on the public docket, Petitioners do not purport to state as a fact what has occurred off-docket; however, Petitioners submit that the elapsed time since the filing of **Document 21** and the subsequent filings makes it reasonable to infer that circulation likely has occurred, or should have occurred, under the Court's ordinary processes.

Accordingly, Petitioners respectfully request that the Court enter a **docketed order** removing any ambiguity by confirming whether the rehearing en banc component

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                    9

of **Document 21** has been distributed in compliance with **FRAP 35(f)**, and further request a docketed **full-court disposition** (grant or denial) of the rehearing en banc petition. Petitioners submit that continued docket silence leaves Document 21 effectively pending without a merits disposition, notwithstanding the mandatory distribution rule and the structural nature of the defect presented.

## II. Procedural Context: Document 21 and March 31, 2026, Recharacterization Order (Doc. 28)

Petitioners state that Document 21 (filed December 27, 2025) was expressly styled as a "Petition for Panel Rehearing and Petition for Rehearing En Banc" and invoked FRAP 35 and FRAP 40.

Petitioners further state that the Court's March 31, 2026, Order (Document 28) recharacterized Document 21 as a "motion for reconsideration." Petitioners filed Document 30 in response to preserve Petitioners' position that the en banc component of Document 21 remains subject to mandatory distribution under FRAP 35(f).

## III. Current Status (as of June 30, 2026): No Docketed Confirmation of Full-Court Circulation or Full-Court Action

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21          10

Petitioners report that as of June 30, 2026:

- 88 days have elapsed since the filing of Document 30; and

- 90 days have elapsed since the March 31, 2026, order (Doc. 28).

**Petitioners further report that no docketed written order has been entered or received that expressly confirms:**

- that the en banc component of Document 21 was distributed to all active judges under FRAP 35(f);

- that the full court acted upon or voted on the en banc request; or

- that the Court otherwise clarified the procedural posture in a manner that resolves ambiguity regarding full-court handling and finality for downstream review purposes.

## IV. Preservation of Position and Record-Cleaning Purpose

Petitioners state that they do not accept, consent to, or waive objections to the "reconsideration" characterization to the extent it alters the procedural framework applicable to a FRAP 35/40 petition.

Petitioners further state that Document 30 was filed to preserve Petitioners' position that recharacterization does not evade the mandatory "shall" command of

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                    11

FRAP 35(f), and to preserve the record regarding whether full-court distribution and handling occurred.

---

## V. STATUS REPORT ADDENDUM: FULL PANEL CIRCULATION post–MARCH 31

### Day-Count Tracking (From March 31, 202,6 Order)

- Trigger Date: March 31, 2026 (panel order entering recharacterization)

- Current Status Date: June 30, 2026

- Total Days Elapsed Since March 31, 2026, Order: 90 days

### Calculation:

- April 1–30: 30 days

- May 1–31: 31 days

- June 1–29: 29 days

- Total: 90 days

### 1. Recharacterization Does Not Evade the Mandatory "Shall" Command

Petitioners state that regardless of whether the three-judge panel labeled its March 31, 2026, response as a ruling on a "motion for reconsideration" or a FRAP 40 panel rehearing, the underlying filing (Document 21) explicitly and concurrently requested a FRAP 35 rehearing en banc.

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                12

Petitioners further state that a panel may deny panel rehearing, but Petitioners dispute that a panel may intercept, withhold, or recharacterize an en banc request in a manner that bypasses full-court handling. Because a FRAP 35 petition was expressly invoked on December 27, 2025, Petitioners maintain that the Court's obligations under FRAP 35(f) remain unresolved absent docket-confirmed distribution to all active judges.

## 2. 90-Day Uncured Record Condition Following the March 31 Order

Petitioners state that as of June 30, 2026, exactly 90 days have elapsed since the March 31, 202,6 orders. During this period:

- No docket clarification has been entered confirming that the en banc component of Document 21 was distributed to all active circuit judges under FRAP 35(f);

- No order or vote has been issued indicating that the full court was given the opportunity to review the en banc request; and

- The record remains ambiguous as to whether full-court handling occurred, leaving finality unclear for downstream review purposes.

## 3. Preservation Against Procedural Prejudice

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                    13

Petitioners explicitly state that they do not accept, consent to, or waive objections to the panel's "reconsideration" label to the extent it alters the procedural framework applicable to a FRAP 35/40 petition.

Petitioners further state that Document 30 was placed on the record as a direct demand for full-court circulation consistent with the text of FRAP 35(f). Petitioners preserve their position that downstream timing consequences should not attach in a manner that penalizes Petitioners while the record remains uncured as to mandatory distribution and full-court handling.

## VI. Relief Requested

**Petitioners respectfully request that the Court:**

1. Confirm FRAP 35(f) distribution on the docket. Enter a docketed clarification stating whether the rehearing en banc component of Petitioners' December 27, 2025, Petition (Document 21) has been distributed to all active judges of the Court as required by Fed. R. App. P. 35(f).

2. If distribution has not occurred, order immediate compliance.

3. If the en banc component of Document 21 has not been distributed, direct the Clerk to immediately distribute the en banc petition to all active judges and to enter a docket notation confirming the date of distribution.

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                14

4. Issue a full-court merits disposition of the en banc petition. Following distribution, issue a docketed full-court disposition (grant or denial) addressing Petitioners' request for rehearing en banc raised in Document 21, including the structural due process issue presented.

5. Clarify the procedural posture created by March 31, 2026, order. Enter a docketed clarification stating whether the Court's March 31, 2026, Order (Document 28) was intended to dispose of the en banc component of Document 21, and if so, on what basis, and whether the mandatory distribution requirement of FRAP 35(f) was satisfied.

6. Enforce disclosure and supplementation obligations for conflict screening. Enforce compliance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-5, including supplementation where required, sufficient to permit conflict screening and preserve proceeding integrity.

Petitioners submit this Relief Requested to break the administrative logjam, to preserve a clear record regarding mandatory en banc handling under FRAP 35(f), and to obtain a docketed merits disposition of the issues presented in Document 21 and preserved by Document 30.

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                15

**Dated:** June 30, 2026

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                16

## VII. CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and 11th Cir. R. 32-4, I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2). According to the word-processing system used to prepare this document, it contains, 1502 words, excluding the parts exempted by Fed. R. App. P. 32(f). This document was prepared in a proportionally spaced typeface (Times New Roman, 14-point) with double spacing and 1-inch margins.

**Dated:** On the 30th day of June 2026.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

Status Update and Renewed Demand for
Mandatory FRAP 35(f) Distribution and
Full-Court Merits Review of Structural
Error Raised in Document 21                 17

## VIII. CERTIFICATE OF SERVICE

We certify that on June 30, 2026, Status Update and Renewed Demand for Mandatory FRAP 35(f) Distribution and Full-Court Merits Review of Structural Error Raised in Document 21 was filed through the Court's CM/ECF system, which affected service on registered counsel. Copies were also served by U.S. Mail as follows:

**<u>Respondents Attorneys:</u>**

Clerk of the Court
Judge Thomas W. Thrash, Jr
Northern District Court of Georgia (NDGA)
Atlanta Division
75 Ted Turner Dr. SW
Floor 22
Atlanta, GA 30303

Pryor Cashman, LLP
Tom J. Ferber
7 Times Square
New York, NY 10036

Richard Gordon, PC
223 Brookcliff TRC
Marietta, GA 30068

Matthew A. Boyd
TUCKER ELLIS LLP
3344 Peachtree Street NE, Suite 1050
Atlanta, GA 30326
 Phone: (404) 678-6365
Fax: (404) 678-6380
Email: Matthew.Boyd@tuckerellis.com
**Dated:** June 30, 2026

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff