# CASE NO. 25-13325

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

## WILLIAM JAMES, ET ANO.,

### v.

## BARBARA HUNT, ET AL.,

## RE: WILLIAM JAMES, ET ANO., v. BARBARA HUNT, ET AL.,

**In the United States District Court for the Northern District of Georgia—
Atlanta Division
Civil Action No. 1:17-CV-01181-TWT**

## APPELLEES BARBARA HUNT, ET AL.'S MOTION TO ENTER AN ORDER DIRECTING THE CLERK TO REJECT FURTHER FILINGS FROM PLAINTIFFS ABSENT ADVANCE PERMISSION FROM THE COURT

Matthew A. Boyd
**TUCKER ELLIS LLP**
3344 Peachtree Street NE, Suite 1050
Atlanta, GA 30326
Phone:     (404) 678-6365
Fax:        (404) 678-6380
Email:     Matthew.Boyd@tuckerellis.com

*COUNSEL FOR APPELLEES*

Defendants-Appellees ("Appellees") respectfully submit this Motion to Enter an Order Directing the Clerk to Reject Further Filings from Plaintiffs Absent Advance Permission from the Court.

## PRELIMINARY STATEMENT

Appellants, who have previously been held to be vexatious litigants, have repeatedly ignored the District Court's 2018 injunction — which was affirmed by this Court on Appeal in a related case filed by the same Appellants against the same Appellees adjudicating the same issues set forth in the present Appeal (Doc No. 57 in Case No. 18- 3553) (hereinafter "Related Appeal") — which prohibited, *inter alia*, the filing of any further pleadings, motions or other documents "without obtaining the express written permission" of the District Court Judge. (Docket No. 168 in Dist. Ct. Case No. 1:17-CV-1181-RWS, hereafter the "Injunction") (copy attached as Exhibit A, hereto).

Appellants' most recent filing in this Court is a "Status Update and Renewed Demand for Mandatory FRAP 35(F) Distribution and Full-Court Merits Review of Structural Error Raised in Document 21" (Doc. 32). This most recent filing, and all others previously filed, are legal nullities under the Injunction in the absence of the requisite advance permission — represent "the continued harassment of the Appellees by the Appellants" that is also "disruptive and abusive to the Court's judicial function" (Injunction at 7) — *i.e.*, the very conduct by these vexatious

litigants that the Injunction was designed to prevent. More importantly, the filings

blatantly ignore the Court's dismissal of Appellants' claims on December 18, 2025

(Doc. No. 18), denial of Appellants' Motion for Sanctions and for Reconsideration

on March 31, 2026 (Doc. No. 28), and denial of Appellants' Motion to Vacate on

May 22, 2026 (Doc. No. 31). Appellants' motions — including the one most recently

filed should be rejected.

## PROCEDURAL HISTORY

As the District Court stated in the Injunction that was affirmed by this Court

in the Related Appeal, "Plaintiffs William James and Terri V. Tucker [had] asserted

patently frivolous copyright infringement claims against the Defendants in a series

of proceedings in various courts" when "they reconfigured their copyright claims as

civil RICO claims" in this action in 2017. (Injunction at 1-2).

By order dated October 19, 2017 (Dist. Ct. Docket No. 138), the District Court

granted Appellees' motion for judgment on the pleadings, holding that Appellants

claims were barred by *res judicata* and collateral estoppel because the copyright

claims that they were attempting to use as a predicate for their putative civil RICO

claims had previously been adjudicated against them. The District Court also held

that "Plaintiffs fail to state a plausible claim of copyright infringement as a predicate

act for a RICO claim," and that the remaining claims "are not only frivolous but

ludicrous." (*Id*. at 3).

On October 18, 2018, the District Court entered an order that, *inter alia*, granted Appellees' motion for summary judgment on their counterclaim and entered the Injunction under the All Writs Act. (Dist. Ct. Docket No. 168). The District Court found that an "injunction [was] necessary to protect the integrity of the court system and to prevent the continued harassment of the Defendants by the Plaintiffs," and found that "the Plaintiffs' conduct within this particular case has itself been disruptive and abusive to the Court's judicial function." (Id. at 7-8). The Order concluded as follows:

> Because of this, the Court concludes that a filing injunction under the All Writs Act is appropriate here. The Court has the inherent jurisdiction to protect itself against the abuses that litigants such as [Plaintiffs] visit upon it. Without an injunction the Plaintiffs will very likely continue to use the judicial system as a tool to harass the Defendants and waste judicial resources. The Plaintiffs have displayed nothing short of complete disregard for the numerous court rulings in favor of the Defendants. Therefore, the Court orders that the Plaintiffs are enjoined from filing any further pleading, motion, or other paper in relation to the instant action (other than the pending appeal and any appeal of this Order), and any new lawsuit in any court against any of the Defendants named in this action involving claims arising from the same factual predicate or nucleus of operative facts as this case without obtaining the express written permission of the undersigned.

In the Related Appeal, this Court affirmed, *inter alia*, the District Court's October 18, 2018 order, including, specifically, the Injunction. The accompanying Mandate was entered on September 10, 2019. (Doc Nos. 58 and 59 in Case No. 18-3553).

4

Now, over seven years later, Appellants have resumed the filing of motions and other papers in this Court without making any effort to obtain the District Court's advance written permission and in contravention of the Court's dismissal of Appellants' claims on December 18, 2025 (Doc. No. 18), denial of Appellants' Motion for Sanctions and for Reconsideration on March 31, 2026 (Doc. No. 28), and denial of Appellants' Motion to Vacate on May 22, 2026 (Doc. No. 31).

**APPELLANTS' FILINGS IN VIOLATION OF THE INJUNCTION SHOULD ALL BE REJECTED AND THE CLERK SHOULD BE DIRECTED TO REJECT FURTHER FILINGS <u>FROM PLAINTIFF</u>**

The Injunction stated that "[w]ithout an injunction the Plaintiffs will very likely continue to use the judicial system as a tool to harass the Defendants and waste judicial resources." (Dist. Ct. Docket No. 168 at 8).

Unfortunately, Appellants have continued to "display[] nothing short of complete disregard" for court orders, including the Injunction affirmed by this Court, as evidenced by their filing of numerous motions in both courts without making any effort to "obtain[] the express written permission" of the District Court.

Appellants' flagrant, repeated violations of the Injunction represent nothing less than contempt of court. In *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277 (11th Cir. 2002), this Court affirmed a contempt finding against the plaintiff who, like the Appellants ignored the district court's injunction that, *inter alia*, prohibited him from filing any new proceedings against the defendant without first obtaining leave of

5

court. *Id*. at 1284-85, 1296-97. Appellants' motions, like those of the plaintiff in *Riccard*, represent "a pattern of reargument and re-litigation that has marked their efforts in this lawsuit." *Id*. at 1294.

Although Appellees recognize they are not required to respond to Appellants' endless motions, Appellees' file this motion to make the Court aware of the Injunction upheld by this Court in the Related Appeal. And, since Appellants continue to blatantly ignore the Injunction, Appellees seek a similar injunction from this Court. At a minimum, Appellants' improper motions should be rejected.

More to the point, Appellees request that this Court similarly issue an order stating that (1) Appellees are not required to respond to any further motions filed by Appellants without Court permission; (2) the Clerk is directed to reject any further filings by Appellants unless Appellants unless the Court issues special permission for the filings; and (3) Appellees need not respond to any of Appellants' filings unless accepted by this Court and this Court requests a response.[1]

**<u>CONCLUSION</u>**

For the foregoing reasons, Appellees respectfully request that the Court grant this Motion To Enter an Order Directing the Clerk to Reject Further Filings From

---

[1] Appellees' main concern is that this Court would consider a non-response to be a non-opposition to Appellants' frivolous and inappropriate filings. For this reason, they have felt compelled to file responsive papers for most of those filings, despite those filings all being meritless and in violation of the District Court's injunction order.

Plaintiffs Absent Advance Permission From the Court, thereby enforcing the Injunction in order to preclude further vexatious conduct by Appellants. Appellees further request that Appellants' "Status Update And Renewed Demand For Mandatory Frap 35(F) Distribution And Full-Court Merits Review Of Structural Error Raised In Document 21" (Doc. No. 32) be rejected, and that Appellees not be required to file responses to any future motions or submissions filed by Appellants unless specifically ordered by this Court.

Respectfully submitted this 10th day of July, 2026.

**TUCKER ELLIS LLP**

*/s/ Matthew A. Boyd*

Matthew Boyd
Bar Number 027645(GA)
3344 Peachtree Street NE, Suite 1050
Atlanta, GA 30326
Phone: (404) 678-6365
Fax: (404) 678-6380
Email: Matthew.Boyd@tuckerellis.com

*Counsel for Appellees*

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitations set forth in Fed. R. App. P. 27(d)(2)(A). The brief contains 1402 words.

I further certify that this response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). The response was prepared in Word 14-point Times New Roman type.

Respectfully submitted this 10th day of July, 2026.

TUCKER ELLIS LLP

*/s/ Matthew A. Boyd*

Matthew Boyd
Bar Number 027645(GA)
3344 Peachtree Street NE, Suite 1050
Atlanta, GA 30326
Phone:    (404) 678-6365
Fax:        (404) 678-6380
Email:     Matthew.Boyd@tuckerellis.com

*Counsel for Appellees*

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing document on the opposing party in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

William James
14920 S. ASHLAND
HARVEY, IL 60428


Terri Tucker- Lowe
1136 JOSLIN PATH
DOUGLASVILLE, GA 30274


This 10th day of July 2026.


/s/ Matthew A. Boyd
Matthew Boyd

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM JAMES
SUI JURIS, et al.,

    Plaintiffs,

      v.

                          CIVIL ACTION FILE
                          NO. 1:17-CV-1181-TWT

BARBARA HUNT, et al.,

    Defendants.

## ORDER

This is a pro se civil RICO action.  It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 157] and the Plaintiffs' Motion for Judgment [Doc. 162]. For the reasons set forth below, the Defendants' Motion for Summary Judgment [Doc. 157] is GRANTED and the Plaintiffs' Motion for Judgment [Doc. 162] is DENIED.

## I. Background

The Plaintiffs William James and Terri V. Tucker have asserted patently frivolous copyright infringement claims against the Defendants in a series of proceedings in various courts over the course of five years. Each of these actions arises from the same factual allegations. Tucker claims that the Tyler Perry film "Good Deeds" infringed upon the copyright in her book "Bad Apples Can Be Good Fruit." Similarly, James alleges that the Tyler Perry film "Temptation:

T:\ORDERS\17\James\17cv1181\msjtwt.wpd

Confessions of Marriage Counselor" infringed upon the copyright in his screenplay script titled "Lovers Kill." This is the third action arising out of these allegations that Tucker has filed, and the second action that James has filed. Tucker has previously lost actions arising from these claims in both the Southern District of New York and this Court. James also previously lost a case asserting these allegations in the Northern District of Indiana.

Now, the Plaintiffs have filed yet another action arising from this set of facts in this Court. This time, however, they reconfigured their copyright claims as civil RICO claims. They also added Harpo, Inc., Oprah Winfrey, Oprah Winfrey Network, and Barbara Hunt as defendants. The Court dismissed the claims against Barbara Hunt due to lack of personal jurisdiction.[1] The Court also granted the Defendants' Motion for Judgment on the Pleadings as to the remaining Defendants, finding that the Plaintiffs' claims were frivolous and barred by *res judicata*.[2] The Plaintiffs have since appealed that ruling. The Defendants now move for summary judgment as to their counterclaim. In their counterclaim, the Defendants seek an injunction barring the Plaintiffs from instituting any further legal actions in any courts based on the facts and activities alleged in the previous lawsuits filed by the Plaintiffs.[3] The Plaintiffs

---

[1]   *See* [Doc. 136].

[2]   *See* [Doc. 138].

[3]   *See* [Doc. 33] at 14-16.

have also filed a Motion for Judgment, asserting the same arguments this Court and other courts have already rejected.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[4] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[5] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[6] The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[7] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[8]

## III. Discussion

### A. Plaintiffs' Motion for Judgment

First, the Plaintiffs move for entry of judgment in their favor. The

---

[4]    FED. R. CIV. P. 56(a).

[5]    *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[6]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[7]    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[8]    *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

Plaintiffs' Motion, which is largely repetitive, unintelligible, and lacking a basis in reality, seems to be another attempt to relitigate this Court's previous orders dismissing their claims.[9] This Court has already dismissed the Plaintiffs' claims against Barbara Hunt for lack of personal jurisdiction,[10] and granted the remaining Defendants' Motion for Judgment on the Pleadings.[11] This Court previously concluded that the Plaintiffs' claims, which are not only frivolous but ludicrous, fail to state a plausible claim for relief. The Court also rejected the Plaintiffs' Motion for Reconsideration.[12] The Court will not further entertain the Plaintiffs' attempts to relitigate issues which it has conclusively ruled upon. This is just another attempt to argue the merits of claims that this Court has already dismissed. Furthermore, the Plaintiffs have already filed a Notice of Appeal. Thus, this Court no longer has jurisdiction over the Plaintiffs' claims.[13] The Plaintiffs' Motion for Judgment is consequently denied.

### B. Defendants' Motion for Summary Judgment

Next, the Defendants move for summary judgment as to their

---

[9]     *See* Pls.' Mot. for J., at 8-10 (arguing that the Defendants are liable for damages under RICO).

[10]     *See* [Doc. 136].

[11]     *See* [Doc. 138].

[12]     *See* [Doc. 154].

[13]     *Taylor v. Sterrett*, 640 F.2d 663, 667 (11th Cir. 1981) ("It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal.").

counterclaim against the Plaintiffs. In their counterclaim, the Defendants seek an injunction under the All Writs Act enjoining the Plaintiffs from filing future lawsuits based on the same alleged factual predicate for this action and the previous related actions.[14] According to the Defendants, the Plaintiffs are abusive litigants who have asserted baseless copyright infringement claims against them in various courts over the past five years, despite numerous judgments dismissing those claims. The Defendants contend that an injunction barring the Plaintiffs from filing new actions based upon these allegations is necessary due to the Plaintiffs' refusal to stop asserting these same claims.[15]

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."[16] "The All Writs Act is a codification of this inherent power and provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'"[17] "[T]he Act allows [courts] to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and

---

[14]   *See* [Doc. 33] at 14-16.

[15]   Defs.' Mot. for Summ. J., at 8-12.

[16]   *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).

[17]   *Maid of the Mist Corp. v. Alcatraz Media, LLC*, 388 F. App'x 940, 942 (11th Cir. 2010) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004)).

judgments."[18] District courts have the power under the All Writs Act "to enjoin litigants who are abusing the court system by harassing their opponents."[19] This is because "[a] litigious plaintiff pressing a frivolous claim, though rarely succeeding on the merits, can be extremely costly to the defendant and can waste an inordinate amount of court time."[20] "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."[21] And, although a litigant cannot be completely foreclosed from all access to the court, "[a] party seeking to obtain an All Writs Act injunction 'must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior.'"[22] Courts have regularly issued injunctions such as these in response to frivolous litigants.[23]

---

[18]     *Klay*, 376 F.3d at 1099.

[19]     *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980).

[20]     *Id.*

[21]     *Procup*, 792 F.2d at 1074.

[22]     *Maid of the Mist Corp.*, 388 F. App'x at 942 (quoting *Klay*, 376 F.3d at 1100).

[23]     *See, e.g.*, *Maid of the Mist Corp.*, 388 F. App'x at 942 (concluding that an injunction was proper when the plaintiff "repeatedly filed unsubstantiated, duplicative pleadings, many after the district court issued an order denying them"); *Laosebikan v. Coca-Cola Co.*, 415 F. App'x 211, 215 (11th Cir. 2011) (holding that a filing injunction was appropriate since the vexatious plaintiff's claims were barred by *res judicata*); *Harrelson*, 613 F.2d at 116 (upholding filing injunction when "the plaintiff has forced various defendants in and out of court for almost five years and has had a full opportunity to

The Court concludes that the requested injunction is necessary to protect the integrity of the court system and to prevent the continued harassment of the Defendants by the Plaintiffs. This is the third time that Tucker has asserted these claims against the Perry Defendants and Lions Gate Entertainment. She lost her cases in the Southern District of New York and in this Court. This is the second time that James has asserted his copyright claims against the Perry Defendants and Lions Gate Entertainment. He lost his case in the Northern District of Indiana. The Plaintiffs have demonstrated a consistent disregard for the judgments of the various courts dismissing these actions. Absent an injunction, there is no indication the Plaintiffs will think twice about continuing to assert these baseless claims against the Defendants. The principles of *res judicata* have not served as a deterrent to frivolous filings by the Plaintiffs.

And, the Plaintiffs' conduct within this particular case has itself been disruptive and abusive to the Court's judicial function. The Plaintiffs have filed over 90 purported motions, counter-motions, replies, objections, amendments and exhibits since the commencement of this action, consuming thousands of pages of record. And, as this Court previously noted, each of these filings "had little or no basis in fact or law or relevance, or which are otherwise

---

present and litigate his claims"); *In re Williams*, No. MC 117-001, 2017 WL 3167378, at *1-*3 (S.D. Ga. July 25, 2017) (enjoining a "serial frivolous filer" who had engaged in a "campaign of harassment and vexatious litigation in federal courts").

T:\ORDERS\17\James\17cv1181\msjtwt.wpd     -7-

unintelligible."[24] The Plaintiffs have consistently made outrageous and fanciful claims in their filings. This conduct is not only costly and burdensome to the Defendants, but also imposes "a burden to clerical and judicial operations and is an impediment to the administration of justice."[25]

Because of this, the Court concludes that a filing injunction under the All Writs Act is appropriate here. The Court has the inherent jurisdiction to protect itself against the abuses that litigants such as Tucker and James visit upon it.[26] Without an injunction, the Plaintiffs will very likely continue to use the judicial system as a tool to harass the Defendants and waste judicial resources. The Plaintiffs have displayed nothing short of complete disregard for the numerous court rulings in favor of the Defendants. Therefore, the Court orders that the Plaintiffs are enjoined from filing any further pleading, motion, or other paper in relation to the instant action (other than the pending appeal and any appeal of this Order), and any new lawsuit in any court against any of the Defendants named in this action involving claims arising from the same factual predicate or nucleus of operative facts as this case without obtaining the express written permission of the undersigned.

---

[24]     *See* [Doc. 95] at 1.

[25]     *Maid of the Mist Corp.*, 388 F. App'x at 942.

[26]     *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) ("There should be little doubt that the district court has the jurisdiction to protect itself against the abuses that litigants like Procup visit upon it.").

## IV. Conclusion

For the reasons stated above, the Defendants' Motion for Summary Judgment [Doc. 157] is GRANTED and the Plaintiffs' Motion for Judgment [Doc. 162] is DENIED.

SO ORDERED, this 10 day of August, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge