# UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),

       Petitioners,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.

       Respondents.

Appellate Action No. 25-13325-D

District Court Civil Action No. 1:17-cv-01181-TWT

Petitioners' Joint Response in Opposition to Respondents' Filings (Docs. 33, 34) and Request for Clarification Regarding Frap 35(F) / Frap 40 Processing

---

## PETITIONERS' JOINT RESPONSE IN OPPOSITION TO RESPONDENTS' FILINGS (DOCS. 33, 34) AND REQUEST FOR CLARIFICATION REGARDING FRAP 35(F) / FRAP 40 PROCESSING

---

Appellate Action No. 25-13325-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

## DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1, the undersigned certifies

that the following persons and entities have an interest in the outcome of this case:

Petitioners' Joint Response in Opposition
to Respondents' Filings (Docs. 33, 34) and
Request for Clarification Regarding Frap
35(F) / Frap 40 Processing      1

**Petitioners:**

1.  Terri Lowe (formerly Tucker) – Plaintiff/Petitioners – Individual

2.  William James – Plaintiff/Petitioners – Individual

**Petitioners' Related Entities:**

3. Tervanjay Films, Inc. – Private corporation – owned by Terri Lowe

4. Lowe Tea Company, LLC – Private corporation – owned by Terri Lowe

5. Terri V. Lowe – Private corporation – Owned by Terri Lowe

**Respondents:**

6. Tyler Perry – Defendant/Appellee/Respondent – Individual

7. Tyler Perry Studios, LLC – Defendant/Appellee/Respondent – private domestic recently Owner of BET sold 25% not reported on recent CIP March 2026, corporation, owned/controlled by Tyler Perry

8. The Tyler Perry Company, Inc. – Defendant/Appellee/Respondent – private domestic corporation, owned/controlled by Tyler Perry

9. Oprah Winfrey – Defendant/Appellee/Respondent – Individual

10. Oprah Winfrey Network (OWN) – Defendant/Appellee/Respondent – private corporation; majority owner is Warner Bros. Discovery (NYSE: WBD); Oprah Winfrey retains minority interest

11. HARPO Productions, Inc. – Defendant/Appellee/Respondent – domestic corporation, 100% owned by Oprah Winfrey via Harpo, Inc.

12. Lionsgate Entertainment Corp. – Defendant/Appellee/Respondent – public corporation (NYSE: LGF.A, LGF.B)

13. Barbara Hunt – Defendant/Appellee/Respondent – Individual

14. Hon. Thomas W. Thrash, Jr. – U.S. District Judge, Northern District of Georgia – Defendant/Appellee/Respondent

**Counsel:**

15. Tom J. Ferber (Pryor Cashman LLP) – Counsel for Tyler Perry, Tyler Perry Studios, The Tyler Perry Company

16. Richard Gordon, Esq. – Counsel for Oprah Winfrey, OWN, HARPO, Lionsgate, Barbara Hunt

17. Matthew A. Boyd (Tucker Ellis LLP) – Counsel for Respondents (appeared Jan. 30, 2026)

**Interested Persons (Non-Parties):**

18. David Zaslav – Chief Executive Officer, Warner Bros. Discovery – majority owner of OWN

Pursuant to 11th Cir. R. 26.1-1 through 26.1-5 and Fed. R. App. P. 26.1, the undersigned certifies that the following persons and entities have an interest in the outcome of this case:

**DISCLOSURE DEFICIENCIES AND RULE VIOLATIONS**

**Upon information and belief and based on the record:**

**Tyler Perry-Related Entities:** Tyler Perry Studios, LLC, and The Tyler Perry Company, Inc. failed to file or supplement their certificates of interested persons to reflect material changes in ownership and control. Specifically, Tyler Perry Studios recently sold 25% interest in BET+ and did not report this transaction on the most recent Certificate of Interested Persons filed in February 2026, as required by 11th Cir. R. 26.1-5.

**Oprah Winfrey-Related Entities:** Oprah Winfrey Network (OWN) and HARPO Productions, Inc. failed to file supplemental disclosure statements reflecting changes in ownership structure and control during the pendency of this action (April 2017–present). No supplemental certificates reflecting such changes have been filed, as required by 11th Cir. R. 26.1-1 and Fed. R. App. P. 26.1.

**Remaining Respondents:** Barbara Hunt, Lionsgate Entertainment Corp., and other respondent entities likewise failed to file complete, current, and supplemental

certificates of interested persons sufficient to permit conflict screening and preserve proceeding integrity.

## VALUE AND CONSEQUENCE OF DISCLOSURE FAILURES

**These omissions are not technical. Rule 26.1 and 11th Cir. R. 26.1-5 exist to:**

**Enable conflict screening and recusal analysis**

Preserve the appearance and reality of impartial adjudication. Ensure the Court and parties can identify undisclosed relationships that might affect the proceeding.

**Maintain public confidence in the judiciary**

When respondents fail to disclose material ownership changes, ownership transfers, and control shifts, the Court cannot perform its institutional duty to screen for conflicts. This is especially critical in a case already marked by allegations of judicial disqualification, tribunal conflict, and procedural distortion.

## PETITIONERS' REQUEST

**Petitioners respectfully request that the Court:**

- Order all Respondents and interested parties to file complete, accurate, and supplemental certificates of interested persons immediately;

- Take judicial notice of any undisclosed transactions and ownership changes for purposes of recusal, conflict screening, and proceeding integrity;

- Determine whether such undisclosed changes affect standing, interests, or the validity of prior orders in this proceeding.

The undersigned will supplement this certificate as necessary.

## PETITIONERS' JOINT RESPONSE IN OPPOSITION TO RESPONDENTS' FILINGS (DOCS. 33, 34) AND REQUEST FOR CLARIFICATION REGARDING FRAP 35(f) / FRAP 40 PROCESSING

## I. INTRODUCTION

Petitioners William James and Terri Tucker (Lowe) submit this Joint Response to Respondents' contemporaneous filings dated July 10, 2026 (Docs. 33 and 34). Respondents state they filed "out of an abundance of caution," notwithstanding that no order required a response. Petitioners respond to ensure the record accurately reflects (i) the nature of Petitioners' June 30, 2026, filing (Doc. 32), (ii) the limited scope of the district court's 2018 filing injunction (NDGA Doc. 168), and (iii) the continuing structural issues preserved in Petitioners' pending rehearing petitions.

**En Banc Still Pending; "Request Docketed Disposition"**

Petitioners have maintained a petition for rehearing en banc. Under FRAP 35(f) and the Eleventh Circuit's Internal Operating Procedures accompanying FRAP 40, the petition is transmitted for full-court circulation and the Court's internal polling process proceeds within the time specified in IOP 4. IOP 5 further provides that if no active judge requests a poll within the specified time, the panel may act on the

petition and, in the order disposing of the petition and the matter, must note that no poll was requested. To date, the docket reflects no order disposing of the en banc component with the IOP-required notation. Accordingly, Petitioners respectfully submit that the en banc component remains pending and request entry of a docketed order clarifying the status and disposition of the en banc petition consistent with FRAP 35(f) and the Court's IOPs.

## II. FRAP 35(F) / FRAP 40 AND THE ELEVENTH CIRCUIT IOPS: PETITIONERS SEEK CONFIRMATION OF MANDATORY FULL-COURT PROCESSING

Petitioners have maintained a request for rehearing en banc. Under FRAP 35(f) and the Eleventh Circuit's Internal Operating Procedures accompanying FRAP 35 and FRAP 40, an en banc petition is subject to full-court circulation and disposition procedures distinct from the panel's authority to resolve the panel-rehearing component under FRAP 40.

Accordingly, Petitioners' June 30, 2026 filing (Doc. 32) was not a request for "reconsideration" of any prior order; it was a request for clarification and confirmation that the en banc component has been processed in accordance with FRAP 35(f) and the Court's IOPs, and that the docket will reflect an appropriate full-court disposition.

Given the time elapsed since the en banc petition was filed and maintained, Petitioners respectfully request that the Court clarify on the docket whether (and when) the en banc petition was circulated to the active judges and whether any order has issued or will issue resolving the en banc component.

## III. RESPONDENTS' RELIANCE ON NDGA DOC. 168 IS OVERBROAD AND CANNOT BE RECONCILED WITH THE INJUNCTION'S APPELLATE CARVE-OUT

Respondents' Motion (Doc. 34) seeks an order directing the Clerk to reject further filings, relying principally on the district court's 2018 injunction (NDGA Doc. 168). The injunction's operative language expressly preserves appellate proceedings, providing that Petitioners are enjoined from filing further papers "in relation to the instant action (other than the pending appeal and any appeal of this Order)" without permission.

Petitioners submit that Respondents' request to use NDGA Doc. 168 as a basis to restrict filings in this Court is inconsistent with the injunction's plain appellate carve-out and would, in effect, expand a district-court prefiling order into an appellate gatekeeping mechanism. Petitioners respectfully object to that expansion.

## IV. STRUCTURAL ERROR PRESERVED: JUDGE-DEFENDANT POSTURE, POST-COMPLAINT ORDERS, AND DOWNSTREAM RELIANCE ON DOC. 168

Petitioners' rehearing filings preserve structural concerns that bear directly on whether NDGA Doc. 168 can properly be invoked as a basis for appellate gatekeeping. Petitioners have consistently maintained that District Judge Thomas W. Thrash, Jr. was named as a defendant in the operative pleading (NDGA Doc. 85, Amended Complaint filed July 5, 2017) and that, after that pleading, the district court entered multiple substantive orders, including orders that culminated in the injunction relied upon here (NDGA Doc. 168).

Petitioners submit that when a judge is a named party in the operative pleading, mandatory disqualification principles under 28 U.S.C. § 455 and due process precedents (including the principle that no person should be a judge in his own case) raise serious structural concerns regarding subsequent merits adjudications and orders entered in that posture. Petitioners further submit that, to the extent NDGA Doc. 168 is a downstream product of that challenged sequence, it should not be used as a mechanism to restrict appellate access or to prevent full-court visibility of the preserved structural issues.

## V. JURISDICTIONAL DIVESTITURE / POST-APPEAL ACTIVITY / STRUCTURAL ERROR

Petitioners also preserve the related concern that the district court acknowledged jurisdictional divestiture upon the filing in the district case no. 1:17-cv-01181-TWT of a notice of appeal (Doc 144) yet continued issuing orders thereafter. Petitioners submit that the combination of (i) the judge was a defendant /Appellee and Respondent posture in the district court and on both appeals no. 17-14866, no. 18-13553 and both Petition for Certiorari, including Judge-Defendant ruling on Doc. 131 to dismiss himself on Doc. 116 Motion to dismiss himself submitted by the AUSA Lori M. Beranek in the district court case, and (ii) post-appeal jurisdictional constraints after Orders Doc. 154 claim no jurisdiction, which presents structural issues that warrant careful review and should not be short-circuited through an expanded reading of NDGA Doc. 168 order for an injunction on Respondents Doc. 157 a summary judgment without an opposition to the Petitioners Amended Complaint Doc. 85.

## VI. WAIVER/FORFEITURE, RULE 26.1 COMPLIANCE, AND EN BANC DISPOSITION CLARIFICATION

Respondents did not file any timely response to Petitioners' December 26, 2025 petition (Doc. 21), and no order authorized a late response. Respondents'

appearance months later, without leave, supports treating any opposition as waived/forfeited and supports striking or disregarding Docs. 33–34. Respondents' appearance months later, without leave, supports treating their opposition as waived/forfeited and supports striking or disregarding Docs. 33–34. Separately, Respondents' Rule 26.1/CIP submissions remain deficient because they do not provide complete ownership/control disclosures sufficient for conflict screening and have not been properly supplemented as required. Petitioners respectfully request enforcement of the disclosure rules and confirmation that the en banc component has been processed consistently with FRAP 35(f) and the Eleventh Circuit's IOPs.

**Petitioners Object to Docs. 33 And 34**

Petitioners Object to Docs. 33. and 34. because Respondents filed them while not in compliance with the Eleventh Circuit's Rule 26.1 disclosure requirements. Petitioners respectfully request that the Court strike Docs. 33 and 34 (or decline to consider them for any purpose) and enforce Rule 26.1-5 as written. Respondents acknowledge their filings were submitted "out of an abundance of caution," not in response to any order requiring a response;

Petitioners submit that such unsolicited filings should not be entertained—particularly where Respondents remain noncompliant with mandatory disclosure rules designed to protect conflict screening and proceeding integrity.

Petitioners further request that the Court not permit post hoc cure of Rule 26.1 noncompliance to retroactively validate or resurrect filings submitted in violation of the rule, particularly where the noncompliance has been prolonged and prejudicial.

Petitioners also request appropriate sanctions for filing unauthorized submissions in a posture of noncompliance, including any relief the Court deems proper under 11th Cir. R. 26.1-5 and the Court's inherent authority to manage its docket and enforce its rules.

**Disclosure Status (Docket-Based)**

Disclosure status (docket-based): As of the date of this filing, Petitioners have not located on the docket any supplemental corporate disclosure statement(s) or supplemental Certificates of Interested Persons reflecting post-filing ownership changes for any Respondent entity, as contemplated by Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1. Petitioners respectfully request enforcement of the disclosure rules to ensure the record contains complete and current disclosures sufficient to facilitate conflict screening.

## VII. RELIEF REQUESTED

Petitioners respectfully request that the Court:

1. Strike Docs. 33 and 34, or in the alternative decline to consider them for any purpose;

2. Enforce 11th Cir. R. 26.1-5 by rejecting noncompliant filings and imposing appropriate sanctions for prolonged noncompliance;

3. Confirm that Petitioners' Doc. 32 is a request for clarification regarding FRAP 35(f)/FRAP 40 processing, not a motion for reconsideration;

4. Enter a docketed order clarifying the status/disposition pathway of the en banc request consistent with FRAP 35(f) and the Eleventh Circuit's IOPs.

**Dated:** July 10, 2026

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## VIII. CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and 11th Cir. R. 32-4, I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2). According to the word-processing system used to prepare this document, it contains, 2400 words, excluding the parts exempted by Fed. R. App. P. 32(f). This document was prepared in a proportionally spaced typeface (Times New Roman, 14-point) with double spacing and 1-inch margins.

**Dated:** On the 10th day of July 2026.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

# IX. CERTIFICATE OF SERVICE

We certify that on July 10, 2026, Petitioners' Joint Response in Opposition to Respondents' Filings (Docs. 33, 34) and Request for Clarification Regarding Frap 35(F) / Frap 40 Processing was filed through the Court's CM/ECF system, which affected service on registered counsel. Copies were also served by U.S. Mail as follows:

## <u>Respondents Attorneys:</u>

| | | |
|---|---|---|
| Clerk of the Court<br>Judge Thomas W. Thrash, Jr<br>Northern District Court of Georgia (NDGA)<br>Atlanta Division<br>75 Ted Turner Dr. SW<br>Floor 22<br>Atlanta, GA 30303 | Pryor Cashman, LLP<br>Tom J. Ferber<br>7 Times Square<br>New York, NY 10036 | Richard Gordon, PC<br>223 Brookcliff TRC<br>Marietta, GA 30068 |

Matthew A. Boyd
TUCKER ELLIS LLP
3344 Peachtree Street NE, Suite 1050
Atlanta, GA 30326
 Phone: (404) 678-6365
Fax: (404) 678-6380
Email:
Matthew.Boyd@tuckerellis.com

**Dated:** July 10, 2026

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff